

CARLSMITH BALL LLP

DONALD V. CALVO
DANA A. GUTIERREZ
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Plaintiff
RHINO BUILDERS, INC.



FILED
DISTRICT COURT OF GUAM

MAR 2 0 2002

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br><br> **COMPLAINT** |

COMES NOW, Plaintiff RHINO BUILDERS, INC. ("Plaintiff"), by and through its attorneys Carlsmith Ball LLP, and hereby files its Complaint against Defendant BIOGENESIS PACIFIC, INC. ("Defendant Contractor") and Defendant AIG TECHNICAL SERVICES, INC. ("Defendant Surety"), and alleges and avers as follows:

1. Plaintiff is a corporation organized and existing under the laws of the State of Hawaii, with its principal office and place of business located at the City of Waianae, County of Honolulu, State of Hawaii. Plaintiff is engaged in the business of roofing installation and repairs.

3138637.1.053705-00001

2. At all times relevant to this claim Plaintiff was also a corporation organized and existing under the laws of Guam, with its principal office and place of business located in Tamuning, Guam.

3. To the best of Plaintiff's knowledge, Defendant Contractor is a corporation organized and existing under the laws of the State of Hawaii, with its principal office and place of business located at the City of Kailua, County of Honolulu, State of Hawaii.

4. To the best of Plaintiff's knowledge, Defendant Contractor is also a corporation organized and existing under the laws of the Territory of Guam, with its principal office and place of business located in Dededo, Guam.

5. To the best of Plaintiff's knowledge, Defendant Surety is a corporation duly authorized to engage in the business of executing surety bonds in the State of New York, with its principal office and place of business located at the City of New York, State of New York.

6. This action arises, and the court has jurisdiction, under the Miller Act, United States Code, Title 40, Sections 270a through 270 d.

7. To the best of Plaintiff's knowledge, on or before May 2000, Defendant Contractor entered into a contract in writing with the United States of America to furnish the materials and perform the labor for the installation of U.S. Navy housing roofing in various locations, in accordance with the specifications contained in the contract, for a consideration of $4,926,657 for the period from May 15, 2000 to September 29, 2001. The contract was designated Navy Contract No. N62766-99-D-0425. Navy Contract No. N62766-99-D-0425 has been continued and remains in effect.

3138637.1.053705-00001

8. To the best of Plaintiff's knowledge, at the time Defendant Contractor entered into and began performance under such contract with the United States of America, Defendant Contractor was not licensed to do business in the Territory of Guam.

9. To the best of Plaintiff's knowledge, Defendant Contractor did not become licensed to do business in the Territory of Guam until January 2, 2001.

10. To the best of Plaintiff's knowledge, on October 6, 1999 pursuant to the terms of Contract No. N62766-D-0425, Defendant Contractor, as principal, and Defendant Surety, as surety, executed and delivered to the United States their bond, Bond No. 20-80-88, conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in Navy Contract No. N62766-99-D-0425.

11. On or before May 2000, use Plaintiff entered into an oral subcontract with Defendant Contractor whereby use Plaintiff agreed to perform such contract work as the U.S. Navy might assign to Defendant Contractor on individual task orders under the U.S. Navy Contract No. N62766-99-D-0425, between Defendant Contractor and the United States of America.

12. Under the terms of the oral subcontract between Defendant Contractor and use Plaintiff, Defendant Contractor agreed to pay all of use Plaintiff's actual costs of performance plus fifty percent (50%) of Defendant Contractor's profit upon completion of each task order under Contract No. N62766-99-D-0425. A copy of a letter from Defendant Contractor to use Plaintiff reiterating the terms of the oral subcontract between Defendant Contractor and use Plaintiff is attached hereto as Exhibit "A," and incorporated by reference.

13. The oral subcontract between Defendant Contractor and use Plaintiff was necessary initially only because the contract award date for Contract No. N62766-99-D-0425 had

3138637.1.053705-00001

not afforded Defendant Contractor sufficient time to establish a written subcontract with use Plaintiff.

14. Both Defendant Contractor and use Plaintiff agreed that the oral subcontract between Defendant Contractor and use Plaintiff would later be reduced to writing to conform to accepted federal government contract practice.

15. Defendant Contractor later refused to enter into a formal written subcontract with use Plaintiff.

16. Plaintiff then entered into the performance of its oral subcontract and furnished labor and equipment in the prosecution of the work provided for in the contract between Defendant Contractor and the United States of America.

17. Plaintiff performed labor and provided materials as agreed under the oral subcontract as follows: Plaintiff provided all of the needed labor, materials, equipment, facilities, financing and bonding to Defendant Contractor in the prosecution of the work provided for in Contract No. N62766-99-D-0425. The reasonable and agreed value of Plaintiff's actual costs for such performance under the oral subcontract was and is $310,975, none of which has been paid by Defendant Contractor to date, leaving a balance due of $310,975.

18. In addition to Plaintiff's actual costs, Defendant Contractor agreed to pay Plaintiff a fifty percent (50%) share of Defendant Contractor's profit under Contract No. N62766-99-D-0425. The reasonable and agreed fifty percent (50%) share of Defendant Contractor's profit therefor was and is $770,906, none of which has been paid by Defendant Contractor to date, leaving a balance due of $770,906.

19. Notwithstanding Plaintiff's several demands for payment, such balances have not been paid and there is now justly due and owing to use Plaintiff the sum of $1,081,881,

-4.-

3138637.1.053705-00001

the same being the reasonable value of use Plaintiff's performance under the oral subcontract between Defendant Contractor and use Plaintiff.

20. Defendant Contractor breached its contract with Plaintiff in that it failed and refused to pay Plaintiff the moneys due it for labor performed and equipment furnished, as above set forth, and Plaintiff was then forced to terminate its performance of the contract.

21. The date on which the last labor was performed and equipment supplied to Defendant Contractor by Plaintiff was March 20, 2001. A period of more than 90 days has elapsed since such date, and Plaintiff has not been paid anything for the labor performed and equipment furnished.

22. All conditions precedent for the bringing and maintenance of this action have been performed or have occurred.

WHEREFORE, the United States of America on behalf and to the use of Plaintiff prays judgment against Defendant Contractor and Defendant Surety as follows:

1. For the sum of $1,081,881, together with interest from March 20, 2001;

2. For costs of this action; and

3. For further relief as the Court may deem just and proper.

DATED: Hagåtña, Guam, March 20, 2002.

CARLSMITH BALL LLP

DONALD V. CALVO
DANA A. GUTIERREZ
Attorneys for Plaintiff
RHINO BUILDERS, INC.



**BioGenesis Pacific, Inc.**

Eugene O'Connell
Rhino Builders, Inc.
790 North Marine Drive
Box 959
Tumon, Guam 96911

January 2, 2001

RE: Invoices 1313, 1288

Dear Mr. O'Connell

We are in receipt of your correspondence concerning your Guam subcontract with our company. Your subcontract was subject to a verbal agreement which provided that 50% of the net profits would be determined after all actual costs to both BioGenesis Pacific, Inc. (BPI) and Rhino. In return, you represented that Rhino was capable and would front all the needed facilities, personnel, financing and bonding through the term of each task order. Furthermore, Rhino was consistently given clear and specific instructions not to cause any task orders to be accepted from the Navy unless Rhino was certain that each specific task order would result in a profit or break even at worst under our said agreement. If there was any doubt, Rhino was not to cause any task order to be accepted. BPI relied upon Rhino for the acceptance of each task order.

BPI has been disappointed by Rhino's affirmative and specific actions to repudiate and breach its subcontract with BPI. This had been especially damaging since upon Rhino's urgings BPI had wholly relied upon Rhino's management and facilities on Guam. You ordered all work stopped midway during performance of task orders that caused BPI to default on its general contract with the Navy incurring liquidated damages. Next, without notice or warning, you ordered all equipment to be shutdown, including equipment owned by BPI located at your facilities. And then, you even attempted to evict BPI from the office facilities without proper legal notice. That you have perniciously breached your subcontract with BPI causing much damage it clear.

For these reasons, your invoices are unacceptable as well as premature. I am shocked over your actions for it seems obvious that you intended to cause BPI to fail with the Navy allowing Rhino to succeed in the Navy roofing contract? While I hope this is not the case, BPI has to first determine the actual costs after completion of the all task orders. Secondly, BPI must determine Rhino's performance on its subcontracting. Then BPI must determine fair damages incurred by Rhino's breaches.

As BPI yet looks forward to an amicable relationship, any misunderstandings must be settled and matters handled fairly.

Very truly yours,

Gerald Lam

**EXHIBIT A**

Corporate and Programs Control • 1604 Uluaiana Place • Kailua, Hawaii 96734 USA • 808-262-7772 • FAX 808-262-0002

# COPY United States District Court

DISTRICT OF GUAM

UNITED STATES OF AMERICA FOR USE
AND BENEFIT OF RHINO BUILDERS, INC.,

        Plaintiff,

v.

BIOGENESIS PACIFIC, INC. and
AIG TECHNICAL SERVICES, INC.,

        Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 02-00008

TO: (Name and address of defendant)

AIG TECHNICAL SERVICES, INC.

ACKNOWLEDGED RECEIPT

By: _____
Date: 03.20.02

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Donald V. Calvo, Esq.
Dana A. Gutierrez, Esq.
CARLSMITH BALL LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Post Office Box BF
Hagatna, Guam 96932-5027

an answer to the complaint which is herewith served upon you, within _____Twenty (20)_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran

CLERK

MAR 20 2002

DATE

/s/ Leilani R. Toves Hernandez

(BY) DEPUTY CLERK

# COPY United States District Court

DISTRICT OF GUAM

UNITED STATES OF AMERICA FOR USE
AND BENEFIT OF RHINO BUILDERS, INC.,

          Plaintiff,

V.

BIOGENESIS PACIFIC, INC. and
AIG TECHNICAL SERVICES, INC.,

          Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00008**

TO: (Name and address of defendant)

BIOGENESIS PACIFIC, INC.

ACKNOWLEDGED RECEIPT

By: _____
Date: 03.20.02

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Donald V. Calvo, Esq.
Dana A. Gutierrez, Esq.
CARLSMITH BALL LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Post Office Box BF
Hagatna, Guam 96932-5027

an answer to the complaint which is herewith served upon you, within __Twenty (20)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran
CLERK

MAR 20 2002
DATE

/s/ Leilani R. Toves Hernandez
(BY) DEPUTY CLERK