Janalynn M. Cruz, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for Defendant
Biogenesis Pacific, Inc.*

FILED
DISTRICT COURT
JUL 17 2002
MARY L.M. [...]
CLERK OF C[...]

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |

## I.
## INTRODUCTION

Comes now Defendant BioGenesis Pacific, Inc. ("BioGenesis"), by and through its attorneys Calvo and Clark, LLP and moves this Court to dismiss the complaint filed by Plaintiff because the Complaint was not timely filed, the Court lacks subject matter jurisdiction, and the Complaint fails to state a claim. BioGenesis's motion is based on F.R.C.P. 12(b)(1) and 12(b)(6).

## II.
## THE COURT LACKS SUBJECT MATTER JURISDICTION

The Court must resolve questions of subject matter jurisdiction before determining the merits of the case. *See Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994). If a plaintiff fails to allege in its pleadings that its action is timely, the defendant should raise the issue immediately so as

to speed disposition of the case. *See United States of America for the Use of Celanese Coatings Co., v. Gullard*, 504 F.2d 466, 468 (9th Cir. 1974). When ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1), "the court need not confine its evaluation to the face of the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing." 2 Moore's Federal Practice § 12.30[3] (Matthew Bender 3d ed. 2001); *See Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1990) (district court may hear evidence to rule on subject matter jurisdiction before trial). In such a case, no presumption of truthfulness attaches to plaintiff's allegations. *See Rosales v. United States*, 824 F.2d at 803. Moreover, Plaintiff, as the party asserting this court's jurisdiction has burden of proving its existence. *See* 2 Moore's Federal Practice § 12.30[5] (Matthew Bender 3d ed. 2001) (plaintiff must prove jurisdiction exists once challenged by defendant).

Plaintiff alleges that this Court has jurisdiction over its claim under the Miller Act (codified at 40 U.S.C.A. § 270a et seq). The Miller Act specifically provides that no suit may be brought under its provisions "after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him." 40 U.S.C.A. § 270b(b). Because the one year limitation period in the Miller Act is an integral part of the statute creating the remedy, the one year limitation period is jurisdictional. *See United States of America for the Use of Celanese Coatings Co., v. Gullard*, 504 F.2d 466, 468 (9th Cir. 1974); *United States of America for the Use and Benefit of Lank Woodwork Co., Inc. v. CSH Contractor's Inc.*, 452 F. Supp 922, 924 (Dist. Ct. D.C. 1978) (stating that although the Miller Act is remedial in nature and intent, the one-year limitations period which forms an integral part of the statute is jurisdictional in character). Because Plaintiff's claim was not filed with this court within one year after the day on which the last of the labor was performed or material was supplied by it, this court lacks jurisdiction over the subject matter of this action.

An affidavit signed under oath by Mr. Michael O'Connell, chief executive officer of Plaintiff clearly states that the purported materials and labor supplied by Plaintiff to BioGenesis were provided between the dates of May 2000 and December 2000. *See* Exhibit 1 to the Declaration of Janalynn M. Cruz filed concurrently herewith. Based on Plaintiff's affidavit, Plaintiff's claim would have had to been filed at the very latest in December 2001. Since Plaintiff did not file its claim until

P020718.327-0001.Memo (P&A).wpd

2

Case 1:02-cv-00008   Document 24   Filed 07/17/2002   Page 2 of 5

March 20, 2002, Plaintiff's claim is barred under the limitations provision of the Miller Act and this court lacks jurisdiction.

### III.

### PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Dismissal for failure to state a claim upon which relief can be granted is appropriate when, taking the well-pleaded allegation of the complaint as true, no facts are alleged which would entitle Plaintiff to relief. *See Figueroa v. United States,* 7 F.3d 1405, 1409 (9th Cir. 1993), *cert. denied,* 114 S. Ct. 1537 (1994). Accordingly, when, the statute of limitations on a purported claim for relief has run, dismissal is warranted under F.R.C.P. 12[b][6]. *See Two Rivers v. Lewis,* 174 F.3d 987, 992 (9th Cir. 1999) (granting a motion to dismiss based on a limitations defense is appropriate when allegations would not permit the plaintiff to prove the statute was tolled); 2 Moore's Federal Practice § 12.34[4][b] (Matthew Bender 3d ed. 2001). Although when ruling on a motion to dismiss, the court must accept well-pleaded factual allegations as true, it may disregard conclusory allegations as well as allegations expressing conclusions of law. *See Pilsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir. 1994); *see also Vance v. Villa Park Mobilehome Estates,* 36 Cal. App. 4th 698, 709, 42 Cal. Rptr. 2d 723, 729 (1995).

The Complaint in this case fails to properly plead an essential claim, namely that it was brought within the one year limitation period set forth in the Miller Act. Plaintiff's Complaint asserts a claim for relief under a purported agreement for the provision of materials and labor by Plaintiff to BioGenesis. Such a claim must be brought within one year of the date on which the last labor was performed or equipment supplied. Plaintiff makes the allegation that "[t]he date on which the last labor was performed and equipment supplied to BioGenesis was March 20, 2001." Complaint at ¶ 21. Because that allegation is made without stating underlying facts on which the allegation is made, the allegation is conclusory and should be disregarded by the court. *See Pilsbury, Madison & Sutro,* 31

F.3d at 928. The only fact alleged in the Complaint regarding the date on which the last labor or equipment was provided is contained in Exhibit A to the Complaint, which was incorporated into the Complaint by reference (the "January 2nd Letter"). The January 2nd Letter clearly states that prior to the January 2nd Letter, Plaintiff had stopped all work and shutdown all equipment midway through the performance of task orders. Thus, even using January 2, 2001 as a cut off date for Plaintiff's claim to be timely, it must have been filed by January 3, 2002. As Plaintiff's Complaint was not filed until March 20, 2002, it does not state a claim under the Miller Act. Accordingly, Plaintiff's Complaint should be dismissed.

Moreover, Plaintiff swore under oath that the last purported provision of materials and labor by Plaintiff to BioGenesis occurred in December 2000. *See* Exhibit 1 to the Declaration of Janalynn M. Cruz filed concurrently herewith. The sworn affidavit of Plaintiff's chief executive officer, Mr. Michael O'Connell, conclusively establishes that the last day that Plaintiff allegedly supplied materials and labor to BioGenesis was December 31, 2000. Accordingly, to be timely under the Miller Act, Plaintiff's claim must have been filed by January 1, 2002 at the latest. Because Plaintiff failed to file its claim by January 1, 2002, Plaintiff's claim is time barred and should be dismissed.

//
//
//
//
//
//
//
//

## IV.

## CONCLUSION

Based on the foregoing, Defendant BioGenesis respectfully requests that this Court dismiss the Complaint based on this Court's lack of jurisdiction over the subject matter and/or Plaintiff's failure to state a claim upon which relief may be granted.

Dated this 17th day of July, 2002.

CALVO AND CLARK, LLP
Attorneys At Law

By: _____
JANALYNN M. CRUZ
Attorneys for Defendant

P020718.327-0001.Memo (P&A).wpd

5