Louie J. Yanza
**McKEOWN • VERNIER • PRICE • MAHER**
A Joint Venture of McKEOWN PRICE, LLP
and VERNIER & MAHER, LLP
**115 Hesler Place
Ground Floor • Governor Joseph
  Flores Building**
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

**Attorney for Defendant**
AIG TECHNICAL SERVICES, INC.

FILED
DISTRICT COURT
JUL 26 2002
MARY L.M. ...
CLERK OF C...
(26)

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | ) CIVIL CASE NO. 02-00008 <br> ) <br> ) <br> ) <br> ) <br> ) **MOTION TO DISMISS; MEMORANDUM** <br> ) **OF POINTS AND AUTHORITIES** <br> ) <br> ) **[ORAL ARGUMENT REQUESTED]** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### MOTION

Defendant **AIG TECHNICAL SERVICES, INC.** ("AIG") through counsel, McKEOWN • VERNIER • PRICE • MAHER, by Louie J. Yanza, hereby moves this Court for an order dismissing the Complaint in its favor.

This motion is made pursuant to Rules 12(b)(1), 12(b)(6), 12(b)(7), 19 and 56 of the Federal Rules of Civil Procedure, and is based on this Memorandum of Points and Authorities filed contemporaneously herewith, the supporting Declarations and evidence served and filed herewith, the record of the proceedings and papers on file herein,

1

ORIGINAL

together with any and all arguments to be adduced at the hearing of the within entitled motion.

Dated this 26th day of July, 2002.

McKEOWN • VERNIER • PRICE • MAHER
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC.**

By: _____
LOUIE J. YANZA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

The material and dispositive facts are as follows:

1. On January 9, 2002, Mr. Michael O'Connell of the Plaintiff Rhino Builders, Inc. filed a Proof of Claim alleging that "between the dates of May 2000 and December 2000, Rhino Builders supplied roofing installation, repairs, and materials to Biogenesis Pacific, Inc."

2. The underlying contract is contract no. N62766-99-D-0425.

3. The Complaint in the instant matter was filed on March 20, 2002.

4. AIG Technical Services, Inc. is not a surety of the underlying bond, but the claims processor for American Home Assurance Company ("AHAC"), the true surety.

5. AIG Technical Services, Inc. is not a surety nor has it ever issued performance or payment bonds.

\\
\\

## ARGUMENT

i. **THE APPLICABLE ONE (1) YEAR STATUTE OF LIMITATIONS HAS LAPSED FOR THE PLAINTIFF IN THIS MATTER, THEREFORE THE CASE MUST BE DISMISSED AS A MATTER OF LAW BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION.**

In actions under the Miller Act, the Plaintiff must institute action within one (1) year. The Miller Act provides:

> Every person who has furnished labor or material in the prosecution of the work provided for in [a contract for the construction, alteration, or repair of any public building of the United States], . . . shall have the right to sue on [the required] payment bond for the amount, or the balance thereof, unpaid at the time of the institution of such suit. . . Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed . . . irrespective of the amount in controversy in such suit, but no [Miller Act] suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied. . . The United States shall not be liable for the payment of any costs or expenses of any such suit.

40 U.S.C. §270b. *See also* 40 U.S.C. §270a (defining relevant contracts and describing bond requirements for such contracts).

Unfortunately for the Plaintiff, it filed its Complaint more than one (1) year <u>after</u> it allegedly provided labor and materials. Therefore the statute has lapsed and the Plaintiff is barred from seeking recovery.

Failure to comply with the statutory one (1) year limitation is jurisdictional in nature. <u>United States of Commerce for the Use of Celanese Coatings Company v. Gullard</u>, 504 F.2d 466, 468 (9th Cir. 1974). Because the Plaintiff contends this Court has subject matter jurisdiction, the burden of proof is on the Plaintiff asserting jurisdiction. Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, §1350 (1990). In fact,

there is no presumptive truthfulness to the Plaintiff's allegations. *Id.*, at fn. 48; see also, FRCP Rule 12(b)(1).

It is undisputed the Plaintiff admits that materials were supplied at the very latest December 31, 2000. In Mr. O'Connell's affidavit, the Plaintiff clearly admits that "roofing installation and repairs and materials" were provided until "December 2000." See, Declaration of Bruce Kahn. The very latest the Plaintiff was then able to file suit would have been December 31, 2001. The Plaintiff simply failed to file its complaint by December 31, 2001. Because the complaint was filed March 20, 2002, well beyond the statute of limitations this Court lacks subject matter jurisdiction.

ii. **THE DEFENDANT AIG TECHNICAL SERVICES, INC. IS NOT THE SURETY OF THE PAYMENT BOND, THEREFORE, AIG TECHNICAL SERVICES, INC. MUST BE DISMISSED.**

The Plaintiff fails to state a claim against AIG because AIG is not a surety. See, Declaration of Bruce Kahn. A complaint will be dismissed if the complaint fails to state a claim upon which relief can be granted. FRCP Rule 12(b)(6); and *United States for the Use and Benefit of Gutman v. P.J. Carlin Construction Company*, 254 F.Supp. 1001 (E.D.N.Y. 1965).

A payment bond, as with all surety bonds, represents a tri-partite relationship. Fifty State Construction Lien and Bond Law, Section 42.2. The obligee is the party who will receive the benefit of the payment, should the triggering event of non-performance on the underlying contract occurs. In the case at hand, RHINO BUILDERS is the obligee.

The obligor is the party who pays the premiums for the bond and who, if it should fail to perform on the underlying contract, becomes jointly and severally liable on the contract along with the third and final party, the surety who issues the bond. *Id*. In the case at hand, BIOGENESIS PACIFIC, INC. ("BIOGENESIS") is the obligor, and AHAC is

4

the surety. Therefore, AHAC, rather than BIOGENSIS is liable on the bond and as such is the proper party to this action. Suretyship is defined by the First Restatement of Security as:

> ". . . the relation which exists where one person has undertaken an obligation and another person is also under an obligation or other duty to the obligee, who is entitled to but one performance, and as between the two who are bound, one rather than the other should perform."

First Restatement of Security §82.

Thus, the surety is the company that is bound on the obligation from which another (the obligor), by the discharge of a duty (performance on the underlying contract), should relieve him. AHAC explicitly contracted with BIOGENESIS to be its surety on the subject bond. If plaintiff alleges, as it does, that BIOGENESIS failed to perform, then plaintiff must look to either BIOGENESIS or AHAC for payment, not to AHAC's claim processor, AIG.

Judicial decisions setting forth this obvious and fundamental truism are scarce, in view of the fact that very few plaintiffs, wander into court asserting claims under the bond against the general agent or claims adjuster, rather than the surety. However, the issue has been addressed. In an insurance case, <u>Smith v. Orion Insurance Company</u>, 298 F.2d 528, 532 (10th Cir. 1961), the action involved a policy insuring a helicopter. The helicopter crashed, and the insured sought to recover under a policy of insurance covering damage to the helicopter. The insurer, however, denied the claim. The insured promptly sued both the insurer, Orion Insurance Company of London, and its agent, Cravens Dragan & Company ("Cravens"), on the policy. The district court, however, directed a verdict in favor of, *inter alia*, Cravens on the insured's contract action on the policy.

On appeal, the Tenth Circuit affirmed. The court said:

5

Case 1:02-cv-00008 Document 27 Filed 07/26/2002 Page 5 of 8

The first contention is that the court erred in directing a verdict in favor of Cravens and Orion on appellant's first cause of action. Appellant's first cause of action is predicated upon the policy and in it appellant sought judgment on the ground that the policy was in full force and effect. As to Cravens, it is sufficient to say he was not a party to the insurance policy, and, therefore, a cause of action seeking recovering under the policy stated no cause of action against him.

For this reason, AIG respectfully requests that this Court dismiss AIG from the instant suit.

iii.    **AIG TECHNICAL SERVICES, INC. IS NOT A SURETY, THEREFORE AIG TECHNICAL SERVICES, INC. HAS NO LIABILITY.**

Because it is undisputed AIG is not a surety, this Court should grant summary judgment and dismiss AIG from the instant suit. Summary judgment will be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP Rule 56(c). See, generally, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-323 (1986).

The key issue in this analysis, for the purposes of this motion, is who is a "surety?" Guam law defines what a surety is:

> **SURETY.** A *surety* is one who at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor.

18 G.C.A. §32101.

Thus, AIG could not be a "surety" within the meaning of §32191, and of this action, unless AIG entered into a contract of suretyship, agreeing that AIG would be responsible for the payment by BIOGENESIS.

Case 1:02-cv-00008   Document 27   Filed 07/26/2002   Page 6 of 8

AIG, however, did not do so. Indeed, AIG <u>could</u> not have done so. AIG is not a surety. See, Declaration of Bruce Kahn. AIG is the claims processing agent of the actual surety AHAC. <u>Id</u>. What is an "agent?"

> **AGENCY.** An *agent* is one who represents another, called the *principal*, in dealings with third persons. Such representation is called *agency*.

18 G.C.A. §210101.

It is evident from this that there is a distinction between a "surety" and an "agent."

The general rule is set forth in <u>4 Couch on Insurance (2d), 26A:289</u>:

> Under general principles of agency law, the insurer's agent is not personally liable to the insured if with authority to do so he effects a binding contract of insurance between his disclosed principal and the insured which contract of insurance conforms to the agreement between the agent and the insured. Where an agent is duly authorized and names his principal and contracts in his name and does not exceed his authority, only the insurance company and not the agent may be held liable for the latter's negligence in failing to procure an adequate policy of insurance. If the acts or conduct of the insurer's agent bind the insurer, the insured cannot hold the agent personally responsible therefor. If the agency is disclosed and the agent authorized to contract, the agent is not liable on the contract in the absence of an express undertaking on his part. Accordingly, where it appears that an effective policy was issued in an existing and disclosed insurance company, and that it was in force at the time of the loss, the agents who procured it cannot be held personally liable as insurers, they not having bound themselves or "exceeded their authority without exhibiting their power."

Therefore, the indispensable party to this action is AHAC.[1]

Plaintiff RHINO BUILDERS, INC.'s ("RHINO BUILDERS") claims against Biogenesis Pacific, Inc. ("BIOGENESIS") and AIG Technical Services, Inc. ("AIG") is predicated on the assumption that a bonding agreement existed between RHINO

---

[1] Because the Plaintiff failed to join AHAC, the Court must dismiss the matter. See, FRCP Rules 12(b)(7) (failure to join indispensable party); and Rule 19 (joinder of persons)); and <u>Franz v. East Columbia Basin Irrigation District</u>, 383 F.2d 391 (9th Cir. 1967).

7

BUILDERS, BIOGENESIS and AIG. In the absence of such a bonding agreement between RHINO BUILDERS, BIOGENESIS and AIG, Plaintiff RHINO BUILDERS' claim against AIG – is not a valid and enforceable claim.

AIG respectfully submits, therefore, that this Court grant summary judgment and dismiss AIG and the entire suit of Plaintiff RHINO BUILDERS' claims against AIG.

## IV. CONCLUSION

The statute of limitations for the recovery of materials and labor supplied is one (1) year. The Plaintiff failed to timely file its complaint. Also, AIG is not a surety, nor has even been a surety for BIOGENESIS. AIG has no liability on the Plaintiff's claims. Defendant AIG respectfully requests this Honorable Court grant their Motion to Dismiss the instant Complaint and to dismiss AIG entirely from the case.

Respectfully submitted this 26th day of July, 2002.

**McKEOWN • VERNIER • PRICE • MAHER**
Attorney for Defendant
**AIG TECHNICAL SERVICES, INC.**



By: _____
LOUIE J. YANZA