Louie J. Yanza
McKEOWN • VERNIER • PRICE • MAHER
A Joint Venture of McKEOWN PRICE, LLP
and VERNIER & MAHER, LLP
115 Hesler Place
Ground Floor • Governor Joseph
Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendant
AIG TECHNICAL SERVICES, INC.

UNITED STATES DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA FOR ) CIVIL CASE NO. 02-00008
USE AND BENEFIT OF RHINO )
BUILDERS, INC., )
) DECLARATION OF LOUIE J. YANZA
Plaintiff, ) RE. FILING OF FACSIMILE COPY OF
) DECLARATION OF BRUCE KAHN
vs. )
)
BIOGENESIS PACIFIC, INC. and AIG )
TECHNICAL SERVICES, INC., )
)
Defendants. )

I, LOUIE J. YANZA, hereby declare:

1. I make this declaration on personal knowledge, having personal knowledge of the facts herein contained, and am competent to testify if called upon as a witness at trial of the within entitled-action.

2. I am an individual over the age of 18. I am an attorney licensed to practice law within Guam and before the U.S. District Court of Guam.

1

3. Defendant AIG TECHNICAL SERVICES, INC., has retained the law office of McKEOWN • VERNIER • PRICE • MAHER as counsel in the above-entitled action.

4. As part of such services, I received a facsimile from Bruce Kahn of AIG TECHNICAL SERVICES, INC. I have attached a true and correct photocopy of said facsimile to this Declaration and incorporate it by reference herein. The facsimile is the "**DECLARATION OF BRUCE KAHN; EXHIBITS "A"-"C""** ("**Declaration**") filed on this day in support of Defendant **AIG TECHNICAL SERVICES, INC.'S MOTION TO DISMISS** ("**Motion**"), dated July 26, 2002.

5. The original of the Declaration is being sent by mail to be delivered to McKEOWN • VERNIER • PRICE • MAHER.

6. Due to time constraints and distances, it has not been possible to receive the original Declaration in time for the original Declaration in time for the Declaration to be filed with the Motion, which Motion is being filed concurrently herewith.

7. Upon receipt of the original Declaration, I will deliver the Declaration to the Clerk of Court for filing and substitution for the attached photocopy.

I declare under penalty of perjury under the laws of Guam (6 GCA §4308) that the foregoing is true and correct.

Executed this 26th day of July, 2002, in Hagåtña, Guam.

_____
LOUIE J. YANZA

JOHN B. MAHER
LOUIE J. YANZA
McKeownVernier Price Maher
115 Hesler Place
Ground Floor, Gov. Joseph Flores Building
Hagatna, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendant
AIG Technical Services, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC. TECHNICAL SERVICES, INC.,<br><br>Defendants. | CIVIL CASE NO. 02-00008<br><br>DECLARATION OF BRUCE KAHN; EXHIBITS "A"-"C" |

## DECLARATION OF BRUCE KAHN

I, BRUCE KAHN, hereby declares pursuant to 28 U.S.C. Sec. 1746, as follows:

1. I am a Bond Claims Analyst for AIG Technical Services, Inc. ("AIGTS"), the claims servicing division of the American International Group ("AIG") responsible for investigating and handling the claims against the various sureties owned by AIG including the American Home Assurance Company. As such, I have personal knowledge of the facts and circumstances set forth herein, except for those matters herein stated on information and belief, and as to these matters, I believe them to be true. I make this declaration in support of defendant AIGTS's motion to dismiss the present action;

2. I am the person responsible for handling the claim of Rhino Builders, Inc. against BioGenesis Pacific, Inc. and a payment bond issued by its surety, American Home Assurance Co. regarding Department of Navy Contract No. N62766-99-D-0425 (Navy Housing Various

Locations on Guam);

3. Attached hereto and marked as Exhibit "A" is a true and correct copy of a letter dated October 22, 2001 from Carlsmith Ball LLP, attorneys for Rhino Builders, Inc. to American Home Assurance Company providing a Notice of Claim on Bond and requesting a Miller Act Proof of Claim Form.

4. Attached hereto and marked as Exhibit "B" is a true and correct copy of a executed Miller Act Proof of Claim Affidavit signed by Michael O'Connell the CEO of Rhino Builders, Inc. before a Notary Public in Hawaii regarding a claim on Bond No. 000-20-80-88 on Contract No. N62766-99-D-0425;

5. Attached hereto and marked as Exhibit "C" is a true and correct copy of a letter from AIG Technical Services, Inc. to Carlsmith Ball LLP dated February 21, 2002, denying the Proof of Claim by Rhino Builders, Inc. dated January 9, 2002 on Bond No. 000-20-80-88 on behalf of American Home Assurance Company;

6. AIGTS is not a surety company and does not issue payment or performance bonds;

7. AIGTS is not and has never been a surety for BioGenesis Pacific, Inc.;

8. The Payment Bond covering claims on Department of Navy Contract N62766-99-D-0425 as Bond No. 000-20-80-88 was issued by American Home Assurance Company and not AIG Technical Services, Inc., and therefore AIG Technical Services, Inc. is not a proper defendant in this case;

I, BRUCE KAHN, do declare under penalty of perjury that the foregoing is true and correct.

DATED: New York, New York, July 24, 2002.

_____
BRUCE KAHN

-2-

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

PACIFIC TOWER, SUITE 2200
1001 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE (808) 523-2500   FAX (808) 523-0842
WWW.CARLSMITH.COM

OCT 2 5 2001
BOND DEPT.

DIRECT DIAL NO.
(808) 523-2527

E-MAIL TET@CARLSMITH.COM

OUR REFERENCE NO.
053705-00001

October 22, 2001

**BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

American Home Assurance Company
121 Spear Street
San Francisco, California 94105

    Re:   <u>Ref. Bond No. 20-80-88 - BioGenesis Pacific, Inc., Prime Contractor on Contract No. N62766-99-D-0425</u>

Dear Sirs:

On behalf of our client, Rhino Builders, Inc., we are forwarding this enclosed matter for your consideration and action.

Enclosed with this letter is a Miller Act Notice which this firm caused to be sent to your attention, whereby Rhino Builders, Inc. gives notice it intends to enforce its rights under the Miller Act. Contrary to your understanding, BioGenesis Pacific, Inc. is the prime contractor on Contract No. N62766-99-D-0425, and Rhino Builders, Inc. provided all labor and materials supporting its claim pursuant to an oral subcontract between Rhino Builders Inc. and BioGenesis Pacific, Inc.

As the attorneys for Rhino Builders, Inc., we hereby request that American Home Assurance Company provide us a copy of its Miller Act Proof of Claim form, and forward any and all future communications to my attention at the above address.

HONOLULU · KAPOLEI · HILO · KONA · MAUI · GUAM · SAIPAN · LOS ANGELES · WASHINGTON D.C. · MEXICO





EXHIBIT **A**

Your immediate attention to this matter is appreciated.

Very truly yours,
Carlsmith Ball L.L.P.

*Terry E. Thomason*
Terry E. Thomason

Enclosures

cc: Rhino Builders, Inc.

1433798.1

HONOLULU · KAPOLEI · HILO · KONA · MAUI · GUAM · SAIPAN · LOS ANGELES · WASHINGTON D.C. · MEXICO

(4)

# NOTICE OF CLAIM ON BOND
(Miller Act 40 U.S.C. Section 270(a) to 270(e))

| | |
|---|---|
| Public Agency: | Officer in Charge of Construction<br>Ms. Bennett Terlaje, Contracting Officer<br>NAVFACENGCOM Contracts Marianas<br>PSC455, Box 175<br>FPO AP 96540-2200 |
| Bonding Company: | American Home Assurance Company<br>121 Spear Street<br>San Francisco, California 94105 |
| Prime Contractor: | BioGenesis Pacific, Inc.<br>1604 Ulualana Place<br>Kailua, Hawaii 96734 |

NOTICE IS HEREBY GIVEN, that Rhino Builders, Inc., the undersigned subcontractor to BioGenesis Pacific, Inc. and Claimant, has not been paid in full and is looking to the Prime Contractor for payment of the following claim. This notice is intended as written notice pursuant to 40 U.S.C. Section 270.

Claimant, whose address is: 87-1610 Ulehawa Road, Waianae, Hawaii 96792, has a claim in the amount of $245,664.43 (not including service charges or interest as allowed by law and at the maximum legal charges or interest as allowed by law and at the maximum legal rate) for labor performed and materials provided for the public work of improvement commonly known as Navy Housing Roofing, Various Locations; Contract No. N62766-99-D-0425, upon which BioGenesis Pacific, Inc. is the Prime Contractor.

WE ARE LOOKING TO THE PRIME CONTRACTOR FOR PAYMENT OF THESE DEBTS.

1. The total amount of the claim is $245,664.43.

2. The name of the party for whom the labor and materials were provided is: BioGenesis Pacific, Inc.

3. Rhino Builders, Inc. provided such labor and materials directly to BioGenesis Pacific, Inc. pursuant to an oral subcontract between Rhino Builders, Inc. and BioGenesis Pacific, Inc.

In support of its claim, Claimant submits the following documents:

1. Claimant's initial invoice, which includes a breakdown of reimbursable costs and profit share (Exhibit 1);



1433756.1

2.  Claimant's final invoice in the amount of $245,664.43 for BioGenesis Pacific, Inc.'s unpaid billings on all work Claimant performed on Contract No. N62766-99-D-0425 with attached mail receipts reflecting BioGenesis Pacific, Inc.'s refusal to accept business mail sent by Rhino Builders, Inc. (Exhibit 2);

3.  A copy of Rhino Builders, Inc.'s Assertion of Nonpayment under FAR 32.112-1 to Ms. Bennett Terlaje, Contracting Officer (Exhibit 3); and

4.  A copy Payment Bond No. 20-80-88 sent to Claimant from Ms. Bennett Terlaje, Contracting Officer in charge of construction for Contract No. N62766-99-D-0425 (Exhibit 4).

To the unpaid balance of $245,664.43 (plus penalties and interest), if not paid, Claimant shall also seek attorneys fees and interest at the maximum legal rate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20 day of October, 2001.

*[signature]*
Michael O'Connell
Rhino Builders, Inc.

"Claimant"

1433756.1



**AIG Technical Services, Inc**
175 Water Street
New York, NY 10038
212.770.7000

*Proof of Claim : Construction Contract*

AIG Technical Services, Inc.

State of **Territory of Guam**  Bond Number: 000-20-80-88
Claim Number: 388-005037-001-0001
County of _____

I, **Michael O'Connell**, the **CEO** of **Rhino Builders, Inc.**
(Name of Affiant)  (Position in Firm)  (Name of Claimant)
of **87-1610 Ulehawa Road, Waianae, HI 96792** on behalf of said firm, hereby state under oath tha
(Address)
said firm between the dates of **May 2000** and **December 2000** furnished, sol
and delivered **roofing installation & repairs & materials** to **BioGenesis Pacific, Inc.** for t
(describes services or material)  (Name of contractor or subcontractor if any)
construction of **Contract No. N62766-99-D-0425** in accordance with an **oral** Subcontract
described in Prime (Identify Contract)
Contractor letter Purchase order. Dated **January 2, 2001**, a copy of which is attached hereto, for the agreed
price of **$1,081,881.80**, none of which has been paid except **$0** and leaving a statement
balance due of **$1,081,881.80**. Attached hereto are **1** Invoices, **NA** delivery tickets
showing the deliveries or progress estimates furnished **BioGenesis Pacific, Inc.**
(Contractor)
and the amount due to claimant therefore; that said firm served notice of said balance due it by Registered Mail dated :
_____ on Surety, **Dec. 20, 2001** on Contractor, **NA** on Owner, (copie:
attached), that there is no just credit nor offset due against said balance and that said firm made no assignment of any
part of said balance except to **NA**
and that there are no liens or encumbrances against said balance except that of **NA**
_____; that said firm has paid in full for all labor and materia
furnished and supplied it for said job except the claims of the persons or firms whose names and addresses and amounts
due to them are as follows:

**NA**

The foregoing information is furnished to the surety in support of affiant's claim and it is understood that the furnishing c
this from or the acceptance and/or retention thereof by the surety does not constitute a waiver or any of the terms of the
Surety's bond nor of any defenses the Surety may have, nor admission of liability thereunder.
Any person who knowingly files a statement of claim containing any false or misleading information is subject to crimin:
or civil penalties.
Sworn to and subscribed before me
this **9th** day of **January** 20 **02**
_____
Notary Public, State of Hawaii
Signed: My commission expires: 6/24/02  (Affiant's Signature)

EXHIBIT **B**

ENCLOSURE 1

**AIG**  AIG Technical Services, Inc.
175 Water Street
New York, NY 10038
212.770.7000

Direct Dial: (212) 458-2901

February 21, 2002

**VIA REGULAR MAIL**

Carlsmith Ball LLP
Pacific Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813
Attention: Terry E. Thomasen, Esq.

Re:   Principal:   BioGenesis Pacific, Inc.
    Bond No.:   000-20-80-88
    Claim No.:   388-005037-001-0001
    Claimant:   Rhino Builders, Inc. ("Rhino")
    Project:   Contract No. N62766-99-D-0425 - Navy Housing - Guam and various locations
    Surety:   American Home Assurance Co.

Dear Mr. Thomasen:

The above referenced surety has reviewed the Proof of Claim and supporting documentation (collectively, the "Proof of Claim") which you submitted on or about January 9, 2002 in support of your client's claim against the referenced bond. The Proof of Claim has been reviewed in connection with the relevant bond language, your client's purported Miller Act Notice dated October 22, 2001, and the federal Miller Act, 40 U.S.C. § 270a et seq. which governs claims against payment bonds issued for federal projects such as the above.

Section 270b(b) of the Miller Act, among other things, expressly states that a payment bond claimant is time barred from bringing suit to enforce its claim unless such an action is brought within one year of the day on which the last of the labor was performed or material was provided by them.

I note that the sworn affidavit of Michael O'Connell, identified as claimant's chief executive officer, included in the Proof of Claim, admits and conclusively establishes that the last day claimant performed labor or provided material on the above project was on or before December 31, 2000. In order to have been timely, suit to enforce the claim would have had to have been commenced within one year of that date. As such, the above referenced claim appears to be time barred by the statute of limitations contained in 40 U.S.C. § 270b(b). Accordingly, the claim must be denied.

If you have any other documents or information you believe would be helpful for the Surety to review please feel free to provide them to the undersigned.

EXHIBIT 

1

A Member Company of
American International Group, Inc.



**AIG Technical Services, Inc.**
175 Water Street
New York, NY 10038
212.770.7000

Please be advised that this action is taken at this time without waiver of or prejudice to any of the rights and defenses, past or present, known or unknown which either the above referenced Surety or Principal may have in this matter.

Very truly yours,

Bruce Kahn

cc.: BioGenesis Pacific, Inc.

2

A Member Company of
American International Group, Inc