ANTONIO L. CORTÉS
THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Plaintiff Rhino Builders, Inc.

FILED
DISTRICT COURT OF GUAM
AUG 30 2002
MARY L. M. MORAN
CLERK OF COURT

33

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **SUBMISSION OF DECLARATION OF EUGENE O'CONNELL** |

Plaintiff Rhino Builders, Inc. submits herewith the original of the Declaration of Eugene O'Connell attached as Exhibit D to the Declaration of Ann D. Borja filed on August 30, 2002.

Respectfully submitted this 30th day of August 2002.

LAW OFFICE OF ANTONIO L. CORTÉS
Attorneys for Plaintiff Rhino Builders, Inc.

By: _____
THEODORE S. CHRISTOPHER

**ORIGINAL**

THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT

OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | ) CIVIL CASE NO.02-00008 <br> ) <br> ) **DECLARATION OF** <br> ) **EUGENE O'CONNELL** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

I, Eugene O'Connell, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the accountant for Rhino Builders, Inc. (hereinafter "Rhino"), I am competent to testify herein, and I make this affidavit based on personal knowledge and would so testify.

2. Although it is true that Rhino furnished, sold and delivered roofing installation and repairs and materials to defendant Biogenesis Pacific Inc. (hereinafter "Biogenesis") between May 2000 and December 2000, Rhino continued

**ORIGINAL**

to furnish and supply materials to Biogenesis for work on the project which is the subject of this action and for which payment is sought in this action until on or after March 20, 2001.

3. Rhino continued to furnish and supply a truck leased by Rhino to Biogenesis for the project and for which payment is sought in this action through March 20, 2001. Attached hereto as Exhibit A and incorporated herein by reference as if set forth fully is a true and correct copy of Rhino's March 21, 2001, invoice for this truck.

4. Rhino also continued to furnish and supply two trucks owned by Rhino to Biogenesis for the project until on and after March 20, 2001.

5. Rhino also continued to furnish and supply safety equipment, filing cabinets, desks, computers, a tar kettle, a scraping machine, blowers and other equipment to Biogenesis for the project until on and after March 20, 2001.

6. Much of the evidence of Rhino's continuing provision of materials to Biogenesis for the project is within the exclusive possession, custody and control of Alfred Garthe III, Rhino's minority shareholder and former vice president, who began working for Biogenesis during the project and initially concealed his relationship with Biogenesis from Rhino.

7. Garthe also leased premises in Guam on behalf of Rhino, for which Rhino paid a security deposit and which, in derogation of Rhino's rights, he continued to allow Biogenesis to use in its performance of the project until on and after March 20, 2001.

2

8.  Biogenesis' failure to pay Rhino required Rhino to reduce its staff. In addition, Garthe, on behalf of Biogenesis, concealed certain financial records from Rhino. All of this prevented Rhino, despite the exercise of all due diligence, from determining the amount of Biogenesis' obligation until shortly before Michael O'Connell signed the proof of claim on January 9, 2002, and this caused the delay in the filing of this lawsuit.

9.  The January 2, 2001, letter of Gerald Lam misstates the work stoppage and equipment shutdown. However, the work stoppage and equipment shutdown which did occur did not constitute a breach of contract by Rhino and was temporary, and therefore does not contradict Rhino's position that it continued to furnish and supply materials until on or after March 20, 2001. Biogenesis was never evicted from its premises, which are the premises described in paragraph 8 above, and Rhino's actions with respect to the premises did not constitute a breach of contract.

10. Rhino did not know that AIG Technical Services, Inc. was not authorized to act on behalf of American Home Assurance Co., and requires further discovery in order to determine the relationship between these companies, since this information is within the defendants' exclusive knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this ___ day of August 2002.

_____
EUGENE O'CONNELL

3

```
                        )
_____        )    SS:
                        )
STATE OF HAWAII.        )
County of Honolulu
```

    SUBSCRIBED and SWORN on this 26th day of August, 2002, in Honolulu, Hawaii, before me, Darlyn M. Silva, a Notary Public, in and for the State of Hawaii, by EUGENE O'CONNELL, known to me to be the person whose name is subscribed to the foregoing Declaration, who acknowledged to me that he executed the same as his free and voluntary act for the uses and purposes therein set forth.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

)SEAL(

                            Darlyn M. Silva
                            Notary Public in and for the State of Hawaii
                            My Commission Expires 5/14/04
                            First Judicial Circuit
                            County of Honolulu.

4



# RHINO BUILDERS HUBZone & 8(a) SBA CERTIFIED

790 North Marine Drive, P. O. Box 359, Tamon, Guam, 96911, (671) 631-7663,
(671) 637-9618 fax, Rhinomw@ite.net
85-841 B Farrington Highway, Waianae, Hawaii, 96792, (808) 668-8878,
(808) 668-7024 fax, Rhinol@Hawaii.rr.com

## INVOICE

| TO | BIOGENESIS PACIFIC, INC. | NO. | 0301-002 |
|---|---|---|---|
| | 790 NORTH MARINE DRIVE #303 | DATE | MAR. 21, 2001 |
| | TUMON, GUAM 96911 | SHIP VIA | |
| ATTN | BOBBIE SALAS | YOUR NO. | |
| TEL | 637-9633/35 FAX 637-9634 | OUR NO. | |
| | | TERMS | DUE UPON RECEIPT |

This is to bill you as follows:

| QUANTITY | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| | ISUZU FLATBED RENTAL | | |
| 1 WEEK | MONDAY-SATURDAY MAR. 12-17, 2001 | 584.00 /WK. | $ 584.00 |
| 2 DAYS | MONDAY-TUESDAY MAR. 19-20, 2001 | 130.00 /DAY | $ 260.00 |
| | | Amount due | $ 844.00 |

Recieved by
BSalas
3-22-01

RHINO BUILDERS, INC.

By: _____

Please show invoice number on your remittance.

EXHIBIT A