ANTONIO L. CORTÉS
THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932-8973
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT

OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.,<br><br>Plaintiff,<br><br>BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC.,<br><br>Defendants. | CIVIL CASE NO. 02-00008<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

Plaintiff Rhino Builders, Inc. (hereinafter "Rhino") submits this memorandum of points and authorities in opposition to the motions to dismiss filed by defendant Biogenesis Pacific, Inc. (hereinafter "Biogenesis") on July 17, 2002, and by defendant AIG Technical Services, Inc. (hereinafter "AIG") on July 26, 2002.

When a federal court reviews the sufficiency of a complaint, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over

the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader. Ibid. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Ibid. The court must accept as true all the factual allegations in the complaint. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993). The rules require only notice pleading. Id. at 168. A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. Hall v. Santa Barbara, 833 F.2d 1270, 1274 (9th Cir. 1986), cert. denied, 485 U.S. 940 (1988).[1]

---

[1]  Biogenesis misconstrues all of its decisions in support of its Rule 12(b)(6) motion. See Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) (reversing dismissal on ground that "[d]ismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled" (emphasis added, citation omitted); Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994) (actually stating that "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim" (citation omitted); in that case, "Pillsbury failed to allege that it was proximately injured by the alleged RICO violations," id. at 927); Figueroa v. United States, 7 F.3d 1405, 1409 (9th Cir. 1993), cert. denied, 511 U.S. 1030 (1994) (actually stating that "[a] 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (emphasis added, citation omitted); Vance v. Villa Park Mobilehome Estates 42 Cal.Rptr. 2d 723, 729 (App. 1995) (actually stating that "[o]rdinarily on demurrer the allegations of the complaint must be accepted as true. But this does not apply to allegations expressing mere conclusions of law, or allegations contradicted by the exhibits to the complaint or by the matters of which judicial notice may be taken"); see also 2 James W. Moore et al., Moore's Federal Practice § 12.34[4][b] (3d ed. 2002) ("Defenses that require a factual review to be established . . . should not support a dismissal for failure to state a claim").

The decision in United States ex rel. Gutman v. P.V. Carlin Construction Co., 254 F.Supp. 1001, 1002 (E.D.N.Y. 1965), on which AIG relies, is distinguishable. Gutman held that sureties may not be held liable for damages sustained by reason of misrepresentations of or delays occasioned by their insured where their bond is conditioned for the payment of any sums due a subcontractor for labor performed or materials furnished.

2

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247 (1986). Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248. The nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986) (cited by AIG). The court must look at the record in the light most favorable to the party opposing the motion. Poller v. Columbia Broadcasting System Inc., 368 U.S. 464, 473 (1962). Further, the requirement that the adverse party must set forth specific facts showing that there is a genuine issue for trial is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition. Holmes Management Co. v. K-Z Radio, Inc., Civil Case No. CV92-68A (D. Guam 1993), p. 6.

The Miller Act, 40 U.S.C. ¶¶ 270a et seq., is highly remedial and is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects. United States ex rel. Sherman v. Carter, 353 U.S. 210, 216 (1957). Although a requirement which is clearly made a condition precedent to the right to sue must be given effect, in determining whether a provision is of that character the

statute must be liberally construed so as to accomplish its purpose. See <u>Fleisher Engineering & Construction Co. v. United States ex rel. Hallenback</u>, 311 U.S. 15, 18 (1940). Technical rules protecting sureties from liability should not be applied. See <u>ibid</u>.

I.     **This Action Is Timely**.

The limitations period in § 270b(b) does not begin to run until the date when the labor ceases or when the last material was supplied. See <u>J.D. Fields & Co. Inc. v. Gottfried Corporation</u>, 272 F.3d 692, 698 (5th Cir. 2001). In the case of equipment, the period does not begin to run until the date it was last available for use on the project. See <u>United States ex rel. Pippin v. J.R. Youngdale Construction Co. Inc.</u>, 923 F.2d 146, 150 (9th Cir. 1991); <u>Interform Co. v. Mitchell</u>, 575 F.2d 1270, 1280 (9th Cir. 1978).

Further, since compliance with the limitations period in § 270b(b) is <u>not</u> jurisdictional, it is subject to equitable tolling and estoppel. See <u>United States ex rel. Kirchdorfer v. M.V. Kelley Corporation</u>, 995 F.2d 656, 659 (6th Cir. 1993) ("when a plaintiff technically fails to file suit within the one-year period, his action may nevertheless proceed if the tardy filing may be excused under the doctrine of equitable tolling"); <u>United States ex rel. Bernard Lumber Co. Inc. v. Lanier-Gervais Corporation</u>, 896 F.2d 162, 164 (5th Cir. 1990) ("this misnamed 'jurisdictional' defense is subject to equitable tolling"); <u>United States ex rel. Nelson v. Reliance Insurance Co.</u>, 436 F.2d 1366, 1370 (10th Cir. 1971) ("since nothing appears in the Miller Act to indicate that the principle of estoppel may not be applied, we conclude

4

that, if the circumstances warrant, a litigant may be estopped from defending on the statute of limitations"); United States ex rel. Humble Oil & Refining Co. v. Fidelity and Casualty Co. of New York, 402 F.2d 893, 898 (4th Cir. 1968) ("the absence of proof of fraud or deception on the part of [the surety] is not fatal to its being estopped to plead Miller Act limitations where . . . there has been a representation, reliance, change of position and detriment"); Security Insurance Co. of New Haven, Connecticut v. United States ex rel. Haydis, 338 F.2d 444, 449 (9th Cir. 1964) ("the one year limitation is not a condition to the suit, but an ordinary statute of limitations"); United States ex rel. E.E. Black Ltd. v. Price-McNemar Construction Co., 320 F.2d 663, 666 (9th Cir. 1963) ("a defendant may, if the circumstances warrant, be estopped from defending on the ground that the action was not commenced within the time specified in 40 U.S.C. § 270b(b)").[2] Equitable tolling has been allowed even where the unfairness that otherwise would result was not the fault of the defendant. See M.V. Kelley Corporation, 995 F.2d at 660.

Nor must a plaintiff allege in its pleadings that its action is timely. See United States ex rel. Celanese Coatings Co. v. Gullard, 504 F.2d 466, 468 (9th Cir. 1974) (cited by both defendants) ("if a use plaintiff fails to allege in his pleadings or show in his proof that his action is timely, the defendant should raise the issue immediately"(emphasis added)).

---

[2] Gullard, 504 F.2d at 469, on which both defendants rely, is not contrary. Gullard held that "[t]he entry of preliminary judgment did not bar consideration or application of the 40 U.S.C. § 270b(b) time limitation," but did not address whether the limitations period is subject to equitable tolling and estoppel.

5

Even if compliance with § 270b(b) is jurisdictional, it is not true that the court must resolve this question before trial. See Ferguson v. Greater Pocatello Chamber of Commerce, 848 F.2d 976, 980 (9th Cir. 1988) ("We sometimes require a trial in the face of uncertain subject matter jurisdiction") (citing Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987) (cited by Biogenesis)); Gullard, 504 F.2d at 468 (even if defendant fails to raise the issue of timeliness, he does not waive the limitation's protection).[3] Although Rosales states that "[a] district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, *if the jurisdictional facts are not intertwined with the merits*" (emphasis added), it goes on to hold that

> if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. Otherwise, <u>the intertwined jurisdictional facts must be resolved at trial by the trier of fact</u>.

(emphasis added, citation omitted); accord, 2 James W. Moore et al., Moore's Federal Practice § 12.30[3] (3d ed. 2002) (cited by Biogenesis).

---

[3] Contrary to what Biogenesis indicates, what the decision in Taylor v. Appleton, 30 F.3d 1365, 1370 (11th Cir. 1994), actually states is that "FOIA requires him ... to set forth those allegations in the complaint before a federal court can exercise jurisdiction over the merits of his FOIA claims."

This action is timely because it was filed one year after March 20, 2001. See accompanying Declaration of Eugene O'Connell (hereinafter "O'Connell Declaration"), ¶¶ 2-7, attached to the accompanying Declaration of Ann D. Borja (hereinafter "Borja Declaration") as Exhibit D.[4] Further, Biogenesis caused the delay in the filing of this lawsuit. Id. at ¶ 8.

## II. This Action Against AIG is Proper.

It is well established that an injured party may recover for breach of implied warranty of authority. See Twin City Fire Insurance Co. v. Philadelphia Life Insurance Co., 795 F.2d 1417, 1427 (9th Cir. 1986); First National Bank of Chicago v. Jefferson Mortgage Co., 576 F.2d 479, 490 (3rd Cir. 1978). A person who purports to make a contract, conveyance or representation on behalf of another who has full capacity but whom he has no power to bind, thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has

//

//

//

---

[4] Michael O'Connell's purported statement in the proof of claim form to the effect that Rhino furnished, sold and delivered roofing installation and repairs until December 2000 in no way "admits and conclusively establishes that the last day claimant performed labor or provided material on the above project was on or before December 31, 2000," as AIG incorrectly claims. In any event, this issue may be intertwined with the merits.

manifested that he does not make such warranty or the other party knows that the agent is not so authorized. Restatement, Second, Agency § 329.[5]

Even if the court dismisses an action against an agent or a surety, it need not dismiss the action against the contractor. A Miller Act claim may lie against a contractor alone, without joining the surety. United States ex rel. Apex Roofing and Insulation Inc. v. Union Indemnity Insurance Co. of New York, 865 F.2d 1226, 1227 (11th Cir. 1984).[6] This rule makes sense, for it is clear that the court may add a surety as a party pursuant to Fed. Rules Civ. Proc. Rule 21, 28 U.S.C., see Delia Plastering Co. v. D.H. Dave Inc., 11 F.R.D. 304, 305 (N.D. Ohio 1951), if the case is not dismissed.

---

[5] In Smith v. Orion Insurance Co., 298 F.2d 528, 533 (10th Cir. 1961), on which AIG relies, the court cites the holding in Sharman v. Continental Insurance Co., 138 P. 708, 711 (Cal. 1914), to the effect that "general agents of the company [are] vested with full authority to consummate the contract of insurance, and are deemed, as such representatives, to have the same power to waive conditions as the companies themselves." Smith then concludes that on the particular facts of that case, Cravens did not have such authority:

> There is not a scintilla of evidence that Cravens' agency from Orion was of that character. It is without dispute that Cravens was required first to submit applications for insurance to Orion, secure approval and then issue the policy on the terms and conditions dictated by Orion. There is no evidence in the record that Cravens held a general agency contract from Orion.

[6] The decision in Franz v. East Columbia Basin Irrigation District, 383 F.2d 391, 392 (9th Cir. 1967), on which AIG relies, is distinguishable since it did not involve the Miller Act and in that case the interests of the indispensable party, the United States, were jeopardized by its absence. Further, Franz conflicts with the general rule that a surety need not be joined. See Horton Co. v. International Telephone & Telegraph Corporation, 85 F.R.D. 369, 370 (W.D. Pa. 1980); Wolgin v. Atlas United Financial Corporation, 397 F.Supp. 103, 1013 (E.D. Pa. 1975).

In the present case, the accompanying Borja Declaration and Affidavit of Amy G. Self (hereinafter "Self Affidavit") attached thereto as Exhibit E raise a factual issue as to whether AIG and American Home Assurance Co. (hereinafter "AHAC") operate as the same company: not only does AIG answer AHAC's mail, see Borja Declaration, ¶ 2, but AIG is "their office" in New York, see Self Affidavit, ¶ 8. AIG's declaration of Bruce Kahn (hereinafter "Kahn Declaration") also indicates in paragraph 1 that AIG is a division of the company which owns AHAC,[7] but conflicts with the Self Affidavit with respect to the name of the parent company, see Self Affidavit, ¶¶ 6, 19 and 20 ("American International <u>Companies</u>" (emphasis added)). Rhino requires further discovery regarding the relationships among these companies. See O'Connell Declaration at ¶ 10.

Further, although Rhino had requested a proof of claim form from AHAC, see October 22, 2001, letter of Terry E. Thomason attached to the Kahn Declaration as Exhibit A, they were given AIG's proof of claim form attached to the Kahn Declaration as Exhibit B. AIG's form states that "[t]he foregoing information is furnished <u>to the surety</u> in support of affiant's claim" (emphasis added). Kahn's February 21, 2002, letter attached to the Kahn Declaration as Exhibit C states that "the claim must be denied. If you have any other documents or information you believe would be helpful for the Surety to review please feel free to provide them <u>to the undersigned</u>" (emphasis added).

---

[7] In this memorandum, "AIG" refers to defendant AIG Technical Services, Inc., but in the Kahn Declaration "AIG" refers to American International Group.

For these reasons and those to be presented at the hearing, the court should deny the defendants' motions.

Respectfully submitted this 30th day of August 2002.

LAW OFFICE OF ANTONIO L. CORTÉS
Attorneys for Plaintiff Rhino Builders, Inc.

By: _____
THEODORE S. CHRISTOPHER