ANTONIO L. CORTÉS
THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

F I L E D
DISTRICT COURT OF GUAM

AUG 30 2002

MARY L. M. MORAN
CLERK OF COURT

35

Attorneys for Plaintiff Rhino Builders, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **DECLARATION OF ANN D. BORJA** |

I, Ann D. Borja, hereby declare pursuant to 28 U.S.C. § 1746 as

follows:

1.      I am a legal secretary and employee of the Law Office of

Antonio L. Cortés (hereinafter the "Law Office"), and I am competent to testify

herein, and I make this declaration based on personal knowledge and would so testify.

2.      Among the documents in the file in this matter which the Law

Office received from Carlsmith Ball LLP was the October 30, 2001, letter of Mark

Titherington on stationery of AIG Technical Services, Inc. 175 Water Street New

York, NY 10038, a member company of American International Group, Inc.; a proof

**ORIGINAL**

of claim form and an envelope from AIG Technical Services Inc. postmarked in New York on November 1, 2001, were attached to this letter. Attached hereto as Exhibits A through C and incorporated herein by reference as if set forth fully are true and correct copies of this letter, form and envelope.

3.     On August 29, 2002, the Law Office received the Declaration of Eugene O'Connell and the Affidavit of Amy G. Self by facsimile, true and correct copies of which are attached hereto as Exhibits D and E and incorporated herein by reference as if set forth fully. The Law Office will file the originals of these documents when it receives them by mail.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 30th day of August 2002.

_____
ANN D. BORJA

HAGÅTÑA, GUAM          )          ss:

SUBSCRIBED and SWORN on this 30th day of August, 2002, before me a Notary Public, in and for Guam, by Ann D. Borja, known to me to be the person whose name is subscribed to the foregoing Declaration, who acknowledged to me that she executed the same as her free and voluntary act for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

) S E A L (

_____
Notary Public in and for Guam

MELANIE A.C. QUICHOCHO
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: June 20, 2005
P.O. Box EQ Hagatna, Guam 96932

2

# EXHIBIT A



**AIG Technical Services, Inc.**
175 Water Street
New York, NY 10038
212.770.7000
Direct Dial: (212) 458-1282

October 30, 2001

**VIA REGULAR MAIL**

Carlsmith Ball LLP
Pacific Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813
**Attention: Terry E. Thomasen**

| Re: | | |
|---|---|---|
| | **Principal:** | **BioGenesis Pacific, Inc.** |
| | **Bond No.:** | **000-20-80-88** |
| | **Claim No.:** | **388-005037-001-0001** |
| | **Project:** | **Contract No. N62766-99-D-0425 - Navy Housing - Guam and various locations** |
| | **Surety:** | **American Home Assurance Co.** |
| | **Claimant:** | **Rhino Builders, Inc.** |

Dear Mr. or Ms. Thomasen:

This will acknowledge receipt of your client's claim in the amount of $245,664.43 for labor and/or materials furnished in connection with the above referenced project.

You will please find enclosed a Proof of Claim form for your client's use in documenting their claim against the above bond. This form should be completed in as much detail as possible, and include the last date that their company either performed the work or supplied materials claimed for on the above project. The Proof of Claim form should then be photocopied twice (to make three sets). Separate copies of documentation supporting the claim should be annexed to each form. Documentation supporting the claim in this instance would include copies of any subcontracts, signed purchase orders, signed invoices, signed delivery tickets, etc. Upon completion, two (2) of these forms in original (signed and notarized by an authorized representative of your client's company), with copies of supporting documentation annexed to each, should be returned to my attention (the third form is for your own records).

Please be advised that this action is taken at this time without waiver of or prejudice to any of the rights and defenses, past or present, known or unknown which either the above referenced Surety or Principal may have in this matter.

Truly yours,

Mark Titherington

Enc.

cc: BioGenesis Pacific, Inc.

1

# EXHIBIT B



**AIG Technical Services, Inc.**
175 Water Street
New York, NY 10038
212.770.7000

*Proof of Claim : Construction Contract*

AIG Technical Services, Inc. _____

State of _____

**Bond Number:** 000-20-80-88
**Claim Number:** 388-005037-001-0001

County of_____
I,_____,the_____ of _____
      (Name of Affiant)                                        (Position in Firm)                    (Name of Claimant)
of_____ on behalf of said firm, hereby state under oath that
                            (Address)

said firm between the dates of _____ and _____ furnished, sold,

and delivered _____ to _____ for the
                      (describes services or material)              (Name of contractor or subcontractor if any)

construction of _____ in accordance with a _____ Subcontract or
                      (Identify Contract)

_____ Purchase order. Dated _____, a copy of which is attached hereto, for the agreed

price of _____, none of which has been paid except _____ and leaving a statement

balance due of _____. Attached hereto are _____ Invoices, _____ delivery tickets

showing the deliveries or progress estimates furnished _____
                                                                        (Contractor)

and the amount due to claimant therefore; that said firm served notice of said balance due it by Registered Mail dated :
_____ on Surety, _____ on Contractor, _____ on Owner, (copies
attached), that there is no just credit nor offset due against said balance and that said firm made no assignment of any
part of said balance except to _____
and that there are no liens or encumbrances against said balance except that of _____
_____; that said firm has paid in full for all labor and material
furnished and supplied it for said job except the claims of the persons or firms whose names and addresses and amounts
due to them are as follows:

_____
_____
_____

The foregoing information is furnished to the surety in support of affiant's claim and it is understood that the furnishing of
this from or the acceptance and/or retention thereof by the surety does not constitute a waiver or any of the terms of the
Surety's bond nor of any defenses the Surety may have, nor admission of liability thereunder.
Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal
or civil penalties.
Sworn to and subscribed before me
this _____ day of _____ 20_____

_____
Notary Public
Signed _____      (Affiant's Signature)

# EXHIBIT C

U.S. POSTAGE
0255
PB METER
7095197

NOV 0 1 '01
NEW YORK NY

PRESORTED
FIRST CLASS

AIG Technical Services, Inc.
175 Water Street
New York, NY 10038

Carlsmith Ball LLP
Pacific Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813
Attention: **Terry E. Thomasen**

50058 (6/00)

# EXHIBIT D

THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT

OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., | ) ) ) ) | CIVIL CASE NO.02-00008 **DECLARATION OF EUGENE O'CONNELL** |
| Plaintiff, | ) ) ) | |
| BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., | ) ) ) | |
| Defendants. | ) ) | |

I, Eugene O'Connell, hereby declare pursuant to 28 U.S.C. § 1746 as

follows:

1.    I am the accountant for Rhino Builders, Inc. (hereinafter

"Rhino"), I am competent to testify herein, and I make this affidavit based on personal

knowledge and would so testify.

2.    Although it is true that Rhino furnished, sold and delivered

roofing installation and repairs and materials to defendant Biogenesis Pacific Inc.

(hereinafter "Biogenesis") between May 2000 and December 2000, Rhino continued

to furnish and supply materials to Biogenesis for work on the project which is the
subject of this action and for which payment is sought in this action until on or after
March 20, 2001.

        3.     Rhino continued to furnish and supply a truck leased by Rhino to
Biogenesis for the project and for which payment is sought in this action through
March 20, 2001. Attached hereto as Exhibit A and incorporated herein by reference
as if set forth fully is a true and correct copy of Rhino's March 21, 2001, invoice for
this truck.

        4.     Rhino also continued to furnish and supply two trucks owned by
Rhino to Biogenesis for the project until on and after March 20, 2001.

        5.     Rhino also continued to furnish and supply safety equipment,
filing cabinets, desks, computers, a tar kettle, a scraping machine, blowers and other
equipment to Biogenesis for the project until on and after March 20, 2001.

        6.     Much of the evidence of Rhino's continuing provision of
materials to Biogenesis for the project is within the exclusive possession, custody and
control of Alfred Garthe III, Rhino's minority shareholder and former vice president,
who began working for Biogenesis during the project and initially concealed his
relationship with Biogenesis from Rhino.

        7.     Garthe also leased premises in Guam on behalf of Rhino, for
which Rhino paid a security deposit and which, in derogation of Rhino's rights, he
continued to allow Biogenesis to use in its performance of the project until on and
after March 20, 2001.

2

8.      Biogenesis' failure to pay Rhino required Rhino to reduce its staff. In addition, Garthe, on behalf of Biogenesis, concealed certain financial records from Rhino. All of this prevented Rhino, despite the exercise of all due diligence, from determining the amount of Biogenesis' obligation until shortly before Michael O'Connell signed the proof of claim on January 9, 2002, and this caused the delay in the filing of this lawsuit.

9.      The January 2, 2001, letter of Gerald Lam misstates the work stoppage and equipment shutdown. However, the work stoppage and equipment shutdown which did occur did not constitute a breach of contract by Rhino and was temporary, and therefore does not contradict Rhino's position that it continued to furnish and supply materials until on or after March 20, 2001. Biogenesis was never evicted from its premises, which are the premises described in paragraph 8 above, and Rhino's actions with respect to the premises did not constitute a breach of contract.

10.     Rhino did not know that AIG Technical Services, Inc. was not authorized to act on behalf of American Home Assurance Co., and requires further discovery in order to determine the relationship between these companies, since this information is within the defendants' exclusive knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this _20_ day of August 2002.

_____
EUGENE O'CONNELL

3

```
                        )
                        )    ss:
STATE OF HAWAII.        )
County of Honolulu
```

SUBSCRIBED and SWORN on this 26th day of August, 2002, in
_Honolulu_, Hawaii, before me, _DARLyn M. Silva_, a Notary
Public, in and for the State of Hawaii, by EUGENE O'CONNELL, known to me to be
the person whose name is subscribed to the foregoing Declaration, who acknowledged
to me that he executed the same as his free and voluntary act for the uses and
purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my
official seal the day and year first above written.

)SEAL(

_Darly M Silva_
Notary Public in and for the State of Hawaii
My Commission Expires _5/14/02_
First Judicial Circuit
County of Honolulu

4



# RHINO BUILDERS

HUBZone & 8 (a) SBA CERTIFIED

790 North Marine Drive, P. O. Box 359, Tumon, Guam, 96911, (671) 631-7653,
(671) 637-9618 fax, Rhinogwa@ks.net
85-941 B Farrington Highway, Waianae, Hawaii 96792, (808) 668-2878,
(808) 668-7024 fax, Rhino1@Hawaii.rr.com

## INVOICE

TO    BIOGENESIS PACIFIC, INC.
      790 NORTH MARINE DRIVE #303
      TUMON, GUAM 96911

ATTN    BOBBIE SALAS
TEL    637-9633/35    FAX    537-9634

NO.    0301-002
DATE    MAR. 21, 2001
SHIP VIA
YOUR NO.
OUR NO.
TERMS    DUE UPON RECEIPT

This is to bill you as follows:

| QUANTITY | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| | **ISUZU FLATBED RENTAL** | | |
| 1 WEEK | MONDAY-SATURDAY MAR. 12-17, 2001 | 584.00 /WK. | $ 584.00 |
| 2 DAYS | MONDAY-TUESDAY MAR. 19-20, 2001 | 130.00 /DAY | $ 260.00 |

Recieved by
[signature]
3-22-01

Amount due -    $    844.00

RHINO BUILDERS, INC.

By: [signature]

Please show invoice number on your remittance.

EXHIBIT A

**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC. | CIVIL NO. 02-00008 |
| Plaintiff, | AFFIDAVIT OF AMY G. SELF |
| vs. | |
| BIOGENESIS PACIFIC, INC.; AIG TECHNICAL SERVICES, INC., | |
| Defendants. | |

## AFFIDAVIT OF AMY G. SELF

STATE OF HAWAII     )
                   )   SS.
CITY AND COUNTY OF HAWAII   )

AMY G. SELF, being first duly sworn on oath, deposes and says:

1.    All statements made in this affidavit are based on my personal knowledge unless otherwise expressly stated.

2.    I am an attorney with Carlsmith Ball LLP, and I am one of the attorneys who previously assisted RHINO BUILDERS, INC. ("Rhino") in pursuing payment for work performed on Rhino's subcontract with Biogenesis Pacific, Inc.

3.    Pursuant to our assistance to Rhino, on or about October 2001, I called long distance directory assistance to obtain the telephone number for American Home Assurance Company, the company named as Surety on United States Navy Payment Bond No. 20-80-88.

2020166.1.053705-00001

4.    The telephone number given to me by the operator for the American Home Assurance Company listing was (415) 836-2700.

5.    When I dialed the telephone number for American Home Assurance Company, the person answered "American International Companies."

6.    When I explained that I was calling for American Home Assurance Company, the person assured me that American Home Assurance Company was part of American International Companies.

7.    After establishing that I had in fact dialed the correct number, I requested a Miller Act Claim Form and was transferred to American International Companies' legal department.

8.    After being connected to various people, one of whom was an individual by the name of Joe Mauler, I was told that their office in New York, AIG Technical Services, Inc., handled all of the claims against surety bonds for American International Companies and was given the following telephone number: (212) 458-1264.

9.    After dialing the telephone number given to me by American International Companies for its office, AIG Technical Services, Inc., I was again connected to various people in response to my request for a Miller Act Claim form.

10.    Finally, I was connected to Mark Titherington, a claims analyst for AIG Technical Services, Inc., who indicated that he was the person who would handle a claim against the surety for Biogenesis Pacific, Inc.

11.    Mr. Titherington informed me that before he would send us a Miller Act Proof of Claim form, we would first have to send a Notice of Nonpayment to all parties.

2020166.1.053705-00001

12. Pursuant to the Miller Act 40 U.S.C. Section 270(a) to 270(e) and Mr. Titherington's instructions, on or about October 22, 2001, we sent a Notice of Claim On Bond (naming American Home Assurance Company as the bonding company) to Mr. Titherington, BioGenesis Pacific, Inc., and Bennett Terlaje, the U.S. Navy Contracting Officer, via certified mail, return receipt requested.

13. Prior to sending the Notice of Claim On Bond to Mr. Titherington, I prepared a letter for Terry E. Thomason's signature, addressed to Mark Titherington at American Home Assurance Company, 175 Water Street, 6th Floor, New York, New York 10038, to which we attached the Notice of Claim On Bond.

14. A true and correct copy of the letter to Mark Titherington, with the attached Notice of Claim On Bond and Certified Mail Receipt, is attached hereto and incorporated herein as Exhibit 1.

15. On or about November 6, 2001, we received a Proof of Claim form from Mr. Titherington, attached to a letter from Mr. Titherington.

16. On or about January 9, 2002, we sent the completed Proof of Claim form, executed by Michael O'Connell, President of Rhino Builders, Inc., to Mr. Titherington via certified mail, return receipt requested.

17. On or about the last week of February, 2002, we received notice from Mr. Titherington that Rhino Builders, Inc.'s Miller Act Claim had been denied by AIG Technical Services, Inc.

18. On or about March 20, 2002, we filed a Complaint against BioGenesis and AIG Technical Services, Inc. in the United States District Court, District of Guam.

2020166.1.053705-00001

19.    Throughout the foregoing process, Mr. Titherington and everyone I spoke to at American International Companies and AIG Technical Service, Inc. led me to believe that American Home Assurance Company and AIG Technical Services were all part of the same corporation, American International Companies.

20.    On or about August 23, 2002, I called the original number I was given for American Home Assurance Company and again, the person who answered verified that American Home Assurance and AIG Technical Service, Inc. are owned by American International Companies.

FURTHER AFFIANT SAYETH NAUGHT.

AMY G. SELF

Subscribed and sworn to before me this
21st day of _August_, 2002.

Natalie A. Pacheco
Notary Public, State of Hawaii
My Commission expires:  1-34-06

NATALIE PACHECO
NOTARY PUBLIC
STATE OF HAWAII

# CARLSMITH BALL LLP

### A LIMITED LIABILITY LAW PARTNERSHIP

---

PACIFIC TOWER, SUITE 2200
1001 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE (808) 523-2500   FAX (808) 523-0842
WWW.CARLSMITH.COM

DIRECT DIAL NO.
(808) 523-2527

E-MAIL TET@CARLSMITH.COM

OUR REFERENCE NO.
053705-00001

October 22, 2001

## BY CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Mark Titherington
American Home Assurance Company
175 Water Street, 6th Floor
New York, New York 10038

> Re:   Ref. Bond No. 20-80-88 - BioGenesis Pacific, Inc., Prime Contractor on
> Contract No. N62766-99-D-0425

Dear Mr. Titherington:

On behalf of our client, Rhino Builders, Inc., we are forwarding this enclosed matter for your consideration and action.

Enclosed with this letter is a Miller Act Notice which this firm caused to be sent to your attention, whereby Rhino Builders, Inc. gives notice it intends to enforce its rights under the Miller Act. Contrary to your understanding, BioGenesis Pacific, Inc. is the prime contractor on Contract No. N62766-99-D-0425, and Rhino Builders, Inc. provided all labor and materials supporting its claim pursuant to an oral subcontract between Rhino Builders Inc. and BioGenesis Pacific, Inc.

As the attorneys for Rhino Builders, Inc., we hereby request that American Home Assurance Company provide us a copy of its Miller Act Proof of Claim form, and forward any and all future communications to my attention at the above address.

# EXHIBIT 1

HONOLULU  ·  KAPOLEI  ·  HILO  ·  KONA  ·  MAUI  ·  GUAM  ·  SAIPAN  ·  LOS ANGELES  ·  WASHINGTON, D.C.  ·  MEXICO

Your immediate attention to this matter is appreciated.

Very truly yours,
Carlsmith Ball L.L.P.

*Terry E. Thomason*
Terry E. Thomason

Enclosures

cc:   Rhino Builders, Inc.

# NOTICE OF CLAIM ON BOND
## (Miller Act 40 U.S.C. Section 270(a) to 270(e))

Public Agency:  Officer in Charge of Construction
Ms. Bennett Terlaje, Contracting Officer
NAVFACENGCOM Contracts Marianas
PSC455, Box 175
FPO AP 96540-2200

Bonding Company:  American Home Assurance Company
121 Spear Street
San Francisco, California 94105

Prime Contractor:  BioGenesis Pacific, Inc.
1604 Ulualana Place
Kailua, Hawaii 96734

NOTICE IS HEREBY GIVEN, that Rhino Builders, Inc., the undersigned subcontractor to BioGenesis Pacific, Inc. and Claimant, has not been paid in full and is looking to the Prime Contractor for payment of the following claim. This notice is intended as written notice pursuant to 40 U.S.C. Section 270.

Claimant, whose address is: 87-1610 Ulehawa Road, Waianae, Hawaii 96792, has a claim in the amount of $245,664.43 (not including service charges or interest as allowed by law and at the maximum legal charges or interest as allowed by law and at the maximum legal rate) for labor performed and materials provided for the public work of improvement commonly known as Navy Housing Roofing, Various Locations; Contract No. N62766-99-D-0425, upon which BioGenesis Pacific, Inc. is the Prime Contractor.

WE ARE LOOKING TO THE PRIME CONTRACTOR FOR PAYMENT OF THESE DEBTS.

1. The total amount of the claim is $245,664.43.

2. The name of the party for whom the labor and materials were provided is: BioGenesis Pacific, Inc.

3. Rhino Builders, Inc. provided such labor and materials directly to BioGenesis Pacific, Inc. pursuant to an oral subcontract between Rhino Builders, Inc. and BioGenesis Pacific, Inc.

In support of its claim, Claimant submits the following documents:
1. Claimant's initial invoice, which includes a breakdown of reimbursable costs and profit share (Exhibit 1);

1433756.1

2.    Claimant's final invoice in the amount of $245,664.43 for BioGenesis Pacific, Inc.'s unpaid billings on all work Claimant performed on Contract No. N62766-99-D-0425 with attached mail receipts reflecting BioGenesis Pacific, Inc.'s refusal to accept business mail sent by Rhino Builders, Inc. (Exhibit 2);

3.    A copy of Rhino Builders, Inc.'s Assertion of Nonpayment under FAR 32.112-1 to Ms. Bennett Terlaje, Contracting Officer (Exhibit 3); and

4.    A copy Payment Bond No. 20-80-88 sent to Claimant from Ms. Bennett Terlaje, Contracting Officer in charge of construction for Contract No. N62766-99-D-0425 (Exhibit 4).

To the unpaid balance of $245,664.43 (plus penalties and interest), if not paid, Claimant shall also seek attorneys fees and interest at the maximum legal rate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2 0 day of October , 2001.

Michael O'Connell
Rhino Builders, Inc.

"Claimant"

1433756.1



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Titherington
American Home Assurance Co
175 Water Street, 6th Floor
New York, New York 10038

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)   B. Date of Delivery
RECEIVED

C. Signature
X                                  ☐ Agent
                                   ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
102595-01-M-1424

PS Form

---

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

AGS/TET (053705-00001) 10

| | |
|---|---|
| Postage | $ 241 |
| Certified Fee | 210 |
| Return Receipt Fee (Endorsement Required) | 150 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 601 |

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Mark Titherington
Street, Apt. No.; or PO Box No.
175 Water Street, 6th Floor
City, State, ZIP+4
New York, New York 10038

PS Form 3800, February 2000        See Reverse for Instructions

7000 0520 0021 3314 2184