Arthur B. Clark, Esq.
Janalynn M. Cruz, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96911
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for Defendant*
*Biogenesis Pacific, Inc.*

FILED
DISTRICT COURT OF GUAM
SEP 06 2002
MARY L. M. MORAN
CLERK OF COURT
42

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., Plaintiff, vs. BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., Defendants. | CIVIL CASE NO. 02-00008 **DEFENDANT BIOGENESIS PACIFIC, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO BIOGENESIS'S MOTION TO DISMISS** |

## I. Introduction

Defendant BioGenesis Pacific, Inc. ("BioGenesis") brought its motion pursuant to F.R.C.P 12(b)(1) and 12(b)(6). Additionally, Defendant AIG Technical Services, Inc. also brought a motion to dismiss pursuant to F.R.C.P. 12(b)(6) and 56(c). All parties have presented matters outside the pleadings for the Court's review. Pursuant to F.R.C.P. 12(b), the Court is given the discretion to consider extrinsic materials offered as part of a 12(b)(6) motion. *See* F.R.C.P. 12(b). The Court, however, is required to convert a 12(b)(6) motion to a motion for summary judgment when matters outside the complaint are presented to and not excluded by the court. *See* F.R.C.P. 12(b).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2558 (1986). This burden may be discharged by showing to the court "that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325, 106 S.Ct. at 2554.

Once the initial burden is met by the movant, "the nonmoving party must set forth by affidavit, or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir. 1987). The nonmoving party may not rely on allegations in the pleadings, nor the statement that "it will discredit the moving party's evidence at trial and proceed in the way of evidence to support its claim." *Id.* "The resisting party must respond with more than mere hearsay and legal conclusions." *Kaiser Cement Corp. v. Fischbach and Moore, Inc.*, 793 F.2d 1100, 1104 (9th Cir. 1986). The non-moving party must produce at least some "significant probative evidence tending to support the complaint." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986).

Moreover, in the light of the facts that are developed, if a nonmoving party's claim is "implausible," then the nonmoving party must come forward with "more persuasive evidence." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). A nonmovant's Rule 56(e) evidence opposing summary judgment must be more than merely possible or colorable. The evidence must be sufficient to withstand a motion for directed verdict and support the verdict of a reasonable jury. *Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505. If the nonmoving party fails to make a sufficient showing of an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-323.

## II. The Declaration of Eugene O'Connell Is Not Sufficient to Create a Genuine Issue of Material Fact

In its proof of claim filed with AIG Technical Services, Plaintiff's chief executive officer swore under oath that as of January 9, 2002, the date of the proof of claim, Plaintiff had provided services and materials to BioGenesis between the dates of May 2000 and December 2000.

*See* Exhibit 1 to Declaration of Janalynn M. Cruz. Plaintiff's chief executive officer further stated in the proof of claim that such services were rendered for the agreed price of $1,081,881.80. *See id.* This amount is the same amount, less eighty cents, sought by Plaintiff in its complaint. *See* Complaint. Thus, it is apparent that Plaintiff is now suing based upon an alleged contract that ended in December 2000.

In its complaint, Plaintiff alleges that "[t]he date on which the last labor was performed and equipment supplied to Defendant Contractor by Plaintiff was March 20, 2001." *See* Complaint at ¶ 20. Additionally, in support of that allegation, Eugene O'Connell, Plaintiff's accountant, states in his declaration that Plaintiff supplied various equipment to BioGenesis for which payment is sought until on and after March 20, 2001. *See* Declaration of Eugene O'Connell at ¶¶ 2-5. However, the January 2, 2001 letter from Mr. Gerald Lam of BioGenesis to Mr. Eugene O'Connell (attached as Exhibit A to Plaintiff's complaint) (the "January 2nd letter") makes clear that the BioGenesis understood that Plaintiff was not providing any further labor or materials after December 2000.

The January 2nd letter coupled with Plaintiff's January 9, 2001 proof of claim makes indisputable the fact that neither Plaintiff nor BioGenesis believed that the alleged contract which forms the basis for Plaintiff's cause of action extended beyond December 2000. This conclusion is also supported by the fact that Plaintiff is seeking in its complaint the near identical amount sought in its proof of claim. Accordingly, any claim for services or materials supplied in the purported contract had to brought by December 2001 or January 2002. Any later agreement for the rental of equipment would be considered a separate and distinct agreement from the alleged contract under which Plaintiff is suing.

In the Declaration of Eugene O'Connell, Mr. O'Connell affirms that at the time it submitted the proof of claim it had just gathered the information it needed to determine the amount of its claim. *See* Declaration of Eugene O'Connell at ¶ 8. However, Plaintiff's CEO, Michael O'Connell, earlier stated under oath that services and materials were provided between May 2000 and December 2000. *See* Exhibit 1 to Declaration of Janalynn M. Cruz. Plaintiff's allegation in its complaint and the Declaration of Eugene O'Connell contradict Plaintiff's earlier statement made under oath in the proof of claim. Courts have repeatedly concluded that they do not have to turn a blind eye to contradictions

in a non-moving party's submissions to the court, and that they may disregard or strike as sham later affidavits and sworn testimony that are at odds with earlier sworn testimony. The Ninth Circuit Court of Appeals, in affirming a summary judgment, held:

> While the facts embraced in these three [later] recitals [by the nonmovant] are both material and relevant to the issues raised by the pleadings, we reject appellants' efforts to characterize them as *genuine* issues of fact. When confronted with the question of whether a party should be allowed to create his own issue of fact by an affidavit contradicting his prior deposition testimony, the Court of Appeals for the Second Circuit held that no *genuine* issue of fact was raised. *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969). Therein the Court noted:
>
> > [i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact. 410 F.2d at 578.
>
> The very object of summary judgment is to separate real and genuine issues from those that are formal or pretended, so that only the former may subject the moving party to the burden of trial. Here we are convinced that the issues of fact created by Radobenko are not issues which this Court could reasonably characterize as genuine; rather, they are sham issues which should not subject the defendants to the burden of a trial.

*Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (9th Cir. 1975) (citation omitted); *see also Buckner v. Sam's Club, Inc.*, 75 F.3d 290 (7th Cir. 1996) (stating that as a general rule a party may not create issue of fact for purposes of summary judgment by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony).

There is no doubt that the purported contract that Plaintiff uses as the basis of this suit was terminated by December 2000; this fact is supported by the January 2nd letter and the January 9, 2001 proof of claim and by the fact that Plaintiff seeks judgment in an amount almost identical to the amount sought in its proof of claim. Accordingly, the fact is that the alleged contract ended in December 2000. Thus, there exists no genuine issue of material fact and Plaintiff was required to bring its claim by December 2001 or January 2002.

//

//

//

Based on the above, BioGenesis respectfully requests that the court grant BioGenesis's motion to dismiss or, in the alternative, grant summary judgment in favor of BioGenesis.

Dated this 6th day of September, 2002.

CALVO AND CLARK, LLP
Attorneys At Law
Attorneys for Defendant BioGenesis Pacific, Inc.

By: JANALYNN M. CRUZ