THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **SUBMISSION OF DECLARATIONS OF MICHAEL O'CONNELL and EUGENE O'CONNELL** |

In further opposition to the defendants' motions to dismiss, Plaintiff Rhino Builders, Inc. hereby submits true and correct copies of the September 9, 2002, Declarations of Michael O'Connell and Eugene O'Connell pursuant to Fed. Rules Civ. Proc. Rule 56(c), 28 U.S.C., which states that "[t]he adverse party prior to the day of hearing may serve opposing affidavits," and will file the originals of these documents when it receives them by mail.

Respectfully submitted this 11th day of September 2002.

LAW OFFICE OF ANTONIO L. CORTÉS
Attorneys for Plaintiff Rhino Builders, Inc.

By: _____
THEODORE S. CHRISTOPHER

**ORIGINAL**

THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Plaintiff Rhino Builders, Inc.

# IN THE DISTRICT COURT

## OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **DECLARATION OF MICHAEL O'CONNELL** |

I, Michael O'Connell, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the President and CEO for Rhino Builders, Inc. (hereinafter "Rhino"), I am competent to testify herein, and I make this declaration based on personal knowledge and would so testify.

2. When I signed the proof of claim on January 9, 2002, I did not know that Rhino had continued to furnish and supply the truck leased by Rhino to Biogenesis through March 20, 2001.

3. The reason I did not know this is that Alfred Garthe III, Rhino's minority shareholder and former vice-president who had begun working for defendant Biogenesis Pacific, Inc. (hereinafter "Biogenesis") during the project and concealed his relationship with Biogenesis from Rhino, and concealed this information from me.

4. Garthe had control of the truck in Guam since the beginning of the contract which is the subject of this action, whereas I was in Hawaii. Garthe returned one of the keys to the truck to Rhino in 2000, but the truck had two keys.

5. The balance due in the proof of claim is the same as in the complaint (except for the 80¢ disparity) because I was given the correct number for this item even though I had not been told about Biogenesis' continued use of the truck.

6. The other reason the proof of claim contains the date December 2000 is that the preponderance of the work was completed by then, even though that was not the last date the truck was available for use on the project.

7. This declaration resolves the disparity between the dates in the proof of claim and in the complaint.

8. I have not been examined at all regarding the words "December 2000" in the proof of claim.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 9th day of September 2002.

MICHAEL O'CONNELL

2

```
                    )
                    )    ss:
STATE OF HAWAII.    )
County of Honolulu
```

SUBSCRIBED and SWORN on this 9th day of September, 2002, in Honolulu, Hawaii, before me, Darlyn M. Silva, a Notary Public, in and for the State of Hawaii, by MICHAEL O'CONNELL, known to me to be the person whose name is subscribed to the foregoing Declaration, who acknowledged to me that he executed the same as his free and voluntary act for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

) SEAL (

*Darlyn M. Silva*
Notary Public in and for the State of Hawaii
My Commission Expires May 14, 2004

3

THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Plaintiff Rhino Builders, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **DECLARATION OF EUGENE O'CONNELL** |

I, Eugene O'Connell, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the accountant for Rhino Builders, Inc. (hereinafter "Rhino"), I am competent to testify herein, and I make this declaration based on personal knowledge and would so testify.

2. My August 26, 2002, declaration is not a "sham." Attached thereto as Exhibit A and incorporated therein by reference as if set forth fully is a true and correct copy of Rhino's March 21, 2001, invoice for the truck.

3. My August 26 declaration also does not <u>contradict</u> the January 9, 2002, proof of claim. In fact, paragraph 2 of the August 26 declaration specifically states that "it is <u>true</u> that Rhino furnished, sold and delivered roofing installation and repairs and materials to defendant Biogenesis Pacific, Inc. (hereinafter "Biogenesis") between May 2000 and December 2000" (emphasis added), but then <u>supplements</u> this by adding that Rhino also "continued to furnish and supply materials to Biogenesis for work on the project which is the subject of this action and for which payment is sought in this action until on or after March 20, 2001." In addition, paragraph 9 of my August 26 declaration rebuts the January 2, 2001, <u>unsworn</u> letter of Gerald Lam.

4. Rhino's furnishing and supplying of the truck and other materials to Biogenesis on or after March 20, 2001, was part of the contract which is the subject of this action, <u>not</u> a separate and distinct agreement.

5. Paragraph 17 of the Affidavit of Amy G. Self filed in this matter on September 4, 2002, states that Rhino's claim was *denied by AIG Technical Services, Inc.* This is consistent with the February 21, 2002, letter of AIG's Bruce Kahn, which states as follows:

> <u>I note</u> that the sworn affidavit of Michael O'Connell, identified as claimant's chief executive officer, included in the Proof of Claim, admits and conclusively establishes that the last day claimant performed labor or provided material on the above project was on or before December 31, 2000. In order to have been timely, suit to enforce the claim would have had to have been commenced within one year of that date. <u>As such</u>, the above referenced claim appears to be time barred by the statute of limitations contained

2

in 40 U.S.C. § 270(b). <u>Accordingly, the claim must be denied</u>

(emphasis added). The affidavit and the letter do not indicate that American Home Assurance Co. denied the claim.

6. Rhino could not determine whether to file this lawsuit until it determined the amount of Biogenesis' obligation.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 9th day of September 2002.

*[signature]*
EUGENE O'CONNELL

```
_____  )
                 )  ss:
STATE OF HAWAII. )
```
County of Honolulu.

SUBSCRIBED and SWORN on this 9th day of September, 2002, in Honolulu, Hawaii, before me, Darlyn M. Silva, a Notary Public, in and for the State of Hawaii, by EUGENE O'CONNELL, known to me to be the person whose name is subscribed to the foregoing Declaration, who acknowledged to me that he executed the same as his free and voluntary act for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

) S E A L (    *[signature]* Darlyn M. Silva
Notary Public in and for the State of Hawaii
My Commission Expires May 14, 2006
First Judicial Circuit

3