Louie J. Yanza
**McKEOWN • VERNIER • PRICE • MAHER**
A Joint Venture of McKEOWN PRICE, LLP
and VERNIER & MAHER, LLP
115 Hesler Place
Ground Floor • Governor Joseph
 Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

**Attorney for Defendants** AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

FILED
DISTRICT COURT OF GUAM
OCT 02 2002
MARY L. M. MORAN
CLERK OF COURT

**UNITED STATES DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. <br> BIOGENESIS PACIFIC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., <br><br> Counter-Defendant. | CIVIL CASE NO. 02-00008 <br><br> **DEFENDANTS AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND CROSS-CLAIM; CERTIFICATE OF SERVICE** |

| | |
|---|---|
| BIOGENESIS PACIFIC, INC., | ) |
|        Third-Party Plaintiff, | ) |
| vs. | ) |
| MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, | ) |
|        Third-Party Defendants. | ) |
| AMERICAN HOME ASSURANCE COMPANY | ) |
|        Cross-Claimant, | ) |
| vs. | ) |
| BIOGENESIS PACIFIC, INC. | ) |
|        Cross-Claim Defendant. | ) |

Defendants **AIG TECHNICAL SERVICES, INC. ("AIGTS")** and **AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME")** (collectively "Defendants") through counsel, **MCKEOWN • VERNIER • PRICE • MAHER**, by Louie J. Yanza, hereby submit their answers to Plaintiff's Amended Complaint filed on September 10, 2002 in the above-entitled action, as follows:

1. Defendants AIGTS and AMERICAN HOME admit the allegations contained in Paragraphs 3, 7, 26, 27, 28 and 29 of Plaintiff's Amended Complaint.

2. Defendants AIGTS and AMERICAN HOME deny, generally and specifically, each and every allegation contained in Paragraphs 11, 12,

22, 23, 30, 32, 33, 34, 35, 36, 37, 38, 39, 41, 43 and 45 of Plaintiff's Amended Complaint.

3. Defendants AIGTS and AMERICAN HOME state that they are without knowledge or information sufficient to allow them to formulate a belief as to the truth or veracity of the allegations contained in Paragraphs 1, 2, 4, 8, 9, 13, 14, 15, 16, 17, 18 19, 20, and 21 of Plaintiff's Amended Complaint and, based thereon, therefore, deny, generally and specifically, the same.

4. In response to Paragraph 5 of Plaintiff's Amended Complaint, Defendants AIGTS and AMERICAN HOME admit that AMERICAN HOME is a surety and is licensed to conduct business in New York and in Guam, but denies all other allegations of said paragraph.

5. In response to Paragraph 6 of Plaintiff's Amended Complaint, Defendants AIGTS and AMERICAN HOME admit that Plaintiff has filed suit under the Miller Act, but denies all other allegations of said paragraph.

6. In response to Paragraph 10 of Plaintiff's Amended Complaint, Defendants AIGTS and AMERICAN HOME admit the allegations except the allegation that Defendant AIGTS is a surety, which is denied.

7. In response to Paragraph 24 of Plaintiff's Amended Complaint, Defendants AIGTS and AMERICAN HOME admit that a true and correct copy of Bond No. 20-80-88 is attached as Exhibit "B" to Plaintiff's Amended Complaint, but deny all other allegations of said paragraph.

8. In response to Paragraph 25 of Plaintiff's Amended Complaint, Defendants AIGTS and AMERICAN HOME admit that in October of 2001 Plaintiff contacted Defendant AMERICAN HOME to initiate the claims process and AMERICAN HOME referred Plaintiff to Defendant AIGTS, as the latter was and is claims processor for the surety AMERICAN HOME, but deny all other allegations of said paragraph.

9. In response to Paragraph 31 of Plaintiff's Amended Complaint, Defendant AIGTS and AMERICAN HOME admit that they are owned by the same company but deny all other allegations of said paragraph.

10. In response to the reallegations contained in Paragraph 40 of Plaintiff's Amended Complaint, Defendants AIGTS and AMERICAN HOME reallege and incorporate herein by this reference their previous responses to Paragraphs 1 – 39, as if more fully set forth herein.

11. In response to the reallegations contained in Paragraph 42 of Plaintiff's Amended Complaint, Defendants AIGTS and AMERICAN HOME reallege and incorporate herein by this reference their previous responses to Paragraphs 1 – 41, as if more fully set forth herein.

12. In response to the reallegations contained in Paragraph 44 of Plaintiff's Amended Complaint, Defendants AIGTS and AMERICAN HOME reallege and incorporate herein by this reference their previous responses to Paragraphs 1 – 43, as if more fully set forth herein.

13. Except as otherwise specifically admitted herein, Defendants deny, generally and specifically, each and every allegation not otherwise denied in Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

By way of avoidance and affirmative defense, **AIG TECHNICAL SERVICES, INC. ("AIGTS")** and **AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME")** (collectively "Defendants") assert the following:

1. Plaintiff RHINO BUILDERS, INC.'s ("RHINO BUILDERS") claims are barred by the statute of limitations.

2. Plaintiff RHINO BUILDERS is a joint venture partner with Defendant BIOGENESIS PACIFIC, INC. ("BIOGENESIS") and thus is not entitled to bring suit under the Miller Act.

3. Plaintiff RHINO BUILDERS fails to state a claim upon which relief can be granted.

4. Defendant AIGTS is not a surety nor a party to the bond contract and, as such, the Amended Complaint fails to state a claim against AIGTS.

5. The equipment supplied by Plaintiff RHINO BUILDERS is capital equipment and is therefore, not covered or protected by any bond.

6. If at all an oral contract existed, Plaintiff RHINO BUILDERS breached the contract with Defendant BIOGENESIS.

7. If an oral contract existed, the materials and services supplied (or lack thereof) were not in conformance with the purchase order of the United States.

8. There is no contract between Defendant BIOGENESIS and the Plaintiff RHINO BUILDERS because the alleged oral contract violates the statute of frauds.

5

9. Defendants AIGTS and AMERICAN HOME do not owe a fiduciary duty to Plaintiff RHINO BUILDERS.

10. If an oral contract existed, the obligations of the principal BIOGENESIS was altered, thus exonerating the surety AMERICAN HOME.

11. This Court lacks subject matter jurisdiction over the Plaintiff's bad faith and breach of implied warranty of authority claims.

12. The date of filing of the Amended Complaint herein does not relate back to the filing date of the original Complaint in this case.

13. Plaintiff RHINO BULDERS failed to mitigate its damages.

14. Defendants AIGTS and AMERICAN HOME reserve the right to assert future affirmative defenses as may appear and discovery proceeds.

### CROSS-CLAIM

COMES NOW, Cross-Claimant **AMERICAN HOME ASSURANCE COMPANY** (hereinafter "Cross-Claimant AMERICAN HOME"), through counsel, McKEOWN • VERNIER • PRICE • MAHER, by Louie J. Yanza, and as and for its Cross-Claim against Defendant **BIOGENESIS PACIFIC, INC.** (hereinafter "Cross-Claim Defendant BIOGENESIS"), hereby alleges as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C.A. §1332, because the matter in controversy exceeds the principal sum of Seventy Five Thousand Dollars ($75,000.00), and all parties are citizens of different states.

2. Cross-Claim Defendant BIOGENESIS is a corporation incorporated and conducting business in the State of Hawaii.

3. Cross-Claimant AMERICAN HOME is a New York corporation.

6

4. In connection with and in consideration for the issuance of Payment Bond No. 20-80-88, Cross-Claim Defendant BIOGENESIS, agreed to indemnify, hold harmless and defend Cross-Claimant AMERICAN HOME with respect to any and all claims, demands, causes of action and other matters asserted against Cross-Claimant AMERICAN HOME, in connection with the Payment Bond.

5. Cross-Claimant AMERICAN HOME has performed all precedent conditions and obligations on its part to be performed.

WHEREFORE, Defendants **AIGTS** and **AMERICAN HOME** pray for relief herein as follows:

1. That Plaintiff RHINO BUILDERS take nothing against Defendant AIGTS and Defendant/Cross-Claimant AMERICAN HOME by way of its Amended Complaint;

2. That Plaintiff's Amended Complaint be dismissed with prejudice;

3. That the claims asserted by Plaintiff in its Complaint be dismissed against Defendant AIGTS and Defendant/Cross-Claimant AMERICAN HOME;

4. That on Defendant/Cross-Claimant AMERICAN HOME's cross-claim, judgment in favor of Defendant/Cross-Claimant AMERICAN HOME and against Cross-Claim Defendant BIOGENESIS, in the amount of any judgment rendered in favor of Plaintiff RHINO BUILDERS on its Amended Complaint;

5. That on AMERICAN HOME's Cross-Claim, regardless of any judgment in favor of Plaintiff, for judgment against Cross-Claim Defendant BIOGENESIS for Cross-Claimant AMERICAN HOME's attorneys' fees and costs incurred herein; and

6. For such other further relief as the Court may deem just and proper.

Dated this 2nd day of October, 2002.

    **McKEOWN • VERNIER • PRICE • MAHER**
    Attorney for Defendants and Cross-Claimant
    **AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY OF PITTSBURGH, P.A.**

By: _____
    LOUIE J. YANZA

# CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before October 2, 2002, I caused to be sent by personal service or by facsimile a copy of the annexed **Defendants AIG Technical Services, Inc. and American Home Assurance Company's Answer to Plaintiff's Amended Complaint and Cross-Claim**, to the following parties at their place of business:

**Mr. Antonio L. Cortes**
Attorney At Law
233 Julale Center
424 West O'Brien Drive
Post Office Box BV
Hagåtña, Guam 96932-8973

**Ms. Janalynn M. Cruz**
CALVO & CLARK, LLP
Suite 202, First Savings & Loan Building
655 South Marine Drive
Tamuning, Guam 96911

Executed this 2nd day of October, 2002.

**McKEOWN • VERNIER • PRICE • MAHER**
Attorney for Defendants
**AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY OF PITTSBURGH, P.A.**

By: _____
LOUIE J. YANZA

\\Marielg\c\Gia\USA-Rhino v BIOGENESIS-AIG\Pleadings\Answer to Amended Complaint 091602.doc