Arthur B. Clark, Esq.
Janalynn M. Cruz, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96911
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for Defendant and
Counter-Plaintiff Biogenesis Pacific, Inc.

**FILED**
DISTRICT COURT OF GUAM
OCT 0 8 2002
MARY L. M. MORAN
CLERK OF COURT

68

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **AMENDED ANSWER AND COUNTERCLAIM** |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC INC., <br><br> Cross-Claim Defendant. | |

**ORIGINAL**

COMES NOW, Defendant Biogenesis Pacific, Inc. ("Biogenesis"), by and through its counsel Calvo and Clark, LLP, and answers the Amended Complaint as follows:

1. As to paragraph 1, 3, 9, 10, 15, 24, 29 of the Complaint, BioGenesis admits said allegations..

2. As to paragraphs 2, 5, 23, 25-27, 30-37 of the Complaint, Biogenesis having insufficient information or belief regarding said allegations denies said allegations.

3. As to paragraph 4, 6, 8, 11-14, 16-22, 38, 39, 41, 43, 45 of the Complaint, BioGenesis denies said allegations.

4. As to paragraph 7 of the Complaint, BioGenesis denies the allegations that the Navy was for a consideration of $4,926,657 for the period from May 15, 2000 to September 29, 2001. Biogenesis admits all other allegations contained in paragraph 7.

5. As to paragraph 28, BioGenesis admits that on or about January 9, 2002 Plaintiff sent AIG the Proof of Claim attached as Exhibit "E." BioGenesis having insufficient information or belief regarding the remaining allegations in paragraph 28, denies said allegations.

6. As to paragraph 40, BioGenesis realleges and incorporates by this reference its responses to paragraphs 1 through 39.

7. As to paragraph 42, BioGenesis realleges and incorporates by this reference its responses to paragraphs 1 through 41.

8. As to paragraph 44, BioGenesis realleges and incorporates by this reference its responses to paragraphs 1 through 43.

9. As to all other paragraphs and allegations not herein specifically admitted, BioGenesis herein generally and specifically denies said allegations.

## AFFIRMATIVE DEFENSES

Plaintiff's claim against Defendants is barred by the following affirmative defenses: debt not due; statute of limitations; unclean hands; lack of privity of contract; laches; set-off; bad faith; fraud and misrepresentation; estoppel; failure to mitigate.

WHEREFORE, Defendant Biogenesis Pacific, Inc. prays that Plaintiff takes nothing by its Complaint.

# COUNTERCLAIM OF BIOGENESIS PACIFIC INC. AGAINST RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10 (Collectively "Counter-Defendants")

COMES NOW Defendant and Counter-Plaintiff Biogenesis Pacific, Inc. ("BioGenesis"), by and through its attorney of record Calvo and Clark, LLP, and for its counterclaim herein alleges as follow:

1. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

2. To the best of BioGenesis's knowledge, Plaintiff and Counter-Defendant Rhino Builders, Inc. ("Rhino") is and at all times relevant herein was a Hawaii corporation licensed and authorized to transact business in Guam.

3. To the best of BioGenesis's knowledge, Counter-Defendant Michael O'Connell is, and at all times relevant herein was, a resident of Hawaii.

4. To the best of BioGenesis's knowledge, Counter-Defendant Michael Danforth is, and at all times relevant herein was, a resident of Hawaii.

5. To the best of BioGenesis's knowledge, Counter-Defendants Does are individuals or entities who acted in concert with Counter-Defendants to cause and bring harm and damages to BioGenesis. The exact identities of Counter-Defendants Does are unknown at this time but will be incorporated into the Counterclaim in the future as their identities are made known.

6. BioGenesis is, and at all times relevant herein was, a Hawaii corporation. BioGenesis became licensed and was authorized to transact business in Guam on or around January 2001.

7. On or about September 29, 1999, BioGenesis was awarded Navy Contract No. N62766-99-D-0425 (the "Contract") by the United States of America through the Department of the Navy (the "Navy"). Pursuant to the Contract, BioGenesis was to furnish materials and perform the labor for the installation and repair of U.S. Navy housing roofing in various locations on Guam. The Contract was for a term of one base year plus four option years. A copy of the letter from the Navy to BioGenesis informing BioGenesis that it was selected is attached as Exhibit "A" and incorporated herein by reference.

8.    Counter-Defendant Michael Danforth ("Mr. Danforth") and George Allen were directly and significantly involved in the preparation and submittal of BioGenesis's bid for the Contract. Mr. Danforth and Mr. Allen had access to BioGenesis's internal financial data and company data.

9.    On or about September 29, 1999, Rhino was informed by the Navy's Contracting Officer that BioGenesis was selected to receive the Contract award. A copy of the letter from the Navy to Rhino informing Rhino that BioGenesis was selected is attached as Exhibit B and incorporated herein by reference.

10.    Around or before May 2000, Counter-Defendant Michael O'Connell, chief executive officer of Rhino ("Mr. O'Connell"), approached BioGenesis, and attempted to solicit work under the Contract. Mr. O'Connell represented that Rhino had bonding, surety, project insurance, project plans, trained and licensed personnel, specific work plans, building materials, and financing already available and in place.

11.    BioGenesis informed Mr. O'Connell that BioGenesis would consider sub-contracting work to Rhino upon Rhino satisfying certain conditions precedent, namely, submittal and approval by BioGenesis of the proper certificates of insurance, project payment and performance bonding, project safety, accident and quality control plans, financial assurances, a detailed work plan for each proposed delivery order and specific pricing breakdown and total. BioGenesis further informed Mr. O'Connell that if Rhino was subcontracted, Rhino would have to provide and finance all of its project costs and materials and BioGenesis would not have to pay Rhino unless Rhino completed the work, the Navy quality assurance officer and contract officer signed off on the work, and BioGenesis was paid.

12.    As part of the Contract, BioGenesis was required to advise the Navy of who it would authorize on Guam to act on its behalf to execute delivery orders. Mr. O'Connell informed BioGenesis that Rhino's Guam operations manager Mr. Richard Avilla ("Mr. Avilla") would be available as an individual for hire by BioGenesis for this purpose.

13.    In anticipation of mobilizing at some time in the future on Guam, BioGenesis submitted Mr. Avilla's name to the Navy as BioGenesis's authorized manager. However, because BioGenesis had no specific timetable to mobilize on Guam or to formulate delivery orders under the

Contract, Mr. Avilla was not immediately hired by BioGenesis and therefore was never given authority to bind BioGenesis. At the time Mr. Avilla remained an employee of Rhino.

14. On or around May 2000, BioGenesis allowed Rhino to enter the project site at its own risk and cost for the limited purpose of investigating potential delivery orders under the Contract in order to provide specific proposals to BioGenesis.

15. From May through September 2000, unbeknownst to BioGenesis, without prior authorization from BioGenesis and without satisfying the above-said conditions precedent, Rhino and Mr. O'Connell caused Mr. Avilla to accept eighteen (18) delivery orders under the Contract from the Navy on behalf of BioGenesis by telling Mr. Avilla that Rhino had subcontracted with BioGenesis and authorized the delivery orders.

16. At the time Rhino accepted the delivery orders and started work on said delivery orders BioGenesis had not yet mobilized any workforce for the Contract and thus did not have any employees on Guam. Thus, BioGenesis was not informed by the Navy that Rhino had caused delivery orders to be accepted or that Rhino had commenced work on said delivery orders.

17. Rhino and Mr. O'Connell never informed BioGenesis that Rhino had caused said delivery orders to be accepted from the Navy under the Contract or that Rhino had commenced work on said delivery orders.

18. On or about August or September 2000, Mr. O'Connell requested of Mr. Avilla that Mr. Avilla fail to show up at scheduled meetings with the Navy related to the delivery orders and to stop all work on the above-said delivery orders in order to cause BioGenesis to breach the Contract, to suffer liquidated damages because of delays in performance of delivery orders accepted under the Contract, and to interfere with BioGenesis's rights under the Contract so that BioGenesis would fail under the Contract and Rhino would be awarded the Contract.

19. On or about August or September 2000, Mr. O'Connell told Mr. Alfred Garthe ("Mr. Garthe"), an employee of Rhino, to stop all work on the above-said delivery orders in order to cause BioGenesis to breach the Contract, to suffer liquidated damages because of delays in performance of delivery orders accepted under the Contract, and to interfere with BioGenesis's rights under the Contract so that BioGenesis would fail under the Contract and Rhino would be awarded the Contract.

20. On or about September or October 2000, Mr. Danforth, Rhino's representative, contacted BioGenesis and advised it that Rhino had caused delivery orders to be accepted from the Navy and that Rhino had allowed its workers to commence work on said delivery orders.

21. Rhino and Mr. Danforth, informed BioGenesis that because BioGenesis did not have a subcontract with Rhino, Rhino would have Rhino's workers cease work on the accepted delivery orders causing BioGenesis to suffer liquidated damages under the Contract unless BioGenesis executed a written exclusive five year subcontract with Rhino.

22. After BioGenesis refused to execute the subcontract, Rhino caused its workers to cease working on the delivery orders in order to further bring about BioGenesis's breach of the Contract and the Navy's termination of the Contract.

23. Rhino and Mr. Danforth, informed BioGenesis that liens would be placed on the project unless BioGenesis paid Rhino $25,000. BioGenesis paid Rhino $25,000 for the materials and supplies Rhino allegedly purchased for the project and requested a full accounting of all supplies ordered for the project. Rhino and Mr. Danforth never provided BioGenesis with such an accounting.

24. Of the eighteen (18) delivery orders accepted by Rhino, Rhino completed only three, namely Delivery Order #1 in the amount of $12,129.10, Delivery Order #2 in the amount of $26,445.10, and Delivery Order #7 in the amount of $5,280. Delivery Order ##1, 2 and 7 are attached as Exhibit "C," "D" and "E," respectively and incorporated herein by reference.

25. The remaining fifteen (15) delivery orders were completed by BioGenesis.

**First Cause of Action**

**Tortious Interference with Contract**

26. BioGenesis realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. As a result of Counter-Defendants' acts, BioGenesis suffered liquidated damages under the Contract in the amount of $3,820.00.

28. In doing all the things alleged above, Counter-Defendant acted maliciously and willfully and for the purpose of causing BioGenesis to breach the Contract in order for Rhino to take

over the Contract, and BioGenesis is, therefore, entitled to exemplary or punitive damages in an additional sum to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, BioGenesis respectfully requests judgment against all Counter-Defendants as follows:

1. Damages for tortious interference of contract in the amount of $3,820.00;
2. Exemplary or punitive damages in an amount to be determined by the trier of fact;
3. Reasonable attorneys' fees and costs;
4. Such other and further relief as the Court deems just and proper.

Dated this 8th day of October, 2002.

CALVO AND CLARK, LLP
Attorneys At Law
Attorneys for Defendant Biogenesis Pacific, Inc.

By: /s/ Janalynn M. Cruz
JANALYNN M. CRUZ

## [CERTIFICATE OF SERVICE]

I, JANALYNN M. CRUZ, hereby certify that on the 8th day of October, 2002, I caused copies of Defendant and Counter-Plaintiff Biogenesis Pacific, Inc.'s Amended Answer and Counter-Claim to be served on the offices of (1) Antonio L. Cortes, Attorney for Plaintiff Rhino Builders, Inc., at 233 Julale Center – 424 West O'Brien Drive, Hagåtña, Guam 96910 and (2) McKeown Vernier Price & Maher, Attorneys for Defendant AIG Technical Services, Inc. and American Home Assurance Company, at 115 Hesler Place, Ground Floor, Governor Joseph Flores Building, Hagåtña, Guam 96910 in the above captioned matter.

Dated this 8th day of October, 2002.

CALVO AND CLARK, LLP
Attorneys At Law
Attorneys for Defendant Biogenesis Pacific, Inc.

By: /s/ JANALYNN M. CRUZ



**DEPARTMENT OF THE NAVY**
U.S. NAVY PUBLIC WORKS CENTER
PSC 455, BOX 195
FPO AP 96540-2937
OFFICER IN CHARGE OF CONSTRUCTION
PSC 455, BOX 175
FPO AP 96540-2200

IN REPLY REFER TO:
Code 42CK/JT

2 9 SEP 1999

BioGenesis Pacific, Inc.
Attn: Mr. Gerald N.Y.C. Lam
Corporate & Programs Control
1604 Ulualana Place
Kailua, Hawaii 96734

N62766-99-D-0425, INDEFINITE DELIVERY / INDEFINITE QUANTITY CONTRACT FOR ROOFING SYSTEM INSTALLATION AND REPAIR, GUAM; SBA # 0951-99-902195

Congratulations! Your firm is hereby given notice of award of this contract for the Minimum Guaranteed amount of $100,000.00 and a Base Year Not-to-Exceed total of $2,983,439.00 in accordance with Line Items 0001 through 0024AH of NAVFAC Specification 41-99-0425. The duplicate original of the awarded contract is forwarded with this letter as enclosure (1). The date of award is shown in Block 31C of the award Document.

Within 10 days of receipt of this notice, submit to the Officer in Charge of Construction, Marianas, originals of the Performance and Payment Bonds and Certificate of Insurance. Enclosures (2) and (3) are the bond forms for your use. The date of award shown in Block 31C of the Award Document must be indicated on your submitted bonds.

Please contact Mr. Joe Camacho at (671) 339-7400 as soon as possible to arrange a pre-construction meeting. The purpose of this meeting is to review various regulations and contract administrative procedures. You may not proceed with the work until the Contracting Officer has issued a Notice to Proceed upon receipt and approval of Performance and Payment Bonds and Certificate of Insurance.

Please acknowledge receipt below and return to the Officer in Charge of Construction, immediately.

JAMES B. POWERS
Contracting Officer

The above Notice of Award received this

1 Day of October 1999

By: _(Signature)_

GERALD LAM  President
(Type or Print Name & Official Title)

Enclosures:
(1) Award Document (SF 1442) with schedule
(2) Standard Form 25 (Rev 1-90) (2 cys)
(3) Standard Form 25A (Rev 1-90) (2 cys)

Duplicate Original and all enclosures will follow in the mail.

Jean Tarlton
(671) 339-7077

5-pages Total

"SAFETY FIRST"



**DEPARTMENT OF THE NAVY**
U.S. NAVY PUBLIC WORKS CENTER
PSC 455, BOX 195
FPO AP 96540-2937
OFFICER IN CHARGE OF CONSTRUCTION
PSC 455, BOX 175
FPO AP 96540-2505

IN REPLY REFER TO:

42CK

29 SEP 1999

Rhino Roofing and Repairs, Inc., dba         Phone: (808) 668-8878
RHINO BUILDERS                               Fax: (808) 668-7024
Attn: Michael N. O'Connell, President
790 N. Marine Drive -- Box 959
Tumon, Guam 96911

SUBJ: SOLICITATION N62766-99-R-0425, INDEFINITE DELIVERY INDEFINITE QUANTITY CONTRACT FOR ROOFING SYSTEMS INSTALLATION AND REPAIR, GUAM

Thank you for submitting a proposal in response to our Request for Proposal (RFP) for the above Solicitation. We appreciate the time and effort of your company in preparing an offer for this project.

The Government selected the firm BIOGENESIS PACIFIC INC., PROGRAMS & CONTROL DIVISION, 1604 Ulualana Place, Kailua, Hawaii, to receive the contract award. The successful offer, considering base year and four option years, was $14,991,963.50. The Government Estimate was $20,167,114.00.

Your technical proposal was rated *Highly Acceptable*; however, your proposal did not represent the best value to the Government.

We wish you success in your future endeavors, and we hope you will continue to submit bids and proposals on our projects that are in the area of your expertise. Should you desire a debriefing, please notify this office in writing within three (3) days of receiving this letter. You may fax a written request to Julia Taitano at (671) 339-4248 / 7023.

JAMES B. POWERS
Contracting Officer

"SAFETY FIRST"

# ORDER FOR SUPPLIES OR SERVICES
(Contractor must submit four copies of invoice.)

Form Approved OMB No. 0701-0152 Expires Aug 31, 1992

PAGE 1 OF 1

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in Item 6.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0425 | 0001 | 5/15/00 | | DO |

| 6. ISSUED BY | CODE C2766 | 7. ADMINISTERED BY (If other than 6) | CODE | 8. DELIVERY FOB |
|---|---|---|---|---|
| Officer in Charge of Construction<br>NAVFACENGCOM Contracts, Marianas<br>PSC 455, Box 175<br>FPO AP 96540-2200 | | | | X DEST.<br>☐ OTHER<br>(See Schedule if other) |

| 9. CONTRACTOR | CODE | FACILITY CODE | 10. DELIVER TO FOB POINT (Date) | 11. MARK IF BUSINESS IS |
|---|---|---|---|---|
| NAME AND ADDRESS: BioGenesis Pacific, Inc.<br>Corporate & Programs Control<br>1604 Ulualana Place<br>Kailua, HI 96734<br>(TEL: 637-9426 Richard Avilla)<br>8(a) Contractor | | | 15 JUN 2000 | ☐ SMALL<br>☐ SMALL DISADVANTA<br>☐ WOMEN-OWNED |
| | | | 12. DISCOUNT TERMS<br>NET 30 | |
| | | | 13. MAIL INVOICES TO<br>SEE BLOCK 6 | |

| 14. SHIP TO | CODE | 15. PAYMENT WILL MADE BY | CODE | MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER |
|---|---|---|---|---|
| | | Defense Finance & Accounting Service<br>Operating Location Oakland, Code FPV<br>P. O. Box 23870<br>Oakland, CA 94623-3870 | | |

| 16. TYPE OF ORDER | DELIVERY X | This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. |
|---|---|---|
| | PURCHASE | Reference your _____ furnish the following on terms specified herein.<br>ACCEPTANCE. THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME. |

| BioGenesis | Richard Avilla | Richard Avilla | Operation Manager | 5/16 |
|---|---|---|---|---|
| NAME OF CONTRACTOR | SIGNATURE | TYPED NAME AND TITLE | | DATE SIGNED |

☐ If this box is marked, supplier must sign Acceptance and return the following number of copies.

### ACCOUNTING AND APPROPRIATION DATA

| 17. ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTH'N ACCT'G ACTY | TRANS TYPE | PROPERTY ACCT ACTY | COUNTRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804.70FA | 250 | 61755 | 0 | 045924 | 2D | COM109 | | 61755046M71Q | $12,129.10 |

| 18. ITEM | 19. SCHEDULE OF SUPPLIES/SERVICE | 20. QUANTITY ORDERED/ACCEPTED | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| | W/R 31973, COMNAVMAR | | | | |
| 0001 | Roof Repairs at BQ1 through BQ20, COMNAVMAR, Guam | | | | |
| 0002AD | Reseal Construction Joints | 4,080 | LF | $ 0.98 | $ 3,998.40 |
| 0002AE | Replace Expansion Joint Assembly, To 2" Space, Stainless Steel | 140 | LF | $ 13.26 | $ 1,856.40 |
| 0015AA | Miscellaneous Items: Waterblast Roof Surface in Accordance with Section 07672 | 4,080 | SF | $ 0.15 | $ 612.00 |
| 0017AA | Seal Joints and Penetrations 6" Wide | 4,080 | LF | $ 0.56 | $ 2,284.80 |
| 0021AA | Re-secure Metal Flashing (Spot Repair) | 850 | SF | $ 3.69 | $ 3,136.50 |
| 0022AA | Trim/Dispose Tree Branches Obstructing Roofing Operation | 100 | LF | $ 2.41 | $ 241.00 |

*If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle.

| 24. UNITED STATES OF AMERICA | 25. TOTAL |
|---|---|
| L A Guzman<br>BY: L. A. GUZMAN<br>Contracting Officer, Tel: 339-5120<br>guzmana@pwcguam.navy.mil | $ 12,129.10 |
| | 29. DIFFERENCES |

| 26. QUANTITY IN COLUMN 20 HAS BEEN<br>☐ INSPECTED ☐ RECEIVED ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED | 27. SHIP NO.<br>☐ PARTIAL<br>☐ FINAL | 28. D. O. VOUCHER NO. | 30. INITIALS |
|---|---|---|---|
| | | 32. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |
| _____ _____<br>DATE  SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 31. PAYMENT<br>☐ COMPLETE<br>☐ PARTIAL<br>☐ FINAL | | 34. CHECK NUMBER |
| 36. I certify this account is correct and proper for payment. | | | 35. BILL OF LADING NO. |
| _____ _____<br>DATE  SIGNATURE AND TITLE OF CERTIFYING OFFICER | | | |

| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |
|---|---|---|---|---|---|

DD Form 1155 (8PT), MAY 90  Previous editions are obsolete  S/N 0102-LF-011-4?

# ORDER FOR SUPPLIES OR SERVICES
*(Contractor must submit four copies of invoice.)*

Form Approved OMB No. 0701-0187 Expires Aug 31, 1992

PAGE 1 OF 3

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in Item 6.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0425 | 0002 | 29JUNE2000 | W/R 31036 | |

| 6. ISSUED BY | CODE C2766 | 7. ADMINISTERED BY (If other than 6) | CODE | 8. DELIVERY FOB |
|---|---|---|---|---|
| Officer in Charge of Construction<br>NAVFACENGCOM Contracts, Marianas<br>PSC 455, Box 175<br>FPO AP 96540-2200 | | | | [ ] DEST<br>[ ] OTHER<br>*(See Schedule if other)* |

| 9. CONTRACTOR | CODE | FACILITY CODE | 10. DELIVER TO FOB POINT (Date) | 11. MARK IF BUSINESS IS |
|---|---|---|---|---|
| NAME AND ADDRESS | BioGenesis Pacific, Inc.<br>Corporate & Programs Control<br>1604 Ulualana Place<br>Kailua, HI 96734<br>(TEL: 637-9426 Richard Avilla) | | 03 AUGUST 2000 | [ ] SMALL<br>[ ] SMALL DISADVANTA<br>[ ] WOMEN-OWNED |
| | | | 12. DISCOUNT TERMS | |
| | | | 13. MAIL INVOICES TO<br>SEE BLOCK 6 | |

| 14. SHIP TO | CODE | 15. PAYMENT WILL MADE BY | CODE | MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER |
|---|---|---|---|---|
| | | Defense Finance & Accounting Service<br>Operating Location Oakland, Code FPV<br>P. O. Box 23870<br>Oakland, CA 94623-3870 | | |

| 16. TYPE OF ORDER | DELIVERY [X] | This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. |
|---|---|---|
| | PURCHASE | Reference your _____ furnish the following on terms specified herein.<br>ACCEPTANCE THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME. |

BioGenesis / *Richard Avilla* (signature) / Operations Manager / 6-30-00

NAME OF CONTRACTOR — SIGNATURE — TYPED NAME AND TITLE — DATE SIGNED

[ ] If this box is marked, supplier must sign Acceptance and return the following number of copies.

## ACCOUNTING AND APPROPRIATION DATA

| ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTH'N ACCT'G ACT'Y | TRANS TYPE | PROPERTY ACCT ACT'Y | COUN-TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804.70FA | 250 | 61755 | 0 | 045924 | 2D | C0M118 | | 61755046M59Q | $26,445.10 |

| 18. ITEM | 19. SCHEDULE OF SUPPLIES/SERVICE | 20. QUANTITY ORDERED/ACCEPTED* | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| 0001 | Roof Repairs to Bldg. 4433, Racquetball Court at Polaris Pt., COMNAVMAR, Guam | | | | |
| 0002AC | Repair Concrete Roof Deck Surface Per Section 03930 and 07920: Grout Depressed Areas | 790 | SF | $6.99 | $5,522.10 |
| 0005AC | Install Roof Insulation in Accordance with Section 08220: Tapered Insulation 1/16, 1/8, 1/4 Per Ft. | 6,300 | BF | $1.89 | $11,907.00 |
| 0013AA | Install Roofing System Accessories: Treated Wood Cants, Nailers and Fasteners for Line Item 0006 Through 0012 Above | 400 | LF | $2.74 | $1,096.00 |
| 0015AA | Miscellaneous Items: Water blast Roof Surface in Accordance with Section 07572 | 2,200 | SF | $0.15 | $ 330.00 |
| 0017AC | Fluid Applied Roofing Membrane in Accordance with Section 07540: 60 Mils Thick Roof Membrane | 2,200 | SF | $3.45 | $7,590.00 |
| | Attached is Statement of Work dated 30 May 2000 | | | | |

*If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle.

| 24. UNITED STATES OF AMERICA | 25. TOTAL |
|---|---|
| BY: *signature* BRIAN M. GILLIGAN (671) 339-2365<br>Contracting Officer  gilliganb@cpwcguam.navy.mil | $26,445.10 |
| | 29. DIFFERENCES |

| 26. QUANTITY IN COLUMN 20 HAS BEEN [ ] INSPECTED [ ] RECEIVED [ ] ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED | 27. SHIP NO.<br>[ ] PARTIAL<br>[ ] FINAL | 28. D. O. VOUCHER NO. | 30. INITIALS |
|---|---|---|---|
| | 31. PAYMENT<br>[ ] COMPLETE<br>[ ] PARTIAL<br>[ ] FINAL | 32. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |
| DATE _____ SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE | | | 34. CHECK NUMBER |
| 36. I certify this account is correct and proper for payment. | | | 35. BILL OF LADING NO. |
| DATE _____ SIGNATURE AND TITLE OF CERTIFYING OFFICER | | | |
| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |

DD Form 1155 (8PT), JUNE 90 Previous Editions Usable   S/N 0102-LF-011-4700

# ORDER FOR SUPPLIES OR SERVICES
*(Contractor must submit four copies of invoice.)*

Form Approved OMB No. 0701-0187 Expires Aug 31, 1992

PAGE 1 OF 1

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in item 6.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0425 | 0007 | 21 AUG 2000 | W/R 31029 | |

**6. ISSUED BY** CODE C2766

Officer in Charge of Construction
NAVFACENGCOM Contracts, Marianas
PSC 455, Box 175
FPO AP 96540-2200

**7. ADMINISTERED BY (If other than 6)** CODE

**8. DELIVERY FOB**: [X] DEST  [ ] OTHER *(See Schedule if other)*

**9. CONTRACTOR** CODE    FACILITY CODE

NAME AND ADDRESS:
BioGenesis Pacific, Inc.
Corporate & Programs Control
1604 Ulualana Place
Kailua, HI 96734
(Tel: 632-7653 Richard Avilla)
Email: rhinogum@ite.net

**10. DELIVER TO FOB POINT (Date)**: 20 SEP 2000

**11. MARK IF BUSINESS IS**: SMALL / SMALL DISADVANTA / WOMEN-OWNED

**12. DISCOUNT TERMS**:

**13. MAIL INVOICES TO**: SEE BLOCK 6

**14. SHIP TO** CODE

**15. PAYMENT WILL MADE BY** CODE
Defense Finance & Accounting Service
Operating Location Oakland, Code FPV
P. O. Box 23870
Oakland, CA 94623-3870

MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER

**16. TYPE OF ORDER**: [X] DELIVERY — This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract.

[ ] PURCHASE — Reference your _____ furnish the following on terms specified herein. ACCEPTANCE. THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME.

| NAME OF CONTRACTOR | SIGNATURE | TYPED NAME AND TITLE | DATE SIGNED |
|---|---|---|---|
| BioGenesis Pacific, Inc. | *Richard Avilla* | Richard Avilla, Operations Manager | 5-25-00 |

If this box is marked, supplier must sign Acceptance and return the following number of copies.

### ACCOUNTING AND APPROPRIATION DATA

| 17. ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTH'N ACCT'G ACT'Y | TRANS TYPE | PROPERTY ACCT ACT'Y | COUN-TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804 70FA | 250 | 61755 | 0 | 045924 | 2D | COM129 | | 61755046M11Q | $5,280.00 |

| 18. ITEM | 19. SCHEDULE OF SUPPLIES/SERVICE | 20. QUANTITY ORDERED/ACCEPTED* | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| 0001 | Roof repair at Bldg. 631, DRMO southeast corner of office spaces | | | | |
| 0001AA | Demolish and dispose roofing system per Sections 02220, 13281, and 13282: Single or multi-ply membrane without insulation. | 500 | SF | $.51 | $255.00 |
| 0002AC | Repair concrete roof deck surface per Section 03930 and 07920: Grout depressed areas | 500 | SF | $6.99 | $3,495.00 |
| 0015AA | Miscellaneous items: Waterblast roof surface in accordance with Section 07572 | 500 | SF | $.15 | $75.00 |
| 0017AB | Fluid applied roofing membrane in accordance with Section 07540: 45 mils thick roof membrane | 500 | SF | $2.91 | $1,455.00 |

*If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle.

**24. UNITED STATES OF AMERICA**
BY: *Johanna M. Mendiola* — JOHANNA G. MENDIOLA, Contracting Officer
TEL: (671) 339-8098   mendiolj@pwcguam.navy.mil

**25. TOTAL**: $5,280.00

**29. DIFFERENCES**:

| 26. QUANTITY IN COLUMN 20 HAS BEEN | 27. SHIP NO. | 28. D. O. VOUCHER NO. | 30. INITIALS |
|---|---|---|---|
| [ ] INSPECTED [ ] RECEIVED [ ] ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED | [ ] PARTIAL [ ] FINAL | 32. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |
| DATE   SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 31. PAYMENT [ ] COMPLETE [ ] PARTIAL [ ] FINAL | | 34. CHECK NUMBER |
| 36. I certify this account is correct and proper for payment. | | | 35. BILL OF LADING NO. |
| DATE   SIGNATURE AND TITLE OF CERTIFYING OFFICER | | | |
| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |

DD Form 1155 (8PT), MAY 90    Previous editions are obsolete    S/N 0102-LF-011-4700

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY, )<br>)<br>Defendants. )<br>_____ )<br>BIOGENESIS PACIFIC INC., )<br>)<br>Counter-Plaintiff, )<br>vs. )<br>)<br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, )<br>)<br>Counter-Defendants. )<br>_____ )<br>AMERICAN HOME ASSURANCE COMPANY, )<br>)<br>Cross-Claimant, )<br>vs. )<br>)<br>BIOGENESIS PACIFIC INC., )<br>)<br>Cross-Claim Defendant. ) | CIVIL CASE NO. 02-00008<br><br>**COUNTERCLAIM SUMMONS**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>ACKNOWLEDGED RECEIPT<br>By: _____<br>Date: 10/08/02 |

To:  MICHAEL DANFORTH
     411 Hobron Lane, #2807
     Honolulu, Hawaii 96815

1

YOU ARE HEREBY SUMMONED and required to serve upon DEFENDANT AND COUNTER-PLAINTIFF'S ATTORNEY,

>Arthur B. Clark, Esq.
>Janalynn M. Cruz, Esq.
>Calvo and Clark, LLP
>655 South Marine Drive, Suite 202
>Tamuning, Guam 96913

an answer to the counterclaim which is herewith served upon you, within twenty (20) days after service of this counterclaim summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the counterclaim. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Mary L. M. Moran**
_____
CLERK

OCT 0 8 2002
_____
DATE

/s/ Renee M. Martinez
_____
(BY) DEPUTY CLERK

2

# RETURN OF SERVICE

SERVICE of the Summons and Corn plaint was made by:

NAME OF SERVER (PRINT): _____

TITLE: _____

DATE: _____

*Check one below to indicate appropriate method of service*

_____ Served personally upon the defendant. Place where served:

_____ Left copies thereof at the defendants dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:_____

_____

_____ Returned unexecuted:

_____ Other (specify):_____

_____

_____

## STATEMENT OF SERVICE FEES

TRAVEL _____ SERVICES _____ TOTAL _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on: _____   _____
                                      Signature of Server

                                      _____
                                      Address of Server

3

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br><br> **COUNTERCLAIM SUMMONS** |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC INC., <br><br> Cross-Claim Defendant. | |

ACKNOWLEDGED RECEIPT
By: [signature]
Date: 10/08/02

To: MICHAEL O'CONNELL
87-1610 Ulehawa Road
Waianae, Hawaii 96792

1

YOU ARE HEREBY SUMMONED and required to serve upon DEFENDANT AND COUNTER-PLAINTIFF'S ATTORNEY,

>Arthur B. Clark, Esq.
>Janalynn M. Cruz, Esq.
>Calvo and Clark, LLP
>655 South Marine Drive, Suite 202
>Tamuning, Guam 96913

an answer to the counterclaim which is herewith served upon you, within twenty (20) days after service of this counterclaim summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the counterclaim. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

| Mary L. M. Moran | OCT 0 8 2002 |
|---|---|
| CLERK | DATE |

/s/ Renee M. Martinez
(BY) DEPUTY CLERK

2

# RETURN OF SERVICE

SERVICE of the Summons and Com plaint was made by:

NAME OF SERVER (PRINT): _____

TITLE: _____

DATE: _____

*Check one below to indicate appropriate method of service*

_____ Served personally upon the defendant. Place where served:

_____ Left copies thereof at the defendants dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

_____

_____ Returned unexecuted:

_____ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

TRAVEL _____ SERVICES _____ TOTAL _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on: _____    _____
                                Signature of Server

                                _____
                                Address of Server