ANTONIO L. CORTÉS
THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Plaintiff Rhino Builders, Inc.



FILED
DISTRICT COURT OF GUAM
OCT 22 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br>Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO.,<br><br>Defendants. | CIVIL CASE NO.02-00008<br><br>**REPLY TO AMENDED COUNTERCLAIM** |
| BIOGENESIS PACIFIC, INC.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10,<br><br>Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO.,<br><br>Cross-Claimant,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC.,<br><br>Cross-Claim Defendant. | |

Plaintiff Rhino Builders, Inc. replies to Defendant Biogenesis Pacific, Inc.'s amended counterclaim in this matter by alleging as follows:

1. Plaintiff admits the allegations in paragraphs 1, 2, 3, 4, 6, 7 and 9 of the amended counterclaim.

2. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5, 8, 20, 24 and 25 of the amended counterclaim and therefore denies them. Plaintiff affirmatively alleges that the reason for its lack of knowledge and information with respect to the allegations in paragraphs 24 and 25 of the amended counterclaim is that the evidence of Rhino's completion of the delivery orders is within the exclusive possession, custody and control of Alfred Garthe III, Rhino's minority shareholder and former vice-president, who began working for Biogenesis during the project and initially concealed his relationship with Biogenesis from Rhino, and that to the extent that Rhino did not complete the delivery orders, this was because Biogenesis' failure to pay Rhino in breach of their contract prevented Rhino from paying its employees.

3. In response to the allegations in paragraph 10 of the amended counterclaim, plaintiff admits that Mr. O'Connell represented that Rhino had bonding and trained and licensed personnel, but denies all of the other allegations in that paragraph.

4. Plaintiff denies the allegations in paragraphs 11, 18, 19, 22, 27 and 28 of the amended counterclaim.

2

5. In response to the allegations in paragraph 12 of the amended counterclaim, plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of that paragraph and therefore denies them; plaintiff admits the allegations in the second sentence in that paragraph.

6. In response to the allegations in paragraph 13 of the amended counterclaim, plaintiff admits the allegations in the first and third sentences in that paragraph, and denies the allegations in the second sentence in that paragraph.

7. In response to the allegations in paragraph 14 of the amended counterclaim, plaintiff admits that Biogenesis allowed Rhino to enter the project site on or around May 2000, but denies that this was at its own risk and cost, for the limited purpose of investigating potential delivery orders under the Contract in order to provide specific proposals to Biogenesis, and otherwise denies the allegations in that paragraph.

8. Plaintiff denies the allegations in paragraph 15 of the amended counterclaim and affirmatively alleges that Rhino accepted eighteen delivery orders from Biogenesis under its contract with Biogenesis.

9. In response to the allegations in paragraph 16 of the amended counterclaim, plaintiff admits the allegations in the first sentence in that paragraph; in response to the allegations in the second sentence in that paragraph, plaintiff denies that Biogenesis was not informed that Rhino had caused delivery orders to be accepted and that Rhino had commenced work on said delivery orders, but is without knowledge or information sufficient to form a belief as to the truth of the allegation

that Biogenesis was not so informed by the Navy and therefore denies this allegation, and otherwise denies the allegations in that paragraph.

10. In response to the allegations in paragraph 17 of the amended counterclaim, plaintiff affirmatively alleges that Rhino did not cause delivery orders to be accepted from the Navy under the Contract between Biogenesis and the Navy and therefore admits that Rhino and Mr. O'Connell never informed Biogenesis that Rhino had caused said delivery orders to be accepted from the Navy under the Contract, but plaintiff denies that Rhino and Mr. O'Connell never informed Biogenesis that Rhino has accepted delivery orders from Biogenesis and that they never informed Biogenesis that Rhino had commenced work on said delivery orders, and otherwise denies the allegations in that paragraph.

11. In response to the allegations in paragraph 21 of the amended counterclaim, plaintiff denies that Rhino did the things alleged in that paragraph and is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Danforth did the things alleged in that paragraph and therefore denies this allegation, and otherwise denies the allegations in that paragraph, and plaintiff affirmatively alleges that to the extent that Rhino had its workers cease work, this was because Biogenesis' failure to pay Rhino in breach of their contract prevented Rhino from paying its employees.

12. In response to the allegations in paragraph 23 of the amended counterclaim, plaintiff denies that Rhino did the things alleged in the first sentence in that paragraph and is without knowledge or information sufficient to form a belief as

to the truth of the allegation that Mr. Danforth did the things alleged in the first sentence in that paragraph and therefore denies this allegation; admits that Biogenesis paid Rhino $25,000 for the materials and supplies Rhino purchased for the project; denies that Biogenesis requested a full accounting of all supplies ordered for the project; denies that Rhino and Mr. Danforth never provided Biogenesis with such an accounting; and otherwise denies the allegations in that paragraph.

13. In response to the allegations in paragraph 26 of the amended counterclaim, plaintiff realleges paragraphs 1 through 12 herein.

## AFFIRMATIVE DEFENSES

14. The amended counterclaim fails to state a claim upon which relief can be granted.

15. Defendant's amended counterclaim is barred by the doctrines of estoppel and waiver.

WHEREFORE, plaintiff prays that the court dismiss Biogenesis' amended counterclaim and that defendant take nothing therefrom, and that the court award plaintiff its costs and all other relief to which it is entitled.

DATED this 22 day of October 2002.

LAW OFFICE OF ANTONIO L. CORTÉS
Attorneys for Plaintiff Rhino Builders, Inc.

By: _____
THEODORE S. CHRISTOPHER