FREDERICK J. KERLEY
ATTORNEY AT LAW
Reflection Center, Suite 202
222 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-7008
Facsimile: (671) 477-7009

Attorney for Michael O'Connell

FILED
DISTRICT COURT OF GUAM
NOV 19 2002
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br><br><br><br> **MEMORANDUM IN SUPPORT OF MICHAEL O'CONNELL'S MOTION TO SET ASIDE DEFAULT** |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC INC., <br><br> Cross-Claim Defendant. | |

## INTRODUCTION

"Counter-Defendant" Michael Nawaiki O'Connell has moved this Court to set aside the default entered against him in this action by Defendant and Counterclaimant Biogenesis Pacific, Inc. ("Biogenesis"). Mr. O'Connell's failure to respond to the summons was due to an oversight and not motivated by any improper purpose. He has a meritorious defense to the allegations made against him in the Counterclaim. As shown by the circumstances set out in the accompanying affidavit of Michael Nawaiki O'Connell, good cause exists for setting aside the default.

In addition, the service of process in this case was insufficient. A Counterclaim Summons and an Amended Answer and Counterclaim were served on Mr. O'Connell's wife. However, because Michael O'Connell was not a party to the suit, any claim against him should have been made by a third-party complaint. Thus process, which consists of a summons and complaint, was never served on Michael O'Connell.

## ARGUMENT

A.  **Service of Process was Insufficient Because It Failed to Include a Complaint.**

On October 16, 2002, Defendant Biogenesis' attorney caused to be served on Michael Nawaiki O'Connell's wife a copy of a "Counterclaim Summons" and an "Amended Answer and Counterclaim." Although the Return of Service attached to the Counterclaim Summons filed in this action on October 29, 2002 mentions service of a "Summons and Complaint", no separate document entitled complaint or third-party complaint was ever served on Michael O'Connell or his wife. (See ¶ 13 of Affidavit of Michael Nawaiki O'Connell filed concurrently with this memorandum, hereinafter the "O'Connell aff.").

This civil action was brought in the name of the "United States of America for the Use and Benefit of Rhino Builders, Inc." as Plaintiffs (hereinafter "Rhino"). There is no

2

other party plaintiff. Rule 13 of the Rules of Civil Procedure does not authorize or allow a counterclaim to be made against a person that is not a party to the action. That Rule only permits a counterclaim against "an opposing party." When Defendant Biogenesis filed its Amended Answer and Counterclaim herein on October 8, 2002, Michael O'Connell was not a plaintiff or opposing party. Although he is a shareholder and Chief Executive Officer of Rhino, he was not a party to the action. Thus, the counterclaim filed against him by Biogenesis was not proper under Rule 13.

If Biogenesis wanted to bring in Michael O'Connell as a third-party, it should have done so under the requirements of Rule 14(a) of the Federal Rules of Civil Procedure. Rule 14(a) allows a defendant to an action, such as Biogenesis, to act as a third-party plaintiff and "cause a summons and complaint to be served upon a person not a party to the action." Rather than filing and serving a third-party complaint against Michael O'Connell, which was the proper way to proceed under federal third-party practice, Biogenesis improperly named him as a "Counter-Defendant" in a counterclaim.

Federal Rules of Civil Procedure 4(c)(1) requires that a summons be served together with a copy of the complaint. Biogenesis did not serve a copy of a third-party complaint on Michael O'Connell. Thus, Mr. O'Connell has never properly been served with process. Having never received the required complaint, he cannot be held in default for failing to respond to it.

The requirement that a third-party be named in a separate complaint rather than in a counterclaim is more than just a matter of form. Under Rule 7(a) the only pleading allowed in response to a counterclaim is a reply to counterclaim. In contrast, Rule 14(a) permits a third-party defendant, in responding to a third-party complaint, to make any counterclaim he may have against the third-party plaintiff. Moreover, Rule 14(a) requires the third-party plaintiff to obtain leave on motion upon notice to all parties to make service on a third-party where, as here, the third-party is sought to be brought in more than 10

3

Case 1:02-cv-00008   Document 84   Filed 11/19/2002   Page 3 of 8

days after serving the original answer. By filing a Counterclaim instead of Third-Party Complaint, Biogenesis circumvented the requirement of obtaining leave of Court to make service.

B. **Assuming Arguendo that Service of Process was Proper, Good Cause Exists to Set Aside the Default.**

Pursuant to the application of Biogenesis' attorney, default was entered herein against Michael O'Connell on November 8, 2002. Rule 55(c) authorizes the Court to set aside an entry of default "for good cause shown." In order to demonstrate that good cause exists to set aside the default entered against him, Michael Nawaiki O'Connell has submitted with this memorandum a detailed supporting affidavit.

Michael O'Connell resides in Hawaii, where his wife, minor daughter and grandparents also reside. As CEO of Rhino, Michael O'Connell delegated the handling of this lawsuit to his brother Eugene O'Connell, who handles most of Rhino's legal and financial affairs. (O'Connell aff. ¶¶ 3 and 4).

When Michael O'Connell learned on November 7, 2002, through a telephone conversation his brother had with attorney Theodore Christopher that a default had been entered against him, he denied having received a summons. After learning that the summons had been served on his wife, he telephoned his wife and she said that she put the papers inside a folder in his second or home office after calling him about receiving the papers.

Although Michael O'Connell does not recall his wife telling him about receiving a summons, the surrounding circumstances set forth in his accompanying affidavit demonstrate why responding to the summons was overlooked. For years now Michael and his brother Gene have been responsible for the care of their elderly grandparents. His grandfather, who has had Alzheimer's disease for years, requires around the clock

4

supervision. (O'Connell aff. ¶s 6, 8). Michael and his brother alternate sleeping over at their grandparents' house. As the result of the need to stay and sleep over at his grandparents' house rather than his own residence, which is a twenty minute drive away, Michael is often away from his residence for extended periods. (O'Connell aff. ¶s 6,7).

Michael also cared for and assisted his 84-year old grandmother during her recent surgery and her subsequent hospitalization and rehabilitation. (O'Connell aff. ¶ 10). Michael O'Connell also takes his grandparents to many of their frequent doctors' appointments. Because his grandfather requires around the clock supervision, Michael O'Connell also brings his grandfather to work so he can look after him during the day with the assistance of his secretary. (O'Connell aff. ¶ 9).

The time and effort Michael O'Connell has devoted to the care of his grandparents, which has been even greater than normal of late, has left him run down mentally and physically. (O'Connell aff. ¶ 12). His grandfather suffers from pronounced mood swings as the result of Alzheimer's disease so that it is time consuming and exhausting for Mr. O'Connell to look after him. (O'Connell aff. ¶ 8).

In the last paragraph of his accompanying affidavit, Mr. O'Connell states that he has reviewed the allegations against him in Biogenesis' counterclaim and that the key allegations are untrue. Mr. O'Connell sets forth specific facts that constitute a defense to the claim asserted against him. (O'Connell aff. ¶ 15).

Upon discovering that a default had been entered against him, Michael O'Connell acted promptly to find Guam counsel to represent him. (O'Connell aff. ¶ 14). Mr. O'Connell has shown that he has a meritorious defense to the counterclaim against him. This motion to set aside default was filed less than a week after Mr. O'Connell retained an attorney on Guam to represent him in this matter.

5

In light of all these circumstances, it is understandable why Michael O'Connell overlooked responding to the summons which Biogenesis caused to be served on his wife. Clearly the default is due to excusable neglect and good cause exists for setting it aside.

Mr. O'Connell has acted as expeditiously as reasonably possible to move this Court to set aside the default. His personal circumstances demonstrate that his failure to timely respond to the summons was the result of oversight and was not improperly motivated. Courts have consistently set aside the entry of default when the default is due to excusable neglect. See e.g., Accu-Weather, Inc. v. Reuters Ltd., 779 F.Supp. 801, 802-803 (M.D. Pa. 1991) (failure to file due to oversight, no improper motive); Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 419-420 (3rd Cir. 1987) (excusable neglect by counsel entitled defendant to relief from default).

In light of the preference to resolve matters on their merits, any doubts are typically resolved in favor of setting aside the default. Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989) ("[a]llowing an entry of default to be set aside on a showing of reasonable justification is in keeping ... with the philosophy that actions should ordinarily be resolved on their merits."); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) ("[d]efaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits"); and Oberstar v. FDIC, 987 F.2d 494, 504 (8th Cir. 1993) (judicial preference for adjudication on merits goes to fundamental fairness of adjudicatory process).

## CONCLUSION

The default entered against "Counter-Defendant" Michael O'Connell was the result of excusable neglect and should be set aside. Moreover, Defendant Biogenesis' service

6

of process was improper because it failed to include a third-party complaint. A proposed order setting aside the default and allowing Michael O'Connell 14 days within which to respond to the counterclaim against him has been submitted with this memorandum and motion.

Dated this 19th day of November, 2002.

>
> FREDERICK J. KERLEY
> ATTORNEY AT LAW
> Attorney for Michael O'Connell
>
> _____
> FREDERICK J. KERLEY

## CERTIFICATE OF SERVICE

I, Frederick J. Kerley, hereby certify that on November 19, 2002, I caused to be served the **Memorandum in Support of Michael O'Connell's Motion to Set Aside Default**, by hand delivery to:

> Law Office of Antonio L. Cortes
> Suite 233, Julale Center
> 424 West O'Brien Drive
> Hagåtña, Guam 96910
>
> Calvo & Clark, LLP
> Suite 202, First Savings & Loan Building
> 655 South Marine Drive
> Tamuning, Guam 96911
>
> Berman O'Connor Mann & Shklov
> Suite 503 Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910
>
> McKeown Vernier Price Maher
> 115 Hessler Place, Ground Floor
> Governor Joseph Flores Building
> Hagåtña, Guam 96910

Dated this 19th day of November, 2002

FREDERICK J. KERLEY
ATTORNEY AT LAW
Attorney for Michael O'Connell

*/s/ Frederick J. Kerley*
FREDERICK J. KERLEY

8