1  **FREDERICK J. KERLEY**
   **ATTORNEY AT LAW**
2  **Reflection Center, Suite 202**
   **222 Chalan Santo Papa**
3  **Hagåtña, Guam 96910**
   **Telephone: (671) 477-7008**
4  **Facsimile: (671) 477-7009**

5  Attorney for Michael O'Connell

F I L E D
DISTRICT COURT OF GUAM

NOV 1 9 2002

MARY L. M. MORAN
CLERK OF COURT

6  **DISTRICT COURT OF GUAM**

7  **TERRITORY OF GUAM**

8

9  UNITED STATES OF AMERICA FOR USE
   AND BENEFIT OF RHINO BUILDERS, INC., )

10            Plaintiff,

11       vs.

12  BIOGENESIS PACIFIC, INC.,
    AIG TECHNICAL SERVICES, INC. and
13  AMERICAN HOME ASSURANCE COMPANY, )

14            Defendants.

15  ─────────────────────────────

    BIOGENESIS PACIFIC INC.,
16
              Counter-Plaintiff,
17
18       vs.

    RHINO BUILDERS, INC., MICHAEL
19  O'CONNELL, MICHAEL DANFORTH,
    AND JOHN DOES 1-10,
20
              Counter-Defendants.
21
22  AMERICAN HOME ASSURANCE COMPANY, )

23            Cross-Claimant,

24       vs.

25  BIOGENESIS PACIFIC INC.,

26            Cross-Claim Defendant.

27

CIVIL CASE NO. 02-00008

**DECLARATION OF FREDERICK J. KERLEY**

ORIGINAL

1    I, Frederick J. Kerley, being duly sworn, depose and state as follows:

2        1.      I am the attorney for Michael O'Connell in the above-captioned matter. I
3    have personal knowledge of the facts contained herein.

4        2.      Attached hereto as Exhibit A is the Affidavit of Michael Nawaiki O'Connell in
5    Support of his Motion to Set Aside Default.

6        3.      Mr. O'Connell who resides in Hawaii, has signed the original affidavit and
7    forwarded this copy to me by facsimile. I respectfully request that the Court accept the
8    facsimile copy of Mr. O'Connell's affidavit pending receipt of the original signed affidavit.
9    Upon receipt of the original affidavit, I will file the original affidavit with the Court
10   immediately.

11       I declare under penalty of perjury under the laws of the territory of Guam, 6 G.C.A.
12   § 4308, that the foregoing is true and correct to the best of my knowledge and belief.

13
         Dated this 19th day of November, 2002.
14

15

16                                                FREDERICK J. KERLEY
17

18

19

20

21

22

23

24

25

26

27                                    2

# CERTIFICATE OF SERVICE

I, Frederick J. Kerley, hereby certify that on November 19, 2002, I caused to be served the **Declaration of Frederick J. Kerley**, by hand delivery to:

Law Office of Antonio L. Cortes
Suite 233, Julale Center
424 West O'Brien Drive
Hagåtña, Guam 96910

Calvo & Clark, LLP
Suite 202, First Savings & Loan Building
655 South Marine Drive
Tamuning, Guam 96911

Berman O'Connor Mann & Shklov
Suite 503 Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910

McKeown Vernier Price Maher
115 Hessler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910

Dated this 19th day of November, 2002.

FREDERICK J. KERLEY
ATTORNEY AT LAW
Attorney for Michael O'Connell

FREDERICK J. KERLEY

3

FREDERICK J. KERLEY
ATTORNEY AT LAW
Reflection Center, Suite 202
222 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone:    (671) 477-7008
Facsimile:    (671) 477-7009

Attorney for Counter-Defendant
Michael O'Connell

## DISTRICT COURT OF GUAM

### TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY,<br><br>Defendants.<br><br>———————————————<br><br>BIOGENESIS PACIFIC INC.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10,<br><br>Counter-Defendants.<br><br>———————————————<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>Cross-Claimant,<br><br>vs.<br><br>BIOGENESIS PACIFIC INC.,<br><br>Cross-Claim Defendant.<br><br>———————————————| CIVIL CASE NO. 02-00008<br><br>**AFFIDAVIT OF MICHAEL NAWAIKI O'CONNELL IN SUPPORT OF MOTION TO SET ASIDE DEFAULT** |

STATE OF HAWAII          )
                         )     ss:
CITY OF HONOLULU         )

   I, **Michael Nawaiki O'Connell**, being first duly sworn, do depose and say:

1.     I make this affidavit in support of my motion to set aside the default entered against me in this action on November 8, 2002. The matters set forth in this affidavit are based upon my personal knowledge.

2.     I am and at all material times was Chief Executive Officer (CEO) of Rhino Builders, Inc., the Plaintiff in this District Court of Guam Civil Case No. 02-00008. This case was brought by Plaintiff against Defendant Biogenesis Pacific, Inc. ("Biogenesis") and the other named defendants. I am not and have never been named as a plaintiff in my individual capacity in this action.

3.     I am a resident of the State of Hawaii, where I live on the Island of Oahu. My wife, minor daughter and grandparents also reside on Oahu.

4.     My brother Eugene O'Connell ("Gene") is Chief Financial Officer of Plaintiff Rhino Builders, Inc. ("Rhino") and handles most of its legal and financial affairs. As CEO of Rhino, I delegated primary responsibility for oversight of this lawsuit to Gene.

5.     On or about November 7, 2002, Hawaii time, my brother Gene was talking by telephone with Rhino's attorney Theodore Christopher. Mr. Christopher asked him if I had been served with a summons because there was a default against me and I said no, I did not receive a summons. Then Mr. Christopher said it was served on my wife Yumi O'Connell on October 16, 2002. Shortly after this telephone conversation ended, I telephoned my wife and she said she had called me the morning of the 16th and said she had put the papers in the Biogenesis folder in my second home office, where I keep my folders in a file cabinet. I told my wife no, I did not recall her telling me this.

6.     By way of explanation, it is possible that my wife did tell me about receiving the papers and I just do not recall her saying this. Currently and for some years now, my brother Gene and I have been responsible for the care of our grandparents who are in their 80's. Because we both work, we alternate

2

caring for them 24 hours a day 7 days a week and sleep over at their house.

7.      My grandparents helped raise me and I am very close to them emotionally. Their house is about a twenty minute drive from my residence.

8.      My grandfather has for some years now suffered from Alzheimer's disease. He requires a caregiver 24 hours a day because he may forget to do simple grooming tasks. may become anxious or aggressive without apparent reason or may wander away from home, as he has done on several occasions. My grandfather also requires medication twice daily, which he has to be reminded to take. This medication helps control but does not entirely alleviate his behavioral symptoms. His Alzheimer's disease still causes him to have pronounced mood swings and other behavioral problems so that it is time consuming and exhausting to look after him. I also bring my grandfather to work with me so that my secretary and I can look after him during the day.

9.      My grandmother, who is now 84 years of age, has had knee replacement surgery and a nervous breakdown for caring for my grandfather after he developed Alzheimer's disease. As a result, my grandmother now takes a sedative and due also to her advanced age and physical limitations. she is no longer able to look after my grandfather.

10.     I cared for my grandmother during her surgery three to four months ago, which required one month's hospitalization and another month's rehabilitation, during which time I assisted her.

11.     Both of my grandparents require frequent visits to their doctors and I take both of them to many of their doctors' appointments.

12.     The time and effort to help care for my grandparents has left me somewhat run down mentally and physically.

13.     After being told on or about November 7, 2002. Hawaii time, that my wife had received a summons, I went to my house and located and inspected the papers which had been served on my wife. In addition to a "Counterclaim Summons", there was a document entitled "Amended Answer and Counterclaim." There was no separate or additional document served on me or my wife, nor any

3

document entitled "complaint" or "third-party complaint."

14      The next day, Friday November 8, 2002, I tried calling several Guam attorneys who had been recommended to me in order to find an attorney to represent me in my individual capacity in this case. Specifically, I tried calling attorneys Dave Dooley, Larry Teker and Steve Zamsky, but was unable to reach anyone because their law offices were closed, it being Saturday on Guam. I then contracted Hawaii attorney Alan Tuhy about representing me and he made inquiries on my behalf but on Tuesday November 12, 2002, after the three day holiday weekend, he informed me he could not represent me in this matter. That same day I spoke with attorney Dave Dooley about representing me, but he was too busy and referred me to Mr. Kerley. The following day I reached Mr. Kerley and he agreed to look into the matter and call me back. On Thursday November 14, 2002, Guam time, Mr. Kerley verbally agreed to represent me in this matter and the following day we entered into a written attorney-client agreement. I have tried to act as expeditiously as I could to obtain legal counsel for me in this matter.

15.     I have read the Counterclaim of Biogenesis and its key allegations against me are false. Paragraph 17 of the counterclaim alleges that Rhino and I never informed Biogenesis that Rhino had caused delivery orders to be accepted from the Navy under the Contract between the Navy and Biogenesis or that Rhino had commenced work on said delivery orders. In fact, Rhino did not cause delivery orders to be accepted from the Navy under the Contract. Instead, Rhino accepted the delivery orders from Biogenesis and through Gerard Lam Biogenesis told Rhino to commence work on the delivery orders. Paragraphs 18 and 19 of the counterclaim allege that I caused work on delivery orders to be stopped in order to cause Biogenesis to break the Contract, to suffer liquidated damages, and to interfere with Biogenesis' rights under the Contract so that it would fail and Rhino would be awarded the Contract. These allegations are untrue. The reason performance was stopped is because Biogenesis repeatedly failed to pay Rhino for Rhino's direct and indirect costs on delivery orders under the Contract between Biogenesis and the United States. Under the terms of the oral subcontract between Rhino and Biogenesis, Biogenesis and Gerard Lam had agreed, among other things, to pay all of Rhino's direct and

4

indirect costs or delivery orders, and yet Biogenesis failed and refused to do so. Many of the counterclaim's other allegations about me are also false. For instance, Paragraph 10 alleges that i approached Biogenesis and attempted to solicit work for Rhino under the Contract. This is false. In fact it was Gerard Lam, on behalf of Biogenesis, that first approached me about Rhino helping Biogenesis perform the Contract. The allegations of Paragraph 11 of the Counterclaim are also false. Biogenesis agreed to give Rhino the subcontract work and started discussing the details of that subcontract with Rhino shortly after Biogenesis was awarded the Contract by the Navy. Biogenesis did not inform me that Rhino would have to provide and finance all of its project costs and materials or that Biogenesis would not have to pay Rhino unless Rhino completed its work and the Navy quality officer and contract officer signed off on the work. Biogenesis' counterclaim against me is without merit.

Further affiant sayeth naught this _18TH___ day of November, 2002.

_____

**MICHAEL NAWAIKI O'CONNELL**

SUBSCRIBED and SWORN to before me the date above written by **MICHAEL NAWAIKI O'CONNELL.**

_____
Darlyn M. Silva – My commission Exp: 05-14-04
NOTARY PUBLIC STATE OF HAWAII.
COUNTY OF HONOLULU, First Judicial Circuit

5