Arthur B. Clark, Esq.
Janalynn M. Cruz, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96911
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for Defendant and
Counter-Plaintiff Biogenesis Pacific, Inc.

**FILED**
DISTRICT COURT OF GUAM
DEC 23 2002
MARY L. M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **DEFENDANT AND COUNTER-PLAINTFF BIOGENESIS PACIFIC INC.'S OPPOSITION TO COUNTER-DEFENDANT MICHAEL O'CONNELL'S MOTION TO SET ASIDE DEFAULT** |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC INC., <br><br> Cross-Claim Defendant. | |

**ORIGINAL**

CIVIL CASE NO. 02-00008
B0212123-227-0002-CT (Opposition to Set Aside Default).wpd
Case 1:02-cv-00008   Document 86   Filed 12/23/2002   Page 1 of 6

1

Comes Now Defendant and Counter-Plaintiff BioGenesis Pacific, Inc. ("BioGenesis"), by and through its attorney of record Calvo and Clark, LLP, and respectfully requests that the Court deny Counter-Defendant Michael O'Connell's Motion to Set Aside Default.

### Procedural Background

On October 8, 2002, BioGenesis filed its Amended Answer and Counter-Claim ("Counter-Claim") wherein BioGenesis joined as additional parties Counter-Defendants Michael O'Connell ("O'Connell") and Michael Danforth. On October 16, 2002, the Summons and Counter-Claim were served upon O'Connell. The original counter-claim summons and return of service upon O'Connell was filed with the Court on October 29, 2002.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, O'Connell had until November 5, 2002 to serve upon counsel for BioGenesis his reply to the Counter-Claim. On November 8, 2002, based on O'Connell's failure to respond to the Counter-Claim, BioGenesis filed its affidavit and application for entry of default. On November 8, 2002, the Clerk of Court entered default against O'Connell. On November 19, 2002, O'Connell filed its Notice of Motion and Motion to Set Aside Default.

### No Good Cause Exists for Setting Aside the Entry of Default

Pursuant to Fed. R. Civ. P. 55(a), if a defending party fails to plead or otherwise defend within the time period allotted by the Rules, the clerk must enter default on the record. Fed .R. Civ. P. 55(a). Once entered, default may only be set aside by the Court for "good cause shown." See Fed. R. Civ. P. 55(c). In exercising its discretion to set aside an entry of default, a court weighs factors such as (1) the defendant's culpability, (2) whether the defendant has a meritorious defense, and (3) prejudice to the plaintiff if the default is set aside. See Meehan v. Snow, 652 F.2d 274 (2nd Cir. 1981). The Ninth Circuit has held, however, that relief from default may be denied based on culpable conduct alone without considering prejudice to the plaintiff or the existence of a meritorious defense. See Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987) cert. denied 484 U.S. 976 (1987).

A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer. See id.; Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1989) cert. denied 493 U.S. 858 (failure to appear after receipt of actual notice

CIVIL CASE NO. 02-00008
B021213.327-0001-CT (Opposition to Set Aside Default).wpd
Case 1:02-cv-00008  Document 88  Filed 12/23/2002  Page 2 of 6
2

constituted culpable conduct). In this case, O'Connell received both actual and constructive notice of BioGenesis's claim against him, yet he failed to answer within the time period alloted by the federal rules. Accordingly, O'Connell's conduct is culpable and the default should not be set aside.

Service upon O'Connell through his wife was effected on October 16, 2002. *See* Return of Service. O'Connell states in his affidavit filed with the Court that his wife told him that "she had called me the morning of the 16th and said she put the papers in the Biogenesis folder in my second home office." Affidavit of Michael O'Connell in Support of Motion to Set Aside Default at ¶ 5 ("O'Connell Affidavit"). Furthermore O'Connell admits that "it is possible that my wife did tell me about receiving the papers" on the 16th. O'Connell Affidavit at ¶ 6. Whether or not O'Connell remembers being told by his wife about the service of the summons and amended answer and counter-claim, the fact remains that service was properly effected and O'Connell's wife relayed that information to him. Thus, O'Connell received actual notice of BioGenesis's claim against him on October 16, 2002 and his failure to respond to the Counter-Claim constitutes culpable conduct. See *Alan Neuman Productions, Inc.*, 862 F.2d at 1392 (failure to appear after receipt of actual notice constituted culpable conduct).

Moreover, the Amended Answer and Counter-Claim was served on counsel for Plaintiff and Counter-Defendant Rhino Builders, Inc. ("Rhino") on October 8, 2002. O'Connell is chief executive officer of Rhino. As chief executive officer of Rhino, O'Connell should have known that a claim was made against him since the Counter-Claim served upon Rhino names O'Connell as an additional party. At the very least then, O'Connell should have known that BioGenesis was pursuing a claim against him as early as October 8, 2002.

There is no doubt that O'Connell received actual notice of BioGenesis's claims against him; service was properly effected upon O'Connell and O'Connell admits that his wife told him about the service. Since O'Connell did not reply to the claim against him within the time allowed by the Federal Rules of Civil Procedure even after receiving notice of the claim, O'Connell's conduct was culpable. Accordingly, based on O'Connell's culpable conduct alone, the Court should deny O'Connell's motion to set aside default. *See Benny v. Pipes*, 799 F.2d 484, 494 (9th Cir. 1986) cert.

denied 484 U.S. 870 (1987) (because defendants had notice of complaint and service was valid, defendants failure to answer was culpable and court's refusal to vacate default proper).

### Rule 13 of the Federal Rules of Civil Procedure Authorizes a Counter-Claim to Be Brought Against a Person That Is Not a Party to the Action

Contrary to O'Connell's contention, Fed. R. Civ. P. 13 together with Fed. R. Civ. P. 20 clearly permit defendants to join parties in a counterclaim. 3 Moore's Federal Practice, § 13.112 (Matthew Bender 3d ed. 2002) ("Rule 13(h) permits the joinder of parties under Rules 19 or 20 required for the granting of complete relief in the determination of a counterclaim); 4 Moore's Federal Practice, § 20.02[2][b] (Matthew Bender 3d ed. 2002) (stating that a defendant may join parties in a cross-claim or counterclaim). Rule 13(h) of the F.R.C.P. plainly states:

> Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

Moreover, Fed. R. Civ. P. 14, which governs third-party practice, is inapplicable since Rule 14 only permits the joinder of a third party who is or may be liable to the defending party for all or part of the plaintiff's claim against it. Fed. R. Civ. P. 14(a); 3 Moore's Federal Practice, § 14.04[3][a] (Matthew Bender 3d ed. 2002) (a third-party claim "must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant . . . An impleader claim cannot be used to assert any and all rights to recovery arising from the same transaction or occurrence as the underlying action"). Because BioGenesis is not claiming that O'Connell is derivatively liable to it for all or part of Rhino's claims against BioGenesis, Fed. R. Civ. P. 14 does not apply. Accordingly, pursuant to Fed. R. Civ. P. 13(h) service of the summons and Counterclaim was proper.

//
//
//
//
//
//
//
//

## Conclusion

The entry of default by the Clerk of Court was the result of the culpable conduct of O'Connell. O'Connell had actual notice of BioGenesis's claim against him, yet he failed to respond to those claims within the time period allotted in the Federal Rules of Civil Procedure. Based on O'Connell's culpable conduct alone, O'Connell's motion to set aside default must be denied. In the alternative, should the Court grant O'Connell's motion to set aside default, BioGenesis respectfully requests that O'Connell be ordered to pay reasonable attorneys' fees and costs incurred by BioGenesis in securing the default and in opposing the motion to set aside default.

Dated this 13th day of December, 2002.

CALVO AND CLARK, LLP
Attorneys At Law
Attorneys for Defendant and Counter-Plaintiff
Biogenesis Pacific, Inc.

By: _____
JANALYNN M. CRUZ

CIVIL CASE NO. 02-00008
B021213.327-0001-CT (Opposition to Set Aside Default).wpd
Case 1:02-cv-00008   Document 88   Filed 12/23/2002   Page 5 of 6
5

# CERTIFICATE OF SERVICE

I, JANALYNN M. CRUZ, hereby certify that on the 13th day of December, 2002, I caused copies of **DEFENDANT AND COUNTER-PLAINTFF BIOGENESIS PACIFIC INC.'S OPPOSITION TO COUNTER-DEFENDANT MICHAEL O'CONNELL'S MOTION TO SET ASIDE DEFAULT** to be served via United States Postal Service on the following:

**Attorney for Plaintiff and Counter-Defendant Rhino Builders, Inc.**

Antonio L. Cortes, Esq.
233 Julale Center
424 West O'Brien Drive
Hagåtña, Guam 96910

**Attorneys for Defendants AIG Technical Services, Inc. and American Home Assurance Company**

Louie J. Yanza, Esq.
McKeown Vernier Price & Maher
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910

**Attorneys for Counter-Defendant Michael Danforth**

Daniel J. Berman, Esq.
Berman O'Connor Mann & Shklov
Suite 503 Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910

**Attorney for Counter-Defendant Michael O'Connell**

Frederick J. Kerley, Esq.
Reflection Center, Suite 202
222 Chalan Santo Papa
Hagåtña, Guam 96910

Dated this 13th day of December, 2002.

CALVO AND CLARK, LLP
Attorneys At Law
Attorneys for Defendant and Counter-Plaintiff
Biogenesis Pacific, Inc.

By: _____
JANALYNN M. CRUZ

CIVIL CASE NO. 02-00008
B0212-327-0001.CT (Opposition to Set Aside Default).wpd
Case 1:02-cv-00008   Document 85   Filed 12/23/2002   Page 6 of 6
6