ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933



FILED
DISTRICT COURT OF GUAM
DEC 23 2002
MARY L. M. MORAN
CLERK OF COURT

86

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **PLAINTIFF'S JOINDER IN MOTION TO SET ASIDE DEFAULT** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

**ORIGINAL**

Plaintiff United States of America for use and benefit of Rhino Builders, Inc. ("Plaintiff") submits this joinder in the November 19, 2002 motion of Michael O'Connell to set aside default, as follows:

1. Plaintiff joins in and incorporates, by this reference, all the arguments set forth in the November 19, 2002 Memorandum in Support of Michael O'Connell's Motion to Set Aside Default.

2. Plaintiff offers the following authorities in support of the thesis that the interests of justice favor the setting aside of a default against a defendant having a meritorious defense, even where that defendant has been served with a properly pled claim:

    a) Even where a party seeks to set aside default *judgment*, Rule 60(b) is meant to be remedial in nature, should therefore be liberally applied, and should be applied even to set aside a default judgment in circumstances such as these. Butner v. Neustadter, 324 F.2d 783, 786 (9th Cir. 1963).

    b) Whenever possible, cases should be decided on their merits. Schwab v. Bullocks, Inc., 508 F.2d 353, 355 (9th Cir. 1974).

    c) "A default can be set aside under Rule 55 for 'good cause shown,' but a default that has become final *judgment* can be set aside only under the stricter Rule 60(b) standards for setting aside final, appealable orders." 12 Moores Federal Practice, 3d.

2

ed., § 60.22[3][b], at 60-71. [original emphasis]; *accord*, Bethelson v. Kane, 907 F.2d 617,620-621 (6th Cir. 1990).

d) The "good cause" requirement should be construed liberally so that disputes are resolved on their merits. Coon v. Grenier, 867, F.2d 73, 76 (1st Cir. 1989).

Respectfully submitted this 16th day of December 2002.

*/s/ Antonio L. Cortes*
Antonio L. Cortes, Counsel for Plaintiff
United States of America for Use and
Benefit of Rhino Builders, Inc.