ORIGINAL

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

FILED
DISTRICT COURT OF GUAM
DEC 30 2002
MARY L. M. MORAN
CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendant. | Civil Case No. 02-00008 <br><br> **ORDER** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

On December 27, 2002, the Counter-Defendant, Michael O'Connell's, Motion to Set Aside Default came before this Court. After reviewing all relevant documents and hearing argument from counsel and finding satisfactory proof and good cause, the Court GRANTS the Counter-Defendant's motion. For the reasons discussed more fully herein, the Court memorializes the basis for its decision granting the motion.

### I. FACTS

On March 20, 2002, this civil action was filed in the name of the United States of America for Use and Benefit of Rhino Builders, Inc. ("Rhino") against Biogenesis, AIG Technical Services, Inc. and American Home Assurance Company. On October 8, 2002, the defendant Biogenesis filed an Amended Answer and Counterclaim against Rhino, Michael O'Connell, ("Mr. O'Connell") Michael Danforth, and John Does 1-10. Mr. O'Connell is a shareholder and Chief Executive Officer of Rhino.

On October 16, 2002, a Summons and Counterclaim were served upon Mr. O'Connell. The original counterclaim summons and return of service upon Mr. O'Connell were filed with the Court on October 29, 2002. Because Mr. O'Connell failed to file an answer, on November 8, 2002, an entry of default was entered against him. Mr. O'Connell now seeks to have the entry of default set aside.

### II. ANALYSIS

First, Mr. O'Connell argues that the entry of default should be set aside because service of the summons and counterclaim was improper since he was never an original party in this action. Specifically, a counterclaim filed under Federal Rules of Civil Procedure, Rule 13 is permissible against a person that is already a party to the action. Here, because the only named plaintiff is Rhino, Mr. O'Connell claims that it was improper for Biogenesis to file a counterclaim against a party other than Rhino. It is Mr. O'Connell's contention that if Biogenesis wanted to bring him into the action, the proper procedure was for the defendant to file a third party complaint, pursuant to Federal Rules of Civil Procedure, Rule 14(a).

Page 2

In opposition to Mr. O'Connell's contentions, Biogenesis claims that Federal Rules of Civil Procedure, Rule 13(h) together with Federal Rules of Civil Procedure, Rule 20 permits the defendants to join parties in a counterclaim. Specifically, Rule 13(h) states:

> **Joinder of Additional Parties.** Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with Rules 19 and 20.

Moreover, Biogenesis argues that Rule 14 of the Federal Rules of Civil Procedure is inapplicable because it is not claiming that Mr. O'Connell is derivatively liable to it for all or part of Rhino's claims against it.

Upon review of the applicable rules of Civil Procedure, (Rules 13, 14 and 20), the Court finds that Biogenesis is correct. A nonparty may be joined by a defendant as an additional party to a counterclaim against the plaintiff. See 3 Moore's Federal Practice, § 13.112 (Matthew Bender 3d ed. 2002); 4 Moore's Federal Practice, § 20.02[2][b] (Matthew Bender 3d ed. 2002) (a defendant may join parties in a cross-claim or counterclaim).

Moreover, Rule 14(a) permits a defendant to act as a third-party plaintiff and "cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Here, because Biogenesis is not claiming that Mr. O'Connell is liable for any liability Biogenesis may be found owing Rhino, Rule 14 is inapplicable. See 3 Moore's Federal Practice, § 14.04 [3][[a] (Matthew Bender 3d ed. 2002) (a third-party claim "must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant . . . An impleader claim cannot be used to assert any and all rights to recovery arising from the same transaction or occurrence as the underlying action").[1] Accordingly, the Court finds that pursuant to Federal

---

[1] At the hearing, counsel for Mr. O'Connell raised the issue that Biogenesis was required to obtain leave of court to file an amended answer and counterclaim against Mr. O'Connell. The Court agrees with Mr. O'Connell that procedurally Biogenesis should have sought leave of court in order to bring Mr. O'Connell into this case. See 4 Moore's Federal Practice, § 20.02[2][b][iii] (Matthew Bender 3d ed. 2002) ("[a] defendant who fails to raise a counterclaim or cross-claim with its responsive pleading, or who does but fails to effect the desired joinder, must seek leave of court either to file or amend the pleading."). However, the Court will waive that requirement since

Page 3

Case 1:02-cv-00008   Document 92   Filed 12/30/2002   Page 3 of 5

Rules of Civil Procedure, Rule 13(h) service of the summons and counterclaim was proper.

Next, Mr. O'Connell claims that under the Federal Rules of Civil Procedure, Rule 55(c) this Court is authorized to set aside entry of default "for good cause shown." In exercising its discretion to set aside an entry of default, the Court weighs factors such as: (1) the defendant's culpability, (2) whether the defendant has a meritorious defense, and (3) the prejudice to the plaintiff if the default is set aside. See Meehan v. Snow, 652 F.2d 274 (2nd Cir. 1981).

Mr. O'Connell lives in Hawaii, where his wife, minor daughter and grandparents reside. See O'Connell Aff. ¶ 3. He has delegated the handling of the lawsuit to his brother, Mr. Eugene O'Connell, who handles most of Rhino's legal and financial affairs and was unaware that a counterclaim had been served upon him. Id. at ¶ 4.

Mr. O'Connell claims that his life is rather hectic. He and his brother care for his elderly grandparents. See O'Connell Aff. ¶ 6. His grandfather suffers from Alzheimer's disease and needs constant care which requires Mr. O'Connell to take him to work with him in order to look after him. Id. at ¶ 8. In addition, his grandmother has been in poor health and needed care after a recent surgery and hospitalization and subsequent rehabilitation. Id. at ¶ 9. Mr. O'Connell states that the care of his grandparents has worn him down mentally and physically. Id. at ¶ 12.

The Court recognizes that defaults are generally disfavored and cases are to be decided on their merits. See Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987). In this instance, the Court finds that Mr. O'Connell's failure to answer was due to excusable neglect. His default does not appear to have been intentionally motivated. Once he learned about the entry of default he took prompt action to obtain legal counsel on Guam. Moreover, the Court finds that Mr. O'Connell has set forth a meritorious defense in his affidavit, (see O'Connell Aff. ¶ 15), and that the counter-plaintiff will not be prejudiced by granting the motion. See Meehan v. Snow, 652 F.2d 274 (2nd Cir. 1981). Accordingly the Court grants Mr. O'Connell's motion.

///

///

---

all of the parties were present at the hearing and were aware of Biogenesis efforts to implead Mr. O'Connell; to order otherwise would be a waste of time and an unnecessary expense for the parties.

Page 4

### III. Conclusion

The Court finds that Mr. O'Connell's failure to timely file a responsive pleading was due to excusable neglect. Accordingly, the Court grants his Motion to Set Aside the Default with each party bearing its own costs and attorney's fees. The default previously entered against Mr. O'Connell on November 8, 2002 shall be set aside and vacated. Mr. O'Connell shall have 14 business days from the date of this Order to respond to the counterclaim of defendant Biogenesis.

IT IS SO ORDERED, this 30th day of December, 2002.

_____
JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on JAN 02 2003. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____  JAN 02 2003
Deputy Clerk    Date

Page 5