# MARIANAS INVESTIGATIVE SERVICES
P.O. BOX 8031
TAMUNING, GUAM
TEL: 633-3684

FILED
DISTRICT COURT OF GUAM
MAR 31 2003
MARY L. M. MORAN
CLERK OF COURT
104

IN THE ~~SUPERIOR~~ District COURT OF GUAM
TERRITORY OF GUAM

Affidavit
(✓) Of Service
( ) Non-Service

Plaintiff(s) United States of America for use and Benefit of Rhino Builders, IN

vs

Defendant(s) Mr Alfred Garthe III

Case No. 02-00008

Date received: 3/25/03
Date returned: 3/25/03
Court Date: 4/03/03

I, **MAURICE MONTGOMERY**, hereby declare under penalty of perjury that the foregoing is true and correct. 6 G.C.A. 4308. I am a U.S. citizen and over eighteen years of age. I have no interest in the outcome of the above case.

(✓) **Served** upon: Mr Alfred Garthe III while at his place of residence located in Latte Heights. Note: via Authorization from Atty service was upon the wife of Mr. Garthe.

( ) **Attempted** to serve the below listed document(s) on the address thereon provided but was unable to effect such a service for the following reason(s) _____

Document(s) to be serve:
( ) Summons, Copy of Complaint, Affidavit or Declaration
( ) Affidavit and JDX ( ) Order to Show Cause
(✓) Other: Subpoena in a Civil Case

Attempts: 1    Document fees: $ 45    Mileage: _____

Executed on: March 25, 2003 at about 3:14 pm.

By: _____
MAURICE MONTGOMERY
SP0040-00

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF ——— GUAM

UNITED STATES OF AMERICA FOR USE AND
BENEFIT OF RHINO BUILDERS, INC.

V.

BIOGENESIS PACIFIC INC., AIG
TECHNICAL SERVICES, INC. AND
AMERICAN HOME ASSURANCE COMPANY

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] CIVIL CASE NO. 02-00008

TO: MR. ALFRED GARTHE III

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Office of Antonio L. Cortes, 233 Julale Center 424 West O'Brien Drive, Hagatna, Guam 96910 | April 3, 2003 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Antonio L. Cortes, 233 Julale Center 424 West O'Brien Drive, Hagatna, Guam 96910 | April 3, 2003 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Antonio L. Cortes* Antonio L. Cortes, Attorney for Plaintiff Rhino Builders | March 24, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Law Office of Antonio L. Cortes, 233 Julale Center, 424 West O'Brien Drive Hagatna, Guam 96910 (671)477-1930

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

SERVED

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _March 25, 2003_
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT "A"
# TO DEPOSITION SUBPOENA OF ALFRED GARTHE III

1. All document in your possession, custody, or control relating or pertaining to the employment of any person by Biogenesis Pacific, Inc. (hereinafter "BPI") or by Rhino Builders, Inc. (hereinafter "Rhino"), in Guam, at any time prior to December 31, 2000.

2. All documents in your possession, custody, or control relating or pertaining to purchases by Rhino of tools, materials, goods, or services that were purchased for use on for Contract No. N62766-99-D-0425 between the United States Navy and BPI (hereinafter "the Navy Contract"), or that were actually used for the Navy Contract, whether by Rhino or by BPI.

3. All documents in your possession, custody or control, that were formerly Rhino's documents and that relate to the Navy Contract or any other work done or to be done by Rhino in Guam, including documents that came into your possession custody or control through BPI, Richard Avilla, your access to Rhino's offices, or otherwise.

4. All documents in your possession, custody, or control related to or concerning the ownership of Rhino, including, but not limited to, all correspondence between you and BPI or Mr. Gerald Lam that in any way mentions or relates to the ownership of Rhino.

472-7332 Dist. US Atty. off.