Arthur B. Clark
Janalynn M. Cruz, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96911
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for Defendant
Biogenesis Pacific, Inc.



# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br>Plaintiff, <br><br>vs. <br><br>BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., <br><br>Defendants. | CIVIL CASE NO. 02-00008 <br><br> **MOTION TO MODIFY SCHEDULING ORDER AND DISCOVERY PLAN** <br> [No hearing requested] |

COMES NOW Defendant Biogenesis Pacific, Inc. ("Biogenesis"), by and through its counsel of record Calvo and Clark, LLP, and requests pursuant to Fed. R. Civ. Proc. 16(b) and Local Rule 16.5 that the Court modify the Revised Scheduling Order and Discovery Plan for good cause shown.

1. Federal Rules of Civil Procedure Rules 16(b) allows for the modification of the scheduling order upon a showing of good cause and by leave of court. Local Rule 16.5 also allows for the extension of deadlines fixed in the scheduling order "upon a good cause finding by the Court." Local Rule 16.5 further provides that "the deadline for completion of all discovery will not be extended unless there has been active discovery. Delayed discovery will not justify an extension of discovery deadlines."

2. Good cause is likely to be found "when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the

MOTION TO MODIFY SCHEDULING ORDER
AND DISCOVERY PLAN
Civil Case No. 02-00008
B030512.327-0001.CT (Motion to Modify Scheduling Order).wpd

ORIGINAL     1

Case 1:02-cv-00008    Document 119    Filed 05/12/2003    Page 1 of 4

continuance would create a substantial risk of unfairness to that party." Moore's Federal Practice, § 16.14[1][b] (Matthew Bender 3d ed. 2002).

3. BioGenesis has been diligent in preparing this case for trial. Extensive discovery has taken place and the parties' depositions have been taken. *See* Declaration of Janalynn M. Cruz ("Cruz Decl."), filed herewith.

4. In preparation for trial, BioGenesis requested from Plaintiff all documents supporting its claims for damages. That request was made on January 8, 2001, six weeks in advance of BioGenesis's scheduled deposition of Plaintiff's President and three months in advance of BioGenesis's scheduled deposition of Plaintiff's Controller. In response, Plaintiff provided summary accountings delineating its claim for contract damages. It was not until BioGenesis was prepared to begin the deposition of Mr. Eugene O'Connell, Plaintiff's Controller, on April 11 that Plaintiff began producing detailed invoices in support of its claim. On the basis of Plaintiff's belated production, at that time, Attorney Arthur Clark reserved the right to continue the deposition of Mr. Eugene O'Connell. Plaintiff then produced an additional thousand pages of documents on April 21, one week after the deposition deadline set by the current scheduling order.

5. BioGenesis was not afforded adequate time to review the additional documents nor depose Plaintiff with respect to these additional documents despite BioGenesis's timely request for the production of documents. BioGenesis requires additional time to review the documents produced by Plaintiff and to conduct the continued deposition of Messrs. Eugene O'Connell and Michael O'Connell, the persons who would have the most knowledge about the documents produced by Plaintiff. Upon information and belief, both Mr. Eugene O'Connell and Mr. Michael O'Connell reside in Hawaii.

6. Additionally, BioGenesis would like to depose Mr. George Allen, a former employee of Plaintiff regarding a disputed invoice, which is material to the statute of limitations period under the Miller Act.[1] In response to an interrogatory regarding a disputed invoice dated March 21,

---

[1] Under the Miller Act the time limitation for commencing a suit is one year from the date that materials and labor were last provided. *See* 40 U.S.C. 270b(b). In Rhino's Proof of Claim to AIG Technical Services, Inc., it stated that the date that labor and materials were last provided to BioGenesis

**MOTION TO MODIFY SCHEDULING ORDER
AND DISCOVERY PLAN**
Civil Case No. 02-00008
B030512.327-0001.CT (Motion to Modify Scheduling Order).wpd

2

2001, Plaintiff stated that amongst its current and former employees, Ms. Herminia Redolozo, Eugene O'Connell and George Allen were most knowledgeable about the invoice. Thus, BioGenesis was led to believe that it would be able to discover pertinent facts concerning the invoice from any of the individuals identified by Plaintiff. BioGenesis was able to and did depose Ms. Redolozo and Mr. Eugene O'Connell, who are still employed by Rhino. However, instead of having any knowledge of the subject invoice, both stated that they had no knowledge about the underlying transaction reflected in the invoice and felt that Mr. George Allen would be the most knowledgeable. Mr. George Allen no longer resides on Guam and is no longer employed by Plaintiff. BioGenesis seeks additional time to be able to locate and depose Mr. George Allen, whom it believes to be residing in Oahu, Hawaii.

7. BioGenesis intends on taking the continued deposition of Mr. Eugene O'Connell, Mr. Michael O'Connell, and Mr. George Allen in September 2003, to correspond with the anticipated travel schedule of Attorney Arthur Clark. The dates are subject to locating and subpoenaing Mr. George Allen and coordinating with the schedules of Mr. Eugene O'Connell, Mr. Michael O'Connell and counsel for all parties.

8. BioGenesis is requesting that the Court continue all discovery and motion deadlines, as well as the trial date by 180 days. BioGenesis had considered extending all deadlines and the trial date by 90 days, however, such extension would result in the trial occurring during the holiday season. Thus, upon confirmation with the Clerk's Office, March 2, 2004 was confirmed as an available trial date.

9. Counsel for BioGenesis attempted to obtain the parties' stipulation to the continuance of all deadlines and the trial date currently set by the Revised Scheduling Order and Discovery Plan filed on March 12, 2003. All parties except AIG Technical Services, Inc. and American Home Assurance Company agreed to the extension of deadlines and trial date. *See* Cruz Declaration.

---

was December 2000. The Proof of Claim is attached as Exhibit "E" to Plaintiff's Amended Complaint. In its Complaint, Rhino alleged that the date that labor and materials were last provided to BioGenesis was March 20, 2001, which is one day before the date of the invoice in question and exactly one year prior to the date it filed its complaint.

**MOTION TO MODIFY SCHEDULING ORDER
AND DISCOVERY PLAN**
Civil Case No. 02-00008
B030512.327-0001.CT (Motion to Modify Scheduling Order).wpd

3

Case 1:02-cv-00008   Document 119   Filed 05/12/2003   Page 3 of 4

1     WHEREFORE, Biogenesis prays that:

2     1.     The Court enter an order modifying the scheduling order and discovery plan;

3     2.     The Court grant such other and further relief as is appropriate.

4     Dated this 12th of May, 2003.

CALVO AND CLARK, LLP
Attorneys At Law
Attorneys for Defendant
Biogenesis Pacific, Inc.

By: _____
JANALYNN M. CRUZ

**MOTION TO MODIFY SCHEDULING ORDER**
**AND DISCOVERY PLAN**
Civil Case No. 02-00008
B030512.327-0001.CT (Motion to Modify Scheduling Order).wpd

4