Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: (808) 547-5151
Facsimile No.: (808) 599-4517

Louie J. Yanza
McKEOWN • VERNIER • PRICE • MAHER
A Joint Venture of McKEOWN PRICE, LLP
and VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants
AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> DEFENDANTS AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO BIOGENESIS PACIFIC, INC.'S MOTION TO MODIFY SCHEDULING ORDER AND DISCOVERY PLAN |
| BIOGENESIS PACIFIC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendant. | |

1

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | )<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| BIOGENESIS PACIFIC, INC. | )<br>) |
| Cross-Claim Defendant. | )<br>) |

No "good cause" is demonstrated by BIOGENESIS PACIFIC, INC.'S ("BIOGENESIS") moving papers. Rule 16(b) of the Federal Rules of Civil Procedure requires a showing of "good cause" before a scheduling order can be modified. In accordance with FRCP Rule 16(b), Local Rule 16.5 also requires the movant to demonstrate good cause. Local Rule 16.5 states: "Delayed discovery will not justify an extension of discovery deadlines."

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). Central to the required showing of diligence is whether the movant discharged its obligation under Rule 16. <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605 (E.D. Cal. 1999). See, 6A Wright Miller and Kane, Federal Practice and Procedure, §1522.1 at 231 (2nd Ed. 1990) ("good cause" means scheduling deadlines cannot be met despite parties' diligence). The Scheduling Order "is not a frivolous piece of paper idly entered, which can be cavalierly disregarded by counsel without peril." <u>Johnson</u>, at 610 (quoting <u>Gestetner Corp. v. Care Equipment Co.</u>, 108 F.R.D. 138, 141 (D. Me. 1985)). Rule 16(b) is an important component to manage the Court's calendar. Modifying the Scheduling Order for a <u>second</u> time undermines

2

the Court's ability to control this docket, disrupt the parties' previously agreed-upon course of the litigation and rewards the indolent, and punishes the diligent. Id.

In its moving papers, BIOGENESIS argues two (2) grounds for the modification of the order: (i) a deponent, Mr. George Allen, is in Hawaii; and (ii) nearly 1,000 pages of new discovery. A closer look at BIOGENESIS' arguments disposes of those assertions.

BIOGENESIS fails to show "good cause." BIOGENESIS simply fails to demonstrate why it could not comply with the Rule 16 Scheduling Order. On August 20, 2002, the parties executed the first Scheduling Order setting March 14, 2003 as the discovery cut-off. On March 12, 2003, upon stipulation of the parties, the Court modified the August 20, 2002 Scheduling Order and Discovery Plan. The Revised Scheduling Order and Discovery Plan set April 14, 2003 as the last day depositions may take place. Despite the six (6) month window to conduct depositions, BIOGENESIS did not conduct any depositions until February 20, 2003; and simply failed to depose Mr. George Allen. Therefore, the extension of the deadline to modify the March 12, 2003 Scheduling Order and Discovery Plan is not warranted.

BIOGENESIS claims 1,000 new pages of discovery was revealed. Declaration of Janalynn M. Cruz.[1] Although true, 1,000 pages of discovery does not warrant an extension of discovery to October 17, 2003. See, BIOGENESIS [Proposed] Revised Scheduling Order and Discovery Plan. The new discovery consists of invoices. See, Declaration of Louie J. Yanza. The person most suitable to verify those invoices is Mr. Eugene O'Connell. See, Deposition of Eugene

---

[1] The new discovery revealed by the Plaintiff RHINO BUILDERS, INC. ("RHINO BUILDERS") consists of invoices purportedly paid by RHINO BUILDERS constituting its Miller claim. See, Declaration of Louie J. Yanza.

3

O'Connell, pp. 233-234 attached to Declaration of Louie J. Yanza as Exhibit "A". Conducting one (1) more deposition of Mr. O'Connell does not require extending discovery by five (5) months, nor continuing trial for six (6) months. A deposition of Mr. O'Connell in May or June is sufficient, and provides ample time for the parties to prepare for trial, scheduled for September 8, 2003. BIOGENESIS has not demonstrated why a 5-6 month modification extension is warranted. Perhaps because BIOGENESIS is simply unprepared to proceed to trial.

There are other means available other than modifying the present Scheduling Order and Discovery Plan. The Court has authority to enforce compliances with the Scheduling Order. FRCP Rule 16(f) states:

> **(f) Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 16(f) sets out the sanctioning authority for the Court to apply the full range of sanctions. Because it was RHINO BUILDERS' failure to comply with the Scheduling Order, the new discovery should be excluded, rather than continuing the matter for 5-6 months. RHINO BUILDERS had in their possession, the new discovery since 2001. See, Deposition of Herminia Redolozo, p. 55 attached to Declaration of Louie J. Yanza as Exhibit "C." Because RHINO BUILDERS'

4

slothfulness has caused BIOGENESIS to move for a modification, at AMERICAN and AIGTS' prejudice, the new discovery should be excluded. See, Rabb v. Amatex Corp., 769 F.2d 996 (4th Cir. 1985) (Plaintiff's disregard of pretrial order establishing discovery timetable warrants preclusion of evidence critical to plaintiff's case).

Extending the Revised Scheduling Order and Discovery Plan will only result in more unnecessary expenses for the Defendants. There is insufficient justification to extend the schedule.

## CONCLUSION

Wherefore, because BIOGENESIS fails to demonstrate good cause, AMERICAN HOME and AIGTS respectfully request this Court to deny BIOGENESIS' Motion to Modify Scheduling Order and Discovery Plan; preclude the admittance of the new discovery, and order the parties to proceed as presently scheduled.

Dated this 21st day of May, 2003.

**McKEOWN • VERNIER • PRICE • MAHER**
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY**

By: _____
LOUIE J. YANZA

C:\MarieBackup\Gia\USA-Rhino v BIOGENESIS-AIG\Pleadings\Oppo to Mtn to Modify Scheduling Order & Disco Plan.doc