Arthur B. Clark, Esq.
Janalynn M. Cruz, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96911
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for Defendant
Biogenesis Pacific, Inc.

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **BIOGENESIS PACIFIC INC.'S REPLY TO AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO BIOGENESIS PACIFIC, INC.'S MOTION TO MODIFY SCHEDULING ORDER AND DISCOVERY PLAN** |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC INC., <br><br> Cross-Claim Defendant. | |

BIOGENESIS PACIFIC INC.'S REPLY TO AIG TECHNICAL SERVICES,
INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION
TO BIOGENESIS PACIFIC, INC.'S MOTION TO MODIFY SCHEDULING
ORDER AND DISCOVERY PLAN
Civil Case No. 02-00008
B030523.327-0001.CT (Reply to Opposition to Motion to Modify).wpd

Case 1:02-cv-00008   Document 139   Filed 05/23/2003   Page 1 of 5

ORIGINAL      1

Contrary to Defendants AIG Technical Service, Inc. and American Home Assurance Company's (collectively "AIG") contention, BioGenesis has demonstrated that good cause exists to modify the current scheduling order. BioGenesis has been diligent in its discovery in this action. AIG's characterization of BioGenesis as indolent is improper and untruthful considering the parties to this action have exchanged numerous discovery requests and have conducted depositions of seven different individuals both on Guam and in Hawaii.[1] Although AIG states that "BioGenesis did not conduct any depositions until February 20, 2003," as Rhino points out in its joinder papers, the parties had to coordinate off-island travel and the schedules of at least seven different individuals as part of scheduling the depositions of Messrs. Gerald Lam, President of BioGenesis, Michael O'Connell and Michael Danforth.[2] Depositions were held in February in an effort to work out a schedule that was both time and cost effective to all parties; there was no intentional delay by the parties.

Notwithstanding the above, AIG misses the point of BioGenesis's request to extend deadlines. BioGenesis's request for an extension of deadlines is based on Rhino's belated production of documents and is not due to the failure of BioGenesis to conduct discovery, as AIG is suggesting. Even if all parties had been deposed on the very first day that discovery opened, the fact remains that BioGenesis was served with a thousand pages of documents after the discovery and deposition deadlines had already expired. What is important is not when the depositions took place, but when the additional discovery was produced. Since the documents at issue here were produced after the deadlines had passed, good cause exists to extend the current deadlines so that BioGenesis can depose those knowledgeable about the documents belatedly produced by Rhino.

Additionally, AIG places little significance on the thousand pages of documents produced by Rhino as being nothing more than "invoices," when in fact these documents are necessary to confirm the amounts stated in Rhino's claim. In support of its claim, Rhino had initially produced summary accounting reports. As depositions were held and the parties delved into the details of the

---

[1] The individuals and entities who have been deposed in this action and the dates of their depositions are more fully set out in the Declaration of Janalynn M. Cruz, filed herewith.

[2] Those individuals are the three deponents, their respective counsel, and counsel for AIG.

BIOGENESIS PACIFIC INC.'S REPLY TO AIG TECHNICAL SERVICES,
INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION
TO BIOGENESIS PACIFIC, INC.'S MOTION TO MODIFY SCHEDULING
ORDER AND DISCOVERY PLAN
Civil Case No. 02-00008
B030523.327-0001.CT (Reply to Opposition to Motion to Modify).wpd

Case 1:02-cv-00008    Document 139    Filed 05/23/2003    Page 2 of 5

2

summary reports, it became apparent that Rhino was claiming costs that were not justifiable.[3] Accordingly, the invoices are more significant than the summations themselves and BioGenesis must be given the opportunity to thoroughly review those invoices and continue the depositions of Messrs. Eugene and Michael O'Connell. It is the detailed invoices that will allow the Court to separate the wheat from the tares of Rhino's claim.

As stated in its moving papers, BioGenesis would like to depose Mr. George Allen, a former employee of Rhino regarding a disputed invoice. Admittedly, BioGenesis has not taken the deposition of Mr. Allen. However, based on Rhino's response to BioGenesis's interrogatory about the disputed invoice, attached to the Declaration of Janalynn M. Cruz filed on May 12, 2003, BioGenesis was certainly reasonable in believing that it would be able to discover information concerning the disputed invoice through the deposition of six out of the seven individuals listed by Rhino as possibly having knowledge thereof. As a point of fact, however, none of the individuals deposed thus far have been able to adequately explain the underlying transaction reflected in the invoice, and even Rhino has now admitted in its joinder memorandum that the only person who is likely to have any knowledge of the disputed invoice is the only person left on the list of potential witnesses who no longer works for Rhino and who no longer resides on Guam, George Allen. [4]

Scheduling the deposition of Mr. Allen and the continued depositions of Messrs. Eugene and Michael O'Connell, all of whom do not reside on Guam, is not as simple a task as AIG seems to suggest, which can be accomplished in May or June. First, as of the filing of this reply, the month of May is almost over. Second, Rhino's counsel has indicated that he will be on his honeymoon in June. Thereafter, as evidenced by the last set of depositions which took place in Hawaii, coordinating the

---

[3] For example, Mr. Eugene O'Connell testified at his deposition that Rhino passed on to BioGenesis 100% of the cost to lease a flatbed truck from February to December, 2000, when in fact BioGenesis did not even begin any physical work on the Navy project until June, 2000, at the earliest, and then stopped work by October, 2000, at the latest. See Deposition of Eugene O'Connell pp. 193-198 attached as Exhibit "D" to the Declaration of Janalynn M. Cruz, filed herewith.

[4] Excerpt pages from the depositions of Michael O'Connell, Eugene O'Connell and Herminia Redolozo are attached as exhibits to the Declaration of Janalynn M. Cruz filed herewith.

BIOGENESIS PACIFIC INC.'S REPLY TO AIG TECHNICAL SERVICES,
INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION
TO BIOGENESIS PACIFIC, INC.'S MOTION TO MODIFY SCHEDULING
ORDER AND DISCOVERY PLAN
Civil Case No. 02-00008
B030523.327-0001.CT (Reply to Opposition to Motion to Modify).wpd

3

Case 1:02-cv-00008   Document 139   Filed 05/23/2003   Page 3 of 5

schedules of at least seven different individuals, even when done cooperatively, limits the time slots available to hold the depositions. These time slots become even more limited if consideration is given to the summer travel schedules of all individuals involved. Thus, it is evident that the depositions will need to be scheduled in July at the earliest, but more likely August or September. But rather than adopting a schedule based upon dates going forward, BioGenesis has requested that the cut-off and motion hearing dates be set as measured from a convenient trial date going backwards based upon the same time frames contained in the current scheduling order.

BioGenesis believes it would be inconvenient to all parties, and to the Court, to try to schedule a trial during the holiday season, the end of November through the beginning of January, since it would require off-island travel for hearings and trial during the holidays. BioGenesis is not trying to delay deadlines because it is "unprepared to proceed to trial" as AIG would suggest.

Local Rule 16.5 permits the extension of the deadlines fixed in the scheduling order upon a showing of good cause. The rule further provides that "the deadline for completion of all discovery will not be extended <u>unless</u> there has been active discovery." Local Rule 16.5 (emphasis added). As amply demonstrated in BioGenesis's moving papers and this reply brief, as well as in Rhino's Joinder, there has been active and extensive discovery in this proceeding. Certainly, BioGenesis is not guilty of indolence or slothfulness and has not acted in bad faith. Moreover, BioGenesis believes that when read in context, the provision of Local Rule 16.5 stating that "delayed discovery will not justify an extension of discovery deadlines" is applicable to prevent the party causing the delay from requesting an extension, but does not believe it applicable to the party being prejudiced by the delay, which in this

//
//
//
//
//
//
//
//

**BIOGENESIS PACIFIC INC.'S REPLY TO AIG TECHNICAL SERVICES,
INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION
TO BIOGENESIS PACIFIC, INC.'S MOTION TO MODIFY SCHEDULING
ORDER AND DISCOVERY PLAN**
Civil Case No. 02-00008
B030523.327-0001.CT (Reply to Opposition to Motion to Modify).wpd

4

Case 1:02-cv-00008    Document 139    Filed 05/23/2003    Page 4 of 5

case is BioGenesis. On that basis, BioGenesis respectfully requests that the Court grant its Motion. If, however, the Court is inclined to deny BioGenesis's Motion, BioGenesis would concur with AIG's request that the Court exclude all documents produced by Rhino after its deadline to produce documents had expired.

Respectfully submitted this 23th of May, 2003.

CALVO AND CLARK, LLP
Attorneys At Law
Attorneys for Defendant
Biogenesis Pacific, Inc.

By: _____
JANALYNN M. CRUZ

---

**BIOGENESIS PACIFIC INC.'S REPLY TO AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO BIOGENESIS PACIFIC, INC.'S MOTION TO MODIFY SCHEDULING ORDER AND DISCOVERY PLAN**
Civil Case No. 02-00008
B030523.327-0001.CT (Reply to Opposition to Motion to Modify).wpd

5