DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY,<br><br>Defendants. | Civil Case No. 02-00008<br><br><br><br><br><br><br><br>ORDER |
| BIOGENESIS PACIFIC INC.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10,<br><br>Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY,<br><br>Cross-Claimant,<br><br>vs.<br><br>BIOGENESIS PACIFIC INC.,<br><br>Cross-Claim Defendant. | |

This matter is before the Court on the Defendant's, Biogenesis Pacific, Inc. ("Biogenesis"), Motion to Modify Revised Scheduling Order and Discovery Plan.[1] The Court has reviewed the parties' submissions, as well as relevant caselaw and authority. For the reasons that follow, the Court hereby GRANTS the Defendant's motion.

## I. FACTS

This action arises under the Miller Act, United States Code, Title 40, Sections 270a through 270d. On or before May 2000, Defendant contractor, Biogenesis, entered into an oral contract with the United States of America to furnish materials and perform the labor for the installation of U.S. Navy housing roofing in various locations, in accordance with the specifications contained in the underlying contract, for a consideration of $4,926,657.00 for the period from May 15, 2000 to September 29, 2001. The contract was designated Navy Contract No. N62766-99-D-0425 (the "Contract"). The contract was continued and as of March 20, 2002, when this action was filed, remained in effect.

Plaintiff, Rhino Builders, Inc. ("Rhino") is engaged in the business of roofing installation and repairs. On or before May 2000, Rhino entered into an oral subcontract with Biogenesis. Rhino allegedly agreed to perform such contract work that the U.S. Navy might assign to Biogenesis on individual task orders under the Contract. Under the terms agreed upon, Biogenesis allegedly agreed to pay all of Rhino's actual costs of performance plus 50 percent (50%) of Biogenesis' profit upon completion of each task order under the Contract. While the terms were later recited in a letter from Biogenesis to Rhino, no formal written subcontract was ever executed between the parties. Rhino claims that Biogenesis failed to pay Rhino for work performed which lead to the filing of this action.

## II. ANALYSIS

Biogenesis and Rhino now move the Court to modify the scheduling order and discovery plan. They request that all discovery and motion deadlines be extended for an additional 180 days. Biogenesis argues that it needs more time to: 1) take the continued depositions of Messrs. Eugene

---

[1] On May 22, 2003, the Plaintiff, Rhino Builders, Inc., filed a Joinder in Motion to Modify Scheduling Order and Discovery Plan.

and Michael O'Connell and the deposition of witness, Mr. George Allen, a former employee of Rhino regarding a disputed invoice; and 2) to review more than a thousand pages of documents that the plaintiff submitted one week after the deposition deadline had passed. Rhino agrees with Biogenesis that further discovery needs to be conducted in the interest of justice.

The Defendants, AIG Technical Services, Inc. ("AIG") and American Home Assurance Company ("American Home") oppose the motion. They contend that Biogenesis failed to show "good cause" for the extension of the deadlines. With respect to taking Mr. Allen's deposition, AIG and Home Assurance argue that Biogenesis simply failed to depose Mr. Allen for which there is no excuse. Also, they contend that the additional pages of discovery produced are nothing more than invoices which can be verified by taking the deposition of one additional witness in May or June. Therefore, there would be no need to postpone the trial date.[2]

Biogenesis argues that with respect to taking Mr. Allen's deposition, Biogenesis first tried to elicit the information from six out of the seven witnesses listed by Rhino as possibly having knowledge regarding the invoice in question. However, through discovery it learned, and Rhino agrees, that the only person who is likely to have any knowledge of the disputed invoice is Mr. Allen who no longer works for Rhino nor resides on Guam. With respect to the invoices, Biogenesis states that they must be reviewed thoroughly since they relate to the amounts stated in Rhino's claim. Moreover, Biogenesis claims that taking the continued depositions of Messrs. Eugene and Michael O'Connell and deposition of Mr. Allen, all who reside off-island, would not be a simple task. The coordination of at least seven different individuals to conduct depositions in Hawaii is difficult even when done cooperatively. Here, counsel for Rhino will be on his honeymoon in June, and there are the summer travel schedules of all individuals to be considered. Thus, it is likely that the earliest depositions could be scheduled would be in July 2003.

Rule 16(b) of the Federal Rules of Civil Procedure allows for the modification of the scheduling order upon a showing of good cause and be leave of court. Additionally, Local Rule 16.5 allows for an extension of deadlines established by scheduling order "upon a good cause finding of the Court." The "good cause" standard is measured by diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

---

[2] Presently, the trial set in this matter is scheduled for September 8, 2003.

Applying the applicable standard to the facts of this case leads the Court to conclude that the parties have established good cause in support of their motion. In particular, the Court realizes that the case is quite involved, there are several parties with counter-claims and cross-claims, with many of the witnesses and parties residing off-island. Since the existing scheduling order was issued on March 13, 2003, the parties have conducted seven depositions. As noted, because not all of the parties or witnesses reside on Guam, there has had to be coordination with off-island travel and schedules of several different individuals. Moreover, Rhino has stated that there has been a struggle between Rhino's shareholders and Biogenesis' shareholders for control and ownership of Rhino which has added to the complexity of the case. Based upon the representations made, the Court finds that the parties have been diligent in moving this case along.

### III. CONCLUSION

Upon review of the parties' discovery efforts thus far, the Court finds that the parties have not been remiss in moving this case forward and there is good cause to grant the parties' request. Accordingly, Biogenesis' Motion is GRANTED. The parties are to submit a Revised Scheduling Order and Discovery Plan pursuant to this Order.

**SO ORDERED** this 2nd day of June, 2003.

JOHN S. UNPINGCO
District Judge