Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place
Ground Floor • Governor Joseph
 Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: 808 547 5151
Facsimile No.: 808 599 4517

Attorney for Defendants
AIG TECHNICAL SERVICES, INC.
and AMERICAN HOME ASSURANCE
COMPANY

**FILED**
DISTRICT COURT OF GUAM
JUL 29 2003
MARY L. M. MORAN
CLERK OF COURT

161

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **DEFENDANTS AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND CROSS-CLAIM; CERTIFICATE OF SERVICE** |
| BIOGENESIS PACIFIC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., <br><br> Counter-Defendant. | |

1

|  |  |
|---|---|
| BIOGENESIS PACIFIC, INC., | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, | ) |
| Third-Party Defendants. | ) |
| AMERICAN HOME ASSURANCE COMPANY | ) |
| Cross-Claimant, | ) |
| vs. | ) |
| BIOGENESIS PACIFIC, INC. | ) |
| Cross-Claim Defendant. | ) |

Defendants **AIG TECHNICAL SERVICES, INC. ("AIGTS")** and **AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME")** (collectively "Defendants") through counsel, **VERNIER & MAHER, LLP**, by Louie J. Yanza, hereby submit their answers to Plaintiff's Second Amended Complaint filed on July 15, 2003 in the above-entitled action, as follows:

1. Defendants AIGTS and AMERICAN HOME admit the allegations contained in Paragraphs 3, 7, 26, 27, 28 and 29 of Plaintiff's Second Amended Complaint.

2. Defendants AIGTS and AMERICAN HOME deny, generally and specifically, each and every allegation contained in Paragraphs 11, 12, 22, 23, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 44, 46, 48, 49, 50, 51,

2

52, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 65 and 66 of Plaintiff's Second Amended Complaint.

3. Defendants AIGTS and AMERICAN HOME state that they are without knowledge or information sufficient to allow them to formulate a belief as to the truth or veracity of the allegations contained in Paragraphs 1, 2, 4, 8, 9, 13, 14, 15, 16, 17, 18 19, 20, and 21 of Plaintiff's Second Amended Complaint and, based thereon, therefore, deny, generally and specifically, the same.

4. In response to Paragraph 5 of Plaintiff's Second Amended Complaint, Defendants AIGTS and AMERICAN HOME admit that AMERICAN HOME is a surety and is licensed to conduct business in New York and in Guam, but denies all other allegations of said paragraph.

5. In response to Paragraph 6 of Plaintiff's Second Amended Complaint, Defendants AIGTS and AMERICAN HOME admit that Plaintiff has filed suit under the Miller Act, but denies all other allegations of said paragraph.

6. In response to Paragraph 10 of Plaintiff's Second Amended Complaint, Defendants AIGTS and AMERICAN HOME admit the allegations except the allegation that Defendant AIGTS is a surety, which is denied.

7. In response to Paragraph 24 of Plaintiff's Second Amended Complaint, Defendants AIGTS and AMERICAN HOME admit that a true and correct copy of Bond No. 20-80-88 is attached as Exhibit "B" to Plaintiff's First Amended Complaint, but deny all other allegations of said paragraph.

3

8. In response to Paragraph 25 of Plaintiff's Second Amended Complaint, Defendants AIGTS and AMERICAN HOME admit that in October of 2001 Plaintiff contacted Defendant AMERICAN HOME to initiate the claims process and AMERICAN HOME referred Plaintiff to Defendant AIGTS, as the latter was and is claims processor for the surety AMERICAN HOME, but deny all other allegations of said paragraph.

9. In response to Paragraph 31 of Plaintiff's Second Amended Complaint, Defendant AIGTS and AMERICAN HOME admit that they are owned by the same company but deny all other allegations of said paragraph.

10. In response to the reallegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint, Defendants AIGTS and AMERICAN HOME reallege and incorporate herein by this reference their previous responses to Paragraphs 1 – 40, as if more fully set forth herein.

11. In response to the reallegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint, Defendants AIGTS and AMERICAN HOME reallege and incorporate herein by this reference their previous responses to Paragraphs 1 – 42, as if more fully set forth herein.

12. In response to the reallegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint, Defendants AIGTS and AMERICAN HOME reallege and incorporate herein by this reference their previous responses to Paragraphs 1 – 44, as if more fully set forth herein.

13. In response to the reallegations contained in Paragraph 47 of Plaintiff's Second Amended Complaint, Defendants AIGTS and AMERICAN

HOME reallege and incorporate herein by this reference their previous responses to Paragraphs 1 – 46, as if more fully set forth herein.

14. In response to the reallegations contained in Paragraph 58 of Plaintiff's Second Amended Complaint, Defendants AIGTS and AMERICAN HOME reallege and incorporate herein by this reference their previous responses to Paragraphs 1 – 57, as if more fully set forth herein.

15. Except as otherwise specifically admitted herein, Defendants deny, generally and specifically, each and every allegation not otherwise denied in Plaintiff's Second Amended Complaint.

## AFFIRMATIVE DEFENSES

By way of avoidance and affirmative defense, **AIG TECHNICAL SERVICES, INC. ("AIGTS")** and **AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME")** (collectively "Defendants") assert the following:

1. Plaintiff RHINO BUILDERS, INC.'s ("RHINO BUILDERS") claims are barred by the statute of limitations.

2. Plaintiff RHINO BUILDERS is a joint venture partner with Defendant BIOGENESIS PACIFIC, INC. ("BIOGENESIS") and thus is not entitled to bring suit under the Miller Act.

3. Plaintiff RHINO BUILDERS fails to state a claim upon which relief can be granted.

4. Defendant AIGTS is neither neither a surety nor a party to the bond contract and, as such, the Second Amended Complaint fails to state a claim against AIGTS.

5

5. The equipment supplied by Plaintiff RHINO BUILDERS is capital equipment and is therefore, not covered or protected by any bond.

6. If at all an oral contract existed, Plaintiff RHINO BUILDERS breached the contract with Defendant BIOGENESIS.

7. If an oral contract existed, the materials and services supplied (or lack thereof) were not in conformance with the purchase order of the United States.

8. There is no contract between Defendant BIOGENESIS and the Plaintiff RHINO BUILDERS because the alleged oral contract violates the statute of frauds.

9. Defendants AIGTS and AMERICAN HOME do not owe a fiduciary duty to Plaintiff RHINO BUILDERS.

10. If an oral contract existed, the obligations of the principal BIOGENESIS was altered, thus exonerating the surety AMERICAN HOME.

11. This Court lacks subject matter jurisdiction over the Plaintiff's bad faith and breach of implied warranty of authority claims.

12. The date of filing of the Second Amended Complaint herein does not relate back to the filing date of the original Complaint in this case.

13. Plaintiff RHINO BULDERS failed to mitigate its damages.

16. The surety AMERICAN HOME's conduct is privileged and protected by 18 G.C.A. §32302.

17. The surety AMERICAN HOME's conduct was reasonable and in accordance with applicable laws and procedures.

18. Plaintiff's claims are barred or should be reduced due to Plaintiff's comparative negligence.

19. Plaintiff's claims are barred or should be reduced due to Plaintiff's contributory negligence.

14. Defendants AIGTS and AMERICAN HOME reserve the right to assert future affirmative defenses as may appear and discovery proceeds.

## CROSS-CLAIM

COMES NOW, Cross-Claimant **AMERICAN HOME ASSURANCE COMPANY** (hereinafter "Cross-Claimant AMERICAN HOME"), through counsel, VERNIER & MAHER, LLP, by Louie J. Yanza, and as and for its Cross-Claim against Defendant **BIOGENESIS PACIFIC, INC.** (hereinafter "Cross-Claim Defendant BIOGENESIS"), hereby alleges as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C.A. §1332, because the matter in controversy exceeds the principal sum of Seventy Five Thousand Dollars ($75,000.00), and all parties are citizens of different states.

2. Cross-Claim Defendant BIOGENESIS is a corporation incorporated and conducting business in the State of Hawaii.

3. Cross-Claimant AMERICAN HOME is a New York corporation.

4. In connection with and in consideration for the issuance of Payment Bond No. 20-80-88, Cross-Claim Defendant BIOGENESIS, agreed to indemnify, hold harmless and defend Cross-Claimant AMERICAN HOME with respect to any and all claims, demands, causes of action

7

and other matters asserted against Cross-Claimant AMERICAN HOME, in connection with the Payment Bond.

5. Cross-Claimant AMERICAN HOME has performed all precedent conditions and obligations on its part to be performed.

WHEREFORE, Defendants **AIGTS** and **AMERICAN HOME** pray for relief herein as follows:

1. That Plaintiff RHINO BUILDERS take nothing against Defendant AIGTS and Defendant/Cross-Claimant AMERICAN HOME by way of its Second Amended Complaint;

2. That Plaintiff's Second Amended Complaint be dismissed with prejudice;

3. That the claims asserted by Plaintiff in its Second Amended Complaint be dismissed against Defendant AIGTS and Defendant/Cross-Claimant AMERICAN HOME;

4. That on Defendant/Cross-Claimant AMERICAN HOME's cross-claim, judgment in favor of Defendant/Cross-Claimant AMERICAN HOME and against Cross-Claim Defendant BIOGENESIS, in the amount of any judgment rendered in favor of Plaintiff RHINO BUILDERS on its Second Amended Complaint;

5. That on AMERICAN HOME's Cross-Claim, regardless of any judgment in favor of Plaintiff, for judgment against Cross-Claim Defendant BIOGENESIS for Cross-Claimant AMERICAN HOME's attorneys' fees and costs incurred herein; and

8

6. For such other further relief as the Court may deem just and proper.

Dated this 29th day of July, 2003.

**VERNIER & MAHER, LLP**
**Attorney for Defendants and Cross-Claimant**
**AIG TECHNICAL SERVICES, INC. and**
**AMERICAN HOME ASSURANCE COMPANY**

BY: _____
LOUIE J. YANZA

## CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before July 29, 2003, I caused to be sent by personal service or by facsimile a copy of the annexed **Defendants AIG Technical Services, Inc. and American Home Assurance Company's Answer to Plaintiff's Second Amended Complaint and Cross-Claim**, to the following parties at their place of business:

**Ms. Janalynn M. Cruz**
CALVO & CLARK, LLP
Suite 202, First Savings & Loan Building
655 South Marine Drive
Tamuning, Guam 96911

**Ms. Monica Valle**
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910

**Mr. Antonio L. Cortes**
Attorney At Law
233 Julale Center
424 West O'Brien Drive
Post Office Box BV
Hagåtña, Guam 96932-8973

**Mr. Frederick J. Kerley**
Reflection Center Building, Suite 202
222 Chalan Santo Papa
Hagåtña, Guam 96910

Executed this 29th day of July, 2003.

**VERNIER & MAHER, LLP**
**Attorney for Defendants**
**AIG TECHNICAL SERVICES, INC. and**
**AMERICAN HOME ASSURANCE COMPANY**

BY: _____
LOUIE J. YANZA

\\Valerie\c\MarieBackup\My Documents\CLIENTS (NON-GIA)\USA-Rhino v BIOGENESIS-AIG\Pleadings\Answer to 2ND Amended Complaint 071603.doc

10