James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: (808) 547-5151
Facsimile No.: (808) 599-4517

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

**FILED**
DISTRICT COURT OF GUAM
AUG - 5 2003
MARY L. M. MORAN
CLERK OF COURT

169

## UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br><br><br> *PRO HAC VICE* APPLICATION OF JAMES LAWHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| BIOGENESIS PACIFIC, INC., <br><br> Plaintiff, <br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendant. | |

ORIGINAL

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | )<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| BIOGENESIS PACIFIC, INC. | )<br>) |
| Cross-Claim Defendant. | ) |

Pursuant to the Local Rules of Practice for the District Court of Guam, General Rule 17.1(d), JAMES LAWHN, of the law firm of OLIVER LAU LAWHN OGAWA & NAKAMURA, 707 Richard Street, Suite 600, Honolulu, Hawaii 96813, telephone: (808) 533-3999, facsimile: (808) 533-0144, hereby requests this Court to enter an order permitting him to appear and participate in this particular matter as counsel *pro hac vice*.

This application is supported by the attached Memorandum of Points and Authorities, the Declaration of James Lawhn, and Designation of Local Counsel filed contemporaneously herewith.

Dated this ____ day of August, 2003.

                                              **OLIVER LAU LAWHN OGAWA & NAKAMURA**
                                              Attorneys for Defendants
                                              **AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY**

BY: _____
           JAMES LAWHN

2

## I.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF *PRO HAC VICE* APPLICATION

Suit has been filed by Plaintiff RHINO BUILDERS, INC. seeking damages of approximately $1,264,694.47. This suit is based upon the Federal Miller Act. The Plaintiff is an alleged subcontractor of the Defendant BIOGENESIS PACIFIC, INC. ("BIOGENESIS"). The Plaintiff claims BIOGENESIS has not paid any monies to the Plaintiff. AIG TECHNICAL SERVICES, INC. ("AIGTS") and AMERICAN HOME ASSURANCE COMPANY ("AHAC") have been made Defendants in this action by virtue of the Miller Act. Defendant AHAC is the surety on the bond. Defendants AIGTS and AHAC have denied liability, responsibility and, indeed, coverage for the actions, losses and damages set forth in Plaintiffs' Second Amended Complaint due to breach of contract and bad faith.

This matter involves complex construction and surety bad faith issues necessitating the need for experienced attorneys to assist in the handling of this litigation. Defendants AIGTS and AHAC also desire that JAMES LAWHN, of the law firm of OLIVER LAU LAWHN OGAWA & NAKAMURA, and STEVEN TOM of WHITE & TOM, represent their interests in this action with VERNIER & MAHER, LLP, participating as local counsel in accordance with the Rules of this Court. James Lawhn is an experienced attorney whose practice involves complex surety work, such as this case. On this basis, James Lawhn, of the law firm of OLIVER LAU LAWHN OGAWA & NAKAMURA, 707 Richard Street, Suite 600, Honolulu, Hawaii 96813, applies for admission to appear and practice in this case as counsel *pro hac vice*.

## II.

## DISCUSSION

G.R. 17.1(d) of the Local Rules of Practice of the District Court of Guam permits attorneys who have not been admitted to practice in Guam but who are eligible to practice before "the bar of any United States Court or the highest court of any State or of any Territory or Insular Possession of the United States" to participate *pro hac vice* in the District Court of Guam. D. Guam Ct. R. GR 17.1(d). Any such applications are granted upon the discretion of the District Court. *Id.* Since the Supreme Court ruling in Selling v. Radford, 243 U.S. 46 (1917), district courts have liberally granted admission *pro hac vice* to attorneys who are members in good standing in a state other than where admission is sought. However, the District Court has authority to promulgate local rules governing the requirements and conditions under which such admissions shall be granted, and may require that local counsel be designated to assist in the conduct of the case. Ma v. Community Bank, 686 F.2d 459 (7th Cir. 1982).

In the case at bar, Defendants AIGTS and AHAC have sought the additional assistance of James Lawhn, an off-island attorney with extensive surety experience. Louie J. Yanza, of the law firm of VERNIER & MAHER, LLP, consents to serve as designated local counsel, in accordance with General Rule 17.1(d). As stated in his Declaration, the applicant is a member in good standing and eligible to practice in this jurisdiction indicated in his respective Declaration and he is not currently suspended or disbarred in any other court.

4

Case 1:02-cv-00008   Document 172   Filed 08/05/2003   Page 4 of 6

## III.

## CONCLUSION

Applicant has satisfied the formal requirements under General Rule 17.1(d) for admission *pro hac vice*. Further, in light of the technical nature of the subject matter of the present litigation and Applicant's specialized experience, Defendants AIGTS and AHAC desires to employ the Applicant for the purpose of representing their interest in the District Court of Guam in this particular matter.

For these reasons, Applicant respectfully requests this Court issue an Order granting his *Pro Hac Vice* application.

Respectfully submitted this 5 day of August, 2003.

OLIVER LAU LAWHN OGAWA
& NAKAMURA
Attorneys for Defendants
AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

BY: *[signature]*
JAMES LAWHN

# CERTIFICATE OF SERVICE

I, LOUIE J. YANZA, hereby certify that on the 5th day of August, 2003, I caused a copy of the annexed **Pro Hac Vice Application of James Lawhn; Memorandum of Points and Authorities in Support Thereof** to be served upon the parties hereto, by delivering and leaving a copy of same to their attorneys of record, as follows:

**Ms. Janalynn M. Cruz**
CALVO & CLARK, LLP
Suite 202, First Savings & Loan Building
655 South Marine Drive
Tamuning, Guam 96911

**Ms. Monica Valle**
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910

**Mr. Antonio L. Cortes**
Attorney At Law
233 Julale Center
424 West O'Brien Drive
Post Office Box BV
Hagåtña, Guam 96932-8973

**Mr. Frederick J. Kerley**
Reflection Center Building, Suite 202
222 Chalan Santo Papa
Hagåtña, Guam 96910

Executed this 5th day of August, 2003.

VERNIER & MAHER, LLP
Attorneys for Defendants
AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

BY: _____
LOUIE J. YANZA

6