FREDERICK J. KERLEY
ATTORNEY AT LAW
Reflection Center, Suite 202
222 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-7008
Facsimile: (671) 477-7009

Attorney for Counter-Defendant Michael O'Connell

FILED
DISTRICT COURT OF GUAM
AUG 19 2003
MARY L. M. MORAN
CLERK OF COURT

176

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **COUNTER-DEFENDANT MICHAEL O'CONNELL'S ANSWER TO AMENDED COUNTERCLAIM; CERTIFICATE OF SERVICE** |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC INC., <br><br> Cross-Claim Defendant. | |

**ORIGINAL**

# ANSWER TO AMENDED COUNTERCLAIM

Counter-Defendant Michael O'Connell ("O'Connell"), by and through his attorney, answers the amended counterclaim filed herein on July 30, 2003, as follows:

1. O'Connell denies the allegations set forth in paragraphs 1, 11, 13, 16, 17, 19, 20 through 25, 27, 28, 31, 34 through 37, 39 and 40 of the amended counterclaim.

2. Admits the allegations set forth in paragraphs 2, 3, 4, 6, 7 and 9 of the amended counterclaim.

3. Is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 5, 8, 26 and 29 of the amended counterclaim and therefore denies them.

4. In response to the allegations set forth in paragraph 10 of the amended counterclaim, O'Connell represented that Rhino had bonding and trained and licensed personnel, but denies all of the other allegations set forth in that paragraph. O'Connell affirmatively alleges that, in fact, it was Gerald Lam who, on behalf of Biogenesis, first approached O'Connell about Rhino helping Biogenesis perform its Contract with the Navy.

5. In response to the allegations set forth in paragraph 12 of the amended counterclaim, O'Connell is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of that paragraph and therefore denies them; O'Connell admits the allegations set forth in the second sentence in that paragraph.

6. In response to the allegations set forth in paragraph 14 of the amended counterclaim, O'Connell admits that Biogenesis allowed Rhino to enter the project site on or around February 2000, but denies that this was "at its own risk and cost for the limited purpose of investigating potential delivery orders under the Contract in order to provide specific proposals to Biogenesis", and otherwise denies the allegations set forth in that paragraph.

7. O'Connell denies the allegations set forth in paragraph 15 of the amended counterclaim and affirmatively alleges that Rhino accepted eighteen delivery orders from Biogenesis under its oral subcontract with Biogenesis.

8. In response to the allegations set forth in paragraph 18 of the amended counterclaim, O'Connell denies each and every allegation and affirmatively alleges that when Rhino accepted eighteen delivery orders from Biogenesis under its oral subcontract with Biogenesis, Biogenesis had not yet mobilized any workforce nor hired any employees on Guam.

9. In response to the allegations set forth in paragraph 30 of the amended counterclaim, O'Connell denies that Rhino did the things alleged in that paragraph and is without knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Danforth did the things alleged in that paragraph and therefore denies these allegations, and otherwise denies the allegations set forth in that paragraph, and O'Connell affirmatively alleges that to the extent that Rhino had its workers cease work, this was because Biogenesis' failure to pay Rhino in breach of their oral subcontract prevented Rhino from paying its employees.

10. In response to the allegations set forth in paragraph 32 of the amended counterclaim, O'Connell denies that Rhino did the things alleged in the first sentence in that paragraph and is without knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Danforth did the things alleged in the first sentence in that paragraph and therefore denies these allegations; admits that Biogenesis paid Rhino $25,000 for the materials and supplies Rhino purchased for the project; denies that Biogenesis requested a full accounting of all supplies ordered for the project; denies that Rhino and Mr. Danforth never provided Biogenesis with such an accounting; and otherwise denies the allegations in paragraph 32.

11. In response to the allegations incorporated by reference in paragraph 33 of the amended counterclaim, O'Connell incorporates by reference his responses to paragraphs 1 through 26 of the amended counterclaim, as set forth above.

12. In response to the allegations incorporated by reference in paragraph 38 of the amended counterclaim, O'Connell incorporates by reference his responses to paragraphs 1 through 32 of the amended counterclaim, as set forth above.

13. Denies that O'Connell ever acted in his individual capacity but that he was, at all relevant times, acting in his capacity as Chief Executive Officer of Rhino Builders, Inc.

14. Denies each and every allegation not expressly admitted above.

**AFFIRMATIVE DEFENSES**

15. The Court lacks personal jurisdiction over O'Connell and lacks subject matter jurisdiction over the claims asserted by Biogenesis.

16. The amended counterclaim, in whole or in part, fails to state a claim upon which relief can be granted.

17. Defendant's amended counterclaim is barred by the doctrines of estoppel, waiver and ratification.

18. Defendant's amended counterclaim is barred by one or more of the following additional affirmative defenses: statute of limitations; laches; set-off; bad faith; fraud and misrepresentation; and failure to mitigate damages.

//
//
//
//
//
//

4

WHEREFORE, O'Connell prays that the Court dismiss Biogenesis' amended counterclaim and that Biogenesis take nothing therefrom, and that the Court award O'Connell his costs and all other relief to which he is entitled.

Dated this 19th day of August, 2003.

FREDERICK J. KERLEY
ATTORNEY AT LAW
Attorney for Counter-Defendant
Michael O'Connell

*[signature]*

FREDERICK J. KERLEY

## CERTIFICATE OF SERVICE

I, Frederick J. Kerley, hereby certify that on August 19, 2003, I caused to be served the **COUNTER-DEFENDANT MICHAEL O'CONNELL'S ANSWER TO AMENDED COUNTERCLAIM**, by hand delivery to:

Law Office of Antonio L. Cortes
Suite 233, Julale Center
424 West O'Brien Drive
Hagåtña, Guam 96910

Calvo & Clark, LLP
Suite 202, First Savings & Loan Building
655 South Marine Drive
Tamuning, Guam 96911

Berman O'Connor Mann & Shklov
Suite 503 Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910

Vernier & Maher, LLP
115 Hessler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910

Dated this 19th day of August, 2003.

FREDERICK J. KERLEY
ATTORNEY AT LAW
Attorney for Counter-Defendant
Michael O'Connell

_____
FREDERICK J. KERLEY