ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO.,<br><br>Defendants. | CIVIL CASE NO.02-00008<br><br>**REPLY TO JULY 30, 2003 COUNTERCLAIM BY BIOGENESIS** |
| BIOGENESIS PACIFIC, INC.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10,<br><br>Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO.,<br><br>Cross-Claimant,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC.,<br><br>Cross-Claim Defendant. | |

Plaintiff Rhino Builders, Inc. replies to the July 30, 2003 counterclaim of Defendant Biogenesis Pacific, Inc. ("Defendant") in this matter by alleging as follows:

1. Plaintiff admits the allegations in paragraphs 1, 2, 3, 4, 6, 7 and 9 of the amended counterclaim.

2. Plaintiff admits all allegations admitted in its October 22, 2002 reply to Defendant's October 8, 2002 Amended Counterclaim.

3. Plaintiff admits that, on or about February 2000, Defendant did submit Mr. Avilla's name to the Navy as Defendant's representative.

4. Plaintiff admits that Defendant paid Plaintiff $25,000 for work, materials, and/or supplies used by Plaintiff to complete work under the Navy Contract.

5. Except as admitted in the foregoing paragraphs 1 through 4, Plaintiff denies each and every allegation made by Defendant in its July 30, 2003 Counterclaim.

## AFFIRMATIVE DEFENSES

1. The July 30, 2003 counterclaim is untimely made, without leave of Court, in contravention to the Court's Scheduling Order, and without the required showing that said order should properly be modified to allow this new counterclaim.

2. The July 30, 2003 counterclaim fails to state a claim upon which relief may be granted.

3. Defendant's July 30, 2003 counterclaim is barred by the doctrines of estoppel and waiver, Defendant's ratification of allegedly unauthorized acts, the statute of frauds, privilege, license, duress, the applicable statutes of limitations, laches, unclean hands, bad faith, fraud and misrepresentation, setoff, and Defendant's failure to mitigate its alleged damages.

WHEREFORE, plaintiff prays that the court dismiss Defendant's July 30, 2003 counterclaim, that Defendant take nothing therefrom, and that the Court award Plaintiff its costs and all other relief to which it is entitled.

DATED this 2nd day of September 2003.

LAW OFFICE OF ANTONIO L. CORTÉS
Attorneys for Plaintiff Rhino Builders, Inc.

By: _____
ANTONIO L. CORTES