CARLSMITH BALL LLP

SINFOROSO TOLENTINO
DAVID LEDGER
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813



FILED
DISTRICT COURT OF GUAM
SEP 19 2003
MARY L. M. MORAN
CLERK OF COURT

191

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.,<br><br>                Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC, AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY,<br><br>                Defendants.<br><br>BIOGENESIS PACIFIC, INC.,<br><br>                Counterclaimant,<br><br>vs.<br><br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10,<br><br>                Counter-Defendant. | CIVIL CASE NO. CV02-00008<br><br>**NONPARTY CARLSMITH BALL LLP'S OBJECTIONS TO DEPOSITION SUBPOENAS AND SUBPOENAS DUCES TECUM; DECLARATION OF SERVICE** |

3156801-1

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | ) ) ) |
| Cross-Claimant, | ) ) |
| vs. | ) ) |
| BIOGENESIS PACIFIC, INC., | ) ) |
| Cross-Claim Defendant. | ) ) |

1. On or about September 5, 2003 defendants AIG Technical Services, Inc. and American Home Assurance Company (jointly referred to as "AIG") caused to be served a subpoena and 30(B)(6) notice of deposition (jointly referred to as the "Guam Deposition Subpoena") on Carlsmith Ball LLP ("Carlsmith") at its Guam office, located at 134 West Soledad Ave, Bank of Hawaii Building, Agana, Guam. The Guam Deposition Subpoena directed Carlsmith to designate persons to testify on its behalf, in Guam, concerning five specified subjects. See Exh. A.

2. On or about September 5, 2003 AIG caused to be served a subpoena duces tecum (the "Guam Subpoena Duces Tecum") on the Custodian of Records of Carlsmith at its Guam office. The Guam Subpoena Duces Tecum directed Carlsmith to produce, in Guam, documents in four specified categories. See Exh. B.

3. On or about September 4, 2003 AIG caused to be served a deposition subpoena (the "Hawaii Deposition Subpoena") on Carlsmith at its Honolulu, Hawaii office, located at 1001 Bishop Street, Suite 2200, Honolulu, Hawaii. The Hawaii Deposition Subpoena directed Carlsmith to designate persons to testify on its behalf, in Honolulu, Hawaii, concerning the same five specified subjects listed in the Guam Deposition Subpoena. See Exh. C.

4. On or about September 4, 2003 AIG caused to be served a subpoena duces tecum (the "Hawaii Subpoena Duces Tecum") on the Custodian of Records of Carlsmith at its Honolulu, Hawaii office. The Hawaii Subpoena Duces Tecum directs Carlsmith to produce, in Honolulu, Hawaii, documents in the same four categories specified in the Guam Subpoena Duces Tecum. See Exh. D.

5. Carlsmith objects to the subpoenas and notice on deposition served on its Guam and Honolulu, Hawaii offices as follows:

    A.     <u>Guam and Hawaii Deposition Subpoenas - (Exhs. A and C)</u>

        1. Carlsmith objects to the Guam Deposition Subpoena and the Hawaii Deposition Subpoena insofar as they are duplicative and purport to require Carlsmith to designate persons to testify on its behalf concerning the same subjects in both Guam and Honolulu, Hawaii.

        2. Insofar as Carlsmith designates one or more persons who live and work in Hawaii to testify concerning any of the subjects of the Guam Deposition Subpoena, Carlsmith objects to the Guam Deposition Subpoena insofar as it purports to require Carlsmith to make such person or persons available for a deposition in Guam on the grounds that compliance would be unduly burdensome and would require a person or persons not a party to this action or an officer of a party to travel to a place more than 100 miles from the place where the person or persons reside, are employed, or regularly transact business in person.

        3. Insofar as Carlsmith designates one or more persons who lives and works in Guam to testify concerning any of the subjects of the Hawaii Deposition Subpoena, Carlsmith objects to the Hawaii Deposition Subpoena insofar as it purports to require Carlsmith

3156801-1                    3.

to make such person or persons available for a deposition in Hawaii on the grounds that compliance would be unduly burdensome and would require a person or persons not a party to this action or an officer of a party to travel to a place more than 100 miles from the place where the person or persons reside, are employed, or regularly transact business in person.

    4.    Carlsmith reserves the right to make available in Guam one or more persons to testify on its behalf regarding one or more of the subjects specified in the Guam and Hawaii Deposition Subpoenas and to make available in Honolulu, Hawaii one or more persons to testify on its behalf concerning the other subjects of the Guam and Hawaii Deposition Subpoenas.

    B.    <u>Guam and Hawaii Subpoenas Duces Tecum - (Exhs. B and D)</u>

    1.    Carlsmith objects to producing any document covered by the attorney-client privilege.

    2.    Carlsmith objects to producing any document protected from discovery under the work-product doctrine.

    3.    Carlsmith objects to producing the same documents in Guam and Hawaii. Carlsmith will only produce documents once, at a location or locations to be agreed upon among counsel for Carlsmith and counsel for the parties to this action.

Dated this 19th day of September 2003.

CARLSMITH BALL LLP

_____
SINFOROSO TOLENTINO for
CARLSMITH BALL LLP

## DECLARATION OF SERVICE

I, Sinforoso Tolentino, hereby declare under penalty of perjury of the laws of the United States, that on the 19th day of September 2003, I will cause to be served, via hand delivery, a true and correct copy of the foregoing Objections to Deposition Subpoena; Declaration of Service upon Counsel of record as follows:

> Louie J. Yanza, Esq.
> Vernier & Maher, LLP
> 115 Hesler Place, Ground Floor
> Governor Joseph Flores Building
> Hagåtña, Guam 96910

On the 19th day of September 2003, I also caused a copy of said documents, to be served on the following, by depositing same with the United States mail in sealed envelopes, postage prepaid, addressed as follows:

> James Lawhn
> Oliver Lau Lawhn Ogawa & Nakamura
> 707 Richard Street, Suite 600
> Honolulu, Hawaii 96813

and,
> Stephen D. Tom
> White & Tom
> 820 Mililani Street, Suite 711
> Honolulu, Hawaii 96813-2972

Executed this 19th day of September 2003 at Hagåtña, Guam.

SINFOROSO TOLENTINO

```
 1  James Lawhn
    OLIVER LAU LAWHN OGAWA & NAKAMURA
 2  707 Richard Street, Suite 600
    Honolulu, Hawaii 96813
 3  Telephone No.: (808) 533-3999
    Facsimile No.: (808) 533-0144
 4
    Stephen D. Tom
 5  WHITE & TOM
    820 Mililani Street, Suite 711
 6  Honolulu, Hawaii 96813-2972
    Telephone No.: 808 547 5151
 7  Facsimile No.: 808 599 4517

 8  Louie J. Yanza
    VERNIER & MAHER, LLP
 9  115 Hesler Place, Ground Floor
    Governor Joseph Flores Building
10  Hagåtña, Guam 96910
    Telephone No.: (671) 477-7059
11  Facsimile No.: (671) 472-5487

12  Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
    AMERICAN HOME ASSURANCE COMPANY
```

### UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> DEPOSITION SUBPOENA PURSUANT TO RULE 30(b)(6); PROOF AND CERTIFICATION OF SERVICE; CERTIFICATE OF SERVICE <br><br> DATE: SEPTEMBER 24, 2003 <br> TIME: 9:00 a.m. |
| BIOGENESIS PACIFIC, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendant. | |

**EXHIBIT A**

1

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | )<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| BIOGENESIS PACIFIC, INC. | )<br>) |
| Cross-Claim Defendant. | )<br>)<br>) |

TO: CARLSMITH BALL, LLP, Suite 401, Bank of Hawaii Building, 134 W. Soledad Avenue, Hagatna, Guam 96910

YOU ARE HEREBY COMMANDED to appear and attend as a witness before a notary public, at the law offices of VERNIER & MAHER, LLP, 115 Hesler Place, Ground Floor, Governor Joseph Flores Building, Hagatna, Guam 96910, on Wednesday, the 24th day of September, 2003 at 9:00 o'clock a.m., then and there to testify in the above-entitled cause on the part of Defendants.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are hereby notified that you have a duty to designate one or more attorneys, officers, directors, managing agents or other persons who consent to testify on your behalf and whose testimony will bind CARLSMITH BALL, LLP, as to the following matters:

1. The person most knowledgeable concerning the preparation and submission of RHINO BUILDERS, INC.'s claims to AMERICAN HOME ASSURANCE COMPANY on October 22, 2001 and subsequent claims thereafter;

2. The person most knowledgeable concerning CARLSMITH BALL, LLP's communication and contacts with AMERICAN HOME ASSURANCE COMPANY, AIG TECHNICAL SERVICES, INC. and AMERICAN

INTERNATIONAL GROUP, INC., and related and affiliated companies regarding CARLSMITH BALL, LLP's representation of RHINO BUILDERS, INC.

3. The person most knowledgeable concerning legal services performed for RHINO BUILDERS, INC., in RHINO BUILDERS, INC.'s claims against BIOGENESIS PACIFIC, INC., AMERICAN HOME ASSURANCE COMPANY and AIG TECHNICAL SERVICES, INC., prior to CARLSMITH BALL, LLP's withdrawal from representing RHINO BUILDINERS, INC.

4. The person most knowledgeable concerning letters addressed to RHINO BUILDERS, INC., regarding CARLSMITH BALL, LLP's withdrawal from representing RHINO BUILDERS, INC., on RHINO BUILDER, INC.'s claims against BIOGENESIS PACIFIC, INC., AMERICAN HOME ASSURANCE COMPANY and AIG TECHNICAL SERVICES, INC.

5. The person most knowledgeable concerning the filing of the Plaintiff RHINO BUILDERS, INC.'s Complaint on March 20, 2002.

For failure to attend or answer as a witness, you may be deemed guilty of contempt of court, and liable to pay all losses and damages sustained by the parties aggrieved.

Dated this 3rd day of September, 2003.

VERNIER & MAHER, LLP
Attorneys for Defendants
AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

BY: _____
        LOUIE J. YANZA

3

## PROOF AND CERTIFICATION OF SERVICE

I certify that on the _____ day of September, 2003, at about _____, ___.m., I served a copy of this Deposition Subpoena upon _____ of CARLSMITH BALL, LLP, Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña, Guam, and tendered the statutory amount of fees required. I further certify that I am over the age of 18 years and am not a party to the action.

_____

4

James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: 808 547 5151
Facsimile No.: 808 599 4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> DEPOSITION SUBPOENA *DUCES TECUM*; PROOF AND CERTIFICATION OF SERVICE; CERTIFICATE OF SERVICE <br><br> DATE: SEPTEMBER 23, 2003 <br> TIME: 9:30 a.m. |
| BIOGENESIS PACIFIC, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendant. | |

RECEIVED
CARLSMITH BALL
Date: 9/15/03
By: EM

**EXHIBIT B**   1

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | )<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| BIOGENESIS PACIFIC, INC. | )<br>) |
| Cross-Claim Defendant. | )<br>)<br>) |

TO: CUSTODIAN OF RECORDS FOR CARLSMITH BALL, LLP - Suite 401, Bank of Hawaii Building, 134 W. Soledad Avenue, Hagatna, Guam

**YOU ARE HEREBY COMMANDED** to appear and attend as a witness before a notary public, at the law offices of VERNIER & MAHER, LLP, 115 Hesler Place, Ground Floor, Governor Joseph Flores Building, Hagatna, Guam 96910, on Tuesday, the 23rd day of September, 2003 at 9:30 a.m., then and there to testify in the above-entitled cause on the part of Defendants, and bring with you the following:

1. Any and all correspondence, faxes, e-mail, memoranda, notes, minutes, letters, timesheets, billings, and documents between you and Carlsmith Ball, LLP, memorializing, arising out of, relating to, and involving Carlsmith Ball, LLP's withdrawal of its representation of RHINO BUILDERS, INC. in the above-entitled lawsuit.

2. Any and all correspondence, faxes, e-mail, memoranda, notes, minutes, letters, timesheets, billings, and documents memorializing, arising out of, relating to, and involving Carlsmith Ball, LLP's communications with American International Group, Inc., American Home Assurance Company and AIG Technical Services, Inc. or an affiliated or related entity, concerning Carlsmith Ball, LLP's withdrawal from its representation of RHINO BUILDERS, INC. in the above-entitled lawsuit.

3. Any and all correspondence, faxes, e-mail, memoranda, notes, minutes, letters, timesheets, billings, and documents memorializing, arising out of, relating to, and involving Carlsmith Ball, LLP's communications with American International Group,

2

Inc., American Home Assurance Company and AIG Technical Services, Inc. or an affiliated or related entity, concerning the filing of RHINO BUILDERS, INC.'s Complaint on March 20, 2002.

4. Any and all correspondence, faxes, e-mail, memoranda, notes, minutes, letters, timesheets, billings, and documents between you and Carlsmith Ball, LLP, memorializing, arising out of, relating to, and involving Carlsmith Ball, LLP's withdrawal from representing RHINO BUILDERS, INC.

For failure to attend or answer as a witness or produce the documents, you may be deemed guilty of contempt of court, and liable to pay all losses and damages sustained by the parties aggrieved.

Dated this 3rd day of September, 2003.

VERNIER & MAHER, LLP
Attorneys for Defendants
AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

BY: _____
LOUIE J. YANZA

**PROOF AND CERTIFICATION OF SERVICE**

I certify that on the _____ day of September, 2003, at about _____, ___.m., I served a copy of this Deposition Subpoena *Duces Tecum* upon the _____, the CUSTODIAN OF RECORDS of _____ CARLSMITH BALL, LLP, Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña, Guam, and tendered the statutory amount of fees required. I further certify that I am over the age of 18 years and am not a party to the action.

_____

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

UNITED STATES OF AMERICA FOR USE AND
BENEFIT OF RHINO BUILDERS, INC.,

V.

BIOGENESIS PACIFIC, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 02-00008
(District of Guam)

TO: CARLSMITH BALL, LLP
American Savings Bank Tower
1001 Bishop Street, Suite 2200
Honolulu, Hawaii 96813

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See Attachment)

| PLACE OF DEPOSITION OLIVER, LAU, LAWHN, OGAWA & NAKAMURA, 707 Richards Street, Suite 600, Honolulu, Hawaii 96813 | DATE AND TIME October 7, 2003 at 9:00 AM |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendants AIG and American Home Assurance | DATE September 4, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
JAMES H. LAWHN, ESQ.
Oliver, Lau, Lawhn, Ogawa & Nakamura
707 Richards Street, Suite 600, Honolulu, HI 96813 / Telephone: (808) 533-3999

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT C**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____            _____
                        DATE                                          SIGNATURE OF SERVER

                                                                      _____
                                                                      ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT
### to Subpoena In A Civil Case
### Directed to
### CARLSMITH BALL, LLP

Pursuant to Rule 30(b)(6) of the *Federal Rules of Civil Procedure*, Deponent CARLSMITH BALL, LLP, shall designate one or more attorneys, officers, directors, managing agents or other person who consent to testify on its behalf and whose testimony will bind CARLSMITH BALL, LLP, on the following matters:

1. The person most knowledgeable concerning the preparation and submission of RHINO BUILDERS, INC.'s claims to AMERICAN HOME ASSURANCE COMPANY on October 22, 2001 and subsequent related claims thereafter.

2. The person most knowledgeable concerning CARLSMITH BALL, LLP's communication and contacts with AMERICAN HOME ASSURANCE COMPANY, AIG TECHNICAL SERVICES, INC. and AMERICAN INTERNATIONAL GROUP, INC., and related and affiliated companies regarding CARLSMITH BALL, LLP's representation of RHINO BUILDERS, INC.

3. The person most knowledgeable concerning legal services performed for RHINO BUILDERS, INC., in RHINO BUILDERS, INC.'s claims against BIOGENESIS PACIFIC, INC., AMERICAN HOME ASSURANCE COMPANY and AIG TECHNICAL SERVICES, INC., prior to CARLSMITH BALL, LLP's withdrawal from representing RHINO BUILDERS, INC.

4. The person most knowledgeable concerning letters addressed to RHINO BUILDERS, INC., regarding CARLSMITH BALL, LLP's withdrawal from representing RHINO BUILDERS, INC., on RHINO BUILDERS, INC.'s claims against BIOGENESIS PACIFIC, INC., AMERICAN HOME ASSURANCE COMPANY and AIG TECHNICAL SERVICES, INC.

5. The person most knowledgeable concerning the filing of the Plaintiff RHINO BUILDERS, INC.'s Complaint on March 20, 2002.

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

UNITED STATES OF AMERICA FOR USE AND
BENEFIT OF RHINO BUILDERS, INC.,

**SUBPOENA IN A CIVIL CASE**

V.

BIOGENESIS PACIFIC, INC., et al.

Case Number:[1] 02-00008
(District of Guam)

TO: CUSTODIAN OF RECORDS, CARLSMITH BALL, LLP
American Savings Bank Tower
1001 Bishop Street, Suite 2200
Honolulu, Hawaii 96813

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  OLIVER, LAU, LAWHN, OGAWA & NAKAMURA, 707 Richards Street, Suite 600, Honolulu, Hawaii 96813 | DATE AND TIME October 6, 2003 at 9:00 AM |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See Attachment)

| PLACE  OLIVER, LAU, LAWHN, OGAWA & NAKAMURA, 707 Richards Street, Suite 600, Honolulu, Hawaii 96813 | DATE AND TIME October 6, 2003 at 9:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Attorney for Defendants AIG and American Home Assurance | DATE September 4, 2003 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
JAMES H. LAWHN, ESQ.
Oliver, Lau, Lawhn, Ogawa & Nakamura
707 Richards Street, Suite 600, Honolulu, HI 96813 / Telephone: (808) 533-3999

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT D**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
              DATE                    SIGNATURE OF SERVER

                                     _____
                                     ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT
### to Subpoena In A Civil Case
### Directed to
### CUSTODIAN OF RECORDS, CARLSMITH BALL, LLP

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the Law Offices of Oliver, Lau, Lawhn, Ogawa & Nakamura, whose address is Ocean View Center, 707 Richards Street, Suite 600, Honolulu, Hawaii 96813, on October 6, 2003 at 9:00 a.m.:

1. Any and all correspondence, faxes, e-mail, memoranda, notes, minutes, letters, timesheets, billings, and documents memorializing, arising out of, relating to, and involving Carlsmith Ball, LLP's withdrawal of its representation of RHINO BUILDERS, INC. in the above-entitled lawsuit.

2. Any and all correspondence, faxes, e-mail, memoranda, notes, minutes, letters, timesheets, billings, and documents memorializing, arising out of, relating to, and involving Carlsmith Ball, LLP's communications with American International Group, Inc., American Home Assurance Company and AIG Technical Services, Inc. or an affiliated or related entity, concerning Carlsmith Ball, LLP's withdrawal from its representation of RHINO BUILDERS, INC. in the above-entitled lawsuit.

3. Any and all correspondence, faxes, e-mail, memoranda, notes, minutes, letters, timesheets, billings, and documents memorializing, arising out of, relating to, and involving Carlsmith Ball, LLP's communications with American International Group, Inc., American Home Assurance Company and AIG Technical Services, Inc. or an affiliated or related entity, concerning the filing of RHINO BUILDERS, INC.'s Complaint on March 20, 2002.

4. Any and all correspondence, faxes, e-mail, memoranda, notes, minutes, letters, timesheets, billings, and documents memorializing, arising out of, relating to, and involving Carlsmith Ball, LLP's communications to RHINO BUILDERS, INC., stating Carlsmith Ball, LLP, would withdraw from representing RHINO BUILDERS, INC.