ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

FILED
DISTRICT COURT OF GUAM
OCT 30 2003
MARY L. M. MORAN
CLERK OF COURT

227

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **PLAINTIFF'S OPPOSITION TO MOTION TO MODIFY SCHEDULING ORDER AND DISCOVERY PLAN TO ALLOW FURTHER DEPOSITIONS OF MICHAEL AND EUGENE O'CONNELL** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

Plaintiff United States of America for use and benefit of Rhino Builders, Inc. ("Plaintiff") most respectfully submits the following opposition to the October 16, 2003 motion of Biogenesis Pacific, Inc ("BPI") requesting an order modifying the Court's June 4, 2003 Scheduling Order and Discovery Plan so that BPI can again take the depositions of Michael O'Connell and Eugene O'Connell after the time provided to do so.

Plaintiff's Opposition to that motion has three grounds: (1) Neither the Motion nor the deposition notices were timely; (2) A modicum of diligence would have made this motion unnecessary; and (3) BPI has not made the required Rule 30 showing of why Plaintiff should be burdened with producing these deponents a fourth and third time.

Eugene O'Connell will prepare an affidavit regarding Plaintiff's net worth and make it available to the parties.

## I. REASONS THE MOTION SHOULD BE DENIED.

### A. Neither the Notices of Deposition Nor the Motion to Amend the Scheduling Order Were Timely.

To be timely under the June 4, 2003 Scheduling Order, any continuance of the depositions of Michael and Eugene O'Connell had to be noticed no later than September 9, 2003. The Order clearly states that any continued depositions of Messers O'Connell "will be taken in September 2003." June 4, 2003 Scheduling Order at 4. The Order also clearly states that "Depositions taken in Hawaii [where

2

both O'Connells reside] shall be preceded by 21 days notice." *id.* Consequently, even if the notices had set the depositions for the last permitted date, September 30, 2003, the notices had to be served no later than September 9, 2003. BPI did not notice depositions of the O'Connells until September 26, 2003, and set the date for October 17, 2003, well after the scheduled time for such proceedings.[1]

Relief from the time limits set by the Scheduling Order require amendment to that order. A motion for relief from those time limits must be made before the limits expire. F. R. Civ. Proc. Rule 6(b)(1). Here, no motion was made until thirty-seven days after the last day to serve the notice, sixteen days after the subject depositions had to be completed.

### B. A Modicum of Diligence Would Have Made This Motion Unnecessary.

Any depositions of the O'Connells to be taken pursuant to the June 4, 2003 Scheduling Order could have been noticed as early as the date of that Order, which was prepared by counsel for BPI and specifically provided for those September depositions. BPI could have noticed September dates for these depositions during June, July, and August. No party did so. Consistently with the June 4, 2003 Scheduling Order, Plaintiff's counsel scheduled no off-island travel in September 2003. The Sureties began to aggressively schedule depositions in September and October. BPI did not begin to schedule any depositions until October 9, 2003, well

---

[1] The scheduling order also provides that depositions of off-island deponents are to be scheduled after consultation with other counsel. The proposed October 17 date was not discussed with Plaintiff's counsel, and was a date on which he had arranged air travel on a
3

after the time to take the O'Connells' depositions for the third and fourth times had passed. Further, during the last 24 days allowed for depositions, BPI and the Sureties served notices for no less than twelve (12) depositions.[2] This must be considered with the fact BPI served no deposition notices at all during the first 18 *weeks* (126 days) after it filed the June 4 Scheduling Order, then served four deposition notices on September 26, 2003, very close to the October 17, 2003 cutoff for *all* depositions, and well after the September 9, 2003 cutoff for noticing the depositions for three of those depositions. LR 16.5 provides that "Delayed discovery will not justify an extension of discovery deadlines."[3]

BPI gives no reason for not noticing the O'Connell depositions to be held in September as ordered, while Plaintiff's counsel remained on island, and when there would be no problems of conflicts with the nine depositions that did not have to be held in September, several of which required off-island travel.

---

non-refundable ticket well prior to BPI's unilateral selection of the October 17 date. *See also* LR 30.1(b)

[2] Deposition duces tecum of Carlsmith Ball, Guam, September 23, 2003; 30(b)(6) deposition of Carlsmith Ball, Guam, September 24, 2003; Dana Gutierrez, September 26, 2003, Donald Calvo, October 1, 2003; Deposition duces tecum of Carlsmith Ball, Hawaii, October 6, 2003; George Allen, October 6, 2003; Terry Thomason, October 6, 2003; 30(b)(6) deposition of Carlsmith Ball, Guam, October 7, 2003; Amy Self, October 7, 2003; Faith Kaupu, October 14, 2003, Michael O'Connell, October 17, 2003, Eugene O'Connell, October 17, 2003.

[3] LR 16also provides that a motion for relief from the deadlines imposed by the Scheduling Order "must demonstrate a specific need for the requested extension, and should be accompanied by a detailed proposed amendment to the previously entered Scheduling Order. The date for the completion of discovery will be extended only if the remaining discovery is specifically described . . . ." As discussed in part C below, Plaintiff does not believe it appropriate to subject the O'Connells, who have already testified extensively, to the burden of additional testimony unless and until the reason therefore has been "specifically described."

F. R. Civ. Proc. Rule 16, which governs the amendment of scheduling orders, provides that any modification of a scheduling order made pursuant to Rule 16 must be supported by "a showing of good cause and by leave of the district judge, or when allowed by local rule, by a magistrate judge." F. R. Civ. Proc. Rule 16(b).

The 1983 comment to that rule elaborates upon the "good cause" requirement s in the following words:

> ... the court may modify the schedule on a showing of good cause if it cannot reasonably be met *despite the diligence of the party seeking the extension.* Since the scheduling order is entered early in the litigation, this standard seems more appropriate than the "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery.

[emphasis added]. This comports with the LR16.5 Rule that "Delayed discovery will not justify an extension of discovery deadlines." BPI has not shown that the O'Connell depositions could not have been held in September 2003 upon 21 days notice, as Ordered in the June 4, 2003 Scheduling Order and Discovery Plan.

### C. BPI Has Not Shown Good Cause for the Continued Depositions, Which Would Be Unduly Burdensome for Plaintiff.

Michael O'Connell has already been deposed three times, for 7 hours on February 20, 2003, for 4 hours on March 13, 2003, and for 2 ½ hours on April 17, 2003 – a total of 13 ½ hours. Eugene O'Connell has been deposed twice, for 8 ½ hours on April 17, 2003, and for 3 hours on April 22, 2003 – a total of 11 ½ hours. This circumstance shows that Plaintiff has been very cooperative in providing these witnesses for these several long deposition sessions well in excess of its duty under

5

the Rules of Civil Procedure. F. R. Civ. Proc. Rule 30(d)(2) ("Unless otherwise authorized by the court of stipulated by the parties, a deposition is limited to one day of seven hours.").

An Order to exceed the one-day and seven-hour limits must be based on the need for a "fair examination" of the witnesses or if something "impedes or delays" the deposition. *id.* Accordingly, Plaintiff has inquired of BPI why it seeks to further depose the O'Connells. The only reason BPI has given is that BPI seeks to discover the net worth of Plaintiff so that it can determine whether its prayer for $7,029,328.94 in punitive damages is reasonably related to its actual damage claim of $43,854.20. Plaintiff submits that this explanation is inadequate because: (1) a $7,000,000.00 punitive damage award would not be warranted by a $43,854.20actual damage award even if Plaintiff were significantly wealthier than BPI;[4] and (2) BPI knows that Plaintiff's net worth is exceedingly less than its own. The sworn testimony of BPI's principal, Gerald Lam, and its employee, Alfred Garthe III, is that Lam purported to acquire from Garthe a 49 to 50% ownership interest in Plaintiff for *no remuneration whatever* because that interest was *worthless*. *see* Exhibits 1 and 2 to Plaintiff's Declaration of Counsel, filed May 29, 2003 and incorporated by this reference. In the words of Mr. Garthe, he did not insist on payment from Mr. Lam because the shares "weren't worth anything." *Id.*, Exhibit 1, at 62:11.

---

[4] This is especially so because BPI's claim for $43,854.20 in actual damages depends upon BPI's ability to prove that Plaintiff did not have a subcontract to do the work at issue, and because BPI has repeatedly acknowledged in signed documents that Plaintiff had such a

6

While Plaintiff does not believe that Plaintiff's low net worth provides an adequate reason to subject the O'Connells to additional costly depositions, Plaintiff does believe that BPI's awareness of Plaintiff's poor financial condition provides a partial explanation of its desire to expend all such limited resources so that Plaintiff cannot afford to obtain the justice it deserves.

II. **PLAINTIFF IS NOT TRYING TO SUPPRESS THE FACTS BY OPPOSING THIS MOTION. IT IS MERELY TRYING TO CONSERVE SUFFICIENT RESOURCES TO PROSECUTE THIS CASE.**

Plaintiff has nothing to hide on the issue of its net worth and is not at all inclined to be secretive on that subject. It simply cannot afford to engage in further depositions of the O'Connells regarding information that can be better provided in a particular fashion by affidavit and that, in a general fashion, is already known to BPI according to its own sworn testimony. If there are other reasons to depose them, they should have been presented to Plaintiff prior to putting it into the position where it would have to respond to this motion. Thus, there has been no showing that the proposed, out-of time, discovery is not unreasonably cumulative, duplicative, or unduly burdensome for Plaintiff. See. F. R., Civ. Proc. Rule 26(b)(1).

III. **CONCLUSION.**

There has been no timely or sufficient motion to amend the scheduling order. The time for these depositions passed long before the instant motion was made. Plaintiff has, at great expense, provided these witnesses for depositions far in

---

contract. *See, e.g.* Exhibit A to Plaintiff's Complaint, filed March 20, 2002, which is a letter

7

excess of the Rule 30(d)(2) limit. BPI has not come forward with a reason that Michael and Eugene O'Connell must be deposed for the fourth and third times, respectively, or an explanation of why such discovery would not be unreasonably cumulative or duplicative, or place an unreasonable burden upon Plaintiff. Plaintiff has been diligent in producing its principles for deposition. BPI has not been diligent in noticing their continued depositions, or in providing Plaintiff reasons therefor.

For the foregoing reasons, Plaintiff most respectfully opposes BPI's October 1, 2003 motion to modify the June 4, 2003 scheduling order and discovery plan by allowing it to take the continued depositions of Michael and Eugene O'Connell, which were scheduled to be taken in September 2003 upon 21 days notice. Plaintiff will, however, provide the parties with an affidavit of Eugene O'Connell regarding Plaintiff's net worth.

Respectfully submitted this 30th day of October 2003.

                                                */s/ Antonio L. Cortes*
                                          Antonio L. Cortes, counsel for Plaintiff
                                          United States of America for use and benefit
                                          of Rhino Builders, Inc.

---

signed by BPI acknowledging the existence of the subcontract and discussing its terms.