ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933



FILED
DISTRICT COURT OF GUAM
OCT 30 2003
MARY L. M. MORAN
CLERK OF COURT

228

Attorney for Plaintiff Rhino Builders, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **DECLARATION OF COUNSEL** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

I, Antonio L. Cortes, duly declare and say:

1. I am an attorney licensed to practice law in Guam, and have been since October 21, 1997. I have personal knowledge of the matters stated herein, except those stated on information and belief, and as to those matters I believe them to be true. If called upon to do so, I could and would competently so testify.

2. I was not consulted in advance regarding the setting of Eugene and Michael O'Connell's depositions for October 17, 2003. On that date, I had travel plans related to the taking of depositions in this case in Hawaii on October 6 and 7, 2003. I stayed on Guam during all of September 2003, when the depositions of the O'Connells were permitted by the Scheduling Order. No party attempted to Schedule their depositions during the permitted time.

3. American Home Assurance Company and AIG Technical Services ("the Sureties") began to aggressively schedule depositions in September and October, 2003. Biogenesis Pacific Incorporated ("BPI") did not schedule any depositions at all to be taken prior to October 9, 2003, well after the time to take the O'Connells' depositions had passed. During the last 24 days allowed for depositions, BPI and the Sureties served notices to arrange for the following twelve depositions: Deposition duces tecum of Carlsmith Ball, Guam, September 23, 2003; 30(b)(6) deposition of Carlsmith Ball, Guam, September 24, 2003; Dana Gutierrez, September 26, 2003, Donald Calvo, October 1, 2003; Deposition duces tecum of Carlsmith Ball,

2

Hawaii, October 6, 2003; George Allen, October 6, 2003; Terry Thomason, October 6, 2003; 30(b)(6) deposition of Carlsmith Ball, Guam, October 7, 2003; Amy Self, October 7, 2003; Faith Kaupu, October 14, 2003, Michael O'Connell, October 17, 2003, Eugene O'Connell, October 17, 2003. BPI served no deposition notices at all during the first 18 *weeks* (126 days) after it filed the June 4 Scheduling Order, then served four deposition notices on September 26, 2003, well after the September 9, 2003 cutoff for noticing the depositions for the O'Connells and George Allen. For this reason I believe BPI has not been diligent in noticing depositions pursuant to the June 4, 2003 Scheduling Order.

    4. Michael O'Connell has already been deposed three times, for 7 hours on February 20, 2003, for 4 hours on March 13, 2003, and for 2 ½ hours on April 17, 2003 – a total of 13 ½ hours. Eugene O'Connell has been deposed twice, for 8 ½ hours on April 17, 2003, and for 3 hours on April 22, 2003 – a total of 11 ½ hours. For this reason, I believe that Plaintiff has been diligent in providing discovery, as well as in propounding it. As may have to be discussed in a forthcoming motion to compel, BPI has not been diligent in responding to Plaintiff's written discovery.

    5. I have inquired of Janalynn Cruz why BPI seeks to further depose the O'Connells. The only reasons she gave me were that BPI seeks to discover the net worth of Plaintiff so that it can determine whether its prayer for

3

$7,029,328.94 in punitive damages is reasonably related to its actual damage claim of $43,854.20 and that the June 4, 2003 Scheduling Order allowed it.

6. I believe that BPI's awareness of Plaintiff's poor financial condition probably provides a partial explanation of its desire to conduct these depositions, that BPI's discovery demands have been excessive given the needs of the case, and that those excesses have been intended to overwhelm Plaintiff with the expense of litigation. BPI's prayer for $7,029,328.94 in punitive damages, the effort to continually depose the O'Connells, the taking of the deposition of Faith Kaupu, and other circumstances all support my belief in this regard.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of October 2003.

_____
ANTONIO L. CORTÉS

4