ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

FILED
DISTRICT COURT OF GUAM
NOV 07 2003
MARY L. M. MORAN
CLERK OF COURT

231

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **DECLARATION OF COUNSEL** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

ORIGINAL

I, Antonio L. Cortes, duly declare and say:

1. I am an attorney licensed to practice law in Guam, and have been since October 21, 1997. I have personal knowledge of the matters stated herein, except those stated on information and belief, and as to those matters I believe them to be true. If called upon to do so, I could and would competently so testify.

2. I must respectfully disagree with the statement that Mr. Yanza and I have discussed any deficiencies in Plaintiff's production of documents. If any such conversation ever occurred, it would have had to be months ago, the passage of time causing me to forget it. On October 23 and 24, 2003 we produced, in two installments, thousands of pages of cancelled checks and other documents that I was able to recover from the Carlsmith Ball Hawaii office for the first time just days earlier. We had long ago produced thousands of pages of check records and receipts, as AIGTS and AHAC have noted in their opposition to Biogenesis' motion to extend discovery several months ago. The correspondence attached to Mr. Yanza's Rule 37(a)(2) Certification supports my recollection, as he makes no mention of a document deficiency in any of his letters to me, which typically followed conversations with the same content according to his habit.

3. I am willing to review the sufficiency of our requests, discuss any deficiencies with Mr. Yanza, and address any legitimate concerns he has. But he has not requested any meeting, conference, or other attention to this matter to the very

2

best of my recollection, and I was quite surprised to see such matters included in the instant motion, which we had agreed in our discussions would address the privilege waiver issue.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Executed this 7th day of November 2003.

_____
ANTONIO L. CORTÉS

3