ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., Plaintiff, vs. BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., Defendants. | CIVIL CASE NO.02-00008 |
| BIOGENESIS PACIFIC, INC., Counter-Plaintiff, vs. RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, Counter-Defendants. | **DECLARATION OF COUNSEL** |
| AMERICAN HOME ASSURANCE CO., Cross-Claimant, vs. BIOGENESIS PACIFIC, INC., Cross-Claim Defendant. | |

ORIGINAL

I, Antonio L. Cortes, duly declare and say:

1. I am an attorney licensed to practice law in Guam, and have been since October 21, 1997. I have personal knowledge of the matters stated herein, except those stated on information and belief, and as to those matters I believe them to be true. If called upon to do so, I could and would competently so testify.

2. Late last week, over the weekend, and this morning, I worked diligently to prepare motions to compel discovery responses from Biogenesis Pacific, Inc. ("BPI"), AIG Technical Services, and American Home Assurance Company ("the Sureties"). This morning, however, Mr. Clark, on behalf of BPI, contacted me and we came very close to a resolution of all discovery issues between BPI and Plaintiff that would make additional motions to compel unnecessary, and that would also involve the withdrawal of BPI's pending motion to amend scheduling orders. After that, I believed I had reached an understanding with the Sureties' counsel, Mr. Yanza, that would have allowed the resolution between BPI and Plaintiff to become effective in a way that would make Plaintiff's motion to compel discovery from the Sureties unnecessary, and that would allow the Sureties an additional opportunity to depose two of Plaintiff's witnesses, as Mr. Yanza has stated the Sureties desire.

3. I then abandoned preparing the motions to compel discovery from the Sureties and from BPI and, instead, prepared a draft stipulation to reflect my understanding of our agreement, for filing today, as BPI had stated that it desired me

to prepare the stipulation. During the lunch hour, however, Mr. Yanza indicated he had received instructions from co-counsel in Hawaii not to agree to the plan to which I believed he had already committed the Sureties.

4. It is still Sunday in Hawaii, and I believe that tomorrow there is a significant chance that a stipulation avoiding additional motions to compel between Plaintiff and the Sureties may still be possible. In any case, although I could have completed motions to compel for both BPI and the Sureties for timely filing today, my agreement to avoid such motions, and subsequent preparation of the draft stipulation, make it improbable that I can complete the motions for filing today in a manner that will efficiently and effectively present the issues to the Court. In addition, I believe that such motions may still turn out to be unnecessary once further communication can take place. Further, even if a motion to compel must still be made with respect to the Sureties, BPI and Plaintiff still need to re-work their stipulation to avoid motions to compel between them, as the prior agreement contemplated and required the cooperation of the Sureties. I believe that BPI and Plaintiff will be able to resolve their discovery issues with or without the Sureties' participation, if this motion is granted.

4. I have been diligent in preparing motions to compel, but have lately had to devote significant time researching the issues raised by the Sureties in their October 29, 2003 Motion to Compel Plaintiff to allow discovery of privileged information, and was distracted by that effort from attending to perceived deficiencies

in BPI's responses to Plaintiff's second round of discovery and the preparation of Plaintiff's motion to compel discovery from the Sureties.. I still think that there is a significant chance that all further discovery motions can be resolved without judicial attention provided this motion to amend scheduling order is granted, and that if not, based on my conversations with Mr. Clark, I am fairly confident that BPI and Plaintiff can resolve their discovery issues this week without Court supervision, as we both have stated to each other that we believe we have a deal that simply needs to be committed to writing, which I will do immediately after filing this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of November 2003.

ANTONIO L. CORTÉS