James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: 808 547 5151
Facsimile No.: 808 599 4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

# UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br>　　　　Plaintiff, <br><br>vs. <br><br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br>　　　　Defendants. | CIVIL CASE NO. 02-00008 <br><br>DEFENDANTS AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER TO EXTEND TIME FOR DISCOVERY MOTIONS BY FOUR (4) DAYS |
| BIOGENESIS PACIFIC, INC., <br><br>　　　　Counterclaimant, <br><br>vs. <br><br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br>　　　　Counter-Defendant. | |

| AMERICAN HOME ASSURANCE COMPANY | ) |
| --- | --- |
| Cross-Claimant, | ) ) ) |
| vs. | ) ) |
| BIOGENESIS PACIFIC, INC. | ) ) |
| Cross-Claim Defendant. | ) |

No "good cause" is demonstrated by Plaintiff RHINO BUILDERS, INC.'s ("RHINO") moving papers. Rule 16(b) of the Federal Rules of Civil Procedure requires a showing of "good cause" before a scheduling order can be modified. In accordance with FRCP Rule 16(b), Local Rule 16.5 also requires the movant to demonstrate good cause. Local Rule 16.5 states: "Delayed discovery will not justify an extension of discovery deadlines."

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. _Johnson v. Mammoth Recreations, Inc._, 975 F.2d 604, 609 (9th Cir. 1992). Central to the required showing of diligence is whether the movant discharged its obligation under Rule 16. _Jackson v. Laureate, Inc._, 186 F.R.D. 605 (E.D. Cal. 1999). See, 6A Wright Miller and Kane, Federal Practice and Procedure, §1522.1 at 231 (2nd Ed. 1990) ("good cause" means scheduling deadlines cannot be met despite parties' diligence). The Scheduling Order "is not a frivolous piece of paper idly entered, which can be cavalierly disregarded by counsel without peril." _Johnson_, at 610 (quoting _Gestetner Corp. v. Care Equipment Co._, 108 F.R.D. 138, 141 (D. Me. 1985)). Rule 16(b) is an important component to manage the Court's calendar. Modifying the Scheduling Order for a <u>third</u> time undermines the Court's ability to control this docket, disrupt the parties' previously agreed-upon course of the litigation and rewards the indolent, and punishes the diligent. _Id_.

RHINO fails to show "good cause." RHINO simply fails to demonstrate why it could not comply with the Rule 16 Scheduling Order. On August 20, 2002, the parties executed the first Scheduling Order setting March 14, 2003 as the discovery cut-off. On March 12, 2003, upon stipulation of the parties, the Court modified the August 20, 2002 Scheduling Order and Discovery Plan. Then on June 4, 2003, the Scheduling Order was modified again. The June 4, 2003 Revised Scheduling Order and Discovery Plan set November 10, 2003 as the last day to file discovery motions; RHINO did not file a discovery motion by November 10, 2003. Therefore, the extension of the deadline to file discovery motions is not warranted.

There is insufficient justification to extend the deadline. RHINO will argue that it will file a motion to compel the discovery of the relationship of the Defendants to one another, and their structural organization is essential to determine who contacted Plaintiff's former counsel to request the Carlsmith law firm to withdraw. This argument is without merit. Carlsmith attorneys Dana Guiterrez-Reyes, David P. Ledger and Donald V. Calvo testified here on Guam that neither of them communicated or were contacted by the Defendants to request the Carlsmith law firm to withdraw from representing RHINO. Yanza Dec., Exs. "A", "B" and "C". In fact, Terry E. Thomason, former attorney for RHINO, wrote a letter to RHINO stating that Carlsmith was making a unilateral decision to withdraw because of a potential conflict of interest. Nowhere in Mr. Thomason did it state or infer that an AIG company contacted Carlsmith to withdraw. Yanza Dec., Ex. "D". Therefore, an extension to file such a discovery motion is not warranted.

Also, Discovering the relationship or structural organization of these entities is not relevant to this case, or likely lead to discovery of admissible evidence. In the

3

Plaintiff's Second Amended Complaint, the Plaintiff has basically alleged two (2) basis for its bad faith claim against the Defendants: (1) that the Defendants somehow induced RHINO's former counsel Carlsmith Ball, LLP ("Carlsmith") to name AIGTS as the surety; (2) that Defendants contacted RHINIO's former counsel and requested them to withdraw due to an alleged conflict of interest. Discovery of the relationship of the Defendants and the structural organization has no relevancy on these 2 portions of RHINO's bad faith claim; nor on RHINO's Miller claims.

RHINO has been dilatory in filing its discovery motion. On September 16, 2003, the Defendants provided their responses to RHINO's discovery request. Yanza Dec., Exs. "F", "G", "H" and "I". In prior telephonic discussions with RHINO's counsel, RHINO's counsel relayed to Defendants AIGTS and AMERICAN HOME's counsel that he believed the responses were insufficient. RHINO has had two (2) months to review the Defendants' discovery responses, and had RHINO believed said responses to be insufficient, RHINO should have filed its motion well before this late period. RHINO has not sufficiently explained why it has been tardy in filing a new discovery motion.

Prejudice would result to the Defendants. Defendants have not been dilatory in preparing for trial and has in the past, opposed requests for the extension of deadlines or the modification of scheduling orders. Defendants have come to believe that no other discovery motions will be filed. It is RHINO's slothfulness that has cause this Court to previously modify the scheduling order. As the Court will recall, in BIOGENESIS' request to modify the scheduling order filed on May 12, 2003, BIOGENESIS advised the Court that it had new discovery submitted by RHINO, which should have been previously disclosed. Because of RHINO's

4

tardiness in submitting the discovery, BIOGENESIS then moved the Court for modification of the scheduling order. Now, RHINO's slothfulness has raised the issue of modifying the scheduling order once again.

Lastly, RHINO has not demonstrated or shown what type of discovery motions it will file should the Court grant its request. RHINO should demonstrate to the Court what discovery motions it intends to file, otherwise, the parties would not know the extent of other prejudice it may suffer should the Court grant the extension.

## CONCLUSION

Wherefore, because Plaintiff RHINO fails to demonstrate good cause, AMERICAN HOME and AIGTS respectfully request this Court to deny RHINO's Motion to Amend Scheduling Order to Extend Time for Discovery Motions for Four (4) Days and order the parties to proceed as presently scheduled.

Dated this 12th day of November, 2003.

**VERNIER & MAHER, LLP**
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY**

By: _____
LOUIE J. YANZA

C:\MarieBackup\My Documents\CLIENTS (NON-GIA)\USA-Rhino v BIOGENESIS-AIG\Pleadings\Oppo to Mtn to Amend Sch Order 111203.doc

5