ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS AIG TECHNICAL SREVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY** <br><br> [No Hearing Requested] |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

**ORIGINAL**

Plaintiff United States of America for use and benefit of Rhino Builders, Inc. ("Plaintiff") most respectfully requests this honorable Court to issue an order compelling American Home Assurance Company ("AHAC") and AIG Technical Services, Inc., ("AIGTS") (collectively, "the Sureties") to respond to certain of Plaintiff's Interrogatories, served July 18, 2003, as follows:

1. Plaintiff has made the following allegations in the Complaint:

    25. In or about October 2001, Plaintiff contacted Defendant American Home Assurance Co. (hereinafter "AHAC") to initiate the claims process and AHAC referred Plaintiff to Defendant AIG Technical Services, Inc. (hereinafter "AIG") to handle Plaintiff's claim against AHAC.

    26. On or about October 22, 2001, Plaintiff sent AHAC the original of the letter and enclosure attached hereto as Exhibit "C" and incorporated herein by reference as if set forth fully.

    27. On or about October 30, 2001, AIG responded to the letter to AHAC by providing Plaintiff with its claim form. A true and correct copy of AIG's response is attached hereto as Exhibit "D" and incorporated herein by reference as if set forth fully.

    28. As required by AHAC, on or about January 9, 2002, Plaintiff then sent AIG the Proof of Claim form attached hereto as Exhibit "E" and incorporated herein by reference as if set forth fully.

    29. On or about February 21, 2002, AIG denied Plaintiff's claim as untimely. A true and correct copy of AIG's denial of Plaintiff's claim on the bond is attached hereto as Exhibit "F" and incorporated herein by reference as if set forth fully.

    * * *

    31. Upon information and belief, AHAC and AIG are owned by the same company and operate either as the same company or as a joint venture.

    * * *

33. If AHAC did not authorize AIG's denial of the claim, then AIG is liable for breach of implied warranty of authority.

34. Whether or not AHAC authorized AIG's denial of the claim, that denial was wrongful because the claim was timely, subjecting AIG to liability under 18 G.C.A. § 20402(3).

35. Both AHAC and AIG owed and continue to owe Plaintiff a duty of good faith and fair dealing arising out of the bond as well as a general tort duty of ordinary care.

36. AHAC acted in bad faith and breached these duties by referring Plaintiff to AIG.

37. AIG acted in bad faith and breached these duties by inducing Plaintiff to make its claim against it, instead of AHAC, by denying the claim, by moving to dismiss this action because it was not brought against AHAC, and by citing [certain court decisions in its subsequently-withdrawn motion to dismiss].

38. Upon information and belief, approximately two or three weeks before this action was filed by Plaintiff's former counsel of record, an entity connected with Defendants Surety and/or an attorney representing Defendants Surety, contacted Plaintiff's former counsel and communicated to it that it should withdraw from its former representation of Plaintiff for conflict-of-interest reasons, adding materially to Plaintiff's expense, risk, and difficulty in pursuing its claims in this action. On information and belief, that entity represented to Plaintiff's former counsel that it was sufficiently connected to Defendants Surety that Plaintiff's former counsel did withdraw from its former representation of Plaintiff in this action.

Second Amended Complaint, filed July 15, 2003.

On July 18, 2003, Plaintiff served the Sureties with several interrogatories, including the following. Plaintiff served AIGTS with the following interrogatories, among others:

3. Identify every subsidiary of each member of AIG Inc.
4. Identify every affiliate of each member of AIG Inc.

3

5. Identify any parent or holding company of AIGTS.

* * *

7. Identify any parent or holding company of AHAC.

8. Identify the control group or control person of AIGTS.

* * *

10. Identify the control group or control person of AHAC.

11. Identify every entity owning 5% or more of the voting securities of AIGTS.

* * *

13. Identify every entity owning 5% or more of the voting securities of AHAC.

14. For each entity identified in any of the foregoing Interrogatory Nos. 1 through 13 that is a partnership or a joint venture, separately identify every partner or joint venturer.

* * *

16. For each and every entity that would be identified in a correct response to any of the foregoing Interrogatory Nos. 1 through 14, or named in any of those interrogatories, that owns any shares in AIGTS, state how many shares it owns and what percentage of AIGTS's shares that holding represents.

Plaintiff served AHAC with the following interrogatories, among others:

1. Identify each and every contact or communication between, on the one hand, any officer, employee, control person, and attorney of any entity that would be correctly listed or identified in response to any of the interrogatories served upon AIGTS concurrently with these interrogatories ("the AIGTS interrogatories"), and, on the other hand, Carlsmith Ball LLP, regarding this litigation, at any time.

* * * *

6. Has AIGTS had an attorney-client relationship with Carlsmith Ball LLP at any time since March 2001?

7. Has AHAC had an attorney-client relationship with Carlsmith Ball LLP at any time since March 2001?

4

8. If AIGTS [or] AHAC, . . .[1] has had an attorney-client relationship with Carlsmith Ball LLP since March 2002, identify each and every Carlsmith attorney with whom AIGTS [or] AHAC, . . . communicates or has communicated in the course of that representation.

9. For each and every entity that would correctly be identified as having some sort of relationship with Carlsmith Ball LLP in response to Interrogatory Nos. 15 and 16 in the AIGTS interrogatories, identify each and every Carlsmith attorney with whom that entity communicates or has communicated in the course of that representation.

10. Identify each and every civil action in Guam, Hawaii, or California in which Carlsmith Ball has made an appearance for AIGTS, AHAC, or AI Marine since March 2001.

11. Identify each and every civil action in Guam, Hawaii, or California in which Carlsmith Ball has made an appearance, since March 2001, for any entity that would be identified in a correct response to Interrogatory Nos. 1 through 14 of the AIGTS interrogatories.

12. Identify all civil actions brought since January 1998 in which a claim was made upon a surety bond issued by AHAC.

13. For each such action, (a) state whether or not an affirmative defense was asserted based on a statute of limitations; (b) state whether AIGTS was named as a defendant; (c) state whether AHAC was named as a defendant; (d) state whether AIG Claim Services, Inc ("AIGCS"); was named as a defendant; (e) list any other entities that would be identified in a correct responses to Interrogatory Nos. 1 through 13 of the AIGTS interrogatories that was named as a defendant; (f) state whether, prior to the litigation, the claimant was directed to make its claim through AIGTS or AIGCS; (g) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on the basis of a statute of limitations; (h) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or

---

[1] This interrogatory also sought the requested information regarding a third entity, AI Marine, which is deleted here because Plaintiff does not seek to compel a response that would include that information regarding that entity.

5

any entity related to any of them, denied a pre litigation claim on any other basis; and (i) identify Plaintiff's counsel.

\* \* \*

15. State the percentage of AIGTS's voting securities owned by AIG Inc. at all times between March 2001 and the present.

16. State each and every fact that allows Vernier & Maher to represent both AIGTS and you in this action despite the provisions of Rules 1.6 and 1.7 of the ABA Model Rules of Professional Conduct.

2. F.R. Civ. Proc Rule 26(b)(1) provides that a party is entitled to discovery of "any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant evidence need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

3. All of the foregoing interrogatories seek information that is relevant to the allegations in paragraphs 25 through 38 of Plaintiff's Second Amended Complaint, particularly paragraph 33, in that, for example only, any common ownership or control of AIGTS and AHAC, or lack thereof, would tend to prove or disprove the allegation that those entities operate as the same company, are owned by the same company, or operate as a joint venture. By the same token, all of the foregoing interrogatories seek information that is reasonably calculated to seek discoverable information.

4. All of the above interrogatories seek only facts. Facts are not protected by the attorney-client privilege. *see, e.g.,* Philadelphia v. Westinghouse, 205 F. Supp. 830, 831 (E.D. Pa. 1962) ("the protection of the privilege extends only

6

to communications and not to facts."). Plaintiff does not seek any attorney-client communications regarding these interrogatories, and does not seek attorney thought processes, notes, or other work product.

5. The Sureties, after making objections based on overbreadth, privilege, relevance, and lack of information, have not answered these questions.[2] Although Plaintiff has been informed by counsel that they may soon agree to do so, Plaintiff must make this motion to preserve its rights to this discovery.

Accordingly, pursuant to F.R.Civ. Proc. Rule 37, Plaintiff moves this honorable Court for an order compelling AIGTS to provide full and complete responses Plaintiff's Interrogatory Nos. 3, 4, 5, 7, 8, 10, 11, 13, 14, and 16, served July 18, 2003, and Plaintiff moves this honorable Court for an order compelling AHAC to provide full and complete responses Plaintiff's Interrogatory Nos. 1, 6, 7, 8, 9, 10, 11, 12, 13, 15, and 16, also served July 18, 2003, as well as the costs of this motion..

Respectfully submitted this 14th day of November 2003.

Antonio L. Cortes, counsel for Plaintiff
United States of America for use and benefit
of Rhino Builders, Inc.

---

[2] In their responses to Interrogatory Nos. 5 and 7 to AIGTS, AIGTS did refer Plaintiff to an annual report of AIG, Inc, which does state that AIGTS is a member of AIG, Inc., but does not specifically identify AIG, Inc. as the parent or holding company of AIGTS. The annual report supplies no identification of the parent or holding company of AHAC.

7