ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **STIPULATION REGARDING MOTION TO COMPEL SURETIES TO PROVIDE FURTHER DISCOVERY RESPONSES** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

ORIGINAL

Plaintiff United States for use and benefit of Rhino Builders, Inc. ("Plaintiff"), Defendant American Home Assurance Compaly ("AHAC"), and Defendant AIG Technical Services, Inc. ("AIGTS"), stipulate, as follows:

1. Plaintiff's Complaint contains the following allegations:

    25. In or about October 2001, Plaintiff contacted Defendant American Home Assurance Co. (hereinafter "AHAC") to initiate the claims process and AHAC referred Plaintiff to Defendant AIG Technical Services, Inc. (hereinafter "AIG") to handle Plaintiff's claim against AHAC.

    26. On or about October 22, 2001, Plaintiff sent AHAC the original of the letter and enclosure attached hereto as Exhibit "C" and incorporated herein by reference as if set forth fully.

    27. On or about October 30, 2001, AIG responded to the letter to AHAC by providing Plaintiff with its claim form. A true and correct copy of AIG's response is attached hereto as Exhibit "D" and incorporated herein by reference as if set forth fully.

    28. As required by AHAC, on or about January 9, 2002, Plaintiff then sent AIG the Proof of Claim form attached hereto as Exhibit "E" and incorporated herein by reference as if set forth fully.

    29. On or about February 21, 2002, AIG denied Plaintiff's claim as untimely. A true and correct copy of AIG's denial of Plaintiff's claim on the bond is attached hereto as Exhibit "F" and incorporated herein by reference as if set forth fully.

        * * *

    31. Upon information and belief, AHAC and AIG are owned by the same company and operate either as the same company or as a joint venture.

        * * *

    33. If AHAC did not authorize AIG's denial of the claim, then AIG is liable for breach of implied warranty of authority.

    34. Whether or not AHAC authorized AIG's denial of the claim, that denial was wrongful because the claim was timely, subjecting AIG to liability under 18 G.C.A. § 20402(3).

2

35. Both AHAC and AIG owed and continue to owe Plaintiff a duty of good faith and fair dealing arising out of the bond as well as a general tort duty of ordinary care.

36. AHAC acted in bad faith and breached these duties by referring Plaintiff to AIG.

37. AIG acted in bad faith and breached these duties by inducing Plaintiff to make its claim against it, instead of AHAC, by denying the claim, by moving to dismiss this action because it was not brought against AHAC, and by citing [certain court decisions in its subsequently-withdrawn motion to dismiss].

38. Upon information and belief, approximately two or three weeks before this action was filed by Plaintiff's former counsel of record, an entity connected with Defendants Surety and/or an attorney representing Defendants Surety, contacted Plaintiff's former counsel and communicated to it that it should withdraw from its former representation of Plaintiff for conflict-of-interest reasons, adding materially to Plaintiff's expense, risk, and difficulty in pursuing its claims in this action. On information and belief, that entity represented to Plaintiff's former counsel that it was sufficiently connected to Defendants Surety that Plaintiff's former counsel did withdraw from its former representation of Plaintiff in this action.

2. On July 18, 2003, Plaintiff served AIGTS Interrogatories seeking the following categories of documents:

3. Identify every subsidiary of each member of AIG Inc.

4. Identify every affiliate of each member of AIG Inc.

5. Identify any parent or holding company of AIGTS.

\* \* \*

7. Identify any parent or holding company of AHAC.

8. Identify the control group or control person of AIGTS.

\* \* \*

10. Identify the control group or control person of AHAC.

11. Identify every entity owning 5% or more of the voting securities of AIGTS.

3

* * *

13. Identify every entity owning 5% or more of the voting securities of AHAC.

14. For each entity identified in any of the foregoing Interrogatory Nos. 1 through 13 that is a partnership or a joint venture, separately identify every partner or joint venturer.

* * *

16. For each and every entity that would be identified in a correct response to any of the foregoing Interrogatory Nos. 1 through 14, or named in any of those interrogatories, that owns any shares in AIGTS, state how many shares it owns and what percentage of AIGTS's shares that holding represents.

3. On August 20, 2003, after receiving a four (4) day extension of time within which to respond to those document requests, AIGTS served Plaintiff with objections to the foregoing documents requests, stating one or more of the following objections for each of them, that they requested information that was not relevant to this action, that they were overly broad, that they requested information AIGTS did not have. In response to each of them, AIGTS either provided no information or referred Plaintiff to an annual report previously produced by AIGTS but provided no other information.

4. On July 18, 2003, Plaintiff served AHAC a number of interrogatories, including the following:

1. Identify each and every contact or communication between, on the one hand, any officer, employee, control person, and attorney of any entity that would be correctly listed or identified in response to any of the interrogatories served upon AIGTS concurrently with these interrogatories ("the AIGTS interrogatories"), and, on the other hand, Carlsmith Ball LLP, regarding this litigation, at any time.

* * *

6. Has AIGTS had an attorney-client relationship with Carlsmith Ball LLP at any time since March 2001?

4

7. Has AHAC had an attorney-client relationship with Carlsmith Ball LLP at any time since March 2001?

8. If AIGTS [or] AHAC, . . . has had an attorney-client relationship with Carlsmith Ball LLP since March 2002, identify each and every Carlsmith attorney with whom AIGTS [or] AHAC, . . . communicates or has communicated in the course of that representation.

9. For each and every entity that would correctly be identified as having some sort of relationship with Carlsmith Ball LLP in response to Interrogatory Nos. 15 and 16 in the AIGTS interrogatories, identify each and every Carlsmith attorney with whom that entity communicates or has communicated in the course of that representation.

10. Identify each and every civil action in Guam, Hawaii, or California in which Carlsmith Ball has made an appearance for AIGTS, AHAC, or AI Marine since March 2001.

11. Identify each and every civil action in Guam, Hawaii, or California in which Carlsmith Ball has made an appearance, since March 2001, for any entity that would be identified in a correct response to Interrogatory Nos. 1 through 14 of the AIGTS interrogatories.

12. Identify all civil actions brought since January 1998 in which a claim was made upon a surety bond issued by AHAC.

13. For each such action, (a) state whether or not an affirmative defense was asserted based on a statute of limitations; (b) state whether AIGTS was named as a defendant; (c) state whether AHAC was named as a defendant; (d) state whether AIG Claim Services, Inc ("AIGCS"); was named as a defendant; (e) list any other entities that would be identified in a correct responses to Interrogatory Nos. 1 through 13 of the AIGTS interrogatories that was named as a defendant; (f) state whether, prior to the litigation, the claimant was directed to make its claim through AIGTS or AIGCS; (g) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on the basis of a statute of limitations; (h) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on any other basis; and (i) identify Plaintiff's counsel.

* * *

5

15. State the percentage of AIGTS's voting securities owned by AIG Inc. at all times between March 2001 and the present.

16. State each and every fact that allows Vernier & Maher to represent both AIGTS and you in this action despite the provisions of Rules 1.6 and 1.7 of the ABA Model Rules of Professional Conduct.

5. On August 20, 2003, after receiving a four (4) day extension of time within which to respond, AHAC provided written responses to the foregoing interrogatories. In response to all of these Interrogatories, AHAC provided no information, stating one or more of the following objections for each of them, that they requested information that was not relevant to this action, that they were overly broad, that they requested information AIGTS did not have.

6. AHAC and AIGTS continue to maintain that they have adequately responded to all of the foregoing discovery.

7. Relying on Rules 26(b)(1) of the Federal Rules of Civil Procedure, Plaintiff takes the following positions with respect to the foregoing discovery:

    a. None of the Interrogatories or Document Requests ask for privileged information or attorney work product.

    b. The AIG Annual report reference as the sole response for most of the interrogatories to AIGTS does not provide the information requested by most of those interrogatories, and does not provide a clearly stated response to the information sought in Interrogatory Nos 5 and 7 to AIGTS.

    c. All of the information sought is relevant to the portion of the Complaint set forth above.

    d. None of the subject interrogatories requires undue effort to answer, considering the needs of this case.

6

e. All of the information sought by the interrogatories is relevant to the allegations set forth above, or reasonably calculated to lead to discoverable evidence.

8. Defendants AHAC and AIGTS take the following positions with respect to the foregoing discovery:

   a. The information sought by Plaintiff, with respect to Interrogatory No. 16 to American Home Assurance Company, is privileged information.

   b. All the Plaintiff's discovery requests are not relevant to this action, nor likely to lead to discovery of admissible evidence, and are over broad and burdensome.

DATED: November 19, 2003

_____
Antonio L. Cortes, Counsel for
Plaintiff United States for the use
and benefit of Rhino Builders,
Inc.

DATED: November 19, 2003

_____
Louie J. Yanza, Counsel for AIGTS and
AHAC

7