ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933



Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **MOTION FOR JUDGMENT ON PUNITIVE DAMAGES** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

**ORIGINAL**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff United States of America for use and benefit of Rhino Builders, Inc. ("Plaintiff") most respectfully requests judgment that Defendant Biogenesis Pacific, Inc.'s ("BPI's") prayer for $7,020,328.94 in punitive damages on an alleged claim of $43,854.20 in actual damages[1] is unconstitutional, violates Plaintiff's civil rights, and constitutes a vexatious and oppressive litigation tactic; as follows:

1. BPI's counterclaim against Plaintiff requests punitive damages that are 160 times greater than the alleged actual damages. A punitive damages award that is 160 times the amount of actual damages would grossly violate Plaintiff's right to due process under the 14th Amendment to the Constitution by arbitrarily depriving it of its property. State Farm Mutual Insurance Co. v. Campbell, 123 S. Ct. 1513, 1519-1520, 155 L.Ed.2d 585, 71 USLW 4282, 60 Fed. R. Evid. Serv. 1349, 3 Cal. Daily Op. Serv. 2948, 2003 Daily Journal D.A.R. 3783, 16 Fla. L. Weekly Fed. S 216 (US 2003).

2. Even assuming BPI's claim for actual damages had merit, and it has none, no punitive damage award at all could be constitutionally imposed because BPI has only alleged economic harm, has not alleged that anyone's health or safety was harmed by Plaintiff, and the allegation that Plaintiff acted as if a subcontract existed, which is the gravamen of BPI's counterclaim, cannot be deemed

---

[1] See Answer to Second Amended Complaint and Counterclaim, filed July 30, 2003, at 10.

"reprehensible" in light of BPI's written and signed acknowledgement[2] that it *did* have a subcontract with Plaintiff. State Farm, *supra*, 123 S. Ct. at 1521.

        3. Viewed in light of BPI's prior threat to bankrupt Plaintiff and its principals,[3] and the fact that this lawsuit and the facts supporting it has effectively done that already,[4] BPI's unconstitutionally excessive punitive damages claim should be viewed as a vexatious litigation tactic intended to intimidate Plaintiff from pursuing its legitimate claim against BPI.

For the foregoing reasons, Plaintiff most respectfully requests this honorable Court for a judgment that BPI's prayer for punitive damages from Plaintiff is unconstitutional, and, on its face, is an oppressive and vexation litigation tactic. Alternatively, Plaintiff requests a ruling that any punitive damages due BPI from Plaintiff shall not have more than a single-digit ratio to any actual damages proven by BPI from any alleged tortious act of Rhino.

Respectfully submitted this 15th day of December 2003.

_____
Antonio L. Cortes, counsel for Plaintiff
United States of America for use and benefit
of Rhino Builders, Inc.

---

[2]     See Exhibit A to Plaintiff's March 20, 2002 Complaint.
[3]     See Testimony of Michael Danforth, at 92:18-23, Exhibit 3 to Declaration of Counsel filed May 29, 2003.
[4]     See Declaration of Counsel, filed herewith, at ¶ 2.

3