BERMAN O'CONNOR MANN & SHKLOV

MICHAEL J. BERMAN, ESQ.
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagatna Guam 96910

Attorneys for Counterclaim Defendant
MICHAEL DANFORTH

FILED
DISTRICT COURT OF GUAM
DEC 18 2003
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants <br><br> BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants, <br><br> AMERICAN HOME ASSURANCE COMPANY, <br> Cross-Claimant <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant | CIVIL CASE NO.: 02-00008 <br><br> **DECLARATION OF MICHAEL O'CONNELL IN SUPPORT OF COUNTER-DEFENDANT MICHAEL DANFORTH'S MOTION FOR SUMMARY JUDGMENT** |

**ORIGINAL**

## DECLARATION OF MICHAEL O'CONNELL IN SUPPORT OF COUNTER-DEFENDANT MICHAEL DANFORTH'S MOTION FOR SUMMARY JUDGMENT

I, MICHAEL O'CONNELL, hereby declare as follows:

(1) That I am and was at all material times stated in the Second Amended Complaint, the president and a principal shareholder of the Use-Plaintiff, Rhino Builders, Inc. ("Rhino"), and make this Declaration on personal knowledge, having personal knowledge of the facts contained herein, and I am competent to testify if I were called upon as a witness at the trial of this matter. I am authorized by Use-Plaintiff to make this Declaration.

(2) Rhino retained the services of Maxx Management Corporation (MMC) to provide consulting on a federal Solution Ordering Contract ("SOC") which was conducted on Guam and in October, 2000 asked that Mr. Danforth, a representative of MMC come to Guam to provide that consulting.

(3) After Mr. Danforth arrived in Guam, I also requested that on behalf of MMC the current situation with the Roof Contract (Navy Contract No. N62766-99-D-0425) with the Navy be reviewed and to evaluate the current status of certain task orders which had been issued under the Roof Contract. Following receipt of the evaluation of task orders submitted by MMC, I requested that MMC draft a written subcontract agreement for Rhino to be submitted to BPI Biogenesis Pacific, Inc. (BPI) for review and approval. MMC developed the agreement draft and submitted to Rhino and BPI for

2

review and changes. Execution of this proposed agreement never occurred by Rhino nor BPI. I did not authorize nor did I request that Mr. Danforth direct any of the work on the task orders or any other aspect of the Roof Contract, nor to make any decisions on what actions, if any, Rhino should take on the recommendations and evaluation undertaken.

(4) Mr. Danforth provided certain evaluations to me (acting for Rhino) on the Roof Contract task orders in October and November, 2000; I also received advice from Richard Avilla, who originally was a Rhino employee but who later began work for BioGenesis Pacific, Inc. ("BPI"), Alfred Garthe and others. The services of MMC regarding the Roof Contract came to an end in December, and at no time did Mr. Danforth direct or demand that Rhino pull its crews off of the task orders. Instead, after MMC ceased consulting on the Roof Contract, I made the decision on behalf of Rhino to cease work on the task orders because Rhino was not being paid and assurances of payment to Rhino from BPI were not forthcoming. In addition, liquidated damages which had already accrued on certain task orders against BPI were to have been resolved by Mr. Gerald Lam, the principal of BPI, but were not, and Mr. Lam refused to execute a written Master Subcontract Agreement with Rhino for the Navy Contract.

(5) No intimidation, demands, compulsion or improper conduct of any sort was used or exerted on me by Mr. Danforth in his making of recommendations and evaluating the Roof Contract for

3

Rhino. Mr. Danforth neither acted to, nor did he advise that Rhino, interfere with the Roof Contract or cause any alleged breach of it by Rhino. Neither MMC nor Mr. Danforth had any personal stake or interest, to my knowledge, on whether or how Rhino performed work on the Roof Contract.

I declare under penalty of perjury under the laws of Guam (6 GCA §4308) that the foregoing is true and correct.

DATED this 30 day of November 2003.

_____
MICHAEL O'CONNELL

4