ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

FILED
DISTRICT COURT OF GUAM
DEC 22 2003
MARY L. M. MORAN
CLERK OF COURT

Attorney for Plaintiff Rhino Builders, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **MOTION TO CONTINUE HEARING OF DISPOSITIVE MOTIONS AND TRIAL** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

Plaintiff United States Of America for Use and Benefit of Rhino Builders, Inc., most respectfully requests this honorable Court (1) to continue the hearing of dispositive motions currently set for January 9, 2004 until February 6, 2004 or such other date around that date that is convenient to the Court: and (2) continue trial, currently scheduled to begin March 2, 2004, so that it will begin April 13, 2004.

## POINTS AND AUTHORITIES

In support of this motion, Plaintiff submits the following points and authorities:

1. The June 4, 2003 scheduling order provides that dispositive motions will be heard on January 16, 2004. Counsel for AIG Technical Services ("AIGTS") and American Home Assurance Company ("AHAC"), however, requested that Plaintiff and the other parties agree to a hearing of dispositive motions on January 9, 2004, to accommodate the travel plans of one of AIGTS and AHAC's attorneys, James Lawhn. Plaintiff agreed to that hearing date to accommodate Mr. Lawhn. Later, counsel for AIGTS and AHAC requested Plaintiff to agree to allow it to exceed the 20-page limit on their motion to dismiss Plaintiff's bad faith claims, and Plaintiff agreed to that as well, without knowing that AIGTS and AHAC were also filing a second motion for summary judgment.

2. AIGTS and AHAC filed their motion to dismiss Plaintiff's bad faith claims on December 5 2003, and Plaintiff was served with that motion on

2

December 10, 2003. That motion, in a thirty-three page brief citing 28 court decisions and various statutes and regulations and supported by hundreds of pages of affidavits, declarations, and exhibits, argues a case of first impression on Guam regarding an important point of law on which the Supreme Courts of several states are in disagreement – whether, in any circumstances, sureties can be liable for tort claims for bad faith denial of subcontractor claims made on payment bonds. The motion makes several policy-based arguments, and any competent response must also argue policy on that apparently-difficult issue. The attorney who prepared this voluminous motion, James Lawhn, is believed by Plaintiff to have significant experience in bad faith claims, and is known by Plaintiff to have already completed much work on this motion when visited by the undersigned on October 6, 2003 – two months before AIGTS and AHAC finally filed it. Pursuant to LR 7.1, Plaintiff must file its opposition to this critical and voluminous motion by December 26, 2003, just 16 days after having received it.

       3.     On December 15, 2003, Plaintiff was served with three more summary judgment motions. Two of those motions – a second summary judgment motion by AIGTS and AHAC, and a motion for summary judgment by Biogenesis Pacific, Inc. ("BPI") must be opposed by Plaintiff. All three of the December 15, 2003 motions are supported by hundreds of pages of briefs, declarations, affidavits, and exhibits. In total, the four dispositive motions served upon Plaintiff between December 10 and December 15 comprise well over 1000 pages of materials. To meet

3

the arguments put forth by AIGTS, AHAC, and BPI on a page-for-page basis, Plaintiff would have to, and expects it will have to, prepare three opposing briefs containing over 60 pages of concise argument, and review and analyze most of the 63 court decisions cited in the three of these motions Plaintiff must oppose. Pursuant to LR 7.1, Plaintiff must file all those briefs no later than December 26, 2003, just 11 days after being served with the last two of them, just 16 days after being served with the first of them. Not one of these three motions appears to have been prepared in a comparable period of time, but Plaintiff's counsel, a sole practitioner, can only devote a of that time to each motion.

4. Even if it would be fair or just, in the light of the very large amount of time available to the moving parties to prepare these three voluminous motions, and in light of the number of attorneys who prepared them, to require Plaintiff to prepare the oppositions to the three motions of AHAC, AIGTS, and BPI in the short time allowed it by the timing of these motions,[1] Plaintiff's counsel simply cannot, on the current schedule, prepare oppositions to these three motions in a competent manner as required by Rule 1.1 of the ABA Model Rules of Professional Conduct.

---

[1] Plaintiff is unaware of any circumstance that would have prevented the moving parties from bringing these motions early enough that Plaintiff would have had more than three or four days to devote to opposing each or them.

4

5.     In addition, at least some of the witnesses who will provide affidavits opposing the AHAC, AIGTS, and BPI motions are located in Hawaii, which adds to the time needed to oppose those motions.

6.     Accordingly, Plaintiff acted quickly to attempt to obtain the agreement of the other parties continue the hearing date so that Plaintiff could file opposing briefs that would adequately assist the Court in considering Plaintiff's rights with respect to the issues these motions raise. Michael O'Connell does not oppose this motion and it is not expected that Michael Danforth will oppose it. BPI has taken a position of neither opposing nor agreeing to a continuance. AHAC and AIGTS initially refused to consider a continuance, then made statements indicating that they might agree to a continuance to a date in February if trial were also continued, then, December 19, 2003, finally again refused to agree to any continuance at all. In this regard, Plaintiff notes the following circumstances:

a.     It was not until *after* Plaintiff agreed to allow AHAC and AIGTS to exceed the 20-page limit, and *after* Plaintiff agreed to the January 9, 2003 date as an accommodation to Mr. Lawhn, that AIGTS and AHAC revealed that they were filing their second summary judgment motion.

b.     When Plaintiff's counsel agreed to sign the stipulation to allow AIGTS and AHAC to exceed the 20-page limitation, he did so on the expressed ground that it believed that the Court would and

5

should desire to have all the parties' motions decided on their merits, without undue regard to procedural constraints that might inhibit a well-considered decision on the merits of each party's position. Justice would be best served if AIGTS and AHAC reciprocated by conducting their defense according to that same standard, so that the Court can be properly briefed on both sides of the many issues raised by BPI, AHAC, and AIGTS.

c. AHAC and AIGTS withheld information Plaintiff needed to oppose their motion to dismiss the bad faith claims until December 15, 2003, *after* it made that motion. Plaintiff timely requested that information in July 2003. Because not at all the requested information has yet been provided, Plaintiff's motion to compel remains pending.

7. District Courts have discretion to alter the scheduling of dispositive motions. That discretion should be exercised in a manner that will promote the interests of justice. Forcing Plaintiff to file inadequately researched and drafted briefs and hastily prepared affidavits in opposition to the three voluminous and well-researched motions of AHAC, AIGTS, and BPI, motions which have been prepared in a far larger amount of time than that presently available for Plaintiff to oppose them, is not conducive to arriving at a just result in this litigation.

6

8.     During the course of Plaintiff's discussions with AIGTS and

AHAC regarding whether or not they would agree to the relief sought in this motion,

counsel for AIGTS and AHAC made the following representations: (1) that, if the

present hearing date is continued, they will not be available for the continued hearing

until February 2004; and (2) that, if the present hearing date is continued, they will

want to also continue the trial date, and remaining pre-trial dates, to preserve their

ability to prepare for trial with the knowledge of how the Court will decide their

summary judgment motions. In response to those expressed concerns, Plaintiff

contacted the Deputy Clerk and was advised that April 13, 2004 was available for a

date to which trial could be continued.

Summary

In sum, Plaintiff is simply unable to competently prepare oppositions to

AIGTS and AHAC's December 5, 2003 Motion to Dismiss, and AHAC, AIGTS, and

BPI's December 15, 2003 Motions for Summary Judgment within the short time

available to do so. Even if Plaintiff were able to competently prepare such

oppositions, requiring Plaintiff to prepare those oppositions within a period of time so

extremely shorter than the time available to Defendants for the preparation of those

motions would not be fair or just.

For the foregoing reasons, Plaintiff United States Of America for Use

and Benefit of Rhino Builders, Inc. most respectfully requests this honorable Court:

(1) to continue the hearing of dispositive motions currently set for January 9, 2004

7

until February 6, 2004 or such other date around that date that is convenient to the

Court: until (2) continue trial, currently scheduled for March 2, 2004, to April 13,

2004; and (3) to continue the remaining pretrial dates for a comparable period of time.

Respectfully submitted this 22nd day of December 2003.

LAW OFFICE OF ANTONIO L. CORTÉS

Antonio L. Cortés, Attorney for
Plaintiff Rhino Builders, Inc.