ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **DECLARATION OF COUNSEL** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

ORIGINAL

I, Antonio L. Cortes, duly declare and say:

1. I am an attorney licensed to practice law in Guam, and have been since October 21, 1997. I have personal knowledge of the matters stated herein, except those stated on information and belief, and as to those matters I believe them to be true. If called upon to do so, I could and would competently so testify.

2. I am a sole practitioner and the only attorney working for Plaintiff. Between them, the Sureties and BPI have five attorneys working on this case in opposition to me, and apparently participating in the preparation of the three dispositive motions those parties served to me December 10 and December 15, 2003. I not able to competently respond to those voluminous motions by December 26, 2003.

3. When I visited James Lawhn in Hawaii on October 6, 2003, his desk appeared to be covered with a large research and drafting project. He told me at that time that the work on his desk was AIGTS and AHAC's motion to dismiss Plaintiff's bad faith claim. I believe he has had months to prepare that motion. From my knowledge of this case, it appears to me that BPI's summary judgment motion on Plaintiff's Miller Act Claims and AIGTS/AHAC's motion on Plaintiff's Miller Act Claims have been prepared over a similar period of time. Although I began diligently working on the opposition to the bad faith motion when I received it on December 10, 2003, it is not possible for me to present comparably well-prepared arguments and

2

proof in opposition to those three motions in the three or four days per motion available for me under the current schedule.

4. When Mr. Yanza sought my agreement to the January 9, 2004 hearing date, he represented to me that the reason he requested that date was to accommodate Mr. Lawhn's travel schedule. When Mr. Yanza sought my agreement to waive the 20-page limit for Mr. Lawn's motion, I specifically required, as a prerequisite to my agreeing to waive the page limit, that I not be served with the motion at the last minute so that I would have time to make an intelligent response. Clearly my concern was that I would have enough time to work on an opposition. Mr. Yanza assured me that I would be promptly served with Mr. Lawhn's motion, *but he made no mention of a second motion being prepared by Mr. Tom.* I did not hear anything about that motion until the stipulation was brought for me to sign, by which time I had already verbally agreed to the January 9 date and the page limit waiver.

5. I was served with AIG's first motion on December 10, 2003, and with BPI's motion and AIG's second motion on December 15, 2003. I also AIG's received discovery responses (for discovery served July 2003) on that date. After reviewing the three motions to see how much work was involved, I contacted counsel for the Sureties and BPI on December 17, 2003 seeking their cooperation in arranging for me to have adequate time to prepare oppositions to their three motions. On December 18, 2003, BPI's counsel responded that I "knew full well" that AIG would be filing two motions for summary judgment and that I agreed to the January 9 date,

3

and that if I did not wish to work during the holiday season my client should simply dismiss its case. Actually, AIG did not mention the second motion until after I had agreed to the January 9 date, although it appears that AIG knew it would be filing that motion before it asked me to agree to that date. Further, AIG does not seem willing to realize that it is unrealistic for it to expect me to begin preparing my client's oppositions to its motions before it serves me with the motions. If it so badly wanted the January 9 date, it should have served its motions earlier, and should have told me of the second motion when it asked me to agree to that date.

6. When I voiced similar concerns to Mr. Yanza, who appears cooperative but constrained by instructions from his clients or co-counsel, he communicated with someone, then told me that if the hearing date must be moved the trial would have to be moved as well, and that the hearing would have to be in February due to Mr. Lawhn's travel schedule. I then called the Deputy clerk and obtained a proposed trial date of April 13, 2004, then called back and asked Mr. Yanza if his client could agree to a hearing on February 6, 2003, to accommodate Mr. Lawhn's travel schedule, and trial on April 13, 2003, to accommodate Mr. Lawhn's concern that any continuance of the hearing would have to include continuance of trial. Then, on Friday December 19, 2003, I received a telephone message from Steven Tom stating that AIG would not agree to any continuance because he had already booked travel plans to be present to personally argue the motion that he had concealed from me until after I agreed to the January 9 date and after I had verbally

4

agreed to the page-limit waiver. Shortly thereafter, I received a telephone message from Mr. Yanza saying his client respectfully refused my request for an extension and that he was sorry.

7. With respect to continuing the hearing date, BPI has taken the position that it neither opposes nor agrees to a continuance. I have not yet been able to discuss the April 13, 2004 trial date with counsel for BPI.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of December 2003.

ANTONIO L. CORTÉS