James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: 808 547 5151
Facsimile No.: 808 599 4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

FILED
DISTRICT COURT OF GUAM
DEC 23 2003
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> DEFENDANTS AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE HEARINGS OF DISPOSITIVE MOTIONS AND TRIAL |
| BIOGENESIS PACIFIC, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendant. | |

ORIGINAL

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | )<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| BIOGENESIS PACIFIC, INC. | )<br>) |
| Cross-Claim Defendant. | ) |

## I. INTRODUCTION

In the Plaintiff RHINO BUILDERS, INC.'s ("RHINO") Motion to Continue Hearings of Dispositive Motions and Trial ("Motion"), RHINO essentially states that it is unprepared to file oppositions to three (3) dispositive motions within the time allotted to do so. It is Defendants AIG TECHNICAL SERVICES, INC. ("AIGTS") and AMERICAN HOME ASSURANCE COMPANY's ("AMERICAN HOME") contentions that the Plaintiff was well aware and prepared for the dispositive motions, and no good cause is demonstrated by the Plaintiff's moving papers.

As will be shown below, the Plaintiff's Motion should be denied, and the Court should order the Plaintiff to file its oppositions by the deadline of December 29, 2003.[1]

## II. FACTS

| | | |
|---|---|---|
| July 26, 2002 | Defendants AIGTS and AMERICAN HOME files a motion for dismissal. | See, Yanza Dec., Ex. "A". |
| December 12, 2003 | All parties to the case stipulated Defendants AIGTS and AMERICAN HOME's two (2) Motions for Summary Judgment would be heard on January 9, 2004. | See, Yanza Dec., Ex. "B". |

---

[1] Contrary to Rhino's belief that its oppositions to the summary judgment motions are due December 26, 2003, December 26, 2003 has been declared a federal holiday by President George Bush. Therefore, FRCP Rule 6 permits Rhino to file its oppositions on Monday, December 29, 2003.

2

| | | |
|---|---|---|
| | Paragraph 2 of the Agreement for Hearing Date states that AIGTS and AMERICAN HOME will be filing two (2) motions: (i) Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim; or, in the Alternative, for Summary Judgment; and (ii) Motion for Partial Summary Judgment on Plaintiff's Miller Act Claims. | |
| December 5, 2003 | The parties to the case agreed that Defendants AIGTS and AMERICAN HOME would file two (2) motions, which would exceed the 20-page limitation. | See, Yanza Dec., Ex. "C". |
| | Paragraph 2 of the stipulation specifically states that AIGTS and AMERICAN HOME will be filing two (2) motions: (i) Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim; or, in the Alternative, for Summary Judgment; and (ii) Motion for Partial Summary Judgment on Plaintiff's Miller Act Claims. | |
| December 17, 2003 | Defendant's counsel, Louie J. Yanza, writes a letter to RHINO's counsel refusing a continuance. | See, Yanza Dec., Ex. "D". |

### III. ARGUMENT

Under Federal Rules of Civil Procedure Rule 16(b), district courts have discretion to grant or deny a party's motion to extend deadlines. The district court possesses great authority to manage its caseload. *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F. 3d 1025 (7th Cir. 1998). "Good cause" must be shown before a scheduling order may be modified.

3

RHINO fails to show good cause pursuant to the Rule 16 Scheduling Order. The present Revised Scheduling Order and Discovery Plan, sets forth December 15, 2003 the date on which all dispositive motions would be filed. The Revised Scheduling Order and Discovery Plan was stipulated to by the Plaintiff, and the Plaintiff made no objections when the Revised Scheduling Order and Discovery Plan was issued. The Plaintiff's assumption that summary judgment motions would not be filed is simply negligible.

The Plaintiff was on notice several summary judgment motions would be filed on December 15, 2003. In the Agreement for Hearing Date and the Stipulation for the Defendants to exceed the 20 page limit, both filed December 5, 2003, both documents specifically stated that the Defendants would be filing 2 motions: (i) Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim; or, in the Alternative, for Summary Judgment; and (ii) Motion for Partial Summary Judgment on Plaintiff's Miller Act Claims. Yanza Dec., Exs. "B" and "C". The Stipulation was read and signed by RHINO's counsel, Antonio L. Cortes. *Id*.

Thus, the Plaintiff's assertion that it did not know that Defendants AIGTS and AMERICAN HOME would be filing a second motion for summary judgment is simply untrue.

Plaintiff's counsel has not explained why he is not prepared to file timely oppositions. The Plaintiff has initiated this lawsuit and should anticipate summary judgment motions to be filed. By the Plaintiff's own admissions, Plaintiff's counsel met with Mr. James Lawhn on October 6, 2003, and Plaintiff admits that Plaintiff knew a motion for summary judgment on Plaintiff's bad faith claim existed. See, RHINO's Motion and Declaration of RHINO's Counsel. RHINO's counsel also

acknowledged to Local Counsel Louie J. Yanza the <u>Markowitz</u> decision (<u>United States of America for the Use and Benefit of Getz v. Markowitz</u>, 383 F.2d 595 (9th Cir. 1967)) (currently cited by Defendants in the Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim; or, in the Alternative, for Summary Judgment, filed December 5, 2003). See, Yanza Dec. Thus, Plaintiff was well aware a summary judgment motion on bad faith would be filed. The Plaintiff has had ample time to research and anticipate issues to arise. But what has the Plaintiff been doing since October 2003? The Plaintiff has not sufficiently explained to the Court why Plaintiff is not prepared!

Plaintiff is more than prepared to file its oppositions. Plaintiff has cited authorities in paragraph 37 of its Amended Complaint filed September 10, 2002, and in paragraph 37 of its Second Amended Complaint filed July 15, 2003, which clearly indicates that RHINO's counsel had researched whether a bad faith cause of action against a surety exists in Guam. Since a clear reading of paragraph 37 of the Second Amended Complaint expresses Plaintiff's position that a bad faith cause of action exists, Plaintiff is and has long been prepared to address this issue since it had filed its Amended Complaint on September 10, 2002.

Defendants AIGTS and AMERICAN HOME's December 15, 2003 motion (Motion for Partial Summary Judgment on Plaintiff's Miller Act Claims) consists of only fourteen (14) pages of argument. The motion has identical arguments to BIOGENESIS' arguments in its motion for summary judgment. Thus, Plaintiff only has two (2) motions to address. Contrary to the Plaintiff's assertion, Plaintiff is not overwhelmed. The effort to which Plaintiff has placed into this extension request and the vigor which Plaintiff argues, would have been better spent writing its oppositions.

There is prejudice to the Defendants. Local counsel has delayed his travel plans in anticipation for filing replies to RHINO's oppositions. See, Yanza Dec. Off-island counsel has purchased tickets and made hotel accommodations in advance, based on the parties' agreements, including Plaintiff's counsel, that January 9, 2004 would be the hearing date for the dispositive motions. To require off-island counsel to change their travel plans would require off-island counsel to pay penalties for said changes. Changing air travel plans requires a penalty of Two Hundred Dollars ($200.00) for each off-island counsel; and to change hotel accommodations, off-island counsel loses their non-refundable deposit of Two Hundred Forty-Nine and 75/100 Dollars ($249.75). See, Yanza Dec. Moreover, off-island counsel would not be able to come to Guam until February 2004, thereby requiring all the scheduling deadlines to be moved back. To grant the extension would only fuel Plaintiff's scheme of avoiding summary dismissal. The Plaintiff's efforts to amend the scheduling order are prejudicial to the Defendants who have long resisted efforts to extend the trial date.

The Defendants are surprised the Plaintiff claims AIGTS and AMERICAN HOME did not disclose that they would be filing a second motion for summary judgment unless and until the Plaintiff agreed to allow AIGTS and AMERICAN HOME to exceed the 20-page limitation. This is completely untrue. The clear reading of the stipulation to extend the 20-page limitation expressly states that Defendants AIGTS and AMERICAN HOME would be filing 2 motions for summary judgment. There was no *quid pro quo* other than RHINO to file an opposition in excess of twenty (20) pages. The Plaintiff was on notice that 2 motions would be filed by Defendants AIGTS and AMERICAN HOME.

6

The Defendants are also disturbed that the Plaintiff boldly asserts to the Court that after initially refusing a continuation, the Defendants "then made statements indicating that they might agree to a continuance date in February. . ." thus implying the Defendants misled RHINO's counsel to cease work. Again, this is completely untrue. The Defendant's counsel, Louie J. Yanza, wrote to Cortes refusing a continuance. See, Yanza Dec., Ex. "D". Defendants' counsel would not agree to a continuance and Defendants' counsel also specifically advised Plaintiff's counsel not to expect any continuances, and to continue working on their Opposition. Yanza Dec.

There is insufficient justification to extend the deadline. The Plaintiff, who initiated this lawsuit, was well aware that other motions would be filed other than the bad faith motion to dismiss. Did the Plaintiff honestly believe the Defendants, including BIOGENESIS, would not file summary judgment motions? The Plaintiff is certainly prepared to file oppositions and did not object to January 9, 2004 as the hearing date.

## IV. CONCLUSION

For all the aforementioned facts, the Defendants respectfully request the Court to deny the Plaintiff's Motion to Continue Dispositive Motion Hearings and Trial, and further hold that the Plaintiff must file its oppositions by December 29, 2003. Should the Court agree to amend the Revised Scheduling Order and Discovery Plan, Defendants respectfully request hearing dates on either February 20 or 27, 2003; and that trial be continued to April/May 2004 and Plaintiff be ordered to pay off-island counsels' penalties for the change in travel plans and hotel

7

1 | accommodations; along with additional costs for the extensions.

2 | Dated this 23 day of December, 2003.

3 | **VERNIER & MAHER, LLP**
Attorneys for Defendants
4 | **AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE**
5 | **COMPANY**

6 |

7 |

8 | By: _____
LOUIE J. YANZA

9 |

10 | C:\MarieBackup\My Documents\CLIENTS (NON-GIA)\USA-Rhino v\BIOGENESIS-AIG\Pleadings\Oppo to Rhino Mtn to Cont Hrg on Dispositive Mtn Trial 122203-1.doc

8

Case 1:02-cv-00008    Document 300    Filed 12/23/2003    Page 8 of 8