1   James Lawhn
    OLIVER LAU LAWHN OGAWA & NAKAMURA
2   707 Richard Street, Suite 600
    Honolulu, Hawaii 96813
3   Telephone No.: (808) 533-3999
    Facsimile No.: (808) 533-0144

4

    Stephen D. Tom
5   WHITE & TOM
    820 Mililani Street, Suite 711
6   Honolulu, Hawaii 96813-2972
    Telephone No.: 808 547 5151
7   Facsimile No.: 808 599 4517

8   Louie J. Yanza
    VERNIER & MAHER, LLP
9   115 Hesler Place, Ground Floor
    Governor Joseph Flores Building
10   Hagåtña, Guam 96910
    Telephone No.: (671) 477-7059
11   Facsimile No.: (671) 472-5487

12   Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
    AMERICAN HOME ASSURANCE COMPANY

13

FILED
DISTRICT COURT OF GUAM

DEC 23 2003

MARY L. M. MORAN
CLERK OF COURT

297

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., | ) CIVIL CASE NO. 02-00008 )  ) |
| Plaintiff, | ) DECLARATION OF LOUIE J. YANZA IN ) SUPPORT OF DEFENDANTS AIG |
| vs. | ) TECHNICAL SERVICES, INC. AND ) AMERICAN HOME ASSURANCE |
| BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, | ) COMPANY'S OPPOSITION TO ) PLAINTIFF'S MOTION TO CONTINUE ) HEARINGS OF DISPOSITIVE MOTIONS ) AND TRIAL |
| Defendants. | ) ) |
| BIOGENESIS PACIFIC, INC., | ) ) |
| Counterclaimant, | ) ) |
| vs. | ) ) |
| RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, | ) ) ) |
| Counter-Defendant. | ) ) |

1

**ORIGINAL**

| | AMERICAN HOME ASSURANCE COMPANY | ) |
|---|---|---|
| 1 | | ) |
| 2 | Cross-Claimant, | ) |
| 3 | vs. | ) |
| | | ) |
| 4 | BIOGENESIS PACIFIC, INC. | ) |
| 5 | Cross-Claim | ) |
| 6 | Defendant. | ) |

I, LOUIE J. YANZA, hereby declare as follows:

1.  I make this declaration on personal knowledge, having personal knowledge of the facts herein contained, and am competent to testify if called upon as a witness at trial of the within entitled-action.

2.  I am an individual over the age of 18. I am an attorney licensed to practice law within Guam and before the U.S. District Court of Guam.

3.  I am an attorney with the law firm of VERNIER & MAHER, LLP, local counsel for Defendants AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME") and AIG TECHNICAL SERVICES, INC. ("AIGTS").

4.  Attached hereto and marked Exhibit "A" is a true and correct copy of Defendant AIGTS' Motion to Dismiss, filed with the U.S. District Court of Guam on July 26, 2002.

5.  During the first week of December 2003, I advised Plaintiff's counsel, Antonio L. Cortes, that I will be filing two (2) motions for summary judgment, which motions would exceed twenty (20) pages.

2

6.  Attached hereto and marked Exhibit "B" is a true and correct copy of the Stipulation and Order to Extend Page Limitation for the Dispositive Motions to be filed by Defendants AIGTS and AMERICAN HOME, submitted to the U.S. District Court of Guam on December 5, 2003.

7.  Attached hereto and marked Exhibit "C" is a true and correct copy of the Agreement to Hearing Date for Defendants AIGTS and AMERICAN HOME's Two (2) Motions: (i) Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim or, in the Alternative, for Summary Judgment; and (ii) Motion for Partial Summary Judgment on Plaintiff's Miller Act Claims, filed with the U.S. District Court of Guam on December 5, 2003.

8.  Attached hereto and marked Exhibit "D" is a true and correct copy of my December 17, 2003 letter to Mr. Cortes, wherein I advised Mr. Cortes that we will not continue the hearing date for the Defendants' motions.

9.  On December 18, 2003, I telephonically advised Mr. Cortes for him not to expect any continuance, but for him to acquire some hearing dates. I advised Mr. Cortes that the fact that he may acquire some hearing dates should not be implied that we would agree to continuing the hearing dates. Mr. Cortes acknowledged that we are not conceding or admitting to a continuance of the hearing dates.

10. During the period from the filing of the initial answer to December 22, 2003, Mr. Cortes never inquired as to how many motions Defendants

3

AIGTS and AMERICAN HOME would be filing. Had Mr. Cortes inquired, I would have gladly disclosed the motions I would be filing.

11. During the fall of 2003, I had several conversations with Mr. Cortes in which I inquired whether: (i) RHINO's bad faith cause of action ever existed in Guam; and (ii) I advised Mr. Cortes that some of his claims are not recoverable under the Miller Act.

12. During my conversation with Mr. Cortes in the fall of 2003, Mr. Cortes advised me that he understood the Markowitz decision (*United States of America for the Use and Benefit of Getz v. Markowitz*, 383 F.2d 595 (9th Cir. 1967) (which Defendants rely upon in support of their Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim or, in the Alternative, for Summary Judgment)).

13. Also, during my conversation with Mr. Cortes, Mr. Cortes and I spoke about the profits issue wherein he expressly told me that the profits are probably not recoverable under the Miller Act. Thus, by these conversations, I was under the impression that Mr. Cortes had notice, or should have known, that motions for summary judgment would be filed by Defendants AIGTS and AMERICAN HOME.

14. Both off-island counsel James Lawhn, Esq. and Stephen D. Tom, Esq. have made travel arrangements, purchased their airline tickets and have made hotel accommodations on Guam. To change their itinerary would require off-island counsel to pay penalties for their airfare ($200.00) and hotel reservations ($249.75 – non-refundable) each.

4

15. I have delayed my holiday travel plans because I thought I would have to prepare replies to RHINO's oppositions.

I declare under penalty of perjury under the laws of Guam (6 GCA §4308) that the foregoing is true and correct.

Dated this 23rd day of December, 2003, in Hagåtña, Guam.


_____
LOUIE J. YANZA

C:\MarieBackup\My Documents\CLIENTS (NON-GIA)\USA-Rhino v BIOGENESIS-AIG\Pleadings\Declaration of LJY - Oppo to Rhino Mtn to Cont Hrg & Trial 122203.doc

5

Louie J. Yanza
**McKEOWN • VERNIER • PRICE • MAHER**
A Joint Venture of McKEOWN PRICE, LLP
and VERNIER & MAHER, LLP
**115 Hesler Place
Ground Floor • Governor Joseph
Flores Building**
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

**Attorney for Defendant**
AIG TECHNICAL SERVICES, INC.

**FILED
DISTRICT COURT OF GUAM

JUL 2 6 2002

MARY L. M. MORAN
CLERK OF COURT**

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC. and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | ) CIVIL CASE NO. 02-00008 <br> ) <br> ) <br> ) <br> ) **MOTION TO DISMISS; MEMORANDUM** <br> ) **OF POINTS AND AUTHORITIES** <br> ) <br> ) **[ORAL ARGUMENT REQUESTED]** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION

Defendant **AIG TECHNICAL SERVICES, INC. ("AIG")** through counsel,

McKEOWN • VERNIER • PRICE • MAHER, by Louie J. Yanza, hereby moves this Court

for an order dismissing the Complaint in its favor.

This motion is made pursuant to Rules 12(b)(1), 12(b)(6), 12(b)(7), 19 and 56 of

the Federal Rules of Civil Procedure, and is based on this Memorandum of Points and

Authorities filed contemporaneously herewith, the supporting Declarations and evidence

served and filed herewith, the record of the proceedings and papers on file herein,

1

Exhibit
A

together with any and all arguments to be adduced at the hearing of the within entitled motion.

Dated this 26th day of July, 2002.

McKEOWN • VERNIER • PRICE • MAHER
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC.**

By: _____
**LOUIE J. YANZA**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     STATEMENT OF FACTS

The material and dispositive facts are as follows:

1.  On January 9, 2002, Mr. Michael O'Connell of the Plaintiff Rhino Builders, Inc. filed a Proof of Claim alleging that "between the dates of May 2000 and December 2000, Rhino Builders supplied roofing installation, repairs, and materials to Biogenesis Pacific, Inc."

2.  The underlying contract is contract no. N62766-99-D-0425.

3.  The Complaint in the instant matter was filed on March 20, 2002.

4.  AIG Technical Services, Inc. is not a surety of the underlying bond, but the claims processor for American Home Assurance Company ("AHAC"), the true surety.

5.  AIG Technical Services, Inc. is not a surety nor has it ever issued performance or payment bonds.

\\

\\

2

# ARGUMENT

i. **THE APPLICABLE ONE (1) YEAR STATUTE OF LIMITATIONS HAS LAPSED FOR THE PLAINTIFF IN THIS MATTER, THEREFORE THE CASE MUST BE DISMISSED AS A MATTER OF LAW BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION.**

In actions under the Miller Act, the Plaintiff must institute action within one (1) year. The Miller Act provides:

> Every person who has furnished labor or material in the prosecution of the work provided for in [a contract for the construction, alteration, or repair of any public building of the United States], . . . shall have the right to sue on [the required] payment bond for the amount, or the balance thereof, unpaid at the time of the institution of such suit. . . Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed . . . irrespective of the amount in controversy in such suit, but no [Miller Act] suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied. . . The United States shall not be liable for the payment of any costs or expenses of any such suit.

40 U.S.C. §270b. *See also* 40 U.S.C. §270a (defining relevant contracts and describing bond requirements for such contracts).

Unfortunately for the Plaintiff, it filed its Complaint more than one (1) year <u>after</u> it allegedly provided labor and materials. Therefore the statute has lapsed and the Plaintiff is barred from seeking recovery.

Failure to comply with the statutory one (1) year limitation is jurisdictional in nature. *United States of Commerce for the Use of Celanese Coatings Company v. Gullard*, 504 F.2d 466, 468 (9th Cir. 1974). Because the Plaintiff contends this Court has subject matter jurisdiction, the burden of proof is on the Plaintiff asserting jurisdiction. Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, §1350 (1990). In fact,

3

there is no presumptive truthfulness to the Plaintiff's allegations. *Id*., at fn. 48; see also, FRCP Rule 12(b)(1).

It is undisputed the Plaintiff admits that materials were supplied at the very latest December 31, 2000. In Mr. O'Connell's affidavit, the Plaintiff clearly admits that "roofing installation and repairs and materials" were provided until "December 2000." See, Declaration of Bruce Kahn. The very latest the Plaintiff was then able to file suit would have been December 31, 2001. The Plaintiff simply failed to file its complaint by December 31, 2001. Because the complaint was filed March 20, 2002, well beyond the statute of limitations this Court lacks subject matter jurisdiction.

ii.      **THE DEFENDANT AIG TECHNICAL SERVICES, INC. IS NOT THE SURETY OF THE PAYMENT BOND, THEREFORE, AIG TECHNICAL SERVICES, INC. MUST BE DISMISSED.**

The Plaintiff fails to state a claim against AIG because AIG is not a surety. See, Declaration of Bruce Kahn. A complaint will be dismissed if the complaint fails to state a claim upon which relief can be granted. FRCP Rule 12(b)(6); and *United States for the Use and Benefit of Gutman v. P.J. Carlin Construction Company*, 254 F.Supp. 1001 (E.D.N.Y. 1965).

A payment bond, as with all surety bonds, represents a tri-partite relationship. Fifty State Construction Lien and Bond Law, Section 42.2. The obligee is the party who will receive the benefit of the payment, should the triggering event of non-performance on the underlying contract occurs. In the case at hand, RHINO BUILDERS is the obligee.

The obligor is the party who pays the premiums for the bond and who, if it should fail to perform on the underlying contract, becomes jointly and severally liable on the contract along with the third and final party, the surety who issues the bond. *Id*. In the case at hand, BIOGENESIS PACIFIC, INC. ("BIOGENESIS") is the obligor, and AHAC is

4

the surety.  Therefore, AHAC, rather than BIOGENSIS is liable on the bond and as such is the proper party to this action.  Suretyship is defined by the First Restatement of Security as:

> ". . . the relation which exists where one person has undertaken an obligation and another person is also under an obligation or other duty to the obligee, who is entitled to but one performance, and as between the two who are bound, one rather than the other should perform."

First Restatement of Security §82.

Thus, the surety is the company that is bound on the obligation from which another (the obligor), by the discharge of a duty (performance on the underlying contract), should relieve him.  AHAC explicitly contracted with BIOGENESIS to be its surety on the subject bond.  If plaintiff alleges, as it does, that BIOGENESIS failed to perform, then plaintiff must look to either BIOGENESIS or AHAC for payment, not to AHAC's claim processor, AIG.

Judicial decisions setting forth this obvious and fundamental truism are scarce, in view of the fact that very few plaintiffs, wander into court asserting claims under the bond against the general agent or claims adjuster, rather than the surety.  However, the issue has been addressed.  In an insurance case, _Smith v. Orion Insurance Company_, 298 F.2d 528, 532 (10th Cir. 1961), the action involved a policy insuring a helicopter.  The helicopter crashed, and the insured sought to recover under a policy of insurance covering damage to the helicopter.  The insurer, however, denied the claim.  The insured promptly sued both the insurer, Orion Insurance Company of London, and its agent, Cravens Dragan & Company ("Cravens"), on the policy.  The district court, however, directed a verdict in favor of, _inter alia_, Cravens on the insured's contract action on the policy.

On appeal, the Tenth Circuit affirmed.  The court said:

The first contention is that the court erred in directing a verdict in favor of Cravens and Orion on appellant's first cause of action. Appellant's first cause of action is predicated upon the policy and in it appellant sought judgment on the ground that the policy was in full force and effect. As to Cravens, it is sufficient to say he was not a party to the insurance policy, and, therefore, a cause of action seeking recovering under the policy stated no cause of action against him.

For this reason, AIG respectfully requests that this Court dismiss AIG from the instant suit.

### iii. AIG TECHNICAL SERVICES, INC. IS NOT A SURETY, THEREFORE AIG TECHNICAL SERVICES, INC. HAS NO LIABILITY.

Because it is undisputed AIG is not a surety, this Court should grant summary judgment and dismiss AIG from the instant suit. Summary judgment will be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP Rule 56(c). See, generally, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

The key issue in this analysis, for the purposes of this motion, is who is a "surety?" Guam law defines what a surety is:

> **SURETY.** A *surety* is one who at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor.

18 G.C.A. §32101.

Thus, AIG could not be a "surety" within the meaning of §32191, and of this action, unless AIG entered into a contract of suretyship, agreeing that AIG would be responsible for the payment by BIOGENESIS.

6

AIG, however, did not do so. Indeed, AIG could not have done so. AIG is not a

surety. See, Declaration of Bruce Kahn. AIG is the claims processing agent of the actual

surety AHAC. *Id*. What is an "agent?"

> **AGENCY.** An *agent* is one who represents another, called the
> *principal*, in dealings with third persons. Such representation is
> called *agency*.

18 G.C.A. §210101.

It is evident from this that there is a distinction between a "surety" and an "agent."

The general rule is set forth in 4 Couch on Insurance (2d), 26A:289:

> Under general principles of agency law, the insurer's agent is not
> personally liable to the insured if with authority to do so he effects
> a binding contract of insurance between his disclosed principal
> and the insured which contract of insurance conforms to the
> agreement between the agent and the insured. Where an agent is
> duly authorized and names his principal and contracts in his name
> and does not exceed his authority, only the insurance company
> and not the agent may be held liable for the latter's negligence in
> failing to procure an adequate policy of insurance. If the acts or
> conduct of the insurer's agent bind the insurer, the insured cannot
> hold the agent personally responsible therefor. If the agency is
> disclosed and the agent authorized to contract, the agent is not
> liable on the contract in the absence of an express undertaking on
> his part. Accordingly, where it appears that an effective policy
> was issued in an existing and disclosed insurance company, and
> that it was in force at the time of the loss, the agents who procured
> it cannot be held personally liable as insurers, they not having
> bound themselves or "exceeded their authority without exhibiting
> their power."

Therefore, the indispensable party to this action is AHAC.[1]

Plaintiff RHINO BUILDERS, INC.'s ("RHINO BUILDERS") claims against

Biogenesis Pacific, Inc. ("BIOGENESIS") and AIG Technical Services, Inc. ("AIG") is

predicated on the assumption that a bonding agreement existed between RHINO

---

[1] Because the Plaintiff failed to join AHAC, the Court must dismiss the matter. See, FRCP Rules 12(b)(7)
(failure to join indispensable party); and Rule 19 (joinder of persons)); and *Franz v. East Columbia Basin
Irrigation District*, 383 F.2d 391 (9th Cir. 1967).

7

BUILDERS, BIOGENESIS and AIG. In the absence of such a bonding agreement between RHINO BUILDERS, BIOGENESIS and AIG, Plaintiff RHINO BUILDERS' claim against AIG -- is not a valid and enforceable claim.

AIG respectfully submits, therefore, that this Court grant summary judgment and dismiss AIG and the entire suit of Plaintiff RHINO BUILDERS' claims against AIG.

## IV. CONCLUSION

The statute of limitations for the recovery of materials and labor supplied is one (1) year. The Plaintiff failed to timely file its complaint. Also, AIG is not a surety, nor has even been a surety for BIOGENESIS. AIG has no liability on the Plaintiff's claims. Defendant AIG respectfully requests this Honorable Court grant their Motion to Dismiss the instant Complaint and to dismiss AIG entirely from the case.

Respectfully submitted this 26th day of July, 2002.

**McKEOWN • VERNIER • PRICE • MAHER**
Attorney for Defendant
**AIG TECHNICAL SERVICES, INC.**



By:_____
LOUIE J. YANZA

1  James Lawhn
   OLIVER LAU LAWHN OGAWA & NAKAMURA
2  707 Richard Street, Suite 600
   Honolulu, Hawaii 96813
3  Telephone No.: (808) 533-3999
   Facsimile No.: (808) 533-0144

4

5  Stephen D. Tom
   WHITE & TOM
   820 Mililani Street, Suite 711
6  Honolulu, Hawaii 96813-2972
   Telephone No.: 808 547 5151
7  Facsimile No.: 808 599 4517

8  Louie J. Yanza
   VERNIER & MAHER, LLP
9  115 Hesler Place, Ground Floor
   Governor Joseph Flores Building
10 Hagåtña, Guam 96910
   Telephone No.: (671) 477-7059
11 Facsimile No.: (671) 472-5487

12 Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
   AMERICAN HOME ASSURANCE COMPANY

13            UNITED STATES DISTRICT COURT OF GUAM

14

15 UNITED STATES OF AMERICA FOR ) CIVIL CASE NO. 02-00008
   USE AND BENEFIT OF RHINO )
   BUILDERS, INC., )
16                                  )
                                    )
17        Plaintiff, ) **STIPULATION AND ORDER TO EXTEND**
      vs. ) **PAGE LIMITATION FOR THE**
                                    ) **DISPOSITIVE MOTIONS TO BE FILED**
18 BIOGENESIS PACIFIC, INC., AIG ) **BY DEFENDANTS AIG TECHNICAL**
   TECHNICAL SERVICES, INC. and ) **SERVICES, INC. AND AMERICAN HOME**
19 AMERICAN HOME ASSURANCE ) **ASSURANCE COMPANY**
   COMPANY, )
20                                  )
          Defendants. )
21 BIOGENESIS PACIFIC, INC., )
                                    )
22                                  )
         Counterclaimant, )
23      vs. )
                                    )
24 RHINO BUILDERS, INC., MICHAEL )
   O'CONNELL, MICHAEL DANFORTH, )
25 AND JOHN DOES 1-10, )
                                    )
         Counter-Defendant. )

```
1   AMERICAN    HOME    ASSURANCE    )
    COMPANY                          )
2                                    )
                 Cross-Claimant,     )
3        vs.                         )
                                     )
4   BIOGENESIS PACIFIC, INC.         )
                                     )
5            Cross-Claim Defendant.  )
```

Pursuant to Local Rule (LR) 7.1(g) of the District Court of Guam, and subject to the Court's approval, the parties hereto stipulate and agree that the nature of this case contains matters that are first impressions and complex legal issues. Defendants AIG TECHNICAL SERVICES, INC. ("AIGTS") and AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME") will be filing two (2) motions: (i) Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim or, in the Alternative, for Summary Judgment; and (ii) Motion for Partial Summary Judgment, and the parties agree that Defendants AIGTS and AMERICAN HOME may exceed the twenty (20) page limit for each motion set by LR 7.1(g). The parties opposing Defendants AIGTS and AMERICAN HOME's motions may also file oppositions to exceed the 20 page limit.

**STIPULATED AND AGREED:**

**VERNIER & MAHER, LLP**
Attorneys for Defendants AIG TECHNICAL
SERVICES, INC. and AMERICAN HOME
ASSURANCE COMPANY


By:_____
    Louie J. Yanza

Dated: December 3 2003

**LAW OFFICE OF ANTONIO L. CORTES**
Attorneys for Plaintiff
RHINO BUILDERS, INC.


Original Signed By
ANTONIO L. CORTES
By:_____
    Antonio L. Cortes, Esq.

Dated: 12/5/03

2

1 | STIPULATION AND ORDER TO EXTEND PAGE LIMITATION FOR THE DISPOSITIVE
MOTIONS TO BE FILED BY DEFENDANTS AIG TECHNICAL SERVICES, INC. AND
2 | AMERICAN HOME ASSURANCE COMPANY
United States of America for the Use and Benefit of Rhino Builders, Inc.
3 | v. Biogenesis Pacific, Inc., et al.; USDC Civil Action No. 02-00008

---

4

5 | **CALVO & CLARK, LLP**
Attorneys for Defendant
6 | BIOGENESIS PACIFIC, INC.

7

Original Signed by:
JANALYNN M. CRUZ, ESQ.
8 | By:_____
Janalynn M. Cruz, Esq.
9
Dated: 12/4/03
10

**LAW OFFICES OF FREDERICK J. KERLEY**
Attorneys for Counter-Defendant
MICHAEL O'CONNELL

By:_____
Frederick J. Kerley, Esq.

Dated: Dec. 3, 2003

10 | **BERMAN O'CONNOR MANN & SKHLOV**
11 | Attorneys for Counter-Defendant
MICHAEL DANFORTH
12

13
14 | By:_____
Catherine M. Bejerana, Esq.
15
Dated: 12/4/03
16
SO ORDERED.
17

18
19 | DATED:_____

**HONORABLE JOHN S. UNPINGCO**
**JUDGE, U.S. DISTRICT COURT OF GUAM**

20

21

22

23

24

25

**RECEIVED**

DEC - 5 2003

DISTRICT COURT OF GUAM
HAGATNA, GUAM

3

James Lawhn
**OLIVER LAU LAWHN OGAWA & NAKAMURA**
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
**WHITE & TOM**
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: 808 547 5151
Facsimile No.: 808 599 4517

Louie J. Yanza
**VERNIER & MAHER, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

FILED
DISTRICT COURT OF GUAM

DEC 05 2003

MARY L. M. MORAN
CLERK OF COURT

RECEIVED
DEC 05 2003
CALVO AND CLARK, LLP

RECEIVED

DEC 0 5 2003

BERMAN O'CONNOR
MANN & SHKLOV

**UNITED STATES DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. <br> _____ <br> BIOGENESIS PACIFIC, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendant. | CIVIL CASE NO. 02-00008 <br><br> **AGREEMENT TO HEARING DATE FOR DEFENDANTS AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S TWO (2) MOTIONS: (i) MOTION FOR DISMISSAL OF PLAINTIFF'S BAD FAITH CAUSE OF ACTION FOR FAILURE TO STATE A CLAIM OR, IN ALTERNATIVE, FOR SUMMARY JUDGMENT; AND (ii) MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S MILLER ACT CLAIMS** |

Received
12/10/05

LERLEY
RECEIVED DEC 0 5 2003
$\checkmark DO @ 3:3D$

1

Exhibit C

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | ) |
| | ) |
| Cross-Claimant, | ) |
| vs. | ) |
| | ) |
| BIOGENESIS PACIFIC, INC. | ) |
| | ) |
| Cross-Claim Defendant. | ) |

Pursuant to Local Rule 7.1, the parties hereby acknowledge the following:

1.  I, Louie J. Yanza, am local counsel for Defendants AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME") and AIG TECHNICAL SERVICES, INC. ("AIGTS") in the above-captioned case.

2.  I contacted the attorneys for the parties in this action to agree upon a hearing date for oral arguments of the Defendants AMERICAN HOME and AIGTS' two (2) motions: (i) Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim; or, in the Alternative, for Summary Judgment; and (ii) Motion for Partial Summary Judgment on Plaintiff's Miller Act claims.

3.  The attorneys for the parties in this action are as follows:

    a.  Antonio L. Cortes, Esq., attorney for Plaintiff RHINO BUILDERS, INC.;

    b.  Arthur B. Clark Esq. and Janalynn M. Cruz, Esq., attorneys for Defendant/Cross-Claim Defendant BIOGENESIS PACIFIC, INC.;

    c.  Catherine M. Bejerana, Esq., attorney for Counter-Defendant MICHAEL DANFORTH; and

    d.  Frederick J. Kerley, Esq., attorney for Counter-Defendant MICHAEL O'CONNELL.

4.  The parties agreed upon the following date for oral arguments: **January 9, 2004 at 10:00 a.m.**

2

5. I contacted the Deputy Clerk of Court to ensure that the Court is available on the above date.

Dated this 5th day of December, 2003.

**VERNIER & MAHER, LLP**
Attorneys for Defendants
**AMERICAN HOME ASSURANCE COMPANY
and AIG TECHNICAL SERVICES, INC.**

By: _____
      LOUIE J. YANZA

C:\MarieBackup\My Documents\CLIENTS (NON-GIA)\USA-Rhino v BIOGENESIS\AIG\Pleadings\Agreement to Hrg Date - Dispositive Motions.doc

# VERNIER & MAHER, LLP

D. Paul Vernier, Jr.
John B. Maher

115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910-5004
Telephone: (671) 477-7059
Facsimile: (671) 472-5487
Email: vernier@ite.net

Louie J. Yanza
Michael D. Flynn, Jr.
Terence E. Timblin

December 17, 2003

**VIA FACSIMILE – 477-1933**

Antonio L. Cortes, Esq.
233 Julale Center
424 West O'Brien Drive
Post Office Box BV
Hagåtña, Guam 96932-8973

RE:  **USA/RHINO BUILDERS, INC. v. BIOGENESIS PACIFIC, INC., ET AL.**
     **DISTRICT COURT OF GUAM, CIVIL ACTION NO. 02-00008**

Dear Tony:

I write this letter in response to your request for an extension of time to file plaintiffs' Oppositions and/or continue the hearing date on AIG Technical Services, Inc. ("AIGTS") and American Home Assurance Company's ("American Home") motions for summary judgment. I will not agree to extend the time within which you may file your Oppositions or continue the hearing date on either of our motions for summary judgment.

You knew full well that AIGTS and American Home would be filing two (2) motions for summary judgment. On December 5, 2003, you executed a Stipulation and Order to Extend Page Limitation for Dispositive Motions. In that Stipulation, AIGTS and American Home specifically advised you that they would be filing two (2) motions for summary judgment. In addition, you also agreed to having both motions for summary judgment heard on January 9, 2004, at 10:00 o'clock a.m. You did not object to those hearing dates when the parties were requesting an amenable hearing date. You also knew or should have known Biogenesis Pacific, Inc. ("Biogenesis") would also be filing a motion for summary judgment. Lastly, you agreed to December 15, 2003 as the filing date for all dispositive motions. You should have anticipated all three (3) defendants you sued to be filing dispositive motions on the deadline date.

The fact that you have three (3) oppositions to file is of no consequence. You and your clients have filed this lawsuit against AIGTS and American Home, as well as Biogenesis, so you and your clients should be well prepared to confront any such issues as they arise. Today's requests for extension/continuance will be plaintiffs' fifth (5th) request to extend deadlines and I anticipate the Court would reject any request to extend. All counsel have agreed to January 9, 2004 as the hearing date and off-island counsel have already made arrangements to travel to

Exhibit
A

Guam for the hearing on January 9, 2004. I have also delayed my holiday travel plans in anticipation of your filing your oppositions on December 29, 2003.

If you do not want to work during the holiday season, then please dismiss your Miller Act and Bad Faith claims against AIGTS and American Home.

Very truly yours,

**VERNIER & MAHER, LLP**

Louie J. Yanza

cc:     Janalynn M. Cruz, Esq.
        Catherine M. Bejerana, Esq.
        Arthur B. Clark, Esq.
        Frederick J. Kerley, Esq.
        James Lawhn, Esq.
        Stephen D. Tom, Esq.

C:\MarieBackup\My Documents\CLIENTS (NON-GIA)\USA-Rhino v BIOGENESIS-AIG\Correspondence\Cortes 121703.doc

# Confirmation Report — Memory Send

Time      : Dec-17-03  16:18
Tel line  : +6714725487
Name      : Vernier & Maher,LLP

| | | |
|---|---|---|
| Job number | : | 095 |
| Date | : | Dec-17 16:13 |
| To | : | 4771933 |
| Document pages | : | 03 |
| Start time | : | Dec-17 16:13 |
| End time | : | Dec-17 16:18 |
| Pages sent | : | 03 |
| Status | : | OK |

Job number      : 095                **\*\*\* SEND SUCCESSFUL \*\*\***

# VERNIER & MAHER, LLP

D. Paul Vernier, Jr.
John B. Maher

115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910-5004
Telephone: (671) 477-7059
Facsimile: (671) 472-5487
Email: vernier@ite.net

Louie J. Yanza
Michael D. Flynn, Jr.
Terence E. Timblin

## FACSIMILE TRANSMITTAL COVER SHEET

**TO:**   Mr. Antonio L. Cortes — 477 1933

**FROM:** Louie J. Yanza          **DATE:** December 17, 2003

**RE:**   United States of America for the Use and Benefit of Rhino Builders, Inc. v.
Biogenesis Pacific, Inc., AIG Technical Services, Inc. and American Home
Assurance Company; Biogenesis Pacific, Inc. v. Michael O'Connell and
Michael Danforth; American Home Assurance Company v. Biogenesis Pacific,
Inc.; U.S. District Court of Guam, Civil Case No. 02-00008

**V&M FILE NO.: A-0025.1**          **NO. OF PAGES INCLUDING COVER SHEET: 3**

**IMPORTANT NOTE:**   This fax is **CONFIDENTIAL** and may be covered by legal
professional privilege.  It must not be read, copied, disclosed or used by any person other
than the above addressee.  Unauthorized use, disclosure or copying is strictly prohibited
and may be unlawful.

**DOCUMENTS/COMMENTS:**

1.      Letter from Louie J. Yanza dated December 17, 2003.

**IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL THE ABOVE LISTED NUMBER
AND ASK FOR Valeris.**