James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: 808 547 5151
Facsimile No.: 808 599 4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

**FILED**
DISTRICT COURT OF GUAM
DEC 24 2003
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br>Plaintiff, <br><br>vs. <br><br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br>Defendants. | CIVIL CASE NO. 02-00008 <br><br>MOTION TO RECONSIDER COURT'S ORDER OF DECEMBER 23, 2003; OR, IN THE ALTERNATIVE, TO EXCEED PAGE LIMITATION AND REFILE DEFENDANTS AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S MOTION FOR DISMISSAL OF PLAINTIFF'S BAD FAITH CAUSE OF ACTION FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT |

1

**ORIGINAL**

| | |
|---|---|
| BIOGENESIS PACIFIC, INC., | ) |
| Counterclaimant, | ) ) ) |
| vs. | ) |
| RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, | ) ) ) ) |
| Counter-Defendant. | ) |
| AMERICAN HOME ASSURANCE COMPANY | ) ) ) |
| Cross-Claimant, | ) ) |
| vs. | ) |
| BIOGENESIS PACIFIC, INC. | ) ) |
| Cross-Claim Defendant. | ) ) |

COMES NOW, Defendants AIG TECHNICAL SERVICES, INC. ("AIGTS") and AMERICAN HOME ASSURANCE ("AMERICAN HOME"), through counsel, VERNIER & MAHER, LLP, by Louie J. Yanza, and hereby moves this Honorable Court, to reconsider its Order entered in this matter on December 23, 2003, or, in the alternative, for its Order permitting the Defendants AIGTS and AMERICAN HOME to (1) exceed the page limitation imposed by Local Rule 7.1(g) in Defendant AIGTS and AMERICAN HOME's Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim; or, in the Alternative, for Summary Judgment; and, (2) re-file said Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim; or, in the Alternative, for Summary Judgment.

This Motion is based on the Memorandum of Points and Authorities filed herewith, the record of the proceedings and papers on file herein, together with any

and all arguments to be adduced at the hearing of the within motion.

Dated this 24th day of December, 2003.

**VERNIER & MAHER, LLP**
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC.** and **AMERICAN HOME ASSURANCE COMPANY**

BY: _____
LOUIE J. YANZA

## MEMORANDUM OF POINTS AND AUTHORITIES

On December 5, 2003, Defendants AIGTS and AMERICAN HOME filed their Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim; or, in the Alternative, for Summary Judgment. On December 5, 2003, Defendants AIGTS and AMERICAN HOME also submitted, for the Court's approval, a Stipulation and Order to Extend Page Limitation for the Dispositive Motions to be Filed by Defendants AIGTS and AMERICAN HOME, executed by all the parties to the lawsuit. Both documents were filed ten (10) days before the motion deadline for filing.

On December 23, 2003, the Court issued its Order in this matter striking the Defendants AIGTS and AMERICAN HOME's thirty-three page Motion for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim; or, in the Alternative, for Summary Judgment (hereinafter "Motion for Dismissal"). In its Order, the Court noted that said Defendants' Motion for Dismissal exceeded the twenty-page limit pursuant to Local Rule 7.1(g) and that said Defendants <u>failed to request</u>

3

and receive the Court's permission for the excess pages. (Emphasis added). Accordingly, the Defendants AIGTS and AMERICAN HOME's Motion for Dismissal and all supporting declarations and material related to said Motion were stricken by the Court.

Defendants AIGTS and AMERICAN HOME request the Court's reconsideration of its Order of December 23, 2003, on the following grounds:

1. On December 5, 2003, said Defendants AIGTS and AMERICAN HOME submitted a Stipulation and Order to Extend Page Limitation for the Dispositive Motions to be filed by Defendants AIGTS and AMERICAN HOME signed by the parties hereto for the Court's consideration and approval. A copy of said Stipulation and Order is attached to the Declaration of Counsel, marked Exhibit "A" and incorporated herein by this reference.

2. The Stipulation and Order to Extend Page Limitation for the Dispositive Motions was filed on December 5, 2003, ten days before the motion filing deadlines.

3. We believe the Court inadvertently overlooked the stipulation before the Court issued its Order.

4. Requests to exceed the twenty-page limitation are routinely granted especially when the issues are numerous, complex and involve issues of first impression.

5. There is no prejudice to the parties to this action, including the Plaintiff, should the Court reconsider its Order, as the parties were served with copies of the Motion to Dismiss on December 10, 2003; and the Court has

4

granted that Plaintiff may file its Opposition by January 23, 2004 (exactly 14 days prior to the hearing on dispositive motions). This will give the Plaintiff 44 days to file an Opposition to the motion.

6. There is prejudice to the Defendants. The Defendants have conducted extensive research into the Plaintiff's bad faith claim and do not believe the bad faith claim exists in Guam. To permit Plaintiff to proceed against the Defendants, exposes the Defendants to potential unlimited liability, where such liability does not exist, and for the Defendants' *de minimis* violation of filing a 33-page motion while not receiving approval from Court. This would set bad precedent for Guam without the Defendants' having a fair hearing on their dispositive motion.

7. The Defendants AIGTS and AMERICAN HOME have edited and revised their Motion to make it as succinct as possible but to date have been unable to make it shorter than 33 pages without eliminating important background material or legal argument.

8. The Defendants AIGTS and AMERICAN HOME will continue the effort to shorten the Motion as much as possible, but do request that if necessary they be allowed to file their Motion not to exceed 33 pages.

Should the Court deny Defendants AIGTS and AMERICAN HOME's Motion for Reconsideration of the December 23, 2003 Order, said Defendants alternatively move the Court for its Order permitting said Defendants to exceed the twenty page limit and re-file Defendants AIGTS and AMERICAN HOME's Motion to Dismiss. All parties to this action, including the Plaintiff, have consented to Defendants AIGTS and AMERICAN HOME exceeding the page limitation. See; Declaration of Counsel, Exhibit "A". Re-filing

5

said motion will not prejudice the Plaintiff because Defendants will be filing the identical motion Plaintiff received on December 10, 2003. Plaintiff has until January 23, 2004 to file an opposition. The issues raised by the Plaintiff in this action are one of first impression and contains complex legal arguments.

In the Plaintiff's Second Amended Complaint filed in this matter, the Plaintiff alleges basically alleges two (2) causes of action against moving Defendants, AIGTS and AMERICAN HOME, i.e., bad faith against the sureties and Miller Act Claims against the sureties.

This jurisdiction has not addressed this issue of bad faith against sureties, and the Plaintiff's bad faith claim and the arguments adduced by Defendants AIGTS and AMERICAN HOME's Motion to Dismiss are one of first impression. The bad faith cause of action evolves around Guam's statutory construction on whether a bad faith cause of action is permitted against sureties in Guam.

The issues are complex. Can a principal sue a surety for bad faith when the surety is not an insurer, and when a surety faces a genuine issue of material fact regarding the merits and timelines of a claim?

**CONCLUSION**

Based on the foregoing reasons, Defendants AIGTS and AMERICAN HOME respectfully requests this Honorable Court to reconsider its Order of December 22, 2003, or in the alternative, for its Order permitting said Defendants to exceed the twenty (20) page limitation and permit Defendants AIGTS and AMERICAN HOME to re-file their

//

//

6

1 | Motion to Dismiss; or in the alternative, permit Defendants AIGTS and AMERICAN
2 | HOME to file their motion not to exceed twenty pages.
3 | Respectfully submitted this 24th day of December, 2003.

**VERNIER & MAHER, LLP**
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY**

BY: _____
LOUIE J. YANZA

C:\MarieBackup\My Documents\CLIENTS (NON-GIA)\USA-Rhino v BIOGENESIS-AIG\Pleadings\Motion to Refile Lawhn Motion 122303.doc