James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: 808 547 5151
Facsimile No.: 808 599 4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br>Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY,<br><br>Defendants. | CIVIL CASE NO. 02-00008 <br><br><br><br>**DEFENDANTS AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |
| BIOGENESIS PACIFIC, INC.,<br><br>Counterclaimant,<br>vs.<br><br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10,<br><br>Counter-Defendant. | |

1

**ORIGINAL**

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | )<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| BIOGENESIS PACIFIC, INC. | )<br>) |
| Cross-Claim Defendant. | )<br>) |

## I. INTRODUCTION

In the Plaintiff RHINO BUILDERS, INC.'s ("RHINO") moving papers to compel, the Plaintiff essentially argues that: "All the foregoing interrogatories seek information that is relevant to the allegations in paragraphs 25 to 38 of Plaintiff's Second Amended Complaint, particularly paragraph 33, in that, for example only, any kind of ownership or control of AIGTS and AHAC". As will be shown below, all the information the Plaintiff seeks is not relevant. The Plaintiff's underlying suit consists of bad faith and Miller Act claims against Defendants AIGTS and AMERICAN HOME. However, the Plaintiff fails to point out to the Court how the requested information on the ownership of AIGTS and AMERICAN HOME and American International Group, Inc. ("AIG"), is relevant to its underlying claims.

## II. ARGUMENT

The Plaintiff's requested information is not relevant to the Plaintiff's underlying suit.

Rule 26(b) of the Federal Rules of Civil Procedure states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Although full and complete discovery should be practiced and allowed, this process should be kept within practical bounds of proper and logical basis for determining relevancy in which discovery is sought. "[P]ractical considerations dictate that parties should not be permitted to roam in shadow zones of relevancy and explore matter which does not presently appear germane on the theory that it might conceivably become relevant." *Broadway and 96th Street Realty Co. v. Loe's, Inc.*, 21 F.R.D. 347, 352 (D.C. Ny. 1958).

Here, the Plaintiff makes general allegations of relevancy. The Plaintiff fails to show how the ownership of AIGTS, AHAC, and AIG is germane to its bad faith and Miller Act suits against the Defendants. The Plaintiff fails to proffer how information on the common ownership of AIGTS, AMERICAN HOME and AIG make the existence of the Plaintiff's bad faith and Miller Act claims more or less probable than it would be without the evidence. The Plaintiff simply argues conclusions without any supporting basis or rationale to support its conclusion. The Plaintiff's allegation of relevance is insufficient to overcome the Defendants' specific objection that an item is not discoverable because it is not relevant to the subject matter of this action. *Home Insurance Company v. Ballenger Corp.*, 74 F.R.D. 93 (D.C. Ga. 1977).

Since the information therefore is not relevant, how can the requested information lead to the discovery of admissible evidence? Again, the Plaintiff simply fails to show to the Court how the discovery of the common ownership of AIGTS, AMERICAN HOME and AIG lead to the discovery of admissible evidence. Without the Plaintiff's proffer, the Court should deny the Plaintiff's Motion.

Should the Court hold that Plaintiff's Motion may have merit and order disclosure, the Defendants request the Court not to order disclosure for the following

3

interrogatories:

**INTERROGATORY NO. 12:**
Identify all civil actions brought since January 1998 in which a claim was made upon a surety bond issued by AHAC.

**RESPONSE:** Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant or material and not subject to discovery, nor likely to lead to the discovery of admissible evidence. In addition, this interrogatory requires a response that is overly broad and burdensome.

**SUPPLEMENTAL RESPONSE:** AMERICAN HOME restates the objections in its initial response to this interrogatories.

**INTERROGATORY NO. 13:**
For each such action, (a) state whether or not an affirmative defense was asserted based on a statute of limitations; (b) state whether AIGTS was named as a defendant; (c) state whether AHAC was named as a defendant; (d) state whether AIG Claim Services, Inc. ("AIGCS"); was named as a defendant; (e) list any other entities that would be identified in a correct responses to Interrogatory Nos. 1 though 13 of the AIGTS interrogatories that was named as a defendant; (f) state whether, prior to the litigation, the claimant was directed to make its claim through AIGTS or AIGCS; (g) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on the basis of a statute of limitations; (h) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on any other basis; and (i) identify Plaintiff's counsel.

**RESPONSE:** See, response to Interrogatory No. 12, *supra.*

**SUPPLEMENTAL RESPONSE:** AMERICAN HOME restates the objections in its initial response to this interrogatory.

/ /

**INTERROGATORY NO. 15:**
State the percentage of AIGTS's voting securities owned by AIG Inc. at all times between March 2001 and the present.

**RESPONSE:** Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery, and the information sought is not within possession of the Defendant.

**SUPPLEMENTAL RESPONSE:** AMERICAN HOME restates the objections in its initial response to this interrogatory.

**INTERROGATORY NO. 16:**
State each and every fact that allows Vernier & Maher to represent both AIGTS and you in this action despite the provisions of Rules 1.6 and 1.7 of the ABA Model Rules of Professional Conduct.

**RESPONSE:** Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO BUILDERS, INC.'s ("RHINO") claims and thus is not relevant, nor likely to lead to the discovery of admissible evidence, and not subject to discovery. Defendant AMERICAN HOME further objects to this Interrogatory on the basis that the responses are protected by the attorney-client privilege and the subject of confidential attorney-client communications.

**SUPPLEMENTAL RESPONSE:** AMERICAN HOME restates the objections in its initial response to this interrogatory.

The Defendants' objections are reasonable. The Plaintiff is requesting information that is privileged, overbroad, burdensome, irrelevant nor likely to lead to the discovery of admissible evidence. The Defendants cannot conceive how the requested information assists the Plaintiff in its bad faith and Miller Act claims.

Since the Plaintiff has failed to prove or show in its moving papers how the requested information is relevant, the Defendants respectfully request the Court to

deny the Plaintiff's Motion to Compel Discovery.

## CONCLUSION

For all the aforementioned facts, the Defendants respectfully request the Court to deny the Plaintiff's Motion to Compel Discovery, and hold that the Defendants are not required to disclose any additional information to the Plaintiff.

In the alternative, should the Court order disclosure, Defendants request that disclosure not be allowed for Interrogatory Nos. 12, 13, 15 and 16 of the Plaintiff's Second Set of Interrogatories to Defendant AMERICAN HOME.

Dated this 6th day of January, 2004.

**VERNIER & MAHER, LLP**
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC.** and
**AMERICAN HOME ASSURANCE COMPANY**

By: _____
LOUIE J. YANZA