1 James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
2 707 Richard Street, Suite 600
Honolulu, Hawaii 96813
3 Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144
4
Stephen D. Tom
5 WHITE & TOM
820 Mililani Street, Suite 711
6 Honolulu, Hawaii 96813-2972
Telephone No.: 808 547 5151
7 Facsimile No.: 808 599 4517

8 Louie J. Yanza
VERNIER & MAHER, LLP
9 115 Hesler Place, Ground Floor
Governor Joseph Flores Building
10 Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
11 Facsimile No.: (671) 472-5487

12 Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

13
14
UNITED STATES OF AMERICA FOR USE ) CIVIL CASE NO. 02-00008
15 AND BENEFIT OF RHINO BUILDERS, INC., )
 )
16               Plaintiff,                )
 ) DECLARATION OF LOUIE J. YANZA IN
17       vs.                               ) SUPPORT OF DEFENDANTS AIG
 ) TECHNICAL SERVICES, INC. AND
18 BIOGENESIS PACIFIC, INC., AIG ) AMERICAN HOME ASSURANCE
TECHNICAL SERVICES, INC. and ) COMPANY'S OPPOSITION TO
19 AMERICAN HOME ASSURANCE ) PLAINTIFF'S MOTION TO COMPEL
COMPANY,                                  )
 )
20               Defendants.               )
 )
21 BIOGENESIS PACIFIC, INC.,                )
 )
22               Counterclaimant,          )
 )
23       vs.                               )
 )
24 RHINO BUILDERS, INC., MICHAEL )
O'CONNELL, MICHAEL DANFORTH, AND )
25 JOHN DOES 1-10,                          )
 )
               Counter-Defendant.         )

1

ORIGINAL

FILED
DISTRICT COURT OF GUAM
JAN - 6 2004
MARY L. M. MORAN
CLERK OF COURT

309

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | ) |
| Cross-Claimant, | ) |
| vs. | ) |
| BIOGENESIS PACIFIC, INC. | ) |
| Cross-Claim Defendant. | ) |

I, LOUIE J. YANZA, hereby declare as follows:

1. I make this declaration on personal knowledge, having personal knowledge of the facts herein contained, and am competent to testify if called upon as a witness at trial of the within entitled-action.

2. I am an individual over the age of 18. I am an attorney licensed to practice law within Guam and before the U.S. District Court of Guam.

3. I am an attorney with the law firm of VERNIER & MAHER, LLP, local counsel for Defendants AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME") and AIG TECHNICAL SERVICES, INC. ("AIGTS").

4. Attached hereto and marked Exhibit "A" is a true and correct copy of Defendant AIGTS' Responses to Plaintiff's Second Set of Interrogatories, served on September 16, 2003.

5. Attached hereto and marked Exhibit "B" is a true and correct copy of Defendant AMERICAN HOME's Responses to Plaintiff's Second Set of Interrogatories, served on September 16, 2003.

2

6.     Attached hereto and marked Exhibit "C" is a true and correct copy of Defendant AIGTS' Supplemental Responses to Plaintiff's Second Set of Interrogatories, served on December 12, 2003.

7.     Attached hereto and marked Exhibit "D" is a true and correct copy of Defendant AMERICAN HOME's Supplemental Responses to Plaintiff's Second Set of Interrogatories, served on December 12, 2003.

I declare under penalty of perjury under the laws of Guam (6 GCA §4308) that the foregoing is true and correct.

Dated this 6th day of January, 2004, in Hagåtña, Guam.

LOUIE J. YANZA

C:\MarieBackup\My Documents\CLIENTS (NON-GIA)\USA-Rhino v BIOGENESIS-AIG)\Pleadings\Declaration of LJY - Oppo to Rhino Mtn to Compel 122203.doc

3

1  James Lawhn
   OLIVER LAU LAWHN OGAWA & NAKAMURA
2  707 Richard Street, Suite 600
   Honolulu, Hawaii 96813
3  Telephone No.: (808) 533-3999
   Facsimile No.: (808) 533-0144
4
   Stephen D. Tom
5  WHITE & TOM
   820 Mililani Street, Suite 711
6  Honolulu, Hawaii 96813-2972
   Telephone No.: (808) 547-5151
7  Facsimile No.: (808) 599-4517

8  Louie J. Yanza
   VERNIER & MAHER, LLP
9  115 Hesler Place, Ground Floor
   Governor Joseph Flores Building
10 Hagåtña, Guam 96910
   Telephone No.: (671) 477-7059
11 Facsimile No.: (671) 472-5487

12 Attorneys for Defendants
   AIG TECHNICAL SERVICES, INC. and
13 AMERICAN HOME ASSURANCE COMPANY

14           UNITED STATES DISTRICT COURT

15                  DISTRICT OF GUAM

16  UNITED STATES OF AMERICA FOR USE ) CIVIL CASE NO. 02-00008
    AND BENEFIT OF RHINO BUILDERS, INC., )
17                                       )
              Plaintiff,                 )
18                                       )
              vs.                        ) DEFENDANT        AIG    TECHNICAL
19                                       ) SERVICES, INC.'S RESPONSES TO
    BIOGENESIS    PACIFIC,   INC.,   AIG ) PLAINTIFF'S  SECOND  SET  OF
20  TECHNICAL   SERVICES,   INC.  and    ) INTERROGATORIES
    AMERICAN   HOME   ASSURANCE          )
21  COMPANY,                             )
                                         )
22            Defendants.                )
                                         )
23  _____ )

24  //

25  //

RECEIVED
SEP 16 2003
CALVO AND CLARK, LLP

RECEIVED
SEP 16 2003
BERMAN O'CONNOR
MANN & SHKLOV

RECEIVED SEP 16 2003

FILE COPY

Exhibit A

|   | |   |
|---|---|---|
| BIOGENESIS PACIFIC, INC., | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, | ) | |
| Counter-Defendant. | ) | |
| AMERICAN HOME ASSURANCE COMPANY | ) | |
| Cross-Claimant, | ) | |
| vs. | ) | |
| BIOGENESIS PACIFIC, INC. | ) | |
| Cross-Claim Defendant. | ) | |

**PROPOUNDING PARTY: Plaintiff RHINO BUILDERS, INC.**

**RESPONDING PARTY:    Defendant AIG TECHNICAL SERVICES, INC.**

**SET:                 SECOND**

COMES NOW Defendant AIG TECHNICAL SERVICES, INC. ("AIGTS"), through counsel, Vernier & Maher, LLP, by Louie J. Yanza, and hereby responds to Plaintiff's Second Set of Interrogatories propounded herein on July 17, 2003.

Dated this _16th_ day of September, 2003.

> **VERNIER & MAHER, LLP**
> **Attorneys for Defendants**
> **AIG TECHNICAL SERVICES, INC. and**
> **AMERICAN HOME ASSURANCE COMPANY**

BY: _____
     ~~LOUIE J. YANZA~~

2

# RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every member of the American International Group, Inc. ("AIG Inc.")

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO BUILDERS, INC.'s ("RHINO") claims and thus is not relevant and not subject to discovery. However, without waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual report previously produced, which speaks for itself.

**INTERROGATORY NO. 2:**

Identify every parent or holding company of AIG Inc. and every entity owning 5% or more of its voting securities.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Defendant AIGTS further objects on the basis that this interrogatory is overly broad and burdensome and not within the knowledge of the Defendant AIGTS. However, without waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual report previously produced, which speaks for itself.

**INTERROGATORY NO. 3:**

Identify every subsidiary of each member of AIG Inc.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Defendant AIGTS further objects on the basis that this interrogatory is overly broad and burdensome and not within the knowledge of the Defendant AIGTS. However, without

waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual report previously produced, which speaks for itself.

**INTERROGATORY NO. 4:**

Identify every affiliate of each member of AIG Inc.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Defendant AIGTS further objects on the basis that this interrogatory is overly broad and burdensome and not within the knowledge of the Defendant AIGTS. However, without waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual report previously produced, which speaks for itself.

**INTERROGATORY NO. 5:**

Identify any parent or holding company of AIGTS.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Defendant AIGTS further objects on the basis that this interrogatory is overly broad and burdensome and not within the knowledge of the Defendant AIGTS. However, without waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual report previously produced, which speaks for itself.

**INTERROGATORY NO. 6:**

Identify any parent or holding company of AI Marine.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Defendant AIGTS further objects on the basis that this interrogatory is overly broad and

4

1 burdensome and not within the knowledge of the Defendant AIGTS. However, without

2 waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual

3 report previously produced, which speaks for itself.

**INTERROGATORY NO. 7:**

Identify any parent or holding company of AHAC.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Defendant AIGTS further objects on the basis that this Interrogatory is overly broad and burdensome and not within the knowledge of Defendant AIGTS. However, without waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual report previously produced, which speaks for itself.

**INTERROGATORY NO. 8:**

Identify the control group or control person of AIGTS.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Defendant AIGTS further objects on the basis that this Interrogatory is overly broad and burdensome and not within the knowledge of Defendant AIGTS. However, without waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual report previously produced, which speaks for itself.

**INTERROGATORY NO. 9:**

Identify the control group or control person of AI Marine.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery.

5

1   However, without waiving said objection, Defendant AIGTS responds as follows: Please
2   refer to the annual report previously produced, which speaks for itself.

**INTERROGATORY NO. 10:**

Identify the control group or control person of AHAC.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Defendant AIGTS further objects on the basis that this Interrogatory is overly broad and burdensome and not within the knowledge of Defendant AIGTS. However, without waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual report previously produced, which speaks for itself.

**INTERROGATORY NO. 11:**

Identify every entity owning 5% or more of the voting securities of AIGTS.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. However, without waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual report previously produced, which speaks for itself.

**INTERROGATORY NO. 12:**

Identify every entity owning 5% or more of the voting securities of AI Marine.

**RESPONSE**: Objection. The interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Defendant AIGTS further objects on the basis that this interrogatory is overly broad and burdensome and not within the knowledge of the Defendant AIGTS. However, without

6

1  waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual

2  report previously produced, which speaks for itself.

3

4  **INTERROGATORY NO. 13:**

5        Identify every entity owning 5% or more of the voting securities of AHAC.

6        **RESPONSE:** Objection. The interrogatory requires a response that is not relevant

7  to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery.

8  Defendant AIGTS further objects on the basis that this interrogatory is overly broad and

9  burdensome and not within the knowledge of the Defendant AIGTS. However, without

10 waiving said objection, Defendant AIGTS responds as follows: Please refer to the annual

11 report previously produced, which speaks for itself.

12

13 **INTERROGATORY NO. 14:**

14       For each entity identified in any of the foregoing Interrogatory Nos. 1 though 13

15 that is a partnership or a joint venture, separately identify every partner or joint venture.

16       **RESPONSE:** Objection. The interrogatory requires a response that is not relevant

17 to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery.

18 Further, this interrogatory uses the terms "partnership" and "joint venture" without

19 definitions and calls for a legal conclusion. However, without waiving said objection,

20 Defendant AIGTS responds as follows: Please refer to the annual report previously

21 produced, which speaks for itself.

22

23 **INTERROGATORY NO. 15:**

24       List each and every entity that would be identified in a correct response to any of

25 the foregoing Interrogatory Nos. 1 though 14 that has any sort of attorney-client

relationship with the law form of Carlsmith Ball LLP or any of the attorneys who are

7

1 members, partners, or employees, of that firm, or any attorneys working for that firm on
2 any sort of contractual basis.

3 **RESPONSE**: Objection. The interrogatory requires a response that is not relevant
4 to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery.
5 Defendant AIGTS further objects on the basis that this Interrogatory requires a response
6 that is protected by the attorney-client privilege. However, without waiving said
7 objections, the Defendant AIGTS responds as follows: Defendant is without knowledge of
8 the information sought.

9

10 **INTERROGATORY NO. 16**:

11 For each and every entity that would be identified in a correct response to any of
12 the foregoing Interrogatory Nos. 1 though 14, or named in any of those interrogatories,
13 that owns any shares in AIGTS, state how many shares it owns and what percentage of
14 AIGTS's shares that holding represents.

15 **RESPONSE**: Objection. The interrogatory requires a response that is not relevant
16 to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery.
17 However, without waiving said objections, the Defendant AIGTS responds as follows:
18 Defendant is without knowledge of the information sought.

19

20 **INTERROGATORY NO. 17**:

21 Identify each and every officer, employee, control person, and attorney of AHAC,
22 AIGTS, or any entity listed or identified in response to any of the foregoing Interrogatory
23 Nos. 15 and 16 who has contacted, been contacted by, or communicated with Carlsmith
24 Ball LLP regarding this litigation at any time.

25 **RESPONSE**: Mark Titherington, Bruce Kahn, Bill Phillips, Stephen Tom and Louie
J. Yanza

8

1

2

3

4              **FOR OBJECTIONS:**

5              **VERNIER & MAHER, LLP**
               **Attorneys for Defendants**
6              **AIG TECHNICAL SERVICES, INC. and**
               **AMERICAN HOME ASSURANCE COMPANY**
7

8       **BY:**

9              LOUIE J. YANZA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**VERIFICATION**

I, BRUCE KAHN, hereby declare that I am an authorized representative of AIG TECHNICAL SERVICES, INC.; that I have read the foregoing Defendant AIG TECHNICAL SERVICES, INC.'s Responses to Plaintiff's Second Set of Interrogatories and know the contents thereof; that the same is true and correct upon my knowledge, information and belief.

I declare under the penalty of perjury, under the laws of Guam (6 G.C.A. §4308), that foregoing is true and correct.

Executed at New York, New York, this 8th day of August, 2003.

**AIG TECHNICAL SERVICES, INC.**

BY: _____
**BRUCE KAHN**
Its Duly Authorized Representative

## CERTIFICATE OF SERVICE

I, LOUIE J. YANZA, hereby certify that on the 16th day of September, 2003, I caused a copy of the annexed **Defendant AIG Technical Services, Inc.'s Responses to Plaintiff's Second Set of Interrogatories** to be served upon the parties hereto, by delivering and leaving a copy of same to their attorneys of record, as follows:

**Ms. Janalynn M. Cruz**
CALVO & CLARK, LLP
Suite 202, First Savings & Loan Bldg.
655 South Marine Drive
Tamuning, Guam 96911

**Ms. Catherine M. Bejerana**
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Bldg.
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagåtña, Guam 96910

**Mr. Antonio L. Cortes**
Attorney At Law
233 Julale Center
424 West O'Brien Drive
Post Office Box BV
Hagåtña, Guam 96932-8973

**Mr. Frederick J. Kerley**
Reflection Center Building, Suite 202
222 Chalan Santo Papa
Hagåtña, Guam 96910

Executed this 16 day of September, 2003.

VERNIER & MAHER, LLP
**Attorneys for Defendants**
**AIG TECHNICAL SERVICES, INC. and**
**AMERICAN HOME ASSURANCE COMPANY**


BY: _____
LOUIE J. YANZA

11

1  James Lawhn
   OLIVER LAU LAWHN OGAWA & NAKAMURA
2  707 Richard Street, Suite 600
   Honolulu, Hawaii 96813
3  Telephone No.: (808) 533-3999
   Facsimile No.: (808) 533-0144
4
   Stephen D. Tom
5  WHITE & TOM
   820 Mililani Street, Suite 711
6  Honolulu, Hawaii 96813-2972
   Telephone No.: (808) 547-5151
7  Facsimile No.: (808) 599-4517
8  Louie J. Yanza
   VERNIER & MAHER, LLP
9  115 Hesler Place, Ground Floor
   Governor Joseph Flores Building
10 Hagåtña, Guam 96910
   Telephone No.: (671) 477-7059
11 Facsimile No.: (671) 472-5487

12 Attorneys for Defendants
   AIG TECHNICAL SERVICES, INC. and
13 AMERICAN HOME ASSURANCE COMPANY

RECEIVED
SEP 16 2003
CALVO AND CLARK, LLP

14                    UNITED STATES DISTRICT COURT

15                          DISTRICT OF GUAM

16 UNITED STATES OF AMERICA FOR USE ) CIVIL CASE NO. 02-00008
   AND BENEFIT OF RHINO BUILDERS, INC., )
17                                       )
                 Plaintiff,              )
18                                       )
                 vs.                     ) DEFENDANT     AMERICAN     HOME
19                                       ) ASSURANCE COMPANY'S RESPONSES
   BIOGENESIS   PACIFIC,   INC.,   AIG ) TO PLAINTIFF'S SECOND SET OF
20 TECHNICAL   SERVICES,   INC.   and ) INTERROGATORIES
   AMERICAN    HOME    ASSURANCE )
21 COMPANY,                             )
                                        )
22               Defendants.            )
                                        )
23 ─────────────────────────────────── )

                                          Copies
                                          9/17/03

                                      RECEIVED
                                      SEP 16 2003
24 //                                 BERMAN O'CONNOR
                                      MANN & SHKLOV
25 //   RECEIVED SEP 16 2003
        Nov 6 @ 4:10

                            1

FILE COPY

Exhibit B

| | |
|---|---|
| BIOGENESIS PACIFIC, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, | ) |
| Counter-Defendant. | ) |
| AMERICAN HOME ASSURANCE COMPANY | ) |
| Cross-Claimant, | ) |
| vs. | ) |
| BIOGENESIS PACIFIC, INC. | ) |
| Cross-Claim Defendant. | ) |

**PROPOUNDING PARTY:** Plaintiff RHINO BUILDERS, INC.

**RESPONDING PARTY:** Defendant AMERICAN HOME ASSURANCE COMPANY

**SET:** SECOND

COMES NOW Defendant AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME"), through counsel, Vernier & Maher, LLP, by Louie J. Yanza, and hereby responds to Plaintiff's Second Set of Interrogatories propounded herein on July 17, 2003.

Dated this _16_ day of September, 2003.

VERNIER & MAHER, LLP
**Attorneys for Defendants**
AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

BY: _____
LOUIE J. YANZA

2

# RESPONSES TO SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each and every contact or communication between, on the one hand, any officer, employee, control person, and attorney of any entity that would be correctly listed or identified in response to any of the interrogatories served upon AIGTS concurrently with these interrogatories ("the AIGTS interrogatories"), and, on the other hand, Carlsmith Ball LLP, regarding this litigation, at any time.

**RESPONSE**: Objection. This Interrogatory requires a response that is overly broad and burdensome, is not relevant, nor likely to lead to discovery of admissible evidence. The Defendant AMERICAN HOME further objects on the basis that the response is protected by the attorney-client privilege.

**INTERROGATORY NO. 2:**

Identify each and every shareholder of AI Marine.

**RESPONSE**: Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO BUILDERS, INC.'s ("RHINO") claims and thus is not relevant and not subject to discovery. Defendant AMERICAN HOME also objects to this Interrogatory in that it is overly broad and calls for information not within the possession of Defendant AMERICAN HOME.

**INTERROGATORY NO. 3:**

Identify each and every control person of AI Marine.

**RESPONSE**: See, responses to Interrogatory No. 2, *supra*.

**INTERROGATORY NO. 4:**

Identify each and every officer of AIGTS, AHAC, or AI Marine who either resides or works in either Hawaii or Guam.

**RESPONSE**: Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. With regard to A.I. MARINE, Defendant AMERICAN HOME objects on the basis that the information is not in the possession of Defendant AMERICAN HOME.

**INTERROGATORY NO. 5:**

Has AI Marine had an attorney-client relationship with Carlsmith Ball LLP at any time since March 2001?

**RESPONSE**: Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Moreover, the response is protected by the attorney-client privilege. However, without waiving said objection, Defendant AMERICAN HOME responds as follows: The information sought is not within the possession of the Defendant.

**INTERROGATORY NO. 6:**

Has AIGTS had an attorney-client relationship with Carlsmith Ball LLP at any time since March 2001?

**RESPONSE**: Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Moreover, the response is protected by the attorney-client privilege.

4

However, without waiving said objection, Defendant AMERICAN HOME responds as follows: The information sought is not within the possession of the Defendant.

**INTERROGATORY NO. 7:**

Has AHAC had an attorney-client relationship with Carlsmith Ball LLP at any time since March 2001?

**RESPONSE**: Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Moreover, the response is protected by the attorney-client privilege. However, without waiving said objection, Defendant AMERICAN HOME responds as follows: The information sought is not within the possession of the Defendant.

**INTERROGATORY NO. 8:**

If AIGTS, AHAC, or AI Marine has had an attorney-client relationship with Carlsmith Ball LLP since March 2002, identify each and every Carlsmith attorney with whom AIGTS, AHAC or AI Marine communicates or has communicated in the course of that representation.

**RESPONSE**: Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Moreover, the response is protected by the attorney-client privilege. Defendant AMERICAN HOME further objects on the basis the Interrogatory is overly broad and burdensome. However, without waiving said objection, Defendant AMERICAN HOME responds as follows: The information sought is not within the possession of the Defendant.

**INTERROGATORY NO. 9:**

For each and every entity that would correctly be identified as having some sort of relationship with Carlsmith Ball LLP in response to Interrogatory Nos. 15 and 16 in the AIGTS interrogatories, identify each and every Carlsmith attorney with whom that entity communicates or has communicated in the course of that representation.

**RESPONSE**: Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Moreover, the response is protected by the attorney-client privilege. Defendant AMERICAN HOME also objects on the basis that the Interrogatory is overly broad and burdensome, and the information sought is not within the possession of the Defendant.

**INTERROGATORY NO. 10:**

Identify each and every civil action in Guam, Hawaii, or California in which Carlsmith Ball has made an appearance for AIGTS, AHAC, or AI Marine since March 2001.

**RESPONSE**: Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Moreover, the response is protected by the attorney-client privilege. Defendant AMERICAN HOME objects on the basis that the Interrogatory is overly broad and burdensome, and the information sought is not within the possession of the Defendant.

**INTERROGATORY NO. 11:**

Identify each and every civil action in Guam, Hawaii, or California in which Carlsmith Ball has made an appearance, since March 2001, for any entity that would be identified in a correct response to Interrogatory Nos. 1 through 14 of the AIGTS interrogatories.

**RESPONSE**: Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to discovery. Moreover, the response is protected by the attorney-client privilege. Defendant AMERICAN HOME objects on the basis that the Interrogatory is overly broad and burdensome, and the information sought is not within the possession of the Defendant.

**INTERROGATORY NO. 12:**

Identify all civil actions brought since January 1998 in which a claim was made upon a surety bond issued by AHAC.

**RESPONSE**: Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO's claims and thus is not relevant or material and not subject to discovery, nor likely to lead to the discovery of admissible evidence. In addition, this interrogatory requires a response that is overly broad and burdensome.

**INTERROGATORY NO. 13:**

For each such action, (a) state whether or not an affirmative defense was asserted based on a statute of limitations; (b) state whether AIGTS was named as a defendant; (c) state whether AHAC was named as a defendant; (d) state whether AIG

1 Claim Services, Inc. ("AIGCS"); was named as a defendant; (e) list any other entities

2 that would be identified in a correct responses to Interrogatory Nos. 1 though 13 of the

3 AIGTS interrogatories that was named as a defendant; (f) state whether, prior to the

4 litigation, the claimant was directed to make its claim through AIGTS or AIGCS; (g)

5 state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or

6 any entity related to any of them, denied a pre litigation claim on the basis of a statute

7 of limitations; (h) state whether, prior to the commencement of the civil action, AIGTS,

8 AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on any

9 other basis; and (i) identify Plaintiff's counsel.

10 **RESPONSE**: See, response to Interrogatory No. 12, *supra*.

11

12 **INTERROGATORY NO. 14:**

13 Did AHAC authorize AIGTS to deny Rhino's pre-litigaiton claim, either when

14 first submitted or during the requested reconsideration of AIGTS's first denial?

15

16 **RESPONSE**: Yes. As claims processor, AIGTS is authorized to act on

17 AMERICAN HOME's behalf.

18 **INTERROGATORY NO. 15:**

19 State the percentage of AIGTS's voting securities owned by AIG Inc. at all

20 times between March 2001 and the present.

21

22 **RESPONSE**: Objection. This Interrogatory requires a response that is not

23 relevant to any of Plaintiff RHINO's claims and thus is not relevant and not subject to

24 discovery, and the information sought is not within possession of the Defendant.

25

8

**INTERROGATORY NO. 16:**

State each and every fact that allows Vernier & Maher to represent both AIGTS and you in this action despite the provisions of Rules 1.6 and 1.7 of the ABA Model Rules of Professional Conduct.

**RESPONSE:** Objection. This Interrogatory requires a response that is not relevant to any of Plaintiff RHINO BUILDERS, INC.'s ("RHINO") claims and thus is not relevant, nor likely to lead to the discovery of admissible evidence, and not subject to discovery. Defendant AMERICAN HOME further objects to this Interrogatory on the basis that the responses are protected by the attorney-client privilege and the subject of confidential attorney-client communications.

FOR OBJECTIONS:

**VERNIER & MAHER, LLP**
**Attorneys for Defendants**
**AIG TECHNICAL SERVICES, INC. and**
**AMERICAN HOME ASSURANCE COMPANY**

BY: _____

LOUIE J. YANZA

9

**VERIFICATION**

I, BRUCE KAHN, hereby declare that I am an authorized representative of AMERICAN HOME ASSURANCE COMPANY; that I have read the foregoing Defendant AMERICAN HOME ASSURANCE COMPANY's Responses to Plaintiff's Second Set of Interrogatories and know the contents thereof; that the same is true and correct upon my knowledge, information and belief.

I declare under the penalty of perjury, under the laws of Guam (6 G.C.A. §4308), that foregoing is true and correct.

Executed at New York, New York, this 18th day of August, 2003.

**AMERICAN HOME ASSURANCE
COMPANY**

BY: _Bruce W Kahn_
        BRUCE W. KAHN
        Its Duly Authorized Representative

## CERTIFICATE OF SERVICE

I, LOUIE J. YANZA, hereby certify that on the 16th day of September, 2003, I caused a copy of the annexed **Defendant AMERICAN HOME ASSURANCE COMPANY's Responses to Plaintiff's Second Set of Interrogatories** to be served upon the parties hereto, by delivering and leaving a copy of same to their attorneys of record, as follows:

**Ms. Janalynn M. Cruz**
CALVO & CLARK, LLP
Suite 202, First Savings & Loan Bldg.
655 South Marine Drive
Tamuning, Guam 96911

**Ms. Catherine M. Bejerana**
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Bldg.
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagåtña, Guam 96910

**Mr. Antonio L. Cortes**
Attorney At Law
233 Julale Center
424 West O'Brien Drive
Post Office Box BV
Hagåtña, Guam 96932-8973

**Mr. Frederick J. Kerley**
Reflection Center Building, Suite 202
222 Chalan Santo Papa
Hagåtña, Guam 96910

Executed this 16th day of September, 2003.

VERNIER & MAHER, LLP
**Attorneys for Defendants**
**AIG TECHNICAL SERVICES, INC. and**
**AMERICAN HOME ASSURANCE COMPANY**

BY: _____
LOUIE J. YANZA

11

1   James Lawhn
    OLIVER LAU LAWHN OGAWA & NAKAMURA
2   707 Richard Street, Suite 600
    Honolulu, Hawaii 96813
3   Telephone No.: (808) 533-3999
    Facsimile No.: (808) 533-0144
4
    Stephen D. Tom
5   WHITE & TOM
    820 Mililani Street, Suite 711
6   Honolulu, Hawaii 96813-2972
    Telephone No.: 808 547 5151
7   Facsimile No.: 808 599 4517
8   Louie J. Yanza
    VERNIER & MAHER, LLP
9   115 Hesler Place, Ground Floor
    Governor Joseph Flores Building
10  Hagåtña, Guam 96910
    Telephone No.: (671) 477-7059
11  Facsimile No.: (671) 472-5487

12  Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
    AMERICAN HOME ASSURANCE COMPANY

13              UNITED STATES DISTRICT COURT OF GUAM
14
    UNITED STATES OF AMERICA FOR USE   ) CIVIL CASE NO. 02-00008
15  AND BENEFIT OF RHINO BUILDERS, INC., )
                                        )
16           Plaintiff,                 )
                                        ) **DEFENDANT      AIG    TECHNICAL**
17      vs.                             ) **SERVICES,   INC.'S  SUPPLEMENTAL**
                                        ) **RESPONSES TO PLAINTIFF'S SECOND**
18  BIOGENESIS   PACIFIC,   INC.,   AIG ) **SET OF INTERROGATORIES**
    TECHNICAL    SERVICES,   INC.   and )
    AMERICAN    HOME    ASSURANCE       )
19  COMPANY,                            )
                                        )
20           Defendants.               )
    BIOGENESIS PACIFIC, INC.,           )
21                                      )
             Counterclaimant,           )
22      vs.                             )
                                        )
23  RHINO   BUILDERS,   INC.,   MICHAEL )
24  O'CONNELL, MICHAEL DANFORTH, AND )
    JOHN DOES 1-10,                     )
25                                      )
             Counter-Defendant.         )

SERVED A. CORTES ON: 12/12/03
@ 3:40 P.M. SLIPPED UNDER
THE DOOR

RECEIVED
DEC 12 2003
CALVO AND CLARK, LLP

RECEIVED
DEC 12 2003

KELLEY
RECEIVED DEC 12 2003
AVB @ 4.00

FILE COPY

Exhibit C

1

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | ) |
| | ) |
| Cross-Claimant, | ) |
| vs. | ) |
| | ) |
| BIOGENESIS PACIFIC, INC. | ) |
| | ) |
| Cross-Claim Defendant. | ) |

**PROPOUNDING PARTY: Plaintiff RHINO BUILDERS, INC.**

**RESPONDING PARTY:    Defendant AIG TECHNICAL SERVICES, INC.**

**SET:                     SECOND**

COMES NOW Defendant AIG TECHNICAL SERVICES, INC. ("AIGTS"), through counsel, Vernier & Maher, LLP, by Louie J. Yanza, and hereby supplements its responses to Plaintiff's Second Set of Interrogatories propounded herein on July 17, 2003.

Dated this 12th day of December, 2003.

> **VERNIER & MAHER, LLP**
> Attorneys for Defendants
> **AIG TECHNICAL SERVICES, INC. and**
> **AMERICAN HOME ASSURANCE COMPANY**

By: _____
        LOUIE J. YANZA

## SUPPLEMENTAL RESPONSES TO
## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 3:**

Identify every subsidiary of each member of AIG Inc.

**SUPPLEMENTAL RESPONSE:**    AIGTS restates the objections in its initial response to this interrogatory and supplements its answer by incorporating the SEC Form

10K for American International Group, Inc., copies of which have been provided to Plaintiff through discovery in this matter.

**INTERROGATORY NO. 4:**

Identify every affiliate of each member of AIG Inc.

**SUPPLEMENTAL RESPONSE:** AIGTS restates the objections in its initial response to this interrogatory and supplements its answer by incorporating the SEC Form 10K for American International Group, Inc., copies of which have been provided to Plaintiff through discovery in this matter.

**INTERROGATORY NO. 5:**

Identify any parent or holding company of AIGTS.

**SUPPLEMENTAL RESPONSE:** Subject to the objections states in its initial response to this interrogatory, AIGTS supplements its answer by stating that it understands that American International Group, Inc. is the holding company which owns one hundred (100%) percent of its voting stock.

**INTERROGATORY NO. 7:**

Identify any parent or holding company of AHAC.

**SUPPLEMENTAL RESPONSE:** Subject to the objections stated in its initial response to this interrogatory, AIGTS states that American International Group, Inc. is its parent.

//

//

3

**INTERROGATORY NO. 8:**

Identify the control group or control person of AIGTS.

**SUPPLEMENTAL RESPONSE:** See, Exhibit "A" attached hereto.

**INTERROGATORY NO. 10:**

Identify the control group or control person of AHAC.

**SUPPLEMENTAL RESPONSE:** See, Exhibit "B" attached hereto.

**INTERROGATORY NO. 11:**

Identify every entity owning 5% or more of the voting securities of AIGTS.

**SUPPLEMENTAL RESPONSE:** Subject to the objections stated in its initial response to this interrogatory, AIGTS supplements its answer by stating that it understands that American International Group, Inc. is the holding company which owns one hundred (100%) percent of its voting stock.

**INTERROGATORY NO. 13:**

Identify every entity owning 5% or more of the voting securities of AHAC.

**SUPPLEMENTAL RESPONSE:** AIGTS restates the objections in its initial response to this interrogatory. See also, AIGTS' supplemental response to Interrogatory No. 7 above.

**INTERROGATORY NO. 14:**

For each entity identified in any of the foregoing Interrogatory Nos. 1 though 13 that is a partnership or a joint venture, separately identify every partner or joint venture.

1      **SUPPLEMENTAL RESPONSE**: Subject to the objections stated in its initial

2 response to this interrogatory, AIGTS supplements its answer by stating that there is no

3 partnership or joint venture relationship between it and AMERICAN HOME or American

4 International Group, Inc.

5

6 **INTERROGATORY NO. 16:**

7      For each and every entity that would be identified in a correct response to any of

8 the foregoing Interrogatory Nos. 1 though 14, or named in any of those interrogatories,

9 that owns any shares in AIGTS, state how many shares it owns and what percentage of

10 AIGTS's shares that holding represents.

11      **SUPPLEMENTAL RESPONSE**: Subject to the objections stated in its initial

12 response to this interrogatory, AIGTS incorporates its supplemental response to

13 Interrogatory No. 11.

14

15                                 **FOR OBJECTIONS:**

16                                 **VERNIER & MAHER, LLP**

Attorneys for Defendants

17                                 **AIG TECHNICAL SERVICES, INC. and**

**AMERICAN HOME ASSURANCE COMPANY**

18

19

20                  By: _____


                          LOUIE J. YANZA

21

22

23

24

25

1

## VERIFICATION

2

3        I, BRUCE KAHN, hereby declare that I am an authorized representative of AIG

4   TECHNICAL SERVICES, INC.; that I have read the foregoing Defendant AIG TECHNICAL

5   SERVICES, INC.'s Responses to Plaintiff's Second Set of Interrogatories and know the

6   contents thereof; that the same is true and correct upon my knowledge, information and

7   belief.

8

9        I declare under the penalty of perjury, under the laws of Guam (6 G.C.A. §4308),

10  that foregoing is true and correct.

11       Executed at New York, New York, this 10th day of ~~November~~ DECEMBER 2003.

12                              AIG TECHNICAL SERVICES, INC.

13

14                    BY:    Bruce W Kahn

15                           BRUCE KAHN
                             Its Duly Authorized Representative

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I, LOUIE J. YANZA, hereby certify that on the 12th day of December, 2003, I caused a copy of the annexed **Defendant AIG TECHNICAL SERVICES, INC.'s Supplemental Responses to Plaintiff's Second Set of Interrogatories** to be served upon the parties hereto, by delivering and leaving a copy of same to their attorneys of record, as follows:

**Ms. Janalynn M. Cruz**
CALVO & CLARK, LLP
Suite 202, First Savings & Loan Bldg.
655 South Marine Drive
Tamuning, Guam 96911

**Ms. Catherine M. Bejerana**
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Bldg.
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagåtña, Guam 96910

**Mr. Antonio L. Cortes**
Attorney At Law
233 Julale Center
424 West O'Brien Drive
Post Office Box BV
Hagåtña, Guam 96932-8973

**Mr. Frederick J. Kerley**
Suite 907, Pacific News Bldg.
238 Archbishop Flores Street
Hagatña, Guam 96910

Executed this 12th day of December, 2003.

VERNIER & MAHER, LLP
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY**

By: _____
LOUIE J. YANZA

## AIG Technical Services, Inc.

### Directors

| | |
|---|---|
| Kenneth Vincent Harkins | Director |
| Robert Paul Jacobson | Director |
| Kristian Philip Moor | Director |
| Charles Ross Schader | Director |
| Howard Ian Smith | Director |
| Thomas Ralph Tizzio | Director |

### Officers

| | |
|---|---|
| Kristian Philip Moor | Chairman of the Board of Directors |
| Donald Pelka | Assistant Secretary |
| Charles Ross Schader | President |
| Robert Paul Jacobson | Chief Financial Officer |
| James M. Sweeney | Chief Operating Officer |
| Robert Paul Jacobson | Executive Vice President |
| Paul Lavelle | Executive Vice President |
| Dennis P. Wallace | Executive Vice President |
| Richard C. Woollams | Executive Vice President |
| Terri D. Austin | Senior Vice President |
| Robert John Beier | Vice President |
| Thomas P. Carey | Vice President |

**EXHIBIT "A"**

Case 1:02-cv-00008    Document 915    Filed 01/06/2004    Page 33 of 46

## AIG Technical Services, Inc.

| | |
|---|---|
| Dennis John Costello | **Vice President** |
| James Bryon Dowd | **Vice President** |
| Fred Jacob Storm | **Vice President** |
| Deborah A. Worthington | **Vice President** |
| Terri D. Austin | **General Counsel** |
| Elizabeth Margaret Tuck | **Secretary** |
| Steven Jay Bensinger | **Treasurer** |
| William A. O'Connor | **Assistant Secretary** |
| Robert John Beier | **Comptroller** |

EXHIBIT "A"

## American Home Assurance Company

| | |
|---|---|
| Nicholas Charles Walsh | **Senior Vice President** |
| Mark Timothy Willis | **Senior Vice President** |
| Robert John Beier | **Vice President** |
| Laura Breen Guy | **Vice President** |
| Glen Max Bronstein | **Vice President** |
| Patrick J. Burns | **Vice President** |
| John Gardiner Colona | **Vice President** |
| Kenneth Bryan Cornell | **Vice President** |
| Hans Karl-Erik Danielsson | **Vice President** |
| Michael C. Fay | **Vice President** |
| Brian Stuart Frisch | **Vice President** |
| Kevin Timothy Hogan | **Vice President** |
| Eric S. Kobrick | **Vice President** |
| Gary Arthur McMillan | **Vice President** |
| Christian Michel Milton | **Vice President** |
| Win Jay Neuger | **Vice President** |
| David Bruce Pinkerton | **Vice President** |
| Richard Thomas Pisano | **Vice President** |
| Edward Francis Andrzejewski | **Assistant Vice President** |
| Drew Beauchamp | **Assistant Vice President** |
| William Watson Fish | **Assistant Vice President** |
| Raymond M. S. Lui | **Assistant Vice President** |

## American Home Assurance Company

### Directors

| | |
|---|---|
| Merton Bernard Aidinoff | Director |
| Charles H. Dangelo | Director |
| John Quinlan Doyle | Director |
| Maurice Raymond Greenberg | Director |
| Christian Michel Milton | Director |
| Kristian Philip Moor | Director |
| Win Jay Neuger | Director |
| Ernest Theodore Patrikis | Director |
| Robert Michael Sandler | Director |
| Howard Ian Smith | Director |
| Martin John Sullivan | Director |
| Thomas Ralph Tizzio | Director |
| Edwin Alfred Grenville Manton | Honorary Director |

### Officers

| | |
|---|---|
| Kristian Philip Moor | Vice Chairman of the Board of Directors |
| John Quinlan Doyle | President |
| Robert Paul Jacobson | Executive Vice President |
| Kenneth Vincent Harkins | Senior Vice President |
| Vincent Joseph Masucci | Senior Vice President |
| David Thad Perez | Senior Vice President |
| James Roberts | Senior Vice President |

Case 1:02-cv-00008    Document FB    Filed 01/06/2004    Page 36 of 46

EXHIBIT "B"

## American Home Assurance Company

| | |
|---|---|
| Richard Ruggiano | Assistant Vice President |
| Kenneth Vincent Harkins | General Counsel |
| Laura Breen Guy | Associate General Counsel |
| | Attorney-in-Fact |
| Frank Hienmen Douglas Jr. | Actuary |
| Frank Hienmen Douglas Jr. | Senior Vice President |
| Robert Paul Jacobson | Director |
| Robert Paul Jacobson | Treasurer |
| Edward Easton Matthews | Director |
| Charles Ross Schader | Senior Vice President |
| Thomas Ralph Tizzio | Chairman of the Board of Directors |
| Thomas Ralph Tizzio | Executive Committee |
| Elizabeth Margaret Tuck | Secretary |
| Robert John Beier | Comptroller |
| Brian Stuart Frisch | Assistant Comptroller |
| Lawrence S. Golodner | Assistant Comptroller |
| Mark H. Paffmann | Assistant Comptroller |
| Richard Thomas Pisano | Assistant Comptroller |

**EXHIBIT "B"**

1 | James Lawhn
   | OLIVER LAU LAWHN OGAWA & NAKAMURA
2 | 707 Richard Street, Suite 600
   | Honolulu, Hawaii 96813
3 | Telephone No.: (808) 533-3999
   | Facsimile No.: (808) 533-0144
4 |
   | Stephen D. Tom
5 | WHITE & TOM
   | 820 Mililani Street, Suite 711
6 | Honolulu, Hawaii 96813-2972
   | Telephone No.: 808 547 5151
7 | Facsimile No.: 808 599 4517
8 | Louie J. Yanza
   | VERNIER & MAHER, LLP
9 | 115 Hesler Place, Ground Floor
   | Governor Joseph Flores Building
10 | Hagåtña, Guam 96910
   | Telephone No.: (671) 477-7059
11 | Facsimile No.: (671) 472-5487

12 | Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
   | AMERICAN HOME ASSURANCE COMPANY

13

## UNITED STATES DISTRICT COURT OF GUAM

14

UNITED STATES OF AMERICA FOR USE ) CIVIL CASE NO. 02-00008
AND BENEFIT OF RHINO BUILDERS, INC., )

Plaintiff, )

vs. ) DEFENDANT AMERICAN HOME
) ASSURANCE COMPANY'S
BIOGENESIS PACIFIC, INC., AIG ) SUPPLEMENTAL RESPONSES TO
TECHNICAL SERVICES, INC. and ) PLAINTIFF'S SECOND SET OF
AMERICAN HOME ASSURANCE ) INTERROGATORIES
COMPANY, )
)
Defendants. )
BIOGENESIS PACIFIC, INC., )
)
Counterclaimant, )
vs. )
)
RHINO BUILDERS, INC., MICHAEL )
O'CONNELL, MICHAEL DANFORTH, AND )
JOHN DOES 1-10, )
)
Counter-Defendant. )

RECEIVED
DEC 12 2003
CALVO AND CLARK, LLP

RECEIVED

DEC 1 2 2003

BERMAN O'CONNOR
MANN & SHKLOV
mO

SERVED A. CORTEZ 12/12/03
@ 3.40 P.M.-SLIPPED UNDER
THE DOOR.

RECEIVED DEC 1 2 2003
408 @ 4:04

1

FILE COPY

Exhibit D

AMERICAN     HOME     ASSURANCE )
COMPANY                          )
                                 )
            Cross-Claimant,      )
                                 )
        vs.                      )
                                 )
BIOGENESIS PACIFIC, INC.         )
                                 )
            Cross-Claim Defendant. )
                                 )

**PROPOUNDING PARTY: Plaintiff RHINO BUILDERS, INC.**

**RESPONDING PARTY:    Defendant AMERICAN HOME ASSURANCE COMPANY**

**SET:                   SECOND**

COMES NOW Defendant AMERICAN HOME ASSURANCE COMPANY

("AMERICAN HOME"), through counsel, Vernier & Maher, LLP, by Louie J. Yanza,

and hereby supplements its responses to Plaintiff's Second Set of Interrogatories

propounded herein on July 17, 2003.

Dated this 12th day of December, 2003.

**VERNIER & MAHER, LLP**
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY**

By: _____
        LOUIE J. YANZA

## SUPPLEMENTAL RESPONSES TO
## SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each and every contact or communication between, on the one hand,

any officer, employee, control person, and attorney of any entity that would be

1 correctly listed or identified in response to any of the interrogatories served upon

2 AIGTS concurrently with these interrogatories ("the AIGTS interrogatories"), and, on

3 the other hand, Carlsmith Ball LLP, regarding this litigation, at any time.

4 **SUPPLEMENTAL RESPONSE**: Subject to the objections stated in the initial

5 response to this interrogatory, AMERICAN HOME responds as follows:

6 Except for written communication, copies of which have been provided to

7 Plaintiff, AMERICAN HOME, after a reasonable search, has been able to identify

8 telephonic communications on October 18, 2001 and October 30, 2001, the contents

9 and nature of which are summarized in Mr. Mark Titherington's diary notes which have

10

11 been provided to Plaintiff.

12 AMERICAN HOME has obtained, through discovery in this matter, a copy of a

13 March 28, 2002 email communication from the Carlsmith Ball, LLP ("Carlsmith") firm

14 to a Ms. Granville of AI Marine and Ms. Granville's March 30, 2002 response,

15 however, neither AMERICAN HOME nor AIG TECHNICAL SERVICES, INC.

16 ("AIGTS") were aware of this communication prior to discovery in this litigation.

17

18 **INTERROGATORY NO. 6**:

19 Has AIGTS had an attorney-client relationship with Carlsmith Ball LLP at any

20 time since March 2001?

21

22 **SUPPLEMENTAL RESPONSE**: Subject to the objections stated in the initial

23 response to this interrogatory, AMERICAN HOME states that, after a reasonable

24 search, it has been unable to identify any matter with respect to which AMERICAN

25 HOME has requested AIGTS to retain the Carlsmith firm since March 2001.

**INTERROGATORY NO. 7:**

Has AHAC had an attorney-client relationship with Carlsmith Ball LLP at any time since March 2001?

**SUPPLEMENTAL RESPONSE**: Subject to the objections stated in the initial response to this interrogatory, AMERICAN HOME states that, after a reasonable search, it has been unable to identify any matter with respect to which the Carlsmith firm was retained by, or on behalf of, AMERICAN HOME since March 2001.

**INTERROGATORY NO. 8:**

If AIGTS, AHAC, or AI Marine has had an attorney-client relationship with Carlsmith Ball LLP since March 2002, identify each and every Carlsmith attorney with whom AIGTS, AHAC or AI Marine communicates or has communicated in the course of that representation.

**SUPPLEMENTAL RESPONSE**: Not applicable since the Carlsmith firm has not been retained by, or on behalf of, AMERICAN HOME since March 2001.

**INTERROGATORY NO. 9:**

For each and every entity that would correctly be identified as having some sort of relationship with Carlsmith Ball LLP in response to Interrogatory Nos. 15 and 16 in the AIGTS interrogatories, identify each and every Carlsmith attorney with whom that entity communicates or has communicated in the course of that representation.

**SUPPLEMENTAL RESPONSE**: Not applicable since the Carlsmith firm has not been retained by, or on behalf of, AMERICAN HOME since March 2001.

**INTERROGATORY NO. 10:**

Identify each and every civil action in  Guam, Hawaii, or California in which Carlsmith Ball has made an appearance for AIGTS, AHAC, or AI Marine since March 2001.

**SUPPLEMENTAL RESPONSE**:  Not applicable since the Carlsmith firm has not been retained by, or on behalf of, AMERICAN HOME since March 2001.

**INTERROGATORY NO. 11:**

Identify each and every civil action in Guam, Hawaii, or California in which Carlsmith Ball has made an appearance, since March 2001, for any entity that would be identified in a correct response to Interrogatory Nos. 1 through 14 of the AIGTS interrogatories.

**SUPPLEMENTAL RESPONSE**:  Not applicable since the Carlsmith firm has not been retained by, or on behalf of, AMERICAN HOME since March 2001.

**INTERROGATORY NO. 12:**

Identify all civil actions brought since January 1998 in which a claim was made upon a surety bond issued by AHAC.

**SUPPLEMENTAL RESPONSE**:  AMERICAN HOME restates the objections in its initial response to this interrogatories.

//

//

**INTERROGATORY NO. 13:**

For each such action, (a) state whether or not an affirmative defense was asserted based on a statute of limitations; (b) state whether AIGTS was named as a defendant; (c) state whether AHAC was named as a defendant; (d) state whether AIG Claim Services, Inc. ("AIGCS"); was named as a defendant; (e) list any other entities that would be identified in a correct responses to Interrogatory Nos. 1 though 13 of the AIGTS interrogatories that was named as a defendant; (f) state whether, prior to the litigation, the claimant was directed to make its claim through AIGTS or AIGCS; (g) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on the basis of a statute of limitations; (h) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on any other basis; and (i) identify Plaintiff's counsel.

**SUPPLEMENTAL RESPONSE**: AMERICAN HOME restates the objections in its initial response to this interrogatory.

**INTERROGATORY NO. 15:**

State the percentage of AIGTS's voting securities owned by AIG Inc. at all times between March 2001 and the present.

**SUPPLEMENTAL RESPONSE**: AMERICAN HOME restates the objections in its initial response to this interrogatory.

/ /

/ /

**INTERROGATORY NO. 16:**

State each and every fact that allows Vernier & Maher to represent both AIGTS and you in this action despite the provisions of Rules 1.6 and 1.7 of the ABA Model Rules of Professional Conduct.

**SUPPLEMENTAL RESPONSE:** AMERICAN HOME restates the objections in its initial response to this interrogatory.

FOR OBJECTIONS:

**VERNIER & MAHER, LLP**
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY**

BY: _____
LOUIE J. YANZA

# VERIFICATION

I, BRUCE KAHN, hereby declare that I am an authorized representative of AMERICAN HOME ASSURANCE COMPANY; that I have read the foregoing Defendant AMERICAN HOME ASSURANCE COMPANY's Responses to Plaintiff's Second Set of Interrogatories and know the contents thereof; that the same is true and correct upon my knowledge, information and belief.

I declare under the penalty of perjury, under the laws of Guam (6 G.C.A. §4308), that foregoing is true and correct.

Executed at New York, New York, this 10ᵗʰ day of ~~November~~ December, 2003.

AMERICAN HOME ASSURANCE -
COMPANY

BY: _____

**BRUCE KAHN**
Its Duly Authorized Representative

## CERTIFICATE OF SERVICE

I, LOUIE J. YANZA, hereby certify that on the 12th day of December, 2003, I caused a copy of the annexed **Defendant AMERICAN HOME ASSURANCE COMPANY's Supplemental Responses to Plaintiff's Second Set of Interrogatories** to be served upon the parties hereto, by delivering and leaving a copy of same to their attorneys of record, as follows:

**Ms. Janalynn M. Cruz**
CALVO & CLARK, LLP
Suite 202, First Savings & Loan Bldg.
655 South Marine Drive
Tamuning, Guam 96911

**Ms. Catherine M. Bejerana**
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Bldg.
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagåtña, Guam 96910

**Mr. Antonio L. Cortes**
Attorney At Law
233 Julale Center
424 West O'Brien Drive
Post Office Box BV
Hagåtña, Guam 96932-8973

**Mr. Frederick J. Kerley**
Suite 907, Pacific News Bldg.
238 Archbishop Flores Street
Hagatña, Guam 96910

Executed this 12th day of December, 2003.

VERNIER & MAHER, LLP
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY**

By: LOUIE J. YANZA