Arthur B. Clark, Esq.
Janalynn M. Cruz, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96911
Telephone:   (671) 646-9355
Facsimile:    (671) 646-9403

Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.




**FILED**
DISTRICT COURT OF GUAM
JAN 23 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **BIOGENESIS PACIFIC, INC.'S OPPOSITION TO PLAINTIFF RHINO BUILDERS, INC.'S MOTION FOR JUDGMENT ON PUNITIVE DAMAGES** |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC INC., <br><br> Cross-Claim Defendant. | |

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO PLAINTIFF RHINO
BUILDERS, INC.'S MOTION FOR JUDGMENT ON PUNITIVE DAMAGES
B040123.327-0001.CT (Opposition to Rhino's Motion).wpd

**ORIGINAL**   1

Case 1:02-cv-00008   Document 322   Filed 01/23/2004   Page 1 of 3

Comes Now Defendant and Counter-Claim Plaintiff Biogenesis Pacific, Inc. ("Biogenesis") and respectfully objects to Plaintiff and Counter-Claim Defendant Rhino Builders, Inc.'s ("Rhino") motion for judgment on punitive damages. Biogenesis's motion is based upon the following:

1. Rhino requests that the Court enter judgment that Biogenesis's prayer for punitive damages is unconstitutional. Alternatively, Rhino requests that any punitive damages awarded Biogenesis have no more than a single-digit ration to any actual damages proven by Biogenesis. There is no legal basis for the requests made by Rhino.

2. Biogenesis does not dispute that the due process clause precludes <u>awards</u> for punitive damages that are grossly excessive. *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 562, 116 S.Ct. 1589, 1592 (1996) ("The Due Process Clause of the Fourteenth Amendment prohibits a State from imposing a 'grossly excessive'" punishment on a tortfeasor") *citing TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 454, 113 S.Ct. 2711, 2718, 125 L.Ed.2d 366 (1993) (and cases cited therein); *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 S.Ct. 1513, 1519-20 (2003) ("The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor"). However, the due process clause does not bar punitive damages per se. *See Man v. Raymark Indus.*, 728 F. Supp. 1461, 1464 (D. Haw. 1989) ("In sum, this court does not find that the Supreme Court has given any indication that punitive damages are unconstitutional as a matter of law"); *In re Air Crash Disaster*, 734 F. Supp. 1425, 1427 (N.D. Ill, 1990).

3. Judgment limiting Biogenesis' punitive damages claim to a certain ratio would also be improper. Although punitive damages must bear a reasonable relationship to compensatory damages, the U.S. Supreme Court has repeatedly declined to impose a bright-line ratio that punitive damages cannot exceed. *See State Farm*, 123 S.Ct. at 1524; *Gore*, 517 U.S. at 582 ( "we have consistently rejected the notion that the constitutional line is marked by a simple mathematical formula, even one that compares actual and potential damages to the punitive award"); *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 18, 111 S.Ct. 1032, 1043, (1991) ("We need not, and indeed we

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO PLAINTIFF RHINO
BUILDERS, INC.'S MOTION FOR JUDGMENT ON PUNITIVE DAMAGES
B040123.327-0001.CT (Opposition to Rhino's Motion).wpd

2

Case 1:02-cv-00008    Document 322    Filed 01/23/2004    Page 2 of 3

1 cannot, draw a mathematical bright line between the constitutionally acceptable and the
2 constitutionally unacceptable that would fit every case").

3     4.    Any award of punitive damages would be subject to the limitations set forth
4 in *Gore* and *First Mutual*. However, it is premature for the Court to issue judgment on the proper
5 ratio for Biogenesis' punitive damages claim prior to an adjudication of the matter. The prayer for
6 relief is not a statement of fact, nor does it obligate or predispose this Court to award a specific
7 amount. The actual award of punitive damages will be made by this Court subject to proof, thus the
8 motion to limit a prayer amount seems frivolous at best. It is certainly premature to conclude that
9 an award of punitive damages is unconstitutional <u>before</u> any award is given.

10     5.    Based on the above, Biogenesis respectfully requests that the Court DENY
11 Rhino's motion for judgment on punitive damages.

12 DATED this 23rd day of January, 2004.

CALVO AND CLARK, LLP
Attorneys at Law
Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.

By: _____
    **ARTHUR B. CLARK**

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO PLAINTIFF RHINO
BUILDERS, INC.'S MOTION FOR JUDGMENT ON PUNITIVE DAMAGES
B040123.327-0001.CT (Opposition to Rhino's Motion).wpd

3

Case 1:02-cv-00008   Document 322   Filed 01/23/2004   Page 3 of 3