1    Arthur B. Clark, Esq.
     Janalynn M. Cruz, Esq.
2    CALVO AND CLARK, LLP
     Attorneys at Law
3    655 South Marine Drive, Suite 202
     Tamuning, Guam 96911
4    Telephone:    (671) 646-9355
     Facsimile:    (671) 646-9403
5
     Attorneys for Defendant/Counter-Plaintiff
6    BioGenesis Pacific, Inc.

FILED
DISTRICT COURT OF GUAM

JAN 23 2004

MARY L. M. MORAN
CLERK OF COURT

320

7

8                    IN THE DISTRICT COURT OF GUAM

9    UNITED STATES OF AMERICA FOR USE      )   CIVIL CASE NO. 02-00008
     AND BENEFIT OF RHINO BUILDERS, INC.,  )
10                                         )
                     Plaintiff,            )
11                                         )   **BIOGENESIS PACIFIC, INC.'S NON-**
               vs.                         )   **OPPOSITION TO COUNTER-CLAIM**
12                                         )   **DEFENDANT MICHAEL DANFORTH'S**
     BIOGENESIS PACIFIC, INC.,             )   **MOTION FOR SUMMARY JUDGMENT**
     AIG TECHNICAL SERVICES, INC., and     )
13   AMERICAN HOME ASSURANCE               )
     COMPANY                               )
14                   Defendants.           )
                                           )
15   _____)
                                           )
16   BIOGENESIS PACIFIC INC.,              )
                                           )
17                   Counter-Plaintiff,    )
                                           )
18             vs.                         )
                                           )
     RHINO BUILDERS, INC., MICHAEL         )
19   O'CONNELL, MICHAEL DANFORTH,          )
     AND JOHN DOES 1-10,                   )
20                                         )
                     Counter-Defendants.   )
21   _____)
     AMERICAN HOME ASSURANCE               )
22   COMPANY,                              )
                                           )
23                   Cross-Claimant,       )
                                           )
24             vs.                         )
                                           )
25   BIOGENESIS PACIFIC INC.,              )
                                           )
26                   Cross-Claim Defendant.)
     _____)
27

28

BIOGENESIS PACIFIC, INC.'S NON-OPPOSITION TO COUNTER-CLAIM
DEFENDANT MICHAEL DANFORTH'S MOTION FOR SUMMARY
JUDGMENT AND REQUEST FOR DISMISSAL WITHOUT PREJUDICE
B040123.327-0001.CT (Non-Opposition to Danforth's Motion).wpd

**ORIGINAL**                                                    1

1   Comes Now Defendant and Counter-Claim Plaintiff Biogenesis Pacific, Inc.

2   ("Biogenesis") and hereby states its non-opposition in part to Counter-Claim Defendant Michael

3   Danforth's ("Danforth") Motion for Summary Judgment.

4   1.      Biogenesis does not oppose Danforth's motion for summary judgment.

5   However, Danforth's request for attorney's fees under Fed. R. Civ. Proc. 11 is unwarranted.

6   2.      Danforth's request for attorneys' fees under Fed. R. Civ. Proc. 11 is not

7   warranted as Danforth has failed to comply with the "safe harbor" provisions of Rule 11.   Rule

8   11(c)(1)(A) requires that a motion for sanctions shall be made separately from other motions or

9   requests and shall not be filed with the court "unless, within 21 days after <u>service of the motion</u> (or

10  such other period as the court may prescribe), the challenged paper, claim, defense, contention,

11  allegation or denial is not withdrawn or appropriately corrected." (Emphasis added.)

12  3.      As admitted by Danforth in his motion for summary judgment, "Danforth's

13  counsel sent to BPI's counsel a letter on March 12, 2003." *See* Danforth's motion for summary

14  judgment at p. 12. Rule 11 requires a <u>motion</u> for sanctions be served; notice given by letter is not

15  sufficient to satisfy the "safe harbor" provisions of Rule 11. *See Barber v. Miller*, 146 F.3d 707, 710

16  (9th Cir. 1998) (stating that allowing informal warnings via telephone or letter to serve as a substitute

17  for the service of a Rule 11 motion would "wrench both the language and the purpose" of Rule 11's

18  safe harbor provisions).  By letter dated April 2, 2003, BPI's counsel informed Danforth's counsel

19  that his letter failed to satisfy the safe harbor requirements of Rule 11. *See* Declaration of Arthur B.

20  Clark filed herewith.

21  4.      In addition, the March 12 letter from Danforth's counsel was sent by

22  Danforth's pro hac counsel prior to his even applying for pro hac admission before this Court, which

23  application was made on April 21, 2003 and approved by this Court on April 24, 2003. BPI believes

24  that such notice, therefore, was ineffective for any purpose at all.  Accordingly, sanctions are not

25  warranted.

26  5.      Additionally, Danforth's request for attorney's fees was subject to Biogenesis'

27  action against Danforth not being dismissed prior to the hearing. *See* Danforth's motion for summary

28  judgment at p. 13 ("Counsel for Danforth respectfully requests that the Court rule on the matter of

BIOGENESIS PACIFIC, INC.'S NON-OPPOSITION TO COUNTER-CLAIM
DEFENDANT MICHAEL DANFORTH'S MOTION FOR SUMMARY
JUDGMENT AND REQUEST FOR DISMISSAL WITHOUT PREJUDICE
B040123.327-0001.CT (Non-Opposition to Danforth's Motion).wpd                    2

Case 1:02-cv-00008     Document 324     Filed 01/23/2004     Page 2 of 3

sanctions if the Counterclaim against Danforth is not withdrawn prior to hearing"). Biogenesis's

counsel contacted counsel for Danforth and offered to dismiss Biogenesis' action against Danforth

with prejudice, however, Danforth's counsel refused Biogenesis' offer. *See* Declaration of Arthur

B. Clark filed herewith. Danforth's counsel would only accept Biogenesis' offer to dismiss if the

dismissal included a release for Maxx Management and its officers and directors, all of whom are

not parties to this action. *See id.* Though discussions of settlement are generally inadmissible under

Rule 408 of the Federal Rules of Evidence, the discussion between BPI's counsel and Danforth's

counsel on dismissing the third-party complaint is not being offered as an admission by either party,

but because of its relevance to Danforth's request for sanctions if the action was not dismissed. Since

Biogenesis was willing to voluntarily dismiss its action against Danforth, Danforth's refusal to accept

a voluntary dismissal and his decision to continue with his summary judgment motion, in addition

to being a waste of judicial resources, makes the request for sanction unwarranted.

DATED this 23rd day of January, 2004.

CALVO AND CLARK, LLP
Attorneys at Law
Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.


By: _Arthur B. Clark_
**ARTHUR B. CLARK**

BIOGENESIS PACIFIC, INC.'S NON-OPPOSITION TO COUNTER-CLAIM
DEFENDANT MICHAEL DANFORTH'S MOTION FOR SUMMARY
JUDGMENT AND REQUEST FOR DISMISSAL WITHOUT PREJUDICE
B040123.327-0001.CT (Non-Opposition to Danforth's Motion).wpd                                    3

Case 1:02-cv-00008     Document 324     Filed 01/23/2004     Page 3 of 3