```
 1  BERMAN O'CONNOR MANN & SHKLOV
    DANIEL J. BERMAN, ESQ.
 2  MICHAEL J. BERMAN, ESQ.
    Suite 503, Bank of Guam Building
 3  111 Chalan Santo Papa
    Hagatna Guam 96910
 4
    Attorneys for Defendant/Counter-Defendant:
 5  MICHAEL DANFORTH
```

FILED
DISTRICT COURT OF GUAM
JAN 30 2004
MARY L. M. MORAN
CLERK OF COURT

328

## IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO.: 02-00008 |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants, <br><br> AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | COUNTER-DEFENDANT MICHAEL DANFORTH'S REPLY MEMORANDUM TO BIOGENESIS PACIFIC, INC.'S NON-OPPOSITION TO COUNTERCLAIM DEFENDANT MICHAEL DANFORTH'S MOTION FOR SUMMARY JUDGMENT |

**COUNTER-DEFENDANT MICHAEL DANFORTH'S REPLY MEMORANDUM TO BIOGENESIS PACIFIC, INC.'S NON-OPPOSITION TO COUNTERCLAIM DEFENDANT MICHAEL DANFORTH'S MOTION FOR SUMMARY JUDGMENT**

### INTRODUCTION

Biogenesis Pacific, Inc. ("BPI") now concedes that the third party action filed by it, and

| United States of America for use and benefit of Rhino Builders v. Biogenesis Pacific, Inc. CV02-00008 |
| COUNTER-DEFENDANT MICHAEL DANFORTH'S REPLY MEMORANDUM TO BIOGENESIS PACIFIC, INC.'S NON-OPPOSITION TO COUNTERCLAIM DEFENDANT MICHAEL DANFORTH'S MOTION FOR SUMMARY JUDGMENT |

amended (without leave of this Court) in July, 2003, against Michael Danforth should be dismissed. It argues, however, that sanctions should not be imposed under Rule 11, Fed. R. Civ. Proc., because of a claimed failure to comply with the "safe harbor" provisions of Rule 11(c)(1)(A).

## POINTS AND AUTHORITIES

If after receiving a Motion for Sanctions, a party persists in supporting a position which is not otherwise in compliance with Rule 11(b), this Court is given discretion to award fees and costs. In <u>Phonometrics, Inc., v. Economy Inns of America</u>, 349 F.3d 1356 (Fed. Cir. 2003), the Plaintiff pursued infringement claims which had been addressed in related cases brought by the Plaintiff, one of which was disposed of on appeal adversely to the Plaintiff after filing the present case, but which was pursued by the Plaintiff after defendants had jointly sent a demand letter with a copy of a proposed Rule 11 Motion to Plaintiff's counsel. The record reflected:

> After our opinion in <u>Choice Hotels</u> issued, Phonometrics, responding to the court's request, told the district court it would continue to pursue these cases. Shortly thereafter, fourteen of the defendants served Phonometrics with a "safe-harbor" letter demanding dismissal of Phonometrics' infringement actions and a copy of their joint (unfiled) motion for Rule 11 sanctions. In response, Mr. Sutton, as counsel for Phonometrics, refused to dismiss the actions, stating that our decision in <u>Choice Hotels</u> was "mistaken." After observing the 21-day waiting period required by Rule 11(c)(1)(A), the defendants who made the Rule 11 demand, joined by four other hotel defendants, filed their joint motion for Rule 11 sanctions in the form of dismissal of Phonometrics' claims and attorney fees and costs associated with bringing the Rule 11 motion. Phonometrics filed oppositions to the sanctions motion and the defendants' subsequent motions for summary judgment of noninfringement.

<u>Id</u>., 349 F.3d at 1360.

E:\Jean\Plds\2703.wpd

| United States of America for use and benefit of Rhino Builders v. Biogenesis Pacific, Inc.    CV02-00008 |
| --- |
| COUNTER-DEFENDANT MICHAEL DANFORTH'S REPLY MEMORANDUM TO BIOGENESIS PACIFIC, INC.'S NON-OPPOSITION TO COUNTERCLAIM DEFENDANT MICHAEL DANFORTH'S MOTION FOR SUMMARY JUDGMENT |

The appeals court upheld sanctions on the basis that Plaintiff's counsel did not after such notice dismiss its claims against the Defendants, reasoning as follows:

> As noted above, the present actions were stayed pending the resolution in Northern Telecom, and then again pending the resolution in Choice Hotels. Thereafter, once Phonometrics indicated that it would continue to pursue its claims in these actions, the fourteen defendants awarded attorney fees pursuant to Rule 11 served Phonometrics with a dismissal demand and copy of the Rule 11 motion they later filed with the court. At this point, the issue of the viability of Phonometrics' claims was placed in sharp relief for Phonometrics and its counsel. Nevertheless, it persisted in its position; specifically -- at that juncture -- by filing with the court its opposition to the Rule 11 motion. Subsequently, at least as to some of the defendants awarded fees, Phonometrics filed yet another paper advocating its infringement contentions -- its opposition to the defendants' joint motion for summary judgment. Thus the district court did not impose sanctions for the mere failure to withdraw non-meritorious claims. See Fed. R. Civ. P. 11 advisory committee's note ("[Rule 11(b)] does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses."). In contrast, the district court granted Rule 11 sanctions only after (1) Northern Telecom was decided (1998), (2) Choice Hotels was decided (2001), (3) Phonometrics refused to withdraw its claims in the face of the Rule 11 safe-harbor letter (2001), (4) Phonometrics opposed the Rule 11 motion (2002), and (5) Phonometrics opposed the defendants' motions for summary judgment (2002). Given this sequence of events, we discern no abuse of the district court's discretion. See Turner v. Sungard Bus. Sys., Inc., 91 F.3d 1418, 1422 (11th Cir. 1996) (upholding a decision to impose Rule 11 sanctions on counsel who filed only a notice of appearance, but failed to dismiss the action after he "had to know that the case was without a factual basis... thereby forcing [the defendant] (and the court) to expend time and money on a summary judgment motion").

Phonometrics, supra, 349 F.3d at 362.

Our Circuit (9th) has affirmed the right of the Trial Judge to utilize Rule 11 for continuing to advocate an unwarranted position even if the pleading would pass scrutiny when measured at the

E:\Jean\Plds\2703.wpd

time of filing. Buster v. Greisen, 104 F.3d 1186, 1189 n. 4 (9th Cir. 1997).

BPI's citation to Barber v. Miller, 146 F.3d 707 (9th Cir. 1998) is incomplete. There, the party to whom the Rule 11 sanction was directed had, by the time of filing, already had the Complaint dismissed by the Court on summary judgment, and thus was unable to escape the sanctions, which is the purpose of the "safe harbor" provisions:

> The purpose of the safe harbor, however, is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions. A motion served after the complaint had been dismissed did not give Carlsen that opportunity. As the Advisory Committee noted:
> Given the "safe harbor" provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).
>
> Id. In light of the clear language and intent of the amended Rule, we agree with the Sixth Circuit that "a party cannot wait until after summary judgment to move for sanctions under Rule 11." Ridder v. City of Springfield, 109 F.3d 288 (6th Cir. 1997), cert. denied, 139 L. Ed. 2d 634, 118 S. Ct. 687 (1998).
>
> As the Sixth Circuit further observed, the "safe harbor" provision applies only to sanctions imposed upon motion of a party. 109 F.3d at 297 n.8. Rule 11 also provides:
>
> On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.
>
> Fed. R. Civ. P. 11(c)(1)(B). Nothing in the Rule or the history of the 1993 amendments prevents the district court from taking this action after judgment. The question might arise, then, whether the district court's retention of jurisdiction in this case after judgment, for purposes of sanctions motions, could be the equivalent of an election by the court to impose sanctions on its own motion. We conclude that it is not the equivalent."

E:\Jean\Plds\2703.wpd

Id., 146 F.3d at 710-711.

The Court has the authority to impose sanctions because the Plaintiff has persisted in advocating a position which is warranted neither by law nor the known facts and, having an opportunity to withdraw nearly one year ago, it has caused the Movant to incur substantial expense in defense of this action.

Alternatively, should the court determine that procedural prerequisites were not followed, it is respectfully requested that this court issue sanctions under its inherent authority to do so as stated in the Barber opinion.

## CONCLUSION

Movant respectfully prays that the court determine that the conditions for Rule 11 sanctions exist here and allow Movant's counsel to submit his evidence of costs and fees after hearing.

Dated this 30th day of January, 2004.

BERMAN O'CONNOR MANN & SHKLOV
Attorneys for Defendant/Counter-Defendant
*MICHAEL DANFORTH*

By: /s/ Daniel Berman
ALAN TUHY, ESQ.
DANIEL J. BERMAN, ESQ.

H:\Jean\Plds\2703.wpd