ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.



# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **REPLY BRIEF RE: MOTION FOR JUDGMENT ON PUNITIVE DAMAGES** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

**ORIGINAL**

Plaintiff United States of America for use and benefit of Rhino Builders, Inc. ("Plaintiff") moved for summary judgment that Defendant Biogenesis Pacific, Inc.'s ("BPI's") prayer for over $7 million in punitive damages on an alleged claim of $43,854.20 in actual damages[1] is unconstitutional, violates Plaintiff's civil rights, and constitutes a vexatious and oppressive litigation tactic.

BPI opposes that motion by conceding that an *award* of punitive damages that are 160 times greater than the alleged actual damages violates Plaintiff's right to due process under the 14th Amendment to the Constitution by arbitrarily depriving it of its property.[2] It then argues that Rhino's motion should still be denied, because due process "does not bar punitive damages per se," and the BPI should still be allowed to pursue that which it cannot recover, and that Rhino's motion is therefore "premature."

That argument ignores the mandate of Rule 11, that an attorney not sign and submit a pleading making claims that are not "warranted by existing law or by the nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." F. R. Civ. Proc. Rule 11(b)(2). BPI makes no argument whatsoever in defense of its prayer for an award of over $7 million in punitive damages on an alleged claim of $43,854.20 in actual damages. Nor could

---

[1] *See* Answer to Second Amended Complaint and Counterclaim, filed July 30, 2003, at 10.

such an argument be made in this case, where the basis of BPI's claim is that Rhino wrongfully claimed it had a subcontract with BPI that BPI has acknowledge in as signed writing that Rhino *did* have.[3] BPI is silent on the subject of the non-frivolous basis for its punitive damages claim because there is no non-frivolous argument to be made that asserting a fact acknowledged by BPI to be true is "represensible" as discussed by the Supreme Court in setting out a litigant's due process rights to be free from such awards.[4] Claims that cannot be non-frivolously made is exactly what Rule 11 was intended to prevent.

Further, in light of BPI's inability to articulate special circumstances in this case that would call for such an extreme and unusual award,[5] and in light of the fact that BPI must be assumed to know that it could never have received such an award, the prayer for such can only be realistically viewed as made for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." F.R. Civ. Proc. Rule 11(b)(1). Such an intent really must be inferred in this case because, while forcing Plaintiff into the position that made this action necessary, the President of the party making this patently-frivolous claim

---

[2] As set forth in State Farm Mutual Insurance Co. v. Campbell, 123 S. Ct. 1513, 1519-1520, 155 L.Ed.2d 585, 71 USLW 4282, 60 Fed. R. Evid. Serv. 1349, 3 Cal. Daily Op. Serv. 2948, 2003 Daily Journal D.A.R. 3783, 16 Fla. L. Weekly Fed. S 216 (US 2003).
[3] See Exhibit A to Plaintiff's March 20, 2002 Complaint.
[4] State Farm, *supra*, 123 S. Ct. at 1521.
[5] There has probably never been an award of punitive damages 140 times greater than actual damages absent physical personal injury to the recipient.

3

Case 1:02-cv-00008    Document 334    Filed 01/30/2004    Page 3 of 4

actually threatened to use his abilities and position as "a lawyer and a judge" to financially damage Plaintiff.[6]

For the foregoing reasons, Plaintiff most respectfully requests this honorable Court for a judgment that BPI's prayer for punitive damages from Plaintiff is unconstitutional, and, on its face, is an oppressive and vexation litigation tactic, and that Plaintiff is entitled to an award of the costs of this motion.

Respectfully submitted this 30th day of January 2004.

_Antonio L. C__
Antonio L. Cortes, counsel for Plaintiff
United States of America for use and benefit
of Rhino Builders, Inc.

---

[6] *See* Testimony of Michael Danforth, at 92:18-23, Exhibit 3 to Declaration of Counsel filed May 29, 2003.