James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: 808 547 5151
Facsimile No.: 808 599 4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

FILED
DISTRICT COURT OF GUAM
JAN 30 2004
MARY L. M. MORAN
CLERK OF COURT

337

## UNITED STATES DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.,

　　　　　Plaintiff,

vs.

BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY,

　　　　　Defendants.

_____

BIOGENESIS PACIFIC, INC.,

　　　　　Counterclaimant,

vs.

RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10,

　　　　　Counter-Defendant.

) CIVIL CASE NO. 02-00008
)
) DECLARATION OF LOUIE J. YANZA RE.
) FILING OF FACSIMILE COPY OF
) DECLARATION OF BRUCE KAHN IN
) SUPPORT OF MOTION OF AIG
) TECHNICAL SERVICES, INC. AND
) AMERICAN HOME ASSURANCE
) COMPANY FOR DISMISSAL OF
) PLAINTIFF'S BAD FAITH CAUSE OF
) ACTION FOR FAILURE TO STATE A
) CLAIM; OR IN THE ALTERNATIVE, FOR
) SUMMARY JUDGMENT, FILED ON
) DECEMBER 31, 2003

1

ORIGINAL

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | )<br>)<br>) |
| Cross-Claimant, | )<br>)<br>) |
| vs. | )<br>) |
| BIOGENESIS PACIFIC, INC. | )<br>)<br>) |
| Cross-Claim Defendant. | )<br>)<br>)<br>) |

I, LOUIE J. YANZA, hereby declare pursuant to 28 U.S.C. §1746, as follows:

1. I make this declaration on personal knowledge of the facts herein contained, and am competent to testify if called upon as a witness at trial of the within entitled-action.

2. I am an individual over the age of 18. I am an attorney licensed to practice law within Guam and before the U.S. District Court of Guam.

3. Defendants AIG TECHNICAL SERVICES, INC. ("AIGTS") and AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME") have retained the law office of VERNIER & MAHER, LLP as local counsel in the above-entitled action.

4. As part of such services, I received a facsimile from Bruce Kahn and I have attached a true and correct photocopy of said facsimile to this Declaration and incorporate it by reference herein. The facsimile is the **"DECLARATION OF BRUCE KAHN IN SUPPORT OF MOTION OF AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY FOR DISMISSAL OF PLAINTIFF'S BAD FAITH CAUSE OF ACTION; OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, FILED ON DECEMBER 31, 2003"**

2

("**Declaration**") filed on this day in support of Defendants **AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR DISMISSAL OF PLAINTIFF'S BAD FAITH CAUSE OF ACTION FOR FAILURE TO STATE A CLAIM; OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ("Reply Memorandum")**.

5. The original of the Declaration is being sent by mail to be delivered to VERNIER & MAHER, LLP.

6. Due to time constraints and distances, it has not been possible to receive the original Declaration in time for the original Declaration to be filed with the Reply Memorandum, which Reply Memorandum is being filed concurrently herewith.

7. Upon receipt of the original Declaration, I will deliver the Declaration to the Clerk of Court for filing and substitution for the attached photocopy.

I declare under penalty of perjury under the laws of Guam (6 GCA §4308) that the foregoing is true and correct.

Dated this ___ day of January, 2004, in Hagåtña, Guam.

_____
LOUIE J. YANZA

C:\MarieBackup\My Documents\CLIENTS (NON-GIA)\USA-Rhino v BIOGENESIS-AIG\Pleadings\Declaration of LJY - filing fax declaration of Bruce Kahn 012804.doc

James H. Lawhn
OLIVER, LAU, LAWHN, OGAWA & NAKAMURA
600 Ocean View Center
707 Richards Street
Honolulu, Hawaii 96813
Telephone:   (808) 533-3999
Facsimile:   (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813
Telephone:   (808) 547-5151
Facsimile:   (808) 599-4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone:   (671) 477-7059
Facsimile:   (671) 472-5487

Attorneys for Defendants
AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

## UNITED STATES DISTRICT COURT

### DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> DECLARATION OF BRUCE KAHN IN SUPPORT OF MOTION OF AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY FOR DISMISSAL OF PLAINTIFF'S BAD FAITH CAUSE OF ACTION FOR FAILURE TO STATE A CLAIM; OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, FILED ON DECEMBER 31, 2003 <br><br> [CAPTION CONTINUED ON NEXT PAGE] |

| | |
|---|---|
| BIOGENESIS PACIFIC, INC., ) | |
| ) | Hearing: |
| Counterclaimant, ) | |
| ) | Date: February 6, 2004 |
| vs. ) | |
| ) | Time: 9:30 AM |
| RHINO BUILDERS, INC., MICHAEL ) | |
| O'CONNELL, MICHAEL DANFORTH, ) | Judge: The Hon. John S. Unpingco |
| AND JOHN DOES 1-10, ) | |
| ) | |
| Counter-Defendant. ) | |
| _____ ) | |
| ) | |
| AMERICAN HOME ASSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Cross-Claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| BIOGENESIS PACIFIC, INC., ) | |
| ) | |
| Cross-Claim ) | |
| Defendant. ) | |

3852-10/1-23-04 KAHN Dec

### DECLARATION OF BRUCE KAHN IN SUPPORT OF MOTION OF AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY FOR DISMISSAL OF PLAINTIFF'S BAD FAITH CAUSE OF ACTION FOR FAILURE TO STATE A CLAIM; OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, FILED ON DECEMBER 31, 2003

I, Bruce Kahn, hereby declare pursuant to 28 U.S.C. §1746 as follows:

1. I am a Bond Claims Analyst for AIG Technical Services Inc. ("AIGTS").

1. I am a Bond Claims Analyst for AIG Technical Services Inc. ("AIGTS").

2. I have personal knowledge of the facts set forth herein, and am competent to testify with regard thereto.

3. I have read Mr. Cortes' statement on page 14 of his opposition memorandum (page 14 attached) that AIGTS prepared O'Connell's affidavit, which is the Proof Of Claim form.

4. Mr. Cortes' statement is untrue.

5. The O'Connell affidavit (Proof Of Claim form) was completed on behalf of Rhino and submitted to AIGTS as Enclosure #1 to Carlsmith's January 9, 2002 claim letter which was attached as Exhibit "J" to my October 3, 2003 Declaration filed in this matter.

6. AIGTS had nothing to do with the preparation of the Proof Of Claim form other than to furnish a blank form to the Carlsmith firm pursuant to its request of October 22, 2001 (see Carlsmith let6ter of 10/22/01 attached as Exhibit "B" to my October 3, 2003 Declaration filed in this matter).

Executed in New York, New York, on JANUARY 23, 2004.

BRUCE KAHN

limitations claim – the only available excuse for not paying Rhino under the Miller Act on the uncontroverted facts known to AIGTS – that Rhino had supplied labor and materials in the prosecution of the Navy Contract covered by the payment bond.

AIGTS, however, had to almost manufacture support for its initial denial of Rhino's claim on statute-of-limitations grounds. That denial states that "the sworn affidavit of Michael O'Connell, identified as claimant's chief executive officer, included in the Proof of Claim, admits and conclusively establishes that the last day claimant performed labor or provided material on the above project was before December 31, 2000." Strong words. What the O'Connell affidavit, which was prepared by AIGTS and therefore must be construed against it where unclear,[21] actually says, is that Rhino did supply roofing work and materials between May 2000 and December 2000.[22] It says nothing at all about supplying no materials or labor after that. That came only from AIG's reading of its own words it required Mr. O'Connell to sign in order to make a claim at all.

Upon reading that inconclusive statement, rather than jumping to the conclusion that Rhino supplied no materials or labor after December 31, 2000, AIGTS could and should have contacted Rhino to see of that was so. It did not. It simply denied the claim, asserting that Mr. O'Connell's statement says something it really does not say. Then, when Rhino responded with a thorough showing that it had

---

discovery in October 25, 2002, it was not included in the Sureties' Rule 26(a) disclosures and was never provided Plaintiff by the Sureties until the filing of this motion.
[21] 18 G. C. A. § 87120.
[22] Exhibit J to Kahn Affidavit, at 6.