James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: (808) 547 5151
Facsimile No.: (808) 599 4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

# UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.,<br><br>Plaintiff,<br>vs.<br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY,<br><br>Defendants.<br>―――――――――――――――<br>BIOGENESIS PACIFIC, INC.,<br><br>Counterclaimant,<br>vs.<br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10,<br><br>Counter-Defendant. | CIVIL CASE NO. 02-00008<br><br>SUBMISSION OF ORIGINAL DECLARATION OF BRUCE KAHN IN SUPPORT OF MOTION OF AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY FOR DISMISSAL OF PLAINTIFF'S BAD FAITH CAUSE OF ACTION FOR FAILURE TO STATE A CLAIM; OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, FILED ON DECEMBER 31, 2003 |

1

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | ) |
| Cross-Claimant, | ) ) ) |
| vs. | ) ) |
| BIOGENESIS PACIFIC, INC. | ) ) |
| Cross-Claim Defendant. | ) ) ) ) |

COMES NOW, Defendants AIG TECHNICAL SERVICES, INC. ("AIGTS") and AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME"), through counsel, VERNIER & MAHER, LLP, by Louie J. Yanza, and hereby submits the original of the Declaration of Bruce Kahn in Support of Motion of AIG Technical Services, Inc. and American Home Assurance Company for Dismissal of Plaintiff's Bad Faith Cause of Action for Failure to State a Claim; or in the Alternative, for Summary Judgment, filed on December 31, 2003, a true and correct copy of which was attached to Declaration of Louie J. Yanza Re. Filing of Facsimile Copy of Declaration of Bruce Kahn in Support of Motion of AIG Technical Services, Inc. and American Home Assurance Company for Dismissal of Bad Faith Cause of Action for Failure to State a Claim; or in the Alternative, for Summary Judgment, Filed on December 31, 2003, filed in the within entitled action on January 30, 2004.

Respectfully submitted this 4th day of February, 2004.

**VERNIER & MAHER, LLP**
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY**

By: _____
**LOUIE J. YANZA**

2

James H. Lawhn
OLIVER, LAU, LAWHN, OGAWA & NAKAMURA
600 Ocean View Center
707 Richards Street
Honolulu, Hawaii 96813
Telephone: (808) 533-3999
Facsimile: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813
Telephone: (808) 547-5151
Facsimile: (808) 599-4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477-7059
Facsimile: (671) 472-5487

Attorneys for Defendants
AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY,<br><br>　　　　　Defendants. | CIVIL CASE NO. 02-00008<br><br>**DECLARATION OF BRUCE KAHN IN SUPPORT OF MOTION OF AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY FOR DISMISSAL OF PLAINTIFF'S BAD FAITH CAUSE OF ACTION FOR FAILURE TO STATE A CLAIM; OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, FILED ON DECEMBER 31, 2003**<br><br>[CAPTION CONTINUED ON NEXT PAGE] |

| | |
|---|---|
| BIOGENESIS PACIFIC, INC., | ) |
|         Counterclaimant, | ) |
| vs. | ) |
| RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, | ) |
|         Counter-Defendant. | ) |
| AMERICAN HOME ASSURANCE COMPANY, | ) |
|         Cross-Claimant, | ) |
| vs. | ) |
| BIOGENESIS PACIFIC, INC., | ) |
|         Cross-Claim Defendant. | ) |

Hearing:

Date: February 6, 2004

Time: 9:30 AM

Judge: The Hon. John S. Unpingco

3852-10/1-23-04 KAHN Dec

**DECLARATION OF BRUCE KAHN IN SUPPORT OF
MOTION OF AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME
ASSURANCE COMPANY FOR DISMISSAL OF PLAINTIFF'S BAD FAITH CAUSE OF
ACTION FOR FAILURE TO STATE A CLAIM; OR IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT, FILED ON DECEMBER 31, 2003**

I, Bruce Kahn, hereby declare pursuant to 28 U.S.C. §1746 as follows:

1. I am a Bond Claims Analyst for AIG Technical Services Inc. ("AIGTS").

1. I am a Bond Claims Analyst for AIG Technical Services Inc. ("AIGTS").

2. I have personal knowledge of the facts set forth herein, and am competent to testify with regard thereto.

3. I have read Mr. Cortes' statement on page 14 of his opposition memorandum (page 14 attached) that AIGTS prepared O'Connell's affidavit, which is the Proof Of Claim form.

4. Mr. Cortes' statement is untrue.

5. The O'Connell affidavit (Proof Of Claim form) was completed on behalf of Rhino and submitted to AIGTS as Enclosure #1 to Carlsmith's January 9, 2002 claim letter which was attached as Exhibit "J" to my October 3, 2003 Declaration filed in this matter.

6. AIGTS had nothing to do with the preparation of the Proof Of Claim form other than to furnish a blank form to the Carlsmith firm pursuant to its request of October 22, 2001 (see Carlsmith let6ter of 10/22/01 attached as Exhibit "B" to my October 3, 2003 Declaration filed in this matter).

Executed in New York, New York, on January 23, 2004.

_____
BRUCE KAHN

[RECEIVED JAN 30 2004 VERNIER & MAHER, LLP VIA = UPS stamp]

limitations claim – the only available excuse for not paying Rhino under the Miller Act on the uncontroverted facts known to AIGTS – that Rhino had supplied labor and materials in the prosecution of the Navy Contract covered by the payment bond.

AIGTS, however, had to almost manufacture support for its initial denial of Rhino's claim on statute-of-limitations grounds. That denial states that "the sworn affidavit of Michael O'Connell, identified as claimant's chief executive officer, included in the Proof of Claim, admits and conclusively establishes that the last day claimant performed labor or provided material on the above project was before December 31, 2000." Strong words. What the O'Connell affidavit, which was prepared by AIGTS and therefore must be construed against it where unclear,[21] actually says, is that Rhino did supply roofing work and materials between May 2000 and December 2000.[22] It says nothing at all about supplying no materials or labor after that. That came only from AIG's reading of its own words it required Mr. O'Connell to sign in order to make a claim at all.

Upon reading that inconclusive statement, rather than jumping to the conclusion that Rhino supplied no materials or labor after December 31, 2000, AIGTS could and should have contacted Rhino to see of that was so. It did not. It simply denied the claim, asserting that Mr. O'Connell's statement says something it really does not say. Then, when Rhino responded with a thorough showing that it had

---

discovery in October 25, 2002, it was not included in the Sureties' Rule 26(a) disclosures and was never provided Plaintiff by the Sureties until the filing of this motion.
[21] 18 G. C. A. § 87120.
[22] Exhibit J to Kahn Affidavit, at 6.

14