ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **MOTION FOR LEAVE TO TAKE THE LATE DEPOSITION OF RUSSELL FONG** <br> **[No Hearing Requested]** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

Pursuant to F. R. Civ. Proc. Rule 16 (b) and LR 16.5, Plaintiff United States Of America for Use and Benefit of Rhino Builders, Inc. most respectfully requests this honorable Court to grant it leave to take the late deposition of Mr. Russell Fong, as follows:

1. Depositions of non-expert witnesses were scheduled to be completed by October 17, 2003 pursuant to the June 4, 2003 Revised Scheduling Order.

2. Rhino now must request the Court to grant it leave to take the limited deposition of Mr. Russell Fong regarding an accounting that was not supplied to Rhino by BPI until after November 26, 2003.

3. Good cause for this motion in that Rhino diligently sought to discover the information in that accounting since March 24, 2003, but was unable to obtain in until after November 26, 2003 despite its diligent efforts. The circumstances of those diligent efforts, and their failure to bear fruit, are detailed in the accompanying Declaration of Counsel in support of this motion, which is incorporated herein by this reference.

4. This Court's broad discretion to alter the Rule 16 scheduling order should be exercised to grant such motions if the need for the amendment is not caused by the moving party's "carelessness" or lack of diligence. Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 609 (9th Cir. 1992) ("although the

existence of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.").

5. Pursuant to LR 16.5, any extension of the time in which to take Mr. Fong's deposition "will be extended only if the remaining discovery is specifically described and scheduled."

6. The undersigned has twice discussed the taking of this deposition with counsel for BPI, Arthur B. Clark. He has expressed reservation regarding the proposal, but has not granter or denied the request. Due to time constraints, however, the undersigned simply suggested that this motion be brought, and if BPI is able to satisfy Rhino's needs without deposing Mr. Fong, Rhino can then withdraw this motion. Because trial is swiftly approaching, the undersigned believes he is obliged to view this situation as one in which, without this motion, Rhino will not receive the information it needs from Mr. Fong.

## Conclusion

For the foregoing reasons, Plaintiff United States of America for Use and Benefit of Rhino Builders, Inc. most respectfully requests this honorable Court to allow Rhino to take the late deposition of Mr. Richard Fong at 8:30 a.m. March 9, 2004 at 87-1610 Ulehawa Road, Waianae, HI 96792, on the limited subject of his preparation of the accounting of the profits of Biogenesis Pacific, Inc. attached as Exhibit "X" to the Declaration of Arthur B Clark, filed December 15, 2003, and any

3

Case 1:02-cv-00008   Document 363   Filed 02/13/2004   Page 3 of 4

and all supporting information, circumstances, or assumptions he relied upon in preparing that accounting.

Respectfully submitted this 12th day of February 2004.

LAW OFFICE OF ANTONIO L. CORTÉS

_____
Antonio L. Cortés, Attorney for
Plaintiff Rhino Builders, Inc.