ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933



FILED
DISTRICT COURT OF GUAM
FEB 13 2004
MARY L. M. MORAN
CLERK OF COURT

360

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., | CIVIL CASE NO.02-00008 |
| Plaintiff, | **DECLARATION OF COUNSEL SUPPORTING MOTION FOR LEAVE TO TAKE LATE DEPOSITION OF RUSSELL FONG** |
| vs. | |
| BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., | |
| Defendants. | |
| BIOGENESIS PACIFIC, INC., | |
| Counter-Plaintiff, | |
| vs. | |
| RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, | |
| Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., | |
| Cross-Claimant, | |
| vs. | |
| BIOGENESIS PACIFIC, INC., | |
| Cross-Claim Defendant. | |

*ORIGINAL*

I, Antonio L. Cortes, duly declare and say:

1.    I am an attorney licensed to practice law in Guam, and have been since October 21, 1997. I have personal knowledge of the matters stated herein, except those stated on information and belief, and as to those matters I believe them to be true. If called upon to do so, I could and would competently so testify.

2.    On March 24, 2003, Rhino served BPI with interrogatories and document requests seeking to discovery BPI's income, expense, and profit for all its work on the Navy Contract prior to the institution of this civil action. In its responses, BPI supplied no information regarding expense, income, or profit for any but the task orders that were accepted prior to BPI's breach of the subcontract. Further, BPI provided no documentation of any expense information for any task orders. As a consequence, I verbally requested such from BPI's counsel a number of times. Such requests proving fruitless, I called Arthur Clark and left a message requesting a face to face conference to attempt to resolve the issue.

3.    On August 14, 2003, I faxed Mr. Clark a letter reminding him that I had left him a message and requesting that he meet and confer with me regarding Rhino's discovery of BPI's documentation of its profits on the Navy contract. A true and correct copy of that letter is attached hereto as Exhibit 1.

4.    On August 20, 2003, as a result of that effort, I was able to meet with Mr. Clark, at his office, to discuss BPI's continued refusal to produce any

2

information whatever regarding its profits on up until the time of suit. I explained to him Rhino's position that the law allows a subcontractor to recover lost profits if he is forced to cease work for non-payment. Mr. Clark seemed generally inclined to accept that premise but was non-committal. He also stated that BPI might require a protective order before producing the requested information, but put forth no specific terms. I stated that I did not believe one was required, but that we would agree to any reasonable order that allowed the Court and my clients access to the information. At the end of the meeting, Mr. Clark informed me that he would do nothing with regard to my requests and that I would have to wait at least two weeks for the return of his associate, Ms. Cruz, whom he said he had tasked with providing discovery responses to Rhino.

5.     On August 25, 2003, I again wrote to Mr. Clark summarizing my understanding of what had transpired at my August 20, 2003 meeting with him. A true and correct copy of that letter is attached hereto as Exhibit 2. He did not supply a proposed protective order for Rhino to consider, or otherwise enable me to know what sort of protection BPI would require as a prerequisite to supplying the requested information.

6.     When Ms. Cruz returned in September 2003, I was able to speak with her but she stated that BPI did not believe the requested information was relevant. She documented that position with a letter dated September 19, 2003, a true and correct copy of which is attached hereto as Exhibit 3. To show her the legal basis

3

for the relevance of that information, I sent her a letter on September 22, 2003, a true and correct copy of which is attached hereto as Exhibit 4.

7.     Late September 2003 presented Rhino with a flurry of last-minute deposition requests by BPI, AHAC, and AIGTS, as the record of this case clearly shows. Due to those requests, I became unable to follow up with a motion to compel production against BPI at that time, but, in early November, I began work on a motion to compel BPI to provide this information. On November 7, 2003, I contacted Ms. Cruz to discuss the planned motion to compel.

8.     On November 10, 2003, which was the deadline for the filing of discovery motions, Mr. Clark, who knew I was preparing such a motion, contacted me and offered to stipulate to produce the requested information without the need of a motion to compel if Rhino would stipulate to his further deposition of Michael O'Connell and Eugene Patten despite the fact that they had each already testified far in excess of the 7-hour limit set by Rule 30, and despite the fact that the time for depositions set by the scheduling order was past. I agreed to that stipulation, reduced it to writing, and forwarded it for his review. A true and correct copy of that stipulation, verbally agreed to by Mr. Clark, is attached hereto as Exhibit 5.

9.     Upon receipt of the written stipulation, I received a call from Mr. Clark stating that he would sign the stipulation if he was able to insert additional language to the effect that BPI's information would be produced pursuant to a protective order. Rather than hold him to his word, as a courtesy and as an

4

expediency, and also because it was late in the day on the last day to file the motion do compel discovery from BPI, I agreed to his adding the additional language. He then scanned the stipulation I had prepared, added the language he desired, and we both signed it. Had I not believed the BPI would provide the information on November 14, 2003 as agreed, I would have timely filed the motion to compel this critically relevant information.

10.     Pursuant to the stipulation, BPI was to produce the expense/income/profit information no later than November 14, 2003. It did not do so. Instead, on that date, I received another call from Mr. Clark who stated that, because the Court had not signed the stipulation, BPI would *not* produce the long-requested information. I responded that we had an agreement, and that I believed we were both obligated to honor our agreements regardless of whether the Court had as yet signed the stipulation. Mr. Clark said something to the effect that he noted my position, but that he would not produce the information. By that time, Calvo and Clark had still not provided me with a draft protective order stating what protection BPI would require.

11.     On November 17, 2003, the Court signed the stipulation and order. I again contacted Calvo & Clark to obtain the information requested March 24, 2003. By then, of course, the time for discovery motions had passed, and the time to obtain follow-up discovery on the provided information had passed, all due to BPI's refusal to produce the information in a timely fashion and without a protective order of by then still unspecified terms.

5

12.     On November 21, 2003, BPI finally provided a draft confidentiality agreement. A true and correct copy of the facsimile transmission enclosing that draft is attached hereto as Exhibit 6.

13.     On November 23, 2003, after consultation with my client, I informed BPI that I would sign the confidentiality agreement as drafted. Other parties, however, required changes. On November 26, 2003 BPI brought the agreement by and I signed it. A true and correct copy of the confidentiality agreement is attached hereto as Exhibit 7. Some time after that, BPI finally produced the un-audited accounting and a computerized check ledger, but no other supporting documentation, and Rhino allowed the late depositions of Mr. O'Connell and Mr. Patten.

14.     On December 15, 2003, BPI filed that same un-audited accounting, withheld for so many months as confidential information, without placing it under seal or submitting it for in camera inspection only, as BPI had forced Rhino to agree it would have to do as a prerequisite to BPI's producing the critically-relevant discovery it had sought since March. See Section III of that agreement, Exhibit 7 hereto. As a consequence, I am inclined to believe that having me sign a confidentiality agreement at all, and the withholding of that agreement for so many months on the ground that one was required, was a ploy to delay providing the requested information for as long as possible. Even if that is not what was intended by BPI, that is what happened.

6

15.     In any case, even though Rhino timely requested this information in March of 2003, by means of a series of circumstances almost totally in the control of BPI, this information was not provided until a time when Rhino would have as little time as possible to inquire into its accuracy.

16.     Rhino has been diligent and conscientious in producing discovery to all parties in this case, and, as stated above, has produced deposition witnesses regarding its accounting of its losses after the time for depositions under the scheduling order had ended.  Rhino can see no undue prejudice to BPI in allowing Rhino to depose Mr. Russell Fong, the person who prepared the accounting of BPI's profits.  On the other hand, allowing such a deposition will certainly allow the parties to better prepare this case for an efficient trial that will not unduly waste judicial resources.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 2nd day of February 2004.


_____
ANTONIO L. CORTÉS

# EXHIBIT 1

# ANTONIO L. CORTÉS

Attorney at Law
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932-8973
Telephone: (671) 477-1930
Facsimile: (671) 477-1933
acortes@kuentos.guam.net
http://www.guam.net/home/acortes

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO:<br>Arthur B. Clark | FROM:<br>Antoni L. Cortes |
| COMPANY:<br>Calvo & Clark LLP | DATE:<br>August 14, 2003 |
| FAX NUMBER:<br>[646-9403] | TOTAL NO. OF PAGES INCLUDING COVER:<br>2 |
| PHONE NUMBER:<br>[646-9355] | SENDER'S REFERENCE NUMBER:<br>052.00 |
| RE:<br>Rhino Builders, Inc. v. Biogenesis Pacific, Inc., AIG Technical Services, Inc. & American Home Assur. Co.; D.Ct. of Guam Case No. 02-00008 | YOUR REFERENCE NUMBER: |

NOTES/COMMENTS:

**The contents of this facsimile transmission may be confidential and protected by the attorney-client privilege. They are not to be read or reviewed by any persons other than the addressees. If you are not the addressee, but inadvertently receive this transmission, please deliver it to the addressee or contact the sender.**

Dear Mr. Clark:

Please see enclosed letter of even date.

Sincerely,

Antonio L. Cortes

**EXHIBIT**

# ANTONIO L. CORTÉS

Attorney at Law
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932-8973

Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933
acortes@kuentos.guam.net
http://www.guam.net/home/acortes

August 14, 2003

VIA FACSIMILE [646-9403]

Arthur B. Clark, Esq.
Calvo & Clark, LLP
Suite 202, First Savings & Loan Building 655
South Marine Drive
Tamuning, Guam 96911

Re: Rhino Builders, Inc. vs. Biogenesis Pacific, Inc., AIG
Technical Services, Inc. and American Home Assurance Co.;
District Court of Guam Civil Case No. 02-00008.

Dear Mr. Clark:

I left you a message last week that I needed to meet and confer with you regarding Biogenesis's responses to Rhino's discovery, and obtaining the documents Mr. Avilla offered to obtain from his car during his deposition and you promised you would obtain for me. Please contact me with a date for that meeting.

I also need a two week extension of time, until September 2, 2003, for Rhino to respond to Biogenesis's new counterclaims against it. Please let me know whether I may have that time so that, if not, I can make the required motion.

Sincerely,

Antonio L. Cortés

```
HP LaserJet 3100
Printer/Fax/Copier/Scanner
```

```
SEND CONFIRMATION REPORT for
Law Office of Antonio L. Cortes
671 477 1933
Aug-14-03  10:59AM
```

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|-------------------|------|-------|------|--------|
| 34 | 8/14 10:58AM | 0'34" | +6716469403 | Send............. | 2/ 2 | EC144 | Completed.................................... |

Total    0'34"     Pages Sent: 2    Pages Printed: 0

## ANTONIO L. CORTÉS
Attorney at Law
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932-8973
Telephone (671) 477-1930
Facsimile (671) 477-1933
scortes@kuentos.guam.net
http://www.guam.net/home/acortes

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|-----|-------|
| Arthur B. Clark | Antoni L. Cortes |
| COMPANY: | DATE: |
| Calvo & Clark LLP | August 14, 2003 |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
| [646-9403] | 2 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| [646-9355] | .052.00 |
| RE: | YOUR REFERENCE NUMBER: |
| Rhino Builders, Inc. v. Biogenesis Pacific, Inc., AIG Technical Services, Inc. & American Home Assur. Co.; D.Ct. of Guam Case No. 02-00008 | |

NOTES/COMMENTS:
The contents of this facsimile transmission may be confidential and protected by the attorney-client privilege. They are not to be read or reviewed by any persons other than the addressees. If you are not the addressee, but inadvertently receive this transmission, please deliver it to the addressee or contact the sender.

Dear Mr. Clark:

Please see enclosed letter of even date.

Sincerely,

Antonio L. Cortes

# EXHIBIT 2

# ANTONIO L. CORTÉS

Attorney at Law
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932-8973
Telephone: (671) 477-1930
Facsimile: (671) 477-1933
acortes@kuentos.guam.net
http://www.guam.net/home/acortes

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Arthur B. Clark | FROM: Antonio L. Cortes |
| COMPANY: Calvo & Clark LLP | DATE: August 25, 2003 |
| FAX NUMBER: [646-9403] | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: [646-9355] | SENDER'S REFERENCE NUMBER: 052.00 |
| RE: Rhino Builders, Inc. v. Biogenesis Pacific, Inc., AIG Technical Services, Inc. & American Home Assur. Co.; D.Ct. of Guam Case No. 02-00008 | YOUR REFERENCE NUMBER: |

NOTES/COMMENTS:

**The contents of this facsimile transmission may be confidential and protected by the attorney-client privilege. They are not to be read or reviewed by any persons other than the addressees. If you are not the addressee, but inadvertently receive this transmission, please deliver it to the addressee or contact the sender.**

Dear Mr. Clark:

Please see enclosed letter of even date.

Sincerely,

Antonio L. Cortes

**EXHIBIT 2**

# ANTONIO L. CORTÉS

Attorney at Law
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932-8973

Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933
acortes@kuentos.guam.net
http://www.guam.net/home/acortes

August 25, 2003

**VIA FACSIMILE [646-9403]**

Arthur B. Clark, Esq.
Calvo & Clark, LLP
Suite 202, First Savings & Loan Building 655
South Marine Drive
Tamuning, Guam 96911

> Re: Rhino Builders, Inc. vs. Biogenesis Pacific, Inc., AIG
> Technical Services, Inc. and American Home Assurance Co.;
> <u>District Court of Guam Civil Case No. 02-00008</u>.

Dear Mr. Clark:

Thank you for your time spent meeting with me August 20, 2003 to confer with me about our perceived deficiencies in BPI's responses to Rhino's discovery.

As I recall, I took the position that all the information sought in Interrogatory Nos. 1, 2, 3, 4, 5, and 6 is directly relevant to Rhino's claim for damages, and that we cannot calculate the alleged damages from the responses you provided, which basically supply no numbers whatever. We take the position that there was a subcontract entitling Rhino to half the profits realized by BPI on the Navy contract, and that, when Rhino was not paid for the first task orders upon completion, it was entitled to stop work and remained entitled to one half the profits realized by BPI on the entire Navy contract. The same analysis applies to Document Request Nos. 1 through 5 and 7 through 9.

Regarding the issue of a protective order, we do not believe one is necessary, but may be willing to agree to one that: (1) allows us to see all the

requested material; (2) allows me to show it to and discuss it with my clients, and (3) allows us to use it at trial. I do not think that a party to a subcontract who agrees to pay a percentage of the profits realized on the primary contract may properly assert that it cannot reveal the documentation of those profits to the subcontractor it promised a percentage thereof on the ground that they are competitors.

Finally, I recall that you said Ms. Cruz would be returning from vacation within two weeks of our meeting, and that you wished to confer with her on these issues. Noting that the Court has ordered all written discovery served by September 22, 2003, and that I will need the opportunity to do follow-up discovery based on your hoped-for amended responses, I stated that I needed to have those responses, if any, not later than September 9, 2003, and would have to file a motion to compel if Rhino's legitimate discovery needs were not provided by that date.

Thank you again for your cooperation in this matter.

Sincerely,

Antonio L. Cortes

Cc: Mr. Eugene O'Connell
Louie Yanza, Esq.

HP LaserJet 3100
Printer/Fax/Copier/Scanner

SEND CONFIRMATION REPORT for
Law Office of Antonio L. Cortes
671 477 1933
Aug-25-03   7:30PM

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 74 | 8/25  7:29PM | 0'48" | +6716469403 | Send.............. | 3/ 3 | EC144 | Completed.................................... |

Total    0'48"    Pages Sent: 3    Pages Printed: 0

---

### ANTONIO L. CORTÉS

Attorney at Law
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932-8973
Telephone: (671) 477-1930
Facsimile: (671) 477-1933
acortes@kuentos.guam.net
http://www.guam.net/home/acortes

**FACSIMILE TRANSMITTAL SHEET**

| TO: | FROM: |
|-----|-------|
| Arthur B. Clark | Antonio L. Cortes |
| COMPANY: | DATE: |
| Calvo & Clark LLP | August 25, 2003 |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
| [646-9403] | 3 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| [646-9355] | 052.00 |
| RE: | YOUR REFERENCE NUMBER: |

Rhino Builders, Inc. v. Biogenesis
Pacific, Inc., AIG Technical Services,
Inc. & American Home Assur. Co.;
D.Ct. of Guam Case No. 02-00008

NOTES/COMMENTS:
The contents of this facsimile transmission may be confidential and protected by the attorney-client privilege. They are not to be read or reviewed by any persons other than the addressees. If you are not the addressee, but inadvertently receive this transmission, please deliver it to the addressee or contact the sender.

Dear Mr. Clark:

Please see enclosed letter of even date.

Sincerely,

Antonio L. Cortes

# EXHIBIT 3

EDUARDO A. CALVO*
ARTHUR B. CLARK
RODNEY J. JACOB
MICHAEL A. PANGELINAN

# CALVO AND CLARK, LLP
## ATTORNEYS AT LAW
655 SOUTH MARINE DRIVE, SUITE 202
TAMUNING, GUAM 96913
TEL: (671) 646-9355 • FAX: (671) 646-9403
e-mail: caclaw@calvoandclark.com

JANALYNN M. CRUZ
DANIEL M. BENJAMIN•
RAYMOND L. SOUZA, JR.••

September 19, 2003

**VIA FACSIMILE 477-1933**
**AND U.S. POSTAL SERVICE**

Antonio L. Cortes, Esq.
Attorney At Law
424 W. O'Brien Drive, Suite 233 Julale Center
Hagåtña, Guam 96910

> **RE:** **Rhino Builders, Inc. v. BioGenesis Pacific, Inc. and**
> **AIG Technical Services, Inc.; CV02-00008**

Dear Mr. Cortes:

Please be advised that BioGenesis continues to object to your request to produce documents related to delivery orders subsequent to number 18. Rhino's Second Amended Complaint seeks in damages an amount nearly identical to that stated in the Miller Act Claim Rhino filed with AIG, in which Rhino clearly identifies as being based on labor and/or materials allegedly supplied for delivery orders 1 through 18 only. Accordingly, any documents relating to delivery orders subsequent to delivery order 18 are irrelevant to Rhino's claims. If you still believe that information about delivery orders beyond number 18 is relevant, we ask that you please provide us with legal support for your belief. Upon being provided with this support, we will then re-evaluate our position.

In addition, earlier in response to your discovery requests we produced a profit and loss statement summarizing the income received and expenses incurred by BioGenesis for delivery orders 1 through 18 for the time period commencing October 1, 2000 and ending March 2002. Pursuant to F.R.C.P. Rule 34, we believe that the documents produced adequately respond to Rhino's discovery request. However, if you disagree please let us know how the documents were non-responsive and what further details you believe are relevant, and we will endeavor to provide what other documents you believe to be relevant.

**EXHIBIT 3**

T030919327-0001.LTR (Cortes).wpd

SAIPAN OFFICE: PMB 951 BOX 10001, SAIPAN MP 96950
TELEPHONE: (670) 323-2045 • FACSIMILE: (670) 323-2776 • E-MAIL: caclawspn@calvoandclark.com

• NOT LICENSED IN CNMI     • LICENSED IN CALIFORNIA ONLY     • LICENSED IN MINNESOTA ONLY
Case 1:02-cv-00008     Document 364     Filed 02/13/2004     Page 18 of 42

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

CALVO AND CLARK, LLP

Janalynn M. Cruz

cc:    Mr. Gerald Lam
       Louie J. Yanza, Esq.
       Catherine Bejerana, Esq.
       Frederick J. Kerley, Esq.

JMC:tlr

T030919327-0001.LTR (Cortes).wpd

# EXHIBIT 4

# ANTONIO L. CORTÉS

Attorney at Law
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932-8973

Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933
acortes@kuentos.guam.net
http://www.guam.net/home/acortes

September 21, 2003

**VIA FACSIMILE [646-9403]**

Janalynn M. Cruz, Esq.
Calvo & Clark, LLP
Suite 202, First Savings & Loan Building 655
South Marine Drive
Tamuning, Guam 96911

> Re: Rhino Builders, Inc. vs. Biogenesis Pacific, Inc., AIG
> Technical Services, Inc. and American Home Assurance Co.;
> District Court of Guam Civil Case No. 02-00008;
> <u>Your Letter dated September 19, 2003</u>.

Dear Ms. Cruz:

I have received and reviewed your referenced letter and have the following remarks.

In Rhino's current Complaint, it alleges that it has a subcontract with your client pursuant to which Rhino is to perform all work under the Navy contract, not just the work of the first 18 task orders. When a contractor is not paid, as Rhino has alleged in this case and BPI has admitted, it is entitled to stop work and sue for the total profits it would have received under the contract, as Rhino has done here. *See, e.g.,* 2 Construction Law Claims & Liability § 15.1; California Construction Law Manual, 5th ed, §2.74. Consequently, even

**EXHIBIT 4**

considering only Rhino's Complaint. Rhino is entitled, pursuant to FRCP Rule 34, to examine and copy all documents in BPI's possession, custody or control relevant to whether or not BPI has derived profits from the Navy contract at any time up to the date of judgment, so that it can present that information to the Court to enable the Court to quantify the damages due Rhino from BPI in the event Rhino prevails in this case, and, Pursuant to Rule 33, your client must supply sworn answers to interrogatories on that subject.. BPI cannot simply refuse to provide that information on the ground that it does not believe Rhino will succeed in its claim for half the profits from the entire contract. BPI must provide that information to Rhino so that the Court can decide that issue.

Furthermore, in this case, BPI has now made a novel counterclaim against Rhino. Thus, even if Rhino were not seeking damages amounting to half the profits BPI has gained on the Navy Contract, Rhino is entitled to discover the factual basis for BPI's counterclaim. In its counterclaim, your client alleges that it was damaged in the amount of $7,000,000 as a result of Rhino's allegedly misrepresenting to the Navy that it had a subcontract with your client, thereby damaging BPI by committing it to performance of the Navy contract. Rhino is entitled to discover whether it is true that BPI has lost $7,000,000 by having to perform the Navy contract. Consequently, pursuant to FRCP Rule 34, Rhino is entitled to examine and copy all documents in BPI's possession, custody or control relevant to whether or not BPI has suffered any financial profit or loss from the Navy contract at any time up to the date of judgment, so that it can present that information to the Court to enable the Court to quantify the damages due your client from Rhino in the event your client prevails in this case, or find that there are no damages due. Likewise, Pursuant to Rule 33, your client must supply sworn answers to interrogatories on that subject.. BPI cannot refuse discovery of the precise information required to determine whether or not its allegation that it has lost $7,000,000 on this contract is a true or a false allegation.

Consequently, please re-evaluate your position, as you put it. I can only add that, as the responding party, it was BPI's duty to perform the foregoing analysis, which I believe is really quite basic. As you have presented no contrary authority or rationale for withholding this evidence, I can only assume that you have not done any analysis and have not found any authority allowing you to withhold all evidence in your possession supporting your damage claim, as you have done. As you appear for this reason to have chosen to require Rhino to assume the expense and burden of that research and analysis, I will naturally add

the expense of my own research and analysis, and this letter, to any motion to compel that becomes necessary as a result of any failure by BPI to promptly provide complete responses to document request Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, and 11 and Interrogatory Nos. 1, 2, 3, 4, 5, 6, 11, and 12, all served March 24, 2003. Please make these responses complete enough to show every cent of profits and/or losses realized by BPI from the Navy contract, to document every payment received from the Navy, and *to document every expense BPI claims in incurred in performing the contract.*

      This discovery is long overdue. We served it six (6) months ago. You only answered three interrogatories and have provided virtually none of the documentary evidence Rhino has properly requested you to provide. I have written to Mr. Clark on August 14, 2003 and August 25, 2003 seeking adequate responses to the discovery. I met and conferred with Mr. Clark on August 20, 2003, but he refused to consider my requests until you you would return from an absence September 2, 2003, which was about six weeks ago. I have asked you to provide this information. Rhino has been very forthcoming in responding to your discovery, producing thousands of documents you and AIG have requested, submitting to extended hours of interrogation by Mr. Clark, and otherwise attempting to completely respond to your stringent discovery demands. In response to Rhino's discovery requests, *you have produced only three unaltered pages of documents*, and about 114 pages of documents from which you have removed almost every bit of relevant and requested information. You have provided no authority or analysis for your refusals to provide the information we have requested.

      Now you have demanded, as another prerequisite you providing this information, that Rhino provide authority for its right to discovery this information, which, on its face, is directly relevant to its allegations *and your own*. By this letter, Rhino has provided you with that authority. Due to your delay, however, Rhino's ability to use the information it still hopes to receive has been seriously compromised. Because, by delaying the provision of this information you have successfully prevented Rhino from obtaining this information during the period it could do follow-up discovery, it will be my duty to determine whether I ought to request the sanction of a judgment for Rhino and against BPI pursuant to Rule 37(c)(1), due to your unmet obligation to provide most of this information pursuant to Rule 26(a)(1) without waiting for us to ask for it.

Janalynn M. Cruz, Esq.
September 21, 2003
Page 4

I look hopefully forward to BPI's prompt and complete responses to the foregoing discovery.

Sincerely,

Digitally signed By
ANTONIO L. CORTES

Antonio L. Cortes

cc:  All Guam Counsel
     Mr. Eugene O'Connell

# EXHIBIT 5

ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., | CIVIL CASE NO.02-00008 |
| Plaintiff, | **STIPULATION REGARDING FURTHER DISCOVERY RESPONSES** |
| vs. | |
| BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., | |
| Defendants. | |
| BIOGENESIS PACIFIC, INC., | |
| Counter-Plaintiff, | |
| vs. | |
| RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, | |
| Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., | |
| Cross-Claimant, | |
| vs. | |
| BIOGENESIS PACIFIC, INC., | |
| Cross-Claim Defendant. | |

**EXHIBIT** 5

Plaintiff United States for use and benefit of Rhino Builders, Inc. ("Plaintiff"),

Defendant/Third-Party Plaintiff Biogenesis Pacific, Inc. ("BPI"), and Third-Party Defendant

Michael O'Connell, by and through counsel, stipulate with respect to the avoidance of discovery

motions, as follows:

1.     BPI will withdraw its pending Motion for Enlargement for Depositions,

filed October 16, 2003.

2.     Plaintiff will allow the further depositions by BPI of Michael O'Connell

and Eugene O'Connell, for a combined total of not more than five (5) hours, between 8:00 am and

1:00 pm, on a Tuesday, Wednesday, Thursday, Friday, or Saturday, Hawaii time, on a date to be

agreed by the parties no later than November 20, 2003, with direct examination to be conducted

by BPI, who will reserve a portion of time for cross examination during those five (5) hours that is

reasonable considering the scope of its direct examination.

3.     BPI will provide the following further responses to Plaintiff's written

discovery;

        a.     A profit and loss report for all Task Orders issued through March

2002, to be provided within two days of this stipulation;

        b.     Supporting documentation sufficient to satisfy a reasonable person

that all costs reflected on the forgoing profit and loss report were

actually incurred and properly included as items for deduction from

gross profits, to be furnished no later than November 14, 2003;

        c.     A sworn statement sufficient to satisfy a reasonable person that all

the information included on the foregoing profit and loss report is

true and correct, and that the report includes all payments received

by BPI from the U.S. Navy for Navy Contract No. N62766-99-D-

2

0425 for work done on the subject task orders, and that no payments have been omitted, to be furnished no later than November 14, 2003.

4.      The parties agree and stipulate that, should Court assistance to enforce this stipulation become necessary, and the parties anticipate that it will not be necessary, the signatories hereto will not oppose the submission of any motions for such assistance on the ground that the time for discovery motions has passed.

5.      The parties hereto agree that, should Defendants American Home Assurance Company and AIG Technical Services, Inc. ("the Sureties") come to an agreement with the other parties by which the Sureties wish to conduct direct examination at the depositions provided for in the foregoing paragraph 2, then the depositions of Michael O'Connell and Eugene O'Connell shall be for a combined total of not more than six (6) hours, between 8:00 am and 2:00 pm, on a Tuesday, Wednesday, Thursday, Friday, or Saturday, Hawaii time, on a date to be agreed upon by the parties no later than November 20, 2003, with time for direct examination to be allotted between BPI and the Sureties as BPI and the Sureties shall agree, leaving a reasonable time for cross examination.

6.      Neither BPI nor Plaintiffs will bring any motions to compel discovery except to compel compliance with this stipulation.

7.      The purposes of this stipulation are the resolution of discovery disputes and the avoidance of unnecessary discovery motions.

.DATED: November 10th, 2003

 

_____
Antonio L. Cortes, Counsel for
Plaintiff United States for the use
and benefit of Rhino Builders,
Inc.

3

DATED:  November ____, 2003

_____
Arthur B. Clark, Counsel for Biogenesis
Pacific, Inc.

DATED:  November ____, 2003

_____
Fred Kerly, Counsel for Michael O'Connell

APPROVED AND SO ORDERED

_____
HONORABLE JOHN S. UNPINGCO
Judge, District Court of Guam

4

# EXHIBIT 6

# CALVO AND CLARK, LLP
## ATTORNEYS AT LAW

EDUARDO A. CALVO*
ARTHUR B. CLARK
RODNEY J. JACOB
MICHAEL A. PANGELINAN

655 SOUTH MARINE DRIVE, SUITE 202
TAMUNING, GUAM 96913
TEL (671) 646-9355 • FAX (671) 646-9403
E-MAIL: CACLAW@CALVOANDCLARK.COM

JANALYNN M. CRUZ
DANIEL M. BENJAMIN
RAYMOND L. SOUZA, JR.**

November 21, 2003

**TO:**  Antonio L. Cortes, Esq.
Facsimile No.:     477-1933

Catherine M. Bejerana, Esq.
Facsimile No.:     477-4366

Louie J. Yanza, Esq.
Facsimile No.:     472-5487

Frederick J. Kerley, Esq.
Facsimile No.:     477-7009

**CC:**  Gerald N.Y.C. Lam
Facsimile No.:     (808) 263-0002

**FROM:**  Janalynn M. Cruz

**NUMBER OF PAGES INCLUDING THIS ONE:**    6

**RE:  Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et al.; CV02-00008**

**DOCUMENTS TRANSMITTED HEREWITH:**

1.    Proposed Confidentiality Agreement

---

## MESSAGE

**Pursuant to the November 18, 2003 Stipulation and Order regarding discovery between Rhino and BioGenesis, please find attached the proposed confidentiality agreement for your review and approval. If you have any questions, please do not hesitate to contact me. Thank you.**

---

## CONFIDENTIALITY NOTICE

The documents accompanying this FACSIMILE transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

Should you have any trouble please call (671) 646-9355 or fax (671) 646-9403. Thank you.

SAIPAN ADDRESS: HSBC BUILDING MARINA HEIGHTS BUSINESS PARK
PMB 951 BOX 10001 SAIPAN, MP 96950
TEL (670) 323-2045 • FAX (670) 323-2776
E-MAIL: CACLAWSPN@CALVOANDCLARK.COM
* NOT LICENSED IN CNMI  • LICENSED IN CALIFORNIA ONLY  •• LICENSED IN MINNESOTA ONLY

**EXHIBIT 6**

# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is made by and among Rhino Builders, Inc. ("Rhino"), Michael O'Connell ("O'Connell"), Michael Danforth ("Danforth"), AIG Technical Services, Inc. ("AIGTS"), American Home Assurance Company ("AHAC"), and BioGenesis Pacific, Inc. ("BPI") pursuant to that Stipulation and Order filed on November 18, 2003 (the "Discovery Stipulation and Order") in that civil action entitled *United States of America for Use and Benefit of Rhino Builders, Inc., vs. Biogenesis Pacific, Inc., et al.* and related counter-claims and cross-claims, District Court of Guam Civil Case No. 02-0008 (the "Action").

## I.    SCOPE

A.    The following information is protected by this Agreement: those documents to be produced by BPI pursuant to the Discovery Stipulation and Order and conspicuously stamped by BPI as "CONFIDENTIAL."

B.    Information designated by BPI as CONFIDENTIAL under this Agreement, is referred to collectively in this Agreement as "Confidential Business Information." If information is designated as CONFIDENTIAL under this Agreement, the restrictions applicable to that information shall apply equally to any copies of that information, including but not limited to any notes, excerpts, summaries, or other transcriptions made therefrom.

## II.    DISCLOSURE TO DESIGNATED PERSONS ONLY

A.    Confidential Business Information disclosed in accordance with this Agreement may be used solely and exclusively for purposes of the Action in accordance with the provisions of this Agreement. Confidential Business Information may not be used in or for other cases, proceedings, or disputes, or for any commercial, business, competitive, or other purpose.



B.      Except with the prior written consent of BPI or prior Order of Court, after information is designated as CONFIDENTIAL, Rhino, O'Connell, Danforth, AIGTS, or AHAC shall not disclose the Confidential Business Information to any other person, except as expressly permitted by this Agreement or order of the Court. Under this Agreement Confidential Business Information may only be disclosed to:

1.      Counsel for Rhino, O'Connell, Danforth, AIGTS, and AHAC, and employees of such counsel assigned to and necessary to assist such counsel in the preparation of the litigation, each of whom must be required by counsel to abide by the terms of this Agreement;

2.      The parties to the Action;

3.      The Court and court personnel under whatever safeguards as the Court may direct so as to preserve and protect the confidentiality of information designated by any party and to prevent harm to any party; and

4.      Any other persons specifically identified in writing by counsel for Rhino, O'Connell, AIGTS, Danforth, and AHAC and approved in writing by BPI's counsel. Such persons, other than a director, officers, or employees of a party, must separately agree in writing to be bound and governed by the terms of this Agreement.

C.      Rhino, O'Connell, AIGTS, Danforth, and AHAC shall not disclose Confidential Business Information to any other person, except in conformance with this Agreement. Rhino, O'Connell, AIGTS, Danforth, and AHAC shall store and maintain Confidential Business Information in a manner to preserve its confidentiality and to prevent all persons, other than those hereby made privy to said information, from having access to or obtaining disclosure of Confidential Business Information.



## III.   PLACEMENT UNDER SEAL

A.   Any Confidential Business Information submitted, presented to, or filed with the Court shall be subject to a request that the Confidential Business Information be placed under seal and not made available to persons other than the Court and persons authorized by this Agreement. In applications and motions to the Court, all submissions of Confidential Business Information shall be filed with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

> **THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A CONFIDENTIALITY AGREEMENT ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

B.   Unless otherwise ordered by the Court, any hearing which may refer to or describe Confidential Business Information shall be held *in camera.*

C.   If Rhino, O'Connell, Danforth AIGTS or AHAC fail to abide by this Article, BPI may request that such Confidential Business Information be placed under seal and restricted to the Court and those persons authorized by this Agreement. In the event that any Confidential Business Information is used in any court proceeding herein, it shall not lose its protected status through such use, and the parties and their attorneys shall take all steps reasonably required to protect its confidentiality during such use.

## IV.   NO WAIVER CONSTRUED

A.   BPI's inadvertent failure to designate Confidential Business Information as CONFIDENTIAL pursuant to this Agreement at the time of production shall not be deemed to be a waiver of BPI's right to so designate. BPI shall have twenty calendar days thereafter in which to correctly designate Confidential Business Information as CONFIDENTIAL. Such correction and

notice thereof shall be made in writing, accompanied by substitute copies of the documents, appropriately designated. Within ten calendar days of receipt of the substitute copies, the receiving party shall return or destroy the previous unmarked documents and all copies thereof.

### V.     RETURN OF DISCOVERY MATERIAL

Within sixty calendar days of the termination of this Action, including any appellate proceedings, Rhino, O'Connell, Danforth, AIGTS, and AHAC and their attorneys shall return all Confidential Business Information and all copies thereof. Counsel for each party may keep one copy of any pleadings or transcripts of hearings and trial containing Confidential Business Information. All additional copies of such materials shall be destroyed.

### VI.    MISCELLANEOUS

A.     This Agreement does not constitute an admission or agreement by BPI that any document or information is subject to discovery, or is admissible as evidence, in this action. This Agreement shall have no effect on, and is completely neutral regarding the admissibility of Confidential Business Information. This Agreement will not act as a waiver of any privilege by BPI. Designation of any information as CONFIDENTIAL by BPI will have no meaning or effect with respect to the substantive issues in this action or the claims or defenses of any party to this proceeding.

Executed on the dates set forth below.

CALVO AND CLARK, LLP                       LAW OFFICE OF ANTONIO L. CORTES
Attorneys for BioGenesis Pacific, Inc.      Attorney for Rhino Builders, Inc.


By: _____                    By: _____
        ARTHUR B. CLARK                             ANTONIO L. CORTES

Dated: _____                  Dated: _____

B031121.327-0001.AGT (Confidentiality Agreement).wpd        **-4-**

MCKEOWN VERNIER PRICE & MAHER
Attorneys for AIG Technical Services, Inc.
and American Home Assurance Company

By: _____
     LOUIE YANZA

Dated: _____

LAW OFFICE OF FREDERICK J. KERLEY
Attorney for Michael O'Connell

By: _____
     FREDERICK KERLEY

Dated: _____

BERMAN O'CONNOR MANN & SHKLOV
Attorney for Michael Danforth

By: _____
     MONICA ABLE

Dated: _____

B031121.327-0001.AGT (Confidentiality Agreement).wpd          -5-

**EXHIBIT 7**

# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is made by and among Rhino Builders, Inc. ("Rhino") , Michael O'Connell ("O'Connell"), Michael Danforth ("Danforth"), AIG Technical Services, Inc. ("AIGTS"), American Home Assurance Company ("AHAC"), and BioGenesis Pacific, Inc. ("BPI") pursuant to that Stipulation and Order filed on November 18, 2003 (the "Discovery Stipulation and Order") in that civil action entitled *United States of America for Use and Benefit of Rhino Builders, Inc., vs. Biogenesis Pacific, Inc., et al.* and related counter-claims and cross-claims, District Court of Guam Civil Case No. 02-0008 (the "Action").

## I.     SCOPE

A.     The following information is protected by this Agreement: those documents to be produced by BPI pursuant to the Discovery Stipulation and Order and conspicuously stamped by BPI as "CONFIDENTIAL."

B.     Information designated by BPI as CONFIDENTIAL under this Agreement, is referred to collectively in this Agreement as "Confidential Business Information." If information is designated as CONFIDENTIAL under this Agreement, the restrictions applicable to that information shall apply equally to any copies of that information, including but not limited to any notes, excerpts, summaries, or other transcriptions made therefrom.

## II.     DISCLOSURE TO DESIGNATED PERSONS ONLY

A.     Confidential Business Information disclosed in accordance with this Agreement may be used solely and exclusively for purposes of the Action in accordance with the provisions of this Agreement. Confidential Business Information may not be used in or for other cases, proceedings, or disputes, or for any commercial, business, competitive, or other purpose.

**EXHIBIT 7**

B.    Except with the prior written consent of BPI or prior Order of Court, after information is designated as CONFIDENTIAL, Rhino, O'Connell, Danforth, AIGTS, or AHAC shall not disclose the Confidential Business Information to any other person, except as expressly permitted by this Agreement or order of the Court.  Under this Agreement Confidential Business Information may only be disclosed to:

1.    Counsel for Rhino, O'Connell, Danforth, AIGTS, and AHAC, and employees of such counsel assigned to and necessary to assist such counsel in the preparation of the litigation, each of whom must be required by counsel to abide by the terms of this Agreement;

2.    The parties to the Action;

3.    The Court and court personnel under whatever safeguards as the Court may direct so as to preserve and protect the confidentiality of information designated by any party and to prevent harm to any party; and

4.    Any other persons specifically identified in writing by counsel for Rhino, O'Connell, AIGTS, Danforth, and AHAC and approved in writing by BPI's counsel.  Such persons, other than a director, officers, or employees of a party, must separately agree in writing to be bound and governed by the terms of this Agreement.

C.    Rhino, O'Connell, AIGTS, Danforth, and AHAC shall not disclose Confidential Business Information to any other person, except in conformance with this Agreement. Rhino, O'Connell, AIGTS, Danforth, and AHAC shall store and maintain Confidential Business Information in a manner to preserve its confidentiality and to prevent all persons, other than those hereby made privy to said information, from having access to or obtaining disclosure of Confidential Business Information.

## III. PLACEMENT UNDER SEAL

A. Any Confidential Business Information submitted, presented to, or filed with the Court shall be subject to a request that the Confidential Business Information be placed under seal and not made available to persons other than the Court and persons authorized by this Agreement. In applications and motions to the Court, all submissions of Confidential Business Information shall be filed with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

> **THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A CONFIDENTIALITY AGREEMENT ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

B. Unless otherwise ordered by the Court, any hearing which may refer to or describe Confidential Business Information shall be held *in camera*.

C. If Rhino, O'Connell, Danforth AIGTS or AHAC fail to abide by this Article, BPI may request that such Confidential Business Information be placed under seal and restricted to the Court and those persons authorized by this Agreement. In the event that any Confidential Business Information is used in any court proceeding herein, it shall not lose its protected status through such use, and the parties and their attorneys shall take all steps reasonably required to protect its confidentiality during such use.

## IV. NO WAIVER CONSTRUED

A. BPI's inadvertent failure to designate Confidential Business Information as CONFIDENTIAL pursuant to this Agreement at the time of production shall not be deemed to be a waiver of BPI's right to so designate. BPI shall have twenty calendar days thereafter in which to correctly designate Confidential Business Information as CONFIDENTIAL. Such correction and

notice thereof shall be made in writing, accompanied by substitute copies of the documents, appropriately designated. Within ten calendar days of receipt of the substitute copies, the receiving party shall return or destroy the previous unmarked documents and all copies thereof.

B.      By entering into this Agreement, AIGTS, AHAC, Danforth and O'Connell do not admit or acknowledge that the documents which BPI considers to be of a confidential or proprietary nature are in fact protected from disclosure under Fed. R. Civ. Pro. 26 or otherwise and do not waive their right to claim that such documents are not protected from disclosure, all such rights being reserved.

## V.      RETURN OF DISCOVERY MATERIAL

Within sixty calendar days of the termination of this Action, including any appellate proceedings, Rhino, O'Connell, Danforth, AIGTS, and AHAC and their attorneys shall return all Confidential Business Information and all copies thereof. Counsel for each party may keep one copy of any pleadings or transcripts of hearings and trial containing Confidential Business Information. All additional copies of such materials shall be destroyed.

## VI.     MISCELLANEOUS

A.      This Agreement does not constitute an admission or agreement by BPI that any document or information is subject to discovery, or is admissible as evidence, in this action. This Agreement shall have no effect on, and is completely neutral regarding the admissibility of Confidential Business Information. This Agreement will not act as a waiver of any privilege by BPI.

Designation of any information as CONFIDENTIAL by BPI will have no meaning or effect with respect to the substantive issues in this action or the claims or defenses of any party to this proceeding.

Executed on the dates set forth below.

CALVO AND CLARK, LLP
Attorneys for BioGenesis Pacific, Inc.


By: _____
ARTHUR B. CLARK

Dated: _Nov. 26, 2003_

VERNIER& MAHER
Attorneys for AIG Technical Services, Inc.
and American Home Assurance Company


By: _____
LOUIE YANZA

Dated: _Nov. 26, 2003_

LAW OFFICE OF FREDERICK J. KERLEY
Attorney for Michael O'Connell


By: _____
FREDERICK J. KERLEY

Dated: _Nov. 26, 2003_

LAW OFFICE OF ANTONIO L. CORTES
Attorney for Rhino Builders, Inc.


By: _____
ANTONIO L. CORTES

Dated: _11/26/03_

BERMAN O'CONNOR MANN & SHKLOV
Attorney for Michael Danforth


By: _____
CATHERINE BEJERANA

Dated: _____