ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **MOTION FOR LEAVE TO TAKE THE LATE DEPOSITION OF GERALD LAM** <br> **[No Hearing Requested]** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

Pursuant to F. R. Civ. Proc. Rule 16 (b) and LR 16.5, Plaintiff United States Of America for Use and Benefit of Rhino Builders, Inc. most respectfully requests this honorable Court to grant it leave to take the late deposition of Mr. Gerald Lam, as follows:

1. Depositions of non-expert witnesses were scheduled to be completed by October 17, 2003 pursuant to the June 4, 2003 Revised Scheduling Order. Pursuant to the Discovery Plan, that notice would have had to have been made no later than September 26, 2003.

2. Rhino now must request the Court to grant it leave to take the limited deposition of Mr. Gerald Lam regarding matters he discussed with Mr. George Allen that Rhino could not have been aware of in time to depose Mr. Lam about them within the time set by the Scheduling Order.

3. Good cause for this motion exists in that, on October 6, 2003, Rhino was informed by counsel for, Mr. George Allen, just prior to Mr. Allen's by BPI on that date, that Mr. Allen had been contacted by Mr. Lam shortly before the deposition regarding the content of Mr. Allen's testimony. At that time, Mr. Allen's attorney, in Mr. Allen's presence, told Rhino that Mr. Lam, who had noticed the deposition, had called Mr. Allen, indicated to Mr. Allen the importance of the March 29, 2001 truck rental to BPI's case, indicated that BPI would benefit if Mr. Allen

2

testified in a certain way, and indicated that there might be consequences to Mr. Allen as a result of his testimony.

4. Rhino naturally could not have known of these events prior to October 6, 2003. Such events, if true, corroborate the testimony of Mr. Danforth and Mr. O'Connell regarding the December 2000 meeting with Mr. Lam at Zippy's.[1] Such events, if true, bolster Rhino's theory that Mr. Lam acted in bad faith toward Rhino by attempting to deprive it of the benefits of the subcontract agreement by the acquisition of Mr. Garthe's stock and Mr. Lam's threats to Mr. O'Connell. Such events, if true, would likely entitle Rhino to an attorney fee award in this case, since attorneys' fees in Miller Act cases are normally awarded on the basis of bad-faith litigation tactics.

5. This Court's broad discretion to alter the Rule 16 scheduling order should be exercised to grant such motions if the need for the amendment is not caused by the moving party's "carelessness" or lack of diligence. Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 609 (9th Cir. 1992) ("The district court may modify the pretrial schedule 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'"). Rhino's failure to notice a second deposition of Mr. Lam within the time set for depositions by the scheduling order could not have reasonably been met, and indeed would have been impossible, since Mr. Lam resides

---

[1] See Transcript of Deposition of Michael Lamar Danforth ("Danforth Deposition"), Exhibit 3 to Declaration of Counsel filed May 29, 2003, at 91:9-94:4.

in Hawaii and depositions in Hawaii had to be noticed no later than September 26, 2003.

6. Pursuant to LR 16.5, any extension of the time in which to take Mr. Lam's deposition "will be extended only if the remaining discovery is specifically described and scheduled."

7. I have discussed this issue with counsel for BPI, Arthur B. Clark, and the undersigned certifies that he has rejected Rhino's request to depose Mr. Lam with finality, and Rhino accordingly believes any further discussion, meeting, or conference with Mr. Clark would be futile.

## Conclusion

For the foregoing reasons, Plaintiff United States of America for Use and Benefit of Rhino Builders, Inc. most respectfully requests this honorable Court to allow Rhino to take the late deposition of Mr. Gerald Lam on March 9, 2004 at 1:30 p.m. at 87-1610 Ulehawa Road, Waianae, HI 96792., on the limited subject of his contacts with George Allen prior to the date his attorneys took Mr. Allen's deposition.

Respectfully submitted this 12th day of February 2004.

LAW OFFICE OF ANTONIO L. CORTÉS

_____
Antonio L. Cortés, Attorney for
Plaintiff Rhino Builders, Inc.