ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933



FILED
DISTRICT COURT OF GUAM
FEB 13 2004
MARY L. M. MORAN
CLERK OF COURT

Attorney for Plaintiff Rhino Builders, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **DECLARATION OF COUNSEL SUPPORTING MOTION FOR LEAVE TO TAKE LATE DEPOSITION OF GERALD LAM** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

I, Antonio L. Cortes, duly declare and say:

1. I am an attorney licensed to practice law in Guam, and have been since October 21, 1997. I have personal knowledge of the matters stated herein, except those stated on information and belief, and as to those matters I believe them to be true. If called upon to do so, I could and would competently so testify.

2. On October 6, 2003 at approximately 9:00 a.m., I appeared at the offices of Ralph Rosenberg Court Reporters in Honolulu to attend the deposition of Mr. George Allen, a key witness regarding the statute-of-limitations issue, as described by Biogenesis Pacific, Inc. ("BPI") in its May 12, 2003 Motion to Amend Scheduling Order at ¶ 6. Rhino was informed by counsel for Mr. Allen, at that time, that Mr. Allen had been called by Mr. Lam shortly before the deposition regarding the content of Mr. Allen's testimony. At that time, Mr. Allen's attorney, in Mr. Allen's presence, told me that Mr. Lam, who had noticed the deposition, had called Mr. Allen, indicated to Mr. Allen the importance of the March, 2001 truck rental to BPI's case, indicated that BPI would benefit if Mr. Allen testified in a certain way, and indicated that there might be unpleasant consequences to Mr. Allen as a result of his testifying in a manner other than the manner Mr. Lam suggested. To the best of my recollection, Mr. Allen or his attorney also stated that Mr. Lam indicated that there might be advantages to be gained by testifying in the way BPI needed. Later that

2

morning, when all counsel were present in person or by telephone at the offices of Mr. Allen's attorney, Mr. Allen's attorney repeated such statements.

3. During Mr. Allen's deposition, I wished to question Mr. Allen on the record regarding his contact with Mr. Lam. Mr. Lam's attorney objected to my doing so, stating that in the event there was some sort of misunderstanding, Mr. Lam should have the opportunity to discuss his side of the story with his own attorney, who could then discuss it with Mr. Allen's attorney, prior to anyone testifying to the nature of the pre-deposition contact of Mr. Allen by Mr. Lam. To the best of my recollection, that sort of discussion was suggested and desired by Mr. Allen's attorney prior to his client testifying on the record regarding these matters. In deference to concerns expressed by *Mr. Allen's* attorney regarding his client's best interests, I deferred such questioning on the understanding with Mr. Lam's attorneys that they would contact me with his side of the story or his position on the communications. .

4. Later, when that did not occur, I contacted Mr. Lam's counsel to discuss that issue. Mr. Lam's counsel indicated that use by Rhino of any attempt to influence Mr. Allen's testimony by Plaintiff's counsel might be improper. Mr. Lam's counsel have not provided any affidavit or description of Mr. Lam's recollection of his contacting Mr. Allen, as I understood they would do during the off-the-record discussion of BPI's objections to my questioning Mr. Allen on the subject at the October 6, 2003 deposition.

5. I need to know Mr. Lam's as well as Mr. Allen's side of the pre-deposition conversation between Mr. Lam and Mr. Allen in order to properly and competently prepare the following four issues for trial: (1) the nature of the transaction by which Rhino provided the truck to BPI in March 2001; (2) the truth of Mr. O'Connell and Mr. Danforth's statements that Mr. Lam threatened Mr. O'Connell on December 8, 2000 at Zippy's; (3) the manner in which BPI acted in bad faith to deny Rhino the benefit of its bargain under the subcontract agreement; and (4) whether BPI has engaged in bad-faith litigation tactics, thereby entitling Rhino to the recovery of its attorneys' fees under Miller Act precedent.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, recollection, and belief.

Executed this 12th day of February 2004.

_____
ANTONIO L. CORTÉS