ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933



Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **AFFIDAVIT OF EUGENE PATTEN** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

**ORIGINAL**

I, Eugene Patten, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the accountant for Rhino Builders, Inc. (hereinafter "Rhino"), I am competent to testify herein, and I make this affidavit based on personal knowledge and would so testify.

2. In or around April 2002, my brother, Michael O'Connell told me that he had been informed by our former attorney, Terry Thomason of Carlsmith Ball, that his firm could be in conflict in this case. When I questioned Michael about this further, he did not provide me information that I found satisfactory on this issue. For that reason, while we were seeking new representation and I had the opportunity to question Mr. Thomason on this issue myself, I did so.

3. Mr. Thomason stated to me that, after a hearing or filing for another client, on Guam, the client told its attorney, a Carlsmith Ball attorney, that AIG or AIG Technical Services, Inc. had a relationship with its parent company. I recall Mr. Thomason telling me that the attorney for the AIG or AIGTS-related company provided the Carlsmith attorney with information about this case. To the best of my recollection, Mr. Thomason stated something leading me to believe that, although the client representative making that statement was not sure of the exact relationship of his or her company and AIG, he or she believed it was an ownership relationship of some kind. Mr. Thomason did say that the person speaking to the Carlsmith attorney in Guam did make a statement to the effect that Carlsmith might have a conflict in its representation of Rhino in this case.

4. When I directly asked Mr. Thomason if Carlsmith did have a conflict, he did not answer me. Instead, he said that the higher ups at Carlsmith did not want the firm to continue to pursue this matter for Rhino, and that we would have to seek new counsel, because of a "possible conflict." He said he felt there was no conflict, but that his superiors did not wish Carlsmith to pursue this action. He also said that he personally wanted to try this case for us. Throughout our conversation of about 10 minutes, I got the feeling that he was holding something back or not saying something that he believed or knew, and that he was trying to be as solicitous as possible.

5. Later, after Rhino had retained Mr. Cortes, I wanted to make sure I understood what Mr. Thomason had been telling me. He did not want to get into details about what had transpired in Guam, but he insisted on keeping all his statements very general. To the best of my recollection, he affirmed the foregoing information.

6. At no time during either of these conversations or at any other time did Mr. Thomason or any Carlsmith attorney inform me that Carlsmith had sued the wrong party or failed to sue the correct surety.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 13 day of February 2004.

_____
EUGENE PATTEN

_County of Honolulu_ )
                     ) ss:
STATE OF HAWAII.     )

 SUBSCRIBED and SWORN on this _13th_ day of February, 2004, in _Honolulu_, Hawaii, before me, _Davlyn M. Silva_ a Notary Public, in and for the State of Hawaii, by EUGENE PATTEN, known to me to be the person whose name is subscribed to the foregoing Declaration, who acknowledged to me that he executed the same as his free and voluntary act for the uses and purposes therein set forth.

 IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

) SEAL (

_Davlyn M. Silva_
Notary Public in and for the State of Hawaii _First Jud. Circuit_
My Commission Expires _5-14-04_