ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933



FILED
DISTRICT COURT OF GUAM
FEB 26 2004
MARY L. M. MORAN
CLERK OF COURT

382

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **MOTION TO STRIKE DEPOSITION QUESTIONS AND ANSWERS** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

ORIGINAL

Plaintiff United States of America for use and benefit of Rhino Builders, Inc. ("Plaintiff") most respectfully requests this honorable Court to strike all deposition questions and answers of Amy Self that have been filed or provided to the Court in camera in this matter, as follows:

1.  Plaintiff's counsel learned, today, for the first time, that AIG has taken the deposition of Amy Self without any notice whatsoever to Plaintiff's counsel. Specifically, Plaintiff has not been served with any document showing any intent to take the deposition of Ms. Self. Plaintiff is informed by AIG's counsel, Mr. Yanza, that the Self deposition was arranged by AIG's Hawaii counsel with the assistance of attorneys at Carlsmith Ball. Ms. Self has advised counsel that she made her answers at the instruction of her superiors at Carlsmith. At the time of the writing of this motion, Plaintiff still has no way to obtain the questions she was asked, the undersigned's requests to Amy Self, AIG's attorneys, and Carlsmith Ball's attorneys that they provide the questions having been hitherto unheeded.

2.  F. R. Civ. Proc. Rule 5 requires that "every paper relating to discovery . . . and every written notice . . . shall be served upon each of the parties." Assuming there was a notice of the written deposition of Ms. Self, plaintiff received no notice of it. In fact, she indicated that the requests to her that she provide Plaintiff's confidential information were not even signed. Plaintiff was not otherwise aware that any party sought the deposition of Ms. Self. Plaintiff had and has no way of knowing what questions she was asked. Plaintiff had no opportunity to object to

2

any questions. Plaintiff had no opportunity to move to quash or modify any subpoena that might have required her to answer these questions. Plaintiff had no opportunity to pose cross questions.

3. The Court's December 29, 2003 order allowing Ms. Self to be questioned on specific matters for which it found the attorney-client privilege had been waived ordered that "Defendants shall confine the questions posed to those as stated in its Reply." Not knowing what questions were posed, Plaintiff was denied the opportunity to make any objections on the grounds that they called for information protected by the attorney-client privilege and for which the privilege had not been found waived by the Court's December 29, 2003 Order.

4. The Court's December 29, 2003 Order required that the answers provided to if for in camera review will only be answers to "the questions posed [in Defendants'] Reply." It is clearly intended to safeguard other privileged information.

5. F. R. Civ. Proc. Rule 45 (3)(A)(iii) allows an order to modify a subpoena, upon motion, if the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies."

6. F. R. Civ. Proc. Rule 26(c) allows a protective order, upon motion and good cause shown, providing that a protective order may provide: "(4) that certain matters not be inquired into," or "(6) that a deposition, after being sealed, be opened only by order of the court," or "(7) that . . . confidential information . . . not be revealed or be revealed only in a designated way." Not having been served,

3

Plaintiff was denied the opportunity to seek a protective order before the cat was out of the bag. Notably, AIG knew, from Plaintiff's motion to modify subpoena and for protective order filed January 29, 2004 and served upon all the parties, that Plaintiff would seek such an order if it asked Ms. Self to provide confidential information not ordered to be provided by the Court. In that context, AIG and Carlsmith have not provided answers to questions unknown to Plaintiff, denying Plaintiff all its rights with regard to the deposition, *and denying Plaintiff its right to preserve the confidentiality of work product and privileged information not ordered to be provided by this Court.*

7. Accordingly, Plaintiff most respectfully requests this honorable Court not only to strike any questions asked of Amy Self, and any answers provided by her, that have been asked or provided without notice to Plaintiff. Likewise, Plaintiff further requests this honorable Court to consider not reviewing the answers Self has supplied for in camera review until Plaintiff is able to find out what questions she has been asked and to exercise all appropriate rights Plaintiff is supposed to have with respect to those questions pursuant to the Court's December 29, 2003 Order and Rules 30, 31 and 45 of the Federal Rules of Civil Procedure.

For the foregoing reasons, Plaintiff Rhino Builders Inc. most respectfully moves this honorable Court to strike all deposition questions and answers

/ / /

/ / /

4

Case 1:02-cv-00008    Document 386    Filed 02/26/2004    Page 4 of 5

Plaintiff was denied the opportunity to seek a protective order before the cat was out of the bag. Notably, AIG knew, from Plaintiff's motion to modify subpoena and for protective order filed January 29, 2004 and served upon all the parties, that Plaintiff would seek such an order if it asked Ms. Self to provide confidential information not ordered to be provided by the Court. In that context, AIG and Carlsmith have not provided answers to questions unknown to Plaintiff, denying Plaintiff all its rights with regard to the deposition, *and denying Plaintiff its right to preserve the confidentiality of work product and privileged information not ordered to be provided by this Court.*

7. Accordingly, Plaintiff most respectfully requests this honorable Court not only to strike any questions asked of Amy Self, and any answers provided by her, that have been asked or provided without notice to Plaintiff. Likewise, Plaintiff further requests this honorable Court to consider not reviewing the answers Self has supplied for in camera review until Plaintiff is able to find out what questions she has been asked and to exercise all appropriate rights Plaintiff is supposed to have with respect to those questions pursuant to the Court's December 29, 2003 Order and Rules 30, 31 and 45 of the Federal Rules of Civil Procedure.

For the foregoing reasons, Plaintiff Rhino Builders Inc. most respectfully moves this honorable Court to strike all deposition questions and answers

/ / /

/ / /

of Amy Self that have been filed or provided to the Court in camera in this matter and to consider not reviewing the answers Self has supplied for in camera review.

Respectfully submitted this 26th day of February 2004.

Antonio L. Cortes, counsel for Plaintiff
United States of America for use and benefit
of Rhino Builders, Inc.

## DECLARATION OF COUNSEL

I declare under penalty of perjury that all of the foregoing statements are true and correct to the best of my knowledge and belief.

DATED: February 26, 2003.

Antonio L. Cortes