Arthur B. Clark, Esq.
Janalynn M. Cruz, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96911
Telephone:    (671) 646-9355
Facsimile:    (671) 646-9403

Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.

FILED
DISTRICT COURT OF GUAM

FEB 26 2004

MARY L. M. MORAN
CLERK OF COURT

385

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **DEFENDANT/COUNTER-PLAINTIFF BIOGENESIS PACIFIC, INC.'S OPPOSITION TO RHINO BUILDERS, INC.'S MOTION FOR LEAVE TO TAKE THE LATE DEPOSITION OF RUSSELL FONG** |

BIOGENESIS PACIFIC INC.,

              Counter-Plaintiff,

       vs.

RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10,

              Counter-Defendants.

AMERICAN HOME ASSURANCE COMPANY,

              Cross-Claimant,

       vs.

BIOGENESIS PACIFIC INC.,

              Cross-Claim Defendant.

DEFENDANT/COUNTER-PLAINTIFF BIOGENESIS PACIFIC, INC.'S
OPPOSITION TO RHINO BUILDERS, INC.'S MOTION FOR LEAVE
TO TAKE THE LATE DEPOSITION OF RUSSELL FONG
CIVIL CASE NO. 02-00008
B040226.327-0001.CT (Opposition to take Fong Depo.).wpd

ORIGINAL

1

Case 1:02-cv-00008    Document 389    Filed 02/26/2004    Page 1 of 3

1  Rhino has failed to provide any legally adequate basis to supports its request to take Mr.
2  Fong's deposition out of time. Rhino has sued BioGenesis for compensation for all the task orders from
3  the first year of a five year IDIQ contract, yet Rhino had also requested information relevant to years
4  two through five of the contract. As recounted in Rhino's motion and its counsel's declaration,
5  BioGenesis objected to Rhino's discovery request on the basis of relevance as early as April 2003, as
6  is permitted under Fed.R.Civ.P. Rule 33(b)(1), and BioGenesis continued to renew its objection through
7  November 2003. Thus, there was never any attempt to mislead Rhino on whether or when BioGenesis
8  might produce the requested discovery, as may be suggested by Rhino's moving papers. To the
9  opposite, BioGenesis continually asserted its objection over a seven month period.

10  If Rhino felt that BioGenesis' objection was insufficiently supported by law, Rhino
11  could have brought a motion to compel under Fed.R.Civ.P. Rules 33(b)(5) and 37(a) back in April or
12  May 2003. By Rhino's own admission, it let over seven months lapse between BioGenesis' initial
13  objection and the discovery motion deadline without bringing a motion to compel despite BioGenesis'
14  repeated and continual objection over that same period. Even after BioGenesis renewed its relevance
15  objection in a meeting and conference with Rhino's counsel in August 2003 and in an exchange of
16  correspondence in September 2003, Rhino failed to bring a motion to compel in September or October
17  before the expiration of the discovery deadline. Clearly, Rhino's inaction exhibits a lack of diligence
18  required by the Rules of Civil Procedure and in Rhino's citation of *Johnson v. Mammoth Recreations,*
19  *Inc.*, 975 F.2d 604 (9th Cir. 1992).

20  As for the November 2003 stipulation, wherein BioGenesis finally agreed to provide the
21  requested discovery, this stipulation was reached as a compromise of competing objections by Rhino
22  and BioGenesis. Per the court's June 4, 2003 Revised Scheduling Order and Discovery Plan, Messrs.
23  Eugene and Michael O'Connell were to be made available for deposition in September 2003 subject
24  to counsel availability, although the court order clearly allowed for the depositions to be taken on or
25  before October 17, 2003. (June 4, 2003 Revised Scheduling Order at ¶5c). Although BioGenesis duly
26  noticed the depositions of Messrs. Eugene and Michael O'Connell for October 17, 2003, they were
27  instructed by their counsel not to attend. BioGenesis filed a motion for enlargement to take their
28  depositions. *See* BioGenesis' October 16, 2003 Motion for Enlargement of Time to Conduct

**DEFENDANT/COUNTER-PLAINTIFF BIOGENESIS PACIFIC, INC.'S**
**OPPOSITION TO RHINO BUILDERS, INC.'S MOTION FOR LEAVE**
**TO TAKE THE LATE DEPOSITION OF RUSSELL FONG**
CIVIL CASE NO. 02-00008
B040226.327-0001.CT (Opposition to take Fong Depo.).wpd                    2

Case 1:02-cv-00008    Document 389    Filed 02/26/2004    Page 2 of 3

1 Depositions and the Declaration of Janalynn M. Cruz in support of said motion. Rhino's counsel

2 opposed the motion for enlargement. *See* October 30, 2003 Plaintiff's Opposition to Motion to Modify

3 Scheduling Order.

4 Eventually, the parties entered into a stipulation in November 2003 on a *quid pro quo*

5 basis whereby BioGenesis would provide documents that it felt were responsive to Rhino's request in

6 exchange for Rhino conceding to make its employees, Messrs. Michael and Eugene O'Connell,

7 available for depositions. However, because of Rhino's counsel's previous gamesmanship with respect

8 to making his clients available for deposition despite an earlier court order permitting the depositions,

9 BioGenesis waited until the stipulation was signed by the Court on November 17, 2003 before

10 complying with the order. In lieu of submitting the documents under seal, BioGenesis opted for a

11 confidentiality agreement, which agreement was signed by Rhino's counsel on November 26, 2003.

12 BioGenesis's counsel sent a letter to Rhino's counsel on December 1, 2003, advising

13 him that the requested discovery was available. *See* accompanying February 26, 2004 Declaration of

14 Janalynn Cruz Damian in Support of BioGenesis' Opposition to Rhino's Motion for Leave to Take

15 Russell Fong's Deposition. Notwithstanding Rhino's having access to the discovery since December

16 2003, Rhino still waited **two-and-a-half** months before bringing its motion to conduct further discovery

17 based upon the information provided.

18 There can be no excuse for such a lengthy delay, especially in light of the fact that trial

19 is scheduled to start two months from the date of Rhino's motion. Accordingly, BioGenesis requests

20 that the Court deny Rhino's motion for leave for lack of diligence and lack of good cause as required

21 under Local Rule 16.5.

22 DATED this 26th day of February, 2004.

23

24 CALVO AND CLARK, LLP
Attorneys at Law
Attorneys for Defendant/Counter-Plaintiff

25 BioGenesis Pacific, Inc.

26

27 By: *Artt B. Clark*

28 ARTHUR B. CLARK

DEFENDANT/COUNTER-PLAINTIFF BIOGENESIS PACIFIC, INC.'S
OPPOSITION TO RHINO BUILDERS, INC.'S MOTION FOR LEAVE
TO TAKE THE LATE DEPOSITION OF RUSSELL FONG
CIVIL CASE NO. 02-00008
B040226.327-0001.CT (Opposition to take Fong Depo.).wpd                    3

Case 1:02-cv-00008    Document 389    Filed 02/26/2004    Page 3 of 3