ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.



IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **PLAINTIFF'S REPLY RE MOTION FOR LEAVE TO TAKE THE LATE DEPOSITION OF GERALD LAM** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

ORIGINAL

Plaintiff United States Of America for Use and Benefit of Rhino Builders, Inc. most respectfully replies to the February 26, 2004 opposition of Biogenesis Pacific, Inc. (BPI) to Plaintiff's motion for leave to take the late deposition of Mr. Gerald Lam, as follows:

1. As set forth in Plaintiff's February 17, 2004 motion, it does not, as BPI argues, seek to depose Mr. Lam on the subject of facts that occurred three years ago. The limited subject of the requested deposition is Mr. Lam's conversations, in or around September or October <u>2003</u>, with Mr. Allen regarding the desired factual content of the testimony Mr. Allen was being compelled provide at his October 6, 2003 pursuant to Mr. Lam's subpoena.

2. As set forth in Plaintiff's February 17, 2004 motion, Plaintiff had no way of becoming aware of that conversation until Mr. Lam's contact with Mr. Allen was revealed to Plaintiff's counsel by Mr. Allen's counsel the morning of Mr. Allen's October 6, 2003 deposition. Depositions of witnesses in Hawaii, such as Mr. Lam, had to be noticed no later than September 26, 2003 pursuant to the Discovery Plan and the June 4, 2003 Revised Scheduling Order.

3. Consequently, BPI is mistaken to argue that Plaintiff was dilatory in requesting Mr. Lam's late deposition.

4. The limited subject matter of the requested deposition is relevant to the truth of the testimony of Mr. Allen regarding the date and nature of the flatbed
2

truck "rental" that BPI, AHAC, and AIGTS argue represents the last supplying of materials by Rhino in prosecution of BPI's duties under the Navy Contract, in addition to the other matters stated in Plaintiff's February 17, 2004 Motion.

## Conclusion

For the foregoing reasons, Plaintiff United States of America for Use and Benefit of Rhino Builders, Inc. most respectfully requests this honorable Court to allow Rhino to take the late deposition of Mr. Gerald Lam on March 9, 2004 at 1:30 p.m. at 87-1610 Ulehawa Road, Waianae, HI 96792., on the limited subject of his contacts with George Allen prior to the date his attorneys took Mr. Allen's deposition.

Respectfully submitted this 27th day of February 2004.

LAW OFFICE OF ANTONIO L. CORTÉS

_____
Antonio L. Cortés, Attorney for
Plaintiff Rhino Builders, Inc.