ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. <br> BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. <br> AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | CIVIL CASE NO.02-00008 <br><br> **PLAINTIFF'S REPLY RE MOTION FOR LEAVE TO TAKE THE LATE DEPOSITION OF RUSSELL FONG** |

ORIGINAL

Plaintiff United States Of America for Use and Benefit of Rhino Builders, Inc. most respectfully replies to the February 26, 2004 opposition of Biogenesis Pacific, Inc. (BPI) to Plaintiff's motion for leave to take the late deposition of Mr. Russell Fong, as follows::

1. As set forth in the February 17, 2004 Declaration of Counsel, Rhino was indeed diligent in attempting to obtain discovery of the information supporting BPI's accounting of the financial aspects of the Navy Contract. That accounting was not supplied until after November 26, 2003. In the stipulation of BPI and Plaintiff filed November 18, 2003, BPI, in exchange for Plaintiff's cooperation in providing Mr. O'Connell and Mr. Patten, who had already both been deposed before, for *late* depositions, BPI promised to provide "Supporting documentation sufficient to satisfy a reasonable person that all costs reflected in the [Mr. Fong's accounting] were actually incurred and properly included as items for deduction from gross profits." BPI also promised that all that documentation would be supplied "no later than November 14, 2003." Although Rhino did receive some computer-generated documentation, that documentation was not provided until after December 1, 2003, as reflected in the February 26, 2004 Declaration of Ms. Cruz, and Rhino remains skeptical of several aspects of the Fong accounting, especially, but not only, the costs BPI lists as having been spent on the task orders that BPI concedes were completed

solely by Rhino, and some delivery orders where the costs of goods sold exceeds the contract amount by tens of thousands of dollars, $168,000 in one case.

2. Rhino submits that it has been much more diligent than any other party in *providing* discovery, providing most of the documentation and testimony that was supplied during discovery, and that it's efforts have not been less than diligent in any way. This is so even if BPI's objections pursuant to which it withheld the Fong accounting until after discovery was closed were made in good faith. A case in point is the privilege objections made by Plaintiff that were the subject of AIGTS and AHAC's motion to compel. There, AIGTS and AHAC did not notice the depositions of Plaintiff's former attorneys until the last possible moment. When AIGTS and AHAC took those depositions, Plaintiff necessarily made its privilege objections. When the Court granted the sureties' motion to compel, it allowed the late depositions of Plaintiff's former counsel. The Court did not find that, because Plaintiff's objections were made in good faith, and because AHAC and AIGTS had not deposed Plaintiff's former counsel until the last few weeks to do so, their efforts to depose Plaintiff's former counsel on privileged matter out of time were less than diligent. Plaintiff should be allowed similar leeway with BPI, whom Plaintiff has also allowed to take the late depositions of Plaintiff's key witnesses on the subject of evidence that became available to BPI late in discovery.

For the foregoing reasons, Plaintiff United States of America for Use and Benefit of Rhino Builders, Inc. most respectfully requests this honorable Court to

allow Rhino to take the late deposition of Mr. Richard Fong at 8:30 a.m. March 9, 2004 at 87-1610 Ulehawa Road, Waianae, HI 96792, on the limited subject of his preparation of the accounting of the profits of Biogenesis Pacific, Inc. attached as Exhibit "X" to the Declaration of Arthur B Clark, filed December 15, 2003, and any and all supporting information, circumstances, or assumptions he relied upon in preparing that accounting.

Respectfully submitted this 27th day of February 2004.

LAW OFFICE OF ANTONIO L. CORTÉS

_____
Antonio L. Cortés, Attorney for
Plaintiff Rhino Builders, Inc.