James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: (808) 547 5151
Facsimile No.: (808) 599 4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

FILED
DISTRICT COURT OF GUAM
MAR - 4 2004
MARY L. M. MORAN
CLERK OF COURT
393

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br>Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY,<br><br>Defendants. | CIVIL CASE NO. 02-00008<br><br>DEFENDANTS AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO STRIKE DEPOSITION QUESTIONS AND ANSWERS |
| BIOGENESIS PACIFIC, INC.,<br><br>Counterclaimant,<br>vs.<br><br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10,<br><br>Counter-Defendant. | |

ORIGINAL

1

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | )<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| BIOGENESIS PACIFIC, INC. | )<br>) |
| Cross-Claim Defendant. | ) |

## I. ARGUMENT

COME NOW Defendants AIG TECHNICAL SERVICES, INC. ("AIGTS") and AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME"), and hereby oppose Plaintiff RHINO BUILDERS, INC.'s ("RHINO") Amended Motion to Strike Deposition Questions and Answers ("Motion") on the following grounds:

1. RHINO has waived its attorney-client and attorney work product privileges. Despite this Court's decision that RHINO has waived its attorney-client and attorney work product privileges, RHINO is again seeking to preclude the deposition of Ms. Self.

The questions given to Ms. Self seek information of what led Ms. Self to believe that AIGTS was the surety, and what research activity Ms. Self conducted to ascertain whether AIGTS was in fact the surety. Since the reasonableness of Ms. Self's alleged reliance on the Defendants' "misrepresentations" are at issue, the Defendants are certainly entitled to pose questions regarding reasonableness.

2. Despite the inadvertent failure to provide notice to RHINO, RHINO still has not suffered any harm. Ms. Self's responses have not been provided to the parties.

None of the parties had any opportunity to review the answers. The Court's order obligates the deponent to provide his or her answers directly to the District Court sealed.

3. RHINO had notice that the Defendants intended to seek the deposition of Ms. Self. In Defendants' initial moving papers to compel discovery, the Defendants had clearly expressed their intention to depose both Carlsmith Ball, LLP's Rule 30(b)(6) designee and Ms. Self.

And, had RHINO desired to seek answers from Ms. Self, RHINO certainly had the opportunity to draft its own deposition questions or, ask Ms. Self in person what she did to ascertain who the surety was.

## CONCLUSION

For the above stated reasons, the Defendants respectfully request the Court to deny RHINO's Motion to Strike Deposition Questions and Answers. In the alternative, the Court should review Ms. Self's responses to the deposition and disclose those portions of Ms. Self's responses, which were waived by RHINO's filing of bad faith allegations.

Dated this 4th day of March, 2004.

**VERNIER & MAHER, LLP**
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY**

By: _____
LOUIE J. YANZA