ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **APPLICATION TO WITHDRAW AS COUNSEL** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

ORIGINAL

Pursuant to General Rule 19.1(c) of the Local Rules of Practice of this Court, and pursuant to Rules 1.16 and 3.7 of the Model Rules of Professional Conduct, Antonio L. Cortes ("counsel") most respectfully applies to this honorable Court to withdraw as counsel for Plaintiff United States of America for use and benefit of Rhino Builders, Inc. ("Plaintiff") in the above-captioned matter, as follows:

1. Plaintiff has informed counsel that it is no longer able to pay for his services in the above-captioned matter. It has been unable to pay counsel in the manner originally agreed for some months.

2. Counsel lacks the financial resources to continue to represent Plaintiff without compensation for doing so, and has given Plaintiff adequate advance warning of that circumstance.

3. Rule 1.16(b)(6) of the Model Rules of Professional Conduct allows an attorney to withdraw from a representation if continuing "the representation will result in an unreasonable financial burden on the lawyer."

4. As can be seen from Question Nos. 17a, 17b, 29c, 31, 32, and 33 to the Second Amended Notice of Deposition of Carlsmith Ball LLP filed February 24, 2004 by American Home Assurance Company and AIG Technical Services, Inc., there is a possibility that Plaintiff would be prejudiced at trial by any inability to call counsel as its witness, and there is also a possibility that counsel may be called as a witness by American Home Assurance Company and/or AIG Technical Services, Inc.

2

5. Rule 3.7(a) of the Model Rules of Professional Conduct provides, subject to three exceptions not applicable to the present situation, that "A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness."

6. Consequently, the prudent course for Plaintiff is to retain counsel who is in a position to prepare for trial without concern that he or she may be required to serve as a witness. Likewise, the prudent course for counsel is to assure that he does not violate his ethical duties under Rule 3.7(a).

7. Upon approval of counsel's withdrawal by this Court, counsel would willingly accept any of the duties set forth in GR 19.1(c) that might be imposed upon it by this Court as a condition of his withdrawal. In addition, counsel would take all reasonable steps to mitigate the consequences of the withdrawal to the client, as contemplated by comment [9] to Model Rule 1.16.

For the foregoing reasons, Plaintiff's counsel of record, Antonio L. Cortes, most respectfully applies to this honorable Court for leave to withdraw as counsel for Plaintiff United States of America for use and benefit of Rhino Builders, Inc. in the above-captioned matter,.

Respectfully submitted this 3rd day of March 2004.

_____
Antonio L. Cortes, counsel for Plaintiff
United States of America for use and benefit
of Rhino Builders, Inc.