ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorney for Plaintiff Rhino Builders, Inc.

FILED
DISTRICT COURT OF GUAM
MAR 1 1 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO.02-00008 <br><br> **PLAINTIFF'S REPLY BRIEF RE: MOTION TO STRIKE DEPOSITION QUESTIONS AND ANSWERS** |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

ORIGINAL

Plaintiff United States of America for use and benefit of Rhino Builders, Inc. ("Plaintiff") most respectfully submits the following points in reply to the March 4, 2004 Opposition of AIG Technical Services, Inc. and American Home Assurance Company ("Defendants") to Plaintiff's motion to strike the deposition questions and answers of Amy Self.

1. Defendants argue that Plaintiff "had notice" that they "intended to seek the deposition of Ms. Self." The fact remains, however, that Plaintiff had absolutely no notice that Defendants *did* take her deposition by written question, absolutely no notice of what they asked her, absolutely no opportunity to object to any of the questions, and absolutely no opportunity to ask cross-examination questions. The fact remains that, by denying Plaintiff its rights under F. R. Civ. Proc. Rules 5, 26(c), and 45 (3)(A)(iii), Defendants got Ms. Self's testimony sent to the Court before Plaintiff even knew she had been deposed, .

2. Importantly, the questions asked of Ms. Self by Defendants, and answered by Ms. Self without disclosure to Plaintiff: (a) requested privileged information; and (b) <u>violated the Court's order</u> to "confine the questions posed to those as stated in its Reply." Thus, it is completely wrong for Defendants to argue that Plaintiff had notice that they would depose Ms. Self. Plaintiff had no way whatever to know that Defendants were taking a deposition that was <u>not</u> "confine[d] the questions posed to those as stated in [Defendants'] Reply."

2

3. Disclosure of confidential information waives the privilege. Defendants supply no authority to support their implied position that the confidential information clandestinely obtained from Ms. Self is not waived by providing it to the Court for in camera review.

4. It is unfair to parade Plaintiff's confidential information, for which the privilege *has not been waived*, before the Court for in camera review without similarly disclosing the confidential communications of the other parties to be similarly reviewed. The one-sided review obtained by Defendants by violating the Rules and the Court's December 29, 2003 is not proper simply because the other parties will not see the confidential information.

5. All of these circumstances are aggravated by the fact that Ms. Self is employed by a law firm that currently represents AIG entities so closely related to defendants that her firm had to drop Plaintiff as a client because of this case.

6. Plaintiff has not been provided any document showing that Ms. Self, who is not a party, was actually served with a subpoena, or even that the Court even issued a subpoena. Nor is there any subpoena attached to Mr. Yanza's Declaration in opposition to Plaintiff's motion to strike. Nor does Mr. Yanza declare that Ms. Self was ever even served with the questions at all, with or without a subpoena. He just says they were "provided" to her. She told the undersigned she never even saw a signed copy of the deposition questions, and it appears that no original was ever signed by an attorney as required by Rule 11. When asked by the

undersigned why she even provided answers, she replied that she was instructed to do so by her superiors. It is inconceivable that a lawyer would purposely provide confidential information of a former client to a third party without a subpoena absent some unusual circumstance, such as the fact that partners in her law firm, which currently represents AIG entities so closely related to defendants that her firm had to drop Plaintiff as a client because of this case, instructed her to do so.

7. Defendants followed all of the rules regarding their 30(b)(6) deposition of Carlsmith Ball pursuant to the December 29, 2003 Order. They served Plaintiff, and Plaintiff objected to some of the questions asked by motion. Defendants could have, but declined to, follow the same procedures with respect to the Self deposition, thereby depriving Plaintiff of its rights under F. R. Civ. Proc. Rules 5, 11, 26(c), and 45 (3)(A)(iii),. If Defendants are allowed to proceed in the manner they have proceeded in taking the deposition of Ms. Self, Plaintiff will have received none of the important protections intended by those Rules, and, for practical purposes related to the Self deposition, those Rules mean nothing.

For the foregoing reasons, Plaintiff Rhino Builders Inc. most respectfully moves this honorable Court to strike all deposition questions and answers of Amy Self that have been filed or provided to the Court in camera in this matter

/ / /

/ / /

/ / /

and to consider not reviewing the answers Self has supplied for in camera review.

Respectfully submitted this 11th day of March 2004.

                                                Antonio L. Cortes, counsel for Plaintiff
                                                United States of America for use and benefit
                                                of Rhino Builders, Inc.

## DECLARATION OF COUNSEL

I declare under penalty of perjury that all of the foregoing statements are true and correct to the best of my knowledge and belief.

DATED:     March 11, 2004.

                                                  Antonio L. Cortes