LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP1106
Attorney *for* Plaintiff

FILED
DISTRICT COURT OF GUAM
JUN 1 4 2004
MARY L. M. MORAN
CLERK OF COURT

420

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO. 02-00008 |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | **STIPULATION OF COUNSEL PER L.R. 37.1(b)** |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendants. | |

Pursuant to Local Rule 37.1(b) the undersigned counsel hereby stipulate as follows:

**1.** On June 10, 2004 at approximately 2:30 p.m. the undersigned met in person to discuss a dispute regarding the adequacy of AHAC's supplemental responses to Plaintiff's Interrogatories Nos. 12 and 13, namely:

**INTERROGATORY NO. 12:**

Identify all civil actions brought since January 1998 in which a claim was made upon a surety bond issued by AHAC.

**SUPPLEMENTAL RESPONSE:** AHAC maintains no independent record of civil actions brought since January 1998 in which a claim was made upon a surety bond issued by AHAC. In order to respond to this question, we have attached as Exhibit A, a compact disc containing copies of our service/litigation log which is maintained in the ordinary course of business for 2000 through the present. We have been unable to locate the service/litigation log for 1999 and 1998. The compact disc attached as Exhibit A lists the receipt of summons on all litigation brought against insured's under insurance policies written by AHAC, as well as litigation brought against AHAC under surety bonds written by AHAC, as well as other data.

In addition, we have asked our information technology personnel to determine whether it is possible to run a sort of the data on Exhibit A showing only the actions involving only surety bonds. The sort of litigation involving only surety bonds has been compiled, and is contained in the compact disc attached as Exhibit B.

**INTERROGATORY NO. 13:**

For each such action, (a) state whether or not an affirmative defense was asserted based on a statute of limitations; (b) state whether AIGTS was named as a defendant; (c) state whether AHAC was named as a defendant; (d) state whether AIG Claim Services, Inc. ("AIGCS"); was named as a defendant; (e) list any other entities that would be identified in a correct responses to Interrogatory Nos. 1 through 13 of the AIGTS interrogatories that was named as a defendant; (f) state whether, prior to the litigation, the

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008

**Page 2 of 6**

Case 1:02-cv-00008   Document 424   Filed 06/14/2004   Page 2 of 6

claimant was directed to make its claim through AIGTS or AIGCS; (g) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on the basis of a statute of limitations; (h) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on any other basis; and (i) identify Plaintiff's counsel.

**SUPPLEMENTAL RESPONSE:**

(a) No independent record of this data is maintained, and it can only be ascertained through an examination of each individual file, if at all.

(b) No independent record of this data is maintained, and it can only be ascertained through an examination of each individual file, if at all. Certain representatives can remember one or two cases where AIGTS has been named as a defendant, but cannot recall the case numbers or court where the action was brought.

(e) No independent record of this data is maintained, and it can only be ascertained through an examination of each individual file, if at all.

(f) No independent record of this data is maintained, and it can only be ascertained through an examination of each individual file, if at all.

With regard to claims processed by AIGTS, it is our normal business practice to have all claims against the surety submitted to AIGTS.

(g) No independent record of this data is maintained, and it can only be ascertained through an examination of each individual file, if at all.

With regard to claims processed by AIGTS, it is our normal business practice to issue a denial on behalf of the surety when the facts show the claim is untimely.

(h) No independent of this data is maintained, and it can only be ascertained through an examination of each individual file, if at all. With regard to claims processed

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
Page 3 of 6

Case 1:02-cv-00008　　Document 424　　Filed 06/14/2004　　Page 3 of 6

by AIGTS, it is our normal business practice to issue an denial on behalf of the surety, when the relevant facts and/or the law show a legitimate basis for the denial.

(i) No independent record of this data is maintained, and it can only be ascertained through an examination of each individual file, if at all."

**2.** Counsel were unable to settle their differences.

**3.** AHAC's position is that, except for Interrogatory Nos. 13(c) and (d), it has provided full and complete responses to these interrogatories, as certified in its Certificate of Full Compliance filed with this Court on May 12, 2004. AHAC will supplement its responses to Interrogatory Nos. 13(c) and (d) by Friday, June 18, 2004.

At the meeting on June 10, 2004, AHAC advised Plaintiff's counsel, Mr. Thomas M. Tarpley, Jr., that Plaintiff may review each individual file in New York, which consists of more than 12,000 files, for answers to Interrogatory Nos. 12 and 13, in accordance with F.R.C.P. Rule 33(d).

**4.** Plaintiff's position is that AHAC has not adequately answered such interrogatories as ordered by this Court on April 27, 2004 in granting Plaintiff's Motion to Compel Discovery. Plaintiff objects to AHAC's June 10 disclosure that the "files may be reviewed in New York" as being untimely, in violation of this Court's order, as not complying with the requirements of FRCP Rule 33(b)(1),(2), or (3), or 33(d), and making it impossible for

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008

**Page 4 of 6**

Case 1:02-cv-00008   Document 424   Filed 06/14/2004   Page 4 of 6

| | |
|---|---|
| 1 | Plaintiff to supplement the record by June 11 as ordered by this |
| 2 | Court on April 27, 2004. |
| 3 | Dated this ____11____ day of June, 2004. |
| 4 | TARPLEY & MORONI, LLP |

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Plaintiff

Dated: June __11__, 2004.    VERNIER & MAHER, LLP

By: _____
LOUIE J. YANZA,
Attorney for Defendants
AIG TECHNICAL SERVICES, INC.
and AMERICAN HOME ASSURANCE
COMPANY

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
Page 5 of 6

Case 1:02-cv-00008   Document 424   Filed 06/14/2004   Page 5 of 6

**CERTIFICATE OF SERVICE**

I, Thomas M. Tarpley, Jr., certify that on the 11th and 14th day of June, 2004, I caused a copy of the STIPULATION OF COUNSEL PER L.R. 37.1(b) to be served upon:

Louie J. Yanza, Esq.
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Bldg.
Hagatna, Guam 96910,

and on the 14th day of June, 2004, I caused the following parties, to be served, to wit:

Janalynn C. Damian, Esq.
CALVO & CLARK, LLP
Suite 202, First Savings & Loan Bldg.
655 South Marine Drive
Tamuning, Guam 96911

Catherine B. Camacho, Esq.
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96910

FREDERICK J. KERLEY, Esq.
Suite 907, Pacific News Bldg.
238 Archbishop Flores Street
Hagatna, Guam 96910

Dated this 14th day of June, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Plaintiff

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
Page 6 of 6

Case 1:02-cv-00008   Document 424   Filed 06/14/2004   Page 6 of 6