LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP1098
Attorney for Plaintiff

FILED
DISTRICT COURT OF GUAM
JUN 1 4 2004
MARY L. M. MORAN
CLERK OF COURT

421

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO. 02-00008 |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | **PLAINTIFF'S MOTION TO ESTABLISH FACT PER FRCP 37(b)(2)(A)** <br><br> **[NO HEARING REQUESTED]** |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendants. | |

Use-Plaintiff moves this Court pursuant to Fed. R. Civ. P. 37(b)(2)(A) for an order establishing that Defendants AIGTS and AHAC are a joint venture due to the failure of AHAC to provide the

ORIGINAL

information requested in Interrogatories No. 12 and 13 as ordered by this Court on April 27, 2004.

**POINTS AND AUTHORITIES**

On December 15, 2003, Defendants AIGTS and AHAC (collectively "Defendants") filed motions for summary judgment to dismiss Plaintiff's Miller Act Claim against AIGTS on the grounds that AIGTS is not the surety, and to dismiss Plaintiff's Miller Act Claims against AHAC as being time-barred. By the Order dated April 27, 2004 this Court ruled that AIGTS and AHAC would be liable on Plaintiff's Miller Act Claim if AHAC and AIGTS were a joint venture. *See Order of April 27, 2004, pp.6 and 8.* The Court noted that Plaintiff "has been unable to possess discovery responses from Defendants that would shed light on the exact relationship between Defendants." *Id., p.6.*

Also on April 27, 2004 this Court granted Plaintiff's Motion to Compel Defendants to provide answers to Plaintiff's Second Set of Interrogatories.[1/] The Court found that Defendants had made "unsupported boiler plate objections" in their refusal to have provided the requested information earlier. *Id., p.6.* Specifically, the Court ordered AHAC to provide "full and complete responses" to, *inter alia*, the following interrogatories:

> Interrogatory No. 12. Identify all civil actions brought since January 1998 in which a claim was made upon a surety bond issued by AHAC.

---

[1/]
  Although in various footnotes the Court references this Order being issued on April 26, 2004, the actual date on the Order is April 27, 2004.

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
PLAINTIFF'S MOTION TO ESTABLISH FACT PER FRCP 37(b)(2)(A)  **Page 2 of** 7

Case 1:02-cv-00008   Document 425   Filed 06/14/2004   Page 2 of 7

Interrogatory No. 13. For each such action, (a) state whether or not an affirmative defense was asserted based upon a statute of limitations; (b) state whether AIGTS was named as a defendant; (c) state whether AHAC was named as defendant; (d) state whether AIG Claim Services, Inc. ("AIGCS"); [sic] was named as a defendant; (e) list any other entities that would be identified in a correct responses [sic] to Interrogatories Nos. 1 through 13 of the AIGTS interrogatories that was named as a defendant; (f) state whether, prior to the litigation, the claimant was directed to make its claim through AIGTS or AIGCS; (g) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on the basis of a statute of limitations; (h) state whether, prior to the commencement of the civil action, AIGTS, AHAC, AIGCS or any entity related to any of them, denied a pre litigation claim on any other basis; and (i) identify plaintiff's counsel.

This Court thereupon deferred ruling on Defendant's summary judgment motion to allow Plaintiff the opportunity to receive this information from Defendants in order to supplement Plaintiff's opposition to these motions within 45 days. This Court recognized that "Rhino seeks answers to these interrogatories for the purpose of discovering whether Defendants 'operate as the same company, are owned by the same company, or operate as a joint venture.'" *Order, p.7, note 11.*

On May 12, 2004 Defendants' counsel [2] filed a CERTIFICATE OF FULL COMPLIANCE attesting to AHAC's compliance with this Court's Order compelling discovery. *See Certificate attached as Exhibit 1*

---

[2]

Defendants AHAC and AIGTS are represented by the same lawyers.

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
PLAINTIFF'S MOTION TO ESTABLISH FACT PER FRCP 37(b)(2)(A)  **Page 3 of 7**

Case 1:02-cv-00008  Document 425  Filed 06/14/2004  Page 3 of 7

*to the Declaration of Thomas M. Tarpley, Jr. filed contemporaneously herewith.*

Contrary to the certificate of counsel and contrary to this Court's order of April 27, 2004, AHAC has not provided full and complete answers to Interrogatories 12 and 13. Attached as Exhibit 2 to the Tarpley Declaration is AHAC's written "Supplemental Responses to Plaintiff's Second Set of Interrogatories" dated May 11, 2004, served on Plaintiff's counsel along with two compact disks labeled "Exhibits A and B". In answer to Interrogatory No. 12, AHAC maintains that it has "no independent record of civil actions brought since January 1998 in which a claim was made upon a surety bond issued by AHAC." Instead, AHAC provided two compact disks containing nothing but cryptic and duplicitous spreadsheets listing various insureds and code numbers, purportedly from the years 2000 through the present. No information at all was provided regarding the years 1998 and 1999, as ordered by this Court. *[Tarpley Declaration, ¶ 6].*

More egregious is Defendants' failure to adequately respond to Interrogatory No. 13. In response to the requests in 13(c) and 13(d), no answer at all is provided. Regarding the remainder of each requests 13(a) through 13(i) AHAC answers that the requested information "can only be ascertained through an examination of each individual file, if at all." No further objection has been made by AHAC to providing this information; AHAC simply does not provide it. There is no indication what "individual files" are being referenced or their location, or whether such files even contain

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
PLAINTIFF'S MOTION TO ESTABLISH FACT PER FRCP 37(b)(2)(A)     **Page 4 of 7**

Case 1:02-cv-00008   Document 425   Filed 06/14/2004   Page 4 of 7

the information requested. AHAC is in direct violation of this Court's Order.

FRCP Rule 37 provides that an appropriate sanction for Defendants' failure to comply with the discovery order is for this Court to order that for purposes of this lawsuit AHAC and AIGTS are deemed to be a joint venture. Rule 37(b)(2)(A) provides that if a party fails to comply with this Court's discovery order, this Court can issue "[a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order".

This Court has already acknowledged that Rhino was entitled to this information from Defendants for the purpose of discovering whether the Defendants are a joint venture. A sanction under Rule 37(b)(2)(A) is particularly appropriate when a litigant deprives a party of the discovery it needs to prove its case. Qwest Communs. International v. One Qwest, 2002 U.S. Dist. LEXIS 25469 (U.S. D.C. Wa. 2002), *citing* Refac International, Limited v. Hitachi Ltd., 921 F.2d 1247, 1253 (Fed. Cir. 1990). This sanction is well-established, and is a less drastic one than striking the pleadings or dismissing the case. *See, Generally, 4A Moore's Federal Practice, p.37.03(.2-3); Wright & Miller, Fed. Practice & Procedure, Civil §2289.*

In this case the Defendants have had four separate opportunities to provide the requested information, but have failed to do so even after being ordered by the Court. Both AHAC and AIGTS are subsidiaries under the umbrella of American International

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
PLAINTIFF'S MOTION TO ESTABLISH FACT PER FRCP 37(b)(2)(A)    **Page 5 of 7**

Case 1:02-cv-00008   Document 425   Filed 06/14/2004   Page 5 of 7

1 | Group, Inc. (AIGI) [*Exhibit 3 to Tarpley Declaration*]. All of the
2 | directors of AIGTS are either directors or officers of AHAC.
3 | *[Tarpley Declaration, ¶ 8]*. Both Defendants were directly
4 | involved in denying Plaintiff's Miller Act Claim, and both are
5 | being defended by the same lawyers. AHAC has failed to provide the
6 | requested information, thus Plaintiff is entitled for the Court to
7 | issue the sanction authorized under Rule 37(b)(2)(A), Fed. R. Civ.
8 | P.

**CONCLUSION**

For the aforementioned reasons, this Court should order that pursuant to Rule 37(b)(2)(A) AHAC and AIGTS are hereby deemed to be a "joint venture" for purposes of this particular lawsuit.

Respectfully submitted this ___10th___ day of June, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Plaintiff

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
PLAINTIFF'S MOTION TO ESTABLISH FACT PER FRCP 37(b)(2)(A)
Page 6 of 7

Case 1:02-cv-00008   Document 425   Filed 06/14/2004   Page 6 of 7

**CERTIFICATE OF SERVICE**

I, Thomas M. Tarpley, Jr., certify that on the 11th and 14th day of June, 2004, I caused a copy of the PLAINTIFF'S MOTION TO ESTABLISH FACT PER FRCP 37(b)(2)(A) [NO HEARING REQUESTED] to be served upon:

Louie J. Yanza, Esq.
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Bldg.
Hagatna, Guam 96910,

and on the 14th day of June, 2004, I caused the following parties, to be served, to wit:

Janalynn C. Damian, Esq.
CALVO & CLARK, LLP
Suite 202, First Savings & Loan Bldg.
655 South Marine Drive
Tamuning, Guam 96911

Catherine B. Camacho, Esq.
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96910

FREDERICK J. KERLEY, Esq.
Suite 907, Pacific News Bldg.
238 Archbishop Flores Street
Hagatna, Guam 96910

Dated this 14th day of June, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Plaintiff

United States of America For Use And Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
PLAINTIFF'S MOTION TO ESTABLISH FACT PER FRCP 37(b)(2)(A)
Page 7 of 7

Case 1:02-cv-00008   Document 425   Filed 06/14/2004   Page 7 of 7