LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP1107
Attorney for Plaintiff

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | CIVIL CASE NO. 02-00008 |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | **PLAINTIFF'S SUPPLEMENTATION OF THE RECORD PER COURT ORDER** |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendants. | |

## INTRODUCTION

Use-Plaintiff Rhino Builders, Inc. ("Rhino") hereby submits its supplementation of the record concerning Defendants'

Supplemental Interrogatories Answers, as ordered by this Court on April 27, 2004.

**REPORT**

### 1. Whether AIGTS and AHAC are a joint venture.

On December 15, 2003, Defendants AIGTS and AHAC (collectively "Defendants") filed motions for summary judgment to dismiss Plaintiff's Miller Act Claim against AIGTS on the grounds that AIGTS is not the surety, and to dismiss Plaintiff's Miller Act Claims against AHAC as being time-barred. By the Order dated April 27, 2004 this Court ruled that AIGTS and AHAC would be liable on Plaintiff's Miller Act Claim if AHAC and AIGTS were a joint venture. *See Order of April 27, 2004, pp.6 and 8.* The Court noted that Plaintiff "has been unable to possess discovery responses from Defendants that would shed light on the exact relationship between Defendants." *Id., p.6.*

Therefore, on April 27, 2004 this Court granted Plaintiff's Motion to Compel Defendants to provide answers to Plaintiff's Second Set of Interrogatories.[1] The Court found that Defendants had made "unsupported boilerplate objections" in their refusal to have provided the requested information earlier. *Id., p.6.*

This Court thereupon deferred ruling on Defendants' summary judgment motions to allow Plaintiff the opportunity to receive this information from Defendants in order to supplement Plaintiff's opposition to these motions within 45 days. This Court recognized that "Rhino seeks answers to these interrogatories for the purpose

---

[1] Although in various footnotes the Court references this Order being issued on April 26, 2004, the actual date on the Order is April 27, 2004.

United States of America For Use and Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008

Page 2 of 5

Case 1:02-cv-00008    Document 427    Filed 06/14/2004    Page 2 of 5

of discovering whether Defendants 'operate as the same company, are owned by the same company, or operate as a joint venture.'" *Order, p.7, note 11.*

Rhino is unable to properly supplement the record or inform the Court as to whether the Defendants "operate as the same company, are owned by the same company, or operate as a joint venture" because AHAC has failed to provide adequate answers to Plaintiff's Interrogatory Nos. 12 and 13 in a timely fashion, as ordered by this Court. Accordingly, Rhino has filed its motion under FRCP Rule 37(b)(2)(A) for an order establishing that AHAC and AIGTS are deemed to be a "joint venture" for purposes of this particular lawsuit. See Plaintiff's Motion to Establish Fact Per FRCP 37(b)(2)(A) and the Declaration of Thomas M. Tarpley, Jr. in Support of Plaintiff's Motion, both filed contemporaneously herewith.

2. **This Court has yet to rule on Rhino's estoppel arguments.**

As referenced above, this Court deferred ruling on whether Plaintiff's claim against AHAC was time-barred until this Court determines whether AHAC and AIGTS were joint ventures or operating as a single company. However, in opposition to AHAC's motion in this regard Rhino argued that AHAC should be estopped for various reasons from raising the one year statute of limitations as a defense in this action. *See Rhino's "Opposition To Sureties' Motion For Summary Judgment On Plaintiff's Miller Act Claims" filed with this Court on January 23, 2004.* While this Court deferred ruling on AHAC's motion on "joint venture" grounds, this Court has yet to address Rhino's estoppel arguments. Of course, should this

United States of America For Use and Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008

Page 3 of 5

Case 1:02-cv-00008 Document 427 Filed 06/14/2004 Page 3 of 5

Court rule favorably on Rhino's pending motion to establish fact per Rule 37(b)(2)(A), Rhino's estoppel arguments would be moot. Otherwise, however, Rhino submits that questions of fact exist as to whether AHAC should be estopped to raise the statute of limitations bar to this action for the reasons stated in its opposition brief filed January 23, 2004.

Additionally, Rhino notes that on April 30, 2004, Judge Unpingco ruled that the issue of whether AIGTS was in bad faith (for inducing Plaintiff to make its claim against AIGTS instead of AHAC) involved questions of fact for trial. The Court therefore denied Plaintiff's Motion for Summary Judgment in that regard. *See Order dated April 30, 2004, p.10.* At the very least, AIGTS was AHAC's agent. As a matter of law, the bad faith of an agent acting within the scope of his authority is imputed to the principle. [2/] Accordingly, if it is determined that trial that AIGTS was in bad faith by inducing Rhino to make its claim against AIGTS instead of AHAC, such bad faith would also be imputed to AHAC, and AHAC would be estopped from raising the statute of limitations as a defense to this matter.

Respectfully submitted this 11th day of June, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Plaintiff

---

[2/]
**18 GCA §20301. How Principal Affected by Agent's Acts within the Scope of His Authority.** An agent represents his principal for all purposes within the scope of his actual or ostensible authority, and all the rights and liabilities which would accrue to the agent from transactions within such limit, if they had been entered into on his own account, accrue to the principal.

United States of America For Use and Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
Page 4 of 5

Case 1:02-cv-00008  Document 427  Filed 06/14/2004  Page 4 of 5

# CERTIFICATE OF SERVICE

I, Thomas M. Tarpley, Jr., certify that on the 11th and 14th day of June, 2004, I caused a copy of the PLAINTIFF'S SUPPLEMENTATION OF THE RECORD PER COURT ORDER to be served upon:

Louie J. Yanza, Esq.
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Bldg.
Hagatna, Guam 96910,

and on the 14th day of June, 2004, I caused the following parties, to be served, to wit:

Janalynn C. Damian, Esq.
CALVO & CLARK, LLP
Suite 202, First Savings & Loan Bldg.
655 South Marine Drive
Tamuning, Guam 96911

Catherine B. Camacho, Esq.
BERMAN O'CONNOR MANN & SHKLOV
Suite 503, Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96910

FREDERICK J. KERLEY, Esq.
Suite 907, Pacific News Bldg.
238 Archbishop Flores Street
Hagatna, Guam 96910

Dated this 14th day of June, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Plaintiff

United States of America For Use and Benefit of
Rhino Builders, Inc. v. Biogenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
PLAINTIFF'S SUPPLEMENTATION OF THE RECORD PER COURT ORDER       Page 5 of 5

Case 1:02-cv-00008   Document 427   Filed 06/14/2004   Page 5 of 5