James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: (808) 547 5151
Facsimile No.: (808) 599 4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> DEFENDANTS AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO RHINO'S SUPPLEMENTATION OF THE RECORD |
| BIOGENESIS PACIFIC, INC., <br><br> Counterclaimant, <br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendant. | |

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | )<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| BIOGENESIS PACIFIC, INC. | )<br>) |
| Cross-Claim Defendant. | ) |

## INTRODUCTION

In RHINO BUILDERS, INC.'S ("RHINO") Supplementation of the Record, RHINO argues a joint venture exists between Defendants AIG TECHNICAL SERVICES, INC. ("AIGTS") and AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME"). RHINO's argument is premised on the belief the Defendants have not fully complied with the Court's April 27, 2004 Order in answering RHINO's Second Set of Interrogatories to AMERICAN HOME, and both AMERICAN HOME and AIGTS have common directors and officers and, therefore, a joint venture exists between the two defendants.

As shown in the Defendants' Opposition to RHINO's Motion to Establish Fact filed contemporaneously herein, RHINO has not shown the Defendants have acted with such malice and contempt as to justify the extreme sanction requested by Plaintiff and order Defendants AIGTS and AMERICAN HOME are joint venturers. And RHINO has not shown how the commonality of the directors and officers between AIGTS and AMERICAN HOME establishes a joint undertaking or joint enterprise between AIGTS and AMERICAN HOME.

I. **THE JOINT VENTURE ISSUE IS RIPE FOR SUMMARY ADJUDICATION AGAINST RHINO.**

Even if it were taken as a fact that (i) all claimants are directed to make claims

through AIGTS; (ii) a few claimants in the past have sued AIGTS along with AMERICAN HOME just as Carlsmith did in this case; (iii) AIGTS and AMERICAN HOME are both owned 100% by the same parent company; and (iv) there is some commonality of officers and directors between AIGTS and AMERICAN HOME, this case is ripe for summary adjudication on the joint venture issue against RHINO.

In this action, the Court has ruled:

> A joint venture is 'an undertaking by two or more persons jointly to carry out a single business enterprise for profit.' *Id*. (quoting Nelson v. Abraham, 29 Cal. 2d 745, 749, 177 P.2d 931 (1947)). A joint venture will be found if the following elements are present: "(1) an intent to become partners; (2) a community of interest in the undertaking; (3) an understanding to share profits and losses; and (4) equal authority and right to direct and control the conduct of all co-venturers with respect to the joint venture." *Id*. At *12-13. "Joint ventures can exist by virtue of explicit agreement or through 'reasonable deduction from the acts and declarations of the parties.'" *Id*. (quoting Nelson, 29 Cal. 2d at 749-50).

April 27, 2004 Order, at 6.

RHINO argues that all the directors and officers of AIGTS are directors and officers of AMERICAN HOME. RHINO is wrong.

Regarding the directors and officers of AIGTS:

1. Of the 6 directors of AIGTS, only 2 are directors of AMERICAN HOME.

2. Of the 21 officers of AIGTS, only 3 (Moor, Jackson, and Beier) are officers of AMERICAN HOME, which has 38 officers.

Importantly, commonality of officers and directors in and of itself do not operate to serve as a joint venture. Gurry v. Cumberland Farms, Inc., 406 Mass. 615, 550 N.E.2d 127, 133 (Mass. 1990) (discussing single employer rule). RHINO must establish AIGTS and AMERICAN HOME have equal right to direct control the

joint venture. RHINO must show AIGTS participated in making decisions regarding issuing bonds, and in particular, the bond for the roofing contract at hand. There has been no showing. RHINO merely argues that because there is a commonality of officers and directors, and the same lawyers represent AIGTS and AMERICAN HOME, and both denied RHINO's claim, that AIGTS and AMERICAN HOME are joint venturers. These matters do not support any finding that AIGTS has the right to control the way in which AMERICAN HOME issues bonds.

In *Davenport v. Oglethorpe Power Corporation*, 196 Ga. App. 632, 396 S.E.2d 580 (Ga. Ct. App. 1990), the plaintiff sued Oglethorpe for personal injuries he suffered when he came into contact with high voltage electrical lines. In his complaint, the plaintiff alleged that Rayle Electric Membership Cooperative was a joint venturer with Oglethorpe. The court rejected the plaintiff's arguments that because of Rayle's ownership in Oglethorpe, both Rayle and Oglethorpe were joint venturers.

The Court reasoned:

> Furthermore, Oglethorpe and Rayle are not joint venturers simply because their businesses are interdependent. Rayle relies on Oglethorpe to generate and deliver electric power to its distribution system, while Oglethorpe relies upon the Electric Membership Cooperatives, including Rayle, to provide a retail market and distribution system for its product. However, such independence is universally found in a wholesaler-retailer relationship and is not inconsistent with the operation of separate business.

*Davenport*, at 582. See also, *Global Credit Servs. v. AMISUB*, 244 Neb. 681, 687, 508 N.W.2d 836, 842 (Neb. 1993) (sharing of services between parent and subsidiary is not enough to pierce corporate veil).

The mere existence of a business interdependency does not create a joint

venture. *Pope v. Goodgame*, 223 Ga. App. 672, 478 S.E.2d 636, 639 (Ga. Ct. App. 1996). Here, AIGTS and AMERICAN HOME are wholly owned subsidiaries of AIG. AIGTS and AMERICAN HOME have some commonality of officers and directors. But, these facts fall short of proving the existence of a joint venture. At present, the record is as follows:

1. There is no record or showing AIGTS or AMERICAN HOME has any right to exercise control over each other in the operation, issuance, denial or settlement of claims made against AMERICAN HOME;

2. There is no record or showing AIGTS has never had a right to exercise control over bonds issued by AMERICAN HOME in the instant matter, or ever before;

3. AIGTS does not participate in underwriting decisions;

4. AIGTS does not control, in any way, the conduct of AMERICAN HOME, or that AIGTS in any way controlled the premiums for issuing surety bonds or to whom and when the surety bonds can be issued;

5. AIGTS has no veto over AMERICAN HOME issuing the surety bond for BIOGENESIS;

6. AIGTS was not present when BIOGENESIS applied for the bond;

7. AIGTS has no participation in AMERICAN HOME's enterprise;

8. There is no agreement between AIGTS and AMERICAN HOME to share in income and losses when AMERICAN HOME issued surety bonds;

9. AIGTS and AMERICAN HOME do not share bank accounts;

10. There is no joint venture agreement or partnership agreement;

11. AIGTS and AMERICAN HOME pay their bills and obligations separately;

12. AIGTS does not earn more compensation by recommending or determining that

fewer claims be paid from AMERICAN HOME's payment or performance bonds;

13. AIGTS' role is to independently investigate and process any surety claim referred to it by AMERICAN HOME;

14. AIGTS does not receive any share of the bond premiums collected by AMERICAN HOME when AMERICAN HOME issues a surety bond;

15. There is no profit or loss agreement between AIGTS and AMERICAN HOME; and

16. All payments made in response to claims on bonds issued by AMERICAN HOME are made from AMERICAN HOME checks drawn on AMERICAN HOME bank accounts.

See, AIGTS' Supplemental Responses to Plaintiff's Second Set of Interrogatories, attached as **Exhibit "D"** to Yanza Declaration.

The record reflects only that AIGTS acts is the claims processing agent for AMERICAN HOME as well as the other AIG subsidiaries which issue bonds, and claimants are directed to make their bond claims through AIGTS. This is a principal-agent relationship, not that of a joint venture. The fact that there may be some commonality of officers and directors does not alter this relationship. This is an issue of law and the case is ripe for summary adjudication.

## CONCLUSION

Commonality of officers and directors does not establish a joint venture between AIGTS and AMERICAN HOME so this case is ripe for summary adjudication against RHINO. RHINO has failed to make any showing on the record that a joint

venture exists between AIGTS and AMERICAN HOME.

The allegations set forth in RHINO's Motion, its Supplementation of Record and counsel's Declaration do not support a finding the Defendants have defied the spirit of the Federal Rules and the Court's April 27, 2004 Order, nor has RHINO made any showing AIGTS and AMERICAN HOME are joint venturers.

The Defendants respectfully request to deny RHINO's Miller Act claim against AIGTS, as AIGTS is not a joint venture with AMERICAN HOME and dismiss AIGTS and AMERICAN HOME from the instant lawsuit and rule that there is no just reason for delay and enter final judgment pursuant to FRCP Rule 54(b).

Dated this 29th day of June, 2004.

> VERNIER & MAHER, LLP
> Attorneys for Defendants
> **AMERICAN HOME ASSURANCE COMPANY
> and AIG TECHNICAL SERVICES, INC.**
>
> By: _____
> LOUIE J. YANZA

C:\MarieBackup\My Documents\CLIENTS (NON-GIA)\USA-Rhino v BIOGENESIS-AIG\Pleadings\Oppo to Rhino Supplementation of the Record.doc