James Lawhn
OLIVER LAU LAWHN OGAWA & NAKAMURA
707 Richard Street, Suite 600
Honolulu, Hawaii 96813
Telephone No.: (808) 533-3999
Facsimile No.: (808) 533-0144

Stephen D. Tom
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: (808) 547 5151
Facsimile No.: (808) 599 4517

Louie J. Yanza
VERNIER & MAHER, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorney for Defendants AIG TECHNICAL SERVICES, INC. and
AMERICAN HOME ASSURANCE COMPANY

**FILED**
DISTRICT COURT OF GUAM
JUN 30 2004
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.,<br><br>Plaintiff,<br>vs.<br><br>BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY,<br><br>Defendants. | CIVIL CASE NO. 02-00008<br><br>SUBMISSION OF ORIGINAL DECLARATION OF BRUCE KAHN IN SUPPORT OF DEFENDANTS AIG TECHNICAL SERVICES, INC. AND AMERICAN HOME ASSURANCE COMPANY'S: (1) OPPOSITION TO RHINO'S MOTION TO ESTABLISH FACT PER FRCP RULE 37(b) (2) (A); AND (2) OPPOSITION TO RHINO'S SUPPLEMENTATION OF THE RECORD |
| BIOGENESIS PACIFIC, INC.,<br><br>Counterclaimant,<br>vs.<br><br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10,<br><br>Counter-Defendant. | |

**ORIGINAL**

1

| | |
|---|---|
| 1 | AMERICAN HOME ASSURANCE ) |
| | COMPANY ) |
| 2 | ) |
| | Cross-Claimant, ) |
| 3 | vs. ) |
| | ) |
| 4 | BIOGENESIS PACIFIC, INC. ) |
| | ) |
| 5 | Cross-Claim ) |
| | Defendant. ) |
| 6 | ) |

COMES NOW, Defendants AIG TECHNICAL SERVICES, INC. ("AIGTS") and AMERICAN HOME ASSURANCE COMPANY ("AMERICAN HOME"), through counsel, VERNIER & MAHER, LLP, by Louie J. Yanza, and hereby submit the original of the Declaration of Bruce Kahn in Support of Defendants AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY'S: (1) Opposition to Rhino's Motion to Establish Fact Per FRCP Rule 37(b) (2) (A); and (2) Opposition to Rhino's Supplementation of the Record, a true and correct copy of which was attached to Declaration of Louie J. Yanza Re. Filing of Facsimile Copy of Declaration of Bruce Kahn in Support of Motion of Defendants AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY'S: (1) Opposition to Rhino's Motion to Establish Fact Per FRCP Rule 37(b) (2) (A); and (2) Opposition to Rhino's Supplementation of the Record, filed in the within entitled action on June 29, 2004.

Respectfully submitted this 30th day of June, 2004.

**VERNIER & MAHER, LLP**
Attorneys for Defendants
**AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY**

By: _____
LOUIE J. YANZA

2

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | ) CIVIL CASE NO. 02-00008 <br> ) <br> ) **DECLARATION OF BRUCE KAHN IN** <br> ) **SUPPORT OF DEFENDANTS AIG** <br> ) **TECHNICAL SERVICES, INC. AND** <br> ) **AMERICAN HOME ASSURANCE** <br> ) **COMPANY'S: (1) OPPOSITION TO** <br> ) **RHINO'S MOTION TO ESTABLISH** <br> ) **FACT PER FRCP RULE 37(b) (2) (A);** <br> ) **AND (2) OPPOSITION TO RHINO'S** <br> ) **SUPPLEMENTATION OF THE** <br> ) **RECORD** <br> ) |
| BIOGENESIS PACIFIC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| AMERICAN HOME ASSURANCE COMPANY <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC. <br><br> Cross-Claim Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORIGINAL**

1

## DECLARATION OF BRUCE KAHN

I, Bruce Kahn, hereby declare pursuant to 28 U.S.C. §1746 as follows:

1. I am a Bond Claims Analyst for AIG Technical Services Inc. ("AIGTS").

2. I have personal knowledge of the facts set forth in this declaration and am competent to testify thereto.

3. Neither American Home Assurance Company ("AMERICAN HOME") nor AIGTS maintains any file in which the data requested in Interrogatories No. 12 and 13 is compiled and stored.

4. With regard to Interrogatory No. 12, in order to provide the best information reasonably possible within the time frame available (14 days from the date the Court's April 27, 2004 Order), AMERICAN HOME looked to secondary data to see if a response could be compiled from the secondary data. AMERICAN HOME found that as process was served upon AMERICAN HOME it was received by the surety claims office of AIGTS and logged into a computer file. This file was downloaded resulting in the CD designated as Exhibit "A" to AMERICAN HOME's Supplemental Responses (hereinafter "Exhibit A CD"), which consists of the process/service log independently maintained by the surety claims office of AIGTS in the regular course of business. Presently the log is maintained by one of AIGTS' administrative assistants. This log contains the papers received by AIGTS' office that have been served upon any AIG domestic surety during the time the log has been maintained (2000 to Present). These sureties would include American Home Assurance Company, National Union Fire Insurance Company of Pittsburgh, PA, Insurance Company of the State of Pennsylvania, Granite State Insurance Company of Pittsburgh, PA, Insurance Company of the State of Pennsylvania, Granite

2

State Insurance Company. As such, Exhibit A CD should substantially reflect receipt by AIGTS of summons and complaints served on these sureties, as well as other papers that may have been formally served (e.g. notices of claim that may have been served through a state's insurance commissioner). Exhibit A CD contains approximately 12,000 cases.

Since the process/summons log (Exhibit A CD) contains data relating to multiple sureties, and only covers the years 2000 to the present, AMERICAN HOME sought assistance from the information technology department in order to determine whether the information could be developed for the years 1998 and 1999, and whether a list could be sorted to produce a report dealing only with AMERICAN HOME. The result was the list contained in the CD attached as Exhibit "B" to AMERICAN HOME's Supplemental Responses (hereinafter "Exhibit B CD") which contains data derived by the information technology/systems people from AIGTS's eToolkit claims database (and its predecessor systems) which is used by multiple AIGTS claims offices (Surety, Fidelity, D&O, E&O, etc.) in the ordinary course of business to track claims. etoolkit is a separate systems from the surety claims office's process/service log. Exhibit B CD is a report of all claims against AMERICAN HOME surety bonds derived from information entered into eToolkit indicating that a litigation had been commenced on the bond, and includes the years 1998 and 1999 as well as some years prior (see "Suit Receipt DT" column). Exhibit B CD contains 2,151 cases of which 1,512 relate to 1998 through the present.

5.   Since Interrogatory No. 13 asks for data which is not compiled in the ordinary course of business, in order to respond, it would be necessary to examine and compile the data contained in the 1,512 claim files listed in the Exhibit B CD, a task which it is estimated would take around 38 to 45 working days depending on how many files

could be examined in a given working day. The cost of the examination and compilation is estimated to range from around $19,000 to $25,000 depending on the rates charged by a litigation support service which AMERICAN HOME would have to retain to do the work.

6. In order to respond to Interrogatory No. 13 within the 14 calendar days allowed, AMERICAN HOME looked to records which could be obtained with reasonable effort and expense, and where possible, provided answers based on interviews of employees, and normal business practice.

7. In the normal course of business, each of the files listed in the Exhibit B CD would contain (i) the complaint filed in the action which would show the names of all parties; (ii) the name of plaintiff's counsel; and (iii) correspondence showing the grounds for denial of the claim.

Executed in New York, New York, on 6/24/04

_____
BRUCE KAHN

4