FREDERICK J. KERLEY
ATTORNEY AT LAW
Suite 907, Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Telephone No.: (671) 477-7008
Facsimile No.: (671) 477-7009

Attorney for Counter-Defendant Michael O'Connell

FILED
DISTRICT COURT OF GUAM
NOV 26 2004
MARY L. M. MORAN
CLERK OF COURT

461

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC. and AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br><br> **APPLICATION TO WITHDRAW AS COUNSEL FOR COUNTER-DEFENDANT MICHAEL O'CONNELL** |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC INC., <br><br> Cross-Claim Defendant. | |

Pursuant to General Rule 19.1 (c) of the Local Rules of Practice of this Court, and pursuant to Rule 1.16 of the Model Rules of Professional Conduct, Frederick J. Kerley ("counsel") respectfully applies to this honorable Court to withdraw as counsel for Counter-Defendant Michael O'Connell ("O'Connell") in the above-captioned matter, as follows:

1. O'Connell has been unable to pay for his services for more than twelve months in the manner originally agreed to in the Legal Services Agreement (the "Agreement") dated November 15, 2002 (a copy attached hereto and marked as "Exhibit A"), paragraph 10 of which Agreement provides:

> **WITHDRAWAL OF ATTORNEY.** Attorney may withdraw at any time as permitted under the Rules of Professional Conduct. The circumstances under which the Rules permit such withdrawal include, but are not limited to the following: the Client consents, the Client's conduct renders it unreasonably difficult for the Attorney to carry out the employment effectively and the Client fails to pay attorney's fees or costs required by Client's Agreement with Attorney. Notwithstanding Attorney's withdrawal, Client will remain obligated to pay Attorney at the agreed rate for all services provided, and to reimburse Attorney for all costs advanced, before withdrawal.

2. The unpaid balance of attorney's fees is substantial and counsel lacks the financial resources to continue to represent O'Connell without compensation for doing so, and has given O'Connell adequate advance warning of that circumstance.

3. Rule 1.16 (b)(5) of the Model Rules of Professional Conduct allows an attorney to withdraw from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."

4. Rule 1.16 (b)(6) of the Model Rules of Professional Conduct also allows an attorney to withdraw from a representation if continuing "the representation will result in an unreasonable financial burden on the lawyer."

5. Upon approval of counsel's withdrawal by this Court, counsel would willingly accept any of the duties set forth in G.R. 19.1 (c) that might be imposed upon it by this Court as a condition of his withdrawal.

For the foregoing reasons, Counter-Defendant Michael O'Connell's counsel of record, Frederick J. Kerley, respectfully applies to this honorable Court for leave to withdraw as counsel for Counter-Defendant Michael O'Connell in the above-captioned matter.

Respectfully submitted this 26th day of November, 2004.

FREDERICK J. KERLEY
Attorney At Law

FREDERICK J. KERLEY
Counsel for Counter-Defendant
Michael O'Connell

Frederick J. Kerley
Attorney at Law
Reflection Center, Suite 202
222 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone:(671) 477-7008
Facsimile:(671) 477-7009

## LEGAL SERVICES AGREEMENT

1. **IDENTIFICATION OF PARTIES.** This Agreement is made between the **Law Office of Frederick J. Kerley**, hereinafter referred to as "Attorney", and **Michael O'Connell**, hereinafter referred to as "Client."

This Agreement is made pursuant to Guam Government Code Section 28065 and is intended to fulfill the requirements of that section.

2. **LEGAL SERVICES TO BE PROVIDED.** The legal services to be provided by Attorney to Client is as follows: representation of Client, in his personal capacity, in the matter of <u>United States of America For Use and Benefit of Rhino Builders, Inc. vs. Biogenesis Pacific Inc.</u>, District Court of Guam Civil Case No. CIV02-00008.

3. **RESPONSIBILITIES OF ATTORNEY AND CLIENT.** Attorney will perform the legal services called for under this agreement, keep client informed of progress and developments, and respond promptly to Client's inquiries and communications. Client will be truthful and cooperative with Attorney; keep Attorney reasonably informed of developments and Client's addresses and telephone numbers; and timely make any payments required by this Agreement.

4. **ATTORNEY'S FEES.** Client will pay to Attorney the sum of $175.00 per hour for the legal services in increments of one-tenth of an hour, rounded off to the nearest one-tenth of an hour.

Attorney will charge for all activities in providing legal services to Client under this Agreement, including, but not limited to, the following: Conferences, Court Appearances, and Depositions (preparation and participation), Legal Research and Telephone Conversations.

Client acknowledges that Attorney has made no promises about the total amount of Attorney's Fees to be incurred by Client under this Agreement.

**EXHIBIT A**

5. **COSTS.** Client will pay all "Costs" in connection with Attorney's representation under this Agreement. Costs will be advanced by Attorney and then billed to Client unless the cost can be met out of Client's deposits. Costs include, but are not limited to, Filing Fees, Deposition costs, Expert fees and expenses, Transportation, Meals and Lodging for any necessary off-island travel, Investigation costs, Long Distance Telephone charges, Photocopying expenses and Process Server fees. Attorney will obtain Client's consent before incurring any costs for Consultants, Experts or Investigators.

6. **DEPOSIT.** Client will pay Attorney a retainer of $7,500.00 to be applied against Attorney's fees and costs. This amount will be wire transferred by Client within five (5) business days for deposit in Attorney's Client Trust Account. Client authorizes Attorney to withdraw the principal from the Trust Account to pay Attorney's fees and costs as they are incurred. Any unused balance of the retainer is refundable. If the retainer is exhausted pursuant to the conditions of this agreement, Client shall, upon Attorney's request, make such additional deposits from time to time as Attorney requests.

7. **STATEMENT AND PAYMENTS.** Attorney will send Client monthly statements indicating Attorney's fees and costs incurred and their basis, any amounts applied from the deposit, and any current balance owed. If no Attorney's fees or costs are incurred for a given month, or if they are minimal, the statement may be held and combined with that of the following month. Any balance will be paid in full within fifteen (15) days after the statement is made. Client authorizes Attorney to withdraw the amount due on monthly statements from the retainer on deposit in Attorney's Trust Fund.

8. **SETTLEMENT.** Attorney will not settle Client's case without the approval of Client, who will have the absolute right to accept or reject any settlement. Attorney will notify client promptly of the terms of any settlement offer received by Attorney.

9. **DISCHARGE OF ATTORNEY.** Client may discharge Attorney at any time by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on Client's behalf after receipt of such notice. If Attorney is Client's attorney of record in any proceeding, client will execute and return a Substitution of Attorney form immediately on its receipt from Attorney. Notwithstanding the discharge, Client will remain liable to pay Attorney at the agreed rate for all services provided and to reimburse Attorney for all costs.

10. **WITHDRAWAL OF ATTORNEY.** Attorney may withdraw at any time as permitted under the Rules of Professional Conduct. The circumstances under which the Rules permit such withdrawal include, but are not limited to the following: the Client consents, the Client's conduct renders it unreasonably difficult for the Attorney to carry out the employment effectively and the Client fails to pay attorney's fees or costs required by Client's Agreement with Attorney. Notwithstanding Attorney's withdrawal, Client will remain obligated to pay Attorney at the agreed rate for all services provided, and to reimburse Attorney for all costs advanced, before withdrawal.

11. **DISCLAIMER OF GUARANTEE.** Although Attorney may offer an opinion about the possible results regarding the subject matter of this Agreement, Attorney cannot guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guarantee.

12. **EFFECTIVE DATE OF AGREEMENT.** The effective date of this Agreement will be the date when it is executed by the second of the parties to do so.

**ATTORNEY:**

**CLIENT:**

FREDERICK J. KERLEY
ATTORNEY AT LAW

By: _/s/ Frederick J. Kerley_
FREDERICK J. KERLEY

_____
MICHAEL O'CONNELL

Dated:: 11/15/02

Dated:: _____

10. **WITHDRAWAL OF ATTORNEY.** Attorney may withdraw at any time as permitted under the Rules of Professional Conduct. The circumstances under which the Rules permit such withdrawal include, but are not limited to the following: the Client consents, the Client's conduct renders it unreasonably difficult for the Attorney to carry out the employment effectively and the Client fails to pay attorney's fees or costs required by Client's Agreement with Attorney. Notwithstanding Attorney's withdrawal, Client will remain obligated to pay Attorney at the agreed rate for all services provided, and to reimburse Attorney for all costs advanced, before withdrawal.

11. **DISCLAIMER OF GUARANTEE.** Although Attorney may offer an opinion about the possible results regarding the subject matter of this Agreement, Attorney cannot guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guarantee.

12. **EFFECTIVE DATE OF AGREEMENT.** The effective date of this Agreement will be the date when it is executed by the second of the parties to do so.

ATTORNEY:

FREDERICK J. KERLEY
ATTORNEY AT LAW

By: _____
FREDERICK J. KERLEY

Dated: 11/15/02

CLIENT:

_____
MICHAEL O'CONNELL

Dated: 11/14/02
Hawaii Time.

Page 3 of 3