Arthur B. Clark, Esq.
Janalynn Cruz Damian, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96911
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.

FILED
DISTRICT COURT OF GUAM
DEC - 3 2004
MARY L. M. MORAN
CLERK OF COURT

467

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., | CIVIL CASE NO. 02-00008 |
| Plaintiff, | |
| vs. | **BIOGENESIS PACIFIC, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY | |
| Defendants. | |
| BIOGENESIS PACIFIC INC., | |
| Counter-Plaintiff, | |
| vs. | |
| RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, | |
| Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, | |
| Cross-Claimant, | |
| vs. | |
| BIOGENESIS PACIFIC INC., | |
| Cross-Claim Defendant. | |

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
B041203.327-0001.CT (Opposition Leave to Amend).wpd

ORIGINAL    1

Case 1:02-cv-00008    Document 472    Filed 12/03/2004    Page 1 of 5

# I. PROCEDURAL HISTORY

Rhino Builders, Inc. ("Rhino"), a Hawaii corporation, initiated this lawsuit by filing a complaint on March 20, 2002. It filed a first amended complaint on September 10, 2002, and a second amended complaint on July 15, 2003. Rhino asserted a Miller Act claim (Count I) and state claims of breach of good faith and breach of implied warranty of authority (Counts II and III) against Defendants American Home Assurance Company ("AHAC") and AIG Technical Services, Inc. ("AIGTS"). Rhino also asserted state claims of bad faith and fraud (Counts IV and V) against Defendant BioGenesis Pacific, Inc. ("BioGenesis"), also a Hawaii corporation. The Court had federal question jurisdiction over the Miller Act claim and, consequently, supplemental jurisdiction over the state claims. *See* 28 U.S.C. §§ 1331 and 1367(a).

On December 15, 2003, BioGenesis filed a motion for summary judgment on Rhino's Miller Act claim and its state claims against BioGenesis. The Court denied BioGenesis' summary judgment motion with respect to the Miller Act claim, however it granted summary judgment in BioGenesis' favor with respect to the state claims, i.e., Counts IV and V (the bad faith claim (dismissed with prejudice) and the fraud claim (dismissed without prejudice)). *See* Court's April 27, 2004 Order.

On November 8, 2004, pursuant to a settlement between Rhino, AHAC and AIGTS, the Court entered an order dismissing with prejudice all claims against Defendants AHAC and AIGTS. Though, not enumerated in the order, the claims dismissed were Counts I, II and III – the Miller Act claim and other state claims pending against AHAC and AIGTS. As a result, ***all*** of Rhino's claims have now been dismissed.

# II. ARGUMENT

## A. The Court Should Deny Rhino's Request For Leave For Lack of Jurisdiction

The Court has never had diversity jurisdiction in this matter because both Rhino and BioGenesis are Hawaii corporations. *See* 28 U.S.C. § 1332. The Court initially had federal question jurisdiction over the Miller Act claim, however this claim has since been dismissed with prejudice. Although a district court has the discretion to continue pendent jurisdiction over state claims after the claim over which it had original jurisdiction has been dismissed, Rhino currently has ***no*** claims pending before the Court. Thus, Rhino's request for leave to amend is not a request for the Court to continue

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
B041203.327-0001.CT (Opposition Leave to Amend).wpd

2

Case 1:02-cv-00008   Document 472   Filed 12/03/2004   Page 2 of 5

pendent jurisdiction over pre-existing state claims, it is a request for the Court to extend pendent jurisdiction to as-of-yet-unasserted state claims despite the lack of a federal question or diversity. Accordingly, the Court should deny Rhino's request.

The same statute that defines the Court's supplemental jurisdiction also outlines the Court's discretion to decline the exercise of such jurisdiction. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction.") Federal courts routinely decline to continue pendent jurisdiction after dismissing all federal claims, especially when the federal claims are dismissed before trial. *See Bymoen v. Herzog, Heine, Geduld, Inc.*, 88 Civ. 1796, 1991 WL 95387 at *2 (S.D.N.Y. 1991) ("Because the court grants summary judgment to defendant [] on all federal claims, the court dismisses the remaining pendent state law claim . . . for lack of subject matter jurisdiction") (citations omitted). *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Dyack v. Commonwealth of Northern Mariana Islands*, 317 F.3d 1030 (9th Cir. 2003) (district court did not abuse its discretion in dismissing plaintiff's supplemental state law claims following grant of summary judgment to defendants on the sole federal claim before it); *Bryant v. Adventist Health Systems/West*, 289 F.3d 1162 (9th Cir. 2002); *Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001).

Four of Rhino's five claims, including the Miller Act claim, have been dismissed with prejudice. Although the fraud claim was dismissed without prejudice, the Court granted Rhino leave to amend its complaint with respect to this claim on April 27, 2004, almost seven months before Rhino filed its current request for leave to amend and more than five months after Rhino's current counsel entered an appearance. (Rhino's current counsel entered his appearance on June 7, 2004). In addition, Rhino indicated its intention to request leave to amend in order to assert the state contract claim two months before dismissing its Miller Act claim. *See* Plaintiff's Opposition to BioGenesis' Motion for Partial Summary Judgment, filed Sept. 10, 2004, at p. 3.

Nevertheless, Rhino inexplicably failed to either reassert the fraud claim or request leave to assert the state contract claim while the Court still had federal question jurisdiction. Instead, Rhino

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
B041203.327-0001.CT (Opposition Leave to Amend).wpd

3

Case 1:02-cv-00008   Document 472   Filed 12/03/2004   Page 3 of 5

waited until after **all** of its claims had been dismissed before filing its request for leave to amend. If Rhino had wanted the Court to arguably maintain its pendent jurisdiction over any state claims, it had every opportunity to assert at least the one of those claims **before** it voluntarily dismissed the Miller Act claim. Consequently, Rhino currently has no claims pending before this Court. It stands to reason that the policy favoring dismissing a case after all federal claims have been dismissed is even more compelling when all federal claims have been dismissed **and** the plaintiff does not have any pending state claims. Accordingly, Rhino's request for leave should be denied.

### B. The Court Should Deny Rhino's Request For Leave For Inexcusable Neglect and Delay

In *Bymoen*, the plaintiff had also requested leave of court to file an amended complaint to include a breach of contract claim. In denying the plaintiff's motion for leave to amend, the court held that "where a considerable period of time has passed between the filing of the complaint and the motion to amend, the burden is upon the movant to show some valid reason for the movant's neglect and delay." *Bymoen*, 1991 WL 95387 at *1, *citing to Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990). *See also Cresswell, id.* ("The court plainly has discretion, however, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant. The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay . . .")

In *Cresswell*, the court held that the plaintiffs were not entitled to amend their second amended complaint where they did not move to amend until more than 17 months after bringing suit and more than six months after filing their second amended complaint. *Cresswell, id.* In the present case, Rhino brought suit more than two-and-a-half years ago and filed its second amended complaint more than 16 months ago. Both of these periods are notably longer than the periods in *Creswell*.

In *Bymoen*, the plaintiff tried to justify the delay in filing leave to amend on the recent substitution of counsel and the shortcomings of previous counsel. In denying the plaintiff's request for leave to amend, the court held that:

> [T]his is not sufficient basis for leave to amend where defendant would be prejudiced by the amendment. Further, where it appears that a plaintiff's purpose in asserting a new claim is his or her anticipation of an adverse ruling on the original claims, the court will deny leave to amend. In this case the amendment would be particularly prejudicial where discovery has already been completed and defendant has already filed a motion for summary judgment.

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
B041203.327-0001.CT (Opposition Leave to Amend).wpd

4

Case 1:02-cv-00008   Document 472   Filed 12/03/2004   Page 4 of 5

Further, given plaintiff's concession not to oppose summary judgment . . ., and the late date at which she raises a claim that required no new information and could have been raised years ago, it appears to the court that plaintiff is raising this new claim in anticipation of an adverse ruling on the one remaining claim in her third amended complaint.

*Bymoen*, 1991 WL 95387 at *1.

Even more compelling than in *Bymoen*, Rhino's purpose in asserting a new claim is not its "anticipation" of an adverse ruling, it is in response to an already adverse ruling of its original claims. Rhino's request for leave to amend was not filed while a summary judgment motion was pending, it was filed *after* summary judgment had already been granted and after all claims have been dismissed. Accordingly, the request for leave to amend should be denied.

### III. CONCLUSION

The Court, having dismissed not only the claim over which the Court had original jurisdiction but *all* of Rhino's claims, should decline Rhino's request for leave to amend its complaint so that it may exclusively assert state claims. Since Rhino does not have any claims currently pending before the Court, Rhino cannot argue that it will be prejudiced if it is required to assert its claims in state court instead of district court. Moreover, even though Rhino had seven months to do so, Rhino took no action to arguably preserve the Court's pendent jurisdiction by asserting a state claim before voluntarily dismissing the federal claim.

Finally, Rhino's failure to timely request leave to amend amounts to inexcusable neglect and delay sufficient to deny Rhino's motion for leave to amend. Accordingly, this Court should deny Rhino's request and it should dismiss this case in its entirety, in which case BioGenesis would also have no objection to the dismissal without prejudice of its counterclaims.

DATED this 3rd day of December, 2004.

CALVO AND CLARK, LLP
Attorneys at Law
Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.

By: /s/ Arthur B. Clark
ARTHUR B. CLARK

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
B041203.327-0001.CT (Opposition Leave to Amend).wpd                                    5

Case 1:02-cv-00008   Document 472   Filed 12/03/2004   Page 5 of 5