LAW OFFICES
# TARPLEY & MORONI, LLP
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP3037
Attorney for Plaintiff

FILED
DISTRICT COURT OF GUAM
DEC - 9 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RHINO BUILDERS, INC., <br><br>Plaintiff, <br><br>v. <br><br>BIOGENESIS PACIFIC, INC., <br><br>Defendant. | CIVIL CASE NO. 02-00008 |
| BIOGENESIS PACIFIC, INC., <br><br>Counter-Plaintiff, <br><br>v. <br><br>RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br>Counter-Defendants. | **REPLY TO BIOGENESIS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** <br><br>**[ORAL ARGUMENT REQUESTED]** |
| AMERICAN HOME ASSURANCE CO., <br><br>Cross-Claimant, <br><br>v. <br><br>BIOGENESIS PACIFIC, INC., <br><br>Cross-Claim Defendant. | |

Pursuant to Local Rule 7.1(d)(2)(A),[1] Plaintiff submits its reply to the opposition of BioGenesis Pacific, Inc. to Plaintiff's Motion for Leave to File Third Amended Complaint.

### DISMISSAL OF THE GUAM-LAW CLAIMS WOULD BE INAPPROPRIATE AT THIS STAGE OF THE PROCEEDINGS.

This case has been pending in the District Court of Guam for thirty-three months (nearly three years). Numerous motions and cross-motions, some dispositive, have been entertained and decided by this Court. The files are voluminous. Discovery has been completed and the still pending claims are ready for trial. Defendant BioGenesis however has asked the Court to dismiss these pending claims simply because the surety Defendants agreed to settle and be dismissed from this action. Ominously, under BioGenesis' interpretation of the procedural history of this case, should this Court exercise its discretion to dismiss the remaining claims Rhino Builders will be barred by the statute of limitations from maintaining its claim against BioGenesis for breach of contract in the Superior Court of Guam. This would be extremely unfair and prejudicial to Rhino Builders at this late stage of the proceedings. Therefore this Court should decline to dismiss this action.

While Rhino Builders has no quarrel with the authorities cited by BioGenesis which would authorize the Court to dismiss the still pending claims at the present time, there is also other authority

---

[1] This rule allows Rhino to file its reply within seven (7) days after receiving BioGenesis' opposition filed on Friday, December 3, 2004. Also, December 8 was a Guam Holiday, exempted as a filing date by F.R.C.P. 6(a).

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
REPLY TO BIOGENESIS'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
[ORAL ARGUMENT REQUESTED]

Page 2 of 6

strongly indicating that under the facts of this case it would be wrong for this Court to do so. For example, in <u>Batiste v. Island Records, Inc.</u>, 179 F.3rd 217 (5th Cir. 1999) it was held to have been an <u>abuse of discretion</u> to dismiss pendent state-law claims following the dismissal of all federal claims because the case "has produced more than sixteen volumes of records over the course of three years, numerous depositions and discovery disputes, and significant consideration by the District Court of multiple motions to dismiss claims or grant summary judgment." <u>Id. at 228</u>. The court found that in the absence of any difficult state-law questions it would be a waste of judicial resources not to continue to exercise the court's pendent jurisdiction under 28 USC §1367:

> Although we have stated that our "general rule" is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, this rule is neither mandatory nor absolute.

<u>Batiste</u>, supra, at 227.

Likewise, in <u>Tomaiolo v. Mallinoff</u>, 281 F.3rd 1 (1st Cir. 2000), it was found that the trial court properly continued to exercise its jurisdiction over state-law claims after the dismissal of the federal claims because the litigation was "far advanced", and the court had decided cross-motions for summary judgment, discovery had closed, the plaintiff had filed her sixth amended complaint, and all the claims arose from the same core of facts.

See also <u>Timm v. Mead Corporation</u>, 32 F.3rd 273 (7th Cir. 1994), holding that it was not improper for the District Court to retain jurisdiction and decide state claims after the only federal

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
REPLY TO BIOGENESIS'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
[ORAL ARGUMENT REQUESTED]
Page 3 of 6

Case 1:02-cv-00008  Document 474  Filed 12/09/2004  Page 3 of 6

element in case dropped out, when summary judgment had been granted in favor of employer on age discrimination claim where state-law claims were ripe for decision when the age discrimination claim was dismissed, the applicable state law was straightforward, the litigation was well over a year old, and discovery, which had been at times contentious, was completed.

A pendent breach of contract claim may be adjudicated by the Federal District Court even when the plaintiff's Miller Act Claim has failed. <u>Miller Equip. Co. v. Colonia Steel & Iron Co.</u>, 383 F.2d 669, *cert. den'd* 390 U.S. 955, 19 L.Ed.2d 1148, 88 S.Ct. 1049.

The Ninth Circuit has frequently upheld decisions to retain pendent claims on the basis that returning them to state court would be a waste of judicial resources. These cases indicate that a District Court should exercise its discretion to retain pendent claims on the basis of judicial economy, after considerably less time has elapsed than in this case. See, e.g., <u>Mackey v. Pine International Bank</u>, 867 F.2d 520, 523 (9th Cir., 1989) ("retention of jurisdiction well serves the purposes of judicial economy and efficiency" after case had been in federal court only four months); <u>Aydin Corp. v. Loral Corp.</u>, 718 F.2d 897, 904 (9th Cir., 1983) (no abuse of discretion to retain pendent claims on judicial economy grounds after "considerable time" of less than twenty-nine months elapsed); <u>Arizona v. Cook Paint & Varnish Co.</u>, 541 F.2d 226, 227-28 (9th Cir., 1976) (per curiam) (no abuse of discretion to retain pendent claims after "considerable time" of nine months), *cir. den'd*, 430 US 915, 97 S. Ct. 1327, 51 L.Ed.2d 593 (1977); *see also In Re Nu Corp. Energy Sec. Litigation*, 772 F.2d 1486, 1491 (9th

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
REPLY TO BIOGENESIS'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
[ORAL ARGUMENT REQUESTED]
Page 4 of 6

Case 1:02-cv-00008    Document 474    Filed 12/09/2004    Page 4 of 6

Cir., 1985) (District Court "was right in not imposing unnecessarily on a state court or on [the defendant] a repetition of pleadings, motions, discovery and other pre-trial proceedings") (citing Aydin Corp., 718 F.2d at 904); Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir., 1992) (holding that the District Court should properly retain jurisdiction when it is in the interest of economy, convenience, fairness, and comity to do so).

See also 28 USCA §1367, *Practice Commentary* (1993) at 835, stating that if the dismissal of the federal claim occurs "late in the action, after there has been substantial expenditure and time, effort, and money in preparing the dependant claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair. Nor is it by any means necessary." Moreover, the discretion implicit in the word "may" in Subdivision (c) of §1367 permits the District Court to weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants. Castellano v. Board of Trustees, et. al., 937 F.2d 752, 758 (2nd Cir. 1991).

None of the cases cited by BioGenesis in its opposition brief involved the factors addressed in the above-cited authorities and the case at hand.

Plaintiff's breach of contract claim against BioGenesis is based on an oral subcontract and it has not been dismissed from this case, although it is BioGenesis' position that such a claim is not yet part of this lawsuit(an argument based on the form rather than the substance of the complaint's allegations). However, if

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
REPLY TO BIOGENESIS'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
[ORAL ARGUMENT REQUESTED]
**Page 5 of 6**

Case 1:02-cv-00008   Document 474   Filed 12/09/2004   Page 5 of 6

BioGenesis' interpretation of the procedural history of this case is correct, then Rhino's breach of contract claim has not been tolled pursuant to 28 USCA §1367(d). Accordingly, if this Court were to dismiss all of the Guam-law claims, Plaintiff may be precluded from maintaining this breach of contract claim against BioGenesis in the Superior Court of Guam because the two year statute of limitations on oral contracts may have elapsed. The claim would not be barred should it remain in the District Court.

The Third Amended Complaint brings no new claims, but rather adjusts the pleadings to conform to the changes made by the Court, which already granted Plaintiff leave to amend its fraud claim. The Third Amended Complaint is only a matter of housekeeping. Therefore there is no showing of undue prejudice to Defendant.

Respectfully submitted this 8th day of December, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Plaintiff

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
REPLY TO BIOGENESIS'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
[ORAL ARGUMENT REQUESTED]