

FILED
DISTRICT COURT OF GUAM
FEB -1 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC.,<br><br>Defendant. | Civil Case No. 02-00008 |
| BIOGENESIS PACIFIC, INC.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>RHINO BUILDERS, INC.,<br><br>Counter-Defendant. | **ORDER** |

On January 25, 2005, this case came before the Court for a hearing on a Motion for Leave to File Third Amended Complaint (the "Motion"), filed by Plaintiff Rhino Builder, Inc. ("Rhino"). Attorney Thomas Tarpley appeared on behalf of Rhino. Appearing for the defendant BioGenesis Pacific, Inc. ("BioGenesis") was Attorney Arthur Clark. At the conclusions of the hearing, the Court took the matter under advisement. Upon consideration of the record, oral arguments, and relevant case law, the Court GRANTS the Motion and sets forth the basis for its decision herein.

///

ORIGINAL

# BACKGROUND

On March 20, 2002, Rhino commenced this action with the filing of a Complaint. See Docket No. 1. The Complaint alleged that on or before May 2000, Rhino entered into an oral subcontract with BioGenesis whereby Rhino agreed to perform such work as the U.S. Navy may assign to BioGenesis under U.S. Navy Contract No. N62766-99-D-0425. Id. at ¶11. Rhino asserted that BioGenesis agreed to pay all of Rhino's actual costs of performance plus 50% of BioGenesis' profit upon completion of each task order under the Navy contract. Id. at ¶12. Rhino further alleged that although it performed the work and furnished labor and equipment as required under the oral subcontract, BioGenesis refused to pay Rhino moneys Rhino asserts it is due. Id. at ¶¶16-20. Accordingly, Rhino brought suit against BioGenesis and its surety AIGTS.

On September 10, 2002, Rhino amended its complaint. See Amended Complaint (Docket No. 47). The Amended Complaint added American Home Assurance Co. ("AHAC") as a defendant in the action. Aside from the facts asserted in the original Complaint, the Amended Complaint further alleged that AIGTS and AHAC had wrongly denied Rhino's claim against the payment bond. Id. at ¶¶ 24-36. Thus, the Amended Complaint asserted three causes of action against the defendants. Count I asserted that the "Defendants' acts and omissions entitle [Rhino] to recovery against *all* Defendants under the Miller Act." Id. at ¶41 (emphasis added). Count II alleged that the "Defendants' acts and omissions entitle [Rhino] to recovery against AIG[TS] and AHAC for breach of the duty of good faith and fair dealing arising out of the bond and the general tort duty of ordinary care." Id. at ¶43. Count III asserted that "Defendants' acts and omissions entitle Plaintiff to recovery against AIG[TS] for breach of the implied warranty of authority to the extent that AHAC did not authorize denial of the claim, and also to recovery against AIG[TS] under 18 [GUAM CODE ANN.] § 20402(3)." Id. at ¶45.

On July 11, 2003, the Court granted Rhino's Motion for Leave to Amend Complaint to Conform to Facts Ascertained During Discovery. See Minutes, Docket No. 156. Thus, on July 15, 2003, Rhino filed a Second Amended Complaint. See Docket No. 159. The Second Amended included two new causes of action in addition to the three claims previously alleged

in the Amended Complaint. Count IV asserted a claim against BioGenesis for "Bad Faith Prevention of Plaintiff's Ability to Realize Benefits of Subcontract Agreement." Id. at p.10. Count V alleged a claim for fraud against BioGenesis. Id. at p.12.

On December 15, 2003, BioGenesis filed a motion for summary judgment. See Docket No. 278. After full briefing hearing, on April 27, 2004, Judge Unpingco denied BioGenesis' summary judgment motion with respect to Count I, but granted summary judgment in BioGenesis' favor with respect to Counts IV and V. Count IV was dismissed with prejudice based on the Court's finding that "Guam does not recognize a bad faith cause of action to exist between 'sophisticated commercial entities dealing at arms length,' such as Rhino and BioGenesis here." See Order (Docket No. 413) at p.12 (internal quotation and citation omitted). Judge Unpingco dismissed without prejudice Count V, but granted Rhino leave to amend its complaint to allege the fraud count with particularity.

On November 8, 2004, Rhino, AHAC and AIGTS entered into a settlement, and the Court dismissed with prejudice all claims against AHAC and AIGTS. See Docket No. 453.

On November 19, 2004, Rhino filed the instant Motion seeking leave to file a Third Amended Complaint. See Docket No. 458. Therein, Rhino asserted that its previous counsel (Antonio Cortes) failed to include a separate count of breach of contract against BioGenesis. Id. at p.2. Instead, Mr. Cortes "lumped" the allegations regarding the breach of contract claim within the Miller Act claim in Count I. Id. at p.2-3. Thus, Rhino proposed to file a Third Amended Complaint which (1) included a breach of contract claim against BioGenesis; and (2) corrected the deficiency with regard to the fraud allegation. Rhino had not requested a hearing date for its Motion.

On December 3, 2004, BioGenesis filed an opposition to Rhino's motion. See Docket No. 467.

On December 9, 2004, Rhino filed its Reply Brief to the BioGenesis' opposition. See Docket No. 469.

On December 10, 2004, Rhino and BioGenesis requested that the Motion be set for hearing on January 25, 2005. See Docket No. 471.

3

## ANALYSIS

Because BioGenesis has already filed an Answer to the Second Amended Complaint (see Docket No. 162), Rhino seeks leave of Court to amend its complaint once again. The Federal Rules of Civil procedure provide that leave of court to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rhino contends that the Court should grant it leave to file the amended complaint since (1) it has already been given permission to amend the fraud claim; (2) omission of the breach of contract claim was an oversight by prior counsel; and (3) no party will be prejudiced by the amendment.

BioGenesis, on the other hand, disagrees. While the Court permitted Rhino to amend Count V back on April 27, 2004, BioGenesis contends that the breach of contract claim which Rhino now seeks to assert is tardily filed. Biogenesis asserts that this untimely request amounts to "inexcusable neglect and delay sufficient to deny Rhino's motion for leave to amend." BioGenesis' Opp. (Docket No. 467) at p.3.

Additionally BioGenesis argues that this Court is without jurisdiction to grant Rhino's request. BioGenesis contends that as of November 8, 2004, all of Rhino's claims had been dismissed. BioGenesis asserts that while this Court originally had jurisdiction over the action based on federal question jurisdiction (the Miller Act claim alleged in Count I), this claim has since been dismissed with prejudice. And, while a court has the discretion to continue pendent jurisdiction over state claims after the federal claim has been dismissed,[1] BioGenesis asserts that Rhino is essentially requesting the Court to extend its pendent jurisdiction to as-of-yet-unasserted state claims. BioGenesis argues that since Rhino failed to reassert the fraud claim or request leave to bring a breach of contract claim while the Court still had federal question jurisdiction, the Court should not exercise its discretion to retain the state claim of fraud.

---

[1] See Brady v. Brown 51 F.3d 810, 816 (9th Cir. 1995) where the Ninth Circuit stated

> The court may retain jurisdiction even if the federal claims over which it had original jurisdiction are dismissed. See Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir.1992) (*affirming* the district court's retention of state law claims after RICO claim was dismissed), *cert. denied*, 507 U.S. 1004, 113 S. Ct. 1644 (1993)). The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity. Id.

1  Instead, BioGenesis urges the Court to deny the Motion and dismiss the case.

2  Based on the parties' argument, the Court will first determine whether it shall continue to exercise jurisdiction over the remaining viable state claim of fraud. "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri v. Varian Associates, 114 F.3d 999, 1001 (9th Cir.1997) (*en banc*) (*citing* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 619 n. 7 (1988). When deciding whether to retain jurisdiction over supplemental state claims, courts consider various factors including judicial economy, convenience, fairness, and comity. Acri, 114 F.3d at 1001.

This case has been pending in this Court for almost 3 years, and the Court notes that the case file is comprised of approximately 20 volumes. This Court has ruled on discovery motions and several dispositive motions and cross-motions. The Court's involvement in this case has been extensive. With all due respect to the Superior Court of Guam or the United States District Court for the District of Hawai'I, it would be a daunting task for any court to start this case anew. Thus, the factor of judicial economy weighs in favor of this Court retaining jurisdiction. The factors of convenience and fairness do not weigh in favor of or against retaining jurisdiction. Finally, there does not appear to be a novel issue of state law involved in this action such that this Court should refrain from exercising jurisdiction in the interests of comity. Based on these factors, the Court concludes that it will retain jurisdiction of this action.

Having resolved the jurisdictional issue, the Court will next determine whether justice would be served by permitting Rhino to amend its complaint. As Rhino notes, Judge Unpingco already authorized Rhino to amend the fraud allegation, although there has been some delay in doing so. The Court disagrees with BioGenesis' assertion that it will be prejudiced by having to conduct additional discovery to defend against the "new claim." There is no new claim. While the Second Amended Complaint labels Count I as "Miller Act," the facts alleged against BioGenesis assert a breach of contract claim. The breach of contract claim in the proposed Third Amended Complaint contains no new facts which were not previously asserted in the

///

5

Second Amended Complaint.[2] In fact, most of the factual allegations in the proposed Third Amended Complaint were alleged in the original Complaint. BioGenesis has been aware of these facts since the inception of the case or at least since the filing of the Second Amended Complaint. Thus, the Court finds that BioGenesis will not be unduly prejudiced by having to defend against the breach of contract claim. Because the breach of contract claim is not a new claim, there will be no need for additional discovery based on its inclusion. Accordingly, the Court concludes that justice will be served by permitting Rhino to file an amended complaint.

///

---

[2] The Court's paragraph-by-paragraph comparison reveals the following:

| Proposed Third Amended Complaint | | Second Amended Complaint |
|---|---|---|
| ¶1 | essentially the same as | ¶1 |
| ¶2 | identical to | ¶2 |
| ¶3 | identical to | ¶3 |
| ¶4 | identical to | ¶4 |
| ¶5 | essentially the same as | ¶6 |
| ¶6 | essentially identical to | ¶7 |
| ¶7 | essentially identical to | ¶11 |
| ¶8 | essentially identical to | ¶12 |
| ¶9 | essentially identical to | ¶13 |
| ¶10 | essentially identical to | ¶14 |
| ¶11 | essentially identical to | ¶15 |
| ¶12 | essentially identical to | ¶16 |
| ¶13 | identical to | ¶17 |
| ¶14 | essentially the same as | ¶18 |
| ¶15 | essentially the same as | ¶19 |
| ¶16 | identical to | ¶20 |
| ¶17 | identical to | ¶22 |

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Motion. Rhino is hereby permitted to file a third amended complaint in the form attached to its Motion.

Furthermore, the Court notes that there is no trial date set for this action. The last trial date was vacated pending the Court's ruling on various dispositive motions. See Docket No. 403. Accordingly, the parties shall appear for a Scheduling Conference on Tuesday, March 22, 2005 at 10:00 a.m. The parties shall prepare an amended proposed Scheduling Order and submit it for the Court's consideration by March 15, 2005.

SO ORDERED this 31st day of January 2005.

JOAQUIN V.E. MANIBUSAN, JR.
United States Magistrate Judge

Notice is hereby given that this document was entered on the docket on 2/1/05. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 2/1/05
Deputy Clerk    Date