Arthur B. Clark, Esq.
Janalynn Cruz Damian, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96911
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE COMPANY <br><br> Defendants. | CIVIL CASE NO. 02-00008 <br><br> **BIOGENESIS PACIFIC, INC.'S APPEAL OF MAGISTRATE'S ORDER** <br> **[NO ORAL ARGUMENT REQUESTED]** |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |
| AMERICAN HOME ASSURANCE COMPANY, <br><br> Cross-Claimant, <br><br> vs. <br><br> BIOGENESIS PACIFIC INC., <br><br> Cross-Claim Defendant. | |

BIOGENESIS PACIFIC, INC.'S APPEAL OF MAGISTRATE'S ORDER
[NO ORAL ARGUMENT REQUESTED]
B050215.327-0001.CT (Appeal of Magistrate Decision).wpd

1

# I. PROCEDURAL HISTORY

Rhino Builders, Inc. ("Rhino"), a Hawaii corporation, initiated this lawsuit by filing a complaint on March 20, 2002. It filed a first amended complaint on September 10, 2002, and a second amended complaint on July 15, 2003. Rhino asserted five causes of action:

- Count I: a federal Miller Act claim against Defendants American Home Assurance Company ("AHAC") and AIG Technical Services, Inc. ("AIGTS");
- Count II: a state claim of breach of good faith against AHAC and AIGTS;
- Count III: a state claim of breach of implied warranty of authority against AHAC and AIGTS;
- Count IV: a state claim of bad faith against Defendant BioGenesis Pacific, Inc. ("BioGenesis"), also a Hawaii corporation; and
- Count V: a state claim of fraud against BioGenesis.

The Court had federal question jurisdiction over the Miller Act claim and, consequently, supplemental jurisdiction over the state claims. *See* 28 U.S.C. §§ 1331 and 1367(a).

On April 27, 2004, pursuant to a summary motion by BioGenesis, the Court dismissed Rhino's state claims against BioGenesis, Counts IV and V (the bad faith claim (dismissed with prejudice) and the fraud claim (dismissed without prejudice)).

On November 8, 2004, pursuant to a settlement between Rhino, AHAC and AIGTS, the Court entered an order dismissing with prejudice all claims against Defendants AHAC and AIGTS, namely, counts Counts I, II and III. As a result, as of November 8, 2004, *all* of Rhino's claims had been dismissed.

On November 19, 2005, Rhino filed a request for leave to file a third amended complaint to reassert the fraud cause of action, previously dismissed without prejudice, and to assert a new cause of action for breach of contract. BioGenesis opposed the motion. Rhino filed a reply to BioGenesis' opposition, and on January 25, 2005, oral arguments were held before Federal Magistrate Joaquin Manibusan. On February 1, 2005, Magistrate Manibusan issued his order granting Rhino's request for leave to amend.

BIOGENESIS PACIFIC, INC.'S APPEAL OF MAGISTRATE'S ORDER
[NO ORAL ARGUMENT REQUESTED]
B050215.327-0001.CT (Appeal of Magistrate Decision).wpd

2

Case 1:02-cv-00008   Document 484   Filed 02/15/2005   Page 2 of 7

Pursuant to District Court of Guam General Order No. 04-0016, BioGenesis appeals Magistrate Manibusan's Order of February 1, 2005 based on the issues and arguments outlined below.

## II. ARGUMENT

### A. The Magistrate Should Have Denied Rhino's Request For Leave to Amend For Lack of Jurisdiction

The Court has never had diversity jurisdiction in this matter because both Rhino and BioGenesis are Hawaii corporations. *See* 28 U.S.C. § 1332. The Court initially had federal question jurisdiction over the Miller Act claim, however this claim has since been dismissed with prejudice. Although a district court has the discretion to continue pendent jurisdiction over state claims after the claim over which it had original jurisdiction has been dismissed, at the time of Magistrate Manibusan's order, Rhino had *no* claims pending before the Court.

In granting Rhino's request for leave to amend, the Magistrate relied on case law addressing a district court's discretion to continue pendent jurisdiction as generally applicable under 28 U.S.C. § 1367. However, in every case cited by Rhino, or referenced in the Magistrate's Order, a district court continued jurisdiction over state claims that were pending at the time the federal claim was dismissed. At the time that the federal Miller Act claim was dismissed in this action, ***Rhino had no claims pending, federal or state***. All of Rhino's claims had been dismissed. Thus, BioGenesis believes that the Magistrate incorrectly applied the standards applicable under 28 U.S.C. § 1367, since such standards apply to continuing jurisdiction over pending claims.

There are several federal cases standing for the proposition that federal diversity jurisdiction once established continues even if diversity is subsequently defeated. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 124 S.Ct. 1920, 1924 (2004) ("It has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.' This time-of-filing rule is hornbook law . . . . It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing . . .") However, BioGenesis has been unable to discover any case that similarly treats the issue of federal question jurisdiction.

BIOGENESIS PACIFIC, INC.'S APPEAL OF MAGISTRATE'S ORDER
[NO ORAL ARGUMENT REQUESTED]
B050215.327-0001.CT (Appeal of Magistrate Decision).wpd

3

Case 1:02-cv-00008   Document 484   Filed 02/15/2005   Page 3 of 7

Fed.R.Civ.Pro. Rule 15(c) provides that amended pleadings relate back to the date of the original filing, but the intent of this rule clearly appears to be to preserve a claim from a statute of limitations defense. This is not an issue in this case because neither of the two claims pled in Plaintiffs' third amended complaint appear subject to this defense. Plaintiff's breach of contract claim, which Plaintiff never previously asserted, is covered by Hawaii Revised Statute 657-1(1), which has a six-year statute of limitation. And the limitations period for Plaintiff's fraud claim, which Plaintiff did previously assert, is extended to 30 days after the federal case is dismissed pursuant to 28 U.S.C. § 1367(d).

Although under Rule 15(c) claims may relate back, BioGenesis has not discovered any case that supports the conclusion that original federal jurisdiction, once lost, also relates backwards by virtue of an amended complaint. The proper rule should be that once lost, original federal jurisdiction does not continue. BioGenesis therefore believes that the Court lacks jurisdiction to entertain Rhino's third amended complaint.

### B. Even In Applying 28 U.S.C. § 1367, the Magistrate Should Have Denied Rhino's Request for Leave to Amend

Even under the case law standards applied under 28 U.S.C. § 1367, it stands to reason that policy favoring dismissing a case after all federal claims have been dismissed is even more compelling when *all* claims, state and federal, have been dismissed. In applying the § 1367 standards, the Magistrate pointed to three years of pending litigation, 20 volumes of case files, and several rulings on discovery and dispositive motions. With due respect to the Magistrate, and to this Court, it is easy to understand that an initial review of the case file would lead to the conclusion that judicial economy weighs in favor of retaining jurisdiction. However, what was overlooked by the Magistrate is the fact that the bulk of the 20 volumes of files, and the several motions, bare little, if any, relevance to the causes of action that Rhino seeks to assert in its third amended complaint.

With the exception to BioGenesis' summary judgment motion on Rhino's fraud claim, which motion was granted and the cause of action was dismissed without prejudice, the remaining volumes of files dealt with discovery motions, issues germane to whether AHAC had an agency relationship with AIGTS, and the amount of the work performed by Rhino on the Navy Contract since

BIOGENESIS PACIFIC, INC.'S APPEAL OF MAGISTRATE'S ORDER
[NO ORAL ARGUMENT REQUESTED]
B050215.327-0001.CT (Appeal of Magistrate Decision).wpd

4

Case 1:02-cv-00008   Document 484   Filed 02/15/2005   Page 4 of 7

under the Miller Act Rhino could only claim damages in the amount of the work actually performed. With regard to this last issue, Rhino's current counsel has admitted that Rhino's former counsel incorrectly "lumped" the measure of damages applicable to a breach of contract claim under its Miller Act claim. *See* Plaintiff's Opposition to BioGenesis' Motion for Partial Summary Judgment, filed Sept. 10, 2004, at p. 3; and Plaintiff's Memorandum in Support of Motion for Leave to File Third Amended Complaint, filed November 19, 2004, at pp. 2-3. The several motions filed by BioGenesis and AHAC/AIGTS challenging Rhino's measure of damages under the Miller Act dealt with this very issue – how much work Rhino actually performed under the Navy Contract, since that was the measure of damages Rhino could claim under the Miller Act claim.

However, Plaintiffs' new cause of action asserts that Rhino is entitled to one-half of the profits from the Navy Contract as expectation damages, regardless of how much work it performed under the Navy Contract. Accordingly, none of motion and documents on file with the Court related to discovery motions, scheduling matters, AHAC relationship with AIGTS, and the level of damages that may be claimed under the Miller Act, which is almost all of the non-pleading documents on file with the Court, are relevant to the causes of action now being asserted in Plaintiffs' third amended complaint.

Moreover, as to the discovery already completed, there is no prejudice to either party and no redundant discovery will be required as all matters already discovered could be used in state court proceedings. *See* Fed.R.Civ.Proc. Rule 32(a)(4); Hi.R.Civ.Proc. Rule 32(a)(4); 7 Moore's Federal Practice § 32.63[1] (Matthew Bender 3d ed. 2004).

Finally, despite the Magistrate's ruling that it will be more convenient to try this matter on Guam, it is actually more economical to proceed with this case in Hawaii. This case was originally filed on Guam because the Miller Act required the case to be commenced in the location where the contract was performed. 40 U.S.C. § 3132(b(3). However, Rhino's principal officer and agent, Michael and Eugene O'Connel, who have been extensively deposed in this matter, and BioGenesis' principal officer, Gerald Lam, and its accountant, Russell Fong, all reside in Hawaii. It will therefore cost additional thousands of dollars to bring all necessary witnesses to Guam to testify at trial.

BIOGENESIS PACIFIC, INC.'S APPEAL OF MAGISTRATE'S ORDER
[NO ORAL ARGUMENT REQUESTED]
B050215.327-0001.CT (Appeal of Magistrate Decision).wpd

5

Case 1:02-cv-00008   Document 484   Filed 02/15/2005   Page 5 of 7

### C. Rhino Failed To Exercise Due Diligence to Preserve Federal Jurisdiction by Amending Its Complaint Sooner

Further, Rhino must accept responsibility for its failure to preserve the Court's jurisdiction over any of its claims. Rhino has admitted that despite filing a complaint and two amended complaints over the three year history of this case, it never filed a claim for breach of contract. *See* Plaintiff's Opposition to BioGenesis' Motion for Partial Summary Judgment, filed Sept. 10, 2004, at p. 3; and Plaintiff's Memorandum in Support of Motion for Leave to File Third Amended Complaint, filed November 19, 2004, at pp. 2-3.

Four of Rhino's five claims, including the federal Miller Act claim, have been dismissed with prejudice. Rhino was granted leave to amend its complaint with respect to the remaining claim on April 27, 2004, almost *seven months* before Rhino filed its request for leave to amend and more than *five months* after Rhino's current counsel entered an appearance. (Rhino's current counsel entered his appearance on June 7, 2004). In addition, Rhino indicated its intention to request leave to amend *two months* before dismissing its Miller Act claim. *See* Plaintiff's Opposition to BioGenesis' Motion for Partial Summary Judgment, filed Sept. 10, 2004, at p. 3.

Nevertheless, Rhino inexplicably failed to amend its complaint to add the contract claim or to reassert the fraud claim while the Court still had federal question jurisdiction. Instead, Rhino waited until after *all* of its claims had been dismissed before filing its request for leave to amend. If Rhino had wanted the Court to arguably maintain its supplemental jurisdiction over its state claims, it had every opportunity to assert at least the one of those claims *before* it voluntarily dismissed all of its remaining claims.

### III. CONCLUSION

BioGenesis submits that the Magistrate's order to allow Rhino to file a third amended complaint was in error. The Court, having dismissed *all* of Rhino's claims, lacks jurisdiction to hear Rhino's new claims, which exclusively are state claims. Since Rhino does not have any claims currently pending before the Court, Rhino cannot argue that it will be prejudiced if it is required to assert its claims in state court instead of district court. Moreover, even though Rhino had seven months to do so, Rhino took no action to arguably preserve the Court's pendent jurisdiction by asserting a state

BIOGENESIS PACIFIC, INC.'S APPEAL OF MAGISTRATE'S ORDER
[NO ORAL ARGUMENT REQUESTED]
B050215.327-0001.CT (Appeal of Magistrate Decision).wpd

6

Case 1:02-cv-00008   Document 484   Filed 02/15/2005   Page 6 of 7

claim before voluntarily dismissing the federal claim. Accordingly, this Court should deny Rhino's request and it should dismiss this case in its entirety.

DATED this 15th day of February, 2005.

CALVO AND CLARK, LLP
Attorneys at Law
Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.

By: /s/ Art B. Clark
ARTHUR B. CLARK

BIOGENESIS PACIFIC, INC.'S APPEAL OF MAGISTRATE'S ORDER
[NO ORAL ARGUMENT REQUESTED]
B050215.327-0001.CT (Appeal of Magistrate Decision).wpd

7

Case 1:02-cv-00008   Document 484   Filed 02/15/2005   Page 7 of 7