Arthur B. Clark, Esq.
Janalynn C. Damian, Esq.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96911
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Defendant. | CIVIL CASE NO. 02-00008 <br><br> **BIOGENESIS PACIFIC, INC.'S MOTION TO DISMISS FOR LACK OF JURISDICTION PURSUANT TO FED.R.CIV.PROC. RULE 12(b)(1)** <br> [NO ORAL ARGUMENT REQUESTED] |
| BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, AND JOHN DOES 1-10, <br><br> Counter-Defendants. | |

**NOTICE OF MOTION**

Defendant BioGenesis Pacific, Inc. ("BioGenesis") brings this Motion to Dismiss for Lack of Jurisdiction pursuant to Fed.R.Civ.Proc. Rule 12(b)(1) and the memorandum of points and authorities below.

BIOGENESIS PACIFIC, INC.'S MOTION TO DISMISS FOR LACK OF
JURISDICTION PURSUANT TO FED.R.CIV.PROC. RULE 12(b)(1)
B050223.327-0001.CT (Motion to Dismiss).wpd

ORIGINAL

1

Case 1:02-cv-00008   Document 486   Filed 02/24/2005   Page 1 of 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

Rhino Builders, Inc. ("Rhino"), a Hawaii corporation, filed its initial complaint in the above-captioned on March 20, 2002. It filed a first amended complaint on September 10, 2002, and a second amended complaint on July 15, 2003, in which it asserted five causes of action:

- Count I: a federal Miller Act claim against Defendants American Home Assurance Company ("AHAC") and AIG Technical Services, Inc. ("AIGTS");
- Count II: a state claim of breach of good faith against AHAC and AIGTS;
- Count III: a state claim of breach of implied warranty of authority against AHAC and AIGTS;
- Count IV: a state claim of bad faith against BioGenesis, also a Hawaii corporation; and
- Count V: a state claim of fraud against BioGenesis.

The Court had federal question jurisdiction over the Miller Act claim and, consequently, pendent jurisdiction over Rhino's state claims. *See* 28 U.S.C. §§ 1331 and 1367(a).

On April 27, 2004, pursuant to a summary judgment motion by BioGenesis, the Court dismissed Rhino's state claims against BioGenesis: Count IV, the bad faith claim, and Count V, the fraud claim. On November 8, 2004, pursuant to a settlement between Rhino, AHAC and AIGTS, the Court entered an order dismissing with prejudice all claims against Defendants AHAC and AIGTS, namely, Counts I, II and III. As a result, as of November 8, 2004, *all* of Rhino's claims had been dismissed.

On November 19, 2004, Rhino filed a request for leave to file a third amended complaint to reassert the fraud cause of action, previously dismissed without prejudice, and to assert a new cause of action for breach of contract. On February 1, 2005, the Federal Magistrate granted Rhino's request for leave to amend. Rhino filed its third amended complaint on February 4, 2005. The third amended complaint alleges two causes of action:

- Count I: Breach of Contract, and
- Count II: Fraud.

BIOGENESIS PACIFIC, INC.'S MOTION TO DISMISS FOR LACK OF
JURISDICTION PURSUANT TO FED.R.CIV.PROC. RULE 12(b)(1)
B050223.327-0001.CT (Motion to Dismiss).wpd

2

Case 1:02-cv-00008   Document 486   Filed 02/24/2005   Page 2 of 5

Pursuant to the Fed.R.Civ.Proc. Rules 12(b)(1), BioGenesis moves to dismiss the third amended complaint for lack of jurisdiction based on the issues and arguments outlined below.

## II. ARGUMENT

### A.  Lack of Jurisdiction

Fed.R.Civ.Proc. Rule 12(b)(1) provides as follows:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defense[] may at the option of the pleader be made by motion: lack of jurisdiction over the subject matter.

The Court lacks any federal question jurisdiction as to Rhino's two causes of action, breach of contract and fraud, because they exclusively are state actions and do not qualify as "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. The Court also does not have diversity jurisdiction in this matter because both Rhino and BioGenesis are Hawaii corporations. *See* 28 U.S.C. § 1332. Nor do any of the other grants of federal jurisdiction apply. *See* 28 U.S.C. §§ 1330, *et seq*. Even Rhino recognizes that the dismissal of the Miller Act claim has changed the nature of the action from one setting forth a federal claim to one setting forth state claims as evidenced by Rhino's re-captioning of the case from "United States of America for Use and Benefit of Rhino Builders, Inc. v. BioGenesis Pacific, Inc." to simply "Rhino Builders, Inc. v. BioGenesis Pacific, Inc."

The Court initially had federal question jurisdiction over the Miller Act claim, however, this claim was dismissed with prejudice three months before the filing of the third amended complaint. Although a district court has the discretion under 28 U.S.C. § 1367 to continue pendent jurisdiction over pending state claims after the federal claim has been dismissed, at the time of filing of the third amended complaint, Rhino had *no* claims, federal or state, pending before the Court.

There are several federal cases holding that federal diversity jurisdiction once established continues even if diversity is subsequently defeated. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 124 S.Ct. 1920, 1924 (2004) ("It has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.' This time-of-filing rule is hornbook law . . . . It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the

BIOGENESIS PACIFIC, INC.'S MOTION TO DISMISS FOR LACK OF
JURISDICTION PURSUANT TO FED.R.CIV.PROC. RULE 12(b)(1)
B050223.327-0001.CT (Motion to Dismiss).wpd                                        3

Case 1:02-cv-00008   Document 486   Filed 02/24/2005   Page 3 of 5

state of facts that existed at the time of filing . . .") However, BioGenesis has not discovered any case that similarly treats the issue of federal question jurisdiction.

Fed.R.Civ.Proc. Rule 15(c) provides that amended pleadings relate back to the date of the original filing, but the relation-back principle only addresses the question of when a claim is considered to have been pled, which is relevant to statute of limitations not to jurisdiction. *See e.g.*, Fed.R.Civ.Proc. Rule 15(c)(1). Although claims may relate back, BioGenesis has not discovered any case that supports the conclusion that federal question jurisdiction, once lost, is revived by virtue of an amended complaint. Rule 15(c), standing alone, cannot be the basis to extend the court's jurisdiction to state claims. *See* Fed.R.Civ.Proc. Rule 82: ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein. . . .")

Rhino, as the party asserting the Court's jurisdiction has burden of proving its existence. "[F]ederal courts are courts of limited jurisdiction. . . . There is a general presumption against federal court review, and the burden of establishing the contrary rests on the party asserting jurisdiction. And even when federal courts have jurisdiction, they often decline review." *Lanza v. Ashcroft*, 389 F.3d 917, 930 (9th Cir. 2004) (citations omitted). *See also A-Z International v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears") (citations omitted); and *Hexom v. Oregon Dept. of Transportation*, 177 F3d. 1134, 1135 (9th Cir. 1999) ("It is the burden of plaintiffs to persuade the federal courts that subject matter jurisdiction does exist"); 2 Moore's Federal Practice § 12.30[5], (Matthew Bender 3d ed. 2001) (plaintiff must prove jurisdiction exists once challenged by defendant).

//
//
//
//
//
//
//
//
BIOGENESIS PACIFIC, INC.'S MOTION TO DISMISS FOR LACK OF
JURISDICTION PURSUANT TO FED.R.CIV.PROC. RULE 12(b)(1)
B050223.327-0001.CT (Motion to Dismiss).wpd                                                                 4

## III. CONCLUSION

The Court lost federal question jurisdiction over this case when Rhino dismissed its federal Miller Act claim with prejudice. And although there is as federal statute that allows the Court to exercise pendent jurisdiction over Rhino's state claims, the Court also lost pendent jurisdiction over those claims when all of Rhino's state claims were dismissed. Thus, there does not appear to be any basis for the Court to exercise federal jurisdiction over Rhino's newly pleaded state claims. Accordingly, BioGenesis respectfully requests that this Court grant its motion to dismiss Rhino's third amended complaint in its entirety for lack of jurisdiction.

DATED this 24th day of February, 2005.

CALVO AND CLARK, LLP
Attorneys at Law
Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.

By: _/s/ Arthur B. Clark_
ARTHUR B. CLARK

BIOGENESIS PACIFIC, INC.'S MOTION TO DISMISS FOR LACK OF
JURISDICTION PURSUANT TO FED.R.CIV.PROC. RULE 12(b)(1)
B050223.327-0001.CT (Motion to Dismiss).wpd

5

Case 1:02-cv-00008   Document 486   Filed 02/24/2005   Page 5 of 5