LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP5013
Attorney for Plaintiff

**FILED**
DISTRICT COURT OF GUAM
FEB 24 2005
MARY L.M. MORAN
CLERK OF COURT

482

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Defendant. | CIVIL CASE NO. 02-00008 |
| BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, <br><br> Counter-Defendants. | **PLAINTIFF'S RESPONSE TO THE APPEAL OF MAGISTRATE'S ORDER** <br><br> **[ORAL ARGUMENT REQUESTED]** |
| AMERICAN HOME ASSURANCE CO., <br><br> Cross-Claimant, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Cross-Claim Defendant. | |

ORIGINAL

## INTRODUCTION

This appeal by BioGenesis Pacific, Inc. ("Bio") is based squarely on the argument that Plaintiff never brought a claim against Bio for breach of contract until the Third Amended Complaint was filed on February 4, 2005. This argument is fiction, and the Magistrate saw it as such. Discovery is complete, dispositive cross-motions have been decided, and the case is ready for a trial expected to last only 2-3 days. It would place an undue burden on Plaintiff to begin the case anew in another jurisdiction this late in the litigation. The appeal should therefore be denied.

## DISCUSSION

This case has been pending in the District Court of Guam since March of 2002. It involves a construction project on Guam, a prime contract performed on Guam, a subcontract breached on Guam, and it will be determined under the laws of Guam. From the beginning of this case Rhino Builders, Inc. ("Rhino") has always alleged that Bio entered into an oral subcontract with Rhino, which Bio breached, resulting in damages to Rhino. Bio was made a party defendant to these claims, and Bio has always denied them. Thus the dispute has remained at issue between these two parties for over three years now. *See original Complaint, paragraphs 11-20, filed March 20, 2002.* Over time counterclaims, crossclaims, and other parties were added, but the core dispute between Rhino and

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
PLAINTIFF'S RESPONSE TO THE APPEAL OF MAGISTRATE'S ORDER
[ORAL ARGUMENT REQUESTED]
Page 2 of 9

Case 1:02-cv-00008    Document 487    Filed 02/24/2005    Page 2 of 9

Bio has not changed. See the following allegations from Plaintiff's Second Amended Complaint:

11. On or before May 2000, use Plaintiff entered into an oral subcontract with Defendant Contractor whereby use Plaintiff agreed to perform such contract work as the U.S. Navy might assign to Defendant Contractor on individual task orders under the U.S. Navy Contract No. N62766-99-D-0425, between Defendant Contractor and the United States of America.

12. Under the terms of the oral subcontract between Defendant Contractor and use Plaintiff, Defendant Contractor agreed to pay all of use Plaintiff's actual costs of performance plus fifty percent (50%) of Defendant Contractor's profit upon completion of each task order under Contract No. N62766-99-D-0425. A copy of a letter from Defendant Contractor to use Plaintiff reiterating the terms of the oral subcontract between Defendant Contractor and use Plaintiff is attached to Plaintiff's First Amended Complaint as Exhibit "A," and incorporated by reference.

13. The oral subcontract between Defendant Contractor and use Plaintiff was necessary initially only because the contract award date for Contract No. N62766-99-D-0425 had not afforded Defendant Contractor sufficient time to establish a written subcontract with use Plaintiff.

14. Both Defendant Contractor and use Plaintiff agreed that the oral subcontract between Defendant Contractor and use Plaintiff would later be reduced to writing to conform to accepted federal government contract practice.

15. Defendant Contractor later refused to enter into a formal written subcontract with use Plaintiff.

16. Plaintiff then entered into the performance of its oral subcontract and furnished labor and equipment in the

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
PLAINTIFF'S RESPONSE TO THE APPEAL OF MAGISTRATE'S ORDER
[ORAL ARGUMENT REQUESTED]

**Page 3 of 9**

Case 1:02-cv-00008    Document 487    Filed 02/24/2005    Page 3 of 9

prosecution of the work provided for in the contract between Defendant Contractor and the United States of America.

17. Plaintiff performed labor and provided materials as agreed under the oral subcontract as follows: Plaintiff provided all of the needed labor, materials, equipment, facilities, financing and bonding to Defendant Contractor in the prosecution of the work provided for in Contract No. N62766-99-D-0425. The reasonable and agreed value of Plaintiff's actual costs for such performance under the oral subcontract was and is not less than $239,694.47, no more than $25,000.00 of which has been paid by Defendant Contractor to date, leaving a balance due of not less than $214,694.47.

18. In addition to Plaintiff's actual costs, Defendant Contractor agreed to pay Plaintiff a fifty percent (50%) share of Defendant Contractor's profit under Contract No. N62766-99-D-0425. Plaintiff is informed and believes that the reasonable and agreed fifty percent (50%) share of Defendant Contractor's profit therefore was and is an unknown sum in excess of $1.05 million, none of which has been paid by Defendant Contractor to date, leaving a balance due that exceeds $1.05 million.

19. Notwithstanding Plaintiff's several demands for payment, such balances have not been paid and there is now justly due and owing to use Plaintiff an amount exceeding $1,264,694.47, the same being the reasonable value of use Plaintiff's performance under the oral subcontract between Defendant Contractor and use Plaintiff.

20. Defendant Contractor breached its contract with Plaintiff in that it failed and refused to pay Plaintiff the moneys due it for labor performed and equipment furnished, as above set forth, and Plaintiff was then forced to terminate its performance of the contract.

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
PLAINTIFF'S RESPONSE TO THE APPEAL OF MAGISTRATE'S ORDER
[ORAL ARGUMENT REQUESTED]
Page 4 of 9

Case 1:02-cv-00008    Document 487    Filed 02/24/2005    Page 4 of 9

\* \* \*

> 39. By reason of Defendants' bad faith and breaches of their duties, Plaintiff has been damaged in amounts to be determined at trial.

As is typical in Miller Act cases, these claims against Bio were brought in conjunction with Rhino's Miller Act claim against Bio's payment bond sureties, the claim which gave this court original jurisdiction. Rhino recently settled its Miller Act claim against the sureties, as well as its collateral claims against the sureties for bad faith and attorney fees, resulting in a dismissal of the sureties from this case. While this Court has the discretion under 28 U.S.C. §1367(c)(3) to dismiss all pendent state law claims if the federal law claims have been dismissed, the Magistrate recognized this is one of those times when it is improper to do so (citing Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995)). *Magistrate's ORDER of February 1, 2005, p.4*

See also Batiste v. Island Records, Inc., 179 F.3d 217 (5th Cir, 1999) where it was held to have been an abuse of discretion to dismiss pendent state-law claims following the dismissal of all federal claims because the case "has produced more than sixteen volumes of records over the course of three years, numerous depositions and discovery disputes, and significant consideration by the District Court of multiple motions to dismiss claims or grant summary judgment." *Id. at 228.* The court found that in the absence of any difficult state-law questions it would be a waste of

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
PLAINTIFF'S RESPONSE TO THE APPEAL OF MAGISTRATE'S ORDER
[ORAL ARGUMENT REQUESTED]
**Page 5 of 9**

Case 1:02-cv-00008  Document 487  Filed 02/24/2005  Page 5 of 9

judicial resources not to continue to exercise the court's pendent jurisdiction under 28 USC §1367:

> Although we have stated that our "general rule" is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, this rule is neither mandatory nor absolute.

*Batiste*, supra, at 227.

Likewise, in <u>Tomaiolo v. Mallinoff</u>, 281 F.3rd 1 (1st Cir. 2000), it was found that the trial court properly continued to exercise its jurisdiction over state-law claims after the dismissal of the federal claims because the litigation was "far advanced", and the court had decided cross-motions for summary judgment, discovery had closed, the plaintiff had filed her sixth amended complaint, and all the claims arose from the same core of facts.

See also <u>Timm v. Mead Corporation</u>, 32 F.3rd 273 (7th Cir. 1994), holding that it was not improper for the District Court to retain jurisdiction and decide state claims after the only federal element in case dropped out, when summary judgment had been granted in favor of employer on age discrimination claim where state-law claims were ripe for decision when the age discrimination claim was dismissed, the applicable state law was straightforward, the litigation was well over a year old, and discovery, which had been at times contentious, was completed.

A pendent breach of contract claim may be adjudicated by the Federal District Court even when the plaintiff's Miller Act Claim has failed. <u>Miller Equip. Co. v. Colonia Steel & Iron Co.</u>, 383 F.2d 669, *cert. den'd* 390 U.S. 955, 19 L.Ed.2d 1148, 88 S.Ct. 1049.

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
PLAINTIFF'S RESPONSE TO THE APPEAL OF MAGISTRATE'S ORDER
[ORAL ARGUMENT REQUESTED]
**Page 6 of 9**

Case 1:02-cv-00008   Document 487   Filed 02/24/2005   Page 6 of 9

The Ninth Circuit has frequently upheld decisions to retain pendent claims on the basis that returning them to state court would be a waste of judicial resources. These cases indicate that a District Court should exercise its discretion to retain pendent claims on the basis of judicial economy, after considerably less time has elapsed than in this case. See, e.g., Mackey v. Pine International Bank, 867 F.2d 520, 523 (9th Cir., 1989) ("retention of jurisdiction well serves the purposes of judicial economy and efficiency" after case had been in federal court only four months); Aydin Corp. v. Loral Corp., 718 F.2d 897, 904 (9th Cir., 1983) (no abuse of discretion to retain pendent claims on judicial economy grounds after "considerable time" of less than twenty-nine months elapsed); Arizona v. Cook Paint & Varnish Co., 541 F.2d 226, 227-28 (9th Cir., 1976) (per curiam) (no abuse of discretion to retain pendent claims after "considerable time" of nine months), *cir. den'd*, 430 US 915, 97 S. Ct. 1327, 51 L.Ed.2d 593 (1977); *see also* In Re Nu Corp. Energy Sec. Litigation, 772 F.2d 1486, 1491 (9th Cir., 1985) (District Court "was right in not imposing unnecessarily on a state court or on [the defendant] a repetition of pleadings, motions, discovery and other pre-trial proceedings") (citing Aydin Corp. v. Loral Corp., 718 F.2d at 904); Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir., 1992) (holding that the District Court should properly retain jurisdiction when it is in the interest of economy, convenience, fairness, and comity to do so).

See also 28 USCA §1367, *Practice Commentary* (1993) at 835, stating that if the dismissal of the federal claim occurs "late in

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
PLAINTIFF'S RESPONSE TO THE APPEAL OF MAGISTRATE'S ORDER
[ORAL ARGUMENT REQUESTED]
**Page 7 of 9**

Case 1:02-cv-00008   Document 487   Filed 02/24/2005   Page 7 of 9

the action, after there has been substantial expenditure and time, effort, and money in preparing the dependent claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair. Nor is it by any means necessary." Moreover, the discretion implicit in the word "may" in Subdivision (c) of §1367 permits the District Court to weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants. <u>Castellano v. Board of Trustees, et. al.</u>, 937 F.2d 752, 758 (2nd Cir. 1991).

Bio attempts to by-pass the above cited authority by arguing that there *never was* a pending claim for breach of contract against Bio until after the federal claims against the sureties were dismissed. This is an argument of form over substance. Although Rhino's former attorney, Antonio Cortes, lumped the contract action against Bio into the same "Count" against the sureties entitled "Miller Act" in the Second Amended Complaint and alleged the legal theory that Rhino was entitled to recover under "the Miller Act", it is explicit that Rhino was bringing claims against "all Defendants", not just the sureties *(SAC §42)*. Under FRCP Rule 8, what is important for a plaintiff to allege are the *facts*, not legal theories, supporting a claim against a named defendant. The label that a plaintiff places on pleadings does not determine the nature of a cause of action. <u>Rains v. Criterion Systems, Inc.</u>, 80 F.3d 339 (C.A. 9th, Cal., 1996); <u>General Dynamics Corp. v. U.S.</u>, 139 F.3d 1280 (C.A. 9th, Cal., 1998)(Courts need not accept labels attached by parties to their claims).

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
PLAINTIFF'S RESPONSE TO THE APPEAL OF MAGISTRATE'S ORDER
[ORAL ARGUMENT REQUESTED]
**Page 8 of 9**

Case 1:02-cv-00008   Document 487   Filed 02/24/2005   Page 8 of 9

Bio's argument in this regard is a pretense; a pretense made evident with the fact that, strictly speaking, a "Miller Act Claim" is one answerable only by a surety, not the contractor, yet Bio has been a named defendant since 2002 and never once sought to be excused from the so-called "Miller Act" claim as an improper party defendant. Bio is now jousting with semantics, pretending never to have known that Rhino was seeking damages against it for breach of contract! Yet Bio has repeatedly denied the allegations of this core complaint of contractual breach in each of the various amended complaints and has been fighting every step of the way through this long and arduous litigation. The rule is "notice pleading". No one can take seriously the laughable position that Bio has not been on notice for years that Rhino has been seeking damages against it for breach of contract. The Magistrate did not buy it, and this Court should not either. There are no new claims in the Third Amended Complaint that have not been pending for years. The District Court of Guam has had Supplemental Jurisdiction over them all along. Thus the basis for Bio's appeal is a nullity and the appeal should be denied.

Dated this __24th__ day of February, 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Plaintiff

Rhino Builders, Inc. v. BioGenesis Pacific, Inc.
Civil Case No. 02-00008
PLAINTIFF'S RESPONSE TO THE APPEAL OF MAGISTRATE'S ORDER
[ORAL ARGUMENT REQUESTED]

Page 9 of 9

Case 1:02-cv-00008   Document 487   Filed 02/24/2005   Page 9 of 9