LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

**FILED**
DISTRICT COURT OF GUAM

APR - 7 2005

MARY L.M. MORAN
CLERK OF COURT

(496)

3ZP6031
Attorney *for* Plaintiff/Cross-Defendants

IN THE DISTRICT COURT OF GUAM

RHINO BUILDERS, INC.,                    )        CIVIL CASE NO. 02-00008
                                          )
            Plaintiff,                    )
                                          )
        v.                                )
                                          )
BIOGENESIS PACIFIC, INC.,                 )
                                          )
            Defendant.                    )
_____)        **REPLY TO MARCH 18, 2005**
BIOGENESIS PACIFIC, INC.,                 )        **COUNTERCLAIM**
                                          )
        Counter-Plaintiff,                )
                                          )
        v.                                )
                                          )
RHINO BUILDERS, INC. and                  )
MICHAEL O'CONNELL,                        )
                                          )
        Counter-Defendants.               )
_____)

        Counter-Defendants Rhino Builders, Inc. and Michael O'Connell

reply to the numbered allegations of the counterclaim of BioGenesis

Pacific, Inc. dated March 18, 2005 as follows:

        1.    Deny.

        2.    Admit.

        3.    Admit.

        4.    Admit.

        5.    Admit.

**ORIGINAL**

6.  Admit.

7.  Admit that O'Connell represented that Rhino had bonding and trained and licensed personnel, but deny all of the other allegations, affirmatively alleging that, in fact, it was Gerald Lam who, on behalf of BioGenesis, first approached O'Connell about Rhino helping BioGenesis perform its contract with the Navy.

8.  Deny.

9.  Deny the first sentence for lack of knowledge, but admit the second sentence.

10.  Deny.

11.  Admit that BioGenesis allowed Rhino to enter the project site on or about February 2000, but deny the remaining allegations.

### Fraud

12.  Deny, affirmatively alleging that Rhino accepted eighteen (18) delivery orders from BioGenesis under its oral subcontract with BioGenesis.

13.  Deny.

14.  Deny.

15.  Deny, affirmatively alleging that when Rhino accepted eighteen (18) delivery orders from BioGenesis under its oral subcontract with BioGenesis, BioGenesis had not yet mobilized any work force nor hired any employees on Guam.

16.  Deny.

17.  Deny.

18.  Deny.

19.  Deny.

20.  Deny.

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008                                    **Page 2 of 4**
REPLY TO MARCH 18, 2005 COUNTERCLAIM

Case 1:02-cv-00008   Document 501   Filed 04/07/2005   Page 2 of 4

21. Deny.

22. Admit the first sentence and that BioGenesis has paid Rhino $25,000, but deny the remaining allegations.

23. Deny.

24. Deny for lack of knowledge.

### Tortious Interference with Contract

25. Deny.

26. Deny, affirmatively alleging that to the extent that Rhino had its workers cease work it was because BioGenesis failed to pay Rhino in breach of their oral subcontract and thereby prevented Rhino from paying its employees.

27. Deny.

28. Deny.

**FIRST CAUSE OF ACTION**
**FRAUD**

29. Cross-Defendants reallege and incorporate by reference all of the above answers.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

**SECOND CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH A CONTRACT**

34. Cross-Defendants reallege and incorporate by reference all of the answers to paragraphs 1 through 28 above.

35. Deny.

36. Deny.

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008                                    Page 3 of 4
REPLY TO MARCH 18, 2005 COUNTERCLAIM
Case 1:02-cv-00008   Document 501   Filed 04/07/2005   Page 3 of 4

## AFFIRMATIVE DEFENSES

1. The Court lacks personal jurisdiction over O'Connell and lacks subject matter jurisdiction over the claims asserted by BioGenesis.

2. Insufficiency of process over O'Connell.

3. Insufficiency of service of process over O'Connell.

4. The March 18, 2005 counterclaim for Fraud, like the July 30, 2003 counterclaim for Fraud, is untimely made, without leave of Court, in countervention to the Court's scheduling order, and without the required showing that said order should properly be modified to allow this new counterclaim.

5. Statute of limitations.

6. The counterclaims failed to state claims for which relief can be granted.

7. Defendant's amended counterclaims are barred by one or more of the following additional affirmative defenses: Estoppel, waiver, laches, ratification, set-off, bad faith, fraud and misrepresentation, and failure to mitigate damages.

WHEREFORE, Cross-Defendants pray that the Court dismiss Defendant's counterclaim, that Defendant take nothing therefrom, and that the Court award Cross-Defendants costs and whatever further relief this Court deems just.

Dated this _____7th_____ day of April, 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Cross-Defendants

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008                    **Page 4 of 4**
REPLY TO MARCH 18, 2005 COUNTERCLAIM
Case 1:02-cv-00008    Document 501    Filed 04/07/2005    Page 4 of 4