
FILED
DISTRICT COURT OF GUAM

APR 14 2005 𝒫

MARY L.M. MORAN
CLERK OF COURT

498

1
2
3
4

LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

5

6

3ZP6061
Attorney *for* RHINO BUILDERS, INC. AND MICHAEL O'CONNELL

7

8
IN THE DISTRICT COURT OF GUAM

9
RHINO BUILDERS, INC.,          )     CIVIL CASE NO. 02-00008
                               )
10
            Plaintiff,         )
                               )
11
      v.                       )
                               )
12
BIOGENESIS PACIFIC, INC.,      )
                               )
13
            Defendant.         )
——————————————————————)        **MOTIONS TO DISMISS**
14
BIOGENESIS PACIFIC, INC.,      )     **COUNTERCLAIMS OF FRAUD**
                               )
15
      Counter-Plaintiff,       )     **[HEARING SET FOR MAY 12, 2005**
                               )     **AT 10:00 A.M. PER REVISED**
16
      v.                       )     **SCHEDULING ORDER OF**
                               )     **MARCH 29, 2005]**
17
RHINO BUILDERS, INC. and       )
MICHAEL O'CONNELL,             )
18
                               )
            Counter-Defendants.)
19
——————————————————————)

20

21
                      <u>**MOTION**</u>

22
      Counterclaim Defendants Rhino Builders, Inc. ("Rhino") and

23
Michael O'Connell move the Court for an order dismissing the First

24
Cause of Action ("FRAUD") of BioGenesis' counterclaim herein, based

25
upon the following facts of record.

26
      1.   The first answer filed by BioGenesis in this matter was

27
the "Answer and Counterclaim" filed on September 24, 2002.  This

28
answer contained a single counterclaim against Rhino, entitled

ORIGINAL

"Tortious Interference With Contract" pertaining to the same transactions and occurrences forming the basis for Rhino's complaint against BioGenesis; i.e., BioGenesis' eighteen delivery orders under its contract with the Navy. For this Court's ease of reference, the original Answer and Counterclaim is appended to this motion as Exhibit 1.[1/]

2.   In its counterclaim BioGenesis was seeking damages of $3,820.00, plus exemplary damages. *Ibid.*

3.   On June 4, 2003, this Court issued its "Revised Scheduling Order and Discovery Plan" (Exhibit 2 hereto). This order reaffirmed that "[a]ll motions to add parties and claims were required to be filed on or before **September 27, 2002**" (*Id.* ¶ 3) and [a]ll motions to amend pleadings were required to be filed on or before **October 28, 2002**" (*Id.* ¶ 4).

4.   BioGenesis has never sought leave of Court to amend its counterclaim or to add a third party. However on July 14, 2003, over the opposition of BioGenesis, the Court granted Rhino leave to file its Second Amended Complaint, which was filed the next day on July 15, 2003.

5.   On July 30, 2003 BioGenesis filed its "Answer to Second Amended Complaint and Counterclaim" containing its original counterclaim for tortious interference with contract, but also containing an entirely new counterclaim for "Fraud" against Counterclaim Defendants Rhino and O'Connell (Exhibit 3 hereto).

---

[1/]
This was the answer to Rhino's first Amended Complaint. BioGenesis filed no answer to Rhino's original complaint.

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
MOTIONS TO DISMISS COUNTERCLAIMS OF FRAUD
[HEARING SET FOR MAY 12, 2005 AT 10:00 A.M. AS PER
REVISED SCHEDULING ORDER OF MARCH 29, 2005]                    **Page 2 of 6**

1    This new counterclaim seeks actual damages of $43,854.20 plus
2    punitive damages for fraud in the amount of $7,029,328.94. *Id.*

3        6.   In their Replies to BioGenesis' new counterclaim, both
4    Rhino and O'Connell raised the affirmative defense of Waiver
5    (Exhibits 4 and 5 hereto).   Additionally, Rhino affirmatively
6    asserted that this new counterclaim had been brought without leave
7    of Court and in violation of the Scheduling Order. *Id.*

8        7.   Recently, Rhino was granted leave to file its Third
9    Amended Complaint, containing minor modifications but no new claims
10   (Exhibit 6 hereto).   In answer, BioGenesis brought the same two
11   counterclaims for fraud and tortious interference of contract
12   against Rhino and O'Connell.

13       8.   In Reply, Rhino and O'Connell raised the same affirmative
14   defenses as before, including Waiver, thus preserving the issue.

15                              **ARGUMENT**

16       This Court should first note that the factual allegations
17   supporting BioGenesis' counterclaim of fraud arise out of the same
18   transaction and occurrences supporting Rhino's claim that it is
19   owed money from BioGenesis for work performed under a subcontract
20   regarding BioGenesis' eighteen delivery orders with the Navy back
21   in 2000.   BioGenesis' counterclaim essentially alleges that there
22   was no subcontract with Rhino and that Rhino and O'Connell
23   committed fraud by claiming there was a subcontract.   Because this
24   counterclaim of "Fraud" is a claim that arises out of the
25   transaction or occurrence that is the subject matter of Rhino's
26   claim, it is a compulsory counterclaim rather than a permissive
27   counterclaim.   FRCP Rule 13(a).

28   Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
     Civil Case No. 02-00008
     MOTIONS TO DISMISS COUNTERCLAIMS OF FRAUD
     [HEARING SET FOR MAY 12, 2005 AT 10:00 A.M. AS PER
     REVISED SCHEDULING ORDER OF MARCH 29, 2005]        **Page 3 of  6**

When BioGenesis filed its original Answer and Counterclaim, BioGenesis omitted any counterclaim for "Fraud". *See Exhibit 1 hereto.*

When BioGenesis failed to set forth a counterclaim for fraud in its first answer to the complaint, any counterclaim for fraud was waived as a matter of law. Fed. R. Civ. P. 7(a), 12(a), (b); Harbor Insurance Company v. Continental Bank Corporation, 922 F.2d 357, 360 (7th Cir. 1990); Local Union No. 11, International Brotherhood of Electrical Workers v. G.P. Thompson Electric, Inc., 363 F.2d 181, 184 (9th Cir. 1966). *See also Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n.1, 94 S.Ct. 2504, 2506 n.1, 41 L.Ed.2d 243 (1974) (holding that an unasserted compulsory counterclaim is thereafter "barred").*

If BioGenesis omitted its counterclaim for fraud because of oversight, inadvertence, or excusable neglect, such a counterclaim may be added later only upon leave of Court. Fed. R. Civ. P. Rule 13(f) provides:

> **(f) Omitted Counterclaim.** When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may **by leave of court** set up the counterclaim by amendment.

Here BioGenesis never sought leave of Court to add a counterclaim for fraud, but simply filed it, without permission, in answer to Plaintiff's Second Amended Complaint, thereby amending its original counterclaim. *See Exhibit 3 hereto.*

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
MOTIONS TO DISMISS COUNTERCLAIMS OF FRAUD
[HEARING SET FOR MAY 12, 2005 AT 10:00 A.M. AS PER
REVISED SCHEDULING ORDER OF MARCH 29, 2005]            **Page 4 of 6**

Case 1:02-cv-00008    Document 503    Filed 04/14/2005    Page 4 of 37

1   In reply to this new counterclaim, both Rhino and O'Connell
2   raised the affirmative defense of Waiver, thus preserving the
3   issue.  *See Exhibits 4, 5, and 7 hereto*.  Because the compulsory
4   counterclaim for fraud had already been waived, and because
5   BioGenesis never sought leave of Court to be allowed to amend its
6   counterclaim to include a new claim for fraud, said counterclaim
7   should be dismissed at this time.

8       Furthermore, Rhino raised the following affirmative defense in
9   reply to this counterclaim when it was first brought by BioGenesis:

10          "The July 30, 2003 counterclaim is untimely
11          made, without leave of Court in contravention
12          to the Court's scheduling order, and without
13          the required showing that said order  should
14          properly be  modified to  allow  this  new
15          counterclaim."

16          *See Exhibit 4 hereto.*

17      Indeed, prior to filing the counterclaim the last scheduling
18  order addressing the issue provided that any motion to add claims
19  or parties was cut-off as of September 27, 2002, nine months prior
20  to filing the amended counterclaim.

21      Stated simply, BioGenesis was required to obtain leave of
22  Court to file this new claim for fraud, a requirement that was
23  ignored.

24                          **CONCLUSION**

25      BioGenesis' counterclaim for fraud was waived when it was not
26  included in  its  initial  answer, because  it  was  a  compulsory
27  counterclaim.  BioGenesis has never sought leave of Court to add

28  Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
    Civil Case No. 02-00008
    MOTIONS TO DISMISS COUNTERCLAIMS OF FRAUD
    [HEARING SET FOR MAY 12, 2005 AT 10:00 A.M. AS PER          **Page 5 of  6**
    REVISED SCHEDULING ORDER OF MARCH 29, 2005]

    Case 1:02-cv-00008    Document 503    Filed 04/14/2005    Page 5 of 37

1  such a claim.  Moreover, the insertion of this new claim, adding a

2  new counterclaim defendant on June of 2003 was clearly outside this

3  Court's scheduling order.  Accordingly, this counterclaim should be

4  dismissed with prejudice.

5       Dated this _____14th_____ day of April, 2005.

6                           TARPLEY & MORONI, LLP

7

8                    By:_____
                          THOMAS M. TARPLEY, JR.,
9                         Attorney for
                          RHINO BUILDERS, INC. and
10                        MICHAEL O'CONNELL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
    Civil Case No. 02-00008
    MOTIONS TO DISMISS COUNTERCLAIMS OF FRAUD
    [HEARING SET FOR MAY 12, 2005 AT 10:00 A.M. AS PER          **Page 6 of 6**
    REVISED SCHEDULING ORDER OF MARCH 29, 2005]

FILED
DISTRICT COURT OF GUAM

SEP 2 4 2002

MARY L. M. MORAN
CLERK OF COURT

1　Arthur B. Clark, Esq.
　　Janalynn M. Cruz, Esq.
2　CALVO AND CLARK, LLP
　　Attorneys at Law
3　655 South Marine Drive, Suite 202
　　Tamuning, Guam 96911
4　Telephone:　(671) 646-9355
　　Facsimile:　(671) 646-9403
5
　　Attorneys for Defendant
6　Biogenesis Pacific, Inc.

7

8　　　　　　　　　　DISTRICT COURT OF GUAM

9　　　　　　　　　　　TERRITORY OF GUAM

10　UNITED STATES OF AMERICA FOR USE　）　CIVIL CASE NO. 02-00008
　　AND BENEFIT OF RHINO BUILDERS, INC.,　）
11　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　Plaintiff,　　　　）
12　　　　　　　　　　　　　　　　　　　　　）　**ANSWER AND COUNTERCLAIM**
　　　　　　vs.　　　　　　　　　　　　　）
13　　　　　　　　　　　　　　　　　　　　　）
　　BIOGENESIS PACIFIC, INC. and　　　　　）
14　AIG TECHNICAL SERVICES, INC.,　　　　）
　　　　　　　　　　　　　　　　　　　　　）
15　　　　　　　　　　　　Defendants.　　　）
　　────────────────────────────────────）
16　　　　　　　　　　　　　　　　　　　　　）
　　BIOGENESIS PACIFIC INC.,　　　　　　　）
17　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　Counter-Plaintiff,　　　）
18　　　　　　　　　　　　　　　　　　　　　）
　　　　　　vs.　　　　　　　　　　　　　）
19　　　　　　　　　　　　　　　　　　　　　）
　　RHINO BUILDERS, INC.,　　　　　　　　）
20　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　Counter-Defendant.　　　）
21　────────────────────────────────────）

22　　　　　　COMES NOW, Defendant Biogenesis Pacific, Inc. ("Biogenesis"), by and through its

23　counsel Calvo and Clark, LLP, and answers the Amended Complaint as follows:

24　　　　　　1.　　As to paragraph 1, 3, 9, 10, 15, 24, 29 of the Complaint, BioGenesis admits said

25　allegations..

26　　　　　　2.　　As to paragraphs 2, 5, 23, 25-27, 30-37 of the Complaint, Biogenesis having

27　insufficient information or belief regarding said allegations denies said allegations.

28

CORTE'S
RECEIVED 3:04 p

1         3.     As to paragraph 4, 6, 8, 11-14, 16-22, 38, 39, 41, 43, 45 of the Complaint,

2 BioGenesis denies said allegations.

3         4.     As to paragraph 7 of the Complaint, BioGenesis denies the allegations that the

4 Navy was for a consideration of $4,926,657 for the period from May 15, 2000 to September 29, 2001.

5 Biogenesis admits all other allegations contained in paragraph 7.

6         5.     As to paragraph 28, BioGenesis admits that on or about January 9, 2002 Plaintiff

7 sent AIG the Proof of Claim attached as Exhibit "E." BioGenesis having insufficient information or

8 belief regarding the remaining allegations in paragraph 28, denies said allegations.

9         6.     As to paragraph 40, BioGenesis realleges and incorporates by this reference its

10 responses to paragraphs 1 through 39.

11         7.     As to paragraph 42, BioGenesis realleges and incorporates by this reference its

12 responses to paragraphs 1 through 41.

13         8.     As to paragraph 44, BioGenesis realleges and incorporates by this reference its

14 responses to paragraphs 1 through 43.

15         9.     As to all other paragraphs and allegations not herein specifically admitted,

16 BioGenesis herein generally and specifically denies said allegations.

17 AFFIRMATIVE DEFENSES

18      Plaintiff's claim against Defendants is barred by the following affirmative defenses:

19 debt not due; statute of limitations; unclean hands; lack of privity of contract; laches; set-off; bad faith;

20 fraud and misrepresentation; estoppel; failure to mitigate.

21      WHEREFORE, Defendant Biogenesis Pacific, Inc. prays that Plaintiff takes nothing by

22 its Complaint.

23

24 **COUNTERCLAIM OF DEFENDANT BIOGENESIS PACIFIC INC.**
**AGAINST PLAINTIFF RHINO BUILDERS, INC.**

25      COMES NOW Defendant and Counter-Plaintiff Biogenesis Pacific, Inc. ("BioGenesis"),

26 by and through its attorney of record Calvo and Clark, LLP, and for its counterclaim herein alleges as

27 follow:

28         1.     This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

2.     To the best of BioGenesis's knowledge, Plaintiff and Counter-Defendant Rhino Builders, Inc. ("Rhino") is and at all times relevant herein was a Hawaii corporation licensed and authorized to transact business in Guam.

3.     BioGenesis is, and at all times relevant herein was, a Hawaii corporation. BioGenesis became licensed and was authorized to transact business in Guam on or around January 2001.

4.     On or about September 29, 1999, BioGenesis was awarded Navy Contract No. N62766-99-D-0425 (the "Contract") by the United States of America through the Department of the Navy (the "Navy"). Pursuant to the Contract, BioGenesis was to furnish materials and perform the labor for the installation and repair of U.S. Navy housing roofing in various locations on Guam. The Contract was for a term of one base year plus four option years. A copy of the letter from the Navy to BioGenesis informing BioGenesis that it was selected is attached as Exhibit "A" and incorporated herein by reference.

5.     On or about September 29, 1999, Rhino was informed by the Navy's Contracting Officer that BioGenesis was selected to receive the Contract award. A copy of the letter from the Navy to Rhino informing Rhino that BioGenesis was selected is attached as Exhibit B and incorporated herein by reference.

6.     Around or before May 2000, Mr. Michael O'Connell, chief executive officer of Rhino ("Mr. O'Connell"), approached BioGenesis, and attempted to solicit work under the Contract. Mr. O'Connell represented that Rhino had bonding, surety, project insurance, project plans, trained and licensed personnel, specific work plans, building materials, and financing already available and in place.

7.     BioGenesis informed Mr. O'Connell that BioGenesis would consider sub-contracting work to Rhino upon Rhino satisfying certain conditions precedent, namely, submittal and approval by BioGenesis of the proper certificates of insurance, project payment and performance bonding, project safety, accident and quality control plans, financial assurances, a detailed work plan for each proposed delivery order and specific pricing breakdown and total. BioGenesis further informed Mr. O'Connell that if Rhino was subcontracted, Rhino would have to provide and finance all of its project costs and materials and BioGenesis would not have to pay Rhino unless Rhino completed the

ANSWER AND COUNTER-CLAIM
CIVIL CASE NO. 02-00008
B020924.327-0002.CT (Answer and Counter-Claim).wpd                                    3
Case 1:02-cv-00008     Document 503     Filed 04/14/2005     Page 10 of 37

1  work, the Navy quality assurance officer and contract officer signed off on the work, and BioGenesis
2  was paid.

3          8.      As part of the Contract, BioGenesis was required to advise the Navy of who it
4  would authorize on Guam to act on its behalf to execute delivery orders. Mr. O'Connell informed
5  BioGenesis that Rhino's Guam operations manager Mr. Richard Avilla ("Mr. Avilla") would be
6  available as an individual for hire by BioGenesis for this purpose.

7          9.      In anticipation of mobilizing at some time in the future on Guam, BioGenesis
8  submitted Mr. Avilla's name to the Navy as BioGenesis's authorized manager. However, because
9  BioGenesis had no specific timetable to mobilize on Guam or to formulate delivery orders under the
10  Contract, Mr. Avilla was not immediately hired by BioGenesis and therefore was never given authority
11  to bind BioGenesis. At the time Mr. Avilla remained an employee of Rhino.

12          10.     On or around May 2000, BioGenesis allowed Rhino to enter the project site at
13  its own risk and cost for the limited purpose of investigating potential delivery orders under the
14  Contract in order to provide specific proposals to BioGenesis.

15          11.     From May through September 2000, unbeknownst to BioGenesis, without prior
16  authorization from BioGenesis and without satisfying the above-said conditions precedent, Rhino
17  caused Mr. Avilla to accept eighteen (18) delivery orders under the Contract from the Navy on behalf
18  of BioGenesis by telling Mr. Avilla that Rhino had subcontracted with BioGenesis and authorized the
19  delivery orders.

20          12.     At the time Rhino accepted the delivery orders and started work on said delivery
21  orders BioGenesis had not yet mobilized any workforce for the Contract and thus did not have any
22  employees on Guam. Thus, BioGenesis was not informed by the Navy that Rhino had caused delivery
23  orders to be accepted or that Rhino had commenced work on said delivery orders.

24          13.     Rhino never informed BioGenesis that Rhino had caused said delivery orders to
25  be accepted from the Navy under the Contract or that Rhino had commenced work on said delivery
26  orders.

27          14.     On or about August or September 2000, Mr. O'Connell requested of Mr. Avilla
28  that Mr. Avilla fail to show up at scheduled meetings with the Navy related to the delivery orders and

1  to stop all work on the above-said delivery orders in order to cause BioGenesis to breach the Contract,
2  to suffer liquidated damages because of delays in performance of delivery orders accepted under the
3  Contract, and to interfere with BioGenesis's rights under the Contract so that BioGenesis would fail
4  under the Contract and Rhino would be awarded the Contract.

5              15.    On or about August or September 2000, Mr. O'Connell told Mr. Alfred Garthe
6  ("Mr. Garthe"), an employee of Rhino, to stop all work on the above-said delivery orders in order to
7  cause BioGenesis to breach the Contract, to suffer liquidated damages because of delays in performance
8  of delivery orders accepted under the Contract, and to interfere with BioGenesis's rights under the
9  Contract so that BioGenesis would fail under the Contract and Rhino would be awarded the Contract.

10             16.    On or about September or October 2000, Defendant Mr. Michael Danforth ("Mr.
11  Danforth"), Rhino's representative, contacted BioGenesis and advised it that Rhino had caused delivery
12  orders to be accepted from the Navy and that Rhino had allowed its workers to commence work on said
13  delivery orders.

14             17.    Rhino, through Mr. Danforth, informed BioGenesis that because BioGenesis did
15  not have a subcontract with Rhino, Rhino would have Rhino's workers cease work on the accepted
16  delivery orders causing BioGenesis to suffer liquidated damages under the Contract unless BioGenesis
17  executed a written exclusive five year subcontract with Rhino.

18             18.    After BioGenesis refused to execute the subcontract, Rhino caused its workers
19  to cease working on the delivery orders in order to further bring about BioGenesis's breach of the
20  Contract and the Navy's termination of the Contract.

21             19.    Rhino, through Mr. Danforth, informed BioGenesis that liens would be placed
22  on the project unless BioGenesis paid Rhino $25,000. BioGenesis paid Rhino $25,000 for the materials
23  and supplies Rhino allegedly purchased for the project and requested a full accounting of all supplies
24  ordered for the project. Rhino never provided BioGenesis with such an accounting.

25             20.    Of the eighteen (18) delivery orders accepted by Rhino, Rhino completed only
26  three, namely Delivery Order #1 in the amount of $12,129.10, Delivery Order #2 in the amount of
27  $26,445.10, and Delivery Order #7 in the amount of $5,280. Delivery Order ##1, 2 and 7 are attached
28  as Exhibit "C," "D" and "E," respectively and incorporated herein by reference.

21.     The remaining fifteen (15) delivery orders were completed by BioGenesis.

**First Cause of Action**

**Tortious Interference with Contract**

22.     BioGenesis realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

23.     As a result of the Rhino's acts, BioGenesis suffered liquidated damages under the Contract in the amount of $3,820.00.

24.     In doing all the things alleged above, Rhino acted maliciously and willfully and for the purpose of causing BioGenesis to breach the Contract in order for Rhino to take over the Contract, and BioGenesis is, therefore, entitled to exemplary or punitive damages in an additional sum to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, BioGenesis respectfully requests judgment against Rhino as follows:

1.     Damages for tortious interference of contract in the amount of $3,820.00;

2.     Exemplary or punitive damages in an amount to be determined by the trier of fact;

3.     Reasonable attorneys' fees and costs;

4.     Such other and further relief as the Court deems just and proper.

Dated this 24th day of September, 2002.

CALVO AND CLARK, LLP
Attorneys At Law
Attorneys for Defendant Biogenesis Pacific, Inc.

By: _____
JANALYNN M. CRUZ

1

**[CERTIFICATE OF SERVICE]**

2          I, JANALYNN M. CRUZ, hereby certify that on the 24th day of September, 2002, I

3  caused copies of Defendant Biogenesis Pacific, Inc.'s Answer and Counter-Claim to be served on the

4  offices of (1)  Antonio L. Cortes, Attorney for Plaintiff Rhino Builders, Inc., 233 Julale Center –

5  424 West O'Brien Drive, Hagåtña, Guam 96910 and (2) McKeown Vernier Price & Maher, Attorneys

6  for Defendant AIG Technical Services, Inc., 115 Hesler Place, Ground Floor, Governor Joseph Flores

7  Building, Hagåtña, Guam 96910 in the above captioned matter.

8          Dated this 24th day of September, 2002.

9                          CALVO AND CLARK, LLP
                                 Attorneys At Law

10                       Attorneys for Defendant Biogenesis Pacific, Inc.

11

12                     By: _____

13                          JANALYNN M. CRUZ

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND COUNTER-CLAIM
CIVIL CASE NO. 02-00008
B020924.327-0002.CT (Answer and Counter-Claim).wpd                  7



# DEPARTMENT OF THE NAVY
U.S. NAVY PUBLIC WORKS CENTER
PSC 455, BOX 195
FPO AP 96540-2037
OFFICER IN CHARGE OF CONSTRUCTION
PSC 455, BOX 175
FPO AP 96540-2200

IN REPLY REFER TO:

Code 42CK/JT

2 9 SEP 1999

BioGenesis Pacific, Inc.
Attn: Mr. Gerald N.Y.C. Lam
Corporate & Programs Control
1604 Ulualana Place
Kailua, Hawaii 96734

N62766-99-D-0425, INDEFINITE DELIVERY / INDEFINITE QUANTITY CONTRACT FOR
ROOFING SYSTEM INSTALLATION AND REPAIR, GUAM; SBA # 0951-99-902195

Congratulations! Your firm is hereby given notice of award of this contract for the Minimum Guaranteed
amount of $100,000.00 and a Base Year Not-to-Exceed total of $2,983,439.00 in accordance with Line
Items 0001 through 0024AH of NAVFAC Specification 41-99-0425. The duplicate original of the
awarded contract is forwarded with this letter as enclosure (1). The date of award is shown in Block 31C
of the award Document.

Within 10 days of receipt of this notice, submit to the Officer in Charge of Construction, Marianas,
originals of the Performance and Payment Bonds and Certificate of Insurance. Enclosures (2) and (3) are
the bond forms for your use. The date of award shown in Block 31C of the Award Document must be
indicated on your submitted bonds.

Please contact Mr. Joe Camacho at (671) 339-7400 as soon as possible to arrange a pre-construction
meeting. The purpose of this meeting is to review various regulations and contract administrative
procedures. You may not proceed with the work until the Contracting Officer has issued a Notice to
Proceed upon receipt and approval of Performance and Payment Bonds and Certificate of Insurance.

Please acknowledge receipt below and return to the Officer in Charge of Construction, immediately.

JAMES B. POWERS
Contracting Officer

The above Notice of Award received this

1    Day of October   1999

By: _(signature)_
(signature)

GERALD LAM President
(Type or Print Name & Official Title)

Enclosures:
(1) Award Document (SF 1442) with schedule
(2) Standard Form 25 (Rev 1-90) (2 cys)
(3) Standard Form 25A (Rev 1-90) (2 cys)

_Duplicate Original_
_and all enclosures_
_will follow in the_
_mail._

_Jean Tarlton_
_(671) 339-7077_

_5 — pages Total_

"SAFETY FIRST"

**EXHIBIT "A"**



**DEPARTMENT OF THE NAVY**
U.S. NAVY PUBLIC WORKS CENTER
PSC 455, BOX 195
FPO AP 96540-2937
OFFICER IN CHARGE OF CONSTRUCTION
PSC 455, BOX 175
FPO AP 96540-4205

IN REPLY REFER TO:

42CK

2 9 SEP 1999

Rhino Roofing and Repairs, Inc., dba      Phone: (808) 668-8878
RHINO BUILDERS               Fax: (808) 668-7024
Attn: Michael N. O'Connell, President
790 N. Marine Drive – Box 959
Tumon, Guam 96911

SUBJ: SOLICITATION N62766-99-R-0425, INDEFINITE DELIVERY INDEFINITE
QUANTITY CONTRACT FOR ROOFING SYSTEMS INSTALLATION AND
REPAIR, GUAM

Thank you for submitting a proposal in response to our Request for Proposal (RFP) for
the above Solicitation. We appreciate the time and effort of your company in preparing
an offer for this project.

The Government selected the firm BIOGENESIS PACIFIC INC., PROGRAMS &
CONTROL DIVISION, 1604 Ulualana Place, Kailua, Hawaii, to receive the contract
award. The successful offer, considering base year and four option years, was
$14,991,963.50. The Government Estimate was $20,167,114.00.

Your technical proposal was rated *Highly Acceptable*; however, your proposal did not
represent the best value to the Government.

We wish you success in your future endeavors, and we hope you will continue to submit
bids and proposals on our projects that are in the area of your expertise. Should you
desire a debriefing, please notify this office in writing within three (3) days of receiving
this letter. You may fax a written request to Julia Taitano at (671) 339-4248 / 7023.

JAMES B. POWERS
Contracting Officer

"SAFETY FIRST"

**EXHIBIT "B"**

# ORDER FOR SUPPLIES OR SERVICES
(Contractor must submit four copies of invoice.)

Form Approved
OMB No. 0701-0187.
Expires Aug 31, 1992

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in Item 6.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0425 | 0001 | 5/15/00 | | |

| 6. ISSUED BY | CODE C2766 | 7. ADMINISTERED BY (If other than 6) | CODE | DO |
|---|---|---|---|---|

**Officer in Charge of Construction**
**NAVFACENGCOM Contracts, Marianas**
**PSC 455, Box 175**
**FPO AP 96540-2200**

8. DELIVERY FOB
[X] DEST.
[ ] OTHER
(See Schedule if other)

| 9. CONTRACTOR | CODE | FACILITY CODE | 10. DELIVER TO FOB POINT (Date) | 11. MARK IF BUSINESS IS |
|---|---|---|---|---|

**BioGenesis Pacific, Inc.**
**Corporate & Programs Control**
NAME AND **1604 Ulualana Place**
**Kailua, HI 96734**
ADDRESS **(TEL: 637-9426 Richard Avilla)**

**8(a) Contractor**

**15 JUN 2000**

12. DISCOUNT TERMS
**NET 30**

13. MAIL INVOICES TO
**SEE BLOCK 6**

[ ] SMALL
[ ] SMALL DISADVANTA
[ ] WOMEN-OWNED

| 14. SHIP TO | CODE | 15. PAYMENT WILL MADE BY | CODE | MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER |
|---|---|---|---|---|

**Defense Finance & Accounting Service**
**Operating Location Oakland, Code FPV**
**P. O. Box 23870**
**Oakland, CA 94623-3870**

| 16. TYPE OF ORDER | DELIVERY | X | This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. |
|---|---|---|---|
| | PURCHASE | | Reference your ____ furnish the following on terms specified herein. ACCEPTANCE. THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME. |

*BioGenesis* / *Richard Avilla* / Richard Avilla / Operation Manager / 5/16

NAME OF CONTRACTOR — SIGNATURE — TYPED NAME AND TITLE — DATE SIGNED

[ ] If this box is marked, supplier must sign Acceptance and return the following number of copies.

## ACCOUNTING AND APPROPRIATION DATA

| 17. ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTHN ACCTG ACTY | TRANS TYPE | PROPERTY ACC'T ACTY | COUN-TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804.70FA | 250 | 61755 | O | 045924 | 2D | C0M109 | | 61755046M71Q | $12,129.10 |

| 18. ITEM | 19. SCHEDULE OF SUPPLIES/SERVICE. | 20 QUANTITY ORDERED/ACCEPTED* | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| | W/R 31973, COMNAVMAR | | | | |
| 0001 | Roof Repairs at BQ1 through BQ20, COMNAVMAR, Guam | | | | |
| 0002AD | Reseal Construction Joints | 4,080 | LF | $ 0.98 | $ 3,998.40 |
| 0002AE | Replace Expansion Joint Assembly, To 2" Space, Stainless Steel | 140 | LF | $ 13.26 | $ 1,856.40 |
| 0015AA | Miscellaneous Items: Waterblast Roof Surface in Accordance with Section 07672 | 4,080 | SF | $ 0.15 | $ 612.00 |
| 0017AA | Seal Joints and Penetrations 6" Wide | 4,080 | LF | $ 0.56 | $ 2,284.80 |
| 0021AA | Re-secure Metal Flashing (Spot Repair) | 850 | SF | $ 3.69 | $ 3,136.50 |
| 0022AA | Trim/Dispose Tree Branches Obstructing Roofing Operation | 100 | LF | $ 2.41 | $ 241.00 |

*If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle.

| 24. UNITED STATES OF AMERICA | 25. TOTAL |
|---|---|
| *L A Guzman* BY: L. A. GUZMAN | $ 12,129.10 |

Contracting Officer , Tel: 339-5120
guzman@pwcguam.navy.mil

| 29. DIFFERENCES | |
|---|---|

| 26. QUANTITY IN COLUMN 20 HAS BEEN | 27. SHIP NO. | 28. D. O. VOUCHER NO. | 30. INITIALS |
|---|---|---|---|
| [ ] INSPECTED [ ] RECEIVED [ ] ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED | [ ] PARTIAL [ ] FINAL | 32. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |

| DATE | SIGNATURE OF OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 31. PAYMENT [ ] COMPLETE [ ] PARTIAL [ ] FINAL | 34. CHECK NUMBER |
|---|---|---|---|

35. I certify this account is correct and proper for payment.

| DATE | SIGNATURE AND TITLE OF CERTIFYING OFFICER | 36. BILL OF LADING NO. |
|---|---|---|

| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |
|---|---|---|---|---|---|

DD Form 1155 (8PT), MAY 90          Previous editions are obsolete          S/N 0102-LF-011-4700



EXHIBIT "C"

# ORDER FOR SUPPLIES OR SERVICES
*(Contractor must submit four copies of invoice.)*

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in item 6.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0425 | 0002 | 29JUNE2000 | W/R 31036 | |

**6. ISSUED BY** CODE C2766

Officer in Charge of Construction
NAVFACENGCOM Contracts, Marianas
PSC 455, Box 175
FPO AP 96540-2200

**7. ADMINISTERED BY** *(If other then 6)* CODE

**8. DELIVERY FOB**
- [ ] DEST
- [ ] OTHER *(See Schedule if other)*

**9. CONTRACTOR** CODE          FACILITY CODE

NAME AND ADDRESS:
BioGenesis Pacific, Inc.
Corporate & Programs Control
1604 Ulualana Place
Kailua, HI 96734
(TEL: 637-9426 Richard Avilla)

**10. DELIVER TO FOB POINT** *(Date)*
03 AUGUST 2000

**11. MARK IF BUSINESS IS**
- [ ] SMALL
- [ ] SMALL DISADVANTA
- [ ] WOMEN-OWNED

**12. DISCOUNT TERMS**

**13. MAIL INVOICES TO**
SEE BLOCK 6

| 14. SHIP TO | CODE | 15. PAYMENT WILL BE MADE BY | CODE | MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER |
|---|---|---|---|---|
| | | Defense Finance & Accounting Service Operating Location Oakland, Code FPV P. O. Box 23870 Oakland, CA 94623-3870 | | |

**16. TYPE OF ORDER**

| DELIVERY | X | This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. |
|---|---|---|
| PURCHASE | | Reference your _____ furnish the following on terms specified herein. ACCEPTANCE. THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME. |

NAME OF CONTRACTOR: BioGenesis
SIGNATURE: *Richard Avilla*
TYPED NAME AND TITLE: Operations Manager
DATE SIGNED: 6-30-00

- [ ] If this box is marked, supplier must sign Acceptance and return the following number of copies.

## ACCOUNTING AND APPROPRIATION DATA

| ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTH'N ACCT'G ACT'Y | TRANS TYPE | PROPERTY ACCT ACT'Y | COUN-TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804.70FA | 250 | 61755 | 0 | 045924 | 2D | C0M118 | | 61755046M59Q | $26,445.10 |

| 18. ITEM | 19. SCHEDULE OF SUPPLIES/SERVICE | 20. QUANTITY ORDERED/ACCEPTED* | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| 0001 | Roof Repairs to Bldg. 4433, Racquetball Court at Polaris Pt., COMNAVMAR, Guam | | | | |
| 0002AC | Repair Concrete Roof Deck Surface Per Section 03930 and 07920: Grout Depressed Areas | 790 | SF | $6.99 | $5,522.10 |
| 0005AC | Install Roof Insulation in Accordance with Section 08220: Tapered Insulation 1/16, 1/8, 1/4 Per Ft. | 6,300 | BF | $1.89 | $11,907.00 |
| 0013AA | Install Roofing System Accessories: Treated Wood Cants, Nailers and Fasteners for Line Item 0006 Through 0012 Above | 400 | LF | $2.74 | $1,096.00 |
| 0015AA | Miscellaneous Items: Water blast Roof Surface in Accordance with Section 07572 | 2,200 | SF | $0.15 | $ 330.00 |
| 0017AC | Fluid Applied Roofing Membrane in Accordance with Section 07540: 60 Mils Thick Roof Membrane | 2,200 | SF | $3.45 | $7,590.00 |
| | Attached is Statement of Work dated 30 May 2000 | | | | |

*If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle

**24. UNITED STATES OF AMERICA**

BY: BRIAN M. GILLIGAN (671) 339-2365
Contracting Officer  gilliganb@pwcguam.navy.mil

**25. TOTAL** $26,445.10

**29. DIFFERENCES**

| 26. QUANTITY IN COLUMN 20 HAS BEEN | 27. SHIP NO. | 28. D. O. VOUCHER NO. | 30. INITIALS |
|---|---|---|---|
| [ ] INSPECTED [ ] RECEIVED [ ] ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED | [ ] PARTIAL [ ] FINAL | | |

| | 31. PAYMENT | 32. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |
|---|---|---|---|
| DATE  SIGNATURE OF OF AUTHORIZED GOVERNMENT REPRESENTATIVE | [ ] COMPLETE [ ] PARTIAL [ ] FINAL | | 34. CHECK NUMBER |

36. I certify this account is correct and proper for payment.

DATE  SIGNATURE AND TITLE OF CERTIFYING OFFICER

**35. BILL OF LADING NO.**

| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |
|---|---|---|---|---|---|

DD Form 1155 (8PT), MAY 90          Previous editions are obsolete          S/N 0102-LF-011-4700

EXHIBIT "D"

# ORDER FOR SUPPLIES OR SERVICES
*(Contractor must submit four copies of invoice.)*

Form Approved
OMB No. 0701-0187
Expires Aug 31, 1992

PAGE 1 OF
1

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in Item 6.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0425 | 0007 | 21 AUG 2000 | W/R 31029 | |

| 6. ISSUED BY | CODE C2766 | 7. ADMINISTERED BY (If other than 6) | CODE | DO 8. DELIVERY FOB |
|---|---|---|---|---|

**Officer in Charge of Construction**
**NAVFACENGCOM Contracts, Marianas**
**PSC 455, Box 175**
**FPO AP 96540-2200**

[X] DEST
[ ] OTHER
*(See Schedule if other)*

| 9. CONTRACTOR | | FACILITY CODE | 10. DELIVER TO FOB POINT (Date) | 11. MARK IF BUSINESS IS |
|---|---|---|---|---|

NAME AND ADDRESS

**BioGenesis Pacific, Inc.**
**Corporate & Programs Control**
**1604 Ulualana Place**
**Kailua, HI 96734**
**(Tel: 632-7653 Richard Avilla)**
**Email: rhinogum@ite.net**

20 SEP 2000

12. DISCOUNT TERMS

13. MAIL INVOICES TO

**SEE BLOCK 6**

[ ] SMALL
[ ] SMALL DISADVANTA
[ ] WOMEN-OWNED

| 14. SHIP TO | 15. PAYMENT WILL MADE BY | CODE | MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER |
|---|---|---|---|

**Defense Finance & Accounting Service**
**Operating Location Oakland, Code FPV**
**P. O. Box 23870**
**Oakland, CA 94623-3870**

| 16. TYPE OF ORDER | DELIVERY | [X] This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. |
|---|---|---|
| | PURCHASE | Reference your _____ ACCEPTANCE THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME. |

| BioGenesis Pacific, Inc. *(signature)* | Richard Avilla | S-25-00 |
|---|---|---|
| NAME OF CONTRACTOR | SIGNATURE | Operations Manager | DATE SIGNED |

[ ] If this box is marked, supplier must sign Acceptance and return the following number of copies.

## ACCOUNTING AND APPROPRIATION DATA

| 17. ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTH'N ACCT'G ACT'Y | TRANS TYPE | PROPERTY ACCT ACT'Y | COUN-TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804 70FA | 250 | 61755 | 0 | 045924 | 2D | COM129 | | 61755046M11Q | $5,280.00 |

| 18. ITEM | 19. SCHEDULE OF SUPPLIES/SERVICE. | 20 QUANTITY ORDERED/ACCEPTED* | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| 0001 | Roof repair at Bldg. 631, DRMO southeast corner of office spaces | | | | |
| 0001AA | Demolish and dispose roofing system per Sections 02220, 13281, and 13282: Single or multi-ply membrane without insulation. | 500 | SF | $.51 | $255.00 |
| 0002AC | Repair concrete roof deck surface per Section 03930 and 07920: Grout depressed areas | 500 | SF | $6.99 | $3,495.00 |
| 0015AA | Miscellaneous items: Waterblast roof surface in accordance with Section 07572 | 500 | SF | $.15 | $75.00 |
| 0017AB | Fluid applied roofing membrane in accordance with Section 07540: 45 mils thick roof membrane | 500 | SF | $2.91 | $1,455.00 |

*If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle.

| 24. UNITED STATES OF AMERICA | 25. TOTAL |
|---|---|
| *(signature)* | $5,280.00 |
| BY: **JOHANNA G. MENDIOLA**   TEL: (671) 339-8098 | 29. DIFFERENCES |
| Contracting Officer   mendiolj@pwcguam.navy.mil | |

| 26. QUANTITY IN COLUMN 20 HAS BEEN [ ] INSPECTED [ ] RECEIVED [ ] ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED | 27. SHIP NO. | 28. D. O. VOUCHER NO. | 30. INITIALS |
|---|---|---|---|
| | [ ] PARTIAL [ ] FINAL | 32. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |
| ____DATE____   SIGNATURE OF OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 31. PAYMENT [ ] COMPLETE [ ] PARTIAL [ ] FINAL | | 34. CHECK NUMBER |
| 36. I certify this account is correct and proper for payment. | | | 35. BILL OF LADING NO. |
| ____DATE____   SIGNATURE AND TITLE OF CERTIFYING OFFICER | | | |
| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |

DD Form 1155 (8PT), MAY 90     Previous editions are obsolete     S/N 0102-LF-011-4700

EXHIBIT

1  Arthur B. Clark, Esq.
   Janalynn M. Cruz, Esq.
2  CALVO AND CLARK, LLP
   Attorneys at Law
3  655 South Marine Drive, Suite 202
   Tamuning, Guam 96911
4  Telephone:   (671) 646-9355
   Facsimile:   (671) 646-9403
5
   Attorneys for
6  BioGenesis Pacific, Inc.

**FILED**
DISTRICT COURT OF GUAM

JUN 04 2003

MARY L. M. MORAN
CLERK OF COURT

7

8  DISTRICT COURT OF GUAM

   TERRITORY OF GUAM

9

10  UNITED STATES OF AMERICA FOR USE    )    CIVIL CASE NO. 02-00008
    AND BENEFIT OF RHINO BUILDERS, INC., )
11                                       )
                              Plaintiff,  )    ~~[PROPOSED]~~ REVISED SCHEDULING
12         vs.                            )    ORDER AND DISCOVERY PLAN
                                          )
13  BIOGENESIS PACIFIC, INC.,             )
    AIG TECHNICAL SERVICES, INC., and     )
14  AMERICAN HOME ASSURANCE               )
    COMPANY                               )
15                           Defendants.  )
                                          )
16  ————————————————————————             )
    BIOGENESIS PACIFIC INC.,              )
17                                        )
                       Counter-Plaintiff, )
18                                        )
           vs.                            )
19                                        )
    RHINO BUILDERS, INC., MICHAEL         )
20  O'CONNELL, MICHAEL DANFORTH,          )
    AND JOHN DOES 1-10,                   )
21                                        )
                   Counter-Defendants.    )
22  ————————————————————————             )
    AMERICAN HOME ASSURANCE               )
23  COMPANY,                              )
                                          )
24                      Cross-Claimant,   )
                                          )
25         vs.                            )
                                          )
26  BIOGENESIS PACIFIC INC.,              )
                                          )
27                   Cross-Claim Defendant.)
                                          )
28  ————————————————————————

RECEIVED

[PROPOSED] REVISED SCHEDULING ORDER AND DISCOVERY PLAN
CIVIL CASE NO. 02-00008
B030512.327-0001.CT ([PROPOSED] Revised Scheduling Order).wpd                1

Pursuant to Rule 16 and 26(f) of the Federal Rules of Civil Procedure, and Local Rule 16.1 for the District Court of Guam, the Court hereby sets the following Revised Scheduling Order:

1.   The nature of the case is as follows:

Collection Action under Miller Act.

2.   The posture of the case is as follows:

a.   All of the Defendants and both of the Cross-claim Defendants have been served and have appeared.

b.   The following motions are on file: BioGenesis Pacific, Inc.'s Motion to Dismiss (FRCP 12(b)(1) and 12 (b)(6)); AIG Technical Services, Inc.'s Motion to Dismiss and For Summary Judgment (FRCP 12 (b)(1); (b)(6) and 56(c)); and Michael O'Connell's Motion to Set Aside Default.

c.   The following motions have been resolved: BioGenesis Pacific, Inc. and AIG Technical Services, Inc.'s motions to dismiss were withdrawn and the motion to set aside default was granted. Therefore, all motions have been resolved.

d.   The following discovery has been initiated:

i.    Plaintiff's First Request for Production of Documents to Defendant AHAC;

ii.   Plaintiff's First Set of Interrogatories to Defendant AHAC;

iii.  Defendants AIG and AHAC's First Request for Production of Documents to Plaintiff;

iv.   Defendants AIG and AHAC's First Set of Interrogatories to Plaintiff;

v.    Defendant AHAC's Responses to Plaintiff's First Request for Production of Documents;

vi.   Defendant AHAC's Responses to Plaintiff's First Set of Interrogatories;

vii.  Plaintiff's Response to Defendants' AIG and AHAC's Request for Production of Documents;

viii. Plaintiff's Objections to Defendants' AIG and AHAC's First Set of Interrogatories;

[PROPOSED] REVISED SCHEDULING ORDER AND DISCOVERY PLAN
CIVIL CASE NO. 02-00008
B030512.327-0001.CT ([PROPOSED] Revised Scheduling Order).wpd

2

Case 1:02-cv-00008    Document 503    Filed 04/14/2005    Page 22 of 37

ix. Plaintiff's Answers to Defendants' AIG and AHAC's First Set of Interrogatories;

x. Defendant BioGenesis' First Request for Production of Documents to Plaintiff;

xi. Defendant BioGenesis' First Set of Interrogatories Propounded Upon Plaintiff;

xii. Counter-Defendant Michael Danforth's First Set of Interrogatories and for Production of Documents to Counter-Claimant BioGenesis;

xiii. Counter-Claimant BioGenesis' First Request for Production of Documents to Michael O'Connell;

xiv. Plaintiff's Response to Defendant BioGenesis' Request for Production of Documents;

xv. Plaintiff's Responses to Defendant BioGenesis' First Set of Interrogatories;

xvi. Counter-Plaintiff BioGenesis' Response to Counter-Defendant Michael Danforth's Request for Production of Documents;

xvii. Counter-Plaintiff BioGenesis' Response to Counter-Defendant Michael Danforth's First Set of Interrogatories;

xviii. Defendant BioGenesis' First Set of Request for Admissions to Plaintiff Rhino Builders;

xix. Plaintiff's First Set of Interrogatories to Defendant BioGenesis Pacific, Inc.;

xx. Plaintiff's First Request to Defendant BioGenesis Pacific, Inc. for Production of Documents;

xxi. Counter-Defendant Michael O'Connell's Responses to BioGenesis Pacific, Inc.'s Request for Production of Documents;

xxii. Plaintiff's Responses to BioGenesis Pacific, Inc.'s First Set of Request for Admissions.

xxiii. The following parties have had their depositions taken: Defendant/Counter-Plaintiff BioGenesis Pacific, Inc.; Plaintiff Rhino Builders, Inc.; Counter-Defendant Michael O'Connell; Counter-Defendant Michael Danforth; Alfred Garthe III, and Herminia Redolozo.

[PROPOSED] REVISED SCHEDULING ORDER AND DISCOVERY PLAN
CIVIL CASE NO. 02-00008
B030512.327-0001.CT ([PROPOSED] Revised Scheduling Order).wpd

3

Case 1:02-cv-00008    Document 503    Filed 04/14/2005    Page 23 of 37

3.     All motions to add parties and claims were required to be filed on or before **September 27, 2002**.

4.     All motions to amend pleadings were required to be filed on or before **October 28, 2002**.

5.     Status of discovery:

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and Local Rules 16.1 and 16.2 for the District Court of Guam, the Court hereby sets the following Discovery Plan as part of this Scheduling Order:

a.     Parties who appeared prior to the Scheduling Order filed herein on August 20, 2002, were required to make initial disclosures no later than **September 3, 2002**. Parties who were added after August 20, 2002, were required to make initial disclosures no later than thirty (30) days after they appeared.

b.     The parties may make requests for additional discovery forthwith, with all written discovery to be served no later than **September 22, 2003**.

c.     The parties may take depositions at any time between **October 1, 2002** and **October 17, 2003**. Depositions to be taken in Hawaii shall be preceded by 21 days notice, and depositions to be taken at other locations outside of Guam shall be preceded by 28 days notice. Counsel noticing depositions shall make a good faith effort to ascertain and accommodate the schedules of other counsel so that all parties have the opportunity to be represented by counsel at all depositions.

      i.     The continued deposition of Eugene O'Connell will be taken in September 2003 in Hawaii or by telephone subject to the availability of Eugene O'Connell and counsel.

      ii.     The continued deposition of Michael O'Connell will be taken in September 2003 in Hawaii or by telephone subject to the availability of Michael O'Connell and counsel.

      iii.     The deposition of George Allen will be taken in September 2003 subject to the location and subpoenaing of Mr. Allen.

[PROPOSED] REVISED SCHEDULING ORDER AND DISCOVERY PLAN
CIVIL CASE NO. 02-00008
B030512.327-0001.CT ([PROPOSED] Revised Scheduling Order).wpd

4

Case 1:02-cv-00008     Document 503     Filed 04/14/2005     Page 24 of 37

1                d.      Interrogatories directed to expert witnesses may be served until

2    **January 5, 2004**. Depositions of expert witnesses shall be noticed so as to take place between

3    **December 30, 2003** and **January 28, 2004**, or as close to that period as the expert's schedule may

4    allow.

5             6.      The scheduling conference has already taken place.

6             7.      The discovery cut-off date is **October 27, 2003.**

7             8.      All discovery motions shall be filed on or before **November 10, 2003** and heard

8    on or before **December 5, 2003**.

9             9.      Summary judgment motions are likely.

10            10.      All dispositive motions shall be filed on or before **December 15, 2003** and heard

11   on or before **January 16, 2004.**

12            11.      The prospects for settlement between Plaintiff Rhino Builders. Inc. ("Plaintiff")

13   and Defendant BioGenesis Pacific. Inc. ("BioGenesis") are unknown. Settlement between Plaintiff and

14   Defendants AIG Technical Services. Inc. ("AIG") and American Home Assurance Company ("AHAC")

15   are unknown. Settlement between Counter-Plaintiff BioGenesis and Counter-Defendants Michael

16   O'Connell and Michael Danforth are unknown. Settlement between Cross-Claimant AHAC and Cross-

17   Claim Defendant BioGenesis are unknown.

18            12.      The Preliminary Pretrial Conference shall be held on **February 17, 2004** at 3:00

19   **p.m.**

20            13.      The parties' pretrial materials, discovery materials, witness lists, designations

21   and exhibit lists shall be filed on or before **February 12, 2004**, except that expert witness disclosure

22   shall be made no later than **December 8, 2003**.

23            14.      The Proposed Pretrial Order shall be filed on or before **January 26, 2004**.

24            15.      The Final Pretrial Conference shall be held **February 24, 2004** at 3:00 p.m.

25            16.      The Trial in this matter shall be held on **March 2, 2004** at **9:00 a.m.**

26            17.      The trial is not a jury trial.

27            18.      It is anticipated that it will take seven (7) days to try this case.

28            19.      The names of the counsel who will try this case are:

|   |   |     |                                                                                           |
|---|---|-----|-------------------------------------------------------------------------------------------|
| 1 |   | a.  | Antonio L. Cortés, Esq.                                                                   |
| 2 |   | b.  | Arthur B. Clark, Esq. and Janalynn M. Cruz, Esq.                                          |
| 3 |   | c.  | Louie J. Yanza, Esq., John B. Maher, Esq., and possible off-island                        |
| 4 | counsel. |                                                                                      |
| 5 |   | d.  | Frederick J. Kerley, Esq.                                                                 |
| 6 |   | e.  | Daniel J. Berman, Esq.                                                                    |
| 7 | 20. | All Parties wish to submit the case to a settlement conference.                                |
| 8 | 21. | The parties present the following suggestions for shortening trial:                            |
| 9 |   | a.  | Joint submission of Exhibits.                                                             |
| 10 |  | b.  | Stipulations regarding admissibility and authenticity of exhibits.                        |
| 11 |  | c.  | A limited number of stipulated facts.                                                     |
| 12 | 22. | The following issues will affect the status or management of the case:                         |
| 13 |  | a.  | Off-island witnesses will likely prolong discovery.                                       |

Dated this ⁴ᵗʰ day of ____June____, 2003.

/s/ John S. Unpingco

**HONORABLE JOHN S. UNPINGCO**
**Judge, District Court of Guam**

[PROPOSED] REVISED SCHEDULING ORDER AND DISCOVERY PLAN
CIVIL CASE NO. 02-00008
B030512.327-0001.CT ([PROPOSED] Revised Scheduling Order).wpd                    6

Case 1:02-cv-00008     Document 503     Filed 04/14/2005     Page 26 of 37

1  Arthur B. Clark, Esq.
   Janalynn M. Cruz, Esq.
2  CALVO AND CLARK, LLP
   Attorneys at Law
3  655 South Marine Drive, Suite 202
   Tamuning, Guam 96911
4  Telephone:  (671) 646-9355
   Facsimile:  (671) 646-9403
5
   Attorneys for Defendant and
6  Counter-Plaintiff Biogenesis Pacific, Inc.

FILED
DISTRICT COURT OF GUAM

JUL 30 2003

MARY L. M. MORAN
CLERK OF COURT

RECEIVED
7/30/03
2:49 PM

7
                    DISTRICT COURT OF GUAM
8
                    TERRITORY OF GUAM
9

10  UNITED STATES OF AMERICA FOR USE   )  CIVIL CASE NO. 02-00008
    AND BENEFIT OF RHINO BUILDERS, INC., )
11                                      )
                       Plaintiff,       )
12           vs.                        )  **ANSWER TO SECOND AMENDED**
                                        )  **COMPLAINT AND COUNTERCLAIM**
13  BIOGENESIS PACIFIC, INC.,           )
    AIG TECHNICAL SERVICES, INC., and   )
14  AMERICAN HOME ASSURANCE             )
    COMPANY                             )
15                      Defendants.     )
                                        )
16                                      )
    BIOGENESIS PACIFIC INC.,            )
17                                      )
                    Counter-Plaintiff,  )
18                                      )
             vs.                        )
19                                      )
    RHINO BUILDERS, INC., MICHAEL       )
20  O'CONNELL, MICHAEL DANFORTH,        )
    AND JOHN DOES 1-10,                 )
21                                      )
                    Counter-Defendants. )
22                                      )
    AMERICAN HOME ASSURANCE             )
23  COMPANY,                            )
                                        )
24                  Cross-Claimant,     )
                                        )
25           vs.                        )
                                        )
26  BIOGENESIS PACIFIC INC.,            )
                                        )
27                  Cross-Claim Defendant. )
                                        )
28

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
B030730.327-0001.CT (Answer Second Amended Complaint).wpd                                    1

COMES NOW, Defendant Biogenesis Pacific, Inc. ("Biogenesis"), by and through its counsel Calvo and Clark, LLP, and answers the Second Amended Complaint as follows:

1. As to paragraph 1, 3, 9 of the Complaint, Biogenesis admits said allegations.

2. As to paragraphs 2, 5, 23, 25-29, 31, 33-38 of the Complaint, Biogenesis having insufficient information or belief regarding said allegations denies said allegations.

3. As to paragraph 4, 6, 8, 11-13, 14, 16-22, 30, 32, 39, 40, 42, 44, 46, 48-57, 59-66, of the Complaint, Biogenesis denies said allegations.

4. As to paragraph 7 of the Complaint, Biogenesis admits that it entered into a contract in writing with the United States of America to furnish materials and perform labor for the installation of U.S. Navy housing roofing in various locations, in accordance with the specifications contained in Navy Contract No. N62766-99-D-0425, and that such contract has been continued and remains in effect. Biogenesis denies all other allegations contained in paragraph 7.

5. As to paragraph 10, Biogenesis admits that it, as principal, and Defendant American Home Assurance Company, as surety, executed and delivered to the United States their bond, Bond No. 20-80-88 for Navy Contract No. N62766-99-D-0425. Biogenesis denies all other allegations of this paragraph.

6. As to paragraph 15, the allegation contained therein is vague and ambiguous as it refers to a "later" refusal to enter into a formal written subcontract with Plaintiff. Biogenesis admits that it refused to enter into a formal written subcontract with Plaintiff. To the extent that Plaintiff's paragraph 15 implies that there was an "earlier" agreement to do so, Plaintiff denies this allegation.

7. As to paragraph 24, the allegation contained therein is vague and ambiguous as it refers to "all times relevant herein." Biogenesis admits that Bond No. 20-80-88 was in full force and effect at all times relevant to Biogenesis' performance of its obligations under Navy Contract No. N62766-99-D-0425. To the extent that Plaintiff's paragraph 24 implies that said bond was in full force and effect at all times relevant to Plaintiff's causes of actions, Biogenesis having insufficient information or belief regarding the said allegation, denies the same.

8. As to paragraph 41, Biogenesis realleges and incorporates by this reference its responses to paragraphs 1 through 40.

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
B030730.327-0001.CT (Answer Second Amended Complaint).wpd

2

9.     As to paragraph 43, Biogenesis realleges and incorporates by this reference its responses to paragraphs 1 through 42.

10.     As to paragraph 45, Biogenesis realleges and incorporates by this reference its responses to paragraphs 1 through 44.

11.     As to paragraph 47, Biogenesis realleges and incorporates by this reference its responses to paragraphs 1 through 46.

12.     As to paragraph 58, Biogenesis realleges and incorporates by this reference its responses to paragraphs 1 through 57.

13.     As to all other paragraphs and allegations not herein specifically admitted, Biogenesis herein generally and specifically denies said allegations.

## AFFIRMATIVE DEFENSES

Plaintiff's claims against Defendants are barred by the following affirmative defenses: lack of subject matter jurisdiction; debt not due; statute of limitations; failure to satisfy the conditions of the Miller Act; unclean hands; lack of privity of contract; laches; set-off; bad faith; fraud and misrepresentation; estoppel; failure to mitigate; failure to plead fraud with particularity; if an oral contract existed, breach of contract; statute of frauds; duress.

WHEREFORE, Defendant Biogenesis Pacific, Inc. prays that Plaintiff takes nothing by its Complaint.

## COUNTERCLAIM OF BIOGENESIS PACIFIC INC. AGAINST RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, AND JOHN DOES 1-10 (Collectively "Counter-Defendants")

COMES NOW Defendant and Counter-Plaintiff Biogenesis Pacific, Inc. ("Biogenesis"), by and through its attorney of record Calvo and Clark, LLP, and for its counterclaim herein alleges as follow:

1.     This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

2.     To the best of Biogenesis' knowledge, Plaintiff and Counter-Defendant Rhino Builders, Inc. ("Rhino") is and at all times relevant herein was a Hawaii corporation licensed and authorized to transact business in Guam.

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
B030730.327-0001 CT (Answer Second Amended Complaint).wpd

3

3.      To the best of Biogenesis' knowledge, Counter-Defendant Michael O'Connell is, and at all times relevant herein was, a resident of Hawaii.

4.      To the best of Biogenesis' knowledge, Counter-Defendant Michael Danforth is, and at all times relevant herein was, a resident of Hawaii.

5.      To the best of Biogenesis' knowledge, Counter-Defendants Does are individuals or entities who acted in concert with Counter-Defendants to cause and bring harm and damages to Biogenesis. The exact identities of Counter-Defendants Does are unknown at this time but will be incorporated into the Counterclaim in the future as their identities are made known.

6.      Biogenesis is, and at all times relevant herein was, a Hawaii corporation. Biogenesis became licensed and was authorized to transact business in Guam on or around January 2001.

7.      On or about September 29, 1999, Biogenesis was awarded Navy Contract No. N62766-99-D-0425 (the "Contract") by the United States of America through the Department of the Navy (the "Navy"). Pursuant to the Contract, Biogenesis was to furnish materials and perform the labor for the installation and repair of U.S. Navy housing roofing in various locations on Guam. The Contract was for a term of one base year plus four option years. A copy of the letter from the Navy to Biogenesis informing Biogenesis that it was selected is attached as Exhibit "A" and incorporated herein by reference.

8.      Counter-Defendant Michael Danforth ("Mr. Danforth") and George Allen were directly and significantly involved in the preparation and submittal of Biogenesis' bid for the Contract. Mr. Danforth and Mr. Allen had access to Biogenesis' internal financial data and company data.

9.      On or about September 29, 1999, Rhino was informed by the Navy's Contracting Officer that Biogenesis was selected to receive the Contract award. A copy of the letter from the Navy to Rhino informing Rhino that Biogenesis was selected is attached as Exhibit "B" and incorporated herein by reference.

10.      Around September 1999, Counter-Defendant Michael O'Connell, chief executive officer of Rhino ("Mr. O'Connell"), approached Biogenesis, and attempted to solicit work under the Contract. Mr. O'Connell represented that Rhino had bonding, surety, project insurance, project plans,

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
B030730.327-0001-CT (Answer Second Amended Complaint).wpd

Case 1:02-cv-00008    Document 303    Filed 04/14/2005    Page 31 of 37

4

1 trained and licensed personnel, specific work plans, building materials, and financing already available
2 and in place.

3        11.     Biogenesis informed Mr. O'Connell that Biogenesis would consider sub-
4 contracting work to Rhino upon Rhino satisfying certain conditions precedent, namely, submittal and
5 approval by Biogenesis of the proper certificates of insurance, project payment and performance
6 bonding, project safety, accident and quality control plans, financial assurances, a detailed work plan
7 for each proposed delivery order and specific pricing breakdown and total. Biogenesis further informed
8 Mr. O'Connell that if Rhino was subcontracted, Rhino would have to provide and finance all of its
9 project costs and materials and Biogenesis would not have to pay Rhino unless Rhino completed the
10 work, the Navy quality assurance officer and contract officer signed off on the work, and Biogenesis
11 was paid.

12        12.     In order to allow Rhino to attend the initial site visit with the Navy so that Rhino
13 could prepare a subcontract proposal, Biogenesis needed to have a representative available on Guam
14 to sign documents required by the Navy to allow Rhino on the project sites. Mr. O'Connell informed
15 Biogenesis that Rhino's Guam operations manager Mr. Richard Avilla ("Mr. Avilla") would be
16 available as an individual for hire by Biogenesis for this purpose.

17        13.     On or about Feburary 2000, at Mr. O'Connell's and Rhino's suggestion,
18 Biogenesis agreed to submit, and did submit, Mr. Avilla's name to the Navy as Biogenesis'
19 representative, provided that Mr. Avilla would remain an employee of Rhino until Biogenesis was ready
20 to mobilize on Guam and to formulate delivery orders under the Contract, at which time Biogenesis
21 would formally hire Mr. Avilla and reimburse Rhino for a portion of Mr. Avilla's salary. At the time
22 that Mr. Avilla's name was submitted to the Navy as Biogenesis' representative, Mr. Avilla was an
23 employee of Rhino and remained as such through November 2000.

24        14.     On or around February 2000, Biogenesis allowed Rhino to enter the project site
25 at its own risk and cost for the limited purpose of investigating potential delivery orders under the
26 Contract in order to provide specific proposals to Biogenesis.

27

28

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
B030730.327-0001.CT ( Answer Second Amended Complaint).wpd

Case 1:02-cv-00008    Document 503    Filed 04/14/2005    Page 32 of 37

5

15.    From May through September 2000, unbeknownst to Biogenesis, without prior authorization from Biogenesis and without satisfying the above-said conditions precedent, Rhino and Mr. O'Connell caused Mr. Avilla to accept eighteen (18) delivery orders under the Contract from the Navy on behalf of Biogenesis by falsely communicating to Mr. Avilla that Biogenesis had entered into a subcontract with Rhino to perform work under the Contract and that Biogenesis had authorized Mr. Avilla to begin accepting delivery orders under the Contract and to begin assigning them to Rhino.

16.    At the time Mr. O'Connell and Rhino made these representations to Mr. Avilla, Mr. O'Connell and Rhino knew them to be false.

17.    Mr. O'Connell and Rhino knew that prior to September 2000, Mr. Avilla had never received any direct instructions from Biogenesis concerning the Contract and that in fact, Mr. Avilla had never even spoken to anyone at Biogenesis, and that because of Mr. O'Connell's position as the Chief Executive Officer at Rhino and Rhino's relationship with Mr. Avilla as his employer, Mr. Avilla would accept as true Mr. O'Connell's false representations concerning the formation of a subcontract between Biogenesis and Rhino and concerning instructions from Biogenesis to accept delivery orders from the Navy and to assign them to Rhino.

18.    At the time Mr. O'Connell and Rhino first caused Mr. Avilla to accept the delivery orders and Rhino started work on said delivery orders, Biogenesis had not yet mobilized any workforce nor hired any employees on Guam because of a pending bid protest against the awarding of the Contract.

19.    Mr. O'Connell and Rhino made the above-said false representations to Mr. Avilla for the purpose of defrauding and forcing Biogenesis into a subcontract agreement with Rhino. By having Mr. Avilla accept the delivery orders on Biogenesis' behalf and by having Rhino begin work on the Contract at a time when Biogenesis had not mobilized any employees on Guam nor made any arrangements to commence work on the Contract because of a pending bid protest, Mr. O'Connell and Rhino knew and intended that Biogenesis would become immediately obligated to complete performance of the accepted delivery orders by the deadline imposed by the Navy, otherwise Biogenesis would likely face the termination of the Contract by the Navy for Biogenesis' default.

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
B030730 327-0001.CT (Answer Second Amended Complaint).wpd

6

Case 1:02-cv-00008    Document 503    Filed 04/14/2005    Page 33 of 37

20.     By having Mr. Avilla accept the delivery orders on Biogenesis' behalf and by having Rhino begin work on the Contract at a time when Biogenesis had not mobilized any employees on Guam nor made any arrangements to commence work on the Contract because of a pending bid protest, Mr. O'Connell and Rhino knew and intended that Biogenesis would likely only be able to complete the delivery orders and avoid termination of the Contract for default by allowing Rhino to complete the work, thus defrauding and forcing Biogenesis into allowing Rhino to perform work on certain delivery orders already commenced.

21.     Despite accepting the delivery orders as early as May 2000, Rhino and Mr. O'Connell never informed Biogenesis that Rhino had caused said delivery orders to be accepted from the Navy under the Contract or that Rhino had commenced work on said delivery orders.

22.     Biogenesis did not first discover that work had commenced on the Contract until September 2000, when Biogenesis was contacted by certain suppliers of materials for the delivery orders requesting payment for said materials.

23.     In response to these inquiries from materials suppliers, Biogenesis spoke to Mr. Avilla for the very first time in September 2000 and was told by Mr. Avilla that he had accepted the delivery orders on Biogenesis' behalf because he was instructed to do so by Mr. O'Connell, who represented to Mr. Avilla that Rhino had entered into a subcontract agreement with Biogenesis.

24.     As a result of the fraudulent acts of Mr. O'Connell and Rhino, Biogenesis had no choice but to allow Rhino to complete certain delivery orders in order to avoid defaulting on the Contract. Biogenesis agreed to allow Rhino to complete Delivery Order Nos. 1, 2 and 7 and paid Rhino $25,000 for materials and supplies allegedly purchased by Rhino to complete said delivery orders. Delivery Order Nos. 1, 2 and 7 are attached as Exhibit "C," "D" and "E," respectively and incorporated herein by reference.

25.     Biogenesis also continued to negotiate with Rhino to see whether it could agree to a subcontract agreement, but because of Rhino's repeated bad faith and tortious conduct, Biogenesis refused to enter into a formal subcontract agreement with Rhino.

26.     All work on the remaining fifteen (15) delivery orders were commenced and completed by Biogenesis.

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
B030730.327-0001.CT (Answer Second Amended Complaint).wpd

7

Case 1:02-cv-00008     Document 503     Filed 04/14/2005     Page 34 of 37

Tortious Interference with Contract

27.  In or about September 2000, Mr. O'Connell requested of Mr. Avilla that Mr. Avilla fail to show up at scheduled meetings with the Navy related to the delivery orders and to stop all work on the above-said delivery orders in order to cause Biogenesis to breach the Contract, to suffer liquidated damages because of delays in performance of delivery orders accepted under the Contract, and to interfere with Biogenesis' rights under the Contract so that Biogenesis would fail under the Contract and Rhino would be awarded the Contract.

28.  On or about September 2000, Mr. O'Connell told Mr. Alfred Garthe ("Mr. Garthe"), an employee of Rhino, to stop all work on the above-said delivery orders in order to cause Biogenesis to breach the Contract, to suffer liquidated damages because of delays in performance of delivery orders accepted under the Contract, and to interfere with Biogenesis' rights under the Contract so that Biogenesis would fail under the Contract and Rhino would be awarded the Contract.

29.  On or about October or November 2000, Mr. Danforth, Rhino's representative, contacted Biogenesis and advised it that Rhino had caused delivery orders to be accepted from the Navy and that Rhino had allowed its workers to commence work on said delivery orders.

30.  Rhino and Mr. Danforth informed Biogenesis that because Biogenesis did not have a subcontract with Rhino, Rhino would have its workers cease work on the accepted delivery orders causing Biogenesis to suffer liquidated damages under the Contract unless Biogenesis executed a written exclusive five year subcontract with Rhino.

31.  After Biogenesis refused to execute the subcontract, Rhino caused its workers to cease working on the delivery orders in order to further bring about Biogenesis' breach of the Contract and the Navy's termination of the Contract.

32.  Rhino and Mr. Danforth, informed Biogenesis that liens would be placed on the project unless Biogenesis paid Rhino $25,000. Biogenesis paid Rhino $25,000 for the materials and supplies Rhino allegedly purchased for the project and requested a full accounting of all supplies ordered for the project. Rhino and Mr. Danforth never provided Biogenesis with such an accounting.

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
B030730.327-0001.CT (Answer Second Amended Complaint).wpd

Case 1:02-cv-00008    Document 503    Filed 04/14/2005    Page 35 of 37

8

## FIRST CAUSE OF ACTION
## FRAUD

33.  Biogenesis realleges and incorporates by reference the allegations contained in paragraphs 1 through 26.

34.  In doing all things alleged above, Rhino and Mr. O'Connell falsely represented to Biogenesis' authorized manager, Mr. Avilla, that Biogenesis had subcontracted with Rhino to perform the Contract and to accept delivery orders under the Contract when in fact Biogenesis had yet to enter into a subcontract agreement with Rhino and had not authorized the acceptance of delivery orders.

35.  In doing all things alleged above, Rhino and Mr. O'Connell caused Mr. Avilla to rely on Rhino and Mr. O'Connell's false representations in order to induce Mr. Avilla to accept delivery orders in the name of Biogenesis and to assign them to Rhino, all without the consent of Biogenesis.

36.  In doing all things alleged above, Rhino and Mr. O'Connell's fraudulent acts forced Biogenesis to allow Rhino to complete work on delivery orders 1, 2, and 7 causing Biogenesis damages in an amount to be proven at trial of not less than $25,000.

37.  In doing all things alleged above, Rhino and Mr. O'Connell acted maliciously and willfully and with the intent of defrauding and forcing Biogenesis into a subcontract agreement with Rhino in order to avoid a default of the Contract, and Biogenesis is, therefore, entitled to compensatory damages, and exemplary or punitive damages in an additional sum to be proven at trial.

## SECOND CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH CONTRACT

38.  Biogenesis realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

39.  In doing all things alleged above, Counter-Defendants caused Biogenesis to suffer liquidated damages under the Contract in an amount not less than $3,820.00, and Biogenesis is therefore entitled to compensatory damages in said amount.

40.  In doing all the things alleged above, Counter-Defendants acted maliciously and willfully and for the purpose of causing Biogenesis to breach the Contract in order for Rhino to take

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
B030730.327.0001.CT (Answer Second Amended Complaint).wpd

9

over the Contract, and Biogenesis is, therefore, entitled to exemplary or punitive damages in an additional sum to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Biogenesis respectfully requests judgment as follows:

1.    Exemplary or punitive damages against Counter-Defendants Rhino Builders, Inc. and Michael O'Connell for fraud in an amount of $7,029,328.94 or such other amount as may be proven at trial;

2.    Damages for tortious interference of contract against all Counter-Defendants in an amount to be proven at trial to be not less than $3,820.00;

3.    Damages for fraud against Counter-Defendants Rhino Builders, Inc. and Michael O'Connell in an amount to be proven at trial to be not less than $43,854.20;

4.    Exemplary or punitive damages for tortious interference with contract against all Counter-Defendants in an amount to be proven at trial;

5.    Reasonable attorneys' fees and costs;

6.    Such other and further relief as the Court deems just and proper.

Dated this 30th day of July, 2003.

CALVO AND CLARK, LLP
Attorneys At Law
Attorneys for Defendant Biogenesis Pacific, Inc.

By: _____
        JANALYNN M. CRUZ

ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
B030730.327-0001.CT (Answer Second Amended Complaint).wpd

Case 1:02-cv-00008    Document 503    Filed 04/14/2005    Page 37 of 37

10



PWC CODE 200          ID:671-339-7243          SEP 30'99          7:12 No.003 P.01



### DEPARTMENT OF THE NAVY
U.S. NAVY PUBLIC WORKS CENTER
PSC 455, BOX 198
FPO AP 96540-2937
OFFICER IN CHARGE OF CONSTRUCTION
PSC 455, BOX 175
FPO AP 96540-4200

IN REPLY REFER TO:

Code 42CK/JT

2 9 SEP 1999

BioGenesis Pacific, Inc.
Attn: Mr. Gerald N.Y.C. Lam
Corporate & Programs Control
1604 Ulualana Place
Kailua, Hawaii 96734

N62766-99-D-0425, INDEFINITE DELIVERY / INDEFINITE QUANTITY CONTRACT FOR
ROOFING SYSTEM INSTALLATION AND REPAIR, GUAM;  SBA # 0951-99-902195

Congratulations! Your firm is hereby given notice of award of this contract for the Minimum Guaranteed
amount of $100,000.00 and a Base Year Not-to-Exceed total of $2,983,439.00 in accordance with Line
Items 0001 through 0024AH of NAVFAC Specification 41-99-0425. The duplicate original of the
awarded contract is forwarded with this letter as enclosure (1). The date of award is shown in Block 31C
of the award Document.

Within 10 days of receipt of this notice, submit to the Officer in Charge of Construction, Marianas,
originals of the Performance and Payment Bonds and Certificate of Insurance. Enclosures (2) and (3) are
the bond forms for your use.  The date of award shown in Block 31C of the Award Document must be
indicated on your submitted bonds.

Please contact Mr. Joe Camacho at (671) 339-7400 as soon as possible to arrange a pre-construction
meeting.  The purpose of this meeting is to review various regulations and contract administrative
procedures.  You may not proceed with the work until the Contracting Officer has issued a Notice to
Proceed upon receipt and approval of Performance and Payment Bonds and Certificate of Insurance.

Please acknowledge receipt below and return to the Officer in Charge of Construction, immediately.

JAMES B. POWERS
Contracting Officer

The above Notice of Award received this

1   Day of October   1999

By: _____
              (Signature)

GERALD LAM President
(Type or Print Name & Official Title)

Enclosures:
(1) Award Document (SF 1442) with schedule
(2) Standard Form 25 (Rev 1-90) (2 cys)
(3) Standard Form 25A (Rev 1-90) (2 cys)

*Duplicate Original
and all enclosures
will follow in the
mail.*

*Jean Tarlton*
*(671) 339-7077*

*5 - pages Total*

"SAFETY FIRST"

**EXHIBIT "A"**



## DEPARTMENT OF THE NAVY
U.S. NAVY PUBLIC WORKS CENTER
PSC 489, BOX 196
FPO AP 96540-0027
OFFICER IN CHARGE OF CONSTRUCTION
PSC 499, BOX 179
FPO AP 96540-4299

IN REPLY REFER TO:

42CK

2 9 SEP 1999

Rhino Roofing and Repairs, Inc., dba
RHINO BUILDERS
Attn: Michael N. O'Connell, President
790 N. Marine Drive – Box 959
Tumon, Guam 96911

Phone: (808) 668-8578
Fax: (808) 668-7024

SUBJ: SOLICITATION N62766-99-R-0425, INDEFINITE DELIVERY INDEFINITE QUANTITY CONTRACT FOR ROOFING SYSTEMS INSTALLATION AND REPAIR, GUAM

Thank you for submitting a proposal in response to our Request for Proposal (RFP) for the above Solicitation. We appreciate the time and effort of your company in preparing an offer for this project.

The Government selected the firm BIOGENESIS PACIFIC INC., PROGRAMS & CONTROL DIVISION, 1604 Ulualana Place, Kailua, Hawaii, to receive the contract award. The successful offer, considering base year and four option years, was $14,991,963.50. The Government Estimate was $20,167,114.00.

Your technical proposal was rated *Highly Acceptable*; however, your proposal did not represent the best value to the Government.

We wish you success in your future endeavors, and we hope you will continue to submit bids and proposals on our projects that are in the area of your expertise. Should you desire a debriefing, please notify this office in writing within three (3) days of receiving this letter. You may fax a written request to Julia Taitano at (671) 339-4248 / 7023.

JAMES B. POWERS
Contracting Officer

# EXHIBIT "B"

# ORDER FOR SUPPLIES OR SERVICES
(submit four copies of invoice)

Form Approved
OMB No. 0704-0187
Expires Aug 31, 1992

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Service, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in item 6.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0425 | 0001 | 5/15/00 | | |

| 6. ISSUED BY | CODE | C2766 | 7. ADMINISTERED BY (if other than 6) | CODE | 8. DELIVERY FOB |
|---|---|---|---|---|---|
| Officer in Charge of Construction NAVFACENGCOM Contracts, Marianas PSC 455, Box 175 FPO AP 96540-2200 | | | | | [X] DEST. [ ] OTHER (See Schedule if other) |

| 9. CONTRACTOR | | FACILITY CODE | | 11. MARK IF BUSINESS IS |
|---|---|---|---|---|
| NAME AND ADDRESS | BioGenesis Pacific, Inc. Corporate & Programs Control 1604 Ulualana Place Kailua, HI 96734 (TEL: 637-9426 Richard Avilla) B(a) Contractor | | 10. DELIVER TO FOB POINT (Date) 15 JUN 2000 12. DISCOUNT TERMS NET 30 13. MAIL INVOICES TO SEE BLOCK 6 | [ ] SMALL [ ] SMALL DISADVANTA [ ] WOMEN-OWNED |

| 14. SHIP TO | CODE | 15. PAYMENT WILL BE MADE BY | CODE | MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER |
|---|---|---|---|---|
| | | Defense Finance & Accounting Service Operating Location Oakland, Code FPV P. O. Box 23870 Oakland, CA 94623-3870 | | |

| 16. TYPE OF ORDER | | | |
|---|---|---|---|
| [ ] DELIVERY | | 3 This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. | |
| [ ] PURCHASE | | Reference your _____. Furnish the following on terms specified herein. ACCEPTANCE. THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME. | |

| Bio Genesis | Richard Avilla | Richard Avilla Operation Manager | 5/16 |
|---|---|---|---|
| NAME OF CONTRACTOR | SIGNATURE | TYPED NAME AND TITLE | DATE SIGNED |

[ ] If this box is marked, supplier must sign Acceptance and return the following number of copies.

## ACCOUNTING AND APPROPRIATION DATA

| 17. ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTH'N ACCTG ACTY | TRANS TYPE | PROPERTY ACC'T ACTY | COUN-TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804.70FA | 250 | 61755 | 0 | 045924 | 2D | C0M109 | | 61755046M71Q | $12,129.10 |

| 18. ITEM | 19. SCHEDULE OF SUPPLIES/SERVICE | 20. QUANTITY ORDERED/ ACCEPTED* | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| | W/R 31973, COMNAVMAR | | | | |
| 0001 | Roof Repairs at BQ1 through BQ20, COMNAVMAR, Guam | 4,080 | LF | $ 0.98 | $ 3,998.40 |
| 0002AD | Reseal Construction Joints | 140 | LF | $ 13.26 | $ 1,856.40 |
| 0002AE | Replace Expansion Joint Assembly, To 2" Space, Stainless Steel | 4,080 | SF | $ 0.15 | $ 612.00 |
| 0015AA | Miscellaneous Items: Waterblast Roof Surface in Accordance with Section 07672 | 4,080 | LF | $ 0.56 | $ 2,284.80 |
| 0017AA | Seal Joints and Penetrations 6" Wide | 850 | SF | $ 3.69 | $ 3,136.50 |
| 0021AA | Re-secure Metal Flashing (Spot Repair) | 100 | LF | $ 2.41 | $ 241.00 |
| 0022AA | Trim/Dispose Tree Branches Obstructing Roofing Operation | | | | |

| | 24. UNITED STATES OF AMERICA | 25. TOTAL $ 12,129.10 |
|---|---|---|
| *If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle. | L A Guzman BY: L. A. GUZMAN Contracting Officer : Tel: 339-5120 guzmanc@efwcguam.navy.mil | 26. DIFFERENCES |

| 29. QUANTITY IN COLUMN 20 HAS BEEN [ ] INSPECTED [ ] RECEIVED [ ] ACCEPTED, AND CONFORME TO THE CONTRACT EXCEPT AS NOTED | 27. SHIP NO. [ ] PARTIAL [ ] FINAL | 28. D. O. VOUCHER NO. | 30. INITIALS |
|---|---|---|---|
| | | 32. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |
| DATE        SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 31. PAYMENT [ ] COMPLETE [ ] PARTIAL [ ] FINAL | | 34. CHECK NUMBER |
| 35. I certify this account is correct and proper for payment. | | | 35. BILL OF LADING NO. |
| DATE        SIGNATURE AND TITLE OF CERTIFYING OFFICER | | | |

| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |
|---|---|---|---|---|---|

DD Form 1155 (8PT), MAY 90         Previous editions are obsolete

S/N 0102-LF-011-4

# EXHIBIT "C"

# ORDER FOR SUPPLIES OR SERVICES
(Contractor must submit four copies of invoice.)

Form Approved
OMB No. 0701-0187
Expires Aug 31, 1992

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in item 6.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0425 | 0002 | 29JUNE2000 | W/R 31036 | |

| 6. ISSUED BY | CODE C2766 | 7. ADMINISTERED BY (If other than 6) | CODE | DO |
|---|---|---|---|---|

6. ISSUED BY
Officer in Charge of Construction
NAVFACENGCOM Contracts, Marianas
PSC 455, Box 175
FPO AP 96540-2200

8. CONTRACTOR  CODE    FACILITY CODE

NAME AND ADDRESS
BioGenesis Pacific, Inc.
Corporate & Programs Control
1604 Ulualana Place
Kailua, HI 96734
(TEL: 637-9426 Richard Avilla)

9. DELIVERY FOB
DEST
OTHER
(See Schedule if other)

11. MARK IF BUSINESS IS
SMALL
SMALL DISADVANTA
WOMEN-OWNED

10. DELIVER TO FOB POINT (Date)
03 AUGUST 2000

12. DISCOUNT TERMS

13. MAIL INVOICES TO
SEE BLOCK 6

14. SHIP TO  CODE

15. PAYMENT WILL BE MADE BY  CODE
Defense Finance & Accounting Service
Operating Location Oakland, Code FPV
P. O. Box 23870
Oakland, CA 94623-3870

MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER

| 16. TYPE OF ORDER | DELIVERY | X | This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. | | |
|---|---|---|---|---|---|
| | PURCHASE | | Reference your ___ furnish the following on terms specified herein. ACCEPTANCE. THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME. | | |

BioGenesis
NAME OF CONTRACTOR                    Richard Avilla                    -Operations Manager-        6-30-00
                                        SIGNATURE                                                   DATE SIGNED

☐ If this box is marked, supplier must sign Acceptance and return the following number of copies.

## ACCOUNTING AND APPROPRIATION DATA

| ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTHN ACCTG ACTY | TRANS TYPE | PROPERTY ACC'T ACTY | COUN-TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804.70FA | 250 | 61755 | 0 | 045924 | 2D | C0M118 | | 61755046M59Q | $26,445.10 |

| ITEM NO. | 18. SCHEDULE OF SUPPLIES/SERVICE | 20. QUANTITY ORDERED/ACCEPTED* | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| 0001 | Roof Repairs to Bldg. 4433, Racquetball Court at Polaris Pt., COMNAVMAR, Guam | | | | |
| 0002AC | Repair Concrete Roof Deck Surface Per Section 03930 and 07920: Grout Depressed Areas | 790 | SF | $6.99 | $5,522.10 |
| 0005AC | Install Roof Insulation in Accordance with Section 08220: Tapered Insulation 1/16, 1/8, ¼ Per Ft. | 6,300 | BF | $1.89 | $11,907.00 |
| 0013AA | Install Roofing System Accessories: Treated Wood Cants, Nailers and Fasteners for Line Item 0006 Through 0012 Above | 400 | LF | $2.74 | $1,096.00 |
| 0015AA | Miscellaneous Items: Water blast Roof Surface in Accordance with Section 07572 | 2,200 | SF | $0.15 | $330.00 |
| 0017AC | Fluid Applied Roofing Membrane in Accordance with Section 07540: 60 Mils Thick Roof Membrane | 2,200 | SF | $3.45 | $7,590.00 |
| | Attached is Statement of Work dated 30 May 2000 | | | | |

*If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle.

24. UNITED STATES OF AMERICA

BY:  BRIAN M. GILLIGAN
     Contracting Officer
     (671) 339-2365
     gilliganb@efawcguam.navy.mil

| 25. TOTAL | $26,445.10 |
|---|---|
| 26. DIFFERENCES | |

26. QUANTITY IN COLUMN 20 HAS BEEN
☐ INSPECTED  ☐ RECEIVED  ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED

| 27. SHIP NO. | 28. D. O. VOUCHER NO. | 29. INITIALS |
|---|---|---|
| ☐ PARTIAL ☐ FINAL | 32. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |

_____
DATE   SIGNATURE OF OR AUTHORIZED GOVERNMENT REPRESENTATIVE

| 31. PAYMENT | | 34. CHECK NUMBER |
|---|---|---|
| ☐ COMPLETE ☐ PARTIAL ☐ FINAL | | 35. BILL OF LADING NO. |

36. I certify this account is correct and proper for payment.

_____
DATE   SIGNATURE AND TITLE OF CERTIFYING OFFICER

| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |
|---|---|---|---|---|---|

DD Form 1155 (EPT), MAY 90        Previous editions are obsolete.

S/N 0102-LF-011-4700

**EXHIBIT "D"**

# ORDER FOR SUPPLIES OR SERVICES
(Contractor must submit four copies of invoice.)

Form Approved
OMB No. 0701-0187
Expires Aug 31, 1992

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in item 6.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0425 | 0007 | 21 AUG 2000 | W/R 31029 | DO |

| 6. ISSUED BY | CODE C2766 | 7. ADMINISTERED BY (If other than 6) | CODE | 9. DELIVERY FOB |
|---|---|---|---|---|

6. ISSUED BY
Officer in Charge of Construction
NAVFACENGCOM Contracts, Marianas
PSC 455, Box 175
FPO AP 96540-2200

9. DELIVERY FOB
[X] DEST
[ ] OTHER
(See Schedule if other)

| 8. CONTRACTOR | | FACILITY CODE | 10. DELIVER TO FOB POINT BY (DATE) | 11. MARK IF BUSINESS IS |
|---|---|---|---|---|

NAME AND ADDRESS
BioGenesis Pacific, Inc.
Corporate & Programs Control
1604 Ulualana Place
Kailua, HI 96734
(Tel: 632-7653 Richard Avilla)
Email: rhinogum@lte.net

10. DELIVER TO FOB POINT BY (DATE)
20 SEP 2000

11. MARK IF BUSINESS IS
[ ] SMALL
[ ] SMALL DISADVANTA
[ ] WOMEN-OWNED

12. DISCOUNT TERMS

| 14. SHIP TO | CODE | 15. PAYMENT WILL BE MADE BY | CODE | |
|---|---|---|---|---|

15. PAYMENT WILL BE MADE BY
Defense Finance & Accounting Service
Operating Location Oakland, Code FPV
P. O. Box 23870
Oakland, CA 94623-3870

MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER

13. MAIL INVOICES TO
SEE BLOCK 6

| 16. TYPE OF ORDER | DELIVERY [X] | This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. | | |
|---|---|---|---|---|
| | PURCHASE | Reference your _____ furnish the following on terms specified herein. ACCEPTANCE. THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME. | | |

| BioGenesis Pacific, Inc. | *Richard Avilla* (signature) | Richard Avilla Operations Manager | 5-25-00 |
|---|---|---|---|
| NAME OF CONTRACTOR | SIGNATURE | TYPED NAME AND TITLE | DATE SIGNED |

If this box is marked, supplier must sign Acceptance and return the following number of copies.

### ACCOUNTING AND APPROPRIATION DATA

| 17. ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTH/ ACCT'G ACTY | TRANS TYPE | PROPERTY ACT'G ACTY | COUN-TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | 20 COM 129 | | | $5,280.00 |
| AA | 1701804 70FA | 250 | 61755 | 0 | 045924 | 2D | | | 61755046M11Q | |

| 18. ITEM | 19. SCHEDULE OF SUPPLIES/SERVICE | 20 QUANTITY ORDERED/ ACCEPTED* | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| 0001 | Roof repair at Bldg. 631, DRMO southeast corner of office spaces | | | | $255.00 |
| 0001AA | Demolish and dispose roofing system per Sections 02220, 13281, and 13282: Single or multi-ply membrane without insulation | 500 | SF | $.51 | $255.00 |
| 0002AC | Repair concrete roof deck surface per Section 03930 and 07920: Grout depressed areas | 500 | SF | $6.99 | $3,495.00 |
| 0015AA | Miscellaneous items: Waterblast roof surface in accordance with Section 07572 | 500 | SF | $.15 | $75.00 |
| 0017AB | Fluid applied roofing membrane in accordance with Section 07540: 45 mils thick roof membrane | 500 | SF | $2.91 | $1,455.00 |

| | 24. UNITED STATES OF AMERICA | 25. TOTAL |
|---|---|---|
| *If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle. | BY: *Johna M. Mndiol* JOHANNA G. MENDIOLA Contracting Officer TEL: (671) 339-8098 mendiolj@pwceuam.navy.mil | $5,280.00 |
| | | 26. DIFFERENCES |

| [ ] QUANTITY IN COLUMN 20 HAS BEEN [ ] INSPECTED [ ] RECEIVED [ ] ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED | 27. SHIP NO. | 28. D. O. VOUCHER NO. | 29. INITIALS |
|---|---|---|---|
| | [ ] PARTIAL [ ] FINAL | 31. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |
| DATE _____ SIGNATURE OF OR AUTHORIZED GOVERNMENT REPRESENTATIVE | 34. PAYMENT [ ] COMPLETE [ ] PARTIAL [ ] FINAL | | 34. CHECK NUMBER |
| 36. I certify this account is correct and proper for payment. | | | 35. BILL OF LADING NO. |
| DATE _____ SIGNATURE AND TITLE OF CERTIFYING OFFICER | | | |

| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |
|---|---|---|---|---|---|

DD Form 1155 (6PT), MAY 90          Previous editions are obsolete

S/N 0102-LF-011-4700

# EXHIBIT "E"

ANTONIO L. CORTÉS
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

FILED
DISTRICT COURT OF GUAM

SEP - 2 2003

MARY L. M. MORAN
CLERK OF COURT

Attorneys for Plaintiff Rhino Builders, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC., | CIVIL CASE NO.02-00008 |
| Plaintiff, | **REPLY TO JULY 30, 2003 COUNTERCLAIM BY BIOGENESIS** |
| vs. | |
| BIOGENESIS PACIFIC, INC., AIG TECHNICAL SERVICES, INC., and AMERICAN HOME ASSURANCE CO., | |
| Defendants. | |
| BIOGENESIS PACIFIC, INC., | |
| Counter-Plaintiff, | |
| vs. | |
| RHINO BUILDERS, INC., MICHAEL O'CONNELL, MICHAEL DANFORTH, and JOHN DOES 1-10, | |
| Counter-Defendants. | |
| AMERICAN HOME ASSURANCE CO., | |
| Cross-Claimant, | |
| vs. | |
| BIOGENESIS PACIFIC, INC., | |
| Cross-Claim Defendant. | |

Plaintiff Rhino Builders, Inc. replies to the July 30, 2003 counterclaim of Defendant Biogenesis Pacific, Inc. ("Defendant") in this matter by alleging as follows:

1.      Plaintiff admits the allegations in paragraphs 1, 2, 3, 4, 6, 7 and 9 of the amended counterclaim.

2.      Plaintiff admits all allegations admitted in its October 22, 2002 reply to Defendant's October 8, 2002 Amended Counterclaim.

3.      Plaintiff admits that, on or about February 2000, Defendant did submit Mr. Avilla's name to the Navy as Defendant's representative.

4.      Plaintiff admits that Defendant paid Plaintiff $25,000 for work, materials, and/or supplies used by Plaintiff to complete work under the Navy Contract.

5.      Except as admitted in the foregoing paragraphs 1 through 4, Plaintiff denies each and every allegation made by Defendant in its July 30, 2003 Counterclaim.

## AFFIRMATIVE DEFENSES

1.      The July 30, 2003 counterclaim is untimely made, without leave of Court, in contravention to the Court's Scheduling Order, and without the required showing that said order should properly be modified to allow this new counterclaim.

2.      The July 30, 2003 counterclaim fails to state a claim upon which relief may be granted.

2

3.      Defendant's July 30, 2003 counterclaim is barred by the doctrines of estoppel and waiver, Defendant's ratification of allegedly unauthorized acts, the statute of frauds, privilege, license, duress, the applicable statutes of limitations, laches, unclean hands, bad faith, fraud and misrepresentation, setoff, and Defendant's failure to mitigate its alleged damages.

WHEREFORE, plaintiff prays that the court dismiss Defendant's July 30, 2003 counterclaim, that Defendant take nothing therefrom, and that the Court award Plaintiff its costs and all other relief to which it is entitled.

DATED this 2nd day of September 2003.

LAW OFFICE OF ANTONIO L. CORTÉS
Attorneys for Plaintiff Rhino Builders, Inc.

By: _____
     ANTONIO L. CORTES

3

1  FREDERICK J. KERLEY
   ATTORNEY AT LAW
2  Reflection Center, Suite 202
   222 Chalan Santo Papa
3  Hagåtña, Guam 96910
   Telephone: (671) 477-7008
4  Facsimile:  (671) 477-7009

**FILED**
DISTRICT COURT OF GUAM

AUG 19 2003

MARY L. M. MORAN
CLERK OF COURT

5  Attorney for Counter-Defendant Michael O'Connell

6

7                    **DISTRICT COURT OF GUAM**

8                     **TERRITORY OF GUAM**

9
   UNITED STATES OF AMERICA FOR USE      )    CIVIL CASE NO. 02-00008
10 AND BENEFIT OF RHINO BUILDERS, INC.,  )
                                          )
11         Plaintiff,                      )
                                          )
12         vs.                            )    **COUNTER-DEFENDANT MICHAEL
                                          )    O'CONNELL'S ANSWER TO
13 BIOGENESIS PACIFIC, INC.,             )    AMENDED COUNTERCLAIM;
   AIG TECHNICAL SERVICES, INC. and      )    CERTIFICATE OF SERVICE**
14 AMERICAN HOME ASSURANCE COMPANY,      )
                                          )
15         Defendants.                     )
   _____)
16                                         )
   BIOGENESIS PACIFIC INC.,               )
17                                         )
            Counter-Plaintiff,            )
18                                         )
            vs.                           )
19                                         )
   RHINO BUILDERS, INC., MICHAEL          )
20 O'CONNELL, MICHAEL DANFORTH,           )
   AND JOHN DOES 1-10,                    )
21                                         )
            Counter-Defendants.           )
22 _____)
                                          )
23 AMERICAN HOME ASSURANCE COMPANY,      )
                                          )
24         Cross-Claimant,                )
                                          )
25         vs.                            )
                                          )
26 BIOGENESIS PACIFIC INC.,              )
                                          )
27         Cross-Claim Defendant.         )
   _____)

## ANSWER TO AMENDED COUNTERCLAIM

Counter-Defendant Michael O'Connell ("O'Connell"), by and through his attorney, answers the amended counterclaim filed herein on July 30, 2003, as follows:

1.    O'Connell denies the allegations set forth in paragraphs 1, 11, 13, 16, 17, 19, 20 through 25, 27, 28, 31, 34 through 37, 39 and 40 of the amended counterclaim.

2.    Admits the allegations set forth in paragraphs 2, 3, 4, 6, 7 and 9 of the amended counterclaim.

3.    Is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 5, 8, 26 and 29 of the amended counterclaim and therefore denies them.

4.    In response to the allegations set forth in paragraph 10 of the amended counterclaim, O'Connell represented that Rhino had bonding and trained and licensed personnel, but denies all of the other allegations set forth in that paragraph. O'Connell affirmatively alleges that, in fact, it was Gerald Lam who, on behalf of Biogenesis, first approached O'Connell about Rhino helping Biogenesis perform its Contract with the Navy.

5.    In response to the allegations set forth in paragraph 12 of the amended counterclaim, O'Connell is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of that paragraph and therefore denies them; O'Connell admits the allegations set forth in the second sentence in that paragraph.

6.    In response to the allegations set forth in paragraph 14 of the amended counterclaim, O'Connell admits that Biogenesis allowed Rhino to enter the project site on or around February 2000, but denies that this was "at its own risk and cost for the limited purpose of investigating potential delivery orders under the Contract in order to provide specific proposals to Biogenesis", and otherwise denies the allegations set forth in that paragraph.

2

1    7.    O'Connell denies the allegations set forth in paragraph 15 of the amended

2    counterclaim and affirmatively alleges that Rhino accepted eighteen delivery orders from

3    Biogenesis under its oral subcontract with Biogenesis.

4    8.    In response to the allegations set forth in paragraph 18 of the amended

5    counterclaim, O'Connell denies each and every allegation and affirmatively alleges that

6    when Rhino accepted eighteen delivery orders from Biogenesis under its oral subcontract

7    with Biogenesis, Biogenesis had not yet mobilized any workforce nor hired any employees

8    on Guam.

9    9.    In response to the allegations set forth in paragraph 30 of the amended

10   counterclaim, O'Connell denies that Rhino did the things alleged in that paragraph and is

11   without knowledge or information sufficient to form a belief as to the truth of the allegations

12   that Mr. Danforth did the things alleged in that paragraph and therefore denies these

13   allegations, and otherwise denies the allegations set forth in that paragraph, and O'Connell

14   affirmatively alleges that to the extent that Rhino had its workers cease work, this was

15   because Biogenesis' failure to pay Rhino in breach of their oral subcontract prevented

16   Rhino from paying its employees.

17   10.   In response to the allegations set forth in paragraph 32 of the amended

18   counterclaim, O'Connell denies that Rhino did the things alleged in the first sentence in

19   that paragraph and is without knowledge or information sufficient to form a belief as to the

20   truth of the allegations that Mr. Danforth did the things alleged in the first sentence in that

21   paragraph and therefore denies these allegations; admits that Biogenesis paid Rhino

22   $25,000 for the materials and supplies Rhino purchased for the project; denies that

23   Biogenesis requested a full accounting of all supplies ordered for the project; denies that

24   Rhino and Mr. Danforth never provided Biogenesis with such an accounting; and otherwise

25   denies the allegations in paragraph 32.

26

27

3

11. In response to the allegations incorporated by reference in paragraph 33 of the amended counterclaim, O'Connell incorporates by reference his responses to paragraphs 1 through 26 of the amended counterclaim, as set forth above.

12. In response to the allegations incorporated by reference in paragraph 38 of the amended counterclaim, O'Connell incorporates by reference his responses to paragraphs 1 through 32 of the amended counterclaim, as set forth above.

13. Denies that O'Connell ever acted in his individual capacity but that he was, at all relevant times, acting in his capacity as Chief Executive Officer of Rhino Builders, Inc.

14. Denies each and every allegation not expressly admitted above.

## AFFIRMATIVE DEFENSES

15. The Court lacks personal jurisdiction over O'Connell and lacks subject matter jurisdiction over the claims asserted by Biogenesis.

16. The amended counterclaim, in whole or in part, fails to state a claim upon which relief can be granted.

17. Defendant's amended counterclaim is barred by the doctrines of estoppel, waiver and ratification.

18. Defendant's amended counterclaim is barred by one or more of the following additional affirmative defenses: statute of limitations; laches; set-off; bad faith; fraud and misrepresentation; and failure to mitigate damages.

//
//
//
//
//
//

4

1      WHEREFORE, O'Connell prays that the Court dismiss Biogenesis' amended

2   counterclaim and that Biogenesis take nothing therefrom, and that the Court award

3   O'Connell his costs and all other relief to which he is entitled.

4      Dated this 19th day of August, 2003.

5                                      FREDERICK J. KERLEY
                                       ATTORNEY AT LAW
6                                      Attorney for Counter-Defendant
                                       Michael O'Connell
7

8

9                                      FREDERICK J. KERLEY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

                                    5

# CERTIFICATE OF SERVICE

I, Frederick J. Kerley, hereby certify that on August 19, 2003, I caused to be served the **COUNTER-DEFENDANT MICHAEL O'CONNELL'S ANSWER TO AMENDED COUNTERCLAIM**, by hand delivery to:

> Law Office of Antonio L. Cortes
> Suite 233, Julale Center
> 424 West O'Brien Drive
> Hagåtña, Guam 96910
>
> Calvo & Clark, LLP
> Suite 202, First Savings & Loan Building
> 655 South Marine Drive
> Tamuning, Guam 96911
>
> Berman O'Connor Mann & Shklov
> Suite 503 Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910
>
> Vernier & Maher, LLP
> 115 Hessler Place, Ground Floor
> Governor Joseph Flores Building
> Hagåtña, Guam 96910

Dated this 19th day of August, 2003.

FREDERICK J. KERLEY
ATTORNEY AT LAW
Attorney for Counter-Defendant
Michael O'Connell

FREDERICK J. KERLEY

6

FILED

DISTRICT COURT OF GUAM

MAR 18 2005

MARY L.M. MORAN
CLERK OF COURT

1  Arthur B. Clark, Esq.
   Janalynn C. Damian, Esq.
2  CALVO & CLARK, LLP
   Attorneys at Law
3  655 South Marine Corps Drive, Suite 202
   Tamuning, Guam 96911
4  Telephone:    (671) 646-9355
   Facsimile:    (671) 646-9403
5
   Attorneys for Defendant/Counter-Plaintiff
6  BioGenesis Pacific, Inc.

7

8                    IN THE DISTRICT COURT OF GUAM

9  UNITED STATES OF AMERICA FOR USE      )   CIVIL CASE NO. 02-00008
   AND BENEFIT OF RHINO BUILDERS, INC.,  )
10                                        )
                   Plaintiff,            )
11                                        )   **ANSWER TO THIRD AMENDED**
                   vs.                   )   **COMPLAINT AND COUNTERCLAIM**
12                                        )
   BIOGENESIS PACIFIC, INC.,             )
13                                        )
                   Defendant.            )
14 ─────────────────────────────────────  )
                                          )
15 BIOGENESIS PACIFIC INC.,               )
                                          )
16                 Counter-Plaintiff,    )
                                          )
17                 vs.                    )
                                          )
18 RHINO BUILDERS, INC., MICHAEL          )
   O'CONNELL, AND JOHN DOES 1-10,        )
19                                        )
                   Counter-Defendants.   )
20 ─────────────────────────────────────  )

RECEIVED

MAR 18 2005 :|A
Law Offices
TARPLEY & MORONI, LLP

21         COMES NOW, Defendant Biogenesis Pacific, Inc. ("Biogenesis"), by and through its

22 counsel Calvo & Clark, LLP, and answers the Third Amended Complaint as follows:

23         1.     As to paragraph 1 and 3 of the Complaint, Biogenesis admits said allegations.

24         2.     As to paragraph 2, 4, 7-10, 12-17, 19-26, of the Complaint, Biogenesis denies

25 said allegations.

26         3.     As to paragraph 5 of the Complaint, Biogenesis admits that the Court had

27 jurisdiction over the original action under the Miller Act. Biogenesis denies that the Court has current

28 jurisdiction over this action after the dismissal of Rhino's Miller Act claim.

ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
G0000128.WPD:3



1

1    4.     As to paragraph 6 of the Complaint, Biogenesis admits that it entered into a

2    contract in writing with the United States of America to furnish materials and perform labor for the

3    installation of U.S. Navy housing roofing in various locations, in accordance with the specifications

4    contained in Navy Contract No. N62766-99-D-0425. Biogenesis denies all other allegations contained

5    in paragraph 6.

6    5.     As to paragraph 11, the allegation contained therein is vague and ambiguous as

7    it refers to a "later" refusal to enter into a formal written subcontract with Plaintiff. Biogenesis admits

8    that it refused to enter into a formal written subcontract with Plaintiff. To the extent that Plaintiff's

9    paragraph 11 implies that there was an "earlier" agreement to do so, Plaintiff denies this allegation.

10    6.     As to paragraph 18, Biogenesis realleges and incorporates by this reference its

11    responses to paragraphs 1 through 17.

12    7.     As to all other paragraphs and allegations not herein specifically admitted,

13    Biogenesis herein generally and specifically denies said allegations.

14                              AFFIRMATIVE DEFENSES

15    Plaintiff's claims against Defendant are barred by the following affirmative defenses:

16    lack of subject matter jurisdiction; debt not due; statute of limitations; unclean hands; lack of privity

17    of contract; laches; set-off; bad faith; fraud and misrepresentation; estoppel; failure to mitigate; failure

18    to plead fraud with particularity; lack of business license; failure to mitigate; unconstitutionality of

19    punitive damages; if an oral contract existed, breach of contract, breach of covenant of good faith and

20    fair dealing, termination of contract, conditions not satisfied; statute of frauds; duress.

21    WHEREFORE, Defendant Biogenesis Pacific, Inc. prays that Plaintiff takes nothing by

22    its Complaint.

23

24                    **COUNTERCLAIM OF BIOGENESIS PACIFIC INC. AGAINST
                      RHINO BUILDERS, INC., AND MICHAEL O'CONNELL**

25                              **(Collectively "Counter-Defendants")**

26    COMES NOW Defendant and Counter-Plaintiff Biogenesis Pacific, Inc. ("Biogenesis"),

27    by and through its attorney of record Calvo & Clark, LLP, and for its counterclaim herein alleges as

28    follows:

ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
G0800128.WPD\3

2

1    1.    Pursuant to Fed. R. Civ. Proc. Rule 8(a), Biogenesis alleges that this Court has

2  jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

3    2.    Counter-Defendant Rhino Builders, Inc. ("Rhino") is and at all times relevant

4  herein was a Hawaii corporation.

5    3.    Counter-Defendant Michael O'Connell ("Mr. O'Connell") is, and at all times

6  relevant herein was, a resident of Hawaii.

7    4.    Biogenesis is, and at all times relevant herein was, a Hawaii corporation.

8  Biogenesis became licensed and was authorized to transact business in Guam on or around January

9  2001.

10    5.    On or about September 29, 1999, Biogenesis was awarded Navy Contract No.

11  N62766-99-D-0425 (the "Contract") by the United States of America through the Department of the

12  Navy (the "Navy"). Pursuant to the Contract, Biogenesis was to furnish materials and perform the labor

13  for the installation and repair of U.S. Navy housing roofing in various locations on Guam.

14    6.    On or about September 29, 1999, Rhino was informed by the Navy's Contracting

15  Officer that Biogenesis was selected to receive the Contract award. A copy of the letter from the Navy

16  to Rhino informing Rhino that Biogenesis was selected is attached as Exhibit "A" and incorporated

17  herein by reference.

18    7.    Around September 1999, Mr. O'Connell approached Biogenesis and attempted

19  to solicit sub-contract work under the Contract. Mr. O'Connell represented that Rhino had or would

20  be able to provide bonding, surety, project insurance, project plans, trained and licensed personnel,

21  specific work plans, building materials, and financing prior to commencing any work.

22    8.    Biogenesis informed Mr. O'Connell that Biogenesis would consider sub-

23  contracting work to Rhino upon Rhino first putting in place or arranging to have in place before

24  commencing work certificates of insurance, project payment and performance bonding, project safety,

25  accident and quality control plans, financial assurances, a detailed work plan for each proposed delivery

26  order, and specific proposals with pricing breakdown and total.

27    9.    In order to allow Rhino to attend the initial site visit with the Navy so that Rhino

28  could prepare a subcontract proposal, Biogenesis needed to have a representative available on Guam

1  to sign documents required by the Navy to allow Rhino on the project sites. Mr. O'Connell informed

2  Biogenesis that Rhino's Guam operations manager Mr. Richard Avilla ("Mr. Avilla") would be

3  available as an individual for hire by Biogenesis for this purpose.

4      10.    On or about Feburary 2000, at Mr. O'Connell's and Rhino's suggestion,

5  Biogenesis agreed to submit, and did submit, Mr. Avilla's name to the Navy as Biogenesis'

6  representative, provided that Mr. Avilla would remain an employee of Rhino until Biogenesis was ready

7  to mobilize on Guam and to formulate delivery orders under the Contract, at which time Biogenesis

8  would formally hire Mr. Avilla and reimburse Rhino for a portion of Mr. Avilla's salary. At the time

9  that Mr. Avilla's name was submitted to the Navy as Biogenesis' representative, Mr. Avilla was an

10  employee of Rhino and remained as such through November 2000.

11      11.    On or around February 2000, Biogenesis allowed Rhino to enter the project site

12  at its own risk and cost for the limited purpose of investigating potential delivery orders under the

13  Contract in order to provide a subcontract proposal to Biogenesis.

14                                        Fraud

15      12.    From May through September 2000, unbeknownst to Biogenesis, without prior

16  authorization from Biogenesis and without satisfying the above-said conditions precedent, Rhino and

17  Mr. O'Connell, from Hawaii, caused Mr. Avilla to accept eighteen (18) delivery orders under the

18  Contract from the Navy on behalf of Biogenesis by falsely communicating to Mr. Avilla that Biogenesis

19  had entered into a subcontract with Rhino to perform work under the Contract and that Biogenesis had

20  authorized Mr. Avilla to begin accepting delivery orders under the Contract and to begin assigning them

21  to Rhino.

22      13.    At the time Mr. O'Connell and Rhino made these representations to Mr. Avilla,

23  Mr. O'Connell and Rhino knew them to be false.

24      14.    Mr. O'Connell and Rhino knew that prior to September 2000, Mr. Avilla had

25  never received any direct instructions from Biogenesis concerning the Contract and that in fact, Mr.

26  Avilla had never even spoken to anyone at Biogenesis, and that because of Mr. O'Connell's position

27  as the Chief Executive Officer at Rhino and Rhino's relationship with Mr. Avilla as his employer, Mr.

28  Avilla would accept as true Mr. O'Connell's false representations concerning the formation of a

1  subcontract between Biogenesis and Rhino and concerning instructions from Biogenesis to accept
2  delivery orders from the Navy and to assign them to Rhino.

3      15.  At the time Mr. O'Connell and Rhino first caused Mr. Avilla to accept the
4  delivery orders and Rhino started work on said delivery orders, Biogenesis had not yet mobilized any
5  workforce nor hired any employees on Guam because of a pending bid protest against the awarding of
6  the Contract.

7      16.  Mr. O'Connell and Rhino made the above-said false representations to Mr. Avilla
8  for the purpose of defrauding and forcing Biogenesis into a subcontract agreement with Rhino. By
9  having Mr. Avilla accept the delivery orders on Biogenesis' behalf and by having Rhino begin work
10 on the Contract at a time when Biogenesis had not mobilized any employees on Guam nor made any
11 arrangements to commence work on the Contract because of a pending bid protest, Mr. O'Connell and
12 Rhino knew and intended that Biogenesis would become immediately obligated to complete
13 performance of the accepted delivery orders by the deadline imposed by the Navy, otherwise Biogenesis
14 would likely face the termination of the Contract by the Navy for default.

15     17.  Mr. O'Connell and Rhino knew and intended that Biogenesis would only be able
16 to complete the delivery orders and avoid termination of the Contract for default by allowing Rhino to
17 complete the work, thus defrauding and forcing Biogenesis into allowing Rhino to perform work on
18 certain delivery orders already commenced.

19     18.  Despite accepting the delivery orders as early as May 2000, Rhino and Mr.
20 O'Connell failed to inform Biogenesis that Rhino had caused said delivery orders to be accepted from
21 the Navy under the Contract or that Rhino had commenced work on said delivery orders.

22     19.  Biogenesis did not first discover that work had commenced on the Contract until
23 September 2000, when Biogenesis was contacted by certain suppliers of materials requesting payment.

24     20.  In response to these inquiries from materials suppliers, Biogenesis spoke to Mr.
25 Avilla for the very first time in September 2000 and was told by Mr. Avilla that he had accepted the
26 delivery orders on Biogenesis' behalf because he was instructed to do so by Mr. O'Connell, who
27 represented to Mr. Avilla that Rhino had entered into a subcontract agreement with Biogenesis.

28

1    21.    As a result of the fraudulent acts of Mr. O'Connell and Rhino, Biogenesis had
2    no choice but to allow Rhino to complete certain delivery orders in order to avoid defaulting on the
3    Contract. Biogenesis agreed to allow Rhino to complete Delivery Order Nos. 1, 2 and 7. Delivery
4    Order Nos. 1, 2 and 7 are attached as Exhibit "B," "C" and "D," respectively and incorporated herein
5    by reference.

6    22.    Rhino informed Biogenesis that it would place a lien or file a claim on the project
7    unless Biogenesis paid Rhino $25,000. Biogenesis paid Rhino $25,000 for the materials and supplies
8    Rhino allegedly purchased for the project and requested a full accounting of all supplies ordered for the
9    project. Rhino never provided Biogenesis with such an accounting.

10    23.    Biogenesis continued to negotiate with Rhino to see whether it could agree to
11    a subcontract agreement, but because of Rhino's repeated bad faith and tortious conduct, Biogenesis
12    refused to enter into a subcontract agreement with Rhino.

13    24.    All work on the remaining fifteen (15) delivery orders were commenced and
14    completed by Biogenesis.

15    Tortious Interference with Contract

16    25.    In or about September 2000, Mr. O'Connell requested of Mr. Avilla that Mr.
17    Avilla fail to show up at scheduled meetings with the Navy related to the delivery orders and to stop
18    all work on the above-said delivery orders in order to cause Biogenesis to breach the Contract, to suffer
19    liquidated damages because of delays in performance of delivery orders accepted under the Contract,
20    and to interfere with Biogenesis' rights under the Contract so that Biogenesis would fail under the
21    Contract and Rhino would be awarded the Contract.

22    26.    On or about September 2000, Mr. O'Connell told Mr. Alfred Garthe ("Mr.
23    Garthe"), an employee of Rhino, to stop all work on the above-said delivery orders in order to cause
24    Biogenesis to breach the Contract, to suffer liquidated damages because of delays in performance of
25    delivery orders accepted under the Contract, and to interfere with Biogenesis' rights under the Contract
26    so that Biogenesis would fail under the Contract and Rhino would be awarded the Contract.

27    27.    On or about October or November 2000, Rhino contacted Biogenesis and
28    advised it that Rhino would have its workers cease work on the accepted delivery orders causing

ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
G0006128.WPD;2

1    Biogenesis to suffer liquidated damages under the Contract unless Biogenesis executed a written

2    exclusive five year subcontract with Rhino.

3         28.    After Biogenesis refused to execute the subcontract, Rhino caused its workers

4    to cease working on the delivery orders in order to further bring about a breach of the Contract and the

5    Navy's termination of the Contract.

6                        **FIRST CAUSE OF ACTION**
                              **FRAUD**
7
         29.    Biogenesis realleges and incorporates by reference the allegations contained in
8
     paragraphs 1 through 24.
9
         30.    In doing all things alleged above, Rhino and Mr. O'Connell falsely represented
10
     to Biogenesis' authorized manager, Mr. Avilla, that Biogenesis had subcontracted with Rhino to
11
     perform the Contract and to accept delivery orders under the Contract when in fact there was no
12
     subcontract agreement with Rhino and Biogenesis had not authorized the acceptance of delivery orders.
13
         31.    In doing all things alleged above, Rhino and Mr. O'Connell caused Mr. Avilla
14
     to rely on Rhino and Mr. O'Connell's false representations in order to induce Mr. Avilla to accept
15
     delivery orders in the name of Biogenesis and to assign them to Rhino, all without the consent of
16
     Biogenesis.
17
         32.    In doing all things alleged above, Rhino and Mr. O'Connell's fraudulent acts
18
     forced Biogenesis to allow Rhino to complete work on delivery orders 1, 2, and 7 causing Biogenesis
19
     damages in an amount to be proven at trial of not less than $43,850.20.
20
         33.    In doing all things alleged above, Rhino and Mr. O'Connell acted maliciously
21
     and willfully and with the intent of defrauding and forcing Biogenesis into a subcontract agreement with
22
     Rhino in order to avoid a default of the Contract, and Biogenesis is, therefore, entitled to compensatory
23
     damages, and exemplary or punitive damages in an additional sum to be proven at trial.
24
                        **SECOND CAUSE OF ACTION**
25                  **TORTIOUS INTERFERENCE WITH CONTRACT**

26       34.    Biogenesis realleges and incorporates by reference the allegations contained in

27   paragraphs 1 through 28 above as if fully set forth herein.

28

1    35.    In doing all things alleged above, Counter-Defendants caused Biogenesis to
2  suffer liquidated damages under the Contract in an amount not less than $3,820.00, and Biogenesis is
3  therefore entitled to compensatory damages in said amount.

4    36.    In doing all the things alleged above, Counter-Defendants acted maliciously and
5  willfully and for the purpose of causing Biogenesis to breach the Contract in order for Rhino to take
6  over the Contract, and Biogenesis is, therefore, entitled to exemplary or punitive damages in an
7  additional sum to be proven at trial.

8                              **PRAYER FOR RELIEF**

9    WHEREFORE, Biogenesis respectfully requests judgment against all Counter-
10  Defendants as follows:

11    1.    Damages for fraud in an amount to be proven at trial to be not less than
12  $43,854.20;

13    2.    Exemplary or punitive damages for fraud in an amount to be proven at trial;

14    3.    Damages for tortious interference of contract in an amount to be proven at trial
15  to be not less than $3,820.00;

16    4.    Exemplary or punitive damages for tortious interference with contract in an
17  amount to be proven at trial;

18    5.    Reasonable attorneys' fees and costs;

19    6.    Such other and further relief as the Court deems just and proper.

20    Dated this 18th day of March, 2005.

21                              CALVO & CLARK, LLP
                                Attorneys At Law
22                              Attorneys for Defendant Biogenesis Pacific, Inc.

23

24    By: _____
25          JANALYNN C. DAMIAN

26

27

28

ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIM
CIVIL CASE NO. 02-00008
G0000128.WPD.3

# EXHIBIT "A"



**DEPARTMENT OF THE NAVY**
U.S. NAVY PUBLIC WORKS CENTER
PWC 430, BOX 100
FPO AP 96540-0027
OFFICER IN CHARGE OF CONSTRUCTION
PWC 430, BOX 179
FPO AP 96540-0200

IN REPLY REFER TO:

42CK

2 9 SEP 1999

Phone: (808) 668-8878
Fax: (808) 668-7024

Rhino Roofing and Repairs, Inc., dba
RHINO BUILDERS
Attn:  Michael N. O'Connell, President
790 N. Marine Drive – Box 959
Tamon, Guam 96911

SUBJ:  SOLICITATION N62766-99-R-0425, INDEFINITE DELIVERY INDEFINITE
QUANTITY CONTRACT FOR ROOFING SYSTEMS INSTALLATION AND
REPAIR, GUAM

Thank you for submitting a proposal in response to our Request for Proposal (RFP) for
the above Solicitation.  We appreciate the time and effort of your company in preparing
an offer for this project.

The Government selected the firm BIOGENESIS PACIFIC INC., PROGRAMS &
CONTROL DIVISION, 1604 Ulualana Place, Kailua, Hawaii, to receive the contract
award.  The successful offer, considering base year and four option years, was
$14,991,963.50.  The Government Estimate was $20,167,114.00.

Your technical proposal was rated *Highly Acceptable*; however, your proposal did not
represent the best value to the Government.

We wish you success in your future endeavors, and we hope you will continue to submit
bids and proposals on our projects that are in the area of your expertise.  Should you
desire a debriefing, please notify this office in writing within three (3) days of receiving
this letter.  You may fax a written request to Julie Tsitano at (671) 339-4245 / 7023.

JAMES B. POWERS
Contracting Officer

"SAFETY FIRST"

# EXHIBIT "B"

# ORDER FOR SUPPLIES OR SERVICES

(submit four copies of invoice)



Form Approved
OMB No. 0704-0187
Expires Aug 31, 1992

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in box 5.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|---|
| N62766-99-D-0425 | 0001 | 5/15/00 | | | |

| 6. ISSUED BY | CODE C2766 | 7. ADMINISTERED BY (if other than 6) | CODE | | 9. DELIVERY FOB |
|---|---|---|---|---|---|

6. ISSUED BY
Officer in Charge of Construction
NAVFACENGCOM Contracts, Marianas
PSC 455, Box 175
FPO AP 96540-2200

9. DELIVERY FOB
☒ DEST.
☐ OTHER
(See Schedule if other)

| 8. CONTRACTOR | CODE | FACILITY CODE | 10. DELIVER TO FOB POINT (Date) | 11. MARK IF BUSINESS IS |
|---|---|---|---|---|

8. CONTRACTOR
NAME AND ADDRESS
BioGenesis Pacific, Inc.
Corporate & Programs Control
1604 Ulualana Place
Kailua, HI 96734
(TEL: 637-9426 Richard Avilla)
• 8(a) Contractor

10. 15 JUN 2000
12. DISCOUNT TERMS
NET 30
13. MAIL INVOICES TO
SEE BLOCK 6

11. MARK IF BUSINESS IS
☐ SMALL
☐ SMALL DISADVANTAGED
☐ WOMEN-OWNED

| 14. SHIP TO | CODE | 15. PAYMENT WILL BE MADE BY | CODE | MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER |
|---|---|---|---|---|

15. PAYMENT WILL BE MADE BY
Defense Finance & Accounting Service
Operating Location Oakland, Code FPV
P. O. Box 23870
Oakland, CA 94623-3870

| 16. TYPE OF ORDER | DELIVERY | This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. |
|---|---|---|
| | PURCHASE | Reference your _____ furnish the following on terms specified herein. ACCEPTANCE. THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME. |

☐ If this box is marked, supplier must sign Acceptance and return the following number of copies.

| NAME OF CONTRACTOR | SIGNATURE | TYPED NAME AND TITLE | DATE SIGNED |
|---|---|---|---|
| Bio Genesis | Richard Avilla | Richard Avilla Operation Manager | 5/16 |

ACCOUNTING AND APPROPRIATION DATA

| 17. ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTHORIZED ACCTG ACTIVITY | TRANS TYPE | PROPERTY ACCT/ACTY | COUN-TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804.70FA | 250 | 61755 | 0 | 045924 | 2D | COM309 | | 61755046M710 | $12,129.10 |

| 18. ITEM NO. | 19. SCHEDULE OF SUPPLIES/SERVICES | 20. QUANTITY ORDERED/ACCEPTED* | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| | W/R 31973, COMNAVMAR | | | | |
| 0001 | Roof Repairs at BQ1 through BQ20, COMNAVMAR, Guam | | | | |
| 0002AD | Reseal Construction Joints | 4,080 | LF | $ 0.98 | $ 3,998.40 |
| 0002AE | Replace Expansion Joint Assembly, To 2" Space, Stainless Steel | 140 | LF | $ 13.26 | $ 1,856.40 |
| 0015AA | Miscellaneous Items: Waterblast Roof Surface in Accordance with Section 07672 | 4,080 | SF | $ 0.15 | $ 612.00 |
| 0017AA | Seal Joints and Penetrations 6" Wide | 4,080 | LF | $ 0.56 | $ 2,284.80 |
| 0021AA | Re-secure Metal Flashing (Spot Repair) | 850 | SF | $ 3.69 | $ 3,136.50 |
| 0022AA | Trim/Dispose Tree Branches Obstructing Roofing Operation | 100 | LF | $ 2.41 | $ 241.00 |

| | 24. UNITED STATES OF AMERICA | 25. TOTAL |
|---|---|---|
| *If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle. | L.A. Guzman
BY: L. A. GUZMAN
Contracting Officer : Tel: 339-5120
pu2mana@pwcguzm.navy.mil | $ 12,129.10 |

| 26. QUANTITY IN COLUMN 20 HAS BEEN | 27. SHIP NO. | 28. D. O. VOUCHER NO. | 30. INITIALS |
|---|---|---|---|
| ☐ INSPECTED ☐ RECEIVED ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED | ☐ PARTIAL ☐ FINAL | 29. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |

| | | DIFFERENCES | |
|---|---|---|---|

| DATE | SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 31. PAYMENT ☐ COMPLETE ☐ PARTIAL ☐ FINAL | 34. CHECK NUMBER |
|---|---|---|---|
| 36. I certify this account is correct and proper for payment. | | | 32. BILL OF LADING NO. |

| DATE | SIGNATURE AND TITLE OF CERTIFYING OFFICER | | |
|---|---|---|---|
| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |

DD Form 1155 (BP1), MAY 90          Previous editions are obsolete

# EXHIBIT "C"

# ORDER FOR SUPPLIES OR SERVICES
(Contractor must submit four copies of invoice.)

Form Approved
OMB No. 0701-0187
Expires Aug 31, 1992

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in Item 6.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0425 | 0002 | 29 JUNE 2000 | W/R 31036 | DO |

| 6. ISSUED BY | CODE C2766 | 7. ADMINISTERED BY (If other than Item 6) | CODE | 9. DELIVERY FOB |
|---|---|---|---|---|
| Officer in Charge of Construction NAVFACENGCOM Contracts, Marianas PSC 455, Box 175 FPO AP 96540-2200 | | | | DEST ☐ OTHER ☐ (See Schedule if other) |

| 8. CONTRACTOR | CODE | FACILITY CODE | 10. DELIVER TO FOB POINT BY | 11. MARK IF BUSINESS IS |
|---|---|---|---|---|
| NAME AND ADDRESS | BioGenesis Pacific, Inc. Corporate & Programs Control 1604 Ulualana Place Kailua, HI 96734 (TEL: 637-9426 Richard Avilla) | | 03 AUGUST 2000 | SMALL ☐ SMALL DISADVANTAGED ☐ WOMEN-OWNED ☐ |
| | | | 12. DISCOUNT TERMS | |
| | | | 13. MAIL INVOICES TO SEE BLOCK 6 | |

| 14. SHIP TO | CODE | | 15. PAYMENT WILL BE MADE BY | CODE | MARK ALL PACKAGES AND PAPERS WITH CONTRACT OR ORDER NUMBER |
|---|---|---|---|---|---|
| | | | Defense Finance & Accounting Service Operating Location Oakland, Code FPV P. O. Box 23870 Oakland, CA 94623-3870 | | |

| 16. TYPE OF ORDER | DELIVERY | X | This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. |
|---|---|---|---|
| | PURCHASE | | Reference your ____ furnish the following on terms specified herein. ACCEPTANCE. THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME. |

| BioGenesis | *Richard Avilla* | Operations Manager | 6-30-00 |
|---|---|---|---|
| NAME OF CONTRACTOR | SIGNATURE | TYPE OR PRINT | DATE SIGNED |

☐ If this box is marked, supplier must sign Acceptance and return the following number of copies.

**ACCOUNTING AND APPROPRIATION DATA**

| ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB-ALLOT | AUTH'N ACCT'G ACT'Y | TRANS TYPE | PROPERTY ACCT ACT'Y | COUN-TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804.70FA | 250 | 61755 | 0 | 045924 | 2D | COM118 | | 61755046M59Q | $26,445.10 |

| ITEM NO. | SCHEDULE OF SUPPLIES/SERVICE | 20. QUANTITY ORDERED/ ACCEPTED | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| 0001 | Roof Repairs to Bldg. 4433, Racquetball Court at Polaris Pt., COMNAVMAR, Guam | | | | |
| 0002AC | Repair Concrete Roof Deck Surface Per Section 03930 and 07920: Grout Depressed Areas | 799 | SF | $6.99 | $5,522.30 |
| 0005AC | Install Roof Insulation in Accordance with Section 08220: Tapered Insulation 1/16, 1/8, ¼ Per Ft. | 6,300 | BF | $1.89 | $11,907.00 |
| 0013AA | Install Roofing System Accessories: Treated Wood Cants, Nailers and Fasteners for Line Item 0006 Through 0012 Above | 400 | LF | $2.74 | $1,096.00 |
| 0015AA | Miscellaneous Items: Water blast Roof Surface in Accordance with Section 07572 | 2,200 | SF | $0.15 | $330.00 |
| 0017AC | Fluid Applied Roofing Membrane in Accordance with Section 07540; 60 Mils Thick Roof Membrane | 2,200 | SF | $3.45 | $7,590.00 |
| | Attached is Statement of Work dated 30 May 2000 | | | | |

| 24. UNITED STATES OF AMERICA | 25. TOTAL |
|---|---|
| BY: *B.M.G.* BRIAN M. GILLIGAN Contracting Officer (671) 339-2365 rillizenb@guwr.guam.navy.mil | $26,445.10 |
| | DIFFERENCES |

*If quantity accepted by the Government is same as quantity ordered, indicate by X. If different, enter actual quantity accepted below quantity ordered and encircle.*

| 36. QUANTITY IN COLUMN 20 HAS BEEN ☐ INSPECTED ☐ RECEIVED ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED | 37. SHIP NO. | 38. B.O. VOUCHER NO. | 39. INITIALS |
|---|---|---|---|
| | ☐ PARTIAL ☐ FINAL | 39. PAID BY | 33. AMOUNT VERIFIED CORRECT FOR |
| _____ DATE | _____ SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 31. PAYMENT ☐ COMPLETE ☐ PARTIAL ☐ FINAL | 34. CHECK NUMBER |
| 36. I certify this account is correct and proper for payment. | | | 35. BILL OF LADING NO. |
| _____ DATE | _____ SIGNATURE AND TITLE OF CERTIFYING OFFICER | | |

| 38. RECEIVED AT | 34. RECEIVED BY | 35. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |
|---|---|---|---|---|---|

DD Form 1155 (EG), MAY 90     Previous editions are obsolete.     S/N 0102-LF-011-4700

# EXHIBIT "D"

# ORDER FOR SUPPLIES OR SERVICES
(Contractor must submit four copies of invoice.)

Form Approved
OMB No. 0704-0187
Expires Aug 31, 1992

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0187), Washington, DC 20503. Please DO NOT RETURN your form to either of these addresses. Send your completed form to the procurement official identified in Item 8.

| 1. CONTRACT/PURCH ORDER NO. | 2. DELIVERY ORDER NO. | 3. DATE OF ORDER | 4. REQUISITION/PURCH REQUEST NO. | 5. CERTIFIED FOR NATIONAL DEFENSE UNDER DMS REG 1 |
|---|---|---|---|---|
| N62766-99-D-0428 | 0007 | 21 AUG 2000 | W/R 31029 | |

| 6. ISSUED BY | CODE | C2766 | 7. ADMINISTERED BY (if other than 6) | CODE | 8. DELIVERY FOB |
|---|---|---|---|---|---|

6. ISSUED BY
Officer in Charge of Construction
NAVFACENGCOM Contracts, Marianas
PSC 455, Box 175
FPO AP 96540-2200

8. DELIVERY FOB
☒ DEST
☐ OTHER
(See Schedule if other)

| 9. CONTRACTOR | CODE | | FACILITY CODE | | 10. DELIVER TO FOB POINT BY (Date) | 11. MARK IF BUSINESS IS |
|---|---|---|---|---|---|---|

9. CONTRACTOR
NAME AND ADDRESS
BioGenesis Pacific, Inc.
Corporate & Programs Control
1604 Ulualana Place
Kailua, HI 96734
(Tel: 632-7653 Richard Avilla)
Email: rbinogum@ite.net

10. DELIVER TO FOB POINT BY (Date)
20 SEP 2000

11. MARK IF BUSINESS IS
☐ SMALL
☐ SMALL DISADVANTA
☐ WOMEN-OWNED

12. DISCOUNT TERMS

13. MAIL INVOICES TO
SEE BLOCK 6

| 14. SHIP TO | CODE | | 15. PAYMENT WILL BE MADE BY | CODE | |
|---|---|---|---|---|---|

15. PAYMENT WILL BE MADE BY
Defense Finance & Accounting Service
Operating Location Oakland, Code FPV
P. O. Box 23870
Oakland, CA 94623-3870

MARK ALL PACKAGES AND PAPERS WITH CONTRACTOR ORDER NUMBER

| 16. TYPE OF ORDER | DELIVERY | X | This delivery order is issued on another Government agency or in accordance with and subject to terms and conditions of above numbered contract. |
|---|---|---|---|

Reference your _____ furnish the following on terms specified herein.
ACCEPTANCE. THE CONTRACTOR HEREBY ACCEPTS THE OFFER REPRESENTED BY THE NUMBERED PURCHASE ORDER AS IT MAY PREVIOUSLY HAVE BEEN OR IS NOW MODIFIED, SUBJECT TO ALL THE TERMS AND CONDITIONS SET FORTH, AND AGREES TO PERFORM THE SAME.

☐ PURCHASE ☐ If this box is marked, supplier must sign Acceptance and return the following number of copies.

| BioGenesis Pacific, Inc. | Richard Avilla | | |
|---|---|---|---|
| NAME OF CONTRACTOR | SIGNATURE | Richard Avilla Operations Manager TYPED NAME AND TITLE | 5-25-0 DATE SIGNED |

ACCOUNTING AND APPROPRIATION DATA

| 17. ITEM NO. | APPROPRIATION SYMBOL AND SUBHEAD | OBJECT CLASS | BUREAU CONT. NO. | SUB- ALLOT | AUTH/ ACCTG ACTY | TRANS TYPE | PROPERTY ACCT ACT'Y | COUN- TRY | COST CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| AA | 1701804 70FA | 250 | 61755 | 0 | 045924 | 2D | | COM129 | 617550460133Q | $5,280.00 |

| 18. ITEM NO. | 19. SCHEDULE OF SUPPLIES/SERVICES | 20. QUANTITY ORDERED/ ACCEPTED | 21. UNIT | 22. UNIT PRICE | 23. AMOUNT |
|---|---|---|---|---|---|
| 0001 | Roof repair at Bldg. 631, DRMO southeast corner of office spaces | 500 | SF | $.51 | $255.00 |
| 0001AA | Demolish and dispose roofing system per Sections 02220, 13281, and 13282: Single or multi-ply membrane without insulation | 500 | SF | $6.99 | $3,495.00 |
| 0002AC | Repair concrete roof deck surface per Section 03930 and 07920: Grout depressed areas | 500 | SF | $.15 | $75.00 |
| 0015AA | Miscellaneous items: Waterblast roof surface in accordance with Section 07572 | 500 | SF | $2.91 | $1,455.00 |
| 0015AB | Fluid applied roofing membrane in accordance with Section 07540: 45 mils thick roof membrane | | | | |

| | | 23. TOTAL | | | $5,280.00 |

*If quantity accepted by the Government is same as quantity ordered, indicate X. If different, enter actual quantity accepted below quantity ordered and encircle.

24. UNITED STATES OF AMERICA

BY: JOHANNA G. MENDIOLA
Contracting Officer
TEL: (671) 339-8098
mendiola@pwceuam.navy.mil

| 24. | 25. |
|---|---|
| | DIFFERENCES |

| 26. QUANTITY IN COLUMN 20 HAS BEEN ☐ INSPECTED ☐ RECEIVED ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT EXCEPT AS NOTED | 27. SHIP NO. ☐ PARTIAL ☐ FINAL | 28. D. O. VOUCHER NO. | 29. INITIALS |
|---|---|---|---|

| | | 30. PAID BY | 31. AMOUNT VERIFIED CORRECT FOR |
|---|---|---|---|

| DATE | SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 34. COMPLETE ☐ PARTIAL ☐ FINAL | 33. CHECK NUMBER |
|---|---|---|---|

36. I certify this account is correct and proper for payment.

| | | 35. BILL OF LADING NO. |
|---|---|---|

| DATE | SIGNATURE AND TITLE OF CERTIFYING OFFICER | | |
|---|---|---|---|

| 37. RECEIVED AT | 38. RECEIVED BY | 39. DATE RECEIVED | 40. TOTAL CONTAINERS | 41. S/R ACCOUNT NUMBER | 42. S/R VOUCHER NO. |
|---|---|---|---|---|---|

DD Form 1155 (5PT), MAY 90    Previous editions are obsolete.    S/N 0102-LF-011-4700

Case 1:02-cv-00008    Document 503-2    Filed 04/14/2005    Page 33 of 38

LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP6031
Attorney for Plaintiff/Cross-Defendants

**FILED**
DISTRICT COURT OF GUAM

APR - 7 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

RHINO BUILDERS, INC.,           )     CIVIL CASE NO. 02-00008
                                )
            Plaintiff,          )
                                )
      v.                        )
                                )
BIOGENESIS PACIFIC, INC.,       )
                                )
            Defendant.          )
                                )     **REPLY TO MARCH 18, 2005**
BIOGENESIS PACIFIC, INC.,       )     **COUNTERCLAIM**
                                )
      Counter-Plaintiff,        )
                                )
      v.                        )
                                )
RHINO BUILDERS, INC. and        )
MICHAEL O'CONNELL,              )
                                )
      Counter-Defendants.       )
_____)

Counter-Defendants Rhino Builders, Inc. and Michael O'Connell
reply to the numbered allegations of the counterclaim of BioGenesis
Pacific, Inc. dated March 18, 2005 as follows:

    1.   Deny.

    2.   Admit.

    3.   Admit.

    4.   Admit.

    5.   Admit.

RECEIVED
APR 0 7 2005
CALVO & CLARK LLP
By:

1      6.   Admit.

2      7.   Admit that O'Connell represented that Rhino had bonding

3 and trained and licensed personnel, but deny all of the other

4 allegations, affirmatively alleging that, in fact, it was Gerald

5 Lam who, on behalf of BioGenesis, first approached O'Connell about

6 Rhino helping BioGenesis perform its contract with the Navy.

7      8.   Deny.

8      9.   Deny the first sentence for lack of knowledge, but admit

9 the second sentence.

10     10.  Deny.

11     11.  Admit that BioGenesis allowed Rhino to enter the project

12 site on or about February 2000, but deny the remaining allegations.

13                              **Fraud**

14     12.  Deny, affirmatively alleging that Rhino accepted eighteen

15 (18) delivery orders from BioGenesis under its oral subcontract

16 with BioGenesis.

17     13.  Deny.

18     14.  Deny.

19     15.  Deny, affirmatively alleging that when Rhino accepted

20 eighteen (18) delivery orders from BioGenesis under its oral

21 subcontract with BioGenesis, BioGenesis had not yet mobilized any

22 work force nor hired any employees on Guam.

23     16.  Deny.

24     17.  Deny.

25     18.  Deny.

26     19.  Deny.

27     20.  Deny.

28

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008                                        **Page 2 of  4**
Case 1:02-cv-00008   Document 569-2   Filed 04/14/2005   Page 36 of 38

21.  Deny.

22.  Admit the first sentence and that BioGenesis has paid Rhino $25,000, but deny the remaining allegations.

23.  Deny.

24.  Deny for lack of knowledge.

### Tortious Interference with Contract

25.  Deny.

26.  Deny, affirmatively alleging that to the extent that Rhino had its workers cease work it was because BioGenesis failed to pay Rhino in breach of their oral subcontract and thereby prevented Rhino from paying its employees.

27.  Deny.

28.  Deny.

### FIRST CAUSE OF ACTION
### FRAUD

29.  Cross-Defendants reallege and incorporate by reference all of the above answers.

30.  Deny.

31.  Deny.

32.  Deny.

33.  Deny.

### SECOND CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH A CONTRACT

34.  Cross-Defendants reallege and incorporate by reference all of the answers to paragraphs 1 through 28 above.

35.  Deny.

36.  Deny.

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008                                    Page 3 of   4
ANSWER TO AMENDED 2ND COUNTERCLAIM

Case 1:02-cv-00008     Document 303-2     Filed 04/14/2005     Page 37 of 38

## AFFIRMATIVE DEFENSES

1. The Court lacks personal jurisdiction over O'Connell and lacks subject matter jurisdiction over the claims asserted by BioGenesis.

2. Insufficiency of process over O'Connell.

3. Insufficiency of service of process over O'Connell.

4. The March 18, 2005 counterclaim for Fraud, like the July 30, 2003 counterclaim for Fraud, is untimely made, without leave of Court, in countervention to the Court's scheduling order, and without the required showing that said order should properly be modified to allow this new counterclaim.

5. Statute of limitations.

6. The counterclaims failed to state claims for which relief can be granted.

7. Defendant's amended counterclaims are barred by one or more of the following additional affirmative defenses: Estoppel, waiver, laches, ratification, set-off, bad faith, fraud and misrepresentation, and failure to mitigate damages.

WHEREFORE, Cross-Defendants pray that the Court dismiss Defendant's counterclaim, that Defendant take nothing therefrom, and that the Court award Cross-Defendants costs and whatever further relief this Court deems just.

Dated this _____7th_____ day of April, 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Cross-Defendants

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008

**Page 4 of 4**

Case 1:02-cv-00008   Document 505-2   Filed 04/14/2005   Page 38 of 38