Arthur B. Clark, Esq.
Janalynn C. Damian, Esq.
Daniel M. Benjamin, Esq.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96911
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for Defendant/Counter-Plaintiff
BioGenesis Pacific, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Defendant. <br><br><br> BIOGENESIS PACIFIC INC., <br><br> Counter-Plaintiff, <br><br> vs. <br><br> RHINO BUILDERS, INC. AND MICHAEL O'CONNELL, <br><br> Counter-Defendants. | CIVIL CASE NO. 02-00008 <br><br> **BIOGENESIS PACIFIC, INC.'S OPPOSITION TO COUNTER-DEFENDANTS' MOTIONS TO DISMISS COUNTERCLAIMS FOR FRAUD OR IN THE ALTERNATIVE REQUEST FOR LEAVE TO ADD OMITTED COUNTERCLAIM FOR FRAUD** |

Almost two years after Biogenesis first asserted a counterclaim for fraud, and after the parties have already conducted discovery and litigated a dispositive motion as to that claim, Counter-Defendants now move to dismiss that fraud claim on the sole ground that Biogenesis failed to obtain proper leave to file the claim two years ago. Biogenesis opposes this motion on the basis that leave was not required. In the alternative, Biogenesis requests for leave from the Court to continue to pursue this counterclaim that the parties have already invested almost two years in litigating notwithstanding the alleged technical defect in how it was filed.

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO COUNTER-DEFENDANTS'
MOTIONS TO DISMISS COUNTERCLAIMS FOR FRAUD OR IN THE ALTERNATIVE
REQUEST FOR LEAVE TO ADD OMITTED COUNTERCLAIM FOR FRAUD
CIVIL CASE NO. 02-00008
G0001872.WPD;4

1

## I. NO LEAVE WAS REQUIRED TO ADD THE COUNTERCLAIM FOR FRAUD AND IN ANY EVENT COUNTER-DEFENDANTS HAVE WAIVED THEIR OPPORTUNITY TO BRING THIS MOTION

Biogenesis originally asserted a counterclaim for fraud in July 2003 in its answer to the Second Amended Complaint and Counterclaim. (Biogenesis Answer to Second Amended Complaint and Counterclaim filed July 30, 2003.) Since the counterclaim was asserted in response to Plaintiff Rhino Builders ("Rhino") Second Amended Complaint, Biogenesis does not believe that leave to amend was required. *See Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons Co.*, 50 F.RD. 415 (D. Del. 1970) ("Since the amending pleader chooses to redo his original work, and receives the benefit of this *nunc pro tunc* treatment, he can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading."). When Rhino filed its Seconded Amended Complaint, it included in it additional factual allegations and two new claims against Biogenesis. (Second Amended Complaint filed July 15, 2003 at ¶¶ 47 through 66.) Additionally, the relief sought by Rhino in its Second Amended Complaint included additional damages in the amount of $5,764,634.47. Since Rhino significantly expanded the scope of its suit, Biogenesis believes it was well within its rights to plead anew and assert new counterclaims without leave of court. *See Miami Division v. Brown*, 610 F. Supp. 76, 78-79 (S.D. Fla. 1985) (finding no leave was required to add new counterclaims in reply to an amended complaint where the second amended complaint greatly expands the factual allegations made in the original complaint and increased the amount of damages sought); *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832-833 (N.D. Iowa 1997) (finding that no leave was required to add new counterclaims in reply to amended complaint where the second amended complaint greatly expands both the factual allegations made by plaintiffs against defendant as well as the scope of those claims).

Additionally, Counter-Defendants have waited too long to bring this motion. Almost two years have passed since Biogenesis first asserted its counterclaim for fraud and Counter-Defendants were well-aware of the fraud counterclaims since July 30, 2003. (Biogenesis Answer to Second Amended Complaint and Counterclaim filed July 30, 2003). The Revised Scheduling Order and Discovery Plan in place at that time required that all dispositive motions be filed by December 15, 2003. (Revised Scheduling Order and Discovery Plan filed June 4, 2003). Counter-Defendants should have

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO COUNTER-DEFENDANTS'
MOTIONS TO DISMISS COUNTERCLAIMS FOR FRAUD OR IN THE ALTERNATIVE
REQUEST FOR LEAVE TO ADD OMITTED COUNTERCLAIM FOR FRAUD
CIVIL CASE NO. 02-00008
G0001872.WPD;4

2

Case 1:02-cv-00008    Document 505    Filed 04/28/2005    Page 2 of 6

filed this motion to dismiss prior to the December 15, 2003 cut-off date, yet they provide no excuse for their failure to bring this motion earlier.

In fact, during that two-year period Rhino moved the court for summary judgment on Biogenesis' prayer for punitive damages on its fraud claim. (Rhino's motion for judgment on punitive damages filed on December 15, 2003). The court, after outlining Biogenesis' fraud claim, denied Rhino's motion. (Order filed April 15, 2004.) Rhino could have brought this motion to dismiss at the same time it brought its motion for judgment on punitive damages. It failed to do so, and such failure should be viewed by the court as a waiver by Rhino of its right to move the court to dismiss the counterclaim.

II. IN THE ALTERNATIVE, LEAVE TO AMEND TO ADD AN OMITTED COMPULSORY COUNTERCLAIM MUST BE FREELY GRANTED

If, however, the court should find that leave was required, Biogenesis respectfully requests that such leave be granted. Like the language of Fed. R. Civ. Proc. Rule 15 governing amendments, the plain language of Fed. R. Civ. Proc. Rule 13(f) allows for the addition of an omitted counterclaim "when justice requires." *See* 3 Moore's Federal Practice, § 13.43[2] ("This language ['justice requires'], which mirrors Rule 15(a), illustrates the interplay and harmony between the amendment and omitted counterclaim rules.") Like amendments granted under Fed. R. Civ. Proc. 15, leave to add omitted counterclaims should be freely given in the absence of undue delay, bad faith of the movant, or undue prejudice to the opposing party. *See SFM Corp. v. Sundstrand Corp.*, 99 F.R.D. 104-105 (N.D. Ill. 1983) (Rule 13(f) and Rule 15(a) have been construed as prescribing essentially the same standard for granting leave to add omitted counterclaims, which should be freely given in absence of undue delay, bad faith of movant or undue prejudice to opposing party). Here, justice will be served by allowing Biogenesis to pursue its fraud counterclaims since there is no undue prejudice to Counter-Defendants.

Moreover, Counter-Defendants have participated in discovery relating to Biogenesis' counterclaims and have not objected to such discovery. Counter-Defendants should not be allowed to assert that Biogenesis cannot pursue its counterclaim for fraud, when Counter-Defendants themselves have waited too long to bring this motion. Counter-Defendants have proceeded with knowledge of the

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO COUNTER-DEFENDANTS'
MOTIONS TO DISMISS COUNTERCLAIMS FOR FRAUD OR IN THE ALTERNATIVE
REQUEST FOR LEAVE TO ADD OMITTED COUNTERCLAIM FOR FRAUD
CIVIL CASE NO. 02-00008
G0001872.WPD;4

3

Case 1:02-cv-00008   Document 505   Filed 04/28/2005   Page 3 of 6

counterclaim for fraud and took no steps within the then applicable cut-off dates to object to the alleged procedural defects of Biogenesis' counterclaim. Rhino challenged Biogenesis' claim for punitive damages for its fraud claim, but never challenged Biogenesis' assertion of the fraud claim. To allow Counter-Defendants the opportunity now to move to dismiss the fraud counterclaim would be prejudicial to Biogenesis who has already invested two years in litigating the claim and who has already obtained a ruling from the court on its fraud claim.

      a.    Counter-Defendants Will Not Suffer Any Prejudice by Allowing Biogenesis to Pursue the Fraud Counterclaim

There is no prejudice to Counter-Defendants because they knew of Biogenesis' counterclaim for fraud since July 30, 2003. The Court has already granted Rhino leave to amend in this case where the new claim being asserted was based on factual allegations made since the filing of its Second Amended Complaint. *See* Order filed February 1, 2005 at p. 6 (in granting Plaintiff Rhino's motion for leave to file third amended complaint, the Court found that Biogenesis will not be unduly prejudiced by the filing of a third amended complaint since Biogenesis has been aware of the factual allegations since at least the filing of the second amended complaint on July 15, 2003). Like Rhino's newly asserted claims, the factual allegations of the fraud counterclaim has been pleaded since July 2003 and there is no need for additional discovery on said counterclaims. *See id.* (granting leave to file third amended complaint where no new discovery required). In fact, as set forth above, the fraud counterclaim has already been partly litigated by the parties with respect to punitive damages. Without a showing by Counter-Defendants of prejudice, delay by Biogenesis in requesting leave to add an omitted counterclaim alone does not preclude the granting of leave. *See Nolan v. City of Yonkers*, 1996 WL 120685, *5 (S.D.N.Y. 1996) (granting leave to add omitted counterclaim even though the request to amend was made more than two years after the counterclaims could have been asserted in the original answer where there was no showing of significant prejudice to plaintiffs).

More significant, however, is the prejudice that will result if Biogenesis is not granted leave to pursue its counterclaim for fraud. As conceded by Counter-Defendants, Biogenesis' counterclaim for fraud is compulsory as it arises out of the same transaction or occurrence that is the subject matter of Counter-Defendants' claims against Biogenesis. (Motion to Dismiss at p. 3.) If

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO COUNTER-DEFENDANTS'
MOTIONS TO DISMISS COUNTERCLAIMS FOR FRAUD OR IN THE ALTERNATIVE
REQUEST FOR LEAVE TO ADD OMITTED COUNTERCLAIM FOR FRAUD
CIVIL CASE NO. 02-00008
G0001872.WPD;4

4

Case 1:02-cv-00008    Document 505    Filed 04/28/2005    Page 4 of 6

Biogenesis is not granted leave to pursue the fraud counterclaims, Biogenesis may be barred from bringing the claims in a separate proceeding. *See* 3 Moore's Federal Practice and Procedure, § 31.14[1] ("While the text of Rule 13 does not explicitly state the prohibition, a claim that was compulsory in a prior suit is barred in a subsequent action based upon the same claim."). In light of such a drastic result, a liberal amendment standard should be applied and the Court should grant the leave requested. *See id.* at § 14.43[1] ("the risk of the claim being barred in a subsequent action supports a liberal amendment standard to include omitted compulsory counterclaims.") citing *SFM Corp.*, 99 F.R.D. at 106-107 (determination of undue delay requires weighing of prejudice to both sides and court should consider effect of bar of compulsory counterclaims). Granting leave will allow the court to litigate claims relating to the same transaction and will promote judicial economy.

      b.   Counter-defendants' Case Authority Is Distinguishable

    Additionally, Counter-Defendants' waiver argument really has no application to the facts of this case. Although the authorities cited by Counter-Defendants make the general statement that a party who fails to plead a compulsory counterclaim is held to waive it, as those cases or the cases cited therein clearly set forth, the application of that rule is only triggered when a party commences a separate action that should have been raised as a counterclaim in a prior action. *See Local Union No. 11, International Brotherhood of Electrical Workers v. G.P. Thompson Electric, Inc.*, 363 F.2d 181 (9th Cir. 1966) (finding that claims brought by appellant were not compulsory counterclaims that were waived for failure of appellants to raise them in prior action); *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, fn.1 (1974) (citing *Mesker Bros. Iron Co. v. Donata Corp.*, 401 F.2d 275, which provides that the effect of a defendant's failure to assert a counterclaim made compulsory by F.R.C.P. Rule 13(a) is to preclude its assertion in a later action against the former plaintiff). *See also* 3 Moore's Federal Practice, § 13.14[1] (Matthew Bender 3d ed. 2004) ("Generally, the timing of a counterclaim and its classifications as compulsory do not become vital until a second action is brought, in which the pleader attempts to raise a claim based upon the same transaction or occurrence which was the basis of the first suit, and the opposing party moves to dismiss it as barred."). Accordingly, since we are not dealing with a fraud claim being brought by Biogenesis in a separate action, the rule on waiver has no application and Biogenesis' counterclaim is not barred.

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO COUNTER-DEFENDANTS'
MOTIONS TO DISMISS COUNTERCLAIMS FOR FRAUD OR IN THE ALTERNATIVE
REQUEST FOR LEAVE TO ADD OMITTED COUNTERCLAIM FOR FRAUD
CIVIL CASE NO. 02-00008
G0001872.WPD;4

5

Case 1:02-cv-00008 Document 505 Filed 04/28/2005 Page 5 of 6

III. CONCLUSION

Based on the above, Biogenesis respectfully requests that the Court DENY Counter-Defendants' motion to dismiss counterclaim for fraud, or in the alternative, GRANT Biogenesis' request for leave to add the omitted counterclaim for fraud.

Dated this 28th day of April, 2005.

CALVO & CLARK, LLP
Attorneys at Law
Attorneys for Defendant Biogenesis Pacific, Inc.

By: _____
DANIEL M. BENJAMIN

BIOGENESIS PACIFIC, INC.'S OPPOSITION TO COUNTER-DEFENDANTS'
MOTIONS TO DISMISS COUNTERCLAIMS FOR FRAUD OR IN THE ALTERNATIVE
REQUEST FOR LEAVE TO ADD OMITTED COUNTERCLAIM FOR FRAUD
CIVIL CASE NO. 02-00008
G0001872.WPD;4

6

Case 1:02-cv-00008   Document 505   Filed 04/28/2005   Page 6 of 6