LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP7013
Attorney for RHINO BUILDERS, INC. AND MICHAEL O'CONNELL



FILED
DISTRICT COURT OF GUAM
MAY -5 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RHINO BUILDERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIOGENESIS PACIFIC, INC., <br><br> Defendant. <br>―――――――――――――――――<br> BIOGENESIS PACIFIC, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> RHINO BUILDERS, INC. and MICHAEL O'CONNELL, <br><br> Counter-Defendants. | CIVIL CASE NO. 02-00008 <br><br><br><br><br><br><br><br><br> **RHINO'S REPLY TO BIOGENESIS' OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS** |

BioGenesis argues that Rhino has "waited too long to bring this motion" which should be "viewed by the Court as a waiver by Rhino of its right to move the Court to dismiss the counterclaim." *Opp.* p.2-3. BioGenesis cites no authority in support of this argument. In reply, Rhino again points out that the basis for the present motion were raised as affirmative defenses in reply to the new counterclaim. There is no requirement for Rhino to convert its affirmative defenses into pretrial motions. Affirmative defenses

are preserved for litigation at trial. If affirmative defenses can be litigated at the time of trial, they are certainly not waived simply because they are brought in pretrial motions. Thus Rhino has not voluntarily relinquished its affirmative defenses simply because it did not bring a motion on them until now.

BioGenesis also argues that because its new counterclaim was brought in reply to an amended complaint, leave of Court was not required, citing <u>Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons Co.</u>, 50 FRD 415 (D. Del. 1970), and two cases from other districts adopting the holding in <u>Joseph Bancroft</u>; i.e., District Courts in Florida and Iowa. *Opp. p.2.* None of these cases are from the Ninth Circuit, thus they are not binding precedence on this Court. These cases are not shown to be the majority rule. In fact, <u>Joseph Bancroft</u>, defendant's lead case, was specifically rejected in <u>Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.</u>, 610 F.2d 1185, at 1188 (CA Pa., 1979). Nevertheless, Rhino's motion is not based on judicial rulings from other jurisdictions but on a plain reading of Rules 13(f) and 15(a) FRCP. BioGenesis' new counterclaim for "fraud" arose out of the same occurrence as was the subject matter of the original complaint, and thus was a compulsory counterclaim under Rule 13(a). Because these counterclaims could have been asserted in response to the original pleading, they must be treated as omitted counterclaims pursuant to Rule 13(f) which states:

> [w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may **by leave of the court** set up the counterclaim by amendment.

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
RHINO'S REPLY TO BIOGENESIS' OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS

**Page 2 of 5**

Case 1:02-cv-00008   Document 507   Filed 05/05/2005   Page 2 of 5

Rule 15(a) states:

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within twenty days after it is served. ***Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.***

Here, Rhino complied with the rules by bringing its motion to add a count of Bad Faith and a count for Fraud in its Second Amended Complaint. BioGenesis opposed this motion, never requesting of this Court as an alternative to be allowed to add its own amended counterclaim for fraud. BioGenesis could have requested leave of Court at that time, thus complying with the rules, but it did not. Had BioGenesis done so, the Court would then have had the discretion to determine whether BioGenesis' new counterclaim for "Fraud" should have been allowed. Although Rule 15(a) prescribes a liberal standard allowing amendments, this liberal amendment standard does not, however, mean that leave to amend a counterclaim will be granted in all circumstances. In <u>Foman v. Davis</u>, 371 US 178 (1962), the Supreme Court provided the following guidance for district courts exercising their discretion inherent in Rule 15(a):

> [i]f the underlying facts or circumstances relied upon by plaintiff [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as **undue delay**,

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
RHINO'S REPLY TO BIOGENESIS' OPPOSITION TO MOTION TO
DISMISS COUNTERCLAIMS

**Page 3 of 5**

Case 1:02-cv-00008    Document 507    Filed 05/05/2005    Page 3 of 5

> *bad faith or dilatory motive on the part of the movant...the leave sought should, as the rules require be "freely given.*

*Id.* at 182 (emphasis added).

The standard enunciated in Foman is particularly useful in evaluating BioGenesis' counterclaim for fraud. Rhino submits that this claim is brought as an obviously vindictive retaliation against Rhino because this Court allowed Rhino to bring its own claim for fraud over Bio's objection. The claim is, essentially, that there was no subcontract, and by saying there was, Rhino committed fraud. There is no reason why this silly claim could not have been brought in response to the original complaint, or at least raised in BioGenesis' opposition to Rhino's motion for leave of Court to file its Second Amended Complaint.

Lastly, Rhino's motion argues that any counterclaim for fraud had been waived as a matter of law, citing various cases that so hold. BioGenesis argues that the application of this rule is only triggered when a party commences a separate action that should have been raised as a counterclaim in a prior action. While the factual settings in these cases may have involved two separate actions, the courts in these cases did not hold that application of the rule is so limited. Rhino submits that Rule 13(f) clearly provides that a compulsory counterclaim, if omitted in the same action, it may only be allowed "by leave of Court". As discussed above, this procedure would allow the Court to assess whether "justice requires" that

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
RHINO'S REPLY TO BIOGENESIS' OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS

**Page 4 of 5**

Case 1:02-cv-00008   Document 507   Filed 05/05/2005   Page 4 of 5

| | |
|---|---|
| 1 | BioGenesis should be granted leave to file this vindictive |
| 2 | counterclaim. Since BioGenesis did not avail itself of the |
| 3 | procedure of 13(f), Rhino's motion should be granted. |
| 4 | Respectfully submitted this 5th day of May, 2005. |
| 5 | TARPLEY & MORONI, LLP |
| 7 | By: _____ |
| 8 | THOMAS M. TARPLEY, JR., Attorney for |
| 9 | RHINO BUILDERS, INC. and MICHAEL O'CONNELL |

Rhino Builders, Inc. v. BioGenesis Pacific, Inc., et. al.
Civil Case No. 02-00008
RHINO'S REPLY TO BIOGENESIS' OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS

**Page 5 of 5**

Case 1:02-cv-00008   Document 507   Filed 05/05/2005   Page 5 of 5