

FILED
DISTRICT COURT OF GUAM
MAY 10 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF RHINO BUILDERS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BIOGENESIS PACIFIC, INC.,<br><br>Defendant. | Civil Case No. 02-00008 |
| BIOGENESIS PACIFIC, INC.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>RHINO BUILDERS, INC., and MICHAEL O'CONNELL,<br><br>Counter-Defendants. | **ORDER** |

Before the Court is Counter-Defendants' Motion to Dismiss Counterclaims of Fraud. Pursuant to Local Civil Rule 7.1(e)(3) this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby DENIES the motion for the following reasons:

## BACKGROUND

Counter-defendants Rhino Builders, ("Rhino")[2] and Michael O'Connell ("O'Connell") move this Court to dismiss the First Cause of Action ("Fraud") of Biogenesis Pacific, Inc.'s

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

[2] Rhino is a Hawaii corporation engaged in the business of roofing installation and repairs.

("Biogenesis") counterclaim. On September 24, 2002, Biogenesis filed its answer and counterclaim.[3] The answer and counterclaim contained a single counterclaim concerning tortious interference with a contract. Thereafter, the plaintiff sought leave to amend its complaint. The court granted leave to amend and on July 15, 2003, the plaintiff filed its Second Amended Complaint. On July 30, 2003, Biogenesis filed its answer and counterclaim. In addition to the counterclaim for tortious interference with a contract Biogenesis included a second counterclaim for fraud. In response to the counterclaim for fraud, both Rhino and O'Connell raised the affirmative defense of waiver. On February 4, 2005, Rhino filed its Third Amended Complaint to which Biogenesis filed its answer and counterclaim for the same two counterclaims. Again, in reply Rhino and O'Connell raised the same affirmative defense of waiver.

## DISCUSSION

Counter-defendants Rhino and O'Connell now move this Court to dismiss the BioGenesis' counterclaim for fraud. Rhino and O'Connell claim that when Biogenesis filed its first answer and counterclaim it omitted any counterclaim for fraud. Thereafter, when filing its answer and counterclaim to amended complaints Biogenesis added the fraud count but failed to first seek leave of Court. Fed. R. Civ. P. Rule 13 (f) provides:

> **(f) Omitted Counterclaim.** When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

Since Biogenesis never sought leave of court to amend its counterclaim, Rhino claims the fraud counterclaim should be dismissed.

This Court recognizes that procedurally Biogenesis should have first sought leave of Court to amend its counterclaim. However, the Court also recognizes that had Biogenesis should leave to amend in July 2003, it would have most likely been granted. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." In making that determination, the Court looks at several factors including

---

[3]This was an answer and complaint to Rhino's Amended Complaint. *See* Docket No.

2

the existence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) citing Forman v. Davis, 371 U.S. 178, 182 (1962). However, where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny a motion for leave to amend on the basis of delay alone. Hurn v. Retirement Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981).

The Court is concerned that both parties have shown dilatory behavior. However, on balance the Court finds that Biogenesis should be permitted to proceed with its counterclaim. To that end, the Court will not require Biogenesis to seek leave to amend, only to return at a later date to file its amended counterclaim. To do so would be a waste of both the Court and the parties' time and resources. Rhino and O'Connell have been well aware of the counterclaim for almost two years, and yet has taken no action to dismiss it before now. Curiously, Rhino challenged Biogenesis' claim for punitive damages for its fraud counterclaim, but never challenged Biogenesis fraud claim. *See* December 15, 2003, Motion for Judgment on Punitive Damages, Docket No. 264. Two years of litigation have occurred regarding the fraud counterclaim. This Court will not now render the time and resources devoted in that regard meaningless.

## CONCLUSION

Therefore, upon consideration of the foregoing, the Court DENIES Counter-Defendants' Motion to Dismiss Counterclaims of Fraud. Accordingly, the hearing on this matter scheduled for May 12, 2005 at 10:00 a.m. is hereby vacated.

SO ORDERED this _10_ day of May, 2005.

Notice is hereby given that this document was entered on the docket on MAY 1 0 2005. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: Deputy Clerk
Date: MAY 1 0 2005

_____
District Judge David O. Carter*
United States District Judge

*The Honorable David O. Carter, United States District Judge for the Central District of California, sitting by designation.

3